UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MARILYN J. MOSBY,**<br><br>**Defendant** | **Criminal No. 22-cr-00007-LKG-1**<br><br>**(Perjury, 18 U.S.C. § 1621; False Statement on a Loan Application, 18 U.S.C. § 1014)** |

## <u>DEFENDANT MARILYN MOSBY'S MOTION FOR A BILL OF PARTICULARS</u>

Defendant Marilyn J. Mosby ("State's Attorney Mosby"), by and through her undersigned counsel, respectfully requests that the Court enter an order requiring the Government to provide a bill of particulars as set forth herein, pursuant to Fed. R. Crim. P. 7(f).  In support of her motion, State's Attorney Mosby states as follows:

### I.    FACTUAL BACKGROUND

State's Attorney Mosby was indicted on January 13, 2022 on two counts of perjury in violation of 18 U.S.C. § 1621 and 28 U.S.C. § 1746 and two counts of false statements in violation of 18 U.S.C. § 1014.

Count One alleges that State's Attorney Mosby committed perjury when she indicated on two forms that she qualified for a withdrawal option created under the Coronavirus Aid, Relief, and Economic Security (CARES) Act when she made a $40,000 withdrawal request from her Deferred Compensation Plan in May 2020.  State's Attorney Mosby's Deferred Compensation Plan is provided by the City of Baltimore payroll services pursuant to section 457(b) of the Internal Revenue Code ("457(b) plan").  The Indictment alleges that State's Attorney Mosby "did falsely state that she experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to

work due to lack of childcare; or the closing or reduction of hours of a business she owned and operated" to make this 457(b) withdrawal.  (Indictment Count One ¶ 12).

Count Two alleges that State's Attorney Mosby made a false statement on a mortgage application for a home in Kissimmee, Florida that she was not "presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee" on or about July 28, 2020, and again at closing for the property on or about September 2, 2020.  The Government alleges that this statement was false because State's Attorney Mosby and her husband had a federal tax lien placed on all property and rights to property belonging to them on or about March 3, 2020.  (Indictment Count Two ¶ 11).  This count further alleges that State's Attorney Mosby knowingly made a false statement that she would maintain exclusive control over ownership of the Kissimmee home in a Second Home Rider filed with the mortgage application. *Id*. at ¶ 18.

Count Three alleges that State's Attorney Mosby committed perjury when she indicated on two forms that she qualified for a withdrawal option created under the CARES Act when she made a $50,000 withdrawal request from her 457(b) plan in December 2020.  The Indictment alleges that State's Attorney Mosby "did falsely state that she experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of childcare; or the closing or reduction of hours of a business she owned and operated."  (Indictment Count Three ¶ 13).

Finally, Count Four alleges that State's Attorney Mosby made a false statement on a mortgage application for a home in Long Boat Key, Florida that she was not "presently delinquent or in default on any Federal debt or any other loan, mortgage, financial obligation, bond, or loan guarantee" on or about January 14, 2021 and again on or about February 19, 2021 at closing for

the property.  The Government alleges that this was a false statement because State's Attorney Mosby and her husband were still subject to the federal tax lien placed on all property and rights to property belonging to them on March 3, 2020.  (Indictment Count Four ¶ 26).

The Indictment fails to describe why or how State's Attorney Mosby did not qualify for the CARES Act withdrawal benefit, other than to indicate that she was employed for the duration of 2020, receiving bi-weekly direct deposits of her salary.  Nowhere in the Indictment does the Government describe why State's Attorney Mosby _did not believe it to be true_ that she qualified to make 457(b) withdrawals under _any_ of the four qualifying factors under the CARES Act.  This information is critical to supporting the 18 U.S.C. § 1621 and 28 U.S.C. § 1746 charges contained in the Indictment.

Similarly, the Indictment does not provide sufficient information with regard to State's Attorney Mosby's knowledge of the tax lien placed on property and rights to property owned by her and her husband.  Her knowledge of the tax lien goes to her ability to make a knowingly false statement on the mortgage applications for her homes in Kissimmee and Long Boat Key, Florida. Insufficient information also exists in the Indictment as to her intent at the time of signing the Second Home Rider to use the Kissimmee home as a second primary residence for the requisite period of one year before renting the property with the assistance of a management company. State's Attorney Mosby's knowledge of the tax lien and her intent for the use of the Kissimmee home are critical facts to support the 18 U.S.C. § 1014 charges, but are entirely missing from the Indictment.

The general and conclusory allegations contained in the Indictment do not provide the Defendant with the necessary specificity or with sufficient information to allow her to prepare an adequate defense.  The 19-page Indictment fails to describe the criminal intent and knowledge of

the Defendant required to support the charges contained therein.  Absent those specificities or information, the Defense cannot properly prepare to meet charges at trial.

## II.     PARTICULARS REQUESTED

Pursuant to Fed. R. Crim. P. 7(f), State's Attorney Mosby respectfully requests that the Court enter an order directing the Government to disclose the following in a bill of particulars:

1.      Particulars of how defendant did "falsely state that she experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined; furloughed or laid off; having reduced work hours; or the closing or reduction of hours of a business she owned and operated."

2.      Particulars of how defendant "knowingly made false statements" with regard to the tax lien on mortgage applications for her homes in Kissimmee and Long Boat Key, Florida.

3.      Particulars of how defendant signing the Second Home Rider in her Kissimmee, Florida mortgage application was "false since Mosby had entered into the agreement with a vacation home management company . . . one week prior."

4.      Particulars of how defendant did not intend to "maintain exclusive control over the ownership of the Property."

## III.    LEGAL STANDARD

A defendant is entitled to a bill of particulars when an indictment fails to adequately inform the defendant of the charges against them.  Fed. R. Crim. P. 7(f).  A motion for a bill of particulars should be granted when certain portions of the indictment are so general that they do not advise a defendant of the specific acts they must defend themselves against.  *See United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (noting that a bill of particulars is appropriate for the purpose of providing missing or additional information so that a defendant can effectively prepare for trial). The Court may order the Government to provide a bill of particulars when an indictment "sets

forth the offense elements and includes a brief statement of the facts and circumstances of the offense, but omits certain essential specifics of the offense." *United States v. Cuong Gia Le*, 310 F. Supp. 2d 763, 773-74 (E.D. Va. 2004).

The Fourth Circuit has summarized the standards for the sufficiency of an indictment as follows: "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. . . . However, simply parroting the language of the statute in the indictment is insufficient.  When the words of a statute are used to describe the offense generally, they must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which [s]he is charged.  Thus, the indictment must also contain a statement of the essential facts constituting the offense charged." *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (internal quotations omitted).

IV.   **ARGUMENT**

A.  **The Indictment is Not Sufficiently Detailed for the Defendant to Know How or Why the Government Believes the Defendant Made Perjurious Statements She Believed Were Not True**

Perjury is defined as making a material statement under oath that a person *believes not to be true* before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered; *or* making any material declaration, certificate, verification, or statement under penalty of perjury that a person *believes not to be true*.  *See* 18 U.S.C. § 1621 (emphasis added).  Perjury can also be committed when, under penalty of perjury, one indicates in an unsworn declaration, certificate, verification, or statement in writing that the declaration or statement is "true and correct."  *See* 28 U.S.C. § 1746.

Counts One and Three of the Indictment allege that State's Attorney Mosby committed perjury in violation of both 18 U.S.C. § 1621 and 28 U.S.C. § 1746 when she indicated on forms that she qualified to make a withdrawal from her 457(b) plan under the CARES Act.  Yet the Indictment entirely fails to identify how or why the Government believes State's Attorney Mosby did _not_ qualify to make a withdrawal under the CARES Act, other than stating that she was employed for the duration of 2020.  The CARES Act provides that a withdrawal can be made from a 457(b) plan if an individual experiences hardship due to being "quarantined; furloughed or laid off; having reduced work hours; being unable to work due to lack of childcare; or the closing or reduction of hours of a business she owned and operated."  (Indictment Count One ¶ 7; Count Three ¶ 8).  Nowhere in the Indictment does the Government set forth how or why it believes that State's Attorney Mosby _believed that it was not true_ that she did not qualify for _any_ of these four qualifying factors.  Indeed, the 457(b) administrators never questioned her application, nor does there seem to even be a mechanism to challenge the authenticity of her application for her own funds.  How the Government can make a separate determination that she lied on her 457(b) application, when inherent in the subject application is her subjective view of the financial impact of Covid-19 on her and her family, appears to go beyond credulity.

Here, the Court should order the Government to provide a bill of particulars because the current Indictment is woefully inadequate with respect to the specific facts of State's Attorney Mosby's alleged ineligibility to make withdrawals under the CARES Act and allegedly perjurious statements.  *See United States v. Elbaz*, 332 F. Supp. 3d 960, 982-83 (D. Md. 2018) (requiring a bill of particulars listing "the allegedly false statements made directly by [the defendant], if any, that it intends to introduce at trial").  Courts in this Circuit have held that, "in the case of fraud or perjury, it is critical that the government identify in the indictment the dates of the fraudulent

conduct, the specific fraudulent documents, and the fraudulent statements within the documents." *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006); *see also United States v. Jackson*, 2016 U.S. Dist. LEXIS 1511645, at \*20 (N.D. W. Va. Nov. 2, 2016).  Merely listing the four qualifying factors of the CARES Act and stating that State's Attorney Mosby was employed for the duration of 2020 is insufficient to establish facts relating to the perjury charges.  The Indictment fails to address how or why State's Attorney Mosby believed she did not qualify to make a CARES Act withdrawal under *any* of the qualifying factors, including "the closing or reduction of hours of a business she owned and operated."  (Indictment Count One ¶ 7; Count Three ¶ 8).  The Indictment must contain the essential facts constituting the offense charged.  *See United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002).  The Defendant's knowledge and belief as to her eligibility under the CARES Act is essential to whether her statement on the withdrawal forms constituted perjury.  Thus, this motion seeks to remedy this deficiency in the Indictment by providing State's Attorney Mosby with sufficient factual detail of how the Government intends to prove at trial that she made a statement that she believed was not true in violation of 18 U.S.C. § 1621 and 28 U.S.C. § 1746.

   **B.  The Indictment is Not Sufficiently Detailed for the Defendant to Know How or Why the Government Believes She Made Knowingly False Statements on Two Mortgage Applications**

   In addition to the lack of information provided as to the perjury charges, the Indictment also fails to provide sufficient detail for State's Attorney Mosby to prepare a defense as to the false statement charges.  Under 18 U.S.C. § 1014, it is illegal to *knowingly* make any false statement on a mortgage application for the purpose of influencing a mortgage lending business.  Counts Two and Four of the Indictment allege that State's Attorney Mosby knowingly made false statements on two mortgage applications in 2020 and 2021 when she indicated "no" in response to the question "[a]re you presently delinquent or in default on any Federal debt or any other loan,

mortgage, financial obligation, bond, or loan guarantee." (Indictment Count Two ¶ 16; Count Four ¶ 24). Count Two further alleges that State's Attorney Mosby knowingly made a false statement by signing a Second Home Rider indicating that she would maintain exclusive control over ownership of the property in her mortgage application for her home in Kissimmee, Florida. (Indictment Count Two ¶ 18). In support of this allegation, the Government notes that State's Attorney Mosby had signed an agreement with a vacation home management company before closing on the home.

Here, the Court should require the Government to provide a bill of particulars because the Indictment fails to address why the Government believes State's Attorney Mosby knew of the tax lien at the time of her mortgage applications and therefore _knowingly_ made false statements about the liabilities she owed on those applications. The Indictment does not indicate why State's Attorney Mosby is presumed to have had knowledge of the March 2020 tax lien the IRS placed on all property and rights to property belonging to State's Attorney Mosby and her husband, despite her having filed taxes separately from her husband in 2019.[1]

The Indictment is also insufficient in describing how State's Attorney Mosby made a false statement in the Second Home Rider of the mortgage application for her home in Kissimmee, Florida. The excerpt of this Rider included in the Indictment specifically states "[b]orrower will occupy and use the Property as Borrower's second home. Borrower will maintain exclusive control over the ownership of the Property, including short-term rentals, and will not subject the Property to any . . . agreement that requires the Borrower either to rent to Property or give a management firm or any other person or entity any control over the occupancy or use of the Property. Borrower will keep the Property available primarily as a residence of Borrower's

---

[1] As of April 2018, tax liens and IRS debt do not show up on credit reports for the three major credit bureaus.

personal use and enjoyment for at least one year after the date of this Second Home Rider . . . ." (Indictment Count Two ¶ 18).  The Indictment does not address why the Government believes, <u>*at the time she signed the Rider*</u>, State's Attorney Mosby did not intend to maintain control of the home primarily as her second residence for the requisite period of a year.[2]  Critical facts addressing State's Attorney Mosby's intent in making statements on her mortgage application and Second Home Rider are missing from the Indictment.  The Government should provide specific information as to the requisite intent and state of mind to support these false statement charges. *See United States v. Elbaz*, 332 F. Supp. 3d 960, 982-83 (D. Md. 2018); *United States v. Jackson*, 2016 U.S. Dist. LEXIS 1511645, at *20 (N.D. W. Va. Nov. 2, 2016); *United States v. Sampson*, 448 F. Supp. 2d 692, 696 (E.D. Va. 2006).

## V.  CONCLUSION

Without the information requested in this Motion, State's Attorney Mosby will face an uphill battle to properly prepare for her defense at trial.  The case is likely to turn in large part on State's Attorney Mosby's knowledge of her eligibility for the CARES Act withdrawal provisions and her knowledge of the tax lien when she applies for her mortgages, as well as her intent to make false statements under penalty of perjury.  Yet, the government has provided no information on exactly why it believes she knowingly made false statements on her 457(b) withdrawal forms and mortgage applications.  We respectfully request that the Government be required to provide that information before proceeding with this prosecution.

---

[2] The Agreement State's Attorney Mosby signed with Executive Villas Florida on August 25, 2020 was signed *before* she reviewed and signed the Second Home Rider, and was a contingent contract.  The existence of this contingent contract, or State's Attorney Mosby's intent when she signed the contingent contract, do not address whether, at the time she signed the Second Home Rider, State's Attorney Mosby knowingly made a false statement or whether she in fact intended to comply with the requirements of the Rider.

Dated: February 18, 2022                    Respectfully Submitted,

/s/ *A. Scott Bolden*
   A. Scott Bolden

A. Scott Bolden (SBN 428758 admitted *pro hac vice*)
Rizwan A. Qureshi (SBN 1024603 *admitted pro hac vice*)
Daniel Z. Herbst (SBN 501161)
RQureshi@ReedSmith.com
ABolden@ReedSmith.com
DHerbst@ReedSmith.com
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C.  20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299

Kelley Miller (SBN 985346 (*admitted pro hac vice*)
KMiller@ReedSmith.com
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340

Anthony R. Todd (SBN 6317101 *admitted pro hac vice*)
ATodd@ReedSmith.com
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400

Counsel for Defendant Marilyn J. Mosby.

## CERTIFICATE OF SERVICE

I certify that, on February 18, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

/s/ *A. Scott Bolden*
A. Scott Bolden