in

# EXHIBIT H

Case 1:22-cr-00007-LKG   Document 17-8   Filed 02/18/22   Page 1 of 6

| | |
|---|---|
| **From:** | Bolden, A. Scott |
| **Sent:** | Tuesday, May 4, 2021 3:57 PM |
| **To:** | Wise, Leo (USAMD) |
| **Cc:** | Qureshi, Rizwan A.; Bolden, A. Scott; Delaney, Sean (USAMD); Zelinsky, Aaron (USAMD); Schenning, Stephen (USAMD); Hanlon, Michael (USAMD) |
| **Subject:** | Marilyn Mosby GJ Investigation. |

Mr. Wise,

Thank you for the law school tutorial on the Federal Rules of Criminal Procedure, however, I don't need it.

You say that my characterization of your previous conversations with Mr. Qureshi are not accurate, but then you confirm that I was correct when I stated that it was you who raised Bar Counsel's investigation in response to Mr. Qureshi's inquiry.

Now for the first time, you cite the Bar Counsel's letter of November 30, 2020, which includes thirteen different document requests, but you fail to state which requests you are focused on.  As you are aware, these requests were made after Ms. Mosby had already produced her state and federal tax returns and tax transcripts for 2014 through 2018.  Because Bar Counsel's follow-up requests on November 30th – which included requests regarding Mr. Mosby, a non-lawyer – were clearly outside the scope of Bar Counsel's authority, Ms. Mosby, under the advice of counsel, did not produce any supporting documents in response to Bar Counsel's "unlawful", overbroad, inappropriate and burdensome requests.  To date, there has been no adverse finding by Bar Counsel regarding Ms. Mosby and her taxes.

If your office took any interest in treating my client with a modicum of fairness, and without personal or political animus, you would know that Bar Counsel, Lydia Lawless, shares your disdain for my client and has been engaged in a relentless campaign to destroy Ms. Mosby's reputation.  Now, it is clear, that your office is acting as her agent and now may be abusing the federal grand jury process to further Ms. Lawless's agenda.  If so, it is a shameful abuse of power and prosecutorial discretion, imposed upon two popular and powerful Black elected officials in Maryland.  Your office, nor Bar Counsel, should serve, with or without pretext, the role of the IRS in connection to these matters.

To be sure, you have confirmed that Ms. Lawless is the individual who referred this matter to your office.  Even assuming that Bar Counsel's requests in the November 30th letter identify certain issues with Ms. Mosby's income tax filings, and they do not – how does this establish sufficient criminal intent to warrant opening a grand jury investigation?

And, are you suggesting that Ms. Mosby's decision to refuse to provide supporting documents in response to Bar Counsel's unlawful and overbroad requests was sufficient to obtain authorization from the Tax Division under JM 6-4.120 to use the grand jury to investigate alleged criminal tax violations?

If you did in fact follow the Department of Justice Manual, and obtained the necessary approval, please provide us with any communications from the Tax Division providing any such authorization.

You also condescendingly raise your observation that subjects of similar criminal tax investigations "often retain counsel with expertise in criminal tax law."  Notwithstanding your observation and feigned attempt to insult me and my white collar criminal defense practice, even a law student would be, as well as, our retained criminal tax law experts are, bewildered by why the instant inquiry is before a federal criminal grand jury when it should be handled by an IRS civil auditor.  These are fair questions because there is no evidence of any criminal intent that would warrant a grand jury investigation.  Hence, this is precisely why we are asking you these questions.  Your refusal to answer them is not only telling, bur very disappointing, given my client's commitment to public service, and your purported dedication to the same.

As I have stated, we are eager for the opportunity to meet with you and your colleagues on behalf of Ms. Mosby. The fact is, Ms. Mosby has not engaged in any intentional wrongdoing and although Mr. Mosby handled their income tax filings for most of the subject years (2014-2018), they collectively relied upon the expertise of their CPA. This is why your guidance, even by identifying the relevant requests by Bar Counsel on November 30th, and/or a target letter, could prove helpful in any possible meeting.

If you will not reconsider your negative position on our reasonable requests, we will have no choice but to conclude that in the state of Maryland, Black elected officials continue to be unfairly targeted by federal government prosecutors, and to that end, your office is more than willing to use the federal criminal grand jury process, to conduct inquiries into otherwise, routine civil IRS audits matters.

Thanks/asb


*A. Scott Bolden*

**Managing Partner**
**Washington, D.C. Office**
*Pronouns: He/Him/His*
[Full Bio](#)

**ReedSmith LLP**
1301 K Street, N.W., Suite 1000 – East Tower, Washington, DC 20005
Direct +1 202 414 9266 | Mobile +1 202 236 4166 | Fax +1 202 414 9299
abolden@reedsmith.com



ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

---

**From:** Wise, Leo (USAMD) <Leo.Wise@usdoj.gov>
**Sent:** Friday, April 30, 2021 11:17 AM
**To:** Bolden, A. Scott <ABolden@ReedSmith.com>
**Cc:** Qureshi, Rizwan A. <RQureshi@reedsmith.com>; Delaney, Sean (USAMD) <Sean.Delaney@usdoj.gov>; Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>; Schenning, Stephen (USAMD) <Stephen.Schenning@usdoj.gov>; Hanlon, Michael (USAMD) <Michael.Hanlon@usdoj.gov>
**Subject:** RE: Marilyn Mosby GJ Investigation.

EXTERNAL E-MAIL - From Leo.Wise@usdoj.gov

Mr. Bolden,

Your summary and characterizations of our conversations with Mr. Qureshi are not accurate. We say that not to begin a debate with you about those two phone calls, but to make it clear that we do not agree with what you have written about them.

Our response to your question is the same as the one we gave Mr. Qureshi: we cannot disclose the information you request related to the Grand Jury because of the restrictions placed on us by Federal Rule of Criminal Procedure 6(e). Your specific request that we "provide us further information about the *focus* of the investigation – without

2

revealing secret grand jury *materials* –" (emphasis added) inverts the law on what is and isn't covered by Rule 6(e).  As the D.C. Circuit explained in *Senate of the Commonwealth of Puerto Rico on Behalf of Judiciary Committee. v. United States Department of Justice*:

> There is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers; as the district court correctly observed, the touchstone is whether disclosure would "tend to reveal some secret aspect of the grand jury's investigation" such matters as " 'the identities of witnesses or jurors, the substance of testimony, *the strategy or direction of the investigation*, the deliberations or questions of jurors, and the like.' "  The disclosure of information "coincidentally before the grand jury [which can] be revealed in such a manner that its revelation *would not elucidate the inner workings of the grand jury*" is not prohibited.

823 F.2d 574, 582 (D.C. Cir. 1987) (emphasis added).

As a professional courtesy, we reiterate that the Bar Counsel's investigation raised numerous questions related to your client's taxes.  *See e.g.,,* Letter to William Brennan dated November 30, 2020.  We are able to reference the Bar Counsel's investigation because it is not covered by Rule 6(e).  We also observe that in federal criminal tax investigations, subjects of the investigation, like your client, often retain counsel with expertise in criminal tax law to review their returns and identify likely issues for criminal enforcement.

You are under no obligation to provide any information beyond what was called for in the grand jury subpoena.  However, as we told Mr. Qureshi, we will review any information you choose to voluntarily provide us.

Sincerely,

Leo J. Wise
Assistant United States Attorney
Chief, Fraud and Public Corruption Section
United States Attorney's Office for the District of Maryland
36 South Charles Street
Baltimore, MD 21201
(410) 209-4909 (desk)
(410) 725-6725 (cell)

---

**From:** Bolden, A. Scott <ABolden@ReedSmith.com>
**Sent:** Tuesday, April 27, 2021 4:33 PM
**To:** Wise, Leo (USAMD) <lwise@usa.doj.gov>
**Cc:** Qureshi, Rizwan A. <RQureshi@reedsmith.com>; Delaney, Sean (USAMD) <SDelaney2@usa.doj.gov>; Zelinsky, Aaron (USAMD) <AZelinsky@usa.doj.gov>; Schenning, Stephen (USAMD) <SSchenning@usa.doj.gov>; Hanlon, Michael (USAMD) <MHanlon@usa.doj.gov>; Bolden, A. Scott <ABolden@ReedSmith.com>
**Subject:** Marilyn Mosby GJ Investigation.

Mr. Wise,

Late last week, I was briefed by my partner, Rizzy Qureshi, regarding your brief call on Friday which I could not attend. I write in follow-up to that conversation.

You will recall, during that March 23rd call, Mr. Qureshi requested further background information on the focus of the grand jury investigation, specifically as it relates to the subject letters that were issued by your office.  Rather than directly respond to Mr. Qureshi's question, you noted that there had been "a request by Bar Counsel that identified issues . . . potential tax issues" that could be informative in response to Mr. Qureshi's inquiry.

As inappropriate as your response appeared to be, we relied on your information and approached Ms. Mosby's attorney who represented her in connection with Bar Counsel's inquiry.  I should note that since Mr. Mosby is not an attorney, your reference to Bar Counsel's inquiry seems to suggest the focus of your investigation is on Ms. Mosby and not Mr. Mosby.  Our communications with Ms. Mosby's attorney and review of the record in that matter did not reveal any impropriety related to Ms. Mosby's taxes, let alone any potential criminal tax issues.  Moreover, the only relevant aspect of that inquiry was that Bar Counsel requested certain tax records from Ms. Mosby, and based on the advice of counsel, certain documents were produced, and other back-up or supporting documents, were not produced by Ms. Mosby.  Moreover, to date, no adverse finding has been made by Bar Counsel related to Ms. Mosby's conduct.

To be sure, and based upon our follow-up on Bar Counsel's inquiry, Mr. Qureshi then further requested that you expound upon the relevance of Bar Counsel's inquiry to the pending grand jury investigation.  As I understand it, you were unwilling to elaborate further.

Then, in the spirit of professional courtesy, Mr. Qureshi requested that we be contacted should you anticipate that any further adverse action is taken against Ms. Mosby by the grand jury, including, specifically, the issuance of an indictment.  You stated that you were not willing to agree to that.  Thereafter, Mr. Qureshi inquired that if Ms. Mosby is perceived as a target in connection with the grand jury investigation, whether we could expect a target letter.  You responded, "I never do target letters…" and then stated that if we wanted to meet with your office about our client, that we should do it sooner rather than later.

Frankly, your refusal to discuss this matter or your concerns generally about the alleged conduct of my client is untenable.  You directed us to the inquiry by Bar Counsel and left us with the belief that a dispute over the inappropriate request by Bar Counsel for production of certain tax records, somehow led to the subject criminal federal grand jury investigation.  If that was the case, any such dispute could essentially be resolved by Bar Counsel or the IRS (Civil Division), and Ms. Mosby—not with a federal criminal grand jury.  If so, these circumstances beg the question as to why your office is even spending time, money and resources on a federal grand jury investigation of a Maryland state elected official regarding a document production dispute between Ms. Mosby and Bar Counsel.  To be sure, we cannot even begin to have a reasonable discussion with your office or present our defense concerns, without more information or a general basis for the Mosby investigation.  In that regard, we have essentially received nothing from your office.

As advocates for our client, we would appreciate the opportunity to present our defense and/or related contextual information for your consideration before any further adverse action is taken.  We should be entitled to that much.  At least a target letter provides some general information, including applicable criminal statutes, that could guide our eventual presentation to you and your colleagues before you seek formal charges.

Your unwillingness to be helpful is either indicative of your political and personal animus against my client, or reflective of the weakness of your case, or both.  Whatever the case may be, I again request that you provide us further information about the focus of your investigation – without revealing secret grand jury materials – so that we may prepare to meet with you and your colleagues.  If you are unwilling to provide us this information now because of the status of your investigation, we again request the courtesy of a target letter and/or discussion before you bring formal charges.  Again, I must reiterate that our review of the facts here suggests that there is no basis for any formal charges, but still, I request this courtesy, nonetheless.  Indeed, mere questions about a taxpayer's deductions and supporting documentation thereof, seems more fitting for an IRS audit—not a federal grand jury investigation.

Please give the foregoing request every consideration and let us know when we can discuss the alleged misconduct, and the basis for your investigation.

Thanks/asb

*A. Scott Bolden*

**Managing Partner**
**Washington, D.C. Office**
*Pronouns: He/Him/His*
**Full Bio**

ReedSmith LLP

1301 K Street, N.W., Suite 1000 – East Tower, Washington, DC 20005
Direct +1 202 414 9266 | Mobile +1 202 236 4166 | Fax +1 202 414 9299
abolden@reedsmith.com



ABU DHABI ♦ ATHENS ♦ BEIJING ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG ♦ HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

\* \* \*

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

Disclaimer Version RS.US.201.407.01