# EXHIBIT Q



**A. Scott Bolden**
Direct Phone: +1 202 414 9266
Email: abolden@reedsmith.com

**Rizwan A. Qureshi**
Direct Phone: +1 202 414 9218
Email: rqureshi@reedsmith.com

**Kelley Miller**
Direct Phone: +1 703 641 4307
Email: kmiller@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

September 15, 2021

**CONFIDENTIAL**
**TAXPAYER PERSONAL INFORMATION ENCLOSED**

**By Electronic Mail (Melissa.S.Siskind@usdoj.gov)**

Melissa Siskind, Trial Attorney
United States Department of Justice, Tax Division
Northern Criminal Enforcement Section
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

**RE:    Marilyn Mosby**

Dear Attorney Siskind:

On behalf of our client, Ms. Marilyn Mosby, State's Attorney for Baltimore City ("State's Attorney Mosby") we write to respectfully request that the Department of Justice Tax Division (the "Division") decline to prosecute any of the government's proposed charges against our client.[1] We understand that the Assistant United States Attorneys in the U.S. Attorney's Office for the District of Maryland are considering charging State's Attorney Mosby with violations of 26 USC § 7201 (2 counts, one each for 2019 and 2020), 26 USC § 7206(1) (1 count for 2019), 18 USC § 1014 (1 count), and 18 USC § 1621 / 28 USC § 1746 (2 counts) in connection with an alleged total tax loss of approximately $4,000 in 2019.[2]

---

[1] During our conference on September 10, 2021, you would not confirm that the proposed charges addressed in this letter are the *only* charges that may be considered against our client. Accordingly, we respectfully request that if the government is considering additional charges now or in the future that we be afforded the opportunity to meet with you to present our position as to why the Department of Justice Tax Division should decline prosecution of such charges.

[2] There is no basis for the government's computation of alleged tax loss for 2020 as: (1) our client has yet to file her Form 1040, U.S. Income Tax Return for tax year 2020; (2) we assisted our client with filing a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, that takes no position as to our client's income, deductions, or tax owing due to her retention of a new accountant; (3) the only basis for government's position is an unauthenticated document provided by Shariff Small that purportedly reflects a $13,000 deduction. Assuming *arguendo* that such a deduction would be claimed by our client on her Form 1040 for 2020, there is no correlation between the amount of a deduction and a dollar-for-dollar tax loss. Accordingly, there is no basis for the government's computation of loss under the specific item method of proof for 2020 based on the facts.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON



As explained below, the evidence does not support charging our client under *any* of the foregoing statutes, let alone all of them. That the Division would even consider moving forward with a criminal prosecution of State's Attorney Mosby in light of a dearth of evidence and an alleged tax loss that does not warrant the heavy hand of a federal indictment is troubling standing alone. But what makes the possibility of prosecution even more disturbing is that from the outset, this matter has been pursued by individuals demonstrably driven by personal and political animus (at a minimum). Under these circumstances, justice demands that this bias-tainted criminal investigation be closed and any outstanding tax issues be resolved in an appropriate – meaning proportionate – and fair manner.

I.      ***The government cannot meet its burden of proof that State's Attorney Mosby violated 26 USC § 7201 for either 2019 or 2020.***

The evidence does not support charging State's Attorney Mosby with a violation of 26 USC § 7201 for either 2019 or 2020.

We have been informed that for tax year 2020, the government is alleging evasion of assessment. However, at this point, despite our request, the Division has failed to provide any evidence – and we are aware of none – illustrative of conduct that would support this charge. Nor has States Attorney Mosby's Form 1040, U.S. Tax Return for tax year 2020 even been filed. There is no basis for the government's computation of alleged tax loss for 2020 as: (1) our client has yet to file her Form 1040, U.S. Income Tax Return for tax year 2020; (2) we assisted our client with filing a Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return that takes *no position* as to our client's income, deductions, or tax owing due to her retention of a new accountant; and (3) the only basis for the government's position is an unauthenticated document provided by Shariff Small that purportedly reflects a $13,000 deduction. There is no evidence that Ms. Mosby has or will claim a $13,000 deduction for her 2020 tax year. There is also no evidence that Ms. Mosby would not be entitled to such a deduction, either, were she to claim it (which again, and to be clear, she has not).

Similarly, with regard to 2019, the DOJ has informed us that the specific, proposed charge is evasion of assessment. And here too, the government has not provided, and we are not aware of, any evidence that would support this charge. You informed us during our conference on September 10, 2021 that the government has used the specific item method to determine the alleged tax loss for tax year 2019. We presume, since you would not further confirm, that the items that the government has used to compute this alleged tax loss are the Schedule A and C deductions reported on the Form 1040 for 2019. Ms. Mosby relied on Mr. Small to properly prepare and file her return, including, her Schedules A and C, for tax year 2019. Ms. Mosby provided Mr. Small with support for the deductions claimed on Schedule C. Contrary to the potentially self-serving testimony of Mr. Small in the grand jury, Ms. Mosby *did not* provide Mr. Small with any schedule or an exact amount of Schedule A charitable deductions for 2019. Rather, Mr. Small independently determined the amount of Schedule A deductions in the course of his preparation and filing of Ms. Mosby's Form 1040.

The elements of tax evasion under 26 U.S.C. § 7201 are: (1) an attempt to; (2) evade or defeat payment of any tax due and owing and; (3) willfulness. The key element of a Section 7201 violation is intent. And the intent element here, willfulness, requires "more than a showing of careless disregard for the truth." *United States v. Pomponio*, 429 U.S. 10, 12 (1976). *See also United States v. Bishop*, 412 U.S. 346, 359-61 (1973). In *United States v. Eilertson*, 707 F.2d 108, 109-110 (4th Cir. 1983), the Fourth



Circuit overturned a criminal tax conviction because the prosecutor focused on whether the defendant's conduct showed careless and/or reckless disregard for the law. The Fourth Circuit held that the willfulness element, under the standard set by the Supreme Court in *Bishop* and *Pomponio*, required more than carelessness or recklessness. *Id.*

The clearest analysis of the willfulness standard comes from *Cheek v. United States*, 498 U.S. 192 (1991), where the Court explained that the government must show that (1) the law imposed a duty on the defendant, (2) the defendant was aware of said duty, and (3) the defendant voluntarily and intentionally violated that duty. *Id.* at 201. Importantly, under *Cheek*, a taxpayer's good faith belief does not have to be objectively reasonable to negate or refute the willfulness element.

In determining whether Section 7201's willfulness standard is satisfied, the Fourth Circuit has made clear that only specific, limited types of conduct will support such a finding. For example, in *United States v. Neujahr*, No. 97-4260, 1999 U.S. App. LEXIS 3770, at \*19, 83 A.F.T.R.2d (RIA) 1999-1499 (4th Cir. Mar. 10, 1999), the court found a jury instruction on willfulness to be appropriate where the instruction provided that "willfulness could be inferred if <u>an individual: 1) had consistently failed to report income, 2) had made or used false documents, 3) had altered or destroyed records, 4) had made false statements, or 5) had engaged in other conduct likely to mislead or conceal.</u>" *See also United States v. Zamzam*, No. 97-4523, 1999 U.S. App. LEXIS 11375, at \*12, 83 A.F.T.R.2d (RIA) 1999-2851 (4th Cir. June 4, 1999) (upholding finding that the defendant acted willfully when he made false statements to the IRS, including specific lies to IRS special agents).

"Willful blindness may satisfy knowledge in a criminal tax prosecution, where 'the evidence supports an inference that a defendant was subjectively aware of a high probability of the existence of a tax liability, and purposefully avoided learning the facts pointing to such liability.'" *United States v. Jinwright*, 683 F.3d 471, 479 (4th Cir. 2012). In *Jinwright*, for example, the defendants spent millions of dollars that they did not report as taxable income, intentionally avoided learning about their tax liability, and took affirmative steps to avoid reporting income, including avoiding audits.

Applying the foregoing legal standards here, it is clear that the government cannot properly support a Section 7201 charge against State's Attorney Mosby for either tax year 2019 or 2020.

<u>*With regard to 2020,*</u> as we described during our September 10th conference, State's Attorney Mosby has not yet filed a tax return for that year. State's Attorney Mosby has filed a request for an extension, and that request does not contain any estimates of taxes owed or deductions to be taken. As a threshold matter, this means that a key element of a 7201 charge (a tax due and owing) has not even been established at this point.

Further, this request for an extension of time to file a Form 1040 was filed by Reed Smith LLP, rather than State's Attorney Mosby or her former tax preparer, Sharif Small. It contains no numbers, no claims as to State's Attorney Mosby's tax liability, and no claims as to State's Attorney Mosby's eligibility for any business or charitable deductions. Given these facts, it is unclear how State's Attorney Mosby could have formulated the requisite willful intent to evade the assessment (or payment) of taxes for which she has requested an extension and thus not yet filed or paid.



Indeed, the only document that the government could possibly rely on to show any intent to take deductions in tax year 2020 is an informal excel spreadsheet, which appears to contain a proposed deduction amount that matches the government's alleged 2020 tax loss. However, relying on such a document would constitute an egregious error. There is no evidence that State's Attorney Mosby prepared this spreadsheet. State's Attorney Mosby did not base her 2020 return on such a spreadsheet, as no 2020 return has yet been filed. If the government were to proceed on this basis, it would be the evidentiary equivalent of bringing a tax evasion charge based on an individual's thoughts and/or scribbles on a notepad regarding their personal finances – in other words, an entirely inappropriate basis to support a 7201 charge. It should be noted that this proposed charge for 2020 is of particular concern as it exemplifies the insatiable appetite the US Attorney's Office has, irrespective of the evidence (or lack thereof), for indicting and convicting State's Attorney Mosby, including even for what she may be thinking as it relates to her taxes. That prosecutors view such conduct as willful criminal conduct demonstrates the pre-textual and unjust nature of this investigation.

_With regard to 2019,_ we also have identified no evidence that State's Attorney Mosby engaged in any evasion of assessment, let alone a willful evasion. First, State's Attorney Mosby is a W-2 salaried employee, with no other source of income other than very limited business endeavors. Given this, there is no evidence whatsoever that State's Attorney Mosby failed to report any of her income.

With regard to State's Attorney Mosby's claimed deductions in 2019, these fall into two categories: Schedule C business deductions and Schedule A charitable deductions. State's Attorney Mosby's deduction information for 2019 is as follows:

| **Character of Deduction** | **Amount** |
|---|---|
| Business Loss | -$5,000 |
| Qualified Business Loss Carryforward | $4,124 |
| Business Expenses, Meals, and Travel for fee basis government official | $7,033 |
| Child Tax Credit | $2,000 |
| Itemized Deductions | $23,730 ($5,000 State and Local Taxes, $18,730 Gifts to Charity) |

Despite being an attorney, State's Attorney Mosby, like most American taxpayers, has no specific knowledge of tax law. She certainly does not have sufficient understanding of tax law to engage in an intentional effort to calculate the amount of business loss to carry forward, as opposed to business expenses to deduct. Instead, she relied on the advice of her tax advisor and tax return preparer, Sharif Small.

With regard to State's Attorney Mosby's Schedule C Business deductions, State's Attorney Mosby provided all of the necessary documentation of the expenses for her business, Mahogany Elite, to Mr. Small. Mr. Small determined the amount of the deductions (which came from a combination of legal and travel expenses) and the amount of business loss to be carried forward. Mr. Small holds himself out as a business and tax consultant who specializes in advising his clients on the best structures to use in their businesses. In fact, he holds a Master's degree in Taxation, and he has even facilitated seminars throughout the greater Baltimore area over the past several years focused on tax and business strategy.



With regard to State's Attorney Mosby's Schedule A charitable deductions, the specific amount of $18,730 claimed on the 2019 return was entirely the product of Mr. Small's work. State's Attorney Mosby relied on Mr. Small to tell her what backup or evidence was needed to prepare and file her return. Mr. Small had been preparing the Mosbys' taxes for years as a married couple, and had full transparency into their joint finances. Even in 2019, when State's Attorney Mosby was, for the first time, filing her taxes separately, Mr. Small was also preparing Mr. Mosby's taxes, and had access to and knowledge of the couple's financial records through his work for Mr. Mosby.

For key context, before 2019, Nick Mosby, State's Attorney Mosby's husband, handled all tax matters for the couple. Nick Mosby executed an affidavit (attached as **Exhibit A**) as part of submissions to the Maryland Attorney Grievance Commission. That affidavit, which supports State's Attorney Mosby's contention that she did not willfully make any false statements on her tax return, contains the following relevant facts:

- Mr. Mosby handled all tax matters for the couple;
- State's Attorney Mosby did not review the couples' returns, except to determine that her employment income was correctly reported;
- In 2014, Nick Mosby incorrectly calculated the withholdings on a withdrawal from his 401(k) plan (attached as **Exhibit B**), resulting in a tax liability. Then, Mr. Mosby subsequently entered into an installment plan with the IRS to satisfy this liability, but did not inform State's Attorney Mosby of the agreement;
- In 2015, Mr. Mosby withdrew money from his 401(k) and failed to calculate the correct withholdings (attached as **Exhibit C**). He once again entered into an installment plan with the IRS to satisfy this liability, and again did not inform State's Attorney Mosby;
- In 2017, 2019 and 2020, Mr. Mosby negotiated payment plans with the IRS;
- In 2020, Mr. Mosby became aware of the existence of a tax lien. He did not inform State's Attorney Mosby until October of 2020.
- All communications between the taxpayers and the IRS until 2019 were exclusively handled by Mr. Mosby, and this can be corroborated by documents in possession of the IRS; and
- All payments made to the IRS, as part of the tax installment agreements entered in connection with the tax lien at issue, originated from Nick Mosby's personal bank account, for which State's Attorney Mosby is not a signatory or co-account holder; no such transfers came from State's Attorney Mosby's bank account. This is further uncontroverted evidence that State's Attorney Mosby had no direct knowledge or information related to the alleged tax lien or that it had not been addressed. The installment payments were made from two of Nick Mosby's bank accounts at MECU of Baltimore Inc. (Checking #******882 and Primary Savings #******022). Over the course of the relevant time period, 21 unique tax payments were made from Nick Mosby's MECU accounts (attached as **Exhibit D**).

In 2019, State's Attorney Mosby contemplated separating from her husband for a host of reasons. At this time, she decided to change her tax status from married filing jointly to married filing separately. Her knowledge of the couple's pre-2019 taxes was very limited, and her experience with tax filing was equally limited. She relied on Mr. Small's knowledge and understanding of the couple's previously filed returns, and she also relied upon years of advice and guidance provided by Mr. Small to State's Attorney



Mosby and her husband.[3]  Note that Mr. Small had not only been preparing the couple's taxes for years, and was an experienced tax return preparer holding a Master's Degree in Taxation, he had actively held himself out within the greater Baltimore community as an expert in tax planning and business advice.

In these circumstances, the government could not establish a willful intent to evade taxes.  *See, e.g., United States v. Witasick*, 443 F. App'x 838, 840 (4th Cir. 2011) (good faith reliance on a tax preparer negates willfulness element if all relevant information was provided to the preparer).  Based on the above information, the government will not be able to satisfy the willfulness requirement of Section 7201.  Unlike the cases cited above where violations were found, State's Attorney Mosby made no false statements to IRS agents or personnel, did not alter records or use false documents, and has not engaged in conduct intended to conceal information from the government.

While Mr. Small may have testified in the grand jury that State's Attorney Mosby provided Mr. Small with an exact amount of charitable deductions to be listed on the return, this is absolutely false, and there is no independent evidence to support this assertion.  In fact, Mr. Small prepared State's Attorney Mosby's Schedule A Form 1040 himself based on either information in his possession or that he determined based on information that Nick Mosby provided to him for the preparation of Mr. Mosby's return.

Finally, even if some amount of State's Attorney Mosby's Schedule A charitable deductions were to be disallowed by the IRS, the government has presented no evidence to support the idea that State's Attorney Mosby made absolutely no charitable donations in 2019.  State's Attorney Mosby regularly donated to churches, community groups and other charitable causes.  If the amount of charitable deductions (which, once again, was entirely the product of Mr. Small's work) is incorrect, that is a civil matter, not a criminal one, which can be easily resolved through an audit.  There is no evidence, as would be required for a criminal tax case, that State's Attorney Mosby had the requisite knowledge that any aspect of her 2019 tax return was false.

State's Attorney Mosby's conduct also does not rise to the level of willful blindness, as there is no evidence to support that she intentionally avoided learning about her tax liability.  Instead, State's Attorney Mosby relied in good faith on her tax preparer, including with respect to the amounts of her deductions.  In fact, we believe Mr. Small testified that he input the amount of State's Attorney Mosby's charitable deductions and did not inform her of the amount or ask for documentation; as a result, State's Attorney Mosby did not know about the deduction amount until after her return was filed.  Under the standard set out in *Cheek*, State's Attorney Mosby's good-faith reliance (whether objectively reasonable or not) is sufficient to defeat the willfulness element of Section 7201.

Without sufficient evidence supporting an inference that State's Attorney Mosby engaged in willful evasion, it would be improper for the Division to authorize charges under Section 7201, as it is highly unlikely that the charges could be proven beyond a reasonable doubt.  And as we explain below, there are several additional reasons why a prosecution here would be profoundly unjust.

---

[3] Note that all guidance was communicated to Mr. Mosby prior to 2019 as he assumed all responsibilities for the couple's personal tax planning and tax return preparation.


**II.** ***The government cannot meet its burden of proof that State's Attorney Mosby violated 26 USC 26 § 7206(1) for 2019.***

The evidence similarly does not support charging State's Attorney Mosby under Section 7206(1). In fact, Section 7206(1)'s and Section 7201's intent elements are the same. *See Bishop*, *supra.*

The statutory elements of Section 7206 are: (1) making or subscribing a return, statement, or other document which is false as to a material matter; (2) the return, statement or other document contained a written declaration that it was made under the penalties of perjury; (3) the maker did not believe the return, statement or other document to be true as to every material statement; and (4) the maker falsely subscribed to the return, statement or other document willfully, with the specific intent to violate the law.

As with the government's proposed 7201 claim, it is unlikely that the government would be able to establish the elements of its 7206 claim. As a threshold matter, there is no evidence that State's Attorney Mosby signed her 2019 tax return. Further, there is no evidence that State's Attorney Mosby believed that the return was false as to any material statement. It is not required that a tax return be perfect in every respect in order for a taxpayer to avoid a violation of the law. "Congress did not intend that a person, by reason of a bona fide misunderstanding as to his liability for the tax, as to his duty to make a return, or as to the adequacy of the records he maintained, should become a criminal by his mere failure to measure up to the prescribed standard of conduct." *United States v. Murdock*, 290 U.S. 389, 396, 54 S. Ct. 223, 226 (1933). State's Attorney Mosby may not have retained perfect records of all deductions, but there is no evidence that she willfully engaged in making any false statements.

As explained above, an experienced tax consultant, tax return preparer and small business advisor, Mr. Small prepared State's Attorney Mosby's taxes for 2019, and State's Attorney Mosby relied upon his expertise to ensure that all taxes were properly paid. Her good faith reliance on Mr. Small, including with respect to determining the amounts of her deductions, supports that no intentional false statements were made by her.

If the government were to attempt to claim that State's Attorney Mosby's charitable deductions were false, the government would likely be unable to prove at trial that she did not in fact make charitable donations. Proving fraudulent charitable donations requires specific documentation to show the falsity of the return. *See, e.g., United States v. Kimble*, No. WDQ-13-035, 2015 U.S. Dist. LEXIS 90107 (D. Md. July 8, 2015) (government proved up fraudulent charitable deductions through bank and tax records). Further, the false return would have to have been filed knowingly and intentionally. As noted above, Mr. Small entered an amount of charitable deductions without informing State's Attorney Mosby, and she did not discover this until after the return was filed. Given that there is no evidence of which we are aware of intentional false deductions, it will be difficult for the government to prove these elements at trial.

There is no indicia here of a willful misrepresentation on the part of State's Attorney Mosby. While it is true that willfulness in this context is generally inferred, rather than proved by direct evidence, there is no evidence here that supports this inference against State's Attorney Mosby. *See, e.g., United States v. Guidry*, 199 F.3d 1150, 1157 (10th Cir. 1999) (listing some of the possible items that allow for an inference of willfulness). State's Attorney Mosby has not made false entries, created or falsified invoices or documents, destroyed books or records, concealed assets or covered up sources of income or done anything else that would allow a reasonable finder of fact to infer that she had the requisite intent of



willfulness to satisfy the elements required by 7206. This is, rather, a case of a reasonable person without any tax expertise who relied on her tax preparer to inform her as to what deductions were appropriate and to inform her what documentation was necessary. The government cannot meet its burden of proof to establish that State's Attorney Mosby had the requisite intent to create a false return, and any doubts as to that proof should be resolved in favor of State's Attorney Mosby.

For these reasons, and the additional reasons set out in Parts V-VII, the Division should decline to authorize moving forward on a Section 7206(1) charge.

### III.     *The government's alleged charge of 18 USC § 1014 is similarly without merit*.

The government's proposed Section 1014 charge for making a false statement to a financial institution is equally unsupported here.

To prove a violation of Section 1014, the government must prove beyond reasonable doubt that (1) defendant made a false statement to a financial institution; (2) defendant did so for the purpose of influencing the financial institution's action; (3) the statement was false as to material facts; and (4) defendant made the false statement knowingly. *United States v. Bonnette*, 663 F.2d 495, 1981 U.S. App. LEXIS 16649 (4th Cir. 1981), cert. denied, 455 U.S. 951. "A person violates § 1014 by knowingly making any false statement for the purpose of influencing in any way the action of any FDIC-insured financial institution upon any application, advance, discount, purchase, commitment or loan." *United States v. Blythe*, 654 F. App'x 618, 619 (4th Cir. 2016).

Examples of conduct found to have violated Section 1014 include**:**

- In *Hines v. Drew*, 634 F. App'x 918, 920 (4th Cir. 2015), the defendant concocted a multi-million dollar mortgage fraud scheme, and was charged with making false statements in connection with loan applications.
- In *United States v. Miller*, 680 F. App'x 187, 188 (4th Cir. 2017), the defendant passed a counterfeit check to a bank.
- In *United States v. Johnson*, 683 F. App'x 241, 244 (4th Cir. 2017), the defendant submitted false credit reports on behalf of thousands of clients of their "credit repair" business.

In this case, there is no similar evidence of any nature that supports how our client would have made a false or fraudulent statement.

While the government refuses to inform us what the basis of the alleged false statement may be, we have reason to believe that the government may be planning to allege that State's Attorney Mosby made false statements in the course of applying for mortgages in 2020 and 2021. In response to a question that asked whether she was "presently delinquent or in default on any Federal debt or other loan, mortgage, financial obligation, bond, or loan guarantee," State's Attorney Mosby truthfully indicated that she was not at the time of those applications.

While a tax lien in the amount of $45,022.00 had been filed against the Mosby home on February 21, 2020, the Mosby's home is not in State's Attorney Mosby's name, she was never given notice of the


lien, and did not become aware of the lien until October 13, 2020, when she was informed by a reporter who publicly disclosed the existence of it on that same day.

And in November 2020, her husband, Nick Mosby – who handled all communications with the IRS about the tax lien and made all payments on the lien from his personal bank account – informed State's Attorney Mosby as well as the public (incorrectly) that the lien had been paid off. (*See* **Exhibit E**, Documentation of Lien and Payment.) These dates are important because State's Attorney Mosby submitted a mortgage application on September 2, 2020 (before she became aware of the lien) and then again on February 19, 2021 (after her husband told her the lien had been paid off). Neither of these applications disclosed the lien, because State's Attorney Mosby was not aware that the lien existed at the time either of them were submitted. Further complicating matters, documentation of the lien was not properly served on State's Attorney Mosby, likely because it occurred contemporaneously with the beginning of COVID-19-related lockdowns. It appears that the lien was also not properly recorded electronically (again, likely due to COVID-19), as even counsel for State's Attorney Mosby had great difficulty in electronically locating evidence of the lien.

Given that State's Attorney Mosby lacked knowledge of the existence of any tax lien at the times she submitted her applications and the fact that she took steps to pay off the lien expeditiously once she became aware in March 2021 that it had not been paid off, it is unlikely that the government would be able to prove that State's Attorney Mosby made a knowing false statement under Section 1014. A Section 1014 charge is therefore unwarranted on the facts and would be fatally tainted for the reasons discussed in Parts V-VII below.

### IV.    *The government cannot meet its burden of proof under 18 USC § 1621 / 28 USC § 1746.*

The government is also apparently considering perjury charges. This is equally troubling because, among other reasons discussed in this memorandum, prosecutions involving alleged false statements on tax forms typically are not brought under these perjury statutes, given that there are specific prohibitions of false statements on tax returns – which the government is already considering in this very matter.

Perhaps most importantly, both before and at our September 10, 2021 conference, defense counsel specifically requested that the government provide the alleged false statements that supported the perjury charges; however, the government refused to identify the alleged false statements. The government's failure and refusal to date to provide the alleged false statements to us impairs our ability to defend our client against perjury charges, and in our judgment, is additional evidence of the miscarriage of justice as it relates to our client. Providing this information would in no way prejudice your case. Here again, it demonstrates the U.S. Attorney's Office's zeal to inappropriately indict and prosecute State's Attorney Mosby over an alleged $4,000 tax loss for 2019. Indeed, the government's apparent "piling on" is especially disturbing given the very small alleged tax loss amount and the fact that the AUSAs who have spearheaded this investigation bear personal and political animus against State's Attorney Mosby (*see* Part VII *infra*).

The elements of the offense of perjury are: (1) making a false statement; (2) under oath; (3) willfully or knowingly; and (4) as to a material matter. "[A] witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v.*


*Cooke*, No. 96-4686, 1998 U.S. App. LEXIS 7831, at *15 (4th Cir. Apr. 23, 1998).  Despite our repeated requests to the Division, we have not been provided any information regarding the alleged, perjurious conduct here (and we are not aware of State's Attorney Mosby having testified under oath).

If, as we suspect, the government is considering charging State's Attorney Mosby under these perjury statutes for the very same statements that appear to form the basis for the specific tax charges, these multiplicitous charges fail for the same reason the tax charges do:  nothing we have seen to this point would satisfy the intent element of the offense – that State's Attorney Mosby knowingly and intentionally made any false statements, including any statements made on her 2019 taxes.  *See* Parts I & II, *supra*.

V.    ***Agreeing to prosecute State's Attorney Mosby constitutes inappropriate prosecutorial discretion.***

The dearth of evidence supporting the potential charges above means this is an inappropriate case for DOJ to prosecute under its own internal guidelines.  The DOJ Justice Manual instructs prosecutors that they "should not include in an information, or recommend in an indictment, charges that he/she cannot reasonably expect to prove beyond a reasonable doubt by legally sufficient and admissible evidence at trial."  DOJ Justice Manual 9-27.300 (Comments).  As set out above, the government will face significant challenges meeting the elements of each of the potential offenses.

The DOJ Justice Manual also instructs prosecutors that "[t]he attorney for the government should commence or recommend federal prosecution if he/she believes that the person's conduct constitutes a federal offense, and that the admissible evidence will probably be sufficient to obtain and sustain a conviction, unless (1) the prosecution would serve no substantial federal interest…" DOJ Justice Manual 9-27.220.  Elements of a "substantial federal interest" include the nature and seriousness of the offense; the person's criminal history; the interests of any victims; and the probable sentence or other consequences if the person is convicted. DOJ Justice Manual 9-27.230.

Given the low amount of the tax loss alleged by the government, and the fact that we have seen no evidence of the criminal intent required under the various statutes, there is no "substantial federal interest" in proceeding with this prosecution.  The alleged seriousness of the offense is mitigated by the substantially low alleged tax loss amount of $4,000, which is far below the base offense loss amount of $15,000 under the U.S. Sentencing Guidelines.  Moreover, the only victim here is the federal government, whose interests have already been served by State's Attorney Mosby's repayment of the initial $45,022 tax lien.  State's Attorney Mosby is also the twice-elected top prosecutor of Baltimore City and has no criminal history.

In addition, the prosecution of this matter would be out of proportion with the crimes that the Division typically prosecutes.  A review of the Division's public statements reveals that, in the past month, prosecuted tax losses range from a low of $85,000 to a high of $165 million, with all but one case involving a loss to the government of more than $1.5 million.



| Date | Amount | Sentence | Source |
|------|--------|----------|--------|
| 9/1/21 | $1.5 million | 1 year imprisonment, 2 years SR | https://www.justice.gov/opa/pr/former-long-island-construction-business-owner-sentenced-prison-employment-tax-fraud |
| 8/18/21 | $165 million | Not sentenced | https://www.justice.gov/opa/pr/georgia-man-convicted-filing-fraudulent-tax-returns |
| 8/16/21 | $5 million | Not sentenced | https://www.justice.gov/opa/pr/federal-court-bars-florida-tax-preparation-businesses-and-their-tax-return-preparers-0 |
| 8/12/21 | Approximately $5 million | Not sentenced | https://www.justice.gov/opa/pr/utah-man-convicted-tax-fraud |
| 8/10/21 | $83, 451 | Not sentenced | https://www.justice.gov/opa/pr/philadelphia-tax-preparer-pleads-guilty-false-returns |
| 8/6/21 | $14.2 million | 30 months | https://www.justice.gov/opa/pr/michigan-biodiesel-exporter-sentenced-prison-tax-fraud |
| 8/3/21 | $1.7 million | Not convicted | https://www.justice.gov/opa/pr/las-vegas-couple-indicted-tax-evasion-scheme |

Even the lowest amount prosecuted in recent months (itself an outlier) was more than twenty-one times the 2019 loss amount cited by the Division in connection with this investigation. This is yet another reason why this case is so inappropriate for prosecution and is further evidence that it does not present a substantial federal interest. In fact, the disjunction between the loss amount and the contemplated serious criminal charges provides strong reason to conclude that something other than the merits of the case is driving the prosecutors' proposed decisions here. As we explain in part VII below, substantial evidence exists that personal and political animus explains their zealous targeting of State's Attorney Mosby.

### VI.   *Agreeing to prosecute State's Attorney Mosby constitutes inappropriate election interference.*

Under the DOJ Justice Manual, as well as the 2016 Memo from Attorney General Loretta Lynch regarding Election Year Sensitivities, prosecutors are instructed to proceed with extreme caution when dealing with matters that may interfere with an upcoming election. As you are aware, State's Attorney Mosby is the twice-elected State's Attorney for Baltimore City who is less than nine months away from her next election. Given the weakness of the potential charges, the absence of a substantial federal interest in light of the low, alleged $4,000 tax loss for one year, and the animus of the prosecutor leading this investigation (who has openly donated to her political opponents), any prosecution of State's Attorney Mosby is not only inappropriate and politically motivated, but comes dangerously close to potentially interfering in her upcoming election.

### VII.   *Agreeing to prosecute State's Attorney Mosby evidences impermissible and egregious personal, political and possibly a racial animus*

The aforementioned analysis makes clear that the government could not meet its burden on the proposed charges and thus the Division **should not** prosecute for that reason alone. If the lack of evidence



or substantial federal interest does not convince the Division to stand down, however, the demonstrated personal and political animus of AUSA Wise toward State's Attorney Mosby, as delineated in our September 7, 2021 email to you, should. Mr. Wise's animus has tainted this investigation from the outset. Authorizing prosecution in these circumstances would leave an indelible stain on the Division's, and DOJ's, reputation for integrity.

As explained in several letters from counsel for State's Attorney Mosby to, among others, the DOJ's Office of Professional Responsibility ("OPR"), attached hereto as **Exhibit F**, the instant investigation can be traced back to State's Attorney Mosby's refusal to provide Baltimore Inspector General Isabel Cumming – an undisputed political adversary of State's Attorney Mosby – with tax and business records dating back several years.

On the advice of counsel, State's Attorney Mosby refused to provide the requested tax records, which had absolutely no relevance to, and were outside the scope and purview of, the investigation that State's Attorney Mosby requested herself to disprove erroneous media reports regarding her business travel and financial disclosures. Immediately thereafter, with no basis and/or allegation of wrongdoing, Lydia Lawless, Bar Counsel for the Maryland Attorney Grievance Commission – an individual who has a history of baselessly targeting State's Attorney Mosby and is also an undisputed political adversary – requested the exact same tax and business records that Ms. Cumming had requested. Despite the lack of evidence of any wrongdoing, State's Attorney Mosby made a substantial production of tax documents to Bar Counsel, but on the advice of counsel, declined to provide additional supporting documents that were outside the scope and purview of Bar Counsel's jurisdiction. *See* **Exhibit G**.

The federal grand jury investigation against State's Attorney Mosby, which was initiated and approved under the Trump Administration,[4] was mostly likely commenced as a result of a criminal referral from Bar Counsel, not the Tax Division, given the eerily similar nature of the tax inquiry. These facts are undisputed since AUSA Wise confirmed both verbally and via email that the issues the grand jury is focused on relate to Bar Counsel's investigation. *See* Email from AUSA Leo Wise dated, April 30, 2021, attached hereto as **Exhibit H.**

Additionally, AUSA Wise, has a lengthy verifiable history of animus against State's Attorney Mosby. That history – which makes clear that Mr. Wise has a motive to discredit State's Attorney Mosby – dates back at least to AUSA's Wise false and defamatory statements about State's Attorney Mosby and her office's alleged role in connection with the USAO's prosecution of members of the Baltimore Gun Trace Task Force (the "GTTF prosecution"). In particular, Mr. Wise and then-Acting U.S. Attorney Stephen Schenning engaged in a smear campaign to falsely accuse State's Attorney Mosby and her staff of improperly leaking certain facts regarding the GTTF prosecution.

Rather than stay silent and permit Mr. Wise to disparage her office without evidence, State's Attorney Mosby demanded a meeting. During that meeting, which included Mr. Schenning and several other prosecutors, Mr. Wise was unable to produce the requisite proof to support the USAO's public

---

[4] Indeed, Ms. Mosby has been the subject of attacks from the highest levels of that administration. *See, e.g.*, Attorney General William P. Barr Delivers Remarks at the Major County Sheriffs of America Winter Conference, Feburary 11, 2020, available at https://www.justice.gov/opa/speech/attorney-general-william-p-barr-delivers-remarks-major-county-sheriffs-america-winter.



statements that State's Attorney Mosby's office leaked information about the GTTF prosecution. Mr. Wise was clearly embarrassed by that encounter and five days later donated to one of State's Attorney Mosby's challengers – his first reported donation in support of a candidate for office in Maryland.

Two weeks before her last election, Mr. Wise then made it a point to donate to her other political opponent. (*See* **Exhibit I**, Records of Wise Donations) Now, State's Attorney Mosby is approximately nine months away from her reelection and Mr. Wise has seemingly abused the grand jury process in spearheading this tax investigation. This grand jury investigation – which is no longer a secret because of Mr. Wise, *see* Exhibit F, March 19, 2021 Letter at 2 (discussing Mr. Wise's disregard for grand jury secrecy) – is being used as a vehicle to destroy State's Attorney Mosby's reputation and political viability in an election year to give an electoral advantage to her opponents, both of whom Mr. Wise has supported in the past.

Most disturbingly and further indicative of Mr. Wise's enthusiastic fixation to indict State's Attorney Mosby is the fact that just last week Mr. Wise abused his power and authority before a federal grand jury by attempting to indict State's Attorney Mosby for campaign finance violations despite possessing the exculpatory evidence that no crime was ever committed. We (attorneys for State's Attorney Mosby) provided AUSA Wise with the substantiation of legitimate campaign expenses in the amount of $11,722 for an appropriate reimbursement check that State's Attorney Mosby received. Despite both counsel as well as the former treasurer providing the proof (credit card statements, receipts, and emails) of the validity of the reimbursements, Mr. Wise not only still called State's Attorney Mosby's former treasurer before the grand jury, but unethically and inappropriately misled the grand jury by acting as if he had not received the substantiation of those expenses, clear *Brady* evidence - which we would submit is evidence of prosecutorial misconduct and in violation of the DOJ Justice Manual. DOJ Justice Manual 9-27.300 (Comments).

Given all the above-referenced arguments, why this investigation even exist begs the question of whether racial animus is at work here. Despite the number of prosecutions of African American female elected officials from the City of Baltimore, some with the direct involvement of the current federal prosecution team in this case, State's Attorney Mosby may be a Black female elected official, but she is not a criminal nor a tax cheat. If Mr. Wise and his team believe otherwise, they will need far more than an unsubstantiated belief and racial animus - real or perceived - to prove their case beyond a reasonable doubt.

DOJ's mission is to seek justice in every case. That mission would be fundamentally disserved by pursuing charges against State's Attorney Mosby on these facts. Indeed, the fact that Mr. Wise has not been removed from the investigation is by itself incomprehensible and evidence of a miscarriage of justice. As the DOJ Office of Professional Responsibility has urged us to do, if there is an indictment, we will seek the appropriate relief from the federal judge on these matters. Given the lack of evidence to prove the proposed charges beyond a reasonable doubt, the miniscule $4,000 loss amount, the fact that any established tax liability has been paid, the fact that the investigation arises from the efforts and allegations of biased political adversaries, and AUSA Wise's demonstrable personal and political animus toward State's Attorney Mosby, we respectfully request that you decline to authorize the proposed charges.



<u>**Conclusion - Request for Additional DOJ Consideration & Review**</u>

The alleged tax loss in this case ($4,000) for one year (2019) and the return at issue (2019) on its own would not have elicited even notice under the discriminate income function score nor would this alleged amount have even triggered a manual review.  Moreover, even if the amounts alleged as tax loss by the government were proven as true, these amounts would not be sufficient to justify the application of any penalties on either tax year.  There are no alleged or actual abusive transactions, there is no alleged or actual failure to report income, and there is no alleged or actual evidence of public corruption.

If despite our arguments here you accept the recommendation to prosecute some or all of the proposed charges, we intend to try this case and, due to the lack of any facts, proof or evidence, will prevail.  However, even if we were somehow not to prevail, under the relevant sentencing guidelines, the very worst result for our client based on the current proposed charges would be a non-custodial sentence of no more than 6 months.  We are, simply put, at a loss to understand how such a sentence would accomplish the government's goals of deterrence.  At best, this case is a civil audit regarding substantiation.  It is not a criminal case.

In fact, we believe so strongly that this case is not a criminal case that, if you do agree to prosecute, we are—by this letter—requesting an immediate conference with both Stuart Goldberg and Lisa Monaco to discuss your decision.  We have copied Mr. Goldberg and Ms. Monaco on this letter to make them aware of this request.

For the foregoing reasons, we can see no basis, facts, proof or evidence upon which the government could meet its burden to establish any of the proposed violations against our client.  We trust that this summary leads you to the same conclusion.  To the extent and if you have any doubts or questions that would not lead you to this same conclusion, please contact us immediately.  Thank you again for your time in providing us the opportunity of a conference with you, and for your important and necessary consideration of our client's position as provided herein.

Sincerely, I am,

A. Scott Bolden
Rizwan A. Qureshi
Kelley Miller

cc:     Catriona Coppler (DOJ Tax) – Catriola.M.Coppler@tax.usdoj.gov
        Sean Delaney (DOJ) – Sean.Delaney@usdoj.gov
        Michael Hanlon (DOJ) – Michael.Hanlon@usdoj.gov
        Vanita Gupta (DOJ) - Vanita.Gupta@usdoj.gov.
        Stuart Goldberg (DOJ) - Stuart.Goldberg@usdoj.gov



Lisa Monaco (DOJ) - Lisa.Monaco@usdoj.gov
Stephen Schenning (DOJ) – Stephen.Schenning@usdoj.gov
Rachel Solomon (IRS) – Rachel.Solomon@ci.irs.gov
Leo Wise (DOJ) – Leo.Wise@usdoj.gov
Aaron Zelinsky (DOJ) – Aaron.Zelinsky@usdoj.gov