**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| UNITED STATES OF AMERICA | Criminal No. 22-cr-00007-LKG-1 |
|---|---|
| v. | **(Perjury, 18 U.S.C. § 1621; False Statement on a Loan Application, 18 U.S.C. § 1014)** |
| MARILYN J. MOSBY, | |
| **Defendant** | |

## DEFENDANT MARILYN J. MOSBY'S MOTION TO DISQUALIFY COUNSEL

Defendant Marilyn J. Mosby ("State's Attorney Mosby"), by and through her undersigned counsel, hereby moves to disqualify Assistant United States Attorney Leo Wise ("Mr. Wise") from acting as counsel for the Government in this matter. Mr. Wise has shown repeatedly that he has such personal and political animus, and even racial animus, towards State's Attorney Mosby that his continued participation creates a conflict of interest, violates the policies of the United States Department of Justice, and gives a public impression of an unfair and bad faith federal prosecution.

## FACTUAL BACKGROUND

Rather than recapping the extensive factual background that State's Attorney Mosby has already set forth describing Mr. Wise's inappropriate and disqualifying behavior in this matter, State's Attorney Mosby incorporates by reference the factual background section of her Motion to Dismiss the Indictment. *See* Dkt. 17, pp. 3 to 12.

## LEGAL STANDARD

Like all attorneys, federal prosecutors are required to follow the ethical rules that apply in the jurisdiction in which they practice, as well as the rules of professional conduct in general. *United States v. Kinser*, No. 7:15CR00061, 2016 U.S. Dist. LEXIS 28153, at *6 (W.D. Va. Mar. 4, 2016); *see also* 28 U.S.C. § 530B (requiring that federal government attorneys are "subject to

State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State").  "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."  *Wheat v. United States*, 486 U.S. 153, 160 (1988).

Attorneys who work for the United States Department of Justice ("DOJ") are also required to follow the policies and procedures laid out in the Justice Manual.  The Justice Manual is very clear with regard to potential conflicts.  Under the Justice Manual, when Assistant United States Attorneys become aware of an issue that "could require a recusal . . . as a result of an actual or apparent conflict of interest, they *must* contact [the GCO]."  *See* U.S. Dep't of Just., Just. Manual § 3-1.140.  The Justice Manual further provides that the requirement of recusal arises "where a conflict of interest exists or there is an appearance of a loss of impartiality."  *Id*.

Because of a prosecutor's duty to pursue the public interest, the Supreme Court has recognized the "requirement of a **disinterested prosecutor**."  *Young v. United States ex rel. Vuitton Et Fils S.A.*, 481 U.S. 787, 808 (1987) (emphasis added).  An interested prosecutor would not be "in a position to exercise fair minded judgment with respect to (1) whether to decline to prosecute, (2) whether to reduce the charge . . . or (3) whether to recommend a suspended sentence or other clemency."  *Ganger v. Peyton*, 379 F.2d 709, 713 (4th Cir. 1967).  Although prosecutors are "traditionally accorded wide discretion . . . in the enforcement process," nevertheless, "[a] scheme injecting personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision and in some contexts raise serious constitutional questions."  *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 248-50 (1980).  A

prosecutor with a conflict of interest "creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general." *Young*, 481 U.S. at 811.

## ARGUMENT

**I.      Mr. Wise Has Violated The Rules Of Professional Conduct And The DOJ Justice Manual.**

By his conduct leading up to this Motion, Mr. Wise has already violated a number of the Maryland Rules of Professional Conduct, which he is bound to follow.  28 U.S.C. § 530B. Maryland Rule of Professional Conduct 8.4 prohibits any attorney from "engag[ing] in conduct involving dishonesty, fraud, deceit or misrepresentation" or "engag[ing] in conduct that is prejudicial to the administration of justice[.]"

In this regard, Mr. Wise has repeatedly engaged in conduct that has prejudiced the administration of justice as it pertains to State's Attorney Mosby.  For example, he has falsely accused her and her office, on the record, of leaking information regarding the GTTF investigation. *See* Dkt. 17 at 4.  He was unable to provide support for this accusation when confronted by State's Attorney Mosby during an in-person meeting.  *See* Dkt. 17 at 4.  He  instructed the FBI to publically serve a Grand Jury subpoena on State's Attorney Mosby's husband in the middle of a Baltimore City Council meeting, ensuring that the media would learn about the subpoena.  *Id.* at 20.  After receiving State's Attorney Mosby's tax information from the Maryland Bar Counsel, instead of referring the information to the IRS for a civil audit, Mr. Wise used the information as the basis for false criminal tax charges against State's Attorney Mosby.  *Id.* at 7-10.  Mr. Wise has repeatedly prejudiced the administration of justice in this investigation.

In addition, Maryland Rule 1.7 (a)(2) provides:  "Except as provided in section (b) of this Rule, an attorney shall not represent a client if the representation involves a conflict of interest.  A conflict of interest exists if . . . there is a significant risk that the representation of one or more

clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person **or by a personal interest of the attorney**." (emphasis added).

Mr. Wise's personal and political interests in this matter clearly have "materially limited" his representation of the Government. Mr. Wise has been personally interested in attacking State's Attorney Mosby since at least 2017. *See* Dkt. 17 at 3-4. Unable to make accusations of leaking details of the GTTF investigation stick, due to his lack of supporting evidence, Mr. Wise, within weeks of that failure, made political donations to State's Attorney Mosby's opponents in her last campaign – the only time he had given a campaign donation up to that point. *Id*. at 5.

Further, Mr. Wise has violated Rule 3.8 governing the "Special Responsibilities of a Prosecutor." That rule requires that a prosecutor refrain from making "extrajudicial comments that have a substantial likelihood of heightening public condemnation of the accused." *Id.* As noted above, Mr. Wise falsely accused State's Attorney Mosby of leaking confidential information, *and* also publicly disclosed the existence of the Grand Jury subpoenas issued to State's Attorney Mosby and her husband by having them served on Mr. Mosby by the FBI during a public meeting of the Baltimore City Council. Both actions violated this rule. *See* Dkt. 17 at 20-21.

In addition to his violations of the ethical rules, Mr. Wise has violated numerous provisions of the DOJ Justice Manual. First, he violated the provisions of the Justice Manual related to the Grand Jury. Section 9-11.152 of the Justice Manual requires that, under reasonable circumstances, prosecutors allow a target of an investigation to testify before the Grand Jury. Despite multiple requests, Mr. Wise refused to allow State's Attorney Mosby the opportunity to do so. *See* Dkt. 17 at 10-11. Astonishingly, Mr. Wise's office questioned whether defense counsel was even being honest in his request for her to testify. *Id*.

Second, Section 9-11.233 of the Justice Manual requires that, when a prosecutor is personally aware of exculpatory evidence, he must disclose that information to the Grand Jury prior to seeking an Indictment.  As noted above, it appears that Mr. Wise failed to do this as well. *See* Dkt. 17 at 11-12.  Mr. Wise failed to present the exculpatory information provided by Carlton Saunders to the Grand Jury.  *Id.*

Third, Mr. Wise violated provisions of the Justice Manual related to the disclosure of conflicts.  Counsel for State's Attorney Mosby requested the intervention of the Office of Professional Responsibility on numerous occasions due to Mr. Wise's improper behavior.  Mr. Wise has provided no assurances that, per the Justice Manual, he has properly reported the potential for a conflict through the DOJ's internal systems.  Mr. Wise has also failed to take any action to recuse himself due to this conflict pursuant to § 3-1.140 of the Justice Manual.

Because of all of these violations of ethical rules and guidance provided by the Department of Justice, Mr. Wise should be disqualified from representing the United States in this case.

## II.    Mr. Wise's is not a "Disinterested Prosecutor" and his Participation will Create the Public Impression of an Unfair Trial.

As noted above, the United States Supreme Court requires a prosecutor be disinterested. If a prosecutor acts from personal interest, rather than in the interests of justice, it raises "serious constitutional questions."  *Marshall*, 446 U.S. at 248-50.

Mr. Wise is anything but disinterested in the outcome of this prosecution.  It is clear that Mr. Wise has a long history of prosecuting Black elected officials.  *See* Dkt. 17 at 5-7.  Mr. Wise has had multiple encounters with State's Attorney Mosby in the past, including during the GTTF Investigation and the Bar Counsel investigation.  *Id.* at 3-4; 7-9.  Mr. Wise has accused State's Attorney Mosby of leaking information about an ongoing investigation without evidence, and has been unable to produce such evidence when asked.  *Id.* at 3-4.  Mr. Wise has himself leaked

information regarding a confidential Grand Jury investigation to the press in order to smear State's Attorney Mosby.  *Id*. at 20.  Mr. Wise has donated to State's Attorney Mosby's political opponents. *Id*. at 5.  Finally, Mr. Wise has withheld exculpatory evidence related to State's Attorney Mosby from the Grand Jury.  *Id*. at 11-12.

Collectively, these acts paint the picture of a supremely interested prosecutor, not a disinterested one.  Mr. Wise has been on a long-standing crusade to destroy State's Attorney Mosby's career, and he should not be allowed to use this Court to further that crusade.  If a prosecutor is not disinterested, it creates "an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general."  *Young*, 481 U.S. at 811.  "The Court's ultimate consideration must be public confidence in the administration of justice, that 'justice must satisfy the appearance of justice' . . .  As the Supreme Court stated, federal courts have an obligation to ensure 'that legal proceedings appear fair to all who observe them.'"  *United States v. Dyess*, 231 F. Supp. 2d 493, 498 (S.D. W. Va. 2002) (internal citations omitted).  Because of this, Courts will disqualify lawyers acting on behalf of the Government, or even entire United States Attorneys' offices, if there is the appearance of impropriety, even before it is determined that attorneys engaged in any improper conduct.  *See*, *e.g.*, *Dyess*, 231 F. Supp 498.

It is difficult to see how a prosecution involving Mr. Wise could ever "appear fair" to the public.  Mr. Wise attempted to publicly smear State's Attorney Mosby's good name during the GTTF Investigation.  *See* Dkt. 17 at 3-4.  Mr. Wise refused to meet with State's Attorney Mosby's counsel, despite repeated requests.  *Id*. at 9.  And Mr. Wise chose to bring a prosecution mere months before State's Attorney Mosby's re-election, despite DOJ guidance to the contrary.  *Id.* at 12.

These prior actions of Mr. Wise mean that any action against State's Attorney Mosby involving him as the prosecutor will certainly not "appear fair to all who observe them." Thus, he should be disqualified.

<u>**CONCLUSION**</u>

Because of the myriad of rule violations and conflicts detailed above, this Court should disqualify Mr. Leo Wise from representing the Government in this prosecution. If necessary, the Court should provide the defense with the opportunity to take relevant discovery from the Government in order to establish whether Mr. Wise has acted improperly.

Dated: February 18, 2022                         Respectfully Submitted,

<u>/s/ *A. Scott Bolden*</u>
   A. Scott Bolden

A. Scott Bolden (SBN 428758 admitted *pro hac vice*)
Rizwan A. Qureshi (SBN 1024603 *admitted pro hac vice*)
Daniel Z. Herbst (SBN 501161)
RQureshi@ReedSmith.com
ABolden@ReedSmith.com
DHerbst@ReedSmith.com
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C.  20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299

Kelley Miller (SBN 985346 (*admitted pro hac vice*)
KMiller@ReedSmith.com
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340

Anthony R. Todd (SBN 6317101 *admitted pro hac vice*)
ATodd@ReedSmith.com
10 South Wacker Drive
40th Floor
Chicago, IL  60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400

Counsel for Defendant Marilyn J. Mosby.

**CERTIFICATE OF SERVICE**

I certify that, on February 18, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

/s/ *A. Scott Bolden*
A. Scott Bolden