KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215

(202) 326-7900

FACSIMILE:
(202) 326-7999

April 20, 2018

Re:   Defamatory Statements Concerning Marilyn Mosby

Dear ▇▇▇▇▇▇▇:

    I write this letter on behalf of Marilyn Mosby, whom I represent in her personal capacity. Your attorney, ▇▇▇▇▇▇▇, wrote a letter to Ms. Mosby dated February 25, 2018 (the "Notice Letter") that included several false and defamatory statements concerning Ms. Mosby. Should you make further statements similar to those contained in the Notice Letter, such statements will be either knowingly false, or at the very least, made with reckless disregard of the truth. Please cease and desist from making any such false and defamatory statements about Ms. Mosby, or from directing anyone else to make such statements. Should you make any false and defamatory statements about Ms. Mosby, she intends to pursue any and all appropriate remedies, including filing a lawsuit against you for defamation.

    On March 6, 2018, Ms. Mosby received the Notice Letter from your attorney, Ms. ▇▇▇▇▇▇▇, which was dated February 25, 2018, and styled as a "Statutory Notice." This letter contained several false statements. Specifically, the Notice Letter states that Ms. Mosby's office terminated ▇▇▇▇▇▇▇ only after determining that ▇▇▇▇▇▇▇ refused to break the law and disclose confidential information of a sealed FBI investigation into the Office of the State's Attorney for Baltimore City." Notice Letter 2.

    The Notice Letter further states that "[u]pon good information and belief, ▇▇▇▇▇▇▇ was terminated because the Mosby Administration feared she was assisting the FBI with their investigation into the Mosby administration as ▇▇▇▇▇▇▇ efused to discuss a confidential exchange with FBI investigators on a sealed investigation into the Mosby Administration." *Id.* at 3.

The Notice Letter further states that Ms. Mosby's Office terminated ▮▮▮▮▮ "only after determining that ▮▮▮▮▮ refused to break the law and disclose confidential information of a sealed FBI investigation into the Mosby Administration." *Id.* at 4.

All of these statements are false and defamatory. You were terminated because an FBI investigation revealed you had leaked the existence of an investigation of certain members of the Baltimore Police Department's Gun Trace Task Force ("G.T.T.F.") to another member of the G.T.T.F.

On February 15, 2018, before you were terminated, Ms. Mosby received a letter from Stephen M. Schenning, the Acting United States Attorney for the District of Maryland (the "Schenning Letter"). We received permission from Mr. Schenning to share a redacted version of that letter with you, and it is enclosed. The Schenning Letter reveals that you disclosed information to Baltimore Police Department Sergeant Wayne Jenkins, one of the defendants convicted in the G.T.T.F. investigation, about a pending investigation of Baltimore Police Department Detective Jemell Rayam, another of the defendants convicted in the G.T.T.F. investigation.

Mr. Schenning stated that telephone records "identified a 17 minute phone call between Jenkins and a phone tied to ASA ▮▮▮▮▮ [sic] on October 5, 2016." Schenning Letter 2. That same day, a federal wiretap recorded Officer Momodu Gondo (one of the defendants convicted in the G.T.T.F. investigation) telling Officer Evodio Hendrix (another of the defendants convicted in the G.T.T.F. investigation) that Jenkins had spoken with a female ASA who told Jenkins that some members of the G.T.T.F. were under investigation. *Id.* Jenkins later told the FBI that during the October 5, 2016 telephone call, you "advised him to stay away from Rayam because he had just lost a Franks hearing <u>and was being investigated for lying and stealing</u>." *Id.*

Mr. Schenning's letter indicates that you were the Assistant State's Attorney referenced in Jenkins' written plea agreement, which stated: "JENKINS learned that Gondo, Rayam, or both of them, were under investigation from other BPD officers and from an Assistant State's Attorney in the Baltimore City State's Attorney's Office . . . [O]n October 5, 2016, JENKINS spoke with an Assistant State's Attorney who told him that Rayam was under investigation for lying and stealing. JENKINS then shared that information with Rayam." *Id.* at 1.

Mr. Schenning's letter also describes your interview with the FBI on January 16, 2018. According to Mr. Schenning, you informed the FBI that you "learned from a colleague that Rayam had caused the State to lose a Franks hearing" and that you were "aware of Rayam's history being investigated by Internal Affairs." *Id.* at 3. You admitted to the FBI that you "had a phone conversation with Jenkins on October 5, 2016, in order to warn him about Gondo and Rayam." *Id.* You admitted to "telling Jenkins that 'Those guys are crooked, dirty. Watch them like a hawk.'" *Id.*

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

April 20, 2018
Page 3

Cease and desist from making any statements (or from directing anyone else to make such statements) that your termination was related to your supposed refusal to disclose information to Ms. Mosby or the Baltimore City State's Attorney's Office about an FBI investigation into the Mosby Administration. Also, cease and desist from making any statements (or from directing anyone else to make such statements) that your termination was related to fear that you were assisting the FBI with an investigation into the Mosby Administration. Any such statements would be false and defamatory and would be knowingly false or, at the very least, in reckless disregard of the truth.

At the time of your termination, neither Ms. Mosby nor anyone acting on her behalf ever asked you about what you stated to the FBI; they had already been informed of your statements to the FBI by Mr. Schenning. You were terminated after Mr. Schenning informed Ms. Mosby that you had revealed to Jenkins that another officer (who was eventually convicted in the G.T.T.F. investigation) was under investigation. Furthermore, before you were terminated, Mr. Schenning revealed that the only federal investigation into personnel in the Baltimore City State's Attorney's Office was an investigation of your disclosure to Jenkins of a pending investigation of another officer.

If you make any false and defamatory statements regarding Ms. Mosby, including but not limited to statements similar to those contained in the Notice Letter, Ms. Mosby intends to pursue any and all appropriate remedies, including filing a lawsuit against you for defamation.

Sincerely,

*James Webster*

James M. Webster