IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Criminal No. JKB-22-7** |
| v. | |
| **MARILYN J. MOSBY,** | |
| **Defendant** | |

## DECLARATION OF IVAN J. BATES, ESQ.

I, Ivan J. Bates, pursuant to 18 U.S.C. § 1746, declare as follows:

1. I am currently a candidate for the elected office of State's Attorney for Baltimore City, with the Primary Election Day scheduled for June 28, 2022[1] ("2022 Election").

2. I ran for the position of State's Attorney for Baltimore City one (1) prior time in 2018.[2]

3. Marilyn J. Mosby ("Mrs. Mosby," "the Defendant," or "the State's Attorney for Baltimore City") is the current State's Attorney for Baltimore City, having won re-election for in 2018, when she defeated me and a third candidate, Mr. Thiru Vignarajah.[3]

4. Election 2018 was my first time running for political office.

5. In attempting to navigate political fundraising as a newcomer, I reached out to family, friends, current and former colleagues, and any other professional acquaintances, which is what I considered Assistant United States Attorney Leo Wise ("Mr. Wise" or "AUSA Wise").[4]

6. It is common practice to review the other candidates' campaign finance reports and solicit donations from any mutual connections, which often, though not always, tend to include professional acquaintances and former colleagues.

---

[1] At the time of this filing, Primary Election Day is scheduled for June 28, 2022, though due to recent litigation pertaining to redistricting, the date may change.

[2] Primary Election Day took place on June 26, 2018 ("2018 Election").

[3] Presently, Mrs. Mosby is serving her second term as the duly elected State's Attorney for Baltimore City. She was first elected to the position in 2014, and re-elected for a second term in 2018, when she defeated me and a third candidate, Mr. Thiru Vignarajah. As of the time of this filing, Mrs. Mosby has not yet declared her candidacy for the 2022 Election.

[4] My professional association with Mr. Wise stems from the numerous cases I have handled in the federal system, wherein he served as the prosecuting attorney, and I served as defense counsel, including matters leading to Mr. Wise's prosecution of the Gun Task Trace Force ("GTTF").

    a. In my case, in addition to "routine" challenges a political newcomer typically experiences, I was also faced with limitations on seeking contributions from many of my former colleagues and other professional acquaintances due to their employment and association with the Defendant, Marilyn J. Mosby.

7. On June 14, 2018, I received a campaign contribution from Mr. Wise, in the amount of one hundred dollars ("$100").[5]

    a. The circumstances leading to Mr. Wise's contribution to my campaign began with my review of fundraising reports filed by my political opponents, Mrs. Mosby and Mr. Vignarajah (collectively, "my political opponents").

    b. In so doing, I noted that on January 10, 2018, Mr. Wise[6] donated one hundred dollars ("$100) to Mr. Vignarajah's campaign.[7]

    c. Mr. Wise had not donated to my campaign, so I solicited a contribution from him.

    d. In response to my solicitation, Mr. Wise, made a one-time donation to my campaign, as noted above, contributing the same amount of money he contributed to Mr. Vignarajah's campaign.

8. My solicitation of Mr. Wise was in line with what I had done in regard to raising funds for my campaign.

9. As I understand it, it is common, or at least not unusual, for individuals to contribute to multiple candidates running for office in the same election cycle for the same position.

10. A cursory review of financial contributions reports for the 2018 and 2022 election cycles reveals that approximately fifty-six ("56") individuals have made financial contributions to my campaign, as well as Mrs. Mosby's campaign.[8]

    a. Of the individuals who donated to both of our campaigns, sixteen ("16") of them made their contributions to Mrs. Mosby's campaign after first contributing to mine, and one ("1") individual donated to both campaigns in one-day.

    b. Of the individuals noted who donated to both campaigns, a high number of them can be described as professional acquaintances.

---

[5] Mr. Wise's donation constituted a very small percentage of the total sum I raised during the 2018 election cycle ($746,643).

[6] My professional association with Mr. Wise stems from the numerous cases I have handled in the federal system, wherein Mr. Wise served as the prosecuting attorney, and I served as defense counsel, including matters leading to Mr. Wise's prosecution of the Gun Task Trace Force ("GTTF").

[7] A copy of Mr. Vignarajah's 2018 campaign finance report can be located via the Maryland Campaign Reporting Information System, https://campaignfinance.maryland.gov/Public/_ViewFiledReports?ajax=True&theme=vista&Grid-page=3.

[8] Campaign finance reports can be located via the Maryland Campaign Reporting System, https://campaignfinance.maryland.gov/Public/ViewFiledReportsMain.

  c. In sum, it is not unusual for political candidates to solicit donations from individuals who previously donated to their opponents, nor is it uncommon to solicit donations from professional acquaintances, who often contribute to multiple candidates running for the same office during the same election cycle.

I declare under penalty of perjury the foregoing to be true and correct.

Executed on this 8th day of March, 2022, in Baltimore City, Maryland.

_____
Ivan J. Bates, Esq.