# H. Res. 895

# *In the House of Representatives, U. S.,*

*March 11, 2008.*

*Resolved,*

### SECTION 1. ESTABLISHMENT OF THE OFFICE OF CONGRES-SIONAL ETHICS.

(a) ESTABLISHMENT.—For the purpose of assisting the House in carrying out its responsibilities under article I, section 5, clause 2 of the Constitution (commonly referred to as the ''Discipline Clause''), there is established in the House an independent office to be known as the Office of Congressional Ethics (hereinafter in this section referred to as the ''Office'').

(b) BOARD.—(1) The Office shall be governed by a board consisting of six individuals of whom three shall be nominated by the Speaker subject to the concurrence of the minority leader and three shall be nominated by the minority leader subject to the concurrence of the Speaker. The Speaker shall nominate at least one alternate board member subject to the concurrence of the minority leader and the minority leader shall nominate at least one alternate board member

subject to the concurrence of the Speaker. If any vacancy occurs in the board, then the most senior alternate board member nominated by the same individual who nominated the member who left the board shall serve on the board until a permanent replacement is selected. If a permanent appointment is not made within 90 days, the alternate member shall be deemed to have been appointed for the remainder of the term of the member who left the board and the Speaker or the minority leader, as applicable, shall nominate a new alternate subject to the concurrence of the other leader.

(2) The Speaker and the minority leader each shall appoint individuals of exceptional public standing who are specifically qualified to serve on the board by virtue of their education, training, or experience in one or more of the following fields: legislative, judicial, regulatory, professional ethics, business, legal, and academic.

(3) The Speaker shall designate one member of the board as chairman. The minority leader shall designate one member of the board as cochairman. The cochairman shall act as chairman in the absence of the chairman.

(4)(A) Selection and appointment of members of the board shall be without regard to political affiliation and solely on the basis of fitness to perform their duties.

(B)(i) No individual shall be eligible for appointment to, or service on, the board who—

(I) is a lobbyist registered under the Lobbying Disclosure Act of 1995;

(II) has been so registered at any time during the year before the date of appointment;

(III) engages in, or is otherwise employed in, lobbying of the Congress;

(IV) is an agent of a foreign principal registered under the Foreign Agents Registration Act;

(V) is a Member; or

(VI) is an officer or employee of the Federal Government.

(ii) No individual who has been a Member, officer, or employee of the House may be appointed to the board sooner than one year after ceasing to be a Member, officer, or employee of the House.

(5) A vacancy on the board shall be filled for the unexpired portion of the term, utilizing the process set forth in paragraph (1).

(6)(A) Except as provided by subparagraph (B), terms on the board shall be for two Congresses. A member of the board may not serve during more than four consecutive Congresses.

(B) Of the individuals appointed in the 110th Congress to serve on the board, 4 shall be designated at the time of appointment to serve only for the remainder of that Con-

4

gress. Any such individual may be reappointed for an additional term of two Congresses.

(C) Any member of the board may be removed from office for cause by the Speaker and the minority leader, acting jointly, but not by either, acting alone.

(7) A member of the board shall not be considered to be an officer or employee of the House, but shall receive a per diem equal to the daily equivalent of the minimum rate of basic pay payable for GS–15 of the General Schedule for each day (including travel time) during which such member is engaged in the performance of the duties of the board.

(8) A majority of the members of the board shall constitute a quorum.

(9) The board shall meet at the call of the chairman or a majority of its members pursuant to its rules.

(c) POWERS.—The board is authorized and directed to:

(1)(A) Within 7 calendar days (excluding Saturdays, Sundays, and public holidays) after receipt of a joint written request from 2 members of the board (one of whom was nominated by the Speaker and one by the minority leader) to all board members to undertake a preliminary review of any alleged violation by a Member, officer, or employee of the House of any law, rule, regulation, or other standard of conduct applicable to the conduct of such Member, officer, or employee in the per-

formance of his duties or the discharge of his responsibilities, along with a brief description of the specific matter, initiate a preliminary review and notify in writing—

> (i) the Committee on Standards of Official Conduct of that preliminary review and provide a statement of the nature of the review; and

> (ii) any individual who is the subject of the preliminary review and provide such individual with a statement of the nature of the review.

(B) Within 30 calendar days or 5 legislative days, whichever is later, after receipt of a request under subparagraph (A), complete a preliminary review.

(C) Before the end of the applicable time period, vote on whether to commence a second-phase review of the matter under consideration. An affirmative vote of at least 3 members of the board is required to commence a second-phase review. If no such vote to commence a second-phase review has succeeded by the end of the applicable time period, the matter is terminated. At any point before the end of the applicable time period, the board may vote to terminate a preliminary review by the affirmative vote of not less than 4 members. The board shall notify, in writing, the individual who was the subject of the preliminary review and the Committee on

6

Standards of Official Conduct of its decision to either terminate the preliminary review or commence a second-phase review of the matter. If the board votes to terminate the preliminary review, then it may send a report and any findings to such committee.

(2)(A)(i) Except as provided by item (ii), complete a second-phase review within 45 calendar days or 5 legislative days, whichever is later, after the board commences such review.

(ii) Extend the period described in subparagraph (A) for one additional period of 14 calendar days upon the affirmative vote of a majority of its members, a quorum being present.

(B) Transmit to the Committee on Standards of Official Conduct a recommendation that a matter requires further review only upon the affirmative vote of not less than 4 members of the board.

(C) Upon the completion of any second-phase review undertaken—

(i) transmit to the Committee on Standards of Official Conduct the following—

(I) a written report composed solely of—

(aa) a recommendation that the committee should dismiss the matter that was the subject of such review;

7

(bb) a statement that the matter requires further review; or

(cc) a statement that the matter is unresolved because of a tie vote; and

the number of members voting in the affirmative and in the negative and a statement of the nature of the review and the individual who is the subject of the review;

(II) its findings, if any, composed solely of—

(aa) any findings of fact;

(bb) a description of any relevant information that it was unable to obtain or witnesses whom it was unable to interview, and the reasons therefor;

(cc) a recommendation for the issuance of subpoenas where appropriate, if any; and

(dd) a citation of any relevant law, rule, regulation, or standard of conduct;

but not the names of any cooperative witnesses or any conclusions regarding the validity of the allegations upon which it is based or the guilt or innocence of the individual who is the subject of the review; and

8

(III) any supporting documentation; and

(ii) transmit to the individual who is the subject of the second-phase review the written report of the board described in clause (i).

(D) Hold such hearings as are necessary and sit and act only in executive session at such times and places and solicit such testimony and receive such relevant evidence as may be necessary to carry out its duties.

(E) Pay witnesses appearing before the Office in the same manner as prescribed by clause 5 of rule XI of the Rules of the House of Representatives.

(F) Adopt rules to carry out its duties, which shall include each of the following:

(i) A rule providing that—

(I) the board may vote to terminate a preliminary review on any ground, including that the matter under review is de minimis in nature; and

(II) the board may vote to recommend to the Committee on Standards of Official Conduct that the committee should dismiss a matter that was the subject of a second-phase review on any ground, including that the matter under review is de minimis in nature.

9

(ii) A rule requiring that all witnesses sign a statement acknowledging their understanding that the text of section 1001 of title 18, United States Code (popularly known as the False Statements Act) applies to their testimony and to any documents they provide.

(iii) A rule requiring that there be no ex parte communications between any member of the board or staff of the Office and any individual who is the subject of any review by the board or between any member and any interested party, and that no Member, officer, or employee of the House may communicate with any member of the board or staff of the Office regarding any matter under review by the board except as authorized by the board.

(iv) A rule that establishes a code of conduct to govern the behavior of its members and staff, which shall include the avoidance of conflicts of interest.

(d) REQUESTS FROM COMMITTEE ON STANDARDS OF OFFICIAL CONDUCT.—(1) Notwithstanding any other provision of this section, upon receipt of a written request from the Committee on Standards of Official Conduct that the board cease its review of any matter and refer such matter to the committee because of the ongoing investigation of such

matter by the committee, the board shall refer such matter to the committee and cease its preliminary or second-phase review, as applicable, of that matter and so notify any individual who is the subject of the review. In any such case, the board shall send a written report to the committee containing a statement that, upon the request of that committee, the matter is referred to it for its consideration, but not any findings.

(2) If the Committee on Standards of Official Conduct notifies the board in writing that it is unable to resolve any matter described in paragraph (1), the board shall immediately begin or continue, as the case may be, a second-phase review of the matter.

(e) LIMITATIONS ON REVIEW.—No review shall be undertaken by the board of any alleged violation of law, rule, regulation or standard of conduct not in effect at the time of the alleged violation; nor shall any review be undertaken by the board of any alleged violation that occurred before the date of adoption of this resolution.

(f) PROHIBITION ON PUBLIC DISCLOSURE.—(1)(A) When an individual becomes a member of the board or staff of the Office, that individual shall execute the following oath or affirmation in writing: "I do solemnly swear (or affirm) that I will not disclose to any person or entity outside of the Office any information received in the course of my service

with the Office, except as authorized by the board as necessary to conduct official business or pursuant to its rules.''. Copies of the executed oath shall be provided to the Clerk of the House as part of the records of the House.

(B) No testimony received or any other information obtained as a member of the board or staff of the Office shall be publicly disclosed by any such individual to any person or entity outside the Office. Any communication to any person or entity outside the Office may occur only as authorized by the board as necessary to conduct official business or pursuant to its rules.

(C) The Office shall establish procedures necessary to prevent the unauthorized disclosure of any information received by the Office. Any breaches of confidentiality shall be investigated by the board and appropriate action shall be taken.

(2) Paragraph (1) shall not preclude presenting its report or findings or testifying before the Committee on Standards of Official Conduct by any member of the board or staff of the Office if requested by such committee pursuant to its rules.

(3) Before the board votes on a recommendation or statement to be transmitted to the Committee on Standards of Official Conduct relating to official conduct of any Member, officer, or employee of the House, it shall provide that

individual the opportunity to present, orally or in writing (at the discretion of the board), a statement to the board.

(g) PRESENTATION OF REPORTS TO COMMITTEE ON STANDARDS OF OFFICIAL CONDUCT.—Whenever the board transmits any report to the Committee on Standards of Official Conduct relating to official conduct of any Member, officer, or employee of the House, it shall designate a member of the board or staff to present the report to such committee if requested by such committee.

(h) COMPENSATION OF STAFF.—Upon the affirmative vote of at least 4 of its members, the board may appoint and fix the compensation of such professional, nonpartisan staff as it considers necessary to perform its duties.

(i) TERMINATION OF STAFF.—Members of the staff may be terminated during a Congress solely by the affirmative vote of at least 4 members of the board.

(j) REIMBURSEMENTS.—The board may reimburse its members and staff for travel, subsistence, and other necessary expenses incurred by them in the performance of their duties in the same manner as is permissible for such expenses of other employees of the House.

(k) AGREEMENTS; RETENTION OF DOCUMENTS BY THE CLERK.—(1) Before any individual who is appointed to serve on the board (including an individual who is an alternate) or before any individual is hired to be a staff member of the Of-

fice may do so, the individual shall execute a signed document containing the following statement: "I agree not to be a candidate for the office of Senator or Representative in, or Delegate or Resident Commissioner to, the Congress for purposes of the Federal Election Campaign Act of 1971 until at least 3 years after I am no longer a member of the board or staff of the Office of Congressional Ethics.".

(2) Copies of the signed and executed document shall be retained by the Clerk as part of the records of the House. The Clerk shall make the signatures a matter of public record, causing the names of each individual who has signed the document to be published in a portion of the Congressional Record designed for that purpose, and make cumulative lists of such names available on the web site of the Clerk.

(3) The following rules shall be applicable to the staff of the Office:

(A) The staff is to be assembled and retained as a professional, nonpartisan staff.

(B) Each member of the staff shall be professional and demonstrably qualified for the position for which he is hired.

(C) The staff as a whole and each member of the staff shall perform all official duties in a nonpartisan manner.

(D) No member of the staff shall engage in any partisan political activity directly affecting any congressional or presidential election.

(E) No member of the staff may accept public speaking engagements or write for publication on any subject that is in any way related to his or her employment or duties with the Office without specific prior approval from the chairman and cochairman.

(l) FUNDING.—There shall be paid out of the applicable accounts of the House such sums as may be necessary for the expenses of the Office. Such payments shall be made on vouchers signed by the chairman of the board and approved in the manner directed by the Committee on House Administration. Amounts made available under this section shall be expended in accordance with regulations prescribed by the Committee on House Administration.

(m) DEFINITION.—As used in this section, the term ''Member'' means any Representative in, or Delegate or Resident Commissioner to, the Congress.

**SEC. 2. FINANCIAL DISCLOSURE REPORTS.**

Rule XXVI of the Rules of the House of Representatives is amended by adding at the end the following new clause:

''3. Members of the board of the Office of Congressional Ethics shall file annual financial disclosure reports with the Clerk of the House on or before May 15 of each calendar

year after any year in which they perform the duties of that position. Such reports shall be on a form prepared by the Clerk that is substantially similar to form 450 of the Office of Government Ethics. The Clerk shall send a copy of each such report filed with the Clerk within the seven-day period beginning on the date on which the report is filed to the Committee on Standards of Official Conduct and shall have them printed as a House document and made available to the public pursuant to clause 1.''.

## SEC. 3. CONFORMING AMENDMENTS TO THE RULES OF THE HOUSE.

Clause 3 of rule XI of the Rules of the House of Representatives is amended as follows:

(1) In paragraph (b)(2), strike ''or'' at the end of subparagraph (A), strike the period and insert ''; or'' at the end of subparagraph (B), and add at the end the following new subparagraph:

''(C) upon receipt of a report regarding a referral from the board of the Office of Congressional Ethics.''.

(2) At the end of paragraph (b), add the following new subparagraph:

''(8)(A) Except as provided by subdivisions (B), (C), and (D), not later than 45 calendar days or 5 legislative days, whichever is later, after receipt of a written report and any findings and supporting documentation regarding a referral

from the board of the Office of Congressional Ethics or of a referral of the matter from the board pursuant to a request under paragraph (r), the chairman of the Committee on Standards of Official Conduct shall make public the written report and findings of the board unless the chairman and ranking member, acting jointly, decide or the committee votes to withhold such information for not more than one additional period of the same duration, in which case the chairman shall—

> ''(i) upon the termination of such additional period, make public the written report and findings; and

> ''(ii) upon the day of such decision or vote, make a public statement that the committee has voted to extend the matter relating to the referral made by the board of the Office of Congressional Ethics regarding the Member, officer, or employee of the House who is the subject of the applicable referral.

At least one calendar day before the committee makes public any written report and findings of the board, the chairman shall notify such board and the applicable Member, officer, or employee of that fact and transmit to such individual a copy of the statement on the committee's disposition of, and any committee report on, the matter.

''(B)(i) Notwithstanding subdivision (A)(i), if the committee votes to dismiss a matter which is the subject of a re-

ferral from the board of the Office of Congressional Ethics, the committee is not required to make public the written report and findings described in such subdivision unless the committee's vote is inconsistent with the recommendation of the board. For purposes of the previous sentence, a vote by the committee to dismiss a matter is not inconsistent with a report from the board respecting the matter as unresolved due to a tie vote.

"(ii) Notwithstanding subdivision (A)(ii), if the board transmits a report respecting any matter with a recommendation to dismiss or as unresolved due to a tie vote, and the committee votes to extend the matter for an additional period as provided in subdivision (A), the committee is not required to make a public statement that the committee has voted to extend the matter.

"(iii) Except as provided by subdivision (E), if the committee establishes an investigative subcommittee respecting any such matter, then the report and findings of the board shall not be made public until the conclusion of the investigative subcommittee process and the committee shall issue a public statement of the establishment of an investigative subcommittee, which statement shall include the name of the applicable Member, officer, or employee, and shall set forth the alleged violation. If any such investigative subcommittee does not conclude its review within one year after the board trans-

mits a report respecting any matter, then the committee shall make public the report and upon the expiration of the Congress in which the report is made public, the committee shall make public any findings.

"(C)(i) If, after receipt of a written report and any findings and supporting documentation regarding a referral from the board of the Office of Congressional Ethics or of a referral of the matter from the board pursuant to a request under paragraph (r), the committee agrees to a request from an appropriate law enforcement or regulatory authority to defer taking action on the matter—

"(I) notwithstanding subdivision (A)(i), the committee is not required to make public the written report and findings described in such subdivision, except that if the recommendation of the board with respect to the report is that the matter requires further review, the committee shall make public the written report but not the findings; and

"(II) before the end of the first day (excluding Saturdays, Sundays, and public holidays) after the day that the committee agrees to the request, the committee shall make a public statement that it is deferring taking action on the matter at the request of such authority.

"(ii) If, upon the expiration of the one-year period that begins on the date the committee makes the public statement

described in item (i)(II), the committee has not acted on the matter, the committee shall make a new public statement that it is still deferring taking action on the matter, and shall make a new statement upon the expiration of each succeeding one-year period during which the committee has not acted on the matter.

''(D) The committee may not receive any referral from the board of the Office of Congressional Ethics within 60 days before a Federal, State, or local election in which the subject of the referral is a candidate. The committee may delay any reporting requirement under this subparagraph that falls within that 60-day period until the end of such period and in that case, for purposes of subdivision (A), days within the 60-day period shall not be counted.

''(E) If, at the close of any applicable period for a reporting requirement under this subparagraph with respect to a referral from the board of the Office of Congressional Ethics, the vote of the committee is a tie or the committee fails to act, the report and the findings of the board shall be made public by the committee, along with a public statement by the chairman explaining the status of the matter.''.

(3) At the end, add the following new paragraph:

''(r) Upon receipt of any written notification from the board of the Office of Congressional Ethics that the board is undertaking a review of any alleged conduct of any Member,

officer, or employee of the House and if the committee is investigating such matter, the committee may at any time so notify the board and request that the board cease its review and refer the matter to the committee for its consideration. If at the end of the applicable time period (including any permissible extension) the committee has not reached a final resolution of the matter or has not referred the matter to the appropriate Federal or State authorities, the committee shall so notify the board of the Office of Congressional Ethics in writing. The committee may not request the same matter from the board more than one time.''.

**SEC. 4. EFFECTIVE DATE.**

This resolution and the amendments made by it shall take effect on the date of its adoption, except that the Office of Congressional Ethics shall not undertake any review of any alleged violation by a Member, officer, or employee of the House of any law, rule, regulation, or other standard of conduct applicable to the conduct of such Member, officer, or employee in the performance of his duties or the discharge of his responsibilities before 120 days after the date of adoption of this resolution.

Attest:

*Clerk.*