# ReedSmith
Driving progress
through partnership

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

A. Scott Bolden
Direct Phone: +1 202 414 9266
Email: abolden@reedsmith.com

March 23, 2022

**Via ECF Filing**

The Honorable Lydia Kay Griggsby
District Judge, United States District Court
District of Maryland
101 West Lombard Street
Chambers 5C
Baltimore, MD 21201

**Re: United States v. Marilyn J. Mosby, 22-cr-00007-LKG-1**

Dear Judge Griggsby:

    As counsel to State's Attorney Marilyn Mosby in the above referenced matter, I write to request a status conference to address issues related to the trial date, in particular the government's continuing failure to meet its expert disclosure obligations under the Federal Rules of Criminal Procedure and the District of Maryland's Standing Discovery Order (hereinafter "Standing Order") and the government's failure to agree to a date to produce Jencks material.

    On February 8, 2022, the defense served a discovery demand letter on the government that requested, among other things, that the government provide an expert disclosure that complied with Federal Rule of Criminal Procedure 16(a)(1)(G). Ex. 1[1] at ¶ 7 (Discovery Demand Letter). Pursuant to the Standing Order, the government was required to produce the responsive discovery, including the government's expert disclosure, within 21 days. Standing Order at ¶ 2.b.

---

[1] To protect materials of a private nature, including the identity of certain third party witnesses, all exhibits referenced herein will be filed under seal and a copy of this letter with exhibits will be emailed to Chambers and government counsel.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

In its responsive Rule 16 Discovery Letter of February 17, 2022, the government represented that it would disclose expert witnesses at "a later date." Ex. 2 at 2. Yet, six days later, during a status conference before this Court, the government explicitly and firmly represented that it did not intend to call any expert witnesses during its case-in-chief at trial.

To date, the defense is at a loss as to the government's intention concerning expert witnesses. As described above, the government has provided conflicting statements about its intent. To date, the government has not provided any expert disclosure, yet it has demanded that the defense disclose its experts. Ex. 2 at 3. In addition, the defense made a request for an agreed date for the disclosure of Jenks material on March 7, 2022, which the government has ignored. Ex. 3 (Second Discovery Demand Letter). The government renewed its own demands by letter on March 21, 2022, while ignoring the defense's request for the government's position on outstanding discovery, its request for a Jencks disclosure date, its intention as it relates to experts **and** the defense's request for available times for a meet and confer. These requests from the defense continue to be ignored by the government, even after the defense once again renewed those requests on March 21, 2022. Ex. 4 (Third Discovery Demand Letter). Pursuant to the Standing Order (specifically ¶ 2.b), the government's deadline for disclosing its experts, i.e. March 1, 2022 (21 days following the defense's demand), has long passed, and the government has not provided any notice or guidance on when it will comply with its expert disclosure obligation.

For a number of reasons, the government's continuing failure is prejudicing the defense. First, with approximately five weeks remaining until the parties are scheduled to pick a jury, the defense is at loss as to whether the government will call expert witnesses at trial. Second, if the government is calling such witnesses, the defense is being denied the time it should have under the rules to know the identity of

the government's experts, analyze their opinions, and prepare a defense to those opinions. Third, the failure is impeding the defense's efforts to identify, retain, and prepare its own experts and rebuttal experts.

Finally, the government's continuing failure could threaten the trial date. The defense's expert disclosure obligation is triggered by the government's successful completion of its expert disclosure obligations. *See* Fed. R. Crim. P. 16(b)(1)(C)(i) (defendant is required to provide an expert disclosure only after the government "complies" with its disclosure obligation; Standing Order at ¶ 3.b (defense is required to provide reciprocal discovery, including its expert disclosure, within 30 days of the government satisfying its discovery obligations). The government's delay in providing its expert disclosure is causing a related delay in the defense providing its expert disclosure, which will delay any challenges and potential litigation over the experts and the scope of their expected testimony.[2] This ripple effect could certainly endanger the trial date that is less than six weeks away.

In sum the government's failure and delay gives rise to a concern regarding the timing of expert disclosures, related motions, and the trial. As described above, if the parties do not disclose their expert witnesses sufficiently in advance of trial, this would directly impact counsel's ability to prepare a constitutionally-effective defense for State's Attorney Mosby. **As such, the defense proposes that the government be ordered to disclose any experts by no later than March 28, 2022, and the defense be required to disclose any experts by April 18, 2022.** In addition, the defense would respectfully request that the Court order a compressed briefing schedule for expert related motions. The defense would propose the following briefing schedule: (1) expert related motions due on April 22, 2022; (2) oppositions

---

[2] Although we are not obligated to, on March 21, 2022, we provided the government with notice of the subject areas for which the defense may offer expert testimony. To date, the government has failed to provide similar notice.



due on April 26, 2022; and (3) replies due on April 28, 2022. This would allow sufficient time for the parties to litigate any expert-related issues in advance of trial.

Finally, the defense requests a status conference with the Court during the week of March 27, 2022 to discuss the above and other pre-trial scheduling issues.

Respectfully,

_/s/ A. Scott Bolden_

A. Scott Bolden (admitted *pro hac vice*)  
Rizwan A. Qureshi (admitted *pro hac vice*)  
Daniel Z. Herbst (SBN 17510)  
RQureshi@ReedSmith.com  
ABolden@ReedSmith.com  
DHerbst@ReedSmith.com  
1301 K Street, N.W.  
Suite 1000 - East Tower  
Washington, D.C. 20005-3373  
Telephone: +1 202 414 9200  
Facsimile: +1 202 414 9299

Kelley Miller (*admitted pro hac vice*)  
KMiller@ReedSmith.com  
7900 Tysons One Place, Suite 500  
McLean, Virginia 22102  
Telephone: + 1 703 641 4200  
Facsimile: +1 703 641 4340

Anthony R. Todd (*admitted pro hac vice*)  
ATodd@ReedSmith.com  
10 South Wacker Drive  
40th Floor  
Chicago, IL 60606-7507  
Telephone: + 312.207.1000  
Facsimile: + 312.207.6400

*Counsel for Defendant Marilyn J. Mosby*



## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of March, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

/s/ *A. Scott Bolden*
A. Scott Bolden