# Exhibit 3

# Filed Under Seal



Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

**A. Scott Bolden**
Direct Phone:  +1 202 414 9266
Email:  abolden@reedsmith.com

March 7, 2022

**Confidential**

**By Electronic Mail**

Leo Wise
Assistant United States Attorney
36 S. Charles Street, Suite 400
Baltimore, MD 21201-3119

**Re: United States v. Mosby, Criminal Case No. 22-cr-00007-LKG**

Dear Leo:

This letter constitutes the second discovery request on behalf of our client Marilyn J. Mosby, State's Attorney for Baltimore City ("State's Attorney Mosby"), as our initial discovery request was made by letter dated February 8, 2022 (the "Initial Discovery Request").

Although our review of the voluminous discovery continues, there are several requests in the Initial Discovery Request for which the Defense received no response or discovery. These requests include:

- Request B(8)(a) – All documents pertaining to State's Attorney Mosby's knowledge or lack thereof of the tax lien identified in the Indictment. *See Brady v. Maryland*, 373 U.S. 83 (1963).

- Request C – For the purpose of meeting the government's obligation to produce certain "statements" under 18 U.S.C. § 3500 (Jencks Act), Federal Rule of Criminal Procedure 26.2, and *Brady v. Maryland*, 373 U.S. 83 (1963), we request that any and all handwritten or informal notes of witness interviews be preserved and please provide confirmation that your office has communicated this preservation request to all individuals who may possess handwritten or informal notes of witness interviews. In order to move this case as expeditiously as possible, it is requested that the required "statements" be provided at least two weeks in advance of trial.

- Request G – State's Attorney Mosby requests that the prosecution disclose all evidence of uncharged misconduct, similar crimes, wrongs, or acts allegedly committed by her, upon which the prosecution intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident either in its case-in-chief or in rebuttal. Fed. R. Evid. 404(b). We further request that this disclosure be made with at least the degree of particularity required in an indictment and should identify any witnesses or documents that the prosecution will offer with respect to the uncharged misconduct. The

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-165493256.4-PNUNEZH 03/07/2022 4:28 PM

Leo Wise
March 7, 2022
Page 2



        disclosure should identify the purpose for which the uncharged misconduct is offered and include any "reverse 404(b)" evidence that may tend to negate State's Attorney Mosby's alleged guilt regarding the uncharged misconduct.

We also request that the Government immediately produce the Baltimore City OIG's investigation documents that the Government referenced at the status conference held on February 23, 2022.

We request that the Government provide this missing discovery pursuant to Federal Rule of Criminal Procedure 16, Federal Rule of Evidence 404(b), *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Court's Order issued on February 4, 2022,[1] and under the applicable rules of prosecutorial ethics.[2] In the alternative, we ask that the Government confirm in writing that it does not intend to introduce 404(b) evidence at trial or that the Government is not in possession of evidence in any of the aforementioned categories. If the Government contends that it has already produced 404(b) evidence, we ask that the Government identify such evidence by bates number and produce any "reverse 404(b)" evidence in the Government's possession.

### **Identification of *Brady* Evidence**

Additionally, we request that the Government specifically designate the *Brady* material it has produced or will produce. Courts in the Fourth Circuit have found that given the constitutional nature of the government's *Brady* obligation, designation is appropriate to the extent possible. *See United States v. Blankenship*, 2015 U.S. Dist. LEXIS 76287, at *16 (S.D.W. Va. June 12, 2015) (requiring the government to specifically designate any known Brady material to defense counsel).

Alternatively, we ask that the Government identify the material it knows in good faith that it does *not* intend to use at trial, under the "negative identification approach" established by courts in this Circuit. *See United States v. Cason*, No. 1:15-CR-30, 2015 U.S. Dist. LEXIS 110444, at *7 (N.D.W. Va. Aug. 7, 2015) (require the government to identify what evidence the government would consider using at trial where a voluminous production was made); *United States v. Contech Engineered Sols. LLC*, 2021 U.S. Dist. LEXIS 35069, at *15 (E.D.N.C. Feb. 18, 2021) (requiring the government to use the negative identification approach established in *Cason* to identify the evidence it in good faith did not intend to use at trial to facilitate the defendant's review of voluminous discovery); *see also United States v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009) (holding that where the government had taken additional measures to facilitate review including identifying hot documents that were relevant to its case-in-chief or the defense, specifically identifying *Brady* material was not necessary).

---

[1] *See* Order Pursuant to Fed. R. Crim. P. 5(f), *United States v. Mosby*, No. 1:22-CR-00007-LKG-1 (D. Md. Feb. 4, 2022), ECF No. 14 (ordering the Government to adhere to disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny and to produce in a timely manner all exculpatory evidence).
[2] *See* Maryland Rule 19-303.8(d) "Special Responsibilities of a Prosecutor" ("[t]he prosecutor in a criminal case shall . . . (d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal").

Leo Wise
March 7, 2022
Page 3



At the status conference on February 23rd the Government indicated that it is not its practice to identify *Brady* material because *Brady* material is in the "eye of the beholder" and dependent upon a defendant's specific defenses. This runs contrary to the standard set forth in *Brady*. The Government is obligated to disclose evidence favorable to an accused, upon request, where the evidence is material either to guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010). Evidence is favorable to the defendant where it is exculpatory or it could be used to impeach a prosecution witness. *See United States v. Leigh*, 61 Fed. Appx. 854, 856 (4th Cir. 2003). Evidence is material under *Brady* if there exists a reasonable probability that had the evidence been disclosed, the result at trial would be different. *See Wood v. Bartholomew*, 516 U.S. 1, 5 (1995). These standards are not based upon the "eye of the beholder" or the specific defenses of a defendant. The Government is required to turn over exculpatory evidence in its possession and failing to do so is a due process violation. *See Brady*, 373 U.S. at 87.

### **Specific *Brady* Requests**

The Government further stated at the status conference that, in its view, that there is no "objective" *Brady* material in the Government's possession that has not been turned over. The Defense is aware of several such examples, however, and is therefore seeking *Brady* material it knows to exist.

First, there are several additional phone calls between State's Attorney Mosby and Nationwide that are exculpatory in nature and that were not included in the Government's production. Please provide all recordings of phone calls between State's Attorney Mosby and Nationwide **or confirm in writing** that the Government has produced all audio recordings of this nature.

Second, there are several witnesses that the Defense knows the Government spoke with, yet the Defense has received no discovery with respect to these interviews. These interviews include those of Carlton Saunders, several donors to State's Attorney Mosby's campaigns, several pastors and churches in Baltimore, several former employers of State's Attorney Mosby, State's Attorney Mosby's hairdresser, the dance instructor of State's Attorney Mosby's children, and several former employees of State's Attorney Mosby and Baltimore City Council President Nick Mosby. To the extent it is the Government's position that State's Attorney Mosby is not entitled to these interviews, please provide a basis **in writing** for why they are being withheld and why you are not agreeing to their disclosure given Government's representation at the last status hearing that your office intends to provide "fulsome" and "open file discovery".

Third, given your commitment to providing "fulsome" discovery, please produce all grand jury transcripts related to the investigation into State's Attorney Mosby. Given the Government's representation at the last status hearing that what constitutes exculpatory material is "in the eye of the beholder", we demand the production of all grand jury transcripts so that we may be able to determine whether they are in fact exculpatory in nature.

Fourth, as you are aware, we remain convinced that this is an animus-driven prosecution and evidence of the Government's animus could impact the jury's verdict. For these reasons, pursuant to *Brady* and its progeny, State's Attorney Mosby demands disclosure of all documents, including internal DOJ communications, related to the Government's decision to charge State's Attorney Mosby, including

Leo Wise
March 7, 2022
Page 4



any communications with certain third parties who may have referred this matter to the Government. In that same regard, we demand disclosure of all documents and communications relating to any consideration given to State's Attorney Mosby's request to appear before the grand jury and relating to the timing of the return of the Indictment. To the extent the Government refuses to produce this information, **please confirm the basis for such refusal in writing**.

Accordingly, the Defense again requests that this *Brady* material and any other *Brady* material in the Government's possession be turned over immediately. Failing to turn over discoverable evidence would violate the Court's Order of February 4, 2022, this District's standing order on criminal discovery, and the government's obligations under well-established law.

We are available to confer with you to discuss the aforementioned discovery so that we may resolve these issues without Court intervention and prepare for trial as expeditiously as possible.

Sincerely, I am,

*A. Scott Bolden*

A. Scott Bolden

CC:    Rizwan A. Qureshi, Esq.
       Kelley Miller, Esq.