# Exhibit 4

# Filed Under Seal

**A. Scott Bolden**
Direct Phone: +1 202 414 9266
Email: abolden@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

March 21, 2022

**Confidential**

**By Electronic Mail**

Leo Wise
Assistant United States Attorney
36 S. Charles Street, Suite 400
Baltimore, MD 21201-3119

**Re: United States v. Mosby, Criminal Case No. 22-cr-00007-LKG**

Dear Leo:

As you know, Reed Smith LLP represents State's Attorney Marilyn Mosby in connection with the above-referenced matter. This letter is in response to your requests in your letter, dated February 17, 2022, for disclosures under Rule 16(B)(1)(a), Rule 16(B)(1)(b) and Rule 16(B)(1)(c). In addition, this letter contains additional Rule 16 discovery requests.

**A. Disclosures Under Rule 16**

With regard to your request for reciprocal discovery pursuant to Rule 16(b)(1)(a), as of this time, we have not identified any such documents. As our review of the relevant discovery propounded by the government continues (including discovery that is not yet in our possession), we will update these disclosures as necessary.

With regard to your request for the results of tests or analyses pursuant to Rule 16(b)(1)(b), at this time, we have no such reports or results to disclose. To the extent any such examinations and tests come within the Ms. Mosby's possession, custody, or control, and Ms. Mosby intends to use any such examinations and tests in her case-in-chief at trial, disclosures will be made.

With regard to your request for expert materials pursuant to Rule 16(b)(1)(c), we note that the government has failed to comply with Rule 16(a)(1)(c)(i). By letter dated, February 8, 2022, Ms. Mosby requested, pursuant to Rule 16(a)(1)(G), that the government produce "[a]ll written summary of testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." *See* Letter from A. Scott Bolden to Leo Wise, dated February 8, 2022, at ¶ 7. In your response letter dated, February 17, 2022, you stated that the government would provide expert disclosure "at a later date."[1] Nearly 30 days have passed since your letter, and the government has still not made its expert disclosure. At this time, your expert disclosure is well past due the 21 days following

[1] It should be noted that this is inconsistent with the government's representation to the Court on February 23, 2022, where the government represented that it did not anticipate calling any expert witnesses at trial.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

our discovery demand of February 8, 2022. *See* Standing Order at ¶ 2.b (requiring the government to provide the defense with an expert disclosure within 21 days of the defense's demand). We continue to ask that you comply with our expert disclosure demand.

As a result of your continuing failure to provide an expert disclosure (much less a timely disclosure), the defense is under no obligation at this time to provide the government with a reciprocal expert disclosure. Under Rule 16(B)(1)(c)(i) and ¶ 3.b of the Standing Discovery Order of the District of Maryland, our obligation to provide an expert disclosure is not triggered until the government satisfies its expert disclosure obligations imposed by FRCP 16(a)(1)(G) and Standing Order ¶ 3.b. *See also* FRCP 16(b)(1)(C)(i) (a defendant is not required to provide an expert disclosure until the government "complies" with its expert disclosure obligations).

However, in light that the trial is just over six weeks away, the defense may call one or more experts to provide testimony concerning topics that include, but are not limited to, the following:

- a forensic analysis of State Attorney Mosby's personal and business finances;
- the CARES Act, including its legislative history and intent, as it relates to 457(b) withdrawals for unforeseeable emergencies; and
- federal tax liens and the role they play in the mortgage application process.

## II. Additional Discovery Requests

State's Attorney Mosby re-incorporates the outstanding discovery requests made in her Second Discovery Request, dated March 7, 2022. On behalf of State's Attorney Mosby, we request the additional discoverable materials described below. We intend to supplement this letter as necessary.

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, we hereby request that the Government provide a Bill of Particulars in response to the requests set forth below, originating from the new information contained in the Superseding Indictment filed on March 10, 2022.

1. Particulars of how State's Attorney Mosby "falsely represented" that she had spent 70 days living in Florida and working remotely.

2. Particulars of State's Attorney Mosby's intent to "lock in a lower interest rate" by submitting a "false gift letter."

Please provide the government's position on the above outstanding discovery requests, including whether the government intends to call an expert as part of its case-in-chief, by **no later than close of business on March 22, 2022.** By March 22, 2022, please provide your position on the above **or** provide your availability to meet and confer on Wednesday (3/23), Thursday (3/24) and Friday (3/25) of this week to discuss all outstanding issues. Given that we are just over six weeks away from trial, we expect that the government will respond expeditiously to our requests, including to meet and confer.

We look forward to hearing from you.

Sincerely, I am,

A. Scott Bolden

CC: Rizwan A. Qureshi, Esq.