```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF MARYLAND

 3                      NORTHERN DIVISION

 4  UNITED STATES OF AMERICA,      ) CRIMINAL
                                   ) NO. LKG-22-0007
 5           Plaintiff,            )
                                   )
 6  v.                             )
                                   )
 7  MARILYN J. MOSBY,              )
                                   )
 8           Defendant.            )

 9                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE LYDIA K. GRIGGSBY
10              UNITED STATES DISTRICT JUDGE
            WEDNESDAY, FEBRUARY 23, 2022; 11:01 A.M.
11                   GREENBELT, MARYLAND

12  FOR THE PLAINTIFF:

13          OFFICE OF THE UNITED STATES ATTORNEY
            BY: LEO J. WISE, ESQUIRE
14          BY: AARON SIMCHA JON ZELINSKY, ESQUIRE
            BY: SEAN R. DELANEY, ESQUIRE
15          36 S. Charles Street, Fourth Floor
            Baltimore, Maryland  21201
16          (410) 209-4909

17  FOR THE DEFENDANT:

18          REED SMITH LLP
            BY:  ALAN S. BOLDEN, ESQUIRE
19          BY:  RIZWAN A. QURESHI, ESQUIRE
            BY:  KELLEY C. MILLER, ESQUIRE
20          BY:  ANTHONY R. TODD, ESQUIRE
            BY:  PAOLA HENRY, ESQUIRE
21          1301 K Street NW, Suite 1100 East Tower
            Washington, DC  20005
22          (202) 419-9200

23

    OFFICIAL COURT REPORTER:
24  Renee A. Ewing, RPR, RMR, CRR - (301) 344-3227

25    ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPE NOTES***
```

1          THE COURT:  I will ask my law clerk to please call

2     the case.

3          THE LAW CLERK:  The United States District Court for

4     the District of Maryland is now in session.  The Honorable

5     Lydia K. Griggsby presiding.

6          THE COURT:  Thank you very much.  Good morning to

7     counsel and to State's Attorney Mosby as well as to our court

8     reporter for today's session.  Good morning.

9          Before the Court this morning is Criminal Action No.

10    22-007, United States vs. Marilyn Mosby.  This matter involves

11    an indictment involving two counts of perjury pursuant to Title

12    18, Section 1621 and 1746, and two counts of making a false

13    statement on a loan application in violation of Title 18,

14    Section 1014.

15         The relevant procedural history for the case is as

16    follows:  On January 13th of this year, a grand jury returned a

17    four-count indictment against the defendant.  Subsequently,

18    State's Attorney Mosby was arraigned on February 4th of 2022.

19    At that time, she pled not guilty to all four counts of the

20    indictment.

21         On April -- I'm sorry, on February 18th of 2022, the

22    parties also submitted a joint status report and response to

23    the Court's order, and in that report, the parties indicate,

24    among other things, that they have completed the discovery

25    required under Federal Rule of Criminal Procedure 16.

1        The parties are prepared to proceed to a trial in this

2   case.  The government also indicates its intention to file a

3   motion in limine at some point prior to trial and that an

4   approximately four-day trial would be involved for

5   approximately 15 witnesses.  The defendant also anticipates

6   calling approximately five to ten witnesses.

7        Also, on February 18th, the defendant filed three

8   pretrial motions, including a motion to dismiss, a motion for a

9   bill of particulars, and a motion to disqualify counsel, and

10  the Court is in receipt of all of those filings.

11       Before we proceed to the formal introduction of counsel,

12  the Court would also like to make some initial observations.

13  Yesterday, the Court had the privilege of welcoming our newest

14  magistrate judge to the court and to hear the oath of office

15  which all judges have taken, and this judge had the privilege

16  of taking that oath of office on two separate occasions.  And

17  it reminded the Court of the duty to always administer justice

18  in every matter and to do equal rights to the poor and to the

19  rich and to faithfully and impartially perform the Court's

20  duty.  Integrity and professionalism are at the heart of what

21  this judge will do and that the judge expected to be at the

22  heart of what we will all do in this case, integrity and

23  professionalism.

24       With that, the Court again wants to thank counsel for

25  arranging their schedules for today's scheduling conference and

1    also again welcomes State's Attorney Mosby.

2          At this time, we will turn to the formal introduction of

3    counsel for the record.  We will start with counsel for the

4    United States of America, please.

5          MR. WISE:  Good morning, Your Honor.  Leo Wise, Sean

6    Delaney, and Aaron Zelinsky for the United States.

7          THE COURT:  Good morning, Mr. Wise.  Welcome to you

8    and to your co-counsel.

9          Counsel for the defendant, please.

10          MR. BOLDEN:  Good morning, Your Honor.  A. Scott

11    Bolden from Reed Smith on behalf of Marilyn Mosby.  With me is

12    Rizwan Qureshi, Kelly Miller, Anthony Todd, and Paola Henry for

13    the defendants.  Thank you very much.

14          THE COURT:  Thank you and welcome to you and to your

15    co-counsel.  And the Court also understands that State's

16    Attorney Mosby is present.  Welcome to you as well.

17          THE DEFENDANT:  Thank you, Your Honor.

18          THE COURT:  Mr. Wise, will you be speaking primarily

19    for the government?

20          MR. WISE:  I will, Your Honor.  Thank you.

21          THE COURT:  Why don't we start with you, and perhaps

22    you can start at the beginning.  The Court has, of course, read

23    the various submissions from the parties, but perhaps it would

24    be helpful to just have a brief overview of the nature of the

25    charges in this case and then we will get into a conversation

1  about how we move forward to trial.

2          MR. WISE:  Thank you, Your Honor.

3          As Your Honor mentioned at the beginning, the charges

4  focus on two counts of perjury related to withdrawals from a

5  City of Baltimore deferred compensation plan pursuant to a

6  provision in the CARES Act that allowed for extraordinary

7  withdrawals for participants facing financial hardships related

8  to the COVID-19 pandemic, and then, relatedly, the purchase of

9  two homes in Florida, the submission of mortgage applications

10 where false statements were made as identified in the

11 indictment specifically concerning tax debt, a tax lien, and

12 the use of the home as a second home as opposed to as a

13 property managed by a rental company.

14          THE COURT:  And according to the joint status report,

15 the Court understands from the government's perspective that

16 all disclosures have been completed at this point.  Is that

17 correct?

18          MR. WISE:  We have made -- yes, Your Honor.  We have

19 made a production pursuant to Rule 16 for all -- all discovery

20 that is to be provided pursuant to Rule 16 consistent with the

21 Court's standing order on criminal discovery.  We identified

22 the discovery by category and subpart of Rule 16, and that was

23 made on Thursday of last week.

24          We have obviously made a reciprocal discovery request,

25 which, in the sequencing of the Court's standing order on

1 criminal discovery, follows that.  We have not yet received the

2 typical discovery.  We expected to receive it by this call, but

3 we do expect to receive it within the time frames provided for

4 in the -- in the Court's standing order on discovery.

5          MR. BOLDEN:  Your Honor, may I be heard?

6          THE COURT:  Actually, Counsel, no.  The Court will

7 recognize you when you are going to speak, and the Court is

8 talking to Mr. Wise at this time.

9      Mr. Wise, I thank you for that update in terms of

10 discovery, and the Court will, of course, encourage both

11 parties to continue to remain in communication as they move

12 forward and make disclosures as they are necessary to

13 facilitate all of our work today.

14      Mr. Wise, before I turn to hear from Mr. Bolden on behalf

15 of the defendant, a few more questions just to flesh out the

16 government's point of view as indicated in the joint status

17 report.  The Court reads that report as the government

18 envisions as approximately a four-day trial with 16 or so

19 witnesses.

20      Can you flesh that out a little bit more?

21          MR. WISE:  Sure, Your Honor.  We have a series of

22 witnesses, I would say none of which are terribly long in terms

23 of their time on the stand.  It's not a trial where you have a

24 witness on the stand for a whole day.  They are principally the

25 underwriters for the two mortgages, the two homes in Florida

1    were purchased and two different mortgage companies underwrote

2    those mortgage, so there would be witnesses from either -- from

3    both of those mortgage companies.

4         There will be witnesses related to the COVID-19 financial

5    hardship withdrawals.  And there will be a witness from the

6    company, the management company that the defendant entered into

7    an agreement to manage the property shortly before signing the

8    second home rider that said she wouldn't.  And there will be

9    potentially a series of other witnesses based on other issues

10   that we have identified as to both the COVID-19 withdrawal on

11   the mortgage application, but those, again, are all relatively

12   short witnesses, and that's why we believe the length of the

13   trial will be approximately four days.

14        THE COURT:  Okay.  And are you considering any expert

15   witnesses?  It sounds like you are talking primarily about fact

16   witnesses based upon what you have described to the Court?

17        MR. WISE:  Yes, Your Honor.  We don't anticipate any

18   expert witnesses at this point.  We do anticipate calling a

19   forensic accountant from the FBI who we do not believe would

20   need to be qualified as an expert.  What the forensic

21   accountant did was -- it's really, I would say, arithmetic of

22   reviewing various bank records, credit records, other financial

23   records to -- to come up with, and we will provide these in

24   advance of trial, Rule 1006 summary exhibits related to income

25   and expenses that the defendant had from the relevant time

1   period when the COVID-19 financial hardship withdrawals were

2   made.  We will provide those summary exhibits, as the rule

3   provides, in advance of trial.

4        We have provided the underlying documents, as the rule

5   requires, in our Rule 16 discovery, and then that witness would

6   testify to those summary exhibits.  But, again, we don't

7   believe that it's -- while she is a CPA, it's really not --

8   it's not complicated accounting.  It's really an exercise

9   that's sort of adding up the income and the expenses and then

10  summarizing it.

11       THE COURT:  And as to the four days, is that an

12  estimate based upon the government's case in chief, or are you

13  recommending that in terms of the entire trial?  I will

14  obviously hear from the defendant to get their perspective, but

15  what's the government's perspective on the time just to be

16  clear?

17       MR. WISE:  It's the government's case in chief, and

18  that's really -- we don't -- we didn't presume what or if there

19  would be a defense case, and we typically think about

20  cross-examines, and whether it's a good rule of thumb or not,

21  you know, roughly equal to the length that we see of direct

22  exam, and that's how we typically -- I typically work out a

23  prediction which is really the way I have described of the

24  length of trial.

25       THE COURT:  Thank you very much, Mr. Wise.  That's

1  very helpful.

2       Mr. Bolden, will it be you speaking on behalf of the

3  State's Attorney?

4            MR. BOLDEN:  Yes, Your Honor.

5            THE COURT:  Similar question to you, and you are also

6  welcome to respond to anything that Mr. Wise has said, but at

7  this point, the Court is just trying to get a general

8  understanding of where we are.

9       What's your perspective in terms of the exchange of

10  information under Rule 16?  What do you envision in terms of

11  trial from your perspective?  And then we are going to talk in

12  more detail about some of the other issues in the case.  Please

13  go ahead.

14            MR. BOLDEN:  Yes, Your Honor.

15       In regard to Rule 16, I would inquire through the Court

16  of the government as to whether they have, in fact, completed

17  all of their discovery or not.  As I raise this, I am looking

18  at their discovery letter that indicates in writing that,

19  quote, The government will continue to provide additional

20  discovery on a rolling basis.  That would -- I would presume

21  that would include *Brady* material.  We received that on

22  February 17th.

23       On or about February 4th, the government, in the joint

24  status report, indicated that, quote, In the event that the

25  United States obtains additional information that it believes

1   is discoverable, pursuant to Rule 16, it will make it available

2   to the defendant on a rolling basis.

3        Today, the government's position is that they have

4   completed all discovery.  And so I would inquire of the Court

5   just confirmation that the government does not intend to

6   produce any additional information or documents under Rule 16?

7             THE COURT:  Well, Mr. Bolden, I will let Mr. Wise

8   respond when we get back to Mr. Wise, but I think as the Court

9   at least understood that representation, obviously, if

10  additional information becomes available, the government has

11  the obligation to produce it.  The Court understood Mr. Wise's

12  intention to be stating he has produced or the government has

13  produced what they have to date.  But we will let him respond.

14       Before we do that, I'd like to get a response from you

15  about the other issues the Court has to consider from the

16  defendant about the nature of a trial and what you envision?

17            MR. BOLDEN:  Your Honor, I had one other issue

18  regarding the government's production if I may raise a second

19  point?

20            THE COURT:  Go ahead.

21            MR. BOLDEN:  That is, essentially, the government has

22  done a document dump on or about the 17th, and we are looking

23  at -- and we are not done going through it -- up to 17,000

24  pages.  That number is going to grow, and the government has

25  not identified or segmented out, at least not in our opinion,

1   what the *Brady* material is, what their position is on material

2   that they have produced under *Brady*.  I will cite to the *United*

3   *States vs. Blankenship* which is a Fourth Circuit case that

4   would require such a separation or identification.

5           THE COURT:  Okay.  Thank you, Mr. Bolden.

6        What's your view in terms of a potential trial in the

7   case in terms of witnesses and time?

8           MR. BOLDEN:  Your Honor, as we indicated in the joint

9   status report, I could see up to five to ten witnesses, but I

10  am hampered by the fact -- I am hampered by the fact that I

11  have not gotten through all of the discovery and we have just

12  gotten the discovery.

13       I would tell the Court or indicate to the Court I see at

14  least five witnesses, minimal, and as soon as we get through

15  all the discovery, I will certainly put the government on

16  notice as well as this Court what a more defined number would

17  be.

18       But we will be -- anticipate the defense putting on

19  witnesses in this case.

20          THE COURT:  Five to ten at this point.

21       Do you have a sense of whether those witnesses would be

22  primarily fact witnesses or do you anticipate experts at this

23  time?  The Court appreciates your point that you need more time

24  to look at the evidence, but at this point, the --

25          MR. BOLDEN:  Yes, Judge.  I would anticipate at this

1    point at least one financial expert being part of our defense.

2    I could see possibly another expert in regard to the COVID

3    protocols regarding the relief, the 457(b)s and the

4    administration thereof, but there again, I have not gotten

5    through all of the discovery from the government.

6              THE COURT:  Thank you so much, Mr. Bolden.

7         Do you have a thought or an estimate at this point in

8    terms of about how much time you think you might need?  This is

9    early but it does help because if we are going to try to

10   schedule trial, it's helpful to the Court to have an idea of

11   how long we are talking.

12        Do you have a sense of that at this point, Mr. Bolden?

13             MR. BOLDEN:  Judge, I would indicate to you at this

14   early juncture that I would anticipate two to three days of a

15   defense case.

16             THE COURT:  Thank you.  That's very helpful just as a

17   rough estimate.

18        Mr. Wise, before we move forward, do you want to respond

19   more fully to the concerns that Mr. Bolden has raised about the

20   production to date from the government?

21             MR. WISE:  Just briefly, Your Honor.

22        I think Your Honor correctly summarized our position,

23   which is we have made the Rule 16 productions for the material

24   we have.  As we indicated, if we obtain additional information

25   that we believe is discoverable under Rule 16, which often

1   happens when we are coming up to a trial, we will produce it.

2          The one additional item I would note is we do have a --

3   from the City IG the collection of documents that the City IG

4   collected in that investigation, which, if the defense requests

5   it, we can make available in its entirety to them, but we do

6   not believe it's entirely discoverable under Rule 16, but we

7   would certainly offer that if the defense would like it, and we

8   can work with them on the logistics of copying it for them.

9          But that's the only additional piece of information I

10  think we have at this point.  And if we come into possession of

11  additional information, we will certainly provide it promptly.

12          THE COURT:  Thank you, Mr. Wise.

13          Mr. Bolden, anything further on the issue of discovery

14  before we move forward?

15          MR. BOLDEN:  Your Honor, only the two -- only that

16  last issue in regard to the requirement under this circuit to

17  identify specifically *Brady* material as opposed to having us

18  sift through thousands of pages of documents and kind of figure

19  that point out on our own.

20          We would request the government identify what they

21  believe to be *Brady* material, which would shift that

22  examination so that I could put together a more reliable number

23  of witnesses and really the defense case itself.

24          THE COURT:  Thank you so much, Mr. Bolden.

25          Mr. Wise, can the government make -- accommodate this

1  request from the defendant?

2       MR. WISE:  Your Honor, we can certainly look at the

3  case that Mr. Bolden is referring to.  It is not my experience

4  in this district, and I have been here for 12 years, that there

5  is the disclosure that Mr. Bolden is requesting.  And I think

6  the reason for that is because of the fact that the parties are

7  often on opposite sides as to what constitutes exculpatory

8  material or not, and it's really, quite frankly, sort of in the

9  eye of the beholder.

10      And so our practice is generally to make fulsome

11  discovery, as fulsome as possible approaching really open file

12  discovery so that whatever the defense turns out to be, and it

13  often changes, it's often surprising, it's sometimes

14  inconsistent, the defense has all of the requisite information

15  to support its defense without the government having tried to

16  sort of put its -- put its thoughts as to what a defense would

17  be which also then invites the criticism of the government.

18  And I am told if it was this and it didn't tell us it was that,

19  we were therefore prejudiced.

20      So, as I said, I have not seen -- there is a discovery

21  disclosure letter that we use as our standard discovery

22  disclosure letter.  I have never seen one that specifically

23  identifies items as what the government believes is favorable

24  to the defense.  And this is not the case where it would be

25  something that I think, you know, like a eye witness testimony

1  if someone wasn't at the scene of the crime or something is

2  clearly objectively exculpatory.  I haven't seen anything that

3  I would describe as objectively exculpatory.  And what the

4  defense considers, consistent with his theory for his defense,

5  I would have a hard time really predicting given what I have

6  collected so far.

7             THE COURT:  All right.  Thank you, Mr. Wise.

8        Well, the Court would certainly encourage the parties to

9  continue to try to stay in communication and try to address

10 some of these concerns as best that you can as this seems like

11 something that counsel can easily resolve without the Court

12 having to get directly involved and you all are much closer to

13 this case than the Court is at this point.  So I just encourage

14 that communication to continue.  And, of course, any

15 obligations that are disclosed under *Brady vs. Maryland* will

16 remain in place as we move forward.

17       Why don't we move forward to talk a little bit about

18 trial.  It might be helpful at this point to have the Court

19 share some observations about scheduling, and then we can kind

20 of work backwards from there to work through the various issues

21 that we are going to have to address in terms of preparing for

22 any trial in this case.

23       The Court is in receipt of the several pretrial motions

24 from the defense, which, of course, will have to be responded

25 to by the United States, and we are going to need to have a

1    motions hearing on those matters.  That includes a motion to

2    dismiss.  The Court will need to have time to resolve that

3    motion to determine whether we are, in fact, going to trial in

4    this case.  So we are going to need to talk about a schedule to

5    accomplish all of that, but I wanted to provide the parties

6    with some information about the Court's schedule that will

7    hopefully be helpful as we talk about these matters.

8        The Court has looked very carefully at its schedule in

9    the hopes of scheduling a trial in this case if it needs to

10   occur as promptly as possible.  The Court does have other

11   trials on its schedule going into the later part of the spring.

12   The Court wants to suggest to the parties to consider the early

13   part of May, beginning the week of May 2nd, where the Court

14   would have a window of two to two and a half weeks to hopefully

15   schedule a trial.  That would give us time to do jury selection

16   in late April and then proceed to trial promptly in May.

17       And so the Court wants to put those dates out there now

18   for the parties to consider as we now turn to some of the

19   issues we will have to work through before the trial.

20       And the first one, Mr. Bolden, would be a resolution of

21   the three pretrial motions which have been filed by the defense

22   if you would like to briefly address them.  We are not going to

23   argue them today, but just briefly address the motions that

24   have been filed, and then we are going to get a schedule for

25   getting those motions briefed up.

1        Mr. Bolden.

2            MR. BOLDEN:  Yes.  Your Honor, if I may, the

3    government from the date -- from the 18th has two weeks to

4    respond, under the current Court's order, to respond to those

5    motions, and so we have no objection to that.  Our three

6    motions include a motion for a bill of particulars, which is

7    pretty standard in federal court processes vis-a-vis asking the

8    government to tell us more if the case is going to go forward

9    and if the indictment is going to stand, to tell us more about

10   those four charges.  And we have outlined that in that motion.

11   I would expect the government to respond within a couple of

12   weeks to that.

13          In connection to the motion to dismiss, it is very clear

14   our position, and our defense in this case has to do with

15   animus, personal, political, and even racial animus as a basis

16   for selective and vindictive prosecution under Rule 12(b)(3) as

17   well as under various circuits, *U.S. vs. Wilson* in the Fourth

18   Circuit, as well as the Supreme Court that selective and

19   vindictive prosecution is certainly a basis to dismiss the

20   indictment.

21          We have provided the Court with our motion, with our

22   memorandum, and with several exhibits to support these concerns

23   of my client, Ms. Mosby.  And we have emails, we have letters,

24   we have documents, and we even have affidavits from witnesses

25   who are willing to sign their name under penalty of perjury not

1  only alleging to the misconduct of the government in this case,

2  Mr. Wise particularly, and even the U.S. Attorney himself.

3  These are not -- these are viable not just allegations but

4  facts in the case and we would ask the Court to take a close

5  look at what we have submitted as well as what the government

6  submits in response.

7      In regard to the motion to disqualify Mr. Wise, again,

8  given his animus, as outlined in that motion, if the Court is

9  less inclined to dismiss the entire indictment, then in the

10  alternative, we would ask the Court to take a close look at the

11  motion to disqualify Mr. Wise directly.

12      Now, as Your Honor knows, this process, if I can meet the

13  base standard of creating support, if you will, as the cases

14  say, that, in fact, there is enough evidence to make out a

15  claim for personal -- I'm sorry, vindictiveness and selective

16  vindictiveness even based on animus, then the burden shifts to

17  the government to show that they objectively are prosecuting my

18  client.  If they can show that, then, of course, the Court will

19  have to decide one way or the other.

20      That burden, wrapped up in the motion to dismiss the

21  indictment, includes the disqualification of Mr. Wise as the

22  lead prosecutor based on animus.

23      And so, in summary, those are the three motions before

24  the Court, and we would seek whatever we are doing from a

25  motions standpoint as well as trial decisions sooner than

1  later, in all due respect to the Court, of course, and its

2  other calendar, because the government has brought these

3  indictments four plus months out from Ms. Mosby's re-election

4  campaign.

5      While I am very sensitive to people who are incarcerated,

6  I am also sensitive that the -- that the -- when we try this

7  case, hopefully before June 28th, the election, that this

8  indictment hanging over my client's head, in effect, would put

9  a thumb on the scales of those who would vote for her or

10  against her, and it is our goal to get this case resolved,

11  good, bad, or ugly, before the election date.

12      And so, Your Honor, I have nothing further in regard to

13  that summary.

14      THE COURT:  Thank you so very much, Mr. Bolden.  That

15  was very helpful.

16      Mr. Wise, certainly feel free to respond to anything

17  Mr. Bolden has said, but the particular question from the Court

18  will be:  When will the government be prepared to provide a

19  response to these motions?  I'd like to include that in a new

20  order that will also set forth our schedule for proceeding to

21  trial.  So can you share that, and also if you want to respond

22  to anything that Mr. Bolden has said, you're welcome to do so

23  at this time.

24      MR. WISE:  Thank you, Your Honor.

25      Briefly, Mr. Bolden's observations are meritless.  They

1  have always been meritless.  They are unmoored from fact or law

2  or even logic.  This prosecution proceeded with the highest

3  level of professionalism on the part of the IRS, the FBI, the

4  Tax Division of the United States Department of Justice, the

5  United States Attorney's Office.  I have been subject to

6  Mr. Bolden's personal attacks for about a year now.  I

7  understand that's part of the job.  And we will respond

8  forcefully to these baseless accusations.

9       In the status report, I think we indicated that we could

10  respond I think by the 4th, I believe, with then a -- a reply

11  by the 18th.  I think in light of the schedule we are talking

12  about, I would ask for an additional week on our response,

13  which is March 4th to March the 11th.

14       THE COURT:  March 11, Mr. Wise, just to be clear?

15  You kind of faded out.  I didn't hear the last part of what you

16  were saying.  Repeat that, please.

17       MR. WISE:  Sure.  If we are talking about a trial in

18  early May, we would ask for an additional week just to March

19  the 11th on the response.  We had indicated -- we had agreed to

20  the standard two weeks under the Court's local rules, but in

21  light of the date we are talking about, I think an additional

22  week would be appreciated, and then whether the defense wants

23  an additional week on their reply, we certainly wouldn't

24  object.

25       THE COURT:  Do you propose that the government will

1  respond in a consolidated response to all three motions?  Just

2  to be clear, there was also a motion for a bill of particulars,

3  really a separate issue from the other two?

4         MR. WISE:  Yes, Your Honor.  We would reply -- we can

5  reply to all three by the 11th.

6         THE COURT:  So the government proposes getting a

7  consolidated response to all three of the pending pretrial

8  motions filed by the defense by March 11th, 2022.

9       Mr. Bolden, could we give you another week and could you

10 get your reply in by March 25th?

11        MR. BOLDEN:  Your Honor, if not before March 25th,

12 yes.

13        THE COURT:  Earlier is always appreciated.  The Court

14 wants to be very careful to consider all of the papers -- we

15 are going to have a hearing on it -- but the sooner the Court

16 gets it, the quicker we can have that hearing and we can see

17 where we are.

18        MR. BOLDEN:  Yes, Your Honor.

19        THE COURT:  So based on what the parties are saying,

20 again, the United States will provide a response to the three

21 pending pretrial motions by March 11, 2022.  Mr. Bolden and the

22 defense will provide their reply by March 25th.  And I'd like

23 to go ahead and set a motions hearing for that.  If everyone

24 wants to pull up their calendars, we are probably looking at

25 the early part of April so that we can address these motions,

1   and, obviously, the motion to dismiss will impact, you know,

2   what our next steps are.

3        So having the papers coming in by March 25th,

4   realistically, I am looking at the Court's calendar, the Court

5   wants to propose Thursday, April 14th, for a motions hearing at

6   two p.m.  Typically, that would be here at the courthouse.  We

7   can talk about if there are any concerns about coming in closer

8   to time.

9        Is there any objection to Thursday, April 14 from the

10  government?

11       MR. WISE:  This is Mr. Wise, Your Honor.  I am

12  available.  I am not in the same room as my co-counsel.

13  Perhaps Mr. Delaney and Mr. Zelinsky can indicate if they are

14  available on that date.

15       MR. DELANEY:  This is Sean Delaney.  No objection.

16       MR. ZELINSKY:  This is Aaron Zelinsky.  No objection.

17       THE COURT:  Mr. Bolden and your team, April 14th?

18       MR. BOLDEN:  Your Honor, I am available on April

19  14th.  I have got one of my co-counsel here with me and so we

20  are -- he's available as well.  And Your Honor, may I inquire

21  as to whether my client need be present for those oral

22  arguments?

23       THE COURT:  For motions hearings, she does not have

24  to be present, but she's always welcome.

25       MR. BOLDEN:  Thank you.

1          THE COURT:  And, again, we will plan for that being

2     here at the courthouse in Baltimore in person on that date, and

3     the Court will consult with the parties closer to time if there

4     are any concerns related to the pandemic in terms of how we

5     might want to proceed, but we will plan on doing that in

6     person.

7          And at that time, the Court would also like to have

8     essentially our first pretrial status conference.  At that

9     point, we can also address next steps, which I think will be a

10    lot clearer once the Court hopefully resolves the pending

11    motions at that time.  All right.  That will take us through

12    April 14.

13         Let's talk about a trial date.  The Court wants to

14    propose possibly starting trial on May 2nd, carrying over

15    through the 13th.  It sounds like it would be necessary based

16    on what the Court is hearing thus far.  I want to get input

17    from the parties.  Mr. Wise, what are your thoughts starting on

18    May 2nd?  That means we are going to have to do jury selection

19    on April 28th.

20         MR. WISE:  Your Honor, I believe I have spoken with

21    co-counsel about April and May.  I believe we are available

22    starting May the 2nd.

23         Does Your Honor intend to sit on Fridays?  I only ask

24    that because I have something on the 13th which would be the

25    very tail end of that last day of that two-week period?

1          THE COURT:  Customarily, the Court does not sit on

2     Fridays.  The Court, depending on where we are, assesses the

3     time.  You know, we may make that decision from the bench, but

4     typically we would not sit on Fridays, so that shouldn't be an

5     issue at this point.  But, again, obviously, we want to get

6     this done.  The Court has another trial early June so we are

7     going to have to really push to get this completed during the

8     first half of May.

9          MR. WISE:  Understood, Your Honor.  We are available

10    for those first two weeks.

11         THE COURT:  Let's hear from Mr. Bolden.  Mr. Bolden,

12    May 2?

13         MR. BOLDEN:  Yes, Your Honor.  I have consulted with

14    my client and she's available and my team is available on May

15    2nd, as well as participate in jury selection on April 28th.

16         THE COURT:  Excellent.  So we are going to schedule

17    trial for May the 2nd, which is a Monday, at 9:30 a.m.  That

18    will be held in my courtroom, Room 5B, at the courthouse here

19    in Baltimore.  Jury selection will begin on Thursday, April

20    28th.  If necessary, we can carry over to Friday, April 29th.

21    I would invite counsel to hold both of those dates.  Sometimes

22    it is necessary, quite frankly, to take more than one day to

23    select the jury, so I'd like to have both days available for

24    counsel to complete that so we can start on time on May the

25    2nd.

1          The Court, right now, is going to assume we are going to

2    go two weeks with Fridays off, and we will talk about that as

3    well once we get closer to trial and have a better feel for how

4    the trial is going to look.

5          Backing out from May 2nd, we need to schedule time for my

6    motions in limine to be filed and resolved.  The Court recalls

7    from the government's pretrial -- I'm sorry, the filing the

8    status report the government intends to file a motion in

9    limine.  Is that correct, Mr. Wise?

10         MR. WISE:  It does, Your Honor, to preclude, as I

11   mentioned, the sorts of personal attacks that Mr. Bolden makes

12   and continues to make.

13         THE COURT:  Are you planning on filing that in

14   connection with the response to the pretrial motions or

15   separately?

16         MR. WISE:  We would file it separately, Your Honor.

17   I think we would like to reserve the ability to file it after

18   we see the defense reply, that's where we expect to see more of

19   this, and so I think to see it kind of comprehensively and then

20   be able to address it after that would be our request.

21         THE COURT:  All right.  Well, replies are coming in

22   March 25.  I'd like to at least have some dates on here and we

23   can adjust them if necessary so we have a schedule.  So

24   assuming you are going to get the reply brief on the 25th of

25   March, when do you think you'd be ready to get in any motion in

1  limine?

2          MR. WISE:  Your Honor, I think we could get it in --

3  I think one week would probably be enough time for us, so if we

4  could get it in on April the 4th.

5          THE COURT:  April the 4th is a Monday.  All right.

6  Let me just check with Mr. Bolden because I am going to do all

7  the motions together.

8          Any motions in limine from the defense?

9          MR. BOLDEN:  Judge, as we indicated in the status

10  report, we are still going through the Rule 16 production, and

11  I am not in a position to say what the in limine would be.  I

12  will say this, that we will be strenuously objecting to the

13  terminology of personal attacks because everything that we have

14  drafted, we verify in writing with documents to substantiate

15  it, but I can assure the Court that as quickly as we can get

16  through this Rule 16 discovery we have received, I can advise

17  the government and I can certainly advise the Court of what

18  motions in limine we anticipate providing.

19          THE COURT:  Very good.  Thank you, Mr. Bolden.

20          For now, for our purposes, the Court is going to set a

21  deadline of April 4th for any motions in limine from either

22  side and any responses thereto by April 18 so we stay within

23  the window of our schedule to get ready for trial.  And also we

24  will include an opportunity for the parties to file a joint

25  status report if they have any updates regarding motions they

1  anticipate filing.

2        The last item on our agenda is when we are going to get

3  proposed voir dire and jury instructions, et cetera, from the

4  parties.

5        Again, working backwards with jury selection on April

6  28th, Mr. Wise, any recommendation for when we can have that

7  in?

8              MR. WISE:  Whatever Your Honor's preference is, we

9  are happy to accommodate.  This is our first time appearing

10 before you, which we are looking forward to, but whatever Your

11 Honor's preference is, we can accommodate in terms of voir dire

12 and jury instructions.

13             THE COURT:  Okay.  Let's hear from Mr. Bolden, same

14 question.

15             MR. BOLDEN:  Your Honor, whatever your pleasure is.

16 I am not sure what you would normally -- what time frame you

17 would normally be comfortable with.  Maybe if you propose a

18 date to both sides, we can kind of fall in and check our

19 schedules.

20             THE COURT:  Okay.  Well, the Court anticipates we are

21 going to have some discussion -- have some issues with the jury

22 instructions.  Maybe the Court will be wrong about that.  We

23 are going to do jury selection starting April 28th, so I would

24 like to get them in early so we can work through any issues.

25 Let's see.  With motion in limine coming in April the 4th, I am

1   going to say we probably need to do it before then.  I am going

2   to propose April 4th, frankly, and just see where we are

3   because I do anticipate we might have some issues with the

4   instructions and we really need to be able to go on the 28th to

5   make the schedule work for all of us and to hopefully get

6   through the trial the first couple weeks in May.  So I am going

7   to say April 4th for now.  We will have chances to come back

8   together between now and then and we can talk about the

9   schedule if necessary.  I am just anticipating some issues,

10  quite frankly.

11       Just to recap, what the Court has in its notes in terms

12  of our path forward, we are going to get a response from the

13  government to the various motions filed by the defense by March

14  11th and the defense will file their reply brief on March 25.

15  Those issues will be fully briefed and the Court will address

16  them at a pretrial hearing on the motions scheduled for April

17  14th, 2022, at two p.m. here at the courthouse.  We are going

18  to get new motions in limine in which will actually be coming

19  in before that hearing beginning on April 4th; responses, April

20  18th.

21       The Court is going to ask the parties to get any proposed

22  voir dire, jury instructions, et cetera, in by April 4th, so,

23  again, we will have all the information and be able to use our

24  hearing on April 14th to address those issues as necessary

25  because that will be the most constructive way of seeing where

1   we are.

2        We will have the final pretrial status conference

3   probably either April 27th or 28th right when we are doing jury

4   instructions -- I'm sorry, right before we select the jury, and

5   then we will start the trial on May 2nd at 9:30.

6        Again, I am going to schedule the final pretrial status

7   conference for April 27th right before we go and select the

8   jury.

9        All right.  Are there any questions or concerns about the

10  schedule at this time from the perspective of the United

11  States, Mr. Wise?

12            MR. WISE:  No, Your Honor.  Thank you.

13            THE COURT:  Any concerns or questions from the

14  perspective of the defendant, Mr. Bolden?

15            MR. BOLDEN:  No, Your Honor.  Thank you.

16            THE COURT:  Then the Court will issue a scheduling

17  order consistent with our discussion today shortly, which we

18  will hopefully be able to adhere to so we can move promptly to

19  trial.

20        That concludes all of the issues that the Court had

21  identified that we need to discuss today.

22        At this time, the Court will invite Mr. Wise to indicate

23  whether there are any other issues that he would like to

24  discuss on behalf of the United States?

25            MR. WISE:  Nothing on behalf of the United States,

1   Your Honor.  Thank you.

2          THE COURT:  Thank you very much, Mr. Wise.

3      Mr. Bolden, anything further on behalf of the defense?

4          MR. BOLDEN:  No, Your Honor.  Nothing further.

5          THE COURT:  The Court thanks counsel for their time.

6   It's been a very productive discussion today.  The Court's

7   order will be forthcoming shortly, and the Court looks forward

8   to hearing from the parties beginning during the middle of

9   March.

10         With that, we are adjourned.  Have a good day.

11         (The proceedings were concluded at 11:40 a.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3          I, Renee A. Ewing, an Official Court Reporter for

4    the United States District Court for the District of Maryland,

5    do hereby certify that the foregoing is a true and correct

6    transcript of the stenographically reported proceedings taken

7    on the date and time previously stated in the above matter;

8    that the testimony of witnesses and statements of the parties

9    were correctly recorded in machine shorthand by me and

10   thereafter transcribed under my supervision with computer-aided

11   transcription to the best of my ability; and that I am neither

12   of counsel nor kin to any party in said action, nor interested

13   in the outcome thereof.

14

15                    Renee A  Ewing
16
                      Renee A. Ewing, RPR, RMR, CRR
17                    Official Court Reporter
                      March 25, 2022
18

19

20

21

22

23

24

25

## 1

**1006** [1] - 7:24
**1014** [1] - 2:14
**11** [2] - 20:14, 21:21
**1100** [1] - 1:21
**11:01** - 1:10
**11:40** [1] - 30:11
**11th** [5] - 20:13, 20:19, 21:5, 21:8, 28:14
**12** [1] - 14:4
**12(b)(3** [1] - 17:16
**1301** [1] - 1:21
**13th** [3] - 2:16, 23:15, 23:24
**14** [2] - 22:9, 23:12
**14th** [5] - 22:5, 22:17, 22:19, 28:17, 28:24
**15** [1] - 3:5
**16** [15] - 2:25, 5:19, 5:20, 5:22, 6:18, 8:5, 9:10, 9:15, 10:1, 10:6, 12:23, 12:25, 13:6, 26:10, 26:16
**1621** [1] - 2:12
**17,000** [1] - 10:23
**1746** [1] - 2:12
**17th** [2] - 9:22, 10:22
**18** [3] - 2:12, 2:13, 26:22
**18th** [5] - 2:21, 3:7, 17:3, 20:11, 28:20

## 2

**2** [1] - 24:12
**20005** [1] - 1:21
**202** [1] - 1:22
**2022** [7] - 1:10, 2:18, 2:21, 21:8, 21:21, 28:17, 31:17
**209-4909** [1] - 1:16
**21201** [1] - 1:19
**22-007** [1] - 2:10
**23** [1] - 1:10
**25** [3] - 25:22, 28:14, 31:17
**25th** [5] - 21:10, 21:11, 21:22, 22:3, 25:24
**27th** [2] - 29:3, 29:7
**28th** [8] - 19:7, 23:19, 24:15, 24:20, 27:6, 27:23, 28:4, 29:3
**29th** [1] - 24:20
**2nd** [9] - 16:13, 23:14, 23:18, 23:22, 24:15, 24:17, 24:25, 25:5, 29:5

## 3

**301** [1] - 1:24
**344-3227** [1] - 1:24
**36** [1] - 1:15

## 4

**410** [1] - 1:16
**419-9200** [1] - 1:22
**457(b)s** [1] - 12:3
**4th** [12] - 2:18, 9:23, 20:10, 20:13, 26:4, 26:5, 26:21, 27:25, 28:2, 28:7, 28:19, 28:22

## 5

**5B** [1] - 24:18

## 9

**9:30** [2] - 24:17, 29:5

## A

**A.M** [1] - 1:10
**a.m** [2] - 24:17, 30:11
**Aaron** [2] - 4:6, 22:16
**AARON** [1] - 1:14
**ability** [2] - 25:17, 31:11
**able** [4] - 25:20, 28:4, 28:23, 29:18
**accommodate** [3] - 13:25, 27:9, 27:11
**accomplish** [1] - 16:5
**according** [2] - 5:14
**accountant** [2] - 7:19, 7:21
**accounting** [1] - 8:8
**accusations** [1] - 20:8
**Act** [1] - 5:6
**Action** [1] - 2:9
**action** [1] - 31:12
**adding** [1] - 8:9
**additional** [2] - 9:19, 9:25, 10:6, 10:10, 12:24, 13:2, 13:9, 13:11, 20:12, 20:18, 20:21, 20:23
**address** [9] - 15:9, 15:21, 16:22, 16:23, 21:25, 23:9, 25:20, 28:15, 28:24
**adhere** [1] - 29:18
**adjourned** [1] - 30:10
**adjust** [1] - 25:23
**administer** [1] - 3:17

**administration** [1] - 12:4
**advance** [2] - 7:24, 8:3
**advise** [2] - 26:16, 26:17
**affidavits** [1] - 17:24
**agenda** [1] - 27:2
**agreed** [1] - 20:19
**agreement** [1] - 7:7
**ahead** [3] - 9:13, 10:20, 21:23
**AIDED** [1] - 1:25
**aided** [1] - 31:10
**ALAN** [1] - 1:18
**allegations** [1] - 18:3
**alleging** [1] - 18:1
**allowed** [1] - 5:6
**alternative** [1] - 18:10
**America** [1] - 4:4
**AMERICA** [1] - 1:4
**animus** [2] - 17:15, 18:8, 18:16, 18:22
**Anthony** [1] - 4:12
**ANTHONY** [1] - 1:20
**anticipate** [9] - 7:17, 7:18, 11:18, 11:22, 11:25, 12:14, 26:18, 27:1, 28:3
**anticipates** [2] - 3:5, 27:20
**anticipating** [1] - 28:9
**appearing** [1] - 27:9
**application** [2] - 2:13, 7:11
**applications** [1] - 5:9
**appreciated** [2] - 20:22, 21:13
**appreciates** [1] - 11:23
**approaching** [1] - 14:11
**April** [29] - 2:21, 16:16, 21:25, 22:5, 22:9, 22:17, 22:18, 23:12, 23:19, 23:21, 24:15, 24:19, 24:20, 26:4, 26:5, 26:21, 26:22, 27:5, 27:23, 27:25, 28:2, 28:7, 28:16, 28:19, 28:22, 28:24, 29:3, 29:7
**argue** [1] - 16:23
**arguments** [1] - 22:22
**arithmetic** [1] - 7:21
**arraigned** [1] - 2:18
**arranging** [1] - 3:25
**assesses** [1] - 24:2
**assume** [1] - 25:1
**assuming** [1] - 25:24
**assure** [1] - 26:15

**attacks** [1] - 20:6, 25:11, 26:13
**ATTORNEY** [1] - 1:13
**Attorney** [5] - 2:7, 2:18, 4:1, 4:16, 9:3, 18:2
**Attorney's** [1] - 20:5
**available** [12] - 10:1, 10:10, 13:5, 22:12, 22:14, 22:18, 22:20, 23:21, 24:9, 24:14, 24:23

## B

**backing** [1] - 25:5
**backwards** [2] - 15:20, 27:5
**bad** [1] - 19:11
**Baltimore** [4] - 1:15, 5:5, 23:2, 24:19
**bank** [1] - 7:22
**base** [1] - 18:13
**based** [7] - 7:9, 7:16, 8:12, 18:16, 18:22, 21:19, 23:15
**baseless** [1] - 20:8
**basis** [4] - 9:20, 10:2, 17:15, 17:19
**becomes** [1] - 10:10
**BEFORE** [1] - 1:9
**begin** [1] - 24:19
**beginning** [5] - 4:22, 5:3, 16:13, 28:19, 30:8
**behalf** [6] - 4:11, 6:14, 9:2, 29:24, 29:25, 30:3
**beholder** [1] - 14:9
**believes** [2] - 9:25, 14:23
**bench** [1] - 24:3
**best** [2] - 15:10, 31:11
**better** [1] - 25:3
**between** [1] - 28:8
**bill** [3] - 3:9, 17:6, 21:2
**bit** [2] - 6:20, 15:17
**Blankenship** [1] - 11:3
**BOLDEN** [21] - 1:18, 4:10, 6:5, 9:4, 9:14, 10:17, 10:21, 11:8, 11:25, 12:13, 13:15, 17:2, 21:11, 21:18, 22:18, 22:25, 24:13, 26:9, 27:15, 29:15, 30:4
**Bolden** [28] - 4:11, 6:14, 9:2, 10:7, 11:5, 12:6, 12:12, 12:19, 13:13, 13:24, 14:3,

14:5, 16:20, 17:1, 19:14, 19:17, 19:22, 21:9, 21:21, 22:17, 24:11, 25:11, 26:6, 26:19, 27:13, 29:14, 30:3
**Bolden's** [2] - 19:25, 20:6
**Brady** [6] - 9:21, 11:1, 11:2, 13:17, 13:21, 15:15
**brief** [3] - 4:24, 25:24, 28:14
**briefed** [2] - 16:25, 28:15
**briefly** [4] - 12:21, 16:22, 16:23, 19:25
**brought** [1] - 19:2
**burden** [2] - 18:16, 18:20
**BY** [8] - 1:13, 1:14, 1:14, 1:18, 1:19, 1:19, 1:20, 1:20

## C

**calendar** [2] - 19:2, 22:4
**calendars** [1] - 21:24
**campaign** [1] - 19:4
**careful** [1] - 21:14
**carefully** [1] - 16:8
**CARES** [1] - 5:6
**carry** [1] - 24:20
**carrying** [1] - 23:14
**case** [26] - 2:2, 2:15, 3:2, 3:22, 4:25, 8:12, 8:17, 8:19, 9:12, 11:3, 11:7, 11:19, 12:15, 13:23, 14:3, 14:24, 15:13, 15:22, 16:4, 16:9, 17:8, 17:14, 18:1, 18:4, 19:7, 19:10
**cases** [1] - 18:13
**category** [1] - 5:22
**certainly** [9] - 11:15, 13:7, 13:11, 14:2, 15:8, 17:19, 19:16, 20:23, 26:17
**certify** [1] - 31:5
**cetera** [2] - 27:3, 28:22
**chances** [1] - 28:7
**changes** [1] - 14:13
**charges** [3] - 4:25, 5:3, 17:10
**Charles** [1] - 1:15
**check** [2] - 26:6, 27:18
**chief** [2] - 8:12, 8:17
**Circuit** [2] - 11:3,

17:18
**circuit** [1] - 13:16
**circuits** [1] - 17:17
**cite** [1] - 11:2
**City** [3] - 5:5, 13:3
**claim** [1] - 18:15
**clear** [4] - 8:16, 17:13, 20:14, 21:2
**clearer** [1] - 23:10
**clearly** [1] - 15:2
**clerk** [1] - 2:1
**CLERK** [1] - 2:3
**client** [4] - 17:23, 18:18, 22:21, 24:14
**client's** [1] - 19:8
**close** [2] - 18:4, 18:10
**closer** [4] - 15:12, 22:7, 23:3, 25:3
**co** [5] - 4:8, 4:15, 22:12, 22:19, 23:21
**co-counsel** [4] - 4:8, 4:15, 22:12, 22:19, 23:21
**collected** [2] - 13:4, 15:6
**collection** [1] - 13:3
**comfortable** [1] - 27:17
**coming** [6] - 13:1, 22:3, 22:7, 25:21, 27:25, 28:18
**communication** [3] - 6:11, 15:9, 15:14
**companies** [2] - 7:1, 7:3
**company** [3] - 5:13, 7:6
**compensation** [1] - 5:5
**complete** [1] - 24:24
**completed** [5] - 2:24, 5:16, 9:16, 10:4, 24:7
**complicated** [1] - 8:8
**comprehensively** [1] - 25:19
**COMPUTER** [1] - 1:25
**computer** [1] - 31:10
**COMPUTER-AIDED** [1] - 1:25
**computer-aided** [1] - 31:10
**concerning** [1] - 5:11
**concerns** [7] - 12:19, 15:10, 17:22, 22:7, 23:4, 29:9, 29:13
**concluded** [1] - 30:11
**concludes** [1] - 29:20
**conference** [4] - 3:25, 23:8, 29:2, 29:7

**confirmation** [1] - 10:5
**connection** [2] - 17:13, 25:14
**consider** [4] - 10:15, 16:12, 16:18, 21:14
**considering** [1] - 7:14
**considers** [1] - 15:4
**consistent** [2] - 5:20, 15:4, 29:17
**consolidated** [2] - 21:1, 21:7
**constitutes** [1] - 14:7
**constructive** [1] - 28:25
**consult** [1] - 23:3
**consulted** [1] - 24:13
**continue** [4] - 6:11, 9:19, 15:9, 15:14
**continues** [1] - 25:12
**conversation** [1] - 4:25
**copying** [1] - 13:8
**correct** [3] - 5:17, 25:9, 31:5
**correctly** [2] - 12:22, 31:9
**Counsel** [1] - 6:6
**counsel** [17] - 2:7, 3:9, 3:11, 3:24, 4:3, 4:8, 4:9, 4:15, 15:11, 22:12, 22:19, 23:21, 24:21, 24:24, 30:5, 31:12
**count** [1] - 2:17
**counts** [4] - 2:11, 2:12, 2:19, 5:4
**couple** [2] - 17:11, 28:6
**course** [6] - 4:22, 6:10, 15:14, 15:24, 18:18, 19:1
**COURT** [45] - 1:1, 1:23, 2:1, 2:6, 4:7, 4:14, 4:18, 4:21, 5:14, 6:6, 7:14, 8:11, 8:25, 9:5, 10:7, 10:20, 11:5, 11:20, 12:6, 12:16, 13:12, 13:24, 15:7, 19:14, 20:14, 20:25, 21:6, 21:13, 21:19, 22:17, 22:23, 23:1, 24:1, 24:11, 24:16, 25:13, 25:21, 26:5, 26:19, 27:13, 27:20, 29:13, 29:16, 30:2, 30:5
**Court** [5] - 2:3, 2:9, 3:10, 3:12, 3:13, 3:17, 3:24, 4:15,

4:22, 5:15, 6:6, 6:7, 6:10, 6:17, 7:16, 9:7, 9:15, 10:4, 10:8, 10:11, 10:15, 11:13, 11:16, 11:23, 12:10, 15:8, 15:11, 15:13, 15:18, 15:23, 16:2, 16:8, 16:10, 16:12, 16:13, 16:17, 17:18, 17:21, 18:4, 18:8, 18:10, 18:18, 18:24, 19:1, 19:17, 21:13, 21:15, 22:4, 23:3, 23:7, 23:10, 23:13, 23:16, 24:1, 24:2, 24:6, 25:1, 25:6, 26:15, 26:17, 26:20, 27:20, 27:22, 28:11, 28:15, 28:21, 29:16, 29:20, 29:22, 30:5, 30:7, 31:3, 31:4, 31:17
**court** [3] - 2:7, 3:14, 17:7
**Court's** [10] - 2:23, 3:19, 5:21, 5:25, 6:4, 16:6, 17:4, 20:20, 22:4, 30:6
**courthouse** [4] - 22:6, 23:2, 24:18, 28:17
**courtroom** [1] - 24:18
**COVID** [1] - 12:2
**COVID-19** [4] - 5:8, 7:4, 7:10, 8:1
**CPA** [1] - 8:7
**creating** [1] - 18:13
**credit** [1] - 7:22
**crime** [1] - 15:1
**Criminal** [2] - 2:9, 2:25
**CRIMINAL** [1] - 1:4
**criminal** [2] - 5:21, 6:1
**criticism** [1] - 14:17
**cross** [1] - 8:20
**cross-examines** [1] - 8:20
**CRR** [2] - 1:24, 31:16
**current** [1] - 17:4
**customarily** [1] - 24:1

**D**

**date** [10] - 10:13, 12:20, 17:3, 19:11, 20:21, 22:14, 23:2, 23:13, 27:18, 31:7
**dates** [3] - 16:17, 24:21, 25:22
**days** [4] - 7:13, 8:11, 12:14, 24:23
**DC** [1] - 1:21

**deadline** [1] - 26:21
**debt** [1] - 5:11
**decide** [1] - 18:19
**decision** [1] - 24:3
**decisions** [1] - 18:25
**defendant** [12] - 2:17, 3:5, 3:7, 4:9, 6:15, 7:6, 7:25, 8:14, 10:2, 10:16, 14:1, 29:14
**Defendant** [1] - 1:8
**DEFENDANT** [2] - 1:17, 4:17
**defendants** [1] - 4:13
**defense** [25] - 8:19, 11:18, 12:1, 12:15, 13:4, 13:7, 13:23, 14:12, 14:14, 14:15, 14:16, 14:24, 15:4, 15:24, 16:21, 17:14, 20:22, 21:8, 21:22, 25:18, 26:8, 28:13, 28:14, 30:3
**deferred** [1] - 5:5
**defined** [1] - 11:16
**DELANEY** [2] - 1:14, 22:15
**Delaney** [3] - 4:6, 22:13, 22:15
**Department** [1] - 20:4
**describe** [1] - 15:3
**described** [2] - 7:16, 8:23
**detail** [1] - 9:12
**determine** [1] - 16:3
**different** [1] - 7:1
**dire** [3] - 27:3, 27:11, 28:22
**direct** [1] - 8:21
**directly** [2] - 15:12, 18:11
**disclosed** [1] - 15:15
**disclosure** [3] - 14:5, 14:21, 14:22
**disclosures** [2] - 5:16, 6:12
**discoverable** [3] - 10:1, 12:25, 13:6
**discovery** [24] - 2:24, 5:19, 5:21, 5:22, 5:24, 6:1, 6:2, 6:4, 6:10, 8:5, 9:17, 9:18, 9:20, 10:4, 11:11, 11:12, 11:15, 12:5, 13:13, 14:11, 14:12, 14:20, 14:21, 26:16
**discuss** [2] - 29:21, 29:24
**discussion** [3] - 27:21, 29:17, 30:6
**dismiss** [7] - 3:8, 16:2,

17:13, 17:19, 18:9, 18:20, 22:1
**disqualification** [1] - 18:21
**disqualify** [3] - 3:9, 18:7, 18:11
**DISTRICT** [3] - 1:1, 1:2, 1:10
**District** [4] - 2:3, 2:4, 31:4
**district** [1] - 14:4
**DIVISION** [1] - 1:3
**Division** [1] - 20:4
**document** [1] - 10:22
**documents** [6] - 8:4, 10:6, 13:3, 13:18, 17:24, 26:14
**done** [3] - 10:22, 10:23, 24:6
**drafted** [1] - 26:14
**due** [1] - 19:1
**dump** [1] - 10:22
**during** [2] - 24:7, 30:8
**duty** [2] - 3:17, 3:20

**E**

**early** [7] - 12:9, 12:14, 16:12, 20:18, 21:25, 24:6, 27:24
**easily** [1] - 15:11
**East** [1] - 1:21
**effect** [1] - 19:8
**either** [3] - 7:2, 26:21, 29:3
**election** [3] - 19:3, 19:7, 19:11
**emails** [1] - 17:23
**encourage** [3] - 6:10, 15:8, 15:13
**end** [1] - 23:25
**entered** [1] - 7:6
**entire** [2] - 8:13, 18:9
**entirely** [1] - 13:6
**entirety** [1] - 13:5
**envision** [2] - 9:10, 10:16
**envisions** [1] - 6:18
**equal** [2] - 3:18, 8:21
**ESQUIRE** [8] - 1:13, 1:14, 1:14, 1:18, 1:19, 1:19, 1:20, 1:20
**essentially** [2] - 10:21, 23:8
**estimate** [3] - 8:12, 12:7, 12:17
**et** [2] - 27:3, 28:22
**event** [1] - 9:24
**evidence** [2] - 11:24,

18:14
**Ewing** [4] - 1:24, 31:3, 31:15, 31:16
**exam** [1] - 8:22
**examination** [1] - 13:22
**examines** [1] - 8:20
**excellent** [1] - 24:16
**exchange** [1] - 9:9
**exculpatory** [3] - 14:7, 15:2, 15:3
**exercise** [1] - 8:8
**exhibits** [4] - 7:24, 8:2, 8:6, 17:22
**expect** [3] - 6:3, 17:11, 25:18
**expected** [2] - 3:21, 6:2
**expenses** [2] - 7:25, 8:9
**experience** [1] - 14:3
**expert** [5] - 7:14, 7:18, 7:20, 12:1, 12:2
**experts** [1] - 11:22
**extraordinary** [1] - 5:6
**eye** [2] - 14:9, 14:25

**F**

**facilitate** [1] - 6:13
**facing** [1] - 5:7
**fact** [9] - 7:15, 9:16, 11:10, 11:22, 14:6, 16:3, 18:14, 20:1
**facts** [1] - 18:4
**faded** [1] - 20:15
**faithfully** [1] - 3:19
**fall** [1] - 27:18
**false** [2] - 2:12, 5:10
**far** [2] - 15:6, 23:16
**favorable** [1] - 14:23
**FBI** [2] - 7:19, 20:3
**FEBRUARY** [1] - 1:10
**February** [5] - 2:18, 2:21, 3:7, 9:22, 9:23
**federal** [1] - 17:7
**Federal** [1] - 2:25
**few** [1] - 6:15
**figure** [1] - 13:18
**file** [7] - 3:2, 14:11, 25:8, 25:16, 25:17, 26:24, 28:14
**filed** [6] - 3:7, 16:21, 16:24, 21:8, 25:6, 28:13
**filing** [3] - 25:7, 25:13, 27:1
**filings** [1] - 3:10
**final** [2] - 29:2, 29:6
**financial** [2] - 5:7, 7:4,

7:22, 8:1, 12:1
**first** [6] - 16:20, 23:8, 24:8, 24:10, 27:9, 28:6
**five** [4] - 3:6, 11:9, 11:14, 11:20
**flesh** [2] - 6:15, 6:20
**Floor** [1] - 1:15
**Florida** [2] - 5:9, 6:25
**focus** [1] - 5:4
**follows** [2] - 2:16, 6:1
**FOR** [3] - 1:2, 1:12, 1:17
**forcefully** [1] - 20:8
**foregoing** [1] - 31:5
**forensic** [2] - 7:19, 7:20
**formal** [2] - 3:11, 4:2
**forth** [1] - 19:20
**forthcoming** [1] - 30:7
**forward** [10] - 5:1, 6:12, 12:18, 13:14, 15:16, 15:17, 17:8, 27:10, 28:12, 30:7
**four** [8] - 2:17, 2:19, 3:4, 6:18, 7:13, 8:11, 17:10, 19:3
**four-count** [1] - 2:17
**four-day** [2] - 3:4, 6:18
**Fourth** [3] - 1:15, 11:3, 17:17
**frame** [1] - 27:16
**frames** [1] - 6:3
**frankly** [4] - 14:8, 24:22, 28:2, 28:10
**free** [1] - 19:16
**Friday** [1] - 14:20
**Fridays** [4] - 23:23, 24:2, 24:4, 25:2
**fully** [2] - 12:19, 28:15
**fulsome** [2] - 14:10, 14:11

**G**

**general** [1] - 9:7
**generally** [1] - 14:10
**given** [2] - 15:5, 18:8
**goal** [1] - 19:10
**government** [33] - 3:2, 4:19, 6:17, 9:16, 9:19, 9:23, 10:5, 10:10, 10:12, 10:21, 10:24, 11:15, 12:5, 12:20, 13:20, 13:25, 14:15, 14:17, 14:23, 17:3, 17:8, 17:11, 18:1, 18:5, 18:17, 19:2, 19:18, 20:25, 21:6, 22:10, 25:8,

26:17, 28:13
**government's** [8] - 5:15, 6:16, 8:12, 8:15, 8:17, 10:3, 10:18, 25:7
**grand** [1] - 2:16
**GREENBELT** [1] - 1:11
**Griggsby** [1] - 2:5
**GRIGGSBY** [1] - 1:9
**grow** [1] - 10:24
**guilty** [1] - 2:19

**H**

**half** [2] - 16:14, 24:8
**hampered** [2] - 11:10
**hanging** [1] - 19:8
**happy** [1] - 27:9
**hard** [1] - 15:5
**hardship** [2] - 7:5, 8:1
**hardships** [1] - 5:7
**head** [1] - 19:8
**hear** [6] - 3:14, 6:14, 8:14, 20:15, 24:11, 27:13
**heard** [1] - 6:5
**hearing** [10] - 16:1, 21:15, 21:16, 21:23, 22:5, 23:16, 28:16, 28:19, 28:24, 30:8
**hearings** [1] - 22:23
**heart** [2] - 3:20, 3:22
**held** [1] - 24:18
**help** [1] - 12:9
**helpful** [7] - 4:24, 9:1, 12:10, 12:16, 15:18, 16:7, 19:15
**HENRY** [1] - 1:20
**Henry** [1] - 4:12
**hereby** [1] - 31:5
**highest** [1] - 20:2
**himself** [1] - 18:2
**history** [1] - 2:15
**hold** [1] - 24:21
**home** [3] - 5:12, 7:8
**homes** [2] - 5:9, 6:25
**Honor** [40] - 4:5, 4:10, 4:17, 4:20, 5:2, 5:3, 5:18, 6:5, 6:21, 7:17, 9:4, 9:14, 10:17, 11:8, 12:21, 12:22, 13:15, 14:2, 17:2, 18:12, 19:12, 19:24, 21:4, 21:11, 21:18, 22:11, 22:10, 22:20, 23:20, 23:23, 24:9, 24:13, 25:10, 25:16, 26:2, 27:15, 29:12, 29:15, 30:1, 30:4

**Honor's** [2] - 27:8, 27:11
**HONORABLE** [1] - 1:9
**Honorable** [1] - 2:4
**hopefully** [6] - 16:7, 16:14, 19:7, 23:10, 28:5, 29:18
**hopes** [1] - 16:9

**I**

**idea** [1] - 12:10
**identification** [1] - 11:4
**identified** [5] - 5:10, 5:21, 7:10, 10:25, 29:21
**identifies** [1] - 14:23
**identify** [2] - 13:17, 13:20
**IG** [1] - 13:3
**impact** [1] - 22:1
**impartially** [1] - 3:19
**IN** [1] - 1:1
**incarcerated** [1] - 19:5
**inclined** [1] - 18:9
**include** [4] - 9:21, 17:6, 19:19, 26:24
**includes** [2] - 16:1, 18:21
**including** [1] - 3:8
**income** [2] - 7:24, 8:9
**inconsistent** [1] - 14:14
**indicate** [5] - 2:23, 11:13, 12:13, 22:13, 29:22
**indicated** [7] - 6:16, 9:24, 11:8, 12:24, 20:9, 20:19, 26:9
**indicates** [2] - 3:2, 9:18
**indictment** [9] - 2:11, 2:17, 2:20, 5:11, 17:9, 17:20, 18:9, 18:21, 19:8
**indictments** [1] - 19:3
**information** [10] - 9:10, 9:25, 10:6, 10:10, 12:24, 13:9, 13:11, 14:14, 16:6, 28:23
**initial** [1] - 3:12
**input** [1] - 23:16
**inquire** [3] - 9:15, 10:4, 22:20
**instructions** [6] - 27:3, 27:12, 27:22, 28:4, 28:22, 29:4
**integrity** [2] - 3:20,

3:22
**intend** [2] - 10:5, 23:23
**intends** [1] - 25:8
**intention** [2] - 3:2, 10:12
**interested** [1] - 31:12
**introduction** [2] - 3:11, 4:2
**investigation** [1] - 13:4
**invite** [2] - 24:21, 29:22
**invites** [1] - 14:17
**involved** [2] - 3:4, 15:12
**involves** [1] - 2:10
**involving** [1] - 2:11
**IRS** [1] - 20:3
**issue** [6] - 10:17, 13:13, 13:16, 21:3, 24:5, 29:16
**issues** [11] - 7:9, 9:12, 10:15, 15:20, 16:19, 27:21, 27:24, 28:3, 28:9, 28:15, 28:24, 29:20, 29:23
**item** [2] - 13:2, 27:2
**items** [1] - 14:23
**itself** [1] - 13:23

**J**

**January** [1] - 2:16
**job** [1] - 20:7
**joint** [6] - 2:22, 5:14, 6:16, 9:23, 11:8, 26:24
**JON** [1] - 1:14
**judge** [6] - 3:14, 3:15, 3:21, 12:13, 26:9
**JUDGE** [1] - 1:10
**Judge** [1] - 11:25
**judges** [1] - 3:15
**juncture** [1] - 12:14
**June** [2] - 19:7, 24:6
**jury** [15] - 2:16, 16:15, 23:18, 24:15, 24:19, 24:23, 27:3, 27:5, 27:12, 27:21, 27:23, 28:22, 29:3, 29:4, 29:8
**justice** [1] - 3:17
**Justice** [1] - 20:4

**K**

**KELLEY** [1] - 1:19
**Kelly** [1] - 4:12
**kin** [1] - 31:12

**kind** [5] - 13:18, 15:19, 20:15, 25:19, 27:18
**knows** [1] - 18:12

## L

**last** [5] - 5:23, 13:16, 20:15, 23:25, 27:2
**late** [1] - 16:16
**law** [2] - 2:1, 20:1
**LAW** [1] - 2:3
**lead** [1] - 18:22
**least** [5] - 10:9, 10:25, 11:14, 12:1, 25:22
**length** [3] - 7:12, 8:21, 8:24
**Leo** [1] - 4:5
**LEO** [1] - 1:13
**less** [1] - 18:9
**letter** [3] - 9:18, 14:21, 14:22
**letters** [1] - 17:23
**level** [1] - 20:3
**lien** [1] - 5:11
**light** [2] - 20:11, 20:21
**limine** [10] - 3:3, 23:6, 25:9, 26:1, 26:8, 26:11, 26:18, 26:21, 27:25, 28:18
**LKG-22-0007** [1] - 1:4
**LLP** [1] - 1:18
**loan** [1] - 2:13
**local** [1] - 20:20
**logic** [1] - 20:2
**logistics** [1] - 13:8
**look** [5] - 11:24, 14:2, 18:5, 18:10, 25:4
**looked** [1] - 16:8
**looking** [5] - 9:17, 10:22, 21:24, 22:4, 27:10
**looks** [1] - 30:7
**LYDIA** [1] - 1:9
**Lydia** [1] - 2:5

## M

**machine** [1] - 31:9
**magistrate** [1] - 3:14
**manage** [1] - 7:7
**managed** [1] - 5:13
**management** [1] - 7:6
**March** [16] - 20:13, 20:14, 20:18, 21:8, 21:10, 21:11, 21:21, 21:22, 22:3, 25:22, 25:25, 28:13, 28:14, 30:9, 31:17
**Marilyn** [2] - 2:10, 4:11
**MARILYN** [1] - 1:7

**MARYLAND** [2] - 1:2, 1:11
**Maryland** [4] - 1:15, 2:4, 15:15, 31:4
**material** [7] - 9:21, 11:1, 12:23, 13:17, 13:21, 14:8
**matter** [3] - 2:10, 3:18, 31:7
**matters** [2] - 16:1, 16:7
**means** [1] - 23:18
**meet** [1] - 18:12
**memorandum** [1] - 17:22
**mentioned** [2] - 5:3, 25:11
**meritless** [2] - 19:25, 20:1
**middle** [1] - 30:8
**might** [4] - 12:8, 15:18, 23:5, 28:3
**MILLER** [1] - 1:19
**Miller** [1] - 4:12
**minimal** [1] - 11:14
**misconduct** [1] - 18:1
**Monday** [2] - 24:17, 26:5
**months** [1] - 19:3
**morning** [6] - 2:6, 2:8, 2:9, 4:5, 4:7, 4:10
**mortgage** [5] - 5:9, 7:1, 7:2, 7:3, 7:11
**mortgages** [1] - 6:25
**MOSBY** [1] - 1:7
**Mosby** [7] - 2:7, 2:10, 2:18, 4:1, 4:11, 4:16, 17:23
**Mosby's** [1] - 19:3
**most** [1] - 28:25
**motion** [19] - 3:3, 3:8, 3:9, 16:1, 16:3, 17:6, 17:10, 17:13, 17:21, 18:7, 18:8, 18:11, 18:20, 21:2, 22:1, 25:8, 25:25, 27:25
**motions** [29] - 3:8, 15:23, 16:1, 16:21, 16:23, 16:25, 17:5, 17:6, 18:23, 18:25, 19:19, 21:1, 21:8, 21:21, 21:23, 21:25, 22:5, 22:23, 23:11, 25:6, 25:14, 26:7, 26:8, 26:18, 26:21, 26:25, 28:13, 28:16, 28:18
**move** [7] - 5:1, 6:11, 12:18, 13:14, 15:16, 15:17, 29:18

**MR** [43] - 4:5, 4:10, 4:20, 5:2, 5:18, 6:5, 6:21, 7:17, 8:17, 9:4, 9:14, 10:17, 10:21, 11:8, 11:25, 12:13, 12:21, 13:15, 14:2, 17:2, 19:24, 20:17, 21:4, 21:11, 21:18, 22:11, 22:15, 22:16, 22:18, 22:25, 23:20, 24:9, 24:13, 25:10, 25:16, 26:2, 26:9, 27:8, 27:15, 29:12, 29:15, 29:25, 30:4

## N

**name** [1] - 17:25
**nature** [2] - 4:24, 10:16
**necessary** [7] - 6:12, 23:15, 24:20, 24:22, 25:23, 28:9, 28:24
**need** [11] - 7:20, 11:23, 12:8, 15:25, 16:2, 16:4, 22:21, 22:5, 28:1, 28:4, 29:21
**needs** [1] - 16:9
**never** [1] - 14:22
**new** [2] - 19:19, 28:18
**newest** [1] - 3:13
**next** [2] - 22:2, 23:9
**NO** [1] - 1:4
**none** [1] - 6:22
**normally** [2] - 27:16, 27:17
**NORTHERN** [1] - 1:3
**note** [1] - 13:2
**NOTES** [1] - 1:25
**notes** [1] - 28:11
**nothing** [3] - 19:12, 29:25, 30:4
**notice** [1] - 11:16
**number** [3] - 10:24, 11:16, 13:22
**NW** [1] - 1:21

## O

**oath** [2] - 3:14, 3:16
**object** [1] - 20:24
**objecting** [1] - 26:12
**objection** [4] - 17:5, 22:9, 22:15, 22:16
**objectively** [3] - 15:2, 15:3, 18:17
**obligation** [1] - 10:11
**obligations** [1] - 15:15
**observations** [3] -

**3:12, 15:19, 19:25
**obtain** [1] - 12:24
**obtains** [1] - 9:25
**obviously** [5] - 5:24, 8:14, 10:9, 22:1, 24:5
**occasions** [1] - 3:16
**occur** [1] - 16:10
**OF** [5] - 1:2, 1:4, 1:9, 1:13, 1:25
**offer** [1] - 13:7
**Office** [1] - 20:5
**office** [2] - 3:14, 3:16
**OFFICE** [1] - 1:13
**Official** [1] - 31:3
**OFFICIAL** [1] - 1:23
**official** [1] - 31:17
**often** [4] - 12:25, 14:7, 14:13
**once** [2] - 23:10, 25:3
**one** [9] - 10:17, 12:1, 13:2, 14:22, 16:20, 18:19, 22:19, 24:22, 26:3
**open** [1] - 14:11
**opinion** [1] - 10:25
**opportunity** [1] - 26:24
**opposed** [2] - 5:12, 13:17
**opposite** [1] - 14:7
**oral** [1] - 22:21
**order** [8] - 2:23, 5:21, 5:25, 6:4, 17:4, 19:20, 29:17, 30:7
**outcome** [1] - 31:13
**outlined** [2] - 17:10, 18:8
**overview** [1] - 4:24
**own** [1] - 13:19

## P

**p.m** [2] - 22:6, 28:17
**pages** [2] - 10:24, 13:18
**pandemic** [2] - 5:8, 23:4
**PAOLA** [1] - 1:20
**Paola** [1] - 4:12
**papers** [3] - 21:14, 22:3
**part** [7] - 12:1, 16:11, 16:13, 20:3, 20:7, 20:15, 21:25
**participants** [1] - 5:7
**participate** [1] - 24:15
**particular** [1] - 19:17
**particularly** [1] - 18:2
**particulars** [3] - 3:9,

**17:6, 21:2
**parties** [18] - 2:22, 2:23, 3:1, 4:23, 6:11, 14:6, 15:8, 16:5, 16:12, 16:18, 21:19, 23:3, 23:17, 26:24, 27:4, 28:21, 30:8, 31:8
**party** [1] - 31:12
**path** [1] - 28:12
**penalty** [1] - 17:25
**pending** [3] - 21:7, 21:21, 23:10
**people** [1] - 19:5
**perform** [1] - 3:19
**perhaps** [3] - 4:21, 4:23, 22:13
**period** [2] - 8:1, 23:25
**perjury** [3] - 2:11, 5:4, 17:25
**person** [2] - 23:2, 23:6
**personal** [5] - 17:15, 18:15, 20:6, 25:11, 26:13
**perspective** [7] - 5:15, 8:14, 8:15, 9:9, 9:11, 29:10, 29:14
**piece** [1] - 13:9
**place** [1] - 15:16
**Plaintiff** [1] - 1:5
**PLAINTIFF** [1] - 1:12
**plan** [3] - 5:5, 23:1, 23:5
**planning** [1] - 25:13
**pleasure** [1] - 27:15
**pled** [1] - 2:19
**plus** [1] - 19:3
**point** [18] - 3:3, 5:16, 6:16, 7:18, 9:7, 10:19, 11:20, 11:23, 11:24, 12:1, 12:7, 12:12, 13:10, 13:19, 15:13, 15:18, 23:9, 24:5
**political** [1] - 17:15
**poor** [1] - 3:18
**position** [5] - 10:3, 11:1, 12:22, 17:14, 26:11
**possession** [1] - 13:10
**possible** [2] - 14:11, 16:10
**possibly** [2] - 12:2, 23:14
**potential** [1] - 11:6
**potentially** [1] - 7:9
**practice** [1] - 14:10
**preclude** [1] - 25:10
**predicting** [1] - 15:5

**prediction** [1] - 8:23
**preference** [2] - 27:8, 27:11
**prejudiced** [1] - 14:19
**prepared** [2] - 3:1, 19:18
**preparing** [1] - 15:21
**present** [3] - 4:16, 22:21, 22:24
**presiding** [1] - 2:5
**presume** [2] - 8:18, 9:20
**pretrial** [11] - 3:8, 15:23, 16:21, 21:7, 21:21, 23:8, 25:7, 25:14, 28:16, 29:2, 29:6
**pretty** [1] - 17:7
**previously** [1] - 31:7
**primarily** [3] - 4:18, 7:15, 11:22
**principally** [1] - 6:24
**privilege** [2] - 3:13, 3:15
**procedural** [1] - 2:15
**Procedure** [1] - 2:25
**proceed** [4] - 3:1, 3:11, 16:16, 23:5
**proceeded** [1] - 20:2
**proceeding** [1] - 19:20
**proceedings** [2] - 30:11, 31:6
**PROCEEDINGS** [1] - 1:9
**process** [1] - 18:12
**processes** [1] - 17:7
**produce** [3] - 10:6, 10:11, 13:1
**produced** [3] - 10:12, 10:13, 11:2
**production** [4] - 5:19, 10:18, 12:20, 26:10
**productions** [1] - 12:23
**productive** [1] - 30:6
**professionalism** [3] - 3:20, 3:23, 20:3
**promptly** [4] - 13:11, 16:10, 16:16, 29:18
**property** [2] - 5:13, 7:7
**propose** [5] - 20:25, 22:5, 23:14, 27:17, 28:2
**proposed** [2] - 27:3, 28:21
**proposes** [1] - 21:6
**prosecuting** [1] - 18:17
**prosecution** [3] - 17:16, 17:19, 20:2

**prosecutor** [1] - 18:22
**protocols** [1] - 12:3
**provide** [8] - 7:23, 8:2, 9:19, 13:11, 16:5, 19:18, 21:20, 21:22
**provided** [4] - 5:20, 6:3, 8:4, 17:21
**provides** [1] - 8:3
**providing** [1] - 26:18
**provision** [1] - 5:6
**pull** [1] - 21:24
**purchase** [1] - 5:8
**purchased** [1] - 7:1
**purposes** [1] - 26:20
**pursuant** [5] - 2:11, 5:5, 5:19, 5:20, 10:1
**push** [1] - 24:7
**put** [6] - 11:15, 13:22, 14:16, 16:17, 19:8
**putting** [1] - 11:18

## Q

**qualified** [1] - 7:20
**questions** [3] - 6:15, 29:9, 29:13
**quicker** [1] - 21:16
**quickly** [1] - 26:15
**quite** [3] - 14:8, 24:22, 28:10
**quote** [2] - 9:19, 9:24
**Qureshi** [1] - 4:12
**QURESHI** [1] - 1:19

## R

**racial** [1] - 17:15
**raise** [2] - 9:17, 10:18
**raised** [1] - 12:19
**re** [1] - 19:3
**re-election** [1] - 19:3
**read** [1] - 4:22
**reads** [1] - 6:17
**ready** [2] - 25:25, 26:23
**realistically** [1] - 22:4
**really** [12] - 7:21, 8:7, 8:8, 8:18, 8:23, 13:23, 14:8, 14:11, 15:5, 21:3, 24:7, 28:4
**reason** [1] - 14:6
**recap** [1] - 28:11
**receipt** [2] - 3:10, 15:23
**receive** [2] - 6:2, 6:3
**received** [3] - 6:1, 9:21, 26:16
**reciprocal** [1] - 5:24
**recognize** [1] - 6:7

**recommendation** [1] - 27:6
**recommending** [1] - 8:13
**record** [1] - 4:3
**recorded** [1] - 31:9
**records** [3] - 7:22, 7:23
**Reed** [1] - 4:11
**REED** [1] - 1:18
**referring** [1] - 14:3
**regard** [5] - 9:15, 12:2, 13:16, 18:7, 19:12
**regarding** [3] - 10:18, 12:3, 26:25
**related** [5] - 5:4, 5:7, 7:4, 7:24, 23:4
**relatedly** [1] - 5:8
**relatively** [1] - 7:11
**relevant** [2] - 2:15, 7:25
**reliable** [1] - 13:22
**relief** [1] - 12:3
**remain** [2] - 6:11, 15:16
**reminded** [1] - 3:17
**Renee** [4] - 1:24, 31:3, 31:15, 31:16
**rental** [1] - 5:13
**repeat** [1] - 20:16
**replies** [1] - 25:21
**reply** [9] - 20:10, 20:23, 21:4, 21:5, 21:10, 21:22, 25:18, 25:24, 28:14
**report** [7] - 2:22, 2:23, 5:14, 6:17, 9:24, 11:9, 20:9, 25:8, 26:10, 26:25
**reported** [1] - 31:6
**REPORTER** [1] - 1:23
**Reporter** [2] - 31:3, 31:17
**reporter** [1] - 2:8
**representation** [1] - 10:9
**request** [4] - 5:24, 13:20, 14:1, 25:20
**requesting** [1] - 14:5
**requests** [1] - 13:4
**require** [1] - 11:4
**required** [1] - 2:25
**requirement** [1] - 13:16
**requires** [1] - 8:5
**requisite** [1] - 14:14
**reserve** [1] - 25:17
**resolution** [1] - 16:20
**resolve** [2] - 15:11, 16:2

**resolved** [2] - 19:10, 25:6
**resolves** [1] - 23:10
**respect** [1] - 19:1
**respond** [12] - 9:6, 10:8, 10:13, 12:18, 17:4, 17:11, 19:16, 19:21, 20:7, 20:10, 21:1
**responded** [1] - 15:24
**response** [11] - 2:22, 10:14, 18:6, 19:19, 20:12, 20:19, 21:1, 21:7, 21:20, 25:14, 28:12
**responses** [2] - 26:22, 28:19
**returned** [1] - 2:16
**reviewing** [1] - 7:22
**rich** [1] - 3:19
**rider** [1] - 7:8
**rights** [1] - 3:18
**Rizwan** [1] - 4:12
**RIZWAN** [1] - 1:19
**RMR** [2] - 1:24, 31:16
**rolling** [2] - 9:20, 10:2
**room** [1] - 22:12
**Room** [1] - 24:18
**rough** [1] - 12:17
**roughly** [1] - 8:21
**RPR** [2] - 1:24, 31:16
**Rule** [16] - 2:25, 5:19, 5:20, 5:22, 7:24, 8:5, 9:10, 9:15, 10:1, 10:6, 12:23, 12:25, 13:6, 17:16, 26:10, 26:16
**rule** [3] - 8:2, 8:4, 8:20
**rules** [1] - 20:20

## S

**scales** [1] - 19:9
**scene** [1] - 15:1
**schedule** [17] - 12:10, 16:4, 16:6, 16:8, 16:11, 16:15, 16:24, 19:20, 20:11, 24:16, 25:5, 25:23, 26:23, 28:5, 28:9, 29:6, 29:10
**scheduled** [1] - 28:16
**schedules** [1] - 3:25, 27:19
**scheduling** [4] - 3:25, 15:19, 16:9, 29:16
**Scott** [1] - 4:10
**SEAN** [1] - 1:14
**Sean** [2] - 4:5, 22:15
**second** [3] - 5:12, 7:8,

10:18
**Section** [2] - 2:12, 2:14
**see** [10] - 8:21, 11:9, 11:13, 12:2, 21:16, 25:18, 25:19, 27:25, 28:2
**seeing** [1] - 28:25
**seek** [1] - 18:24
**segmented** [1] - 10:25
**select** [3] - 24:23, 29:4, 29:7
**selection** [6] - 16:15, 23:18, 24:15, 24:19, 27:5, 27:23
**selective** [3] - 17:16, 17:18, 18:15
**sense** [2] - 11:21, 12:12
**sensitive** [2] - 19:5, 19:6
**separate** [2] - 3:16, 21:3
**separately** [2] - 25:15, 25:16
**separation** [1] - 11:4
**sequencing** [1] - 5:25
**series** [2] - 6:21, 7:9
**session** [2] - 2:4, 2:8
**set** [3] - 19:20, 21:23, 26:20
**several** [2] - 15:23, 17:22
**share** [2] - 15:19, 19:21
**shift** [1] - 13:21
**shifts** [1] - 18:16
**short** [1] - 7:12
**shorthand** [1] - 31:9
**shortly** [3] - 7:7, 29:17, 30:7
**show** [2] - 18:17, 18:18
**side** [1] - 26:22
**sides** [2] - 14:7, 27:18
**sift** [1] - 13:18
**sign** [1] - 17:25
**signing** [1] - 7:7
**SIMCHA** [1] - 1:14
**similar** [1] - 9:5
**sit** [3] - 23:23, 24:1, 24:4
**SMITH** [1] - 1:18
**Smith** [1] - 4:11
**someone** [1] - 15:1
**sometimes** [2] - 14:13, 24:21
**soon** [1] - 11:14
**sooner** [2] - 18:25, 21:15

**sorry** [4] - 2:21, 18:15, 25:7, 29:4
**sort** [3] - 8:9, 14:8, 14:16
**sorts** [1] - 25:11
**sounds** [2] - 7:15, 23:15
**speaking** [2] - 4:18, 9:2
**specifically** [3] - 5:11, 13:17, 14:22
**spoken** [1] - 23:20
**spring** [1] - 16:11
**stand** [3] - 6:23, 6:24, 17:9
**standard** [4] - 14:21, 17:7, 18:13, 20:20
**standing** [3] - 5:21, 5:25, 6:4
**standpoint** [1] - 18:25
**start** [5] - 4:3, 4:21, 4:22, 24:24, 29:5
**starting** [4] - 23:14, 23:17, 23:22, 27:23
**State's** [5] - 2:7, 2:18, 4:1, 4:15, 9:3
**statement** [1] - 2:13
**statements** [2] - 5:10, 31:8
**STATES** [4] - 1:1, 1:4, 1:10, 1:13
**States** [14] - 2:3, 2:10, 4:4, 4:6, 9:25, 11:3, 15:25, 20:4, 20:5, 21:20, 29:11, 29:24, 29:25, 31:4
**stating** [1] - 10:12
**status** [12] - 2:22, 5:14, 6:16, 9:24, 11:9, 20:9, 23:8, 25:8, 26:9, 26:25, 29:2, 29:6
**stay** [2] - 15:9, 26:22
**stenographically** [1] - 31:6
**STENOTYPE** [1] - 1:25
**steps** [2] - 22:2, 23:9
**still** [1] - 26:10
**Street** [2] - 1:15, 1:21
**strenuously** [1] - 26:12
**subject** [1] - 20:5
**submission** [1] - 5:9
**submissions** [1] - 4:23
**submits** [1] - 18:6
**submitted** [2] - 2:22, 18:5
**subpart** [1] - 5:22

**subsequently** [1] - 2:17
**substantiate** [1] - 26:14
**suggest** [1] - 16:12
**Suite** [1] - 1:21
**summarized** [1] - 12:22
**summarizing** [1] - 8:10
**summary** [5] - 7:24, 8:2, 8:6, 18:23, 19:13
**supervision** [1] - 31:10
**support** [3] - 14:15, 17:22, 18:13
**Supreme** [1] - 17:18
**surprising** [1] - 14:13

## T

**tail** [1] - 23:25
**Tax** [1] - 20:4
**tax** [2] - 5:11
**team** [2] - 22:17, 24:14
**ten** [3] - 3:6, 11:9, 11:20
**terminology** [1] - 26:13
**terms** [12] - 6:9, 6:22, 8:13, 9:9, 9:10, 11:6, 11:7, 12:8, 15:21, 23:4, 27:11, 28:11
**terribly** [1] - 6:22
**testify** [1] - 8:6
**testimony** [2] - 14:25, 31:8
**THE** [51] - 1:1, 1:2, 1:9, 1:12, 1:13, 1:17, 2:1, 2:3, 2:6, 4:7, 4:14, 4:17, 4:18, 4:21, 5:14, 6:6, 7:14, 8:11, 8:25, 9:5, 10:7, 10:20, 11:5, 11:20, 12:6, 12:16, 13:12, 13:24, 15:7, 19:14, 20:14, 20:25, 21:6, 21:13, 21:19, 22:17, 22:23, 23:1, 24:1, 24:11, 24:16, 25:13, 25:21, 26:5, 26:19, 27:13, 27:20, 29:13, 29:16, 30:2, 30:5
**theory** [1] - 15:4
**thereafter** [1] - 31:10
**therefore** [1] - 14:19
**thereof** [2] - 12:4, 31:13
**thereto** [1] - 26:22

**thoughts** [2] - 14:16, 23:17
**thousands** [1] - 13:18
**three** [9] - 3:7, 12:14, 16:21, 17:5, 18:23, 21:1, 21:5, 21:7, 21:20
**thumb** [2] - 8:20, 19:9
**Thursday** [4] - 5:23, 22:5, 22:9, 24:19
**Title** [2] - 2:11, 2:13
**today** [6] - 6:13, 10:3, 16:23, 29:17, 29:21, 30:6
**today's** [2] - 2:8, 3:25
**Todd** [1] - 4:12
**TODD** [1] - 1:20
**together** [3] - 13:22, 26:7, 28:8
**Tower** [1] - 1:21
**transcribed** [1] - 31:10
**TRANSCRIPT** [1] - 1:9
**transcript** [1] - 31:6
**TRANSCRIPTION** [1] - 1:25
**transcription** [1] - 31:11
**trial** [36] - 3:1, 3:3, 3:4, 5:1, 6:18, 6:23, 7:13, 7:24, 8:3, 8:13, 8:24, 9:11, 10:16, 11:6, 12:10, 13:1, 15:18, 15:22, 16:3, 16:9, 16:15, 16:16, 16:19, 18:25, 19:21, 20:17, 23:13, 23:14, 24:6, 24:17, 25:3, 25:4, 26:23, 28:6, 29:5, 29:19
**trials** [1] - 16:11
**tried** [1] - 14:15
**true** [1] - 31:5
**try** [4] - 12:9, 15:9, 19:6
**trying** [1] - 9:7
**turn** [3] - 4:2, 6:14, 16:18
**turns** [1] - 14:12
**two** [20] - 2:11, 2:12, 3:16, 5:4, 5:9, 6:25, 7:1, 12:14, 13:15, 16:14, 17:3, 20:20, 21:3, 22:6, 23:25, 24:10, 25:2, 28:17
**two-week** [1] - 23:25
**typical** [1] - 6:2
**typically** [5] - 8:19, 8:22, 22:6, 24:4

## U

**U.S** [2] - 17:17, 18:2
**ugly** [1] - 19:11
**under** [14] - 2:25, 9:10, 10:6, 11:2, 12:25, 13:6, 13:16, 15:15, 17:4, 17:16, 17:17, 17:25, 20:20, 31:10
**underlying** [1] - 8:4
**understood** [3] - 10:9, 10:11, 24:9
**underwriters** [1] - 6:25
**underwrote** [1] - 7:1
**UNITED** [4] - 1:1, 1:4, 1:10, 1:13
**United** [14] - 2:3, 2:10, 4:4, 4:6, 9:25, 11:2, 15:25, 20:4, 20:5, 21:20, 29:10, 29:24, 29:25, 31:4
**unmoored** [1] - 20:1
**up** [8] - 7:23, 8:9, 10:23, 11:9, 13:1, 16:25, 18:20, 21:24
**update** [1] - 6:9
**updates** [1] - 26:25

## V

**various** [5] - 4:23, 7:22, 15:20, 17:17, 28:13
**verify** [1] - 26:14
**VIA** [1] - 1:9
**viable** [1] - 18:3
**view** [2] - 6:16, 11:6
**vindictive** [2] - 17:16, 17:19
**vindictiveness** [2] - 18:15, 18:16
**violation** [1] - 2:13
**vis** [2] - 17:7
**vis-a-vis** [1] - 17:7
**voir** [3] - 27:3, 27:11, 28:22
**vote** [1] - 19:9
**vs** [4] - 2:10, 11:3, 15:15, 17:17

## W

**wants** [8] - 3:24, 16:12, 16:17, 20:22, 21:14, 21:24, 22:5, 23:13
**Washington** [1] - 1:21
**WEDNESDAY** [1] - 1:10

**week** [9] - 5:23, 16:13, 20:12, 20:18, 20:22, 20:23, 21:9, 23:25, 26:3
**weeks** [7] - 16:14, 17:3, 17:12, 20:20, 24:10, 25:2, 28:6
**welcome** [6] - 4:7, 4:14, 4:16, 9:6, 19:22, 22:24
**welcomes** [1] - 4:1
**welcoming** [1] - 3:13
**whole** [1] - 6:24
**willing** [1] - 17:25
**Wilson** [1] - 17:17
**window** [2] - 16:14, 26:23
**WISE** [22] - 1:13, 4:5, 4:20, 5:2, 5:18, 6:21, 7:17, 8:17, 12:21, 14:2, 19:24, 20:17, 21:4, 22:11, 23:20, 24:9, 25:10, 25:16, 26:2, 27:8, 29:12, 29:25
**Wise** [27] - 4:5, 4:7, 4:18, 6:8, 6:9, 6:14, 8:25, 9:6, 10:7, 10:8, 12:18, 13:12, 13:25, 15:7, 18:2, 18:7, 18:11, 18:21, 19:16, 20:14, 22:11, 23:17, 25:9, 27:6, 29:11, 29:22, 30:2
**Wise's** [1] - 10:11
**withdrawal** [1] - 7:10
**withdrawals** [4] - 5:4, 5:7, 7:5, 8:1
**witness** [4] - 6:24, 7:5, 8:5, 14:25
**witnesses** [20] - 3:5, 3:6, 6:19, 6:22, 7:2, 7:4, 7:9, 7:12, 7:15, 7:16, 7:18, 11:7, 11:9, 11:14, 11:19, 11:21, 11:22, 13:23, 17:24, 31:8
**wrapped** [1] - 18:20
**writing** [2] - 9:18, 26:14

## Y

**year** [2] - 2:16, 20:6
**years** [1] - 14:4
**yesterday** [1] - 3:13

## Z

**ZELINSKY** [2] - 1:14,

22:16
**Zelinsky** [3] - 4:6, 22:13, 22:16
**ZOOMGOV.COM** [1] - 1:9