

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

Leo J. Wise
Assistant United States Attorney
Leo.Wise@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4909
MAIN: 410-209-4800
FAX: 410-962-3091

March 25, 2022

The Honorable Lydia K. Griggsby
United States District Court for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

      Re: *United States v. Marilyn J. Mosby*, Cr. No. LKG-22-7

Dear Judge Griggsby,

      The United States writes in response to the Defendant's letter of March 23, 2002, docketed at ECF 27. In that letter, the Defendant asked the Court for a status conference "to address issues related to the trial date, in particular the government's continuing failure to meet its expert disclosure obligations … and the government's failure to agree on a date to produce Jencks material." ECF 27 at 1.

      Neither one of these issues require resolution by the Court.

      The United States stated during the status conference on February 23, 2022, that it did not intend to call any expert witnesses. There is no inconsistency between what the United States said during the status conference on February 23, 2022, and what we wrote in the cover letter that accompanied our first discovery production, which occurred on February 17, 2022, as the Defendant mistakenly claims. In the United States' letter of February 17, 2022, we stated that "Expert disclosures will be made at a later date." As of February 17, 2022, the United States was still considering whether to call any expert witnesses. By the time of the status conference, five days later on February 23, 2022, we had determined that we would not and so informed the Defendant and the Court. The Defendant acknowledges as much in their letter to the Court. ECF 27 at 2.

      Thus, the United States has no expert disclosures to make and the Defendant has known that since February 23, 2022. As a result, there is no reason to delay the trial as the Defendant suggests.

      The only outstanding issue is the fact that the Defendant has taken the legally erroneous position that she does not have to make timely or complete expert disclosures.

     Rule 16(b)(1)(c) provides "The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies."  The Defendant made such a request in her discovery demand letter of February 8, 2022, and, as stated above, the United States informed her counsel during the status conference on February 23, 2022, that it did not intend to call any expert witnesses.  Thus, the United States has complied with Rule 16 and the Defendant is obligated to provide expert disclosures.  Further, the Standing Order on Criminal Discovery provides that the Defendant must provide expert disclosures within "30 days of the production by the Government."  Standing Order on Criminal Discovery ¶ 3(b).  The United States made its discovery production to the Defendant on February 17, 2022.  Thus, the Defendant's expert disclosures were due on March 19, 2022, and are now seven (7) days late.

     As to the contents of the expert disclosure itself, Rule 16(b)(1)(C) which provides, "This [expert disclosure] summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  The Standing Order on Criminal Discovery provides that:

> Expert witness disclosures provided in accordance with Rule 16(a)(1)(G) (Government's expert disclosure) and Rule 16(b)(1)(C) (Defendant's expert disclosure) must include all of the information specified by those rules and must be stated **with particularity. Boilerplate or conclusory disclosures are prohibited.**

Standing Order 2020-01 ¶5(a) (emphasis added).

     Defense counsel wrote in his March 21, 2022, letter that:

> … the defense may call one or more experts to provide testimony concerning topics that include, but are not limited to, the following:
> - a forensic analysis of State [sic] Attorney Mosby's personal and business finances;
> - the CARES Act, including its legislative history and intent, as it relates to 457(b) withdrawals for unforeseeable emergencies; and
> - federal tax liens and the role they play in the mortgage application process.

*See* ECF 29, Exhibit 4.  This disclosure is clearly incomplete and must be supplemented.

     The United States has asked the Defendant to make the expert disclosures required by Rule 16(b)(1)(C) and Paragraph 5(a) of the Standing Order on Criminal Discovery by letter dated today.  *See* Letter to A. Scott Bolden dated March 25, 2022 (Exhibit 1).  The United States expects defense counsel to comply with their obligations.  Once they have done so, the United States will determine whether to file any motions related to the Defendant's proposed experts.  The United States reserves the right to call expert witnesses in rebuttal in the event that the Defendant elects to call any expert witnesses and the Court admits such testimony.

As to the issue of when a production pursuant to 18 U.S.C. § 3500 (the "Jencks Act") will be made, the other issue which defense counsel claims must be addressed in a status conference, the United States has informed the Defendant that it will do so two weeks prior to trial, as requested by the Defendant, in a letter dated today.

Respectfully submitted,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____/s/_____
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

\_\_\_/s/_____
Leo J. Wise
Assistant United States Attorney