

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Leo J. Wise* | *Suite 400* | *DIRECT: 410-209-4909* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Leo.Wise@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

March 25, 2022

A. Scott Bolden
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373

     Re: *United States v. Marilyn J. Mosby*, Cr. No. LKG-22-7

Dear Counsel,

     We write in response to your March 7 and March 21, 2022, letters.

     We reiterate that we have complied with our obligations under Federal Rule of Criminal Procedure 16, the U.S. District Court for the District of Maryland's Standing Order 2020-01 (hereafter "Standing Order on Criminal Discovery"), *Brady v. Maryland*, 373 U.S. 83 (1963) (hereafter "Brady") and its progeny, and the Court's Order issued on February 4, 2022.

     We will produce material pursuant to the Jencks Act, 18 U.S.C. § 3500, two weeks before trial, as you requested.

     In response to your request for the Government to specifically identify what it considers *Brady* in the productions it has already made, we repeat what we said during the status conference, namely, that it is not the practice in this district to have the United States characterize discovery in that way and we note that you have failed to cite a single case in this district where such characterizations have occurred.  We have no doubt you will review everything that has been provided in discovery given its small volume and the number of attorneys that have entered appearances for the Defendant.  If you have difficulty accessing or processing any of the discovery previously provided, please let us know as we can assist.[1]  Many of these documents consist of financial records belonging to your client, with which she is likely already well-acquainted.

     The United States has provided all recorded calls in its possession between the Defendant and Nationwide.

---

[1] We recently provided, at your request, a copy of the entire Office of Inspector General report in our possession. We had previously produced documents from that report that we consider Rule 16 material in discovery.

As to your request for witness interview reports and Grand Jury transcripts, the United States will provide witness statements consistent with 18 U.S.C. § 3500 (the "Jencks Act") two weeks prior to trial, as indicated above.

We have addressed your false assertions regarding the Defendant's purported desire to appear before the Grand Jury and your meritless allegations regarding animus in the United States' omnibus opposition to the Defendant's pretrial motions, ECF 26, filed March 11, 2022.

As to your position on expert disclosures, as we said during the status conference with the Court on February 23, 2022, the United States does not plan to call any experts to testify in this case. There is no inconsistency between what the Government said on February 23, 2022, and what we wrote in the cover letter that accompanied our first discovery production, which you received five days earlier on February 17, 2022. In that letter, we stated that "Expert disclosures will be made at a later date." As of February 17, 2022, we were still considering whether to call any expert witnesses. By the time of the status conference, five days later, we had determined that we would not and so informed you and the Court. Thus, we have no expert disclosures to make and you have known that since February 23, 2022.

Further, your position on your expert disclosure obligations is inconsistent with the law.

First, you wrote in your March 21, 2022, letter that, "With regard to your request for expert materials pursuant to Rule 16(b)(1)(c), we note that the Government has failed to comply with Rule 16(a)(1)(c)(i). Rule 16(a)(1)(c)(i) describes the Government's discovery obligations when the defendant is an organization. It does not address expert disclosures.

Second, you assert that "your expert disclosure is well past due the 21 days following our discovery demand of February 8, 2022," citing the Court's Standing Order on Criminal Discovery. But, as stated above, you were informed on February 23, 2022, that the Government did not intend to call any expert witnesses. Thus, nothing is past due.

Third, your claim that "[a]s a result of your continuing failure to provide an expert disclosure (much less a timely disclosure), the defense is under no obligation at this time to provide the government with a reciprocal expert disclosure," is contradicted by Rule 16 and the Standing Order on Criminal Discovery. Rule 16(b)(1)(c) provides "The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial, if—(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies." You made such a request in your discovery demand letter of February 8, 2022, and the Government informed you, during the status conference on February 23, 2022, that it did not intend to call any expert witnesses. Thus, the Government has complied with Rule 16 and you are obligated to provide expert disclosures. Further, the Standing Order on Criminal Discovery provides that you must provide expert disclosures within "30 days of the production by the Government." Standing Order on Criminal Discovery ¶ 3(b). The Government made its discovery production to you on February 17, 2022. Thus, your expert disclosures were due on March 19, 2022, and are now seven (7) days late.

2

Your statements regarding experts you "may call" regarding "topics that include, but are not limited to" a three bullet point list does not comply with Rule 16(b)(1)(C) which provides, "This [expert disclosure] summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Your statements also do not satisfy the requirements of the Standing Order on Criminal Discovery which provides:

> Expert witness disclosures provided in accordance with Rule 16(a)(1)(G) (Government's expert disclosure) and Rule 16(b)(1)(C) (Defendant's expert disclosure) must include all of the information specified by those rules and must be stated **with particularity. Boilerplate or conclusory disclosures are prohibited.**

Standing Order 2020-01 ¶5(a) (emphasis added).

Please provide a complete expert disclosure by March 28, 2022. Once you have complied with your disclosure obligations, the United States will determine whether to file any motions related to your proposed experts. The United States reserves the right to call expert witnesses in rebuttal in the event that you elect to call any expert witnesses and the Court admits their testimony.

Finally, regarding your request for a bill of particulars, we have addressed that issue in the United States' omnibus opposition to the Defendant's pretrial motions, ECF 26, filed March 11, 2022.

Very truly yours,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____/s/_____
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

3