IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA v. MARILYN J. MOSBY, Defendant | Criminal No. LKG-22-7 |
|---|---|

The United States of America, by and through its undersigned attorneys, hereby submits this opposition to the Defendant's Motion to Continue. ECF 38. The circumstances resulting in this motion are entirely of defense counsel's own making. The Government has consistently met its discovery obligations in this matter and stands prepared to try this case in court on May 2, 2022. The Defendant's motion should be denied.

As part of their effort to try this case in the press, the Defendant and her counsel have repeatedly demanded a speedy trial in various public settings. For example, on January 17, 2022, defense counsel held a press conference where he declared:

> I'm here to tell you: Marilyn Mosby's not going to be the only one on trial. **And we want a quick trial. We're ready to go. The quickest is 70 days, right?** Election's five months away. Others believe that it'll go six months or a year. **We're pushing for trial . . . 70 days, right?** Because we don't want this to affect the political outcome of this race. **And so we are going to try and get a trial as soon as possible**.

*See Attorney A. Scott Bolden Provides Update on Federal Indictment of Marilyn Mosby*, January 17, 2022, available at https://www.youtube.com/watch?v=cguO8RuiRQA at 46:40 (last accessed April 1, 2022). Similarly, on February 1, 2022, the Defendant and her counsel went on "The Reid Out," on MSNBC and the Defendant declared:

And I'm ready to fight. I know I've done nothing wrong. **So I'm ready to go to trial tomorrow. Put this on trial right now so I can prove my innocence**. But let's get to the election because I know that's what this is all about.

*See Baltimore City State's Attorney Denies Charges She Calls Retaliation For Indicting Law Enforcement*, February 1, 2022, available at https://www.youtube.com/watch?v=h1gPs5xRGR4 at 10:39 (last accessed April 1, 2022). The Defendant and her counsel repeated their demands for a speedy trial before this Court.

In response the Court scheduled this case for trial on May 2, 2022. In its scheduling order, the Court ruled that the trial would only be continued for "good cause shown." The Defendant's motion fails to meet that burden.

The only basis for a continuance offered by the defense is that they are unprepared and cannot meet the deadline for making expert disclosures on April 4, 2022. If that is the case, it is not good cause because this is a situation entirely of their own making.

The Defendant's assertion in her motion that that there is a "lack of clarity by the government in the identification of its experts," is false. During the status conference on February 23, 2022, the Court and the United States engaged in the following exchange:

> THE COURT: Okay. And are you considering any expert witnesses? It sounds like you are talking primarily about fact witnesses based upon what you have described to the Court?
>
> MR. WISE: Yes, Your Honor. We don't anticipate any expert witnesses at this point.

February 23, 2022, Status Hearing Transcript at 7:14-18. The Government could not have been clearer that it did not intend to call any expert witnesses. During that same status conference, defense counsel stated that they intended to call expert witnesses. *Id*. at 11-12. That representation was more than five (5) weeks ago. Defense counsel should be prepared to file their expert disclosures on April 4, 2022, as ordered by the Court.

2

The Defendant's statement in her motion that there is "voluminous [] discovery recently produced by the Government," is also false. The discovery in this case has been small relative to other fraud cases because the charges are so straightforward. Further the discovery produced recently consists almost entirely of the defendant's own financial records and certified copies of the Defendant's own IRS records, much of which were already produced to the Defendant without formal certification, as was discussed during the March 30, 2022, status conference. As was explained during the status conference, the IRS provides records that are formally certified once a case has been set for trial. The only difference between the earlier production and the more recent one is that the records in the more recent production have a stamp on them identifying them as certified IRS records. As such, these materials do not need to be reviewed by an expert now because they were already produced previously or they are records that were already in the defendant's possession.

The Defendant's statement in her motion that that there are "outstanding *Brady* issues," is also false. The Defendant has not filed any motions related to *Brady* material. If any were warranted, the Defendant would have filed them by now. And none are. As the Government stated during the status conference on March 30, 2022, it has no *Brady* material in its possession. There is no need for more time to address an issue that doesn't exist.

In their motion, Defense counsel mischaracterize what occurred during the status conference on March 30, 2022, and suggest it is the Court that wants to continue the trial. That is not what occurred. As the transcript will show, the Court expressed concern that because expert disclosures had not been made by the defense, the trial date could be in jeopardy. In response, defense counsel asked for 14 additional days to disclose expert witnesses. After Government counsel objected to such a long delay, defense counsel stated they didn't need 14 days and could

make disclosure sooner than that. The Court then indicated that it was going to order the Defendant to adequately disclose expert witnesses by April 1, 2022. Defense counsel asked for an extension of time to do so until April 4, 2022, and said he would be able to make adequate disclosures by that date. The Government, in response, indicated it would file any motions to exclude defense expert witnesses within 48 hours of receiving the disclosures, in other words by April 6, 2022, with responses due by April 18, 2022, so that the trial could proceed as planned. The Court then issued the amended scheduling order. ECF 37. Thus, all necessary pretrial briefing can occur in advance of trial on the schedule that was previously agreed to by the parties. There is no reason to continue to the trial.

The trial in this case is more than a month away. The Defendant appears to be represented by no less than five (5) attorneys. If defense counsel needs additional time to disclose their expert witnesses because they are unprepared to do so on April 4, 2022, the Government would agree to extend their deadline from April 4, 2022, the deadline they requested, to April 8, 2022. The Government will file any motions to exclude those experts by April 11, 2022, and any reply could be submitted by the defense by April 18, 2022, which is the current deadline for responses to motions in limine. Under that modified schedule, there is similarly no reason to delay the trial.

The interest in a speedy trial is held not only by the Defendant, however, but also by the United States. "Society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest." *Barker v. Wingo*, 407 U.S. 514, 527 (1972). Courts and prosecutors have "the primary burden . . . to assure that cases are brought to trial" in a timely manner. *Id.* at 529.

The United States is ready to try this case on May 2, 2022, and believes it is in the public interest for the trial to occur at that time. Therefore, the United States urges the Court to deny the Defendant's motion for a continuance based solely on her own counsel's failure to meet their expert witness disclosure obligations.

Respectfully submitted,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____/s/_____
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

### **CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

\_\_\_/s/_____
Leo J. Wise
Assistant United States Attorney