IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-7 |
| | * | |
| MARILYN J. MOSBY, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ******* | | |

MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America moves this Court for an Order to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the Defendant in a speedy trial. In support of this motion, the government states as follows:

1.      On January 12, 2022, a federal grand jury returned an Indictment in the above-referenced matter, charging the Defendant, Marilyn J. Mosby, with perjury in violation of 18 U.S.C. § 1621 and false statement on a loan application, in violation of 18 U.S.C. § 1014.

2.      On February 4, 2022, Defendant Mosby had her initial appearance on the Indictment before Magistrate Judge J. Mark Coulson.  Time under the Speedy Trial Act began to elapse.

3.      On February 18, 2022, Defendant Mosby filed a motion to dismiss the indictment, and the Speedy Trial Act was tolled.

4.      On February 23, 2022, the Court held a scheduling conference and issued an order

setting the trial in this matter to begin on May 2, 2022.

5.      Discovery has been provided to Defendant Mosby totaling over 18,000 pages of information.

6.      On March 10, 2022, a federal grand jury returned a superseding indictment against the Defendant.

7.      On April 1, 2022, Defendant Mosby filed a motion seeking to delay the trial to September 2022. The Government opposed the motion.  On April 5, 2022, the Court granted the Defendant's motion and scheduled the trial to begin on September 19, 2022.

8.      In light of the Defendant's motion to continue, which the Court has granted, trial will not occur within 70 days of the Defendant's initial appearance.

9.      Periods of delay which are excludable from the Speedy Trial Act computation include "[a]ny period of delay resulting from other proceedings concerning the defendant." 18 U.S.C. § 3161(h)(1). Section 3161(h)(1) enumerates specific proceedings, including pretrial motions "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

10.     The Court may also consider whether "the ends of justice" which are served by excluding time under the Speedy Trial Act "outweigh the best interest of the public and the defendant in a speedy trial." Among the factors which the Court must consider in weighing the ends of justice include the difficulty or complexity of the case, the time necessary for adequate preparation taking into account the exercise of due diligence, and continuity of counsel for the Defendant and the Government. 18 U.S.C. § 3161(h)(7) (A) & (B)(iv).

11.     In light of the Defendant's motion to continue, which the Court has granted, the period of delay from April 8, 2022 – September 19, 2022, inclusive, is necessary to permit

preparation, filing and disposition of pretrial motions pursuant to the schedule set by the Court.

      12.     The Defendant consents to this motion.

A proposed Order has been attached for the convenience of the Court.

                         Respectfully submitted,

                         Erek L. Barron
                         United States Attorney

By:       _____/s/_____

                         Leo J. Wise
                         Sean R. Delaney
                         Aaron S.J. Zelinsky
                         Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

\_\_\_\_/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney