IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>   Defendant | Case No. 22-cr-00007-LKG-1 |

### STATE'S ATTORNEY MOSBY'S RESPONSE TO THE INTERESTED PARTIES' MOTION TO UNSEAL

Defendant Marilyn J. Mosby, by and through her undersigned counsel, hereby submits this Response to the Motion to Unseal filed by the publications The Daily Record, The Baltimore Sun and The Baltimore Banner (collectively, the "Interested Parties"). In support, Ms. Mosby responds to the Interested Parties' requests to unseal as follows.

The docket in this case—which remains in the pretrial phase—contains approximately 55 entries, including transcripts, substantive motions, responses, and replies, filed by both parties in this high-profile criminal prosecution. The Interested Parties urge the Court to unseal two of those entries: ECF Nos. 29 and 44.

As an initial matter, it bears noting that the public's right of access to criminal proceedings is of paramount importance to State's Attorney Mosby; and that interest is something she takes very seriously in both her professional and personal capacity. To that end, Ms. Mosby believes that the docket entries in these proceedings should be available to the public to the greatest extent allowed by law.

*Ms. Mosby Does Not Oppose Unsealing ECF No. 29*

Consistent with these views, Ms. Mosby does not oppose unsealing ECF No. 29, which consists of four exhibits attached to her motion for a status conference on March 23, 2022. When

Ms. Mosby originally filed those exhibits under seal, she did so in an abundance of caution because the government's covering letter (one of the exhibits) contained references to certain discovery materials, including individuals' names. *See* D. Md. Standing Order 2020-01(2)(c) (relating to Discovery in Criminal Cases). Because the exhibits do not contain actual discovery materials, however, Ms. Mosby does not object to the seal being lifted. In any event, if the Court deems it necessary, a limited redaction of just those portions of ECF No. 29 that contain individuals' names is also appropriate. *See In re Washington Post Co.*, 807 F.2d 383, 389 (4th Cir. 1986) (recognizing that sealing of criminal proceedings, if done at all, must be "narrowly tailored" to achieve a compelling interest).

### *ECF No. 44 Must Remain Under Seal As A Matter Of Law*

ECF No. 44, however, must remain under seal because, as noted in Ms. Mosby's original sealing motion, certain submissions related to pretrial administrative matters (like those discussed in the document in question) are expressly required to remain under seal as a matter of law. *See* ECF No. 42, Defendant's Motion to Seal (Apr. 4, 2022). Such rules and statutes expressly require certain aspects of a criminal proceeding to remain *ex parte* and under seal because, while the right of access to criminal court filings is undoubtedly broad, it is not unlimited. *See In re The Wall Street Journal*, 601 F. App'x 215, 218 (4th Cir. 2015) (acknowledging that "[t]he public enjoys a *qualified* right of access to criminal … pretrial filings.") (citing *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999)). In particular, courts have held that the right of access to criminal proceedings must yield in certain circumstances where access would undermine a defendant's right to a fair trial. *See In re S.C. Press Ass'n*, 946 F.2d 1037, 1043 (4th Cir. 1991) ("The right of the press to access to criminal proceeding [sic] is presumed, but it is qualified because it must yield to a defendant's Sixth Amendment right to a fair trial …."); *United States v. Blankenship*, 79 F. Supp.

3d 613, 620 (S.D. W. Va. 2015) ("The right of access to criminal proceedings is not absolute, but must be balanced against other compelling interests protected by the Constitution, such as the right of the accused to a fair trial.") (internal quotation marks omitted). Given this, ECF No. 44 presents the rare situation (and, in this case, the only so far) where the public right of access must yield to the Defendant's rights, and where applicable rules and statutes require the matters discussed therein to remain under seal.

## CONCLUSION

For the foregoing reasons, Defendant Marilyn Mosby respectfully requests that the Court unseal ECF No. 29 (with appropriate redactions, if necessary), and retain ECF No. 44 under seal.

Dated: May 12, 2022              Respectfully submitted,

/s/ A. Scott Bolden
A. Scott Bolden (admitted *pro hac vice*)
Rizwan A. Qureshi (admitted *pro hac vice*)
Daniel Z. Herbst (SBN 17510)
RQureshi@ReedSmith.com
ABolden@ReedSmith.com
DHerbst@ReedSmith.com
1301 K Street, N.W. Suite 1000 - East Tower
Washington, D.C.  20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299

*Counsel for Defendant Marilyn J. Mosby*

## CERTIFICATE OF SERVICE

I certify that, on May 12, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

/s/ *A. Scott Bolden*
A. Scott Bolden