# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 22-cr-00007-LKG |
| ) | |
| MARILYN J. MOSBY, ) | Dated: May 19, 2022 |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTIONS TO SEAL

On March 23, 2022, the Defendant moved to file four exhibits (ECF No. 29) to her motion for a conference under seal. ECF Nos. 27 and 28. On April 4, 2022, the Defendant moved to file a document (ECF No. 44) under seal. ECF No. 42. These documents have been temporarily filed under seal by the Court. ECF No. 53.

On April 28, 2022, certain interested parties (the "Interested Parties") filed objections to the Defendant's motions to seal and a motion to unseal these documents, pursuant to the Court's April 14, 2022, Order on the procedures for resolving motions to seal. ECF No. 54. On May 12, 2022, the Defendant filed a response to the Interested Parties' objections and motion to unseal, stating that: (1) the Defendant does not oppose unsealing ECF No. 29 and (2) the Defendant opposes unsealing ECF No. 44, because this document must remain under seal as a matter of law.[1] *See* Def. Resp., ECF No. 57.

Both the common law and the United States Constitution afford the public a qualified right of access to judicial records and proceedings. *See In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *see also In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999). Given this, the Court must balance the need for confidentiality in certain cases with the public's right to access judicial proceedings and records.[2] *See In re Time Inc.*, 182 F.3d at 271 (4th Cir. 1999).

---

[1] The United States has stated no position on the Defendant's motions to seal.

[2] The Fourth Circuit has held that:

> In such proceedings to which a *First Amendment* right of access attaches, a court must assess whether sealing documents is "'necessitated by a compelling government interest, and . . . narrowly tailored to serve that interest.'" *Washington Post*, 807 F.2d at 390 (quoting *Press-Enterprise I*, 464 U.S. 501, 510, 104 S. Ct.

In this regard, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." *See* U.S. Const. amend. VI; *see also In re S.C. Press Ass'n*, 946 F.2d 1037, 1043 (4th Cir. 1991). And so, at times, the right to a fair trial that is guaranteed by the Sixth Amendment is served by withholding certain information from the public, from which the jury will be drawn. *See In re The Wall Street Journal*, 601 F. App'x 215, 218 (4th Cir. 2015).

The United States Court of Appeals for the Fourth Circuit has also held that, when determining whether certain materials should be filed under seal, the Court must: (1) give the public adequate notice that the sealing of documents may be ordered and (2) provide interested persons an opportunity to object to the requests before the Court makes its decision. *See In re Washington Post Co.*, 807 F.2d at 390-91. And so, if the Court decides to seal documents, it must state its reasons on the record, supported by specific findings, and state its reasons for rejecting less restrictive alternatives. *See id.* at 391.

In light of this guidance, and upon careful consideration of the Defendant's motions to seal and the objections thereto, the Court: (1) **DENIES-AS-MOOT** the Defendant's motion to seal ECF No. 29; (2) **GRANTS** the Defendant's motion to seal ECF No. 44; and (3) **GRANTS-in-PART and DENIES-in-PART** the Interested Parties' motion to unseal for the following reasons:

First, the Court directs the Clerk to unseal ECF No. 29. This document consists of four exhibits to the Defendant's motion for a status conference, which the Defendant now consents to filing on the public docket. *See* ECF No. 29; Def. Resp. at 1-2. The documents at issue contain non-privileged pre-trial correspondence between counsel in this matter. Neither party has requested any redactions to these documents. And so, the Court DIRECTS the Clerk to UNSEAL ECF No. 29. *See In re Washington Post Co.*, 807 F.2d at 389 (recognizing that sealing

---

819, 78 L. Ed. 2d 629 (1984)). In making this assessment, a district court must follow the procedures established in *In re Charlotte Observer*. *See* 882 F.2d at 853. That is, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents, and (4) state why it rejected alternatives to sealing. *Id.*

*In re Time, Inc.*, 182 F.3d at 271 (emphasis in original).

of criminal proceedings, if done at all, must be "narrowly tailored" to achieve a compelling interest).

Second, the Defendant persuasively argues that ECF No. 44 should remain under seal during the pendency of this matter, consistent with federal law and the Administrative Office Guide to Judiciary Policy. Def. Resp. at 2-3. This document pertains to administrative matters related to this criminal proceeding that do not involve the exercise of the Court's judicial function. There is a compelling interest served by keeping this information confidential, because the public release of this information could reveal the Defendant's litigation strategy or otherwise jeopardize her defense. *See In re The Wall Street Journal*, 601 F. App'x at 218 (acknowledging that "[t]he public enjoys a *qualified* right of access to criminal . . . pretrial filings.") (citing *In re Time Inc.*, 182 F.3d at 271).

The Court also specifically finds in this case that there is a substantial probability that the Defendant's interest in a fair trial as guaranteed by the Sixth Amendment would be harmed if the document at issue and the materials referenced therein were to be made public at this time. *See In re S.C. Press Ass'n*, 946 F.2d at 1043 ("The right of the press to access to criminal proceeding [sic] is presumed, but it is qualified because it must yield to a defendant's Sixth Amendment right to a fair trial."). The option to redact this document for public release is also not feasible, given its substance and the Defendant's compelling Sixth Amendment interest.

And so, the Court DIRECTS the Clerk to file ECF No. 44 UNDER SEAL. Upon the conclusion of this matter, the Court may on its own initiative, or upon a motion by a party or an interested party, unseal ECF No. 44.

In light of the foregoing, the Court:

1. **DENIES-as-MOOT** the Defendant's motion to seal ECF No. 29;
2. **GRANTS** the Defendant's motion to seal ECF No. 44;
3. **GRANTS-in-PART and DENIES-in-PART** the Interested Parties' motion to unseal;
4. **DIRECTS** the Clerk to **UNSEAL** ECF No. 29; and
5. **DIRECTS** the Clerk to **FILE** ECF No. 44 **UNDER SEAL**.

**IT IS SO ORDERED.**

                                                s/ Lydia Kay Griggsby
                                                LYDIA KAY GRIGGSBY
                                                United States District Judge