IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant | Case No. 22-cr-00007-LKG-1 |

**DEFENDANT MARILYN J. MOSBY'S MOTION FOR LEAVE TO FILE
ADDITIONAL PRETRIAL MOTION**

Pursuant to the Court's directive at the status conference on Monday May 23, 2022, Defendant State's Attorney Marilyn Mosby ("State's Attorney Mosby"), through counsel, respectfully moves for leave to file an additional pretrial motion to dismiss the Superseding Indictment in this matter. Good cause exists for this Court to grant leave because this motion is filed well enough in advance of the trial in this matter that there will be no undue delay and neither the parties nor the Court will be prejudiced by the request. To the extent that the proposed pretrial motion presents a meritorious argument aimed at dismissing two of the charges against State's Attorney Mosby, this motion will likely streamline and expedite the pretrial proceedings in this matter. In support, State's Attorney Mosby states as follows:

**PROPOSED MOTION**

State's Attorney Mosby seeks leave to file a pretrial motion to dismiss the two counts of perjury (Counts 1 and 3) in the Superseding Indictment on the ground that the government fails to adequately allege materiality (an essential element of a perjury charge) in the Superseding Indictment. *See* **Exhibit A**, attached hereto (Proposed Motion). In particular, the Superseding Indictment is defective as a matter of law because it does not (and cannot) sufficiently allege that the "matter" or statements State's Attorney Mosby allegedly certified as true were material.

Materiality is a required element for a perjury offense, and the failure to establish it is fatal to Counts 1 and 3 as a matter of law.[1] The proposed motion will further show that dismissal of Counts 1 and 3 is warranted for the additional reason that the phrase "adverse financial consequences" is fundamentally ambiguous and as such, insufficient to support the perjury charges under 18 U.S.C. § 1621. As a final matter, the motion also seeks, as alternative relief, disclosure of the instructions of law that were given to the grand jury in this matter related to the perjury charges.

## ARGUMENT

Good cause exists for this Court to modify the existing scheduling order and allow State's Attorney Mosby to file the proposed motion to dismiss. Nothing in the rules governing criminal proceedings or this Court's own standing orders and procedures precludes allowing a criminal defendant to file additional pretrial motions in a situation like this one, where there is still ample time before the trial, and where the motion is the first substantive challenge to the legality of the charges against State's Attorney Mosby. Given the unprecedented nature of the perjury charges at issue here, it should come as no surprise that State's Attorney Mosby would seek to challenge the sufficiency of the Superseding Indictment and move to have those charges dismissed. Given the amount of time left before trial, and the myriad other pretrial deadlines that have not yet passed, the government will not be prejudiced by having to respond to State's Attorney Mosby's motion. In fact, the trial may be streamlined as a result. The Court should grant State's Attorney Mosby leave to file this meritorious motion.

---

[1] Recent events demonstrate just how critical—and potentially dispositive—materiality can be with respect to allegedly false statements. Just yesterday, a jury acquitted former Hillary Clinton campaign lawyer Michael Sussman of lying to the FBI after his lawyers "repeatedly harped on the 'materiality' element" of the charges against him. *See* https://www.cnn.com/2022/05/31/politics/sussmann-verdict/index.html.

**I.     Nothing In The Rules Or Procedures Of This Court Precludes State's Attorney Mosby From Filing An Additional Pretrial Motion For Good Cause Shown**

Federal Rule of Criminal Procedure 12 imposes no strict limits on when or how many pretrial motions a criminal defendant may make. *See* Fed. R. Crim. P. 12(b). To the extent that Rule 12 does impose limits, moreover, the deadlines are broad and subject to the Court's discretion—allowing them to be made "[b]efore [t]rial," Fed. R. Crim. P. 12(b)(3), and on or before the deadline set by the court. Fed. R. Crim. P. 12(c)(1). But even that deadline is not firm, as the rules expressly provide that "[a]t any time before trial, the court may extend or reset the deadline for pretrial motions." Fed. R. Crim. P. 12(c)(2). The Advisory Committee comments to Rule 12 note that subsection (c)(2) expressly recognizes the "broad discretion" a trial court has over the deadlines for pretrial motions. Fed. R. Crim. P. 12, cmt. Accordingly, courts in the Fourth Circuit recognize this discretion in the context of requests to file additional pretrial motions when good cause warrants doing so. *See United States v. Fawley*, No. 12cr13, 2012 U.S. Dist. LEXIS 68649, at *18 (N.D. W. Va. May 17, 2012) (denying motion to file additional pretrial motions without prejudice given that trial was only three weeks away). Given this discretion, nothing precludes the Court from permitting State's Attorney Mosby to file the additional proposed motion.

**II.    There Is Good Cause To Allow State's Attorney Mosby To File The Proposed Motion**

The trial in this matter is still more than three-and-a-half months away, and several other pretrial deadlines have yet to pass, including expert disclosures (and any associated challenges), and motions in limine. As evidenced by the motion attached at Exhibit A, State's Attorney Mosby is prepared to proceed with briefing on this issue *now*, which will leave ample time for responses and replies, as well as for the court to hear oral argument (if necessary), and ultimately to rule on the motions with time to spare before the scheduled start of trial in this matter. Thus, the timing of

State's Attorney Mosby's request to file additional pretrial motions will not delay trial or the other pretrial deadlines in the slightest.

Nor should this motion come as a surprise to either the Court or the government, as counsel for State's Attorney Mosby has made clear that the defense has always intended to file additional pretrial motions challenging the legal sufficiency of the government's allegations. And given that the only pretrial motions filed to date *have not* challenged the legal sufficiency of the unprecedented charges in the Superseding Indictment,[2] it should come as even less of a surprise that this motion was coming. Put simply, State's Attorney Mosby seeks leave for the first time to file a substantive, potentially dispositive motion well in advance of trial. It is not an effort to surprise or sandbag the government or the Court, and it is not a second bite at the apple.

Moreover, allowing State's Attorney Mosby to file the proposed motion will likely streamline these proceedings and make them more efficient. In particular, if the Court hears and grants the motion to dismiss Counts 1 and 3, that will cut the scope of these proceedings in half, thus shortening the time needed for trial.

As for why State's Attorney Mosby is seeking leave to file additional motions now, that can largely be traced to the fact that the government has opted for what it terms a "rolling production" of its discovery materials. This phased production has made it difficult for the defense team to form an adequate picture of the scope of the government's evidence, and how that evidence relates to the allegations in the Superseding Indictment. This is particularly true with respect to the materiality issue raised in the motion to dismiss, where State's Attorney Mosby must essentially

---

[2] To the extent that the government will argue that this request to file an additional motion will upend the current pretrial schedule, it is worth noting that the Government gave little regard to the existing pretrial schedule when it filed a superseding indictment on March 10, 2022—*after* State's Attorney Mosby filed her first pretrial motion and motion for a bill of particulars and less than two months before the trial in this matter was originally scheduled to begin.

prove a negative in terms of what (if anything) was material with respect to the statements she made on the CARES Act designation form in this case of first impression. The timing of this motion strikes an appropriate balance between the need for enough information to file an informed, meritorious motion to dismiss and giving the parties enough time to fully brief the motion and the Court enough time to resolve it. Good cause thus exists to grant leave to file the proposed pretrial motion.

### III.    The Government Will Not Be Prejudiced

As a final matter, the government will not be prejudiced if the Court exercises its discretion and grants leave to file *one* additional proposed pretrial motion. As noted, there is more than enough time before trial in this matter for the parties to fully brief, and the Court to rule on, the proposed motion. More important, however, is the need to allow State's Attorney Mosby to raise these critical issues that go to the heart of the government's allegations now, well in advance of trial. The need is particularly acute given that the government's allegations in this first-of-its-kind prosecution raise substantial questions about the legal sufficiency of the government's perjury charges. The fact that the government may not want to put in the work to address these critical—indeed, meritorious—issues is not a sufficient reason to deny leave.

To that end, no party will be prejudiced by the relief being sought. Indeed, allowing State's Attorney Mosby to raise these potentially dispositive issues now, rather than after trial, on appeal, or in a potential § 2255 petition, will materially advance her constitutional right to a fair trial on charges that are properly presented in a legally sufficient indictment. Because there will be no prejudice to either side, this Court should grant State's Attorney Mosby's motion and address these critical issues now.

A Proposed Order is attached.

Dated: June 1, 2022                          Respectfully Submitted,


                                        /s/A. Scott Bolden

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

## **CERTIFICATE OF SERVICE**

I certify that, on June 1, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

/s/ *A. Scott Bolden*
A. Scott Bolden