```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
 2                     NORTHERN DIVISION

 3    UNITED STATES OF AMERICA,)
                              )
 4           Plaintiff ,      )
         vs.                  )  CRIMINAL CASE NO. LKG-22-0007
 5                            )
      MARILYN J. MOSBY,       )
 6                            )
             Defendant.       )
 7    _____)

 8
                      Monday, May 23, 2022
 9                   -Telephone Conference-
                      Baltimore, Maryland
10
                      STATUS CONFERENCE
11
      BEFORE:  THE HONORABLE LYDIA K. GRIGGSBY, Judge
12

13    For the Plaintiff:

14        Leo Wise, Esquire
          Aaron Simcha Jon Zelinsky, Esquire
15        Sean R. Delaney, Esquire
          ASSISTANT UNITED STATES ATTORNEYS
16
      For the Defendant:
17
          Rizwan A. Qureshi, Esquire
18        Kelley Miller, Esquire
          Paola Nuñez-Henry, Esquire
19        REED SMITH, LLP

20

21

22    _____
                      Reported by:
23
                  Nadine M. Bachmann, RMR, CRR
24             Federal Official Court Reporter
               101 W. Lombard Street, 4th Floor
25               Baltimore, Maryland  21201
                      410-962-4753
```

```
1                    (2:00 p.m.)
2          THE COURT:  Thank you very much and good afternoon
3   to counsel. Thank you to our courtroom deputy who will be
4   assisting us today. I believe someone else joined. Can we
5   check to find out who that is, please?
6          THE CLERK: Sure. Good afternoon, may I ask who just
7   joined the call?
8          MS. NUÑEZ-HENRY:  This is Paola Nuñez-Henry from
9   Reed Smith on behalf of State's Attorney Marilyn Mosby.
10         THE CLERK: All right, thank you.
11         THE COURT:  Thank you so much. Again, good afternoon
12  to counsel and thanks to our courtroom deputy for assisting us
13  with today's proceeding. I'm not sure we got all counsel on
14  the record and we've had some counsel join, so let's do that
15  again to have the record clear.  Could we have counsel for the
16  record please introduce yourself?
17         MR. WISE:  Good afternoon, Your Honor.  Leo Wise,
18  Sean Delaney and Aaron Zelinsky for the United States.
19         THE COURT:  Good afternoon, Mr. Wise and welcome to
20  you and your co-counsel. And counsel for State's Attorney
21  Mosby please again, for the record.
22         MR. QURESHI:  Good afternoon, Your Honor. Rizwan
23  Qureshi, Kelley Miller and Paola Nuñez-Henry on behalf of
24  State's Attorney Marilyn Mosby.
25         THE COURT:  Good afternoon, Mr. Qureshi and welcome
```

1    to you and your co-counsel.

2            As the parties are aware, on April 5th of this year

3    the Court issued an amended scheduling order in this case

4    which rescheduled the trial in this matter to September 19th

5    of 2022. At that time the Court stayed all other pretrial

6    deadlines to afford the parties an opportunity to meet and

7    confer and to make a recommendation to the Court regarding our

8    pretrial proceedings.

9            On May 6th, the Court received -- I'm sorry, issued

10   an order directing the parties to propose a schedule for

11   pretrial proceedings in this matter.

12           On May 16th the Court received the parties' joint

13   status report and the Court has carefully reviewed that

14   filing. That report indicates there's some deviation between

15   the Government and the defense in terms of the schedule for

16   how we should proceed. The parties also requested that the

17   Court conduct a status conference to help to resolve those

18   issues and that is our purpose today to hopefully -- or to

19   rather, resolve any remaining issues regarding the schedule of

20   pretrial proceedings.  And the Court is prepared to enter an

21   order subsequent to our conversation today so that we are

22   clear about our schedule moving forward.

23           With that, perhaps it would be helpful to just get a

24   little overview from the parties about where we are and then

25   we'll talk in particular about some of the issues with regard

```
 1        to the schedule for pretrial proceedings.
 2                Mr. Wise, do you want to update the Court on where
 3        we are from the perspective of the Government?
 4                MR. WISE:   Thank you, Your Honor. I think that the
 5        issue here that continues to affect the schedule is the
 6        defense's expert disclosures. As Your Honor recalled, this is
 7        the issue that triggered their request for a continuance. We
 8        are still waiting for expert disclosures. I think that's
 9        really the key scheduling issue. The defense has proposed
10        August the 1st which is practically too late. We're going to
11        have to potentially retain rebuttal experts, depending on what
12        they disclose. We don't know what they're going to because we
13        haven't got the disclosure letters.  We don't know who they're
14        going to attempt to put on as experts, but as I'm sure Your
15        Honor has experienced, the process of locating expert
16        witnesses and then we are the Federal Government after all, so
17        putting them under contract, it can be a lengthy process.
18                And so we propose June the 1st [audio gap] for
19        several months after the original expert disclosures the Court
20        set back on April the 4th when we were still attempting to
21        meet the trial schedule that the defendant had asked for. But
22        if we wait until August, it will be practically impossible.
23        Most of the experts we use are academic [audio gap] where we
24        find experts.
25                So once we see what the defense actually does, as
```

```
 1    we've indicated, we most likely will have litigation over it.

 2    We've got a couple of bullet points that are about

 3    nondisclosures indicating -- two of the bullet points indicate

 4    that they may attempt to call some legal experts. [Audio gap.]

 5    Your Honor is the expert in the courtroom and it's not

 6    appropriate to retain and put forward other legal experts.

 7    That was an issue in a case I tried -- or two cases ago where

 8    the defense noticed [audio gap] and Judge O'Grady who was the

 9    judge from Virginia excluded those.

10          So we're really going to be proceeding on two

11    tracks:  One, litigation of those experts and two and I think

12    more practically, once we see what they actually intend to do

13    and experts that are so highly specialized, we really do need

14    to see their disclosures before we can go out and look for

15    experts to help us both with the pretrial litigation and

16    potentially with cross-examining these experts and potentially

17    testifying in rebuttal. That process takes time. We go to an

18    expert, we think this is within their area of expertise. In my

19    experience we often get it wrong in the first instance and

20    then that person says "Well, I don't really focus on that

21    issue, but here's the names of three people who do.  These are

22    my colleagues" and then you set up a call with them and get on

23    their schedule and you talk to them. And that can take -- that

24    can take weeks to just narrow down on who you're going to use.

25          People that are qualified are often not sort of just
```

1    sitting around waiting for the phone to ring, so there's also

2    scheduling issues.  If we wait, you know, right up until the

3    month before the trial, I think we'll inevitably have

4    problems.

5            My presumption is the defense has already retained

6    these folks. It's been months since they've talked about --

7    they first started -- in our very first status conference in

8    February they said they intended to call experts. So my guess

9    is they're already under retainer.  So those are issues we're

10   going to have with finding someone.  And then once we do find

11   them, we of course have to go through the procurement process

12   like any other Government contract which is not like the flip

13   of a switch. That can also take weeks.

14           So as I said, we propose June 1 for these

15   disclosures and any litigation that would follow.

16           The other issue is and we're not sure why, the

17   defense has built in another round of pretrial motions. We've

18   obviously had pretrial motions and a pretrial motions hearing.

19   We don't think an additional round is appropriate. We

20   obviously superseded that and added some additional factual

21   allegations, but those are factual allegations that can't be

22   resolved pretrial, they have to be resolved at trial because

23   there's no Summary Judgment mechanism in criminal cases.  So

24   we don't think the filing of the superseding indictment

25   triggers an additional round of motions.

1          The Motions to Dismiss were obviously denied.  We do

2     anticipate Motions in Limine.  As we said from the beginning,

3     we intend to move to exclude the personal attacks the defense

4     has been leveling at us and they may have Motions in Limine of

5     their own.  I can't recall if they do or not.

6          But my second point is we don't think another round

7     of pretrial motions and a pretrial motions hearing is

8     necessary.

9          And just finally, when I look at their schedule,

10    even with our practical issues with lining up rebuttal

11    experts, the decision the Court would have to make on motions

12    to exclude their experts or whatever we file would be really

13    right upon the eve of trial which we think is setting us up

14    with failure. That's a bad idea.  And when we have the next --

15    all the summer to get this worked out, it makes all the sense

16    in the world to do that.

17         **THE COURT:**  Thank you, Mr. Wise.  A few questions to

18    back up a few steps and get clarification on a couple of

19    points and your point about obviously accommodating the

20    current trial date and ensuring that all parties and the Court

21    have sufficient time to address any pretrial issues is an

22    important one and one that I'm sure your opposing counsel will

23    also want to address.

24         Just to be clear, the Court heard you say on behalf

25    of the Government you anticipate motions to exclude related to

1    the defense's expert. That's correct?

2         **MR. WISE:**  It is, Your Honor. Again, we've seen just

3    a couple of bullets, but one of the bullets is a legal expert

4    [audio gap] and I know that's something we would move to

5    exclude.  As I said in the Ravenell case in December there

6    were a number of quote/unquote "legal experts" that were

7    disclosed and we moved -- there was pretrial litigation over

8    those and those were excluded.  I would anticipate that.

9         And I know another one of the bullets made reference

10   to some sort of forensic analysis. At first blush certainly a

11   forensic accountant can perform an analysis and is qualified

12   to perform an analysis, but the question is what are the

13   opinions?  Even if we didn't move like we would potentially

14   probably with a legal expert categorically to exclude, it may

15   be that when we actually receive the disclosure, a part of the

16   anticipated testimony that we think would be outside the

17   bounds of what the jury in this case -- often the problem we

18   run into is when experts are offered to essentially testify in

19   place of the defendant to put sort of state of mind evidence

20   before the jury and that, of course, isn't appropriate.

21        So that's a recurring theme in kind of pretrial

22   litigation we see over experts in white collar cases.

23        **THE COURT:**  And Mr. Wise, just to be clear at this

24   point, the defense has not formally designated and disclosed

25   its experts, but at this point the Government does not have

```
1    experts, correct?
2             MR. WISE:  Yes, Your Honor.  So the short answer is
3    we never attempted to call experts.  We intend to call two tax
4    witnesses.  And from what I recall from our last conversation,
5    words to the effect that the -- and part of this is reading
6    between the lines -- I think that what the defense will do is
7    potentially move to exclude our summary fact witnesses arguing
8    that they're, in fact, expert witnesses.  And I've seen this
9    happen in other cases.
10            And so I think as a way to short circuit litigation
11   over that, once we have the line set I think what we will do
12   is we will make a full disclosure for the fact witnesses, even
13   though we're not required to, even though we don't intend to
14   elicit expert opinion from them, really just to take the issue
15   off the table.  Because the way this goes back and forth is we
16   identify witnesses, a summary witness, a fact summary witness
17   who is going to testify on rules of evidence.  And defense
18   says "Oh no, that's really an expert witness.  You haven't
19   provided that disclosure, so exclude the witness."
20            So one way to kind of avoid that litigation
21   altogether is just to simply out of an abundance of caution
22   say here is the subject matter, here is the basis, here is the
23   {audio gap} of the witness. Again, from the position that we
24   don't intend to qualify those experts.  That's kind of an
25   additional observation I would make.  We don't intend to call
```

1    experts even though experts -- we said all along we do intend

2    to call a fact summary expert because there's voluminous

3    financial records.

4           The defense received a number of notices from the

5    IRS and those are voluminous.  So we intend to call an IRS

6    employee who will say notice -- and the notices are identified

7    by number in the indictment, but particular notice, that

8    number is the following and then there's a document which is

9    included in discovery that identifies what those notices are.

10   So those two areas, sort of financial records and [audio gap]

11   we think are appropriate for summary fact witnesses, but to

12   avoid having to litigate over whether the expert witnesses

13   will make the kind of disclosures that one makes with an

14   expert witness to take the issue off the table.  So I thank

15   you.

16          **THE COURT:**  There's a little bit of interference,

17   Mr. Wise.  I'm having trouble hearing some of what you said,

18   but let's talk about Motions in Limine just to be clear again.

19   The Court understands the Government anticipates that it will

20   be filing such motions; is that still the case?

21          **MR. WISE:**  Absolutely, Your Honor, yes.

22          **THE COURT:**  Okay.  And that would pertain to some of

23   the issues we've discussed earlier in the pretrial phase of

24   the pretrial motions or something else?

25          **MR. WISE:**  No, it includes the hearing [audio gap.]

1          **THE COURT REPORTER:**  I'm sorry, Judge, this is

2     Nadine.  I'm having an awfully hard time hearing him as well.

3          **THE COURT:**  Thank you.  Mr. Wise, there's some

4     interference. I'm not sure if you can take yourself off

5     speakerphone or speak more directly into your device.  It's

6     cutting in and out and it's getting a little worse than when

7     we started.

8          **MR. WISE:**  Sorry, Your Honor.  I'm not on

9     speakerphone.  Can you hear me?

10          **THE COURT:**  I can hear now.  How about the court

11     reporter?

12          **THE COURT REPORTER:**  That was much better, thank

13     you.

14          **THE COURT:**  Let's keep it there, Mr. Wise.  Go

15     ahead.

16          **MR. WISE:**  Sure.  I'm not doing anything

17     differently, so just interrupt me if it cuts out because my

18     suspicion is it has to do with, you know, the connection, not

19     how I'm speaking into it or anything.

20          But no, Your Honor.  We intend to move in limine to

21     exclude the kind of personal attacks that have been made

22     that's the subject matter of the Motion in Limine because we

23     had the Motion in Limine cleared, those are issues for the

24     jury deciding whether the facts amount to violations of the

25     charged statute.  So that's going to be the subject matter of

```
 1        our Motion in Limine.
 2               THE COURT:  Okay, thank you very much, Mr. Wise.
 3        Let's hear from Mr. Qureshi on behalf of the defense.  And Mr.
 4        Qureshi kind of, again, an overview where things stand from
 5        your perspective and we can talk about your proposed schedule
 6        and then we will endeavor to try to reach some type of an
 7        accommodation so we can move forward. Mr. Qureshi.
 8               MR. QURESHI:  Thank you, Your Honor.  I hope you can
 9        hear me fine because I was having a tough time hearing Mr.
10        Wise as well.
11               On behalf of the defense I would just say -- and Mr.
12        Bolden has said this previously and I don't think the
13        Government will dispute this. I know at our pretrial motions
14        hearing, Mr. Wise did say that there have been CARES
15        Act-related prosecutions, but I don't believe there's anything
16        of this nature outside of the PPP loan context that we see
17        throughout the country today.
18               This is a case of first impression. We are not
19        interested and Ms. Mosby is not interested in causing
20        unnecessary delay by asking the Court for an August 1st
21        deadline. And we had a good conversation with the Government
22        on this issue and we can completely appreciate the
23        Government's perspective given that they may want to call
24        rebuttal witnesses once they understand the scope of the
25        defense's witnesses.
```

```
1              As the Court is very well aware, there are other
2    considerations that are related to defense strategy that I'm
3    not in a position or at liberty to discuss in this public
4    hearing. Obviously to the extent the Court has a mechanism by
5    which I can advise the Court ex parte, I'm happy to do so. I
6    believe the Court is aware of certain limitations the defense
7    has in noticing its experts.  And based on our internal
8    analysis and conferring with our experts and other necessary
9    parties, it appears the earliest date by which we can notice
10   experts is August 1st.
11             And getting back to the issue, Your Honor, of this
12   being a case of first impression, I would note, you know,
13   given the voluminous discovery here, some of which was
14   produced in advance of our last motions hearing, we would
15   submit that there's absolutely no prejudice to the Government
16   to allow the defense to file an additional or additional
17   motions all by June 1st which is just eight days from now
18   which is several months in advance of --
19             THE COURT:  Well, Mr. Qureshi, since you brought
20   that up, what kind of motions are you talking about?  Because
21   we've had -- this is the Court speaking, not arguing for the
22   defense or anyone else, but we've had a round of pretrial
23   motions. We had a hearing.  A month has elapsed since that
24   hearing and now you're raising an issue of additional pretrial
25   motions. The Court at the very beginning of this proceeding
```

1    was very clear that changes will not be made to the schedule

2    absent good cause.

3           So what are you envisioning in terms of pretrial

4    motions at this stage?

5           **MR. QURESHI:**  Your Honor, one motion was actually

6    discussed at the motions hearing which relates to the

7    designation of Brady evidence under the Blankenship District

8    Court case which is not -- understandably not a Fourth Circuit

9    case, but we believe it's persuasive and relevant to the

10   proceedings before the Court.  And particularly based upon our

11   analysis of the evidence and the discovery produced by the

12   Government, including the Government's representation at the

13   first status conference before this Court saying that there is

14   nothing objectively Brady in the discovery. When, in fact, it

15   is clear there are some pieces of evidence in the discovery

16   that are, in fact, Brady.

17          Now I understand the Government will then say in

18   response "Well, you know what the Brady is." I think the

19   concern that we have is given that it's a case of first

20   impression and given that we have voluminous discovery, we

21   believe the Government should designate discovery and we

22   believe Blankenship is an analogous case that the Court should

23   consider in its analysis of that issue.

24          Secondarily, there is another motion that the

25   defense would be prepared to file by June 1st, Your Honor.

1    That relates to specifically -- and I can't go into details

2    about it because it's not fully fleshed out, but it relates to

3    the defective nature of the Government's indictment.

4              Again, I would note to the Court that this is a case

5    of first impression. We are seeing a prosecution of this.

6    We've never seen a prosecution like this previously as it

7    relates to what Ms. Mosby is alleged to have done,

8    particularly as it relates to Counts One and Three, the

9    perjury counts.

10              So we would just submit to the Court that those are

11    the two motions we're focusing on now.  And I'm not being

12    intentionally evasive with the Court by not describing in

13    detail the second motion. I believe it's just something that

14    we're still finalizing at our end.  And I also don't -- I'm

15    not in a position to, frankly, lay it out specifically for the

16    Court, but I'm happy to do so if the Court would like an ex

17    parte context.

18              **THE COURT:**  Okay, thank you very much, Mr. Qureshi.

19    That's a helpful background.  That's sufficient for now. We've

20    heard about your proposed potential additional pretrial

21    motions that the defense wishes to file. The main issue is the

22    disclosure of experts which obviously would have to occur

23    before we get into motions to exclude.  And Mr. Wise has

24    talked about the other issues related to the experts in this

25    case.

1              To be candid and just looking at the schedule, the

2    trial is set for September the 19th. We have already on the

3    schedule our final pretrial motions and hearing scheduled for

4    September 14th. We will have jury selection also around that

5    time.  So clearly we're going to have to get through these

6    issues of designating experts, exchanging information about

7    the experts.  If the Government is going to have experts, them

8    designating their experts well before we get into September.

9    And just in terms of the mass and the schedule, waiting until

10   August to do this is simply too late. It's not realistic in a

11   case where we have been working on these issues now for

12   several months.

13             So let's look at the proposed schedule a little

14   closer.  We'll see if we can get agreement from the parties.

15   If not, the Court is going to set some dates and Mr. Qureshi,

16   the Court is fully aware of the issues that you've addressed

17   and is aware of that as we're talking today, but realistically

18   I think we're going to have to do better than waiting until

19   August to begin the process of addressing expert issues.  That

20   is going to take some time for the parties to address before

21   the Court and for the Court to resolve, not withstanding the

22   Government having time to procure the experts.

23             So going back to the schedule -- and the Court is

24   looking at what the parties have proposed -- the next deadline

25   really is a date for disclosing the defense's experts. Pending

1    any issues on the Motions in Limine, that's the next deadline

2    in this case, getting the experts designated by the defense

3    and then addressing any motions that may be coming from either

4    side as it relates to the experts.

5            Right now the defense is suggesting August 1st.  I

6    have to agree with the Government, it's too late in terms of

7    the schedule. The Government is proposing June 1st. I hear

8    you, Mr. Qureshi, this is the end of May.  It doesn't give

9    anyone much time. The Court thinks that by July 1 the defense

10   should be able to do this -- that's more than a month from now

11   -- to address any issues that need to be addressed before the

12   defense has to designate their experts.  And that will still

13   give us a good full two months plus.  The Court has September

14   to handle some of the motions that may arise from that.

15           So the Court is going to propose that the defendant

16   make expert disclosures by July 1st of 2022, making sure that

17   is not a weekend -- that's a Friday -- which is more than a

18   month from now. That should be hopefully enough time to

19   address any issues so the defense will be in a position to do

20   that.  I'd like to hear first from Mr. Wise, and then we'll

21   hear from Mr. Qureshi. Mr. Wise.

22           **MR. WISE:**  Thanks, Your Honor.  As we said, as soon

23   as we can get them is really what we need in order to find

24   potential rebuttal experts and then retain them. So I

25   appreciate -- we very much appreciate getting closer to the

1    early part of the summer rather than later in August.

2            **THE COURT:**  Mr. Qureshi?

3            **MR. QURESHI:**  Your Honor, I would submit that that

4    is a reasonable proposal by the Court. I will just say as the

5    Court is very well aware, there are certain aspects of the

6    retention of experts and providing the notice that the

7    Government is entitled to since the defense intends on calling

8    experts that are outside of the defense's control.  Should the

9    defense at any point become aware that that is going to be

10   difficult or an impossibility, we'd be the first to alert the

11   Court and the Government, but I cannot take issue with that

12   proposal. I was just proposing August 1st, Your Honor, because

13   that's the date that was proposed to me by the various

14   necessary parties as being the earliest.  But we will endeavor

15   and understand the considerations.  And frankly, Ms. Mosby and

16   the defense is prepared and eager to go to trial at the set

17   trial date of September 19th.

18           **THE COURT:**  Thank you very much, Mr. Qureshi.  And

19   your points are well noted by the Court. If we have our

20   experts identified by July 1, I think we can then proceed to

21   talk about the schedule for the various motions. Right now we

22   know that there's going to be Motions to Exclude and Motions

23   in Limine.

24           I want to put another pin for another minute in the

25   motions, Mr. Qureshi, that you raised, so let's just focus in

1    on these other items which were already on the schedule, just

2    had different dates.  Again, any Motions to Exclude by the

3    Government and Motions in Limine, working off of July 1, 2022,

4    deadline for disclosure.  Mr. Wise, is this something you

5    think the Government would be in a position to respond to,

6    just bumping the dates off by a month, so July 15, for

7    example, or is that insufficient time for the Government to be

8    ready to file any motions?

9         **MR. WISE:**  We can file by July 15th, Your Honor.

10         **THE COURT:**  All right. Mr. Qureshi, would you be

11    able to deal with any Motions in Limine that your client would

12    want to file by July 15th?

13         **MR. QURESHI:**  Yes, Your Honor.

14         **THE COURT:**  All right, then the Court just proposes

15    frankly bumping out the dates that were in, I believe, the

16    Government's proposal. Again, July 1, 2022 with the expert

17    disclosures, then we'll just set the briefing schedule for the

18    Motions in Limine and Motions to Exclude, July 15, 2022.

19    Opening round, July 29, 2022 for responses and then August 6,

20    2022 for a reply brief. Actually, would have to be August the

21    5th because August the 6th is a Saturday.  So August 5th,

22    2022.  And that would at least get us fully briefed up by the

23    beginning of August, so we have some time to work with before

24    the trial to address those motions and to do the rest of our

25    pretrial work. Keeping in mind, of course, August is also a

1    time when many folks are away.

2           The Court would probably like to have a pretrial

3    conference with the parties probably sometime in August to

4    deal with these motions in advance of the September 14, 2022

5    hearing. But the Court would prefer to wait and set that date

6    a little bit closer in time so that we know we have our work

7    completed so that hearing could be productive. But we will

8    keep as well the September 14th final pretrial conference

9    which would be another opportunity to revisit any motions that

10   have been filed as we prepare for trial.

11          Any comment or concerns about the proposed schedule?

12   Again, July 1, 2022 for the defendant's expert disclosures.

13   Then we'll begin briefing of the Motions to Exclude and

14   Motions in Limine. July 15, 2022 for opening motions. July 29,

15   2022 for responses. Replies, August 5, 2022. The Court will be

16   back with the parties about scheduling a potential pretrial

17   status conference probably mid to late August to address those

18   motions and we will continue to keep our pretrial status

19   conference for September 14, 2022. Mr. Wise?

20          **MR. WISE:**  That schedule is fine for the United

21   States, Your Honor.  We appreciate it.

22          **THE COURT:**  Mr. Qureshi?

23          **MR. QURESHI:**  No objection on behalf of Ms. Mosby,

24   Your Honor, thank you.

25          **THE COURT:**  Now let's talk about these pretrial

```
 1        motions, Mr. Qureshi. The Court has a couple of thoughts about
 2        that. Number one as we discussed, you obviously already had a
 3        possibility for pretrial motions that occurred many months ago
 4        in this case. The Court appreciates that your client may have
 5        additional motions that she wishes to file. The Court's
 6        suggestion would be if that continues to be the case, that you
 7        notify the Court of that and that you follow along the same
 8        schedule we have for the other motions as potential dates for
 9        those motions.  It really is very late in the process and it
10        sounds like some of those issues may very well be able to be
11        addressed by some of the other motions being filed.  What are
12        your thoughts about approaching the issue that way?
13             MR. QURESHI:  Just so I'm understanding the Court
14        correctly, Your Honor, is it the Court's preference that the
15        defense if we choose to file, if Ms. Mosby chooses to file
16        additional pretrial motions, to file it -- file them or file
17        it by the July 1st deadline?
18             THE COURT:  I think what I'm asking you to do, Mr.
19        Qureshi, is to seek leave to file. Contact the Court prior to
20        that date and if the Court grants you leave you will follow
21        the same briefing schedule.
22             Two concerns the Court has:  Number one is that
23        we've already had extensive briefing of pretrial motions in
24        this case and obviously our trial schedule has moved, but
25        nonetheless we really have been past that phase in the case.
```

1    There's quite a bit of additional work to be done and frankly,

2    not as much time as we would might like to hope to have to

3    complete that work.  So really the idea of additional pretrial

4    motions gives the Court pause.

5            With that said and given the fact as you explained

6    to the Court you're not prepared today to talk in great detail

7    about those motions, what the Court would be willing to do is

8    to allow the defense to come back and seek leave closer to the

9    date for when we are going to have briefing on other motions,

10   to seek leave at that time and demonstrate good cause where

11   appropriate for additional motions to be filed. And if the

12   Court grants you that leave, then you'll be able to follow the

13   same schedule we already have set to address whatever issues

14   you wish to address in that setting.

15           **MR. QURESHI:**  I understand, Your Honor.  And I would

16   just -- I would just provide one sort of counter to that.  As

17   noted in the defense's proposed schedule, we are prepared to

18   file the motions that we intend on filing, at least pretrial

19   motions or additional pretrial motions in the next eight days.

20   And what I'm concerned about is if the Court prefers, given

21   that we already have a set schedule for Motions in Limine, for

22   example, that will commence later in July, that asking for

23   leave for a motion that I'll be in a position to file in eight

24   days, I'm concerned about an opposition which will likely come

25   from the Government that will say that we've essentially been

1    delaying further.

2          I would be in a position, Your Honor, to seek leave

3    very soon, next week. Would the Court have any objection if

4    the defense were to seek leave as early as next week?  Because

5    I'll be completely frank with the Court and as I conveyed to

6    the Government, the reason why we chose a specific date for

7    pretrial motions, we understand that we under the rules have

8    the ability to seek leave of court at any point to file a

9    motion outside of a set schedule. It was really to give the

10   Government the predictability that I think Mr. Wise has been

11   conveying that's necessary for them to prepare for trial.

12         So that would be my only counter to that, but I

13   understand the Court's position and we'll be prepared to seek

14   leave, but we'll be also prepared to seek leave much sooner

15   than the July dates that the Court has just said.

16         **THE COURT:**  Thank you very much, Mr. Qureshi, for

17   that. Mr. Wise, anything you'd like to comment on or add?

18         **MR. WISE:**  You know, Your Honor, I think if they're

19   going to seek leave, we would prefer that they do it June 1

20   like Mr. Qureshi has thrown out. They talked about Blankenship

21   I think since February and haven't filed a motion about it and

22   we made our last discovery production on March 29th which is

23   six weeks ago. So the notion that they need us to tell them

24   what is Brady I think just practically speaking is not -- just

25   has no purchase.

1      Whatever the other motion is, I think seeking leave

2  to file it now makes sense because in July we'll obviously be

3  reviewing their disclosures finally and then preparing the

4  appropriate responses and potentially retaining experts. So if

5  we can get ahead of what we're going to be doing in July by

6  looking at whatever it is that they now want to file, that

7  would certainly be our preference.

8          **THE COURT:**  Okay, makes sense to the Court as well.

9  Thank you, Mr. Wise. Thank you, Mr. Qureshi. Today is May 23rd

10  if the Court recalls correctly.  Can you get your motion for

11  leave to file in by the end of the week so we know what we're

12  dealing with?  Or do you need until June 1?

13          **MR. QURESHI:**  I think we'll need until June 1, Your

14  Honor, with the Court's indulgence.

15          **THE COURT:**  Okay, June the 1st. And that motion

16  needs to address, of course, why good cause is shown.

17          **MR. QURESHI:**  Yes, Your Honor.

18          **THE COURT:**  Not deviating from the scheduling order,

19  so not just the substance of your motion, but why good cause

20  is shown.  And the Court appreciates the thoughtful insight by

21  counsel on that.  So we'll add that to the schedule.  June 1,

22  defense will file any motion for leave regarding pretrial

23  motions and the Court will, of course, need to decide whether

24  or not to grant that leave before we proceed, Mr. Qureshi, but

25  happy to carefully consider what you file.

 1          **MR. QURESHI:**  Thank you, Your Honor.

 2          **THE COURT:**  Thank you. And it looks like we have a

 3     schedule, so that's good news and the Court will issue an

 4     order consistent with our conversation once we conclude today.

 5          Mr. Wise, anything further we need to discuss from

 6     the perspective of the Government?

 7          **MR. WISE:**  No, Your Honor.  Thank you.

 8          **THE COURT:**  Mr. Qureshi, anything further on behalf

 9     of the defense?

10          **MR. QURESHI:**  No, Your Honor.  Thank you very much.

11          **THE COURT:**  The Court thanks counsel again for your

12     time. It's been a very helpful conversation. As indicated, the

13     Court will issue an amended scheduling order consistent with

14     our discussion today and the Court looks forward to hearing

15     from the parties in the coming weeks.  With that, we are

16     adjourned.  Have a good afternoon.

17          **(Proceeding concluded at 2:33 p.m.)**

18

19

20

21

22

23

24

25

```
 1                  CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4

 5           I, Nadine M. Bachmann, Certified Realtime Reporter

 6      and Registered Merit Reporter, in and for the United States

 7      District Court for the District of Maryland, do hereby

 8      certify, pursuant to 28 U.S.C. § 753, that the foregoing is a

 9      true and correct transcript of the stenographically-reported

10      proceedings held in the above-entitled matter and that the

11      transcript page format is in conformance with the regulations

12      of the Judicial Conference of the United States.

13

14                       Dated this 2nd day of June, 2022.

15

16                       -S-

17                       _____

18                       NADINE M. BACHMANN, CRR, RMR
                         FEDERAL OFFICIAL COURT REPORTER
19

20

21

22

23

24

25
```

## 1

**1** [10] - 6:14, 17:9, 18:20, 19:3, 19:16, 20:12, 23:19, 24:12, 24:13, 24:21
**101** [1] - 1:24
**14** [2] - 20:4, 20:19
**14th** [2] - 16:4, 20:8
**15** [3] - 19:6, 19:18, 20:14
**15th** [1] - 19:9, 19:12
**16th** [1] - 3:12
**19th** [3] - 3:4, 16:2, 18:17
**1st** [12] - 4:10, 4:18, 12:20, 13:10, 13:17, 14:25, 17:5, 17:7, 17:16, 18:12, 21:17, 24:15

## 2

**2022** [16] - 1:8, 3:5, 17:16, 19:3, 19:16, 19:18, 19:19, 19:20, 19:22, 20:4, 20:12, 20:14, 20:15, 20:19, 26:14
**21201** [1] - 1:25
**23** [1] - 1:8
**23rd** [1] - 24:9
**28** [1] - 26:8
**29** [2] - 19:19, 20:14
**29th** [1] - 23:22
**2:00** [1] - 2:1
**2:33** [1] - 25:17
**2nd** [1] - 26:14

## 4

**410-962-4753** [1] - 1:25
**4th** [2] - 1:24, 4:20

## 5

**5** [1] - 20:15
**5th** [3] - 3:2, 19:21

## 6

**6** [1] - 19:19
**6th** [2] - 3:9, 19:21

## 7

**753** [1] - 26:8

## A

**Aaron** [2] - 1:14, 2:18
**ability** [1] - 23:8
**able** [4] - 17:10, 19:11, 21:10, 22:12
**above-entitled** [1] - 26:10
**absent** [1] - 14:2
**absolutely** [2] - 10:21, 13:15
**abundance** [1] - 9:21
**academic** [1] - 4:23
**accommodating** [1] - 7:19
**accommodation** [1] - 12:7
**accountant** [1] - 8:11
**Act** [1] - 12:15
**Act-related** [1] - 12:15
**add** [2] - 23:17, 24:21
**added** [1] - 6:20
**additional** [14] - 6:19, 6:20, 6:25, 9:25, 13:16, 13:24, 15:20, 21:5, 21:16, 22:2, 22:3, 22:11, 22:19
**address** [10] - 7:21, 7:23, 16:20, 17:11, 17:19, 19:24, 20:17, 22:13, 22:14, 24:16
**addressed** [3] - 16:16, 17:11, 21:11
**addressing** [2] - 16:19, 17:3
**adjourned** [1] - 25:16
**advance** [3] - 13:14, 13:18, 20:4
**advise** [1] - 13:5
**affect** [1] - 4:5
**afford** [1] - 3:6
**afternoon** [8] - 2:2, 2:6, 2:11, 2:17, 2:19, 2:22, 2:25, 25:16
**ago** [3] - 5:7, 21:3, 23:23
**agree** [1] - 17:6
**agreement** [1] - 16:14
**ahead** [2] - 11:15, 24:5
**alert** [1] - 18:10
**allegations** [1] - 6:21
**alleged** [1] - 15:7
**allow** [2] - 13:16, 22:8
**altogether** [1] - 9:21
**amended** [2] - 3:3, 25:13
**AMERICA** [1] - 1:3
**amount** [1] - 11:24
**analogous** [1] - 14:22

**analysis** [6] - 8:10, 8:11, 8:12, 13:8, 14:11, 14:23
**answer** [1] - 9:2
**anticipate** [3] - 7:2, 7:25, 8:8
**anticipated** [1] - 8:16
**anticipates** [1] - 10:19
**appreciate** [4] - 12:22, 17:25, 20:21
**appreciates** [2] - 21:4, 24:20
**approaching** [1] - 21:12
**appropriate** [6] - 5:6, 6:19, 8:20, 10:11, 22:11, 24:4
**April** [2] - 3:2, 4:20
**area** [1] - 5:18
**areas** [1] - 10:10
**arguing** [2] - 9:7, 13:21
**arise** [1] - 17:14
**aspects** [1] - 18:5
**ASSISTANT** [1] - 1:15
**assisting** [2] - 2:4, 2:12
**attacks** [2] - 7:3, 11:21
**attempt** [2] - 4:14, 5:4
**attempted** [1] - 9:3
**attempting** [1] - 4:20
**Attorney** [3] - 2:9, 2:20, 2:24
**ATTORNEYS** [1] - 1:15
**audio** [7] - 4:18, 4:23, 5:8, 8:4, 9:23, 10:10, 10:25
**Audio** [1] - 5:4
**August** [18] - 4:10, 4:22, 12:20, 13:10, 16:10, 16:19, 17:5, 18:1, 18:12, 19:19, 19:20, 19:21, 19:23, 19:25, 20:3, 20:15, 20:17
**avoid** [2] - 9:20, 10:12
**aware** [7] - 3:2, 13:1, 13:6, 16:16, 16:17, 18:5, 18:9
**awfully** [1] - 11:2

## B

**BACHMANN** [1] - 26:18
**Bachmann** [2] - 1:23, 26:5
**background** [1] - 15:19

**bad** [1] - 7:14
**Baltimore** [2] - 1:9, 1:25
**based** [2] - 13:7, 14:10
**basis** [1] - 9:22
**become** [1] - 18:9
**BEFORE** [1] - 1:11
**begin** [2] - 16:19, 20:13
**beginning** [3] - 7:2, 13:25, 19:23
**behalf** [7] - 2:9, 2:23, 7:24, 12:3, 12:11, 20:23, 25:8
**better** [2] - 11:12, 16:18
**between** [3] - 3:14, 9:6
**bit** [3] - 10:16, 20:6, 22:1
**Blankenship** [3] - 14:7, 14:22, 23:20
**blush** [1] - 8:10
**bolden** [1] - 12:12
**bounds** [1] - 8:17
**Brady** [5] - 14:7, 14:14, 14:16, 14:18, 23:24
**brief** [1] - 19:20
**briefed** [1] - 19:22
**briefing** [5] - 19:17, 20:13, 21:21, 21:23, 22:9
**brought** [1] - 13:19
**built** [1] - 6:17
**bullet** [2] - 5:2, 5:3
**bullets** [2] - 8:3, 8:9
**bumping** [2] - 19:6, 19:15

## C

**candid** [1] - 16:1
**cannot** [1] - 18:11
**carefully** [2] - 3:13, 24:25
**CARES** [1] - 12:14
**CASE** [1] - 1:4
**case** [19] - 3:3, 5:7, 8:5, 8:17, 10:20, 12:18, 13:12, 14:8, 14:9, 14:19, 14:22, 15:4, 15:25, 16:11, 17:2, 21:4, 21:6, 21:24, 21:25
**cases** [4] - 5:7, 6:23, 8:22, 9:9
**categorically** [1] - 8:14
**causing** [1] - 12:19
**caution** [1] - 9:21

**certain** [2] - 13:6, 18:5
**certainly** [2] - 8:10, 24:7
**CERTIFICATE** [1] - 26:1
**Certified** [1] - 26:5
**certify** [1] - 26:8
**changes** [1] - 14:1
**charged** [1] - 11:25
**check** [1] - 2:5
**choose** [1] - 21:15
**chooses** [1] - 21:15
**chose** [1] - 23:6
**Circuit** [1] - 14:8
**circuit** [1] - 9:10
**clarification** [1] - 7:18
**clear** [7] - 2:15, 3:22, 7:24, 8:23, 10:18, 14:1, 14:15
**cleared** [1] - 11:23
**clearly** [1] - 16:5
**CLERK** [2] - 2:6, 2:10
**client** [2] - 19:11, 21:4
**closer** [4] - 16:14, 17:25, 20:6, 22:8
**co** [2] - 2:20, 3:1
**co-counsel** [2] - 2:20, 3:1
**collar** [1] - 8:22
**colleagues** [1] - 5:22
**coming** [2] - 17:3, 25:15
**commence** [1] - 22:22
**comment** [2] - 20:11, 23:17
**complete** [1] - 22:3
**completed** [1] - 20:7
**completely** [2] - 12:22, 23:5
**concern** [1] - 14:19
**concerned** [2] - 22:20, 22:24
**concerns** [2] - 20:11, 21:22
**conclude** [1] - 25:4
**concluded** [1] - 25:19
**conduct** [1] - 3:17
**confer** [1] - 3:7
**Conference** [2] - 1:9, 26:12
**conference** [7] - 3:17, 6:7, 14:13, 20:3, 20:8, 20:17, 20:19
**CONFERENCE** [1] - 1:10
**conferring** [1] - 13:8
**conformance** [1] - 26:11
**connection** [1] - 11:18

consider [2] - 14:23, 24:25
considerations [2] - 13:2, 18:15
consistent [2] - 25:4, 25:13
contact [1] - 21:19
context [2] - 12:16, 15:17
continuance [1] - 4:7
continue [1] - 20:18
continues [2] - 4:5, 21:6
contract [2] - 4:17, 6:12
control [1] - 18:8
conversation [5] - 3:21, 9:4, 12:21, 25:4, 25:12
conveyed [1] - 23:5
conveying [1] - 23:11
correct [3] - 8:1, 9:1, 26:9
correctly [2] - 21:14, 24:10
counsel [11] - 2:3, 2:12, 2:13, 2:14, 2:15, 2:20, 3:1, 7:22, 24:21, 25:11
counter [2] - 22:16, 23:12
country [1] - 12:17
Counts [1] - 15:8
counts [1] - 15:9
couple [4] - 5:2, 7:18, 8:3, 21:1
course [5] - 6:11, 8:20, 19:25, 24:16, 24:23
COURT [32] - 1:1, 2:2, 2:11, 2:19, 2:25, 7:17, 8:23, 10:16, 10:22, 11:1, 11:3, 11:10, 11:12, 11:14, 12:2, 13:19, 15:18, 18:2, 18:18, 19:10, 19:14, 20:22, 20:25, 21:18, 23:16, 24:8, 24:15, 24:18, 25:2, 25:8, 25:11, 26:18
court [2] - 11:10, 23:8
Court [71] - 1:24, 3:3, 3:5, 3:7, 3:9, 3:12, 3:13, 3:17, 3:20, 4:2, 4:19, 7:11, 7:20, 7:24, 10:19, 12:20, 13:1, 13:4, 13:5, 13:6, 13:21, 13:25, 14:8, 14:10, 14:13, 14:22, 15:4, 15:10,

15:12, 15:16, 16:15, 16:16, 16:21, 16:23, 17:9, 17:13, 17:15, 18:4, 18:5, 18:11, 18:19, 19:14, 20:2, 20:5, 20:15, 21:1, 21:4, 21:7, 21:13, 21:19, 21:20, 21:22, 22:4, 22:6, 22:7, 22:12, 22:20, 23:3, 23:5, 23:15, 24:8, 24:10, 24:20, 24:23, 25:3, 25:11, 25:13, 25:14, 26:7
Court's [4] - 21:5, 21:14, 23:13, 24:14
courtroom [3] - 2:3, 2:12, 5:5
criminal [1] - 6:23
CRIMINAL [1] - 1:4
cross [1] - 5:16
cross-examining [1] - 5:16
CRR [2] - 1:23, 26:18
current [1] - 7:20
cuts [1] - 11:17
cutting [1] - 11:6

## D

date [9] - 7:20, 13:9, 16:25, 18:13, 18:17, 20:5, 21:20, 22:9, 23:6
Dated [1] - 26:14
dates [6] - 16:15, 19:2, 19:6, 19:15, 21:8, 23:15
days [3] - 13:17, 22:19, 22:24
deadline [5] - 12:21, 16:24, 17:1, 19:4, 21:17
deadlines [1] - 3:6
deal [2] - 19:11, 20:4
dealing [1] - 24:12
December [1] - 8:5
decide [1] - 24:23
deciding [1] - 11:24
decision [1] - 7:11
defective [1] - 15:3
Defendant [2] - 1:6, 1:16
defendant [3] - 4:21, 8:19, 17:15
defendant's [1] - 20:12
defense [32] - 3:15, 4:9, 4:25, 5:8, 6:5, 6:17, 7:3, 8:24, 9:6,

9:17, 10:4, 12:3, 12:11, 13:2, 13:6, 13:16, 13:22, 14:25, 15:21, 17:2, 17:5, 17:9, 17:12, 17:19, 18:7, 18:9, 18:16, 21:15, 22:8, 23:4, 24:22, 25:9
defense's [6] - 4:6, 8:1, 12:25, 16:25, 18:8, 22:17
Delaney [2] - 1:15, 2:18
delay [1] - 12:20
delaying [1] - 23:1
demonstrate [1] - 22:10
denied [1] - 7:1
deputy [2] - 2:3, 2:12
describing [1] - 15:12
designate [2] - 14:21, 17:12
designated [2] - 8:24, 17:2
designating [2] - 16:6, 16:8
designation [1] - 14:7
detail [2] - 15:13, 22:6
details [1] - 15:1
deviating [1] - 24:18
deviation [1] - 3:14
device [1] - 11:5
different [1] - 19:2
differently [1] - 11:17
difficult [1] - 18:10
directing [1] - 3:10
directly [1] - 11:5
disclose [1] - 4:12
disclosed [2] - 8:7, 8:24
disclosing [1] - 16:25
disclosure [6] - 4:13, 8:15, 9:12, 9:19, 15:22, 19:4
disclosures [10] - 4:6, 4:8, 4:19, 5:14, 6:15, 10:13, 17:16, 19:17, 20:12, 24:3
discovery [8] - 10:9, 13:13, 14:11, 14:14, 14:15, 14:20, 14:21, 23:22
discuss [2] - 13:3, 25:5
discussed [3] - 10:23, 14:6, 21:2
discussion [1] - 25:14
Dismiss [1] - 7:1
dispute [1] - 12:13
DISTRICT [2] - 1:1, 1:1

District [3] - 14:7, 26:7
DIVISION [1] - 1:2
document [1] - 10:8
done [2] - 15:7, 22:1
down [1] - 5:24

## E

eager [1] - 18:16
earliest [2] - 13:9, 18:14
early [2] - 18:1, 23:4
effect [1] - 9:5
eight [3] - 13:17, 22:19, 22:23
either [1] - 17:3
elapsed [1] - 13:23
elicit [1] - 9:14
employee [1] - 10:6
end [3] - 15:14, 17:8, 24:11
endeavor [2] - 12:6, 18:14
ensuring [1] - 7:20
enter [1] - 3:20
entitled [2] - 18:7, 26:10
envisioning [1] - 14:3
Esquire [6] - 1:14, 1:14, 1:15, 1:17, 1:18, 1:18
essentially [2] - 8:18, 22:25
evasive [1] - 15:12
eve [1] - 7:13
evidence [5] - 8:19, 9:17, 14:7, 14:11, 14:15
ex [2] - 13:5, 15:16
examining [1] - 5:16
example [2] - 19:7, 22:22
exchanging [1] - 16:6
exclude [9] - 7:3, 7:12, 7:25, 8:5, 8:14, 9:7, 9:19, 11:21, 15:23
Exclude [4] - 18:22, 19:2, 19:18, 20:13
excluded [2] - 5:9, 8:8
experience [1] - 5:19
experienced [1] - 4:15
expert [19] - 4:6, 4:8, 4:15, 4:19, 5:5, 5:18, 8:1, 8:3, 8:14, 9:8, 9:14, 9:18, 10:2, 10:12, 10:14, 16:19, 17:16, 19:16, 20:12
expertise [1] - 5:18
experts [41] - 4:11, 4:14, 4:23, 4:24, 5:4,

5:6, 5:11, 5:13, 5:15, 5:16, 6:8, 7:11, 7:12, 8:6, 8:18, 8:22, 8:25, 9:1, 9:3, 9:24, 10:1, 13:7, 13:8, 13:10, 15:22, 15:24, 16:6, 16:7, 16:8, 16:22, 16:25, 17:2, 17:4, 17:12, 17:24, 18:6, 18:8, 18:20, 24:4
explained [1] - 22:5
extensive [1] - 21:23
extent [1] - 13:4

## F

fact [9] - 9:7, 9:8, 9:12, 9:16, 10:2, 10:11, 14:14, 14:16, 22:5
facts [1] - 11:24
factual [2] - 6:20, 6:21
failure [1] - 7:14
February [2] - 6:8, 23:21
Federal [2] - 1:24, 4:16
FEDERAL [1] - 26:18
few [2] - 7:17, 7:18
file [22] - 7:12, 13:16, 14:25, 15:21, 19:8, 19:9, 19:12, 21:5, 21:15, 21:16, 21:19, 22:18, 22:23, 23:8, 24:2, 24:6, 24:11, 24:22, 24:25
filed [4] - 20:10, 21:11, 22:11, 23:21
filing [4] - 3:14, 6:24, 10:20, 22:18
final [2] - 16:3, 20:8
finalizing [1] - 15:14
finally [2] - 7:9, 24:3
financial [2] - 10:3, 10:10
fine [2] - 12:9, 20:20
first [11] - 5:19, 6:7, 8:10, 12:18, 13:12, 14:2, 14:19, 15:5, 17:20, 18:10
fleshed [1] - 15:2
flip [1] - 6:12
Floor [1] - 1:24
focus [2] - 5:20, 18:25
focusing [1] - 15:11
folks [2] - 6:6, 20:1
follow [4] - 6:15, 21:7, 21:20, 22:12
following [1] - 10:8
FOR [1] - 1:1
foregoing [1] - 26:8

**forensic** [2] - 8:10, 8:11
**formally** [1] - 8:24
**format** [1] - 26:11
**forth** [1] - 9:15
**forward** [4] - 3:22, 5:6, 12:7, 25:14
**Fourth** [1] - 14:8
**frank** [1] - 23:5
**frankly** [4] - 15:15, 18:15, 19:15, 22:1
**Friday** [1] - 17:17
**full** [2] - 9:12, 17:13
**fully** [3] - 15:2, 16:16, 19:22

## G

**gap** [8] - 4:18, 4:23, 5:4, 5:8, 8:4, 9:23, 10:10, 10:25
**given** [6] - 12:23, 13:13, 14:19, 14:20, 22:5, 22:20
**Government** [26] - 3:15, 4:3, 4:16, 6:12, 7:25, 8:25, 10:19, 12:13, 12:21, 13:15, 14:12, 14:17, 14:21, 16:7, 16:22, 17:6, 17:7, 18:7, 18:11, 19:3, 19:5, 19:7, 22:25, 23:6, 23:10, 25:6
**Government's** [4] - 12:23, 14:12, 15:3, 19:16
**grant** [1] - 24:24
**grants** [2] - 21:20, 22:12
**great** [1] - 22:6
**GRIGGSBY** [1] - 1:11
**guess** [1] - 6:8

## H

**handle** [1] - 17:14
**happy** [3] - 13:5, 15:16, 24:25
**hard** [1] - 11:2
**hear** [7] - 11:9, 11:10, 12:3, 12:9, 17:7, 17:20, 17:21
**heard** [2] - 7:24, 15:20
**hearing** [16] - 6:18, 7:7, 10:17, 10:25, 11:2, 12:9, 12:14, 13:4, 13:14, 13:23, 13:24, 14:6, 16:3, 20:5, 20:7, 25:14

**held** [1] - 26:10
**help** [2] - 3:17, 5:15
**helpful** [3] - 3:23, 15:19, 25:12
**HENRY** [1] - 2:8
**Henry** [3] - 1:18, 2:8, 2:23
**hereby** [1] - 26:7
**highly** [1] - 5:13
**Honor** [31] - 2:17, 2:22, 4:4, 4:6, 4:15, 5:5, 8:2, 9:2, 10:21, 11:8, 11:20, 12:8, 13:11, 14:5, 14:25, 17:22, 18:3, 18:12, 19:9, 19:13, 20:21, 20:24, 21:14, 22:15, 23:2, 23:18, 24:14, 24:17, 25:1, 25:7, 25:10
**HONORABLE** [1] - 1:11
**hope** [2] - 12:8, 22:2
**hopefully** [3] - 3:18, 17:18

## I

**idea** [2] - 7:14, 22:3
**identified** [2] - 10:6, 18:20
**identifies** [1] - 10:9
**identify** [1] - 9:16
**important** [1] - 7:22
**impossibility** [1] - 18:10
**impossible** [1] - 4:22
**impression** [4] - 12:18, 13:12, 14:20, 15:5
**IN** [1] - 1:1
**included** [1] - 10:9
**includes** [1] - 10:25
**including** [1] - 14:12
**indicate** [1] - 5:3
**indicated** [2] - 5:1, 25:12
**indicates** [1] - 3:14
**indicating** [1] - 5:3
**indictment** [3] - 6:24, 10:7, 15:3
**indulgence** [1] - 24:14
**inevitably** [1] - 6:3
**information** [1] - 16:6
**insight** [1] - 24:20
**instance** [1] - 5:19
**insufficient** [1] - 19:7
**intend** [10] - 5:12, 7:3, 9:3, 9:13, 9:24, 9:25, 10:1, 10:5, 11:20,

22:18
**intended** [1] - 6:8
**intends** [1] - 18:7
**intentionally** [1] - 15:12
**interested** [2] - 12:19
**interference** [2] - 10:16, 11:4
**internal** [1] - 13:7
**interrupt** [1] - 11:17
**introduce** [1] - 2:16
**IRS** [2] - 10:5
**issue** [17] - 4:5, 4:7, 4:9, 5:7, 5:21, 6:16, 9:14, 10:14, 12:22, 13:11, 13:24, 14:23, 15:21, 18:11, 21:12, 25:3, 25:13
**issued** [2] - 3:3, 3:9
**issues** [19] - 3:18, 3:19, 3:25, 6:2, 6:9, 7:10, 7:21, 10:23, 11:23, 15:24, 16:6, 16:11, 16:16, 16:19, 17:1, 17:11, 17:19, 21:10, 22:13
**items** [1] - 19:1

## J

**join** [1] - 2:14
**joined** [2] - 2:4, 2:7
**joint** [1] - 3:12
**Jon** [1] - 1:14
**judge** [1] - 5:9
**Judge** [3] - 1:11, 5:8, 11:1
**Judgment** [1] - 6:23
**Judicial** [1] - 26:12
**July** [18] - 17:9, 17:16, 18:20, 19:3, 19:6, 19:9, 19:12, 19:16, 19:18, 19:19, 20:12, 20:14, 21:17, 22:22, 23:15, 24:2, 24:5
**June** [11] - 4:18, 6:14, 13:17, 14:25, 17:7, 23:19, 24:12, 24:13, 24:15, 24:21, 26:14
**jury** [4] - 8:17, 8:20, 11:24, 16:4

## K

**keep** [3] - 11:14, 20:8, 20:18
**keeping** [1] - 19:25
**Kelley** [2] - 1:18, 2:23
**key** [1] - 4:9
**kind** [7] - 8:21, 9:20,

9:24, 10:13, 11:21, 12:4, 13:20

## L

**last** [3] - 9:4, 13:14, 23:22
**late** [5] - 4:10, 16:10, 17:6, 20:17, 21:9
**lay** [1] - 15:15
**least** [2] - 19:22, 22:18
**leave** [11] - 21:19, 21:20, 22:8, 22:10, 22:12, 22:23, 23:2, 23:4, 23:8, 23:14, 23:19, 24:1, 24:11, 24:22, 24:24
**legal** [5] - 5:4, 5:6, 8:3, 8:6, 8:14
**lengthy** [1] - 4:17
**Leo** [2] - 1:14, 2:17
**letters** [1] - 4:13
**leveling** [1] - 7:4
**liberty** [1] - 13:3
**likely** [2] - 5:1, 22:24
**limine** [1] - 11:20
**Limine** [13] - 7:2, 7:4, 10:18, 11:22, 11:23, 12:1, 17:1, 18:23, 19:3, 19:11, 19:18, 20:14, 22:21
**limitations** [1] - 13:6
**line** [1] - 9:11
**lines** [1] - 9:6
**lining** [1] - 7:10
**litigate** [1] - 10:12
**litigation** [8] - 5:1, 5:11, 5:15, 6:15, 8:7, 8:22, 9:10, 9:20
**LKG-22-0007** [1] - 1:4
**LLP** [1] - 1:19
**loan** [1] - 12:16
**locating** [1] - 4:15
**Lombard** [1] - 1:24
**look** [3] - 5:14, 7:9, 16:13
**looking** [3] - 16:1, 16:24, 24:6
**looks** [2] - 25:2, 25:14
**LYDIA** [1] - 1:11

## M

**main** [1] - 15:21
**March** [1] - 23:22
**MARILYN** [1] - 1:5
**Marilyn** [2] - 2:9, 2:24
**MARYLAND** [1] - 1:1
**Maryland** [3] - 1:9, 1:25, 26:7

**mass** [1] - 16:9
**matter** [6] - 3:4, 3:11, 9:22, 11:22, 11:25, 26:10
**mechanism** [2] - 6:23, 13:4
**meet** [2] - 3:6, 4:21
**Merit** [1] - 26:6
**mid** [1] - 20:17
**might** [1] - 22:2
**Miller** [2] - 1:18, 2:23
**mind** [2] - 8:19, 19:25
**minute** [1] - 18:24
**Monday** [1] - 1:8
**month** [5] - 6:3, 13:23, 17:10, 17:18, 19:6
**months** [6] - 4:19, 6:6, 13:18, 16:12, 17:13, 21:3
**MOSBY** [1] - 1:5
**Mosby** [8] - 2:9, 2:21, 2:24, 12:19, 15:7, 18:15, 20:23, 21:15
**Most** [1] - 4:23
**most** [1] - 5:1
**motion** [11] - 14:5, 14:24, 15:13, 22:23, 23:9, 23:21, 24:1, 24:10, 24:15, 24:19, 24:22
**Motion** [3] - 11:22, 11:23, 12:1
**motions** [49] - 6:17, 6:18, 6:25, 7:7, 7:11, 7:25, 10:20, 10:24, 12:13, 13:14, 13:17, 13:20, 13:23, 13:25, 14:4, 14:6, 15:11, 15:21, 15:23, 16:3, 17:3, 17:14, 18:21, 18:25, 19:8, 19:24, 20:4, 20:9, 20:14, 20:18, 21:1, 21:3, 21:5, 21:8, 21:9, 21:11, 21:16, 21:23, 22:4, 22:7, 22:9, 22:11, 22:18, 22:19, 23:7, 24:23
**Motions** [15] - 7:1, 7:2, 7:4, 10:18, 17:1, 18:22, 19:2, 19:3, 19:11, 19:18, 20:13, 20:14, 22:21
**move** [6] - 7:3, 8:4, 8:13, 9:7, 11:20, 12:7
**moved** [2] - 8:7, 21:24
**moving** [1] - 3:22
**MR** [25] - 2:17, 2:22, 4:4, 8:2, 9:2, 10:21,

10:25, 11:8, 11:16, 12:8, 14:5, 17:22, 18:3, 19:9, 19:13, 20:20, 20:23, 21:13, 22:15, 23:18, 24:13, 24:17, 25:1, 25:7, 25:10
**MS** [1] - 2:8

## N

**NADINE** [1] - 26:18
**Nadine** [3] - 1:23, 11:2, 26:5
**names** [1] - 5:21
**narrow** [1] - 5:24
**nature** [2] - 12:16, 15:3
**necessary** [4] - 7:8, 13:8, 18:14, 23:11
**need** [8] - 5:13, 17:11, 17:23, 23:23, 24:12, 24:13, 24:23, 25:5
**needs** [1] - 24:16
**never** [2] - 9:3, 15:6
**news** [1] - 25:3
**next** [6] - 7:14, 16:24, 17:1, 22:19, 23:3, 23:4
**NO** [1] - 1:4
**nondisclosures** [1] - 5:3
**nonetheless** [1] - 21:25
**NORTHERN** [1] - 1:2
**note** [2] - 13:12, 15:4
**noted** [2] - 18:19, 22:17
**nothing** [1] - 14:14
**notice** [4] - 10:6, 10:7, 13:9, 18:6
**noticed** [1] - 5:8
**notices** [3] - 10:4, 10:6, 10:9
**noticing** [1] - 13:7
**notify** [1] - 21:7
**notion** [1] - 23:23
**number** [6] - 8:6, 10:4, 10:7, 10:8, 21:2, 21:22
**NUÑEZ** [1] - 2:8
**NUÑEZ-HENRY** [1] - 2:8
**Nuñez** [3] - 1:18, 2:8, 2:23
**Nuñez-Henry** [3] - 1:18, 2:8, 2:23

## O

**O'Grady** [1] - 5:8
**objection** [2] - 20:23, 23:3
**objectively** [1] - 14:14
**observation** [1] - 9:25
**obviously** [9] - 6:18, 6:20, 7:1, 7:19, 13:4, 15:22, 21:2, 21:24, 24:2
**occur** [1] - 15:22
**occurred** [1] - 21:3
**OF** [3] - 1:1, 1:3, 26:1
**offered** [1] - 8:18
**OFFICIAL** [2] - 26:1, 26:18
**Official** [1] - 1:24
**often** [3] - 5:19, 5:25, 8:17
**once** [6] - 4:25, 5:12, 6:10, 9:11, 12:24, 25:4
**One** [1] - 15:8
**one** [11] - 5:11, 7:22, 8:3, 8:9, 9:20, 10:13, 14:5, 21:2, 21:22, 22:16
**opening** [2] - 19:19, 20:14
**opinion** [1] - 9:14
**opinions** [1] - 8:13
**opportunity** [2] - 3:6, 20:9
**opposing** [1] - 7:22
**opposition** [1] - 22:24
**order** [7] - 3:3, 3:10, 3:21, 17:23, 24:18, 25:4, 25:13
**original** [1] - 4:19
**outside** [4] - 8:16, 12:16, 18:8, 23:9
**overview** [2] - 3:24, 12:4
**own** [1] - 7:5

## P

**p.m** [2] - 2:1, 25:17
**page** [1] - 26:11
**Paola** [3] - 1:18, 2:8, 2:23
**part** [3] - 8:15, 9:5, 18:1
**parte** [2] - 13:5, 15:17
**particular** [2] - 3:25, 10:7
**particularly** [2] - 14:10, 15:8
**parties** [14] - 3:2, 3:6,

3:10, 3:16, 3:24, 7:20, 13:9, 16:14, 16:20, 16:24, 18:14, 20:3, 20:16, 25:15
**parties'** [1] - 3:12
**past** [1] - 21:25
**pause** [1] - 22:4
**pending** [1] - 16:25
**people** [2] - 5:21, 5:25
**perform** [2] - 8:11, 8:12
**perhaps** [1] - 3:23
**perjury** [1] - 15:9
**person** [1] - 5:20
**personal** [2] - 7:3, 11:21
**perspective** [4] - 4:3, 12:5, 12:23, 25:6
**persuasive** [1] - 14:9
**pertain** [1] - 10:22
**phase** [2] - 10:23, 21:25
**phone** [1] - 6:1
**pieces** [1] - 14:15
**pin** [1] - 18:24
**place** [1] - 8:19
**Plaintiff** [2] - 1:4, 1:13
**plus** [1] - 17:13
**point** [6] - 7:6, 7:19, 8:24, 8:25, 18:9, 23:8
**points** [4] - 5:2, 5:3, 7:19, 18:19
**position** [8] - 9:23, 13:3, 15:15, 17:19, 19:5, 22:23, 23:2, 23:13
**possibility** [1] - 21:3
**potential** [4] - 15:20, 17:24, 20:16, 21:8
**potentially** [6] - 4:11, 5:16, 8:13, 9:7, 24:4
**PPP** [1] - 12:16
**practical** [1] - 7:10
**practically** [4] - 4:10, 4:22, 5:12, 23:24
**predictability** [1] - 23:10
**prefer** [2] - 20:5, 23:19
**preference** [2] - 21:14, 24:7
**prefers** [1] - 22:20
**prejudice** [1] - 13:15
**prepare** [2] - 20:10, 23:11
**prepared** [7] - 3:20, 14:25, 18:16, 22:6, 22:17, 23:13, 23:14
**preparing** [1] - 24:3
**presumption** [1] - 6:5

**pretrial** [37] - 3:5, 3:8, 3:11, 3:20, 4:1, 5:15, 6:17, 6:18, 6:22, 7:7, 7:21, 8:7, 8:21, 10:23, 10:24, 12:13, 13:22, 13:24, 14:3, 15:20, 16:3, 19:25, 20:2, 20:8, 20:16, 20:18, 20:25, 21:3, 21:16, 21:23, 22:3, 22:18, 22:19, 23:7, 24:22
**previously** [2] - 12:12, 15:6
**problem** [1] - 8:17
**problems** [1] - 6:4
**proceed** [3] - 3:16, 18:20, 24:24
**proceeding** [3] - 2:13, 5:10, 13:25
**Proceeding** [1] - 25:17
**proceedings** [6] - 3:8, 3:11, 3:20, 4:1, 14:10, 26:10
**process** [6] - 4:15, 4:17, 5:17, 6:11, 16:19, 21:9
**procure** [1] - 16:22
**procurement** [1] - 6:11
**produced** [2] - 13:14, 14:11
**production** [1] - 23:22
**productive** [1] - 20:7
**proposal** [3] - 18:4, 18:12, 19:16
**propose** [4] - 3:10, 4:18, 6:14, 17:15
**proposed** [8] - 4:9, 12:5, 15:20, 16:13, 16:24, 18:13, 20:11, 22:17
**proposes** [1] - 19:14
**proposing** [2] - 17:7, 18:12
**prosecution** [2] - 15:5, 15:6
**prosecutions** [1] - 12:15
**provide** [1] - 22:16
**provided** [1] - 9:19
**providing** [1] - 18:6
**public** [1] - 13:3
**purchase** [1] - 23:25
**purpose** [1] - 3:18
**pursuant** [1] - 26:8
**put** [4] - 4:14, 5:6, 8:19, 18:24
**putting** [1] - 4:17

## Q

**qualified** [2] - 5:25, 8:11
**qualify** [1] - 9:24
**questions** [1] - 7:17
**quite** [1] - 22:1
**quote/unquote** [1] - 8:6
**Qureshi** [23] - 1:17, 2:23, 2:25, 12:3, 12:4, 12:7, 13:19, 15:18, 16:15, 17:8, 17:21, 18:2, 18:18, 18:25, 19:10, 20:22, 21:1, 21:19, 23:16, 23:20, 24:9, 24:24, 25:8
**QURESHI** [12] - 2:22, 12:8, 14:5, 18:3, 19:13, 20:23, 21:13, 22:15, 24:13, 24:17, 25:1, 25:10

## R

**raised** [1] - 18:25
**raising** [1] - 13:24
**rather** [2] - 3:19, 18:1
**Ravenell** [1] - 8:5
**reach** [1] - 12:6
**reading** [1] - 9:5
**ready** [1] - 19:8
**realistic** [1] - 16:10
**realistically** [1] - 16:17
**really** [13] - 4:9, 5:10, 5:13, 5:20, 7:12, 9:14, 9:18, 16:25, 17:23, 21:9, 21:25, 22:3, 23:9
**Realtime** [1] - 26:5
**reason** [1] - 23:6
**reasonable** [1] - 18:4
**rebuttal** [5] - 4:11, 5:17, 7:10, 12:24, 17:24
**recalled** [1] - 4:6
**receive** [1] - 8:15
**received** [3] - 3:9, 3:12, 10:4
**recommendation** [1] - 3:7
**record** [4] - 2:14, 2:15, 2:16, 2:21
**records** [2] - 10:3, 10:10
**recurring** [1] - 8:21
**Reed** [1] - 2:9
**REED** [1] - 1:19
**reference** [1] - 8:9

**regard** [1] - 3:25
**regarding** [3] - 3:7, 3:19, 24:22
**Registered** [1] - 26:6
**regulations** [1] - 26:11
**related** [4] - 7:25, 12:15, 13:2, 15:24
**relates** [6] - 14:6, 15:1, 15:2, 15:7, 15:8, 17:4
**relevant** [1] - 14:9
**remaining** [1] - 3:19
**replies** [1] - 5:16
**reply** [1] - 19:20
**report** [2] - 3:13, 3:14
**reported** [1] - 26:9
**Reported** [1] - 1:22
**Reporter** [3] - 1:24, 26:5, 26:6
**REPORTER** [4] - 11:1, 11:12, 26:1, 26:6
**reporter** [1] - 11:11
**representation** [1] - 14:12
**request** [1] - 4:7
**requested** [1] - 3:16
**required** [1] - 9:13
**rescheduled** [1] - 3:4
**resolve** [3] - 3:17, 3:19, 16:21
**resolved** [2] - 6:22
**respond** [1] - 19:5
**response** [1] - 14:18
**responses** [3] - 19:19, 20:15, 24:4
**rest** [1] - 19:24
**retain** [3] - 4:11, 5:6, 17:24
**retained** [1] - 6:5
**retainer** [1] - 6:9
**retaining** [1] - 24:4
**retention** [1] - 18:6
**reviewed** [1] - 3:13
**reviewing** [1] - 24:3
**revisit** [1] - 20:9
**ring** [1] - 6:1
**Rizwan** [2] - 1:17, 2:22
**RMR** [2] - 1:23, 26:18
**round** [6] - 6:17, 6:19, 6:25, 7:6, 13:22, 19:19
**rules** [2] - 9:17, 23:7
**run** [1] - 8:18

## S

**Saturday** [1] - 19:21
**schedule** [31] - 3:10, 3:15, 3:19, 3:22, 4:1, 4:5, 4:21, 5:23, 7:9,

12:5, 14:1, 16:1, 16:3, 16:9, 16:13, 16:23, 17:7, 18:21, 19:1, 19:17, 20:11, 20:20, 21:8, 21:21, 21:24, 22:13, 22:17, 22:21, 23:9, 24:21, 25:3
**scheduled** [1] - 16:3
**scheduling** [6] - 3:3, 4:9, 6:2, 20:16, 24:18, 25:13
**scope** [1] - 12:24
**Sean** [2] - 1:15, 2:18
**second** [2] - 7:6, 15:13
**secondarily** [1] - 14:24
**see** [6] - 4:25, 5:12, 5:14, 8:22, 12:16, 16:14
**seeing** [1] - 15:5
**seek** [9] - 21:19, 22:8, 22:10, 23:2, 23:4, 23:8, 23:13, 23:14, 23:19
**seeking** [1] - 24:1
**selection** [1] - 16:4
**sense** [3] - 7:15, 24:2, 24:8
**September** [9] - 3:4, 16:2, 16:4, 16:8, 17:13, 18:17, 20:4, 20:8, 20:19
**set** [11] - 4:20, 5:22, 9:11, 16:2, 16:15, 18:16, 19:17, 20:5, 22:13, 22:21, 23:9
**setting** [2] - 7:13, 22:14
**several** [3] - 4:19, 13:18, 16:12
**short** [2] - 9:2, 9:10
**shown** [2] - 24:16, 24:20
**side** [1] - 17:4
**Simcha** [1] - 1:14
**simply** [2] - 9:21, 16:10
**sitting** [1] - 6:1
**six** [1] - 23:23
**Smith** [1] - 2:9
**SMITH** [1] - 1:19
**someone** [2] - 2:4, 6:10
**sometime** [1] - 20:3
**soon** [2] - 17:22, 23:3
**sooner** [1] - 23:14
**sorry** [3] - 3:9, 11:1, 11:8

**sort** [5] - 5:25, 8:10, 8:19, 10:10, 22:16
**sounds** [1] - 21:10
**speakerphone** [2] - 11:5, 11:9
**speaking** [3] - 11:19, 13:21, 23:24
**specialized** [1] - 5:13
**specific** [1] - 23:6
**specifically** [2] - 15:1, 15:15
**stage** [1] - 14:4
**stand** [1] - 12:4
**started** [2] - 6:7, 11:7
**state** [1] - 8:19
**State's** [3] - 2:9, 2:20, 2:24
**STATES** [3] - 1:1, 1:3, 1:15
**States** [4] - 2:18, 20:21, 26:6, 26:12
**status** [6] - 3:13, 3:17, 6:7, 14:13, 20:17, 20:18
**STATUS** [1] - 1:10
**statute** [1] - 11:25
**stayed** [1] - 3:5
**stenographically** [1] - 26:9
**stenographically-reported** [1] - 26:9
**steps** [1] - 7:18
**still** [5] - 4:8, 4:20, 10:20, 15:14, 17:12
**strategy** [1] - 13:2
**Street** [1] - 1:24
**subject** [3] - 9:22, 11:22, 11:25
**submit** [3] - 13:15, 15:10, 18:3
**subsequent** [1] - 3:21
**substance** [1] - 24:19
**sufficient** [1] - 7:21, 15:19
**suggesting** [1] - 17:5
**suggestion** [1] - 21:6
**summary** [5] - 9:7, 9:16, 10:2, 10:11
**Summary** [1] - 6:23
**summer** [2] - 7:15, 18:1
**superseded** [1] - 6:20
**superseding** [1] - 6:24
**suspicion** [1] - 11:18
**switch** [1] - 6:13

## T

**table** [2] - 9:15, 10:14
**tax** [1] - 9:3

**Telephone** [1] - 1:9
**terms** [4] - 3:15, 14:3, 16:9, 17:6
**testify** [2] - 8:18, 9:17
**testifying** [1] - 5:17
**testimony** [1] - 8:16
**THE** [35] - 1:1, 1:1, 1:11, 2:2, 2:6, 2:10, 2:11, 2:19, 2:25, 7:17, 8:23, 10:16, 10:22, 11:1, 11:3, 11:10, 11:12, 11:14, 12:2, 13:19, 15:18, 18:2, 18:18, 19:10, 19:14, 20:22, 20:25, 21:18, 23:16, 24:8, 24:15, 24:18, 25:2, 25:8, 25:11
**theme** [1] - 8:21
**they've** [1] - 6:6
**thinks** [1] - 17:9
**thoughtful** [1] - 24:20
**thoughts** [2] - 21:1, 21:12
**Three** [1] - 15:8
**three** [1] - 5:21
**throughout** [1] - 12:17
**thrown** [1] - 23:20
**today** [9] - 2:4, 3:18, 3:21, 12:17, 16:17, 22:6, 24:9, 25:4, 25:14
**today's** [1] - 2:13
**tough** [1] - 12:9
**tracks** [1] - 5:11
**transcript** [2] - 26:9, 26:11
**trial** [13] - 3:4, 4:21, 6:3, 6:22, 7:13, 7:20, 16:2, 18:16, 18:17, 19:24, 20:10, 21:24, 23:11
**tried** [1] - 5:7
**triggered** [1] - 4:7
**triggers** [1] - 6:25
**trouble** [1] - 10:17
**true** [1] - 26:9
**try** [1] - 12:6
**two** [9] - 5:3, 5:7, 5:10, 5:11, 9:3, 10:10, 15:11, 17:13, 21:22
**type** [1] - 12:6

## U

**U.S.C** [1] - 26:8
**under** [4] - 4:17, 6:9, 14:7, 23:7
**understandably** [1] - 14:8

**United** [4] - 2:18, 20:20, 26:6, 26:12
**UNITED** [3] - 1:1, 1:3, 1:15
**unnecessary** [1] - 12:20
**up** [7] - 5:22, 6:2, 7:10, 7:13, 7:18, 13:20, 19:22
**update** [1] - 4:2

## V

**various** [2] - 18:13, 18:21
**violations** [1] - 11:24
**Virginia** [1] - 5:9
**voluminous** [4] - 10:2, 10:5, 13:13, 14:20
**vs** [1] - 1:4

## W

**wait** [3] - 4:22, 6:2, 20:5
**waiting** [4] - 4:8, 6:1, 16:9, 16:18
**week** [3] - 23:3, 23:4, 24:11
**weekend** [1] - 17:17
**weeks** [4] - 5:24, 6:13, 23:23, 25:15
**welcome** [2] - 2:19, 2:25
**white** [1] - 8:22
**willing** [1] - 22:7
**WISE** [13] - 2:17, 4:4, 8:2, 9:2, 10:21, 10:25, 11:8, 11:16, 17:22, 19:9, 20:20, 23:18, 25:7
**Wise** [2] - 1:14, 2:17
**wise** [19] - 2:19, 4:2, 7:17, 8:23, 10:17, 11:3, 11:14, 12:2, 12:10, 12:14, 15:23, 17:20, 17:21, 19:4, 20:19, 23:10, 23:17, 24:9, 25:5
**wish** [1] - 22:14
**wishes** [2] - 15:21, 21:5
**withstanding** [1] - 16:21
**witness** [6] - 9:16, 9:18, 9:19, 9:23, 10:14
**witnesses** [10] - 4:16, 9:4, 9:7, 9:8, 9:12, 9:16, 10:11, 10:12,

12:24, 12:25
**words** [1] - 9:5
**world** [1] - 7:16
**worse** [1] - 11:6

## Y

**year** [1] - 3:2
**yourself** [2] - 2:16,
11:4

## Z

**Zelinsky** [2] - 1:14,
2:18

## §

**§** [1] - 26:8