IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> )    Criminal Case No. 22-cr-00007-LKG <br> MARILYN J. MOSBY, ) <br> )    Dated:  July 5, 2022 <br> Defendant. ) <br> ) | |

## ORDER

Through counsel, the Defendant in the above-captioned criminal matter has made an *ex parte* request for Criminal Justice Act ("CJA") funding for services other than counsel, pursuant to the Criminal Justice Act Plan for the District of Maryland (the "CJA Plan") and 18 U.S.C. § 3006A(e)(1).[1]  An objective of the CJA Plan is to attain the goal of equal justice under the law for all persons.  *See* CJA Plan at 4.  And so, the CJA Plan for this District is administered to ensure that those accused of a crime, or otherwise eligible for services under the CJA, will not be deprived of the right to counsel, or any element of representation necessary to an effective defense, due to lack of financial resources.  *See id.*

Pursuant to the CJA Plan, counsel for a defendant who is financially unable to obtain expert services necessary for an adequate defense may request such services in an *ex parte* application to the Court, regardless of whether counsel is appointed under the CJA.  18 U.S.C. § 3006A(e)(1).  Upon a finding by the Court that the requested services are necessary, and that the defendant is financially unable to obtain these services, the Court must authorize counsel to obtain the services.  *See* CJA Plan at 22.

The Court has determined that the expert services requested by the Defendant in this case are necessary, and that the Defendant is financially unable to obtain these services at this time to adequately prepare for trial.  The Court has also determined that the Defendant has sufficient

---

[1] The Government has charged the Defendant with two counts of perjury, in violation of 18 U.S.C. § 1621 and 28 U.S.C. § 1746, and two counts of making false statements on a loan application, in violation of 18 U.S.C. § 1014.  *See generally* Superseding Indictment, ECF No. 25.

financial resources at this time to contribute towards the funds authorized by the Court to provide the aforementioned services.  *See* 18 U.S.C. § 3006A(e)(1).[2]

And so, for the foregoing reasons, the Court:

1. **DIRECTS** the Defendant to reimburse the Court by making periodic payments to the Office of the Clerk of the Court in an amount to be determined by the Court (the "Reimbursement Payments"); and

2. **ORDERS** the Defendant to advise the Court of her ability to make the Reimbursement Payments, on or before **August 5, 2022**, and every 30 days thereafter.

**IT IS SO ORDERED.**

                                                     s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] The Guide to Judiciary Policy provides that "[a]ny doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time." *See* Guide to Judiciary Policy, Vol. 7A, Ch. 2, § 210.40.30(b).  The Guide to Judiciary Policy also provides that, "[i]f a person's net financial resources and income anticipated prior to trial are in excess of the amount needed to provide the person and that person's dependents with the necessities of life and to provide the defendant's release on bond, but are insufficient to pay fully for retained counsel, the judicial officer should find the person eligible for the appointment of counsel under the CJA and should direct the person to pay the available excess funds to the clerk of the court at the time of such appointment or from time to time after that." *Id.* at § 210.40.40.