**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. LKG-22-007** |
| | * | |
| **MARILYN MOSBY,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT REGARDING INVESTIGATION AND PROSECUTION OF THIS CASE**

The United States of America respectfully moves to exclude any evidence and argument relating to vindictive, selective, political, or unfair prosecution. These allegations have been roundly rejected by this Court, are patently false, not a matter for the jury, irrelevant, and would create a substantial danger of unfair prejudice, confusion, and delay.

**1. Background**

The Defendant is charged with four counts: two counts of perjury, in violation of 18 U.S.C. § 1621 (Counts One and Three) and two counts of making false statements on a loan application, in violation of 18 U.S.C. § 1014 (Counts Two and Four). The facts underlying these charges are covered at length in the Government's response to the Defendant's Motions to Dismiss and to Dismiss and Motion to Disqualify Counsel, and so are not repeated here. *See* ECF 26.

Long before an indictment was returned, and continuing since, the Defendant and her counsel have made baseless public statements alleging misconduct related to the investigation and prosecution of this case and have promised to repeat those groundless allegations at trial.

Days after indictment in this matter, Defense Counsel, A. Scott Bolden called a press conference, during which he stated: "Well I'm here to tell you, Marilyn Mosby is not going to be the only one on trial. *The U.S. Attorney's Office for Maryland is going to be on trial . . . . you can*

*bank on it*. . . . And the criminal justice system and t*he prosecutors that have wrongfully brought this case against her? They will be on trial as well*." *Attorney A. Scott Bolden Provides Update on Federal Indictment of Marilyn Mosby*, Jan. 17, 2022, *available at* https://www.youtube.com/watch?v=cguO8RuiRQA at 46:10 (last accessed March 11, 2022) (emphasis added). Counsel made clear during that press conference that unfounded allegations of selective and vindictive prosecution will be central to their arguments at trial. *See, e.g., id.* ("Everything I tell you today ties into the animus" (38:39); "We know that [animus] goes back to her choice to prosecute policy officers in regards to Freddie Gray" (45:45); "When you talk about racial animus in this case" (46:00); "We know there's personal animus . . . And then there's political animus.").

Indeed, allegations such as these from counsel pre-date even the return of an indictment in this matter. *See A. Scott Bolden appearance on Roland Martin Unfiltered*, March 19, 2021, *available at* https://www.youtube.com/watch?v=3y8W01FUGTI. ("And now she has to face these race-based challenges, but more importantly these inappropriate use of federal resources like empaneling a criminal grand jury. . . " (5:08)). Counsel also made similar arguments in the two letters he wrote to the U.S. Department of Justice's Office of Professional Responsibility (hereafter "OPR") that he then made public. When his request to OPR to remove prosecutors in this case was denied, counsel stated, "The investigators need to be investigated now, not later, as the personal, the political, and perhaps even the racial animus towards my client (s), continues to negatively taint any independent review of my clients' conduct . . . Waiting for a judicial determination, as DOJ suggests, doesn't resolve the issue—it exacerbates the potential harm." *See* Tim Prudente, *Department of Justice rebuffed requests from Marilyn and Nick Mosby's lawyers to yank Baltimore prosecutors off tax case*, The Baltimore Sun, June 28, 2021. Similarly, the

defendant has echoed the statements of her counsel, publicly declaring on January 14, 2022: "Please don't be fooled. We are now five months from our next election, and this indictment is merely a political ploy by my political adversaries to unseat me." *Baltimore City State's Attorney Marilyn Mosby speaks for first time since being federally indicted, available at* https://www.youtube.com/watch?v=Fa0vIX21rtk (8:55).

This Court has thoroughly considered these allegations and roundly rejected all of them. *See* Order of April 14, 2022, ECF 52, at 13. This Court held that the defendant "has neither shown objective evidence that AUSA Wise has acted with personal animus towards the Defendant, nor that the Government would not have brought the case but for such animus." *Id.* Similarly, this Court held that the Defendant has not "show[n] that the prosecution of this case was undertaken in bad faith," or because of racism. *Id.* at 13. Immediately following the Court's ruling, the defendant herself stated that she "did not expect to prevail" on these specious grounds. Alex Mann & Lee O. Sanderlin, *Federal Judge denies Baltimore State's Attorney Marilyn Mosby's motion to dismiss charges against her; case to go on*, Baltimore Sun, Apr. 14, 2022, available at https://www.baltimoresun.com/news/crime/bs-md-ci-cr-mosby-motions-hearing-20220414-ymibtg67b5gw5lp6uu4aeqebsm-story.html.

These allegations were properly rejected by this Court because they are patently false, legally unsound, and logically flawed. They have no place in a trial of this case. Moreover, such allegations are irrelevant to the charges and present a serious risk of jury confusion, prejudice, and delay. Introducing evidence and argument on their topics to the jury would serve only to invite nullification. Therefore, the Government moves to exclude any evidence or argument relating to vindictive, selective, political, or unfair prosecution.

**2. Legal Standard**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Walker v. Schult*, 365 F.Supp.3d 266, 275 (N.D.N.Y. 2019) (cleaned up).

The court is granted wide discretion in rulings governing trial, including whether to preclude or admit evidence, prohibit comment, arguments, and/or questioning. *See, e.g., Herring v. New York*, 422 U.S. 853, 862 (1975) ("The presiding judge must be and is given great latitude in ... that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial ... he must have broad discretion."); *see also United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court and is subject to reversal only if the court abuses that discretion."); *United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) ("[T]he decision to exclude evidence because of possible prejudicial effect rests in the sound discretion of the trial court."); *United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984) ("Since it [is] the court's responsibility to present [the law] to the jury in a clear manner, the court did not abuse its discretion by requiring the defense counsel to argue consistently with the correct law.").

As discussed further below, arguments concerning selective prosecution, vindictive prosecution, charging decisions, and improper prosecutorial motive should be excluded because (1) they are not a matter for jury, (2) have been rejected by this Court, (3) are irrelevant to this case, and (4) will serve only to confuse the jury and waste the Court's time and resources.

**3. The Defendant May Not Raise a Selective Prosecution Defense at Trial**

Federal Rule of Criminal Procedure 12(b)(3) provides that a "motion alleging a defect in instituting the prosecution" or a motion "alleging a defect in the indictment or information" must be raised before trial. Numerous courts have held that argument or evidence concerning vindictive, selective, or unfair prosecution must therefore be excluded at trial because it is a question for the Court, not the jury, to decide. *See, e.g.*, *United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("The district court's motion *in limine* was correct because the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it not a matter for the jury.").

As with any defense based on "defects in the institution of the prosecution," a defense that questions or attacks the Government's decision to prosecute is not properly put before a jury. *United States v. Cote*, 544 F.3d 88, 104 n.5 (2d Cir. 2008) (quoting F. R. Crim. P. 12(b)(1)). To wit, a claim of selective prosecution may only be presented to the Court by motion. See *United States v. Schmidt*, 935 F.2d 1440, 1450 (4th Cir. 1991) ("It is well-settled that defenses and objections based on defects in the institution of the prosecution must be raised prior to trial"); *United States v. Williamson*, 701 F. App'x 212, 217 (4th Cir. 2017) ("A motion claiming selective prosecution must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) ("[A] defendant who advances a claim of selective prosecution must do so in pretrial proceedings."). Such a claim is never properly tried to

the jury. See *United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973); *United States v. Danielson*, No. 97 Cr. 295 (RPP), 1998 WL 226200, at *1 (S.D.N.Y. May 5, 1998) ("a selective prosecution claim is a claim based on alleged defects in the institution of a prosecution" and therefore must be raised before trial); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury."); *United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989 ("Whether the government's conduct is sufficiently outrageous to violate due process is a question of law reviewed de novo. Id. It is not an issue for the jury"); *United States v. Cardella*, 2007 U.S. Dist. LEXIS 64370, *7 (W.D. Mo, 2007) ("defendants are not permitted to present evidence relating to claims of vindictive and selective prosecution at trial.").

The defendant had an opportunity to present these allegations pre-trial. The Court rejected all of them. Having been so resolved, these unfounded allegations should not be raised before a jury, because they have no bearing on whether the defendant is guilty or not – the only matter for the jury to decide.

**4. The Defendant's Groundless Accusations Should Be Excluded As Irrelevant Under Federal Rule of Evidence 402.**

Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Evidence is therefore relevant only if it logically relates to matters that are at issue in the case. *See Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008). The party seeking to introduce evidence bears the burden of establishing relevancy. *Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

The Defendant's unfounded allegations of misconduct related to the investigation and

prosecution of this case are wholly irrelevant to the crimes charged in the Indictment and the matters that the jury will have to decide. *See, e.g., United States v. Regan*, 103 F.3d 1072, 1082 (2nd Cir. 1997) (claims of government misconduct are "ultimately separate from the issue of [a defendant's] factual guilt"); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983) (similar).

The issue in this case is straightforward: did the Defendant commit perjury and submit false mortgage applications? Evidence or argument concerning issues unrelated to that determination, including frivolous allegations of prosecutorial bias or misconduct, or a decision not to charge certain cases, are not relevant to the matter in question. *See, e.g.*, *United States O'Neal*, 844 F.3d 271, 278 (D.C. Cir. 2016). The only reason to advance these categories of evidence or argument—other than generating public attention—would be to confuse jurors or to encourage jury nullification. Those purposes do not justify admitting otherwise irrelevant evidence at trial. See *United States v. Calderon*, 554 F. App'x 143 (4th Cir. 2014) (upholding a trial court's decision to exclude evidence when threat of jury nullification trumps the marginal probative value of potential cross examination); *United States v. Gorham*, 523 F.2d 1088, 1097-1098 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification); *see also United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (same); *United States v. Castro*, 411 Fed. App'x 415, 420 (2d Cir. 2011) (same); *United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998) (same).

A "selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). Claims of selective prosecution are thus "entirely independent of the ultimate issue of whether the defendant actually

committed the crimes for which she was charged. *Washington*, 705 F.2d at 495 (D.C. Cir.); *see, e.g., Regan*, 103 F.3d at 1082 (selective prosecution is "ultimately separate from the issue of [a defendant's] factual guilt"); *see also United States v. Young*, 20 F.3d 758, 765 (7th Cir. 1994) (whether another person was charged did "not make the facts relating to [defendant's] knowledge and participation . . . more or less probable"). For that reason, court after court has held evidence and argument about prosecutorial motivations are irrelevant and should be excluded. *See, e.g., United States v. Clay*, 618 F.3d 946, 955-956 (8th Cir. 2010); *United States v. Abboud*, 438 F.3d 554, 579-580 (6th Cir. 2006); *United States v. Berrigan*, 482 F.2d 171, 174-176 (3d Cir. 1973).[1]

The Defendant's scattershot allegations of other prosecutorial misconduct are similarly irrelevant and should be excluded. *See, e.g.*, *United States v. Abrams*, No. 14-cr-69, 2016 WL 107945, at *3 (D. Nev. Jan. 8, 2016) (excluding "[e]vidence related to decisions of prosecutorial discretion," "[a]ssertions of outrageous government conduct," and "[a]ssertions of vindictive or selective prosecution"); *see also United States v. Wylie*, 625 F.2d 1371, 1378 (9th Cir. 1980) (asserted "outrageous involvement by the government agents" is not a matter for the jury).

Indeed, the falsity of the Defendant's allegations provides added reason for excluding them. *See* ECF 23. When a defendant has "produced no evidence of discriminatory intent on the part of the federal prosecutors or investigating case agents" any "questioning directed towards this issue is irrelevant, likely to cause confusion, likely to cause undue delay, and a waste of time." *United States v. Patterson*, 2009 U.S. Dist. LEXIS 26672, *11 (W.D.N.C. March 16, 2009) *citing United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1994) (excluding evidence of a reliance defense

[1] 3 *See also, United States v. Farrar*, 338 F. Supp. 3d 1186, 1190-1191 (D. Haw. 2018); *United States v. Kosinski*, No. 16-cr-148, 2017 WL 4953902, at *3 (D. Conn. Oct. 31, 2017); *United States v. Crinel*, No. 15-cr-61, 2016 WL 6441249, at *14-*15 (E.D. La. Nov. 1, 2016); *United States v. Rodella*, 59 F. Supp. 3d 1331, 1361 (D. N.M. 2014); *United States v. Avery*, No. 11-cr-405, 2011 WL 13136810, at *2 (C.D. Cal. Dec. 15, 2011); *United States v. Fontenot*, No. 10-cr-65, 2010 WL 4056194, at *1 (M.D. La. Oct. 14, 2010); *United States v. Safavian*, No. 05- cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008).

when evidence proffered in support did not meet the elements of this defense). The Court has already concerned these allegations and found them groundless. It should not allow these baseless allegations to be repeated before the jury.

**5. The Defendant's Baseless Allegations Should be Excluded Under Federal Rule of Evidence 403.**

The Defendant's unfounded allegations should also be excluded because they pose significant risks of unfair prejudice, confusing or misleading the jury, and undue delay. See Fed. R. Evid. 403. Even if evidence related to the Defendant's allegations had "marginal relevance" to this case (which it does not), the "likely (and presumably intended) effect" would be "to shift the focus away from the relevant evidence of [the defendant's] wrongdoing" to matters that are, at most, "tangentially related." *United States v. Malpeso*, 115 F.3d 155, 163 (2d Cir. 1997) (upholding exclusion of evidence of alleged misconduct by FBI agent). This would "risk[] needlessly delaying the trial" and "create[] the very real possibility that the jury would improperly discredit the government's case." *Id*. Courts regularly exclude such evidence when it would waste time during trial and would risk confusing or misleading the jury. *United States v. Blowers*, 268 Fed. App'x 504, 506 (9th Cir. 2008) (upholding exclusion of cross-examination on issues of selective prosecution, because "it would be needlessly time-consuming and confusing"); *United States v. Cleveland*, No. 96-cr-207, 1997 WL 253124, at *3 (E.D. La. May 14, 1997) ("any probative value" of "evidence concerning the motivation of the prosecution" is "substantially outweighed by its potential for unfair prejudice and for misleading the jury."). Courts similarly exclude evidence on those bases when it is far more likely to invite jury nullification than to elucidate an issue that is properly for the jury to decide. *See United States v. Perez*, 459 Fed. App'x 191, 198 (3d Cir. 2012); *Castro*, 411 Fed. App'x at 420; *United States v. Cropp*, 127 F.3d 354, 358-359 (4th Cir. 1997).

Similarly, the Defendant has made a variety of claims regarding potential tax charges that are not the subject of this indictment. *See* ECF 15, at 15 ("A simple review of the charges that were initially proposed reveals that 'justice' was never the point. The amount of the alleged tax loss in the ill-fated tax investigation was minuscule – under $5000, which is a preposterously low amount to initiate a federal criminal prosecution . . . Nevertheless the USAO . . . doggedly continued to pursue the tax investigation in an effort to 'get' State Attorney Mosby."). It a basic rule that evidence of charging decisions regarding the defendant made in the course of the investigation should be excluded. *See United States v. Benson*, 957 F.3d 218 (4th Cir. 2020) ("As other courts have observed, non-prosecution decisions are irrelevant because they often take 'into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons.'"). *See also United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases and noting that "several circuits have unanimously upheld excluding evidence of prior charging decisions on the ground that many factors unrelated to guilty may influence those decisions and their admission therefore risks misleading the jury and confusing issues).

As discussed at length in earlier filings – and as held by this Court – the accusations in these filings and public statements are baseless. Allowing such groundless accusations to be made to the jury will serve only to confuse the jury and waste the Court's time. "Lacking any direct evidence of racial animus on the part of the police or prosecutors," a court "properly avoid[s] 'the danger of enmeshing the court in mini-trials' about the propriety of tangential investigatory and prosecutorial decisions, as '[f]ocusing on such collateral matters would unduly encumber the court's proceedings.'" *United States v. Patterson*, 2009 U.S. Dist. LEXIS 26672, *10 (W.D.N.C.) *citing United States v. Bullock*, 94 F.3d 896, 899 (4th Cir. 1996).

The introduction of such collateral matters would only invite further confusion and produce an unnecessary 'mini-trial' on a matter this Court has already considered and rejected. Allowing the defendant to introduce such specious arguments risks creating two trials – one for the charged crime, and another sideshow to address the groundless personal attacks of defense counsel. This is not how federal criminal trials work.

**CONCLUSION**

The Defendant's counsel has promised that "you can bank on it . . . the U.S. Attorney's Office for Maryland is going to be on trial," and that the "prosecutors that have wrongfully brought this case against her? They will be on trial as well." That is wrong. Marilyn Mosby is on trial. This trial is about her criminal conduct, not her counsel's farfetched and groundless assertions of non-existent misconduct.

The allegations related to vindictive, selective, political, or unfair prosecution are not properly considered by the jury, have been roundly rejected by this Court. They would be introduced only to seek jury nullification, and will serve only to confuse the jury and waste the Court's time and resource. The Defendant should therefore be precluded from introducing any evidence or argument regarding these matters.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: /s/
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing Joint Proposed Voir Dire was electronically filed via CM/ECF which provides notice to counsel of record.

___________/s/_______________
Leo J. Wise
Assistant United States Attorney