IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-0449 |
| ) | Hon. Liam O'Grady |
| KENNETH WENDELL RAVENELL, *et al.*, ) | |
| ) | **FILED UNDER SEAL** |
| *Defendants.* ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Exclude Government Expert Testimony, Dkt. 368. The Court has considered Defendants' Motion and, more generally, whether to allow expert testimony to be presented at trial on the Federal Rules of Evidence and on the rules of professional responsibility governing lawyers' conduct. Based on the following analysis, Defendants' Motion, Dkt. 368, is **GRANTED**. Expert testimony on these aforementioned topics will not be permitted at trial – whether offered by the Government or the Defendants. Instead, the Court will inform the jury of any applicable Federal Rules of Evidence and any applicable rules of professional responsibility through jury instructions.

## I. BACKGROUND

For years, the Government investigated Defendant Kenneth Ravenell for his alleged involvement in a wide-ranging RICO, money laundering, and narcotics conspiracy. During this time, Mr. Ravenell retained Defendants Sean Gordon and Joshua Treem as members of his defense team. Mr. Gordon worked as a private investigator as early as 2013, *see, e.g.*, Dkt. 281 at 20, ¶ 9, while Mr. Treem was retained as defense counsel from 2016 through 2019. *See id.* at 19, ¶ 7. Trial is set to begin on Monday, December 6, 2021 in Baltimore, Maryland.

The Government seeks to introduce four expert witnesses: Daniel Capra to present expert testimony regarding the Federal Rules of Evidence; and James Grogan, Norman Smith, and Lawrence Stengel to present expert testimony on the rules of professional responsibility. In particular, the Government seeks to define "lawful, bona fide, legal representation" for purposes of 18 U.S.C. § 1515(c) by reference to the Maryland Attorneys' Rules of Professional Conduct. *See* Dkt. 368 at 2.

In turn, the Defendants seek to introduce a total of five expert witnesses. Defendant Treem intends to rely on the testimony of William Jeffress; Defendant Gordon intends to rely on the testimony of Professor Abbe Smith and Professor Todd Berger; and Defendant Ravenell intends to rely on the testimony of Barry Boss and Matthew Kaiser. All five of these proposed expert witnesses are offered to discuss matters related to the rules of professional responsibility governing lawyers' conduct. *See* Dkt. 398 at 12-17. Defendants have noted that they intend to offer this expert testimony not to *define* "lawful, bona fide, legal representation," but rather to help shed light on whether Defendants' actions were consistent with a corrupt intent. *See* Dkt. 412 at 1. The Government notes that this is a distinction without significance.

## II. LEGAL STANDARD

As a general matter, admissibility of expert testimony is evaluated under Federal Rule of Civil Procedure 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993). A "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if... the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). To be

admissible under *Daubert*, an expert's opinion must be reliable and relevant, and must help the jury understand the evidence or determine a fact in issue. *Daubert*, 509 U.S. at 590-592 (1993).

### III. DISCUSSION

As aforementioned, the parties intent to introduce expert testimony on the rules of professional responsibility to help define "lawful, bona fide, legal representation" for purposes of 18 U.S.C. § 1515(c), and to help shed light on whether Defendants' actions were consistent with a corrupt intent. The Court finds that the proposed expert testimony is not admissible in this case for either purpose.

First, the Court finds that the Government may not introduce the proposed expert testimony to define "lawful, bona fide, legal representation" for purposes of 18 U.S.C. § 1515(c). While expert testimony that "embraces an ultimate issue to be decided by the trier of fact" may be introduced, *see* Fed. R. Evid. 704(a), "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible." *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Drawing the line between permissible opinion testimony and impermissible legal conclusions requires a "case-specific inquiry of the charges, the testimony, and the context in which it was made." *United States v. Campbell*, 963 F.3d 309, 314 (4th Cir. 2020). The Fourth Circuit has stated that improper legal conclusions are generally those "terms used by the witness [that] have a separate, distinct and specialized meaning in the law different from that present in the vernacular." *McIver*, 470 F.3d at 562 (internal citation omitted). *See also U.S. v. Barile*, 286 F.3d 749 (4th Cir. 2002) (same). For example, "courts have held inadmissible testimony that a defendant's actions constituted 'extortion'… that a dog bite constituted 'deadly force,'… that defendants held a 'fiduciary' relationship to plaintiffs… and that a product was 'unreasonably dangerous.'" *McIver*, 470 F.3d at 562 (internal citations omitted). In the present

3

case, the Court finds that using expert testimony to define "lawful, bona fide, legal representation" for purposes of 18 U.S.C. § 1515(c) would similarly cross this line into impermissible expert testimony. This phrase, as an element of 18 U.S.C. § 1515(c), embraces a legal standard with a specialized meaning.

This case is notably distinguishable on its facts from *United States v. Offill*, in which the Fourth Circuit found that the jury in that case needed to understand not only federal securities registration requirements but also the operation of several obscure Texas Code provisions and their relationship with the federal regime, and held that the district court did not abuse its discretion by permitting the expert testimony on these legal concepts in that case. *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011). The legal concepts at issue in that case were far more intricate and complex than the rules of professional conduct at issue here. The rules of professional conduct, albeit particular to lawyers, are certainly comprehensible by a lay jury without the assistance of expert testimony. Again, the line between permissible opinion testimony and impermissible legal conclusions requires a "case-specific inquiry," *Campbell*, 963 F.3d at 314. The Court finds that the proposed testimony in the current case crosses the line into impermissible legal conclusions that invade on the province of the jury; the testimony presented in *Offill*, which was necessary for the jury to comprehend the underlying facts of that case, did not.

Second, and relatedly, the Court finds that the Defendants may not introduce expert testimony on the rules of professional conduct to help shed light on whether the Defendants' actions were consistent with a corrupt intent. Although an opinion that embraces an ultimate issue is not automatically objectionable, *see* Fed. R. Evid. 704(a), "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for

4

the trier of facts alone." Fed. R. Evid. 704(b). *See also United States v. Barber*, 80 F.3d 964, 970 (4th Cir. 1996) (finding that expert testimony was admissible because it did *not* give an opinion on the issue of Defendant's subjective intent). Here, the Court finds that the Defendants' proposed use of the expert opinion testimony violates this Rule – as it opines on whether Defendants intended to act corruptly.

This case is distinguishable from *United States v. Kelly*, 888 F.2d 732 (11th Cir. 1989) and *United States v. Cavin*, 39 F.3d 1299 (5th Cir. 1994). In those non-binding cases, the courts found that failure to allow expert testimony regarding the defendants' understanding of their professional obligations as lawyers was reversible error. Again, this Court notes that such determinations are case-specific inquiries. In *Kelly*, the professional duty at issue was that of attorney-client confidentiality and the lawyer's duty to counsel clients against committing further crimes. *Kelly*, 888 F.2d at 733. In *Cavin*, the professional duty at issue was the ethical constraints under which lawyers act in the regulatory arena. *Cavin*, 39 F.3d at 1308. In context, and as in *Offill*, the facts of these cases necessitated expert testimony so that the basic underlying circumstances and defenses raised in the case could be understood by the jury. This is not so here. "Lawful, bona fide, legal representation" can be understood by a lay jury and defined by reference to the Rules themselves, without expert testimony further expounding on this definition.

Moreover, and importantly, the Maryland Attorneys' Rules of Professional Conduct are explicitly clear that "an attorney shall not knowingly make a false statement of fact or law to a tribunal…" Maryland Attorneys' Rules of Professional Conduct, Rule 19-303.3(a)(1). Certainly, nothing in the Rules permits an attorney to lie. The jury does not require expert testimony to further illuminate this concept.

Furthermore, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court finds that allowing a total of eight witnesses to give expert testimony on the rules of professional conduct (plus a ninth expert witness offered to give testimony on the Federal Rules of Evidence) would very likely confuse the issues and needlessly present cumulative evidence.

The Court finds that the proposed testimony on the Federal Rules of Evidence is similarly inadmissible for the reasons stated above. Expert testimony that states a legal standard or draws a legal conclusion is generally inadmissible. *See McIver*, 470 F.3d at 562. It is the duty of the Court to state to the jury the meaning and applicability of the appropriate law.

Therefore, instead, the Court will provide the jury with any relevant information on applicable Rules of Evidence and rules of professional responsibility through jury instructions. The Fourth Circuit has permitted this course of action in both *United States v. Reamer*, 589 F.2d 769 (4th Cir. 1978) and *United States v. Klauber*, 611 F.2d 512 (4th Cir. 1979). In *Reamer*, the Fourth Circuit held:

> "… on the issue of criminal intent, the court instructed that state law and the code of professional conduct prohibit the solicitation of clients by attorneys, and the standards for violation of the professional code were read to the jury. The court concluded its charge with the admonition that defendant was not on trial for any conduct not alleged in the indictment. We think this latter instruction was supported by the evidence and was properly given."

*Reamer*, 589 F.2d at 771. Similarly, in *Klauber*, the Fourth Circuit held:

> "Klauber further complains about the jury's being informed of the Maryland barratry statute and of the Code of Professional Responsibility. Both were relevant to the attitude Klauber, as a member of the Bar, should have maintained toward practices that were proven. They were properly admissible."

6

*Klauber*, 611 F.2d at 520. The Court finds that the most that the proposed expert witnesses could do in this case is identify the operative rules of professional responsibility governing lawyers' conduct. This can be done more clearly and efficiently through jury instructions. The Court will give limiting instructions as appropriate.

## IV. CONCLUSION

In conclusion, for the aforementioned reasons, the Court will not permit expert testimony on the Federal Rules of Evidence or on the rules of professional conduct in this case. The rules themselves adequately define permissible conduct in this case, and expert testimony is not required. Moreover, the defendants' intent remains the province of the jury, and is not appropriate for expert testimony. Instead, the Court will inform the jury of any relevant rules through jury instructions.

It is **SO ORDERED.**

November 29, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge