IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant | Case No. 22-cr-00007-LKG-1 |

### DEFENDANT MARILYN J. MOSBY'S MOTION IN LIMINE NO. 1 TO PRECLUDE THE GOVERNMENT'S FORENSIC EXPERT FROM TESTIFYING AT TRIAL

Defendant Marilyn J. Mosby ("State's Attorney Mosby"), by and through her undersigned counsel, respectfully moves in limine, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 701 and 702, and the Court's Amended Scheduling Order (Dkt. No. 61) to preclude the government's forensic accountant from testifying at trial. As shown herein, this motion should be granted because forensic accountants are by nature, expert witnesses, and yet the government has repeatedly stated that it will not be presenting an expert witness, and has failed to comply with the expert disclosure requirements of Rule 16(a)(1)(G) and the Amended Scheduling Order.

### BACKGROUND

State's Attorney Mosby made her initial Rule 16 (G) request for disclosure of expert testimony by letter to the government on February 8, 2022. *See* Defense Discovery Letter, attached as Ex. A. The Court issued its Amended Scheduling Order setting the expert disclosure deadline for July 1, 2022, and State's Attorney Mosby complied with the scheduling order and timely provided the government with the expert disclosures. *See* Amended Scheduling Order, at 1. But despite all this, the government has made no such expert disclosure, and in fact has repeatedly stated that it does not intend to call an expert witness to offer testimony at trial. For example, in its

opposition to the Defendant's Motion to Continue, the government stated that there was no "lack of clarity" on its position on experts, and that "it did not intend to call any expert witnesses" at trial. Doc. 39, at 2. Confusingly, however, on July 1, 2022, by letter to counsel for State's Attorney Mosby, the government revealed that it plans to call Ms. Jenna Bender, an "FBI forensic accountant" who it represented will "testify about several summary exhibits she has prepared pursuant to Federal Rule of Evidence 1006." Ex. B, Gov't letter of July 1, 2022.

Although the letter is silent as to what methods the FBI forensic accountant used to prepare the summary exhibits, the government previously revealed during a telephonic hearing that the forensic accountant performed "arithmetic of reviewing various bank records, credit records, other financial records to -- to come up with … Rule 1006 summary exhibits related to income and expenses that the defendant had from the relevant time period when the COVID-19 financial hardship withdrawals were made." *See* Transcript of Hearing, 2/23. Moreover, the government's letter makes a reference to its desire to "avoid needless litigation" and attaches Ms. Bender's CV. *See* Ex. B.

All of these inconsistencies beg the question of how the government intends to use Ms. Bender at trial. The apparent answer is that the government is trying to present at trial an expert in lay witness clothing, and in doing so, it is evading full compliance with its expert disclosure obligations. As shown below, the government's forensic accountant is indeed an expert under the rules of evidence, the government has failed to timely comply with its expert disclosure obligations, and the government's disclosure failure has and will continue to prejudice State's Attorney Mosby and her defense at trial.

**APPLICABLE LAW**

Federal Rules of Evidence 701 and 702 set the boundary between fact and expert witnesses. Federal Rule of Evidence 701 bars fact witnesses from offering opinion testimony unless, among other things, their testimony is, "(c) *not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c) (emphasis added). Rule 702, by contrast, lays out the requirements for opinion testimony offered by a qualified expert witness, and includes, among other things, that the testimony be supported by "the expert's scientific, technical, or other specialized knowledge …." Fed. R. Crim. P. 702(a). The boundary is clear and bright. Indeed, Rule 701 was amended in 2000 to include subsection (c) specifically "to prohibit the inappropriate admission of expert opinion under Rule 701 …." *United States v. Perkins*, 470 F.3d 150, 155 n.8 (4th Cir. 2006) (citation omitted). Rule 701(c) "ensures that a party will not evade" the expert witness evidentiary and disclosure requirements by proffering "expert testimony dressed in lay witness clothing." *Md. Shall Issue, Inc. v. Hogan*, No. ELH-16-3311, 2021 U.S. Dist. LEXIS 139795, at *13 (D. Md. July 27, 2021) (citing Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments).

"A critical distinction" between expert witnesses and lay witnesses is that expert witnesses possess some specialized knowledge or skill or education that is not in possession of the jurors." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000). Therefore, if a witness is offering testimony about "opinions resulting 'from a process of reasoning which can be mastered only by specialists in the field[,]'" that witness is an expert subject to Rule 702 and to the disclosure requirements set forth in Criminal Rule 16. *Id.* at 767. Under Rule 16(a)(1)(G), "[a]t the defendant's request, the government must give the defendant a written summary of any [expert] testimony that the government intends to use under Rules 702, 703, or

705 of the Federal Rules of Evidence." *Id*. "The summary … must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*.

**ARGUMENT**

**I. THE GOVERNMENT'S FORENSIC ACCOUNTANT[1] IS AN EXPERT UNDER RULE 701 AND 702.**

The government's FBI forensic accountant is an expert under Rule 702 by any measure. Despite the government's suggestion otherwise, forensic accounting is more than just the adding and subtracting of numbers that is within the abilities and understanding of a lay person. Instead, forensic accounting is "a practice that involves the application of accounting, auditing, and investigative skills to analyze . . . financial records." *See Union Carbide Corp. & Subsidiaries v. CIR*, T.C. Memo 2009-50, 97 T.C.M. (CCH) 1207 (T.C. 2009), *aff'd*, 697 F.3d 104 (2d Cir. 2012). It is such a specialized and skilled practice, that forensic accountants are routinely offered as expert witnesses and determined to be experts by courts. *See, e.g., Sentinel Litigation Trust v. FC Stone LLC*, 867 F. 3d 767 at 784 (7th Cir. 2017) (referring to the "unrebutted report and testimony of [a] key expert … a certified public accountant with extensive experience in forensic accounting"); *see also Gallagher v. Holt*, 2012 U.S. Dist. LEXIS 109155, 2012 WL 3205175, at *14 (E.D. Cal. Aug. 3, 2012) ("Yet as a forensic accountant, [the witness] will 'unavoidably render opinions, observations, conclusions or statements based on [his] specialized education, training and experience."); *see also Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560 (2012) (referring to forensic accountants as experts); *Wing v. Kaye Scholer*, *LLP*, 2010 U.S. Dist. LEXIS 128772, 2010 WL 5020576, at *2-3 (D. Utah 2010) (holding that a forensic account is an expert witness, not a lay witness).

---

[1] The government has variously referred to Ms. Bender as both a "forensic accountant," *see, e.g.,* Ex. B at 1, and a "forensic analyst," *see, e.g.,* Apr. 12, 2022 Email, attached as Ex. C. This inconsistency further adds to the potential prejudice to State's Attorney Mosby given the difficulty of effectively challenging the testimony of a witness whose job title is unclear.

And even when courts have allowed forensics experts to testify as summary witnesses under Rule 1006 (as the government tries to do here), those courts recognize that the expert opinion cannot be separated from the summary testimony. *See Fed. Trade. Comm'n v. Am. Precious Metals, LLC*, 726 F. App'x 729, 733 (11th Cir. 2018). In *American Precious Metals*, the court rejected the contention that a declaration from an independent forensic accountant was merely a summary under Rule 1006. *Id.* Indeed, the court expressly acknowledged that "[a]lthough [the witness] reviewed Goldman's bank records in conducting her analysis, her declaration was not offered to "prove the content" of Goldman's bank records (or any other records, for that matter). Instead, it was offered to *present her expert conclusions to the district court*." *Id.* (emphasis added).

Similarly here, the government seeks to present the expert opinion of Ms. Bender through the "summary exhibits she has prepared." But Ms. Bender's summary exhibits are a product of her expert analysis based on her "specialized education, training and experience." *Holt*, 2012 U.S. Dist. LEXIS 109155, at *14. Ms. Bender's expert "education, training and experience' are clear from her Curriculum Vitae ("CV")—which, tellingly, the government provided to State's Attorney Mosby. Ms. Bender is a Certified Public Accountant and has been a forensic accountant, holding a Master's of Science in Forensic Accounting for 15 years. And, contrary to the government's assertions, Ms. Bender even identifies herself *on her CV* as a "Qualified Expert Witness, Forensic Accounting." Ex. D.

Taken together, all this means that the summary exhibits prepared by Ms. Bender and all the work she has done in this case is undoubtedly based on her "scientific, technical, and other specialized knowledge." Put differently, Ms. Bender is not a lay witness simply testifying about a summary chart she made by doing some simple addition and subtraction. She will testify about how she used complex, specialized, and technical forensic accounting techniques and processes to

apply technical forensic accounting rules, principles, and analysis to the entirety of State Attorney's Mosby's finances. This makes her, by definition, an "expert" and not a lay witness, per Rules 701 and 702, and her testimony accordingly should be excluded.

### II. THE GOVERNMENT HAS FAILED TO TIMELY COMPLY WITH ITS EXPERT DISCLOSURE REQUIREMENTS TO THE DEFENSE'S PREJUDICE.

Because Ms. Bender is an expert witness under Rule 702, the government was required to satisfy the disclosure requirements of Rule 16. Specifically, it was required to provide a summary of her expert testimony disclosing to the defense what Ms. Bender will testify to about the results of her forensic accounting analysis and provide the defense with the actual summary exhibit. The government's mealy-mouthed July 1 letter and its professed desire to "avoid unnecessary litigation" over its *de facto* expert witness failed to do so and as such is insufficient under Rule 16. The government's gamesmanship and failure to provide the proper disclosures under Rule 16 has and will continue to prejudice State's Attorney Mosby because without the summary of the expert's testimony and opinion and the summary exhibit, the defense is unable to fully prepare a constitutionally effective defense and is unable to verify the veracity of the summary exhibit. The government's failure to adhere to its Rule 16 obligations also prevents the defense from locating and preparing a rebuttal expert. The government's surprise attempt to end-run the rules of evidence and present an expert in lay witness clothing should be rejected.

### CONCLUSION

For the foregoing reasons, State's Attorney Mosby respectfully requests this Honorable Court grant her Motion in Limine and preclude the government's forensic accountant from testifying at trial.

Dated: July 15, 2022                Respectfully Submitted,

/s/ *A. Scott Bolden*

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

- 8 -

**CERTIFICATE OF SERVICE**

I certify that, on July 15, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

    */s/ A. Scott Bolden*
    A. Scott Bolden