# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | |
|---|---|---|
| *Leo J. Wise* | *Suite 400* | *DIRECT: 410-209-4909* |
| *Assistant United States Attorney* | *36 S. Charles Street* | *MAIN: 410-209-4800* |
| *Leo.Wise@usdoj.gov* | *Baltimore, MD 21201-3119* | *FAX: 410-962-3091* |

July 1, 2022

A. Scott Bolden
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373

Re: *United States v. Marilyn J. Mosby*, Cr. No. LKG-22-7

Dear Counsel,

As we have consistently stated, the United States does not intend to call expert witnesses at the trial. The United States does intend, as we have stated previously during status conferences with the Court, to call summary fact witnesses, specifically, an FBI forensic accountant, Jenna Bender and an IRS Revenue Officer, Matthew Lopes. We will not seek to have either one qualified as an expert as they will not be offering expert testimony as defined by Federal Rule of Evidence 702.[1] However, in order to avoid needless litigation, we are providing you with notice that satisfies Federal Rule of Criminal Procedure 16(a)(1)(G) as to both witnesses.

Ms. Bender will testify about several summary exhibits she has prepared pursuant to Federal Rule of Evidence 1006.[2] These exhibits will summarize voluminous financial records obtained by the grand jury. Specifically, the exhibits will provide a total number for inflows and

---

[1] Federal Rule of Evidence 702 provides:
A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

[2] Federal Rule of Evidence 1006 provides:
The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

a total number for outflows into the Defendant's bank and credit accounts in 2019 and 2020. The bank and credit accounts that Ms. Bender will summarize are the following:
1) Bank of America account ending in #9041
2) MECU account ending in #8205
3) MECU account ending in #8200
4) Bank of America credit card account ending in #5213
5) Chase credit card account ending in #2943
6) Citibank credit card account ending in #3104
7) Citibank credit card account ending in #8213
8) Barclays credit card account ending in #3683
9) American Express credit card account ending in #65003 (formerly #64006 and #63008)
10) Block token account ending in #hmre

In compliance with Rule 1006, the Government has already produced the records Ms. Bender will summarize in discovery. *See* Fed. R. Evid. 1006 ("The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.").

Revenue Officer Lopes will testify about the amount of taxes the Defendant owed or whether she claimed a refund for tax years 2014-2019, all of which is reflected in her tax returns, the Defendant's tax transcripts for those years, the notices that were sent to the Defendant by the IRS during that time period and the lien that was filed against the Defendant and the notice of it provided to her by the IRS in 2020. These documents, the tax returns, tax transcripts, the notices and the lien have all been provided in discovery.

As to IRS form notices for which a physical copy is not maintained by the IRS, Revenue Officer Lopes will read from the Internal Revenue Manual ("IRM") for the applicable tax year and identify the language that was used in the forms sent to the Defendant and her husband. A copy of the relevant sections of these IRMs was previously provided to you and the relevant language is on the following pages:
- Form CP 14 sent on November 2, 2015: IRM (published November 7, 2014), Section 3.14.1, page 308.
- Form CP 14 sent on November 28, 2016: IRM (published November 10, 2015), Section 3.14.1, page 317.
- Form CP 49 sent on November 13, 2017: IRM (published October 20, 2016), Section 3.14.1, page 340.
- Form CP 49 sent on September 24, 2018: 2017 IRM (published November 9, 2017), Section 3.14.1, page 346
- Form CP 49 sent on November 11, 2019: IRM (published October 30, 2018), Section 3.14.1, page 357.
- Form CP 71C sent on March 23, 2020: IRM (published September 17, 2019), Section 21.3.1, page 30.
- Form CP 42 sent on July 27, 2020: IRM (published September 17, 2019), Section 21.3.1, page 22.

Ms. Bender and Revenue Officer Lopes' resumes are attached.

Sincerely,

EREK L. BARRON
UNITED STATES ATTORNEY

By: _____/s/_____
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

Encl.