IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant | Case No. 22-cr-00007-LKG-1 |

### DEFENDANT MARILYN J. MOSBY'S MOTION IN LIMINE NO. 2 TO PRECLUDE THE GOVERNMENT'S IRS EXPERT FROM TESTIFYING AT TRIAL

Defendant Marilyn J. Mosby ("State's Attorney Mosby"), by and through her undersigned counsel, respectfully moves in limine, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 701 and 702, and the Court's Amended Scheduling Order (Dkt. No. 61) to preclude the government's IRS revenue officer from testifying at trial. As shown herein, this motion should be granted because IRS agents are by nature, expert witnesses, yet the government has repeatedly stated that it will not be presenting an expert witness, and has failed to comply with the expert disclosure requirements of Rule 16(a)(1)(G) and the Amended Scheduling Order.

### BACKGROUND

State's Attorney Mosby made her initial Rule 16(G) request for disclosure of expert testimony by letter to the government on February 8, 2022. *See* Defense Discovery Letter, attached as Ex. A. The Court issued its Amended Scheduling Order setting the expert disclosure deadline for July 1, 2022, and State's Attorney Mosby complied with the scheduling order and timely provided the government with the expert disclosures. *See* Amended Scheduling Order, at 1. But despite all this, the government has made no such expert disclosure, and in fact has repeatedly stated that it does not intend to call an expert witness to offer testimony at trial. For example, in its

opposition to the Defendant's Motion to Continue, the government stated that there was no "lack of clarity" on its position on experts, and that "it did not intend to call any expert witnesses" at trial. Doc. 39, at 2. On July 1, 2022, however, by letter to counsel for State's Attorney Mosby, the government revealed that it plans to call IRS supervisory revenue officer, Mr. Matthew Lopes, who it represented "will testify about the amount of taxes the Defendant owed or whether she claimed a refund for tax years 2014-2019" using information from State's Attorney Mosby's "tax returns, the Defendant's tax transcripts for those years, the notices that were sent to the Defendant by the IRS during that time period and the lien that was filed against the Defendant and the notice of it provided to her by the IRS in 2020." Ex. B, Govt. letter of July 1, 2022.

Given that the government's letter makes it sound like Mr. Lopes will present expert—as opposed to lay—testimony, it begs the question of how the government intends to present the testimony of Mr. Lopes at trial. The apparent answer is that the government is trying to present an expert witness in lay witness clothing, and in doing so, is evading full compliance with its expert disclosure obligations. As shown below, the IRS supervisory revenue officer is indeed an expert under the rules of evidence, the government has failed to comply with its expert disclosure obligations, and the government's disclosure failure has and will continue to prejudice State's Attorney Mosby and her defense at trial.

## **APPLICABLE LAW**

Federal Rules of Evidence 701 and 702 set the boundary between fact and expert witnesses. Federal Rule of Evidence 701 bars fact witnesses from offering opinion testimony unless, among other things, their testimony is, "(c) *not* based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c) (emphasis added). Rule 702, by contrast, lays out the requirements for opinion testimony offered by a qualified expert witness, and

includes, among other things, that the testimony be supported by "the expert's scientific, technical, or other specialized knowledge …." Fed. R. Crim. P. 702(a). The boundary is clear and bright. Indeed, Rule 701 was amended in 2000 to include subsection (c) specifically "to prohibit the inappropriate admission of expert opinion under Rule 701 …." *United States v. Perkins*, 470 F.3d 150, 155 n.8 (4th Cir. 2006) (citation omitted). Rule 701(c) "ensures that a party will not evade" the expert witness evidentiary and disclosure requirements by proffering "expert testimony dressed in lay witness clothing." *Md. Shall Issue, Inc. v. Hogan*, No. ELH-16-3311, 2021 U.S. Dist. LEXIS 139795, at *13 (D. Md. July 27, 2021) (citing Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments).

"A critical distinction" between expert witnesses and lay witnesses is that expert witnesses possess some specialized knowledge or skill or education that is not in possession of the jurors." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 203 (4th Cir. 2000). Therefore, if a witness is offering testimony about "opinions resulting 'from a process of reasoning which can be mastered only by specialists in the field[,]'" that witness is an expert subject to Rule 702 and to the disclosure requirements set forth in Criminal Rule 16. *Id.* at 767. Under Rule 16(a)(1)(G), "[a]t the defendant's request, the government must give the defendant a written summary of any [expert] testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence." *Id.* "The summary … must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*.

## **ARGUMENT**

**I.      THE GOVERNMENT'S IRS SUPERVISORY REVENUE OFFICER IS AN EXPERT UNDER RULE 701 AND 702.**

The government's IRS supervisory revenue officer is an expert under Rule 702 by any measure. Despite the government's suggestion otherwise, IRS employees of this nature are

consistently qualified as experts when testifying on the issues which the government plans to elicit testimony from Mr. Lopes. *See, e.g.*, *United States v. Declue,* 899 F.2d 1465, 1473 (6th Cir. 1990) (holding that IRS agent's "degree and experience qualify her as an expert'); *United States v. Tarwater*, 308 F.3d 494, 502, 512-14 (6th Cir. 2002) (approving district court's allowing of an IRS agent to testify as an expert witness regarding a defendant's under-reporting of income); *United States v. West*, 58 F.3d 133, 139-141 (5th Cir. 1995) (IRS agent admitted as expert witness to explain basis of findings and calculation of taxes owed); *United States v. Notch*, 939 F.2d 895, 900 (10th Cir. 1991) (government expert IRS agent permitted to testify regarding understated personal income using net worth method of proof); *United States v. Windfelder*, 790 F.2d 576, 581 (7th Cir. 1986) ("Expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence."); *United States v. Stokes*, 998 F.2d 279, 280-81 (5th Cir. 1993) (IRS agent permitted to testify as expert in calculation and compilation of income and taxes); *United States v. Pedroni*, 45 Fed. Appx. 103, 2002 WL 993573 (3d Cir. 2002) (IRS agent permitted to testify as expert witness regarding tax returns and financial transactions, and the taxing structure). These results are unsurprising given the complexity of the U.S. Tax Code and its implementing regulations and the specialized knowledge required to analyze and apply both to an individual person's situation. *See United States v. Dimora*, 843 F. Supp. 2d 700, 856 (N.D. Ohio 2012) ("Given the complexity of the federal tax code, courts have found that expert testimony on the subject of taxable income can assist the jury.").

Similarly here, the government seeks to present the expert opinion of Mr. Lopes based on his review and analysis of 5 years' worth of State's Attorney Mosby's tax documents, the Internal Revenue Manual, and certain tax forms. This type of analysis and testimony is not done by a lay person but instead requires "specialized education, training and experience." *Holt*, 2012 U.S. Dist.

LEXIS 109155, at *14. Per Mr. Lopes's resume, he is a tax lawyer, who holds an LLM in taxation from Georgetown University and has been an IRS revenue officer since 2009. Mr. Lopes serves as a supervisory revenue officer overseeing IRS revenue officers in Maryland and Delaware. Given all this, Mr. Lopes is clearly not a lay witness but is instead an "expert" per Rules 701 and 702.

**II.      THE GOVERNMENT HAS FAILED TO TIMELY COMPLY WITH ITS EXPERT DISCLOSURE REQUIREMENTS TO THE DEFENSE'S PREJUDICE.**

Because Ms. Lopes is an expert witness under Rule 702, the government was required to satisfy the disclosure requirements of Rule 16. Specifically, it was required to provide a summary of his expert testimony disclosing to the defense what Mr. Lopes will testify to and the bases and reasons for those opinions. Absent that, State's Attorney Mosby has been prejudiced by being denied the opportunity to challenge Mr. Lopes's qualifications and opinions. Thus, Mr. Lopes's testimony should be excluded.

The government's July 1 letter and its professed desire to "avoid unnecessary litigation" over its *de facto* expert witness is insufficient under Rule 16. The government's gamesmanship and failure to provide the proper disclosures under Rule 16 has and will continue to prejudice State's Attorney Mosby because without a sufficient summary of Mr. Lopes's testimony and opinion and the bases and reasons for those opinions, State's Attorney Mosby will be unable to fully defend against it, and will be unable to verify the veracity of his testimony regarding "the amount of taxes the Defendant owed or whether she claimed a refund for tax years 2014-2019." The government's failure to comply with Rule 16 also prevents State's Attorney Mosby from locating and preparing a rebuttal expert, and thus impedes her constitutional right to a fair trial. This attempt to end-run the rules of evidence and present an expert in lay witness clothing should be rejected.

**CONCLUSION**

For the foregoing reasons, State's Attorney Mosby respectfully requests this Honorable Court grant her Motion in Limine and preclude the government's IRS supervisory revenue officer from testifying at trial.

Dated: July 15, 2022                             Respectfully Submitted,


/s/ *A. Scott Bolden*

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

**CERTIFICATE OF SERVICE**

I certify that, on July 15, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

                                          */s/ A. Scott Bolden*
                                          A. Scott Bolden