# EXHIBIT A



**A. Scott Bolden**
Direct Phone: +1 202 414 9266
Email: abolden@reedsmith.com

Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
+1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

February 8, 2022

**Confidential**

**By Electronic Mail**

Leo Wise
Assistant United States Attorney
36 S. Charles Street, Suite 400
Baltimore, MD 21201-3119

**Re: United States v. Mosby, Criminal Case No. 22-cr-00007-LKG**

Dear Mr. Wise:

    This letter constitutes the initial discovery request on behalf of our client Marilyn J. Mosby, State's Attorney for Baltimore City ("State's Attorney Mosby"). We intend to supplement this letter as necessary.

    We request that the Government provide discovery pursuant to the Fifth and Sixth Amendments to the United States Constitution, *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Court's Order issued on February 4, 2022,[1] *Giglio v. United States*, 405 U.S. 150 (1972), Federal Rule of Criminal Procedure 16, Federal Rule of Evidence 404(b), and under the applicable rules of prosecutorial ethics.[2] We ask that you advise us of any specific requests with which the government declines to comply.

    The documents[3] and information requested include not only documents and information in the possession, custody, or control of your office, but also documents and information in the possession, custody, or control of any agency allied with the prosecution, including the Federal Bureau of

---

[1] *See* Order Pursuant to Fed. R. Crim. P. 5(f), *United States v. Mosby*, No. 1:22-CR-00007-LKG-1 (D. Md. Feb. 4, 2022), ECF No. 14 (ordering the Government to adhere to disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny and to produce in a timely manner all exculpatory evidence).

[2] *See* Maryland Rule 19-303.8(d) "Special Responsibilities of a Prosecutor" ("[t]he prosecutor in a criminal case shall . . . (d) make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal").

[3] The word "documents" includes all books, papers, letters, correspondence, e-mails, notebooks, reports, memoranda, studies, diaries, notes, messages, computer facilitated or transmitted materials, images, photographs, information in any computer database, audio and video tapes, recordings, transcripts, ledgers, printouts and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever, including FBI reports of interviews and/or interview notes.

ABU DHABI ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ KAZAKHSTAN ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH ♦ PRINCETON
RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-165121380.2-PNUNEZH 02/08/2022 12:06 PM

February 8, 2022
Page 2



Investigation ("FBI"), the Internal Revenue Service ("IRS"), and the U.S. Department of the Treasury (collectively "the government").

### A.  Rule 16 Discovery Requests

1. The substance of any oral statement made by the State's Attorney Mosby in response to the interrogation by any person then known by her to be a government agent if the government intends to use that statement at trial. Fed. R. Crim. P. 16(a)(1)(A).

2. Any relevant written or recorded statements made by State's Attorney Mosby within the possession, custody, or control of the government, the existence of which is known, or by exercise of due diligence could be known, to the attorneys for the government. Fed. R. Crim. P. 16(a)(1)(B)(i).

3. That portion of any written record containing the substance of any relevant oral statement made by State's Attorney Mosby in response to interrogation by any person then known to him to be a government agent. Fed. Crim. P. 16(a)(1)(B)(ii).

4. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof (collectively "materials") that are material to preparing the defense and are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(i).

5. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that the government intends to use at trial as evidence in chief and are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(ii).  This includes not only those materials that will be relied on or referred to in any way by any witness (including any expert witness) called by the government during its case-in-chief.  We ask that any materials that the government intends to use at trial as evidence in chief be specifically identified, both to enable counsel to prepare effectively for trial at to afford State's Attorney Mosby an opportunity to move to suppress any such evidence.  *See* Fed. R. Crim. P. 12(b)(3)(C) and 12(b)(4)(B).  In addition, we ask that you identify the source for all materials produced pursuant to Fed. R. Crim. P. 16(a)(1)(E) or *Brady*.

6. All books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof that were obtained from or belong to State's Attorney Mosby and that are within the government's possession, custody, or control. Fed. R. Crim. P. 16(a)(1)(E)(iii).

7. All written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  The summary should describe the witnesses' opinions, the bases and reasons therefore, and the witnesses' qualifications. Fed. R. Crim. P. 16(a)(1)(G).

### B.  Brady, Kyles, and Giglio Requests

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny including *Kyles v. Whitley*, 514 U.S. 419 (1995) and *Giglio v. United States*, 405 U.S. 150 (1972), State's Attorney Mosby requests prompt disclosure of all documents and information, in whatever form, that would tend to exculpate her with respect to the charges in the Indictment, or that would tend to reduce any sentence.  The documents and information that we request under *Brady* and its progeny include:

February 8, 2022
Page 3



8. All documents or information, in whatever form, tending to establish that any of the allegations in the Indictment are not true; or that would tend to contradict or mitigate either the government's theory of its prosecution or arguments at sentencing. This requests includes, but is not limited to any and all reports, memoranda, notes or other written, recorded, or digitally preserved memorializations in the government's possession or control pertaining to the following:

   a. All documents pertaining to State's Attorney Mosby's knowledge or lack thereof of the tax lien identified in the Indictment;

   b. All documents pertaining to communications between State's Attorney Mosby's and her husband and the IRS;

   c. All documents pertaining to State's Attorney Mosby's eligibility or ineligibility for the CARES Act benefit which she received; and

   d. All documents pertaining to "adverse financial consequences" experienced by State's Attorney Mosby stemming from the COVID-19 pandemic.

9. All documents or information, in whatever form, that may be used to impeach any potential prosecution witnesses, including both witnesses whom the prosecution intends to call to the witness stand and declarants whose out-of-court statements the prosecution intends to present as non-hearsay or pursuant to a hearsay exception. *See* Fed. R. Evid. 806. The impeachment information we request includes:

   a. All documents or information, in whatever form, relating to any conviction or arrest for any potential prosecution witness;

   b. All documents or information, in whatever form, relating to promises, consideration, or inducements made to any potential prosecution witness, whether directly to the witness or indirectly to the witness' attorney. "Consideration" means anything of value or use, including without limitation immunity grants, whether formal or informal, witness fees, transportation assistance, money, or assurance of favorable treatment with respect to any criminal, civil, or administrative matter;

   c. All documents or information, in whatever form, relating to known but uncharged criminal conduct, which may provide a motive to cooperate with the government;

   d. All documents or information, in whatever form, that would tend to impeach the credibility of any potential prosecution witness;

   e. All documents or information, in whatever form, bearing adversely on the character or reputation for truthfulness of any potential prosecution witness;

   f. All documents or information, in whatever form, relating to any psychological or psychiatric treatment or condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

    g. All documents or information, in whatever form, relating to any drug or alcohol use by any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility;

    h. Any written or oral statements, whether or not reduced to writing, made by any person which in any way reasonably or conceivably contradicts or is inconsistent with or different from the testimony or expected testimony of such person or any other person the government intends to call as a witness or trial, or which otherwise reflect upon the credibility, competency, bias, or motive of any prosecution witness.

    i. All documents or information, in whatever form, relating to any physical or organic condition of any potential prosecution witness that could affect the witness' memory, perception, veracity, or credibility; and

    j. Each specific instance of conduct from which it could be inferred that any potential prosecution witness is untruthful.

### C. Jencks Material

For the purpose of meeting the government's obligation to produce certain "statements" under 18 U.S.C. § 3500 (Jencks Act), Federal Rule of Criminal Procedure 26.2, and *Brady v. Maryland*, 373 U.S. 83 (1963), we request that any and all handwritten or informal notes of witness interviews be preserved. In order to move this case as expeditiously as possible, it is requested that the required "statements" be provided as far in advance of trial as possible.

### D. Fed. R. Evid. 1006 Requests

10. Pursuant to Fed. R. Evid. 1006 and Fed. R. Crim. P 12(b)(4), State's Attorney Mosby requests that she be advised whether the prosecution will seek to offer any chart, summary, or calculation in evidence, and if so, (1) that such charts, summaries, and calculations be produced, and (2) that all writings, recordings, or other information on which such charts, summaries, or calculations are based be made available for inspection and copying.

### E. Fed. R. Evid. 104 Requests

11. Pursuant to Fed. R. Evid. 104 and Fed. R. Crim. P. 12(b)(4), State's Attorney Mosby requests that the prosecution disclose whether it intends to offer in its case-in-chief as a statement any of the following, and that it provide the substance of any such statement:

    a. Any statement by State's Attorney Mosby in either an individual or representative capacity. Fed. R. Evid. 802(d)(2)(A);

    b. Any statement as to which State's Attorney Mosby allegedly manifested her adoption of belief in its truth. Fed. R. Evid. 802(d)(2)(B);

    c. Any statement made by another which was purportedly authorized by State's Attorney Mosby. Fed. R. Evid. 801(d)(2)(C); or



    d.   Any statement made by an agent or employee of State's Attorney Mosby concerning a matter within the scope his or her agency or employment made during the existence of such a relationship.  Fed. R. Evid. 801(d)(2)(D).

### F.    Fed. R. Evid. 807(b) Requests

12.    Similarly, pursuant to Fed. R. Evid. 807(b), we request that the prosecution advise whether it intends to offer a statement under the residual hearsay exception.  If so, State's Attorney Mosby requests that statement, as well as the name and address of the declarant.  Fed. R. Evid. 807(b).

### G.    Fed. R. Evid. 404(b) Requests

13.    State's Attorney Mosby requests that the prosecution disclose all evidence of uncharged misconduct, similar crimes, wrongs, or acts allegedly committed by her, upon which the prosecution intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, or absence of mistake or accident either in its case-in-chief or in rebuttal. Fed. R. Evid. 404(b).  We further request that this disclosure be made with at least the degree of particularity required in an indictment and should identify any witnesses or documents that the prosecution will offer with respect to the uncharged misconduct.  The disclosure should identify the purpose for which the uncharged misconduct is offered and include any "reverse 404(b)" evidence that may tend to negate State's Attorney Mosby's alleged guilt regarding the uncharged misconduct.

### H.    Rule 12 Requests

As a predicate to motions pursuant to Federal Rule of Criminal Procedure 12, the government is requested to turn over and disclose:

14.    From 2020 to present, each and every instance where any United States citizen has been charged by the government with violating 18 U.S.C. § 1621 and/or 28 U.S.C. § 1746, for allegedly making a withdrawal from a 457(b) or 401(k) plan pursuant to the Coronavirus Aid, Relief, and Economic Security (CARES) Act while not meeting the qualifying criteria to make such a withdrawal.

We are available to confer with you with a view to completing the discovery aspect of this case in an efficient and expeditious manner.

          Sincerely, I am,

          */s/ A. Scott Bolden*

          A. Scott Bolden

CC:   Rizwan A. Qureshi, Esq.
        Kelley Miller, Esq.