IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARILYN J. MOSBY,**<br><br>**Defendant** | **Case No. 22-cr-00007-LKG-1** |

### DEFENDANT MARILYN J. MOSBY'S MOTION IN LIMINE NO. 3 TO STRIKE THE TERMS HARDSHIP, HARDSHIP WITHDRAWAL AND FINANCIAL HARDSHIP AS PREJUDICIAL SURPLUSAGE

Defendant Marilyn J. Mosby ("State's Attorney Mosby"), by and through her undersigned counsel, respectfully moves in limine, pursuant to Federal Rule of Criminal Procedure 7(d), for an Order striking the terms "hardship," "hardship withdrawal" and "financial hardship" from the Superseding Indictment, including from the headings of the charges, as prejudicial surplusage, and precluding the government from using at trial any of these terms in relation to State's Attorney Mosby's 457(b) withdrawal or the qualifying standard for such a withdrawal.

### BACKGROUND

The government uses the terms "adverse financial consequences" (the standard governing Section 2202 coronavirus related distributions ("CRDs")) and "financial hardship" (a term that appears nowhere in Section 2202 related to CRDs) interchangeably in the Superseding Indictment. In particular, the government alleges that State's Attorney Mosby's certification that she experienced "adverse financial consequences" was false because she "had not experienced any of the enumerated *financial hardships* she claimed to have experienced." Super. Indict. at ¶¶ 5, 14 (emphasis added). The government also labels Counts 1 and 3 using the incorrect terminology: "Perjury - May 2020 COVID 19 HARDSHIP WITHDRAWAL" and "Perjury - December 2020 COVID 19 HARDSHIP WITHDRAWAL" respectively.

As State's Attorney Mosby indicated in her motion to dismiss the perjury counts, the government's imputation of a hardship requirement into Section 2202 is unsupported by any statute, regulation, formally promulgated guidance, or case law. *See generally* Doc. No. 70 at 15-18. The government's false equivalence also does not comport with the ordinary meaning of the words "consequence" and "hardship." A "consequence" is "[a] result that follows as an effect of something that came before." Black's Law Dictionary (10th ed. 2014) (emphasis added)). On the other hand, "hardship" means "privation" or "suffering." *Id.*

As discussed below, the term "financial hardship" should be stricken from both the Superseding Indictment pursuant to Rule 7(d) and from use at trial because "hardship" and "hardship withdrawal" are irrelevant to the perjury offense charged in Counts 1 and 3, inflammatory, and will confuse the jury about the law.

## APPLICABLE LAW

Federal Rule of Criminal Procedure 7(d) permits a court to strike "surplusage" from an indictment to "protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment[], or not essential to the charge[], or unnecessary, or inflammatory." *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted and alterations not in original); Fed. R. Crim. P. 7(d). The Fourth Circuit has interpreted the rule to mean that "a motion to strike surplusage should be granted if it is clear that the challenged allegations are (1) not relevant to the charge or charges; (2) inflammatory; and (3) prejudicial to the defendant." *United States v. Presgraves*, 658 F. Supp. 2d 770, 783 (W.D. Va. 2009) citing, *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006). Allegations are also subject to being stricken under the rule if they have "a prejudicial potential for confusing jurors as to the law." *United States v. Mandel*, 415 F. Supp. 997, 1009 (D. Md. 1976), *vacated on other grounds,* 591 F.2d 1347 (4th Cir. 1979).

## ARGUMENT

In accordance with Rule 7(d), and the Fourth Circuit's interpretation of it, an order striking "hardship" and "hardship withdrawal" from the Superseding Indictment and prohibiting the use of the terms at trial in connection with State Attorney's Mosby's 457(b) withdrawal, is warranted for several reasons.

First, the terms are not relevant to the perjury offense charged in Counts 1 and 3. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). By this definition, the terms at issue in this Motion are not relevant. Whether State's Attorney Mosby experienced a "hardship" has no bearing on the perjury charge issue in Counts 1 and 3, and is not a fact of consequence in this case. In particular, the word "hardship" appears nowhere in the text of Section 2202, nor does it appear on the Distribution Form submitted by State's Attorney Mosby. This was by design. Congress chose not to use "hardship" to describe the standard for a coronavirus distribution under Section 2202, and in fact expressly *distinguished* a hardship withdrawal from a retirement fund from a coronavirus-related withdrawal ("CRD") from the same:

> *Unlike hardship distributions*, CRDs could be included in taxable income in 2020 alone or included equally over 2020, 2021, and 2022, and the amount of the CRD may be recontributed to an individual's account within three years.[1]

This distinction must be given deference as an intentional choice by Congress. *See United States v. Espinoza-Leon*, 873 F.2d 743, 746 (4th Cir. 1989) (citing *Russello v. United States*, 464 U.S. 16, 23 (1983)) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acted intentionally and purposely in excluding the particular language."). Therefore, "hardship" and

---

[1] Library of Cong. Elizabeth A. Myers, Cong. Research Serv., R46837, *The CARES Act: Selected Data on Coronavirus-Related Distribution and Loan Usage in 2020* (July 13, 2021).

"hardship withdrawal" are irrelevant and should be stricken from the Superseding Indictment, and be prohibited from use at trial.

Second, the hardship language should be stricken because the terms are inflammatory. "Financial Hardship" is materially different from "adverse financial consequences" in that it connotes "suffering" and "privation" and suggests that a plan participant must suffer a more burdensome and impactful financial harm than is actually required. To that end, the suggestion that an individual purportedly withdrawing thousands of dollars from their own retirement account would claim a financial "hardship" is likely to inflame the jury and cause its members to view State's Attorney Mosby in a negative light. This suggestion is inflammatory to State's Attorney Mosby's prejudice.

For the same reason, the requested order is warranted to avoid confusing the jury. Allowing the use of "hardship" in the pending indictment and at trial would confuse the jury as to the applicable qualification standard for 457(b) CRD. And as noted in State's Attorney Mosby's Reply in support of her motion to dismiss, there is a material distinction between the two terms. *See* Doc. 74 at 10 (""Hardship" connotes systemic financial difficulties; whereas "adverse financial consequences" connotes, at most, isolated incidents of lost income or currency. Put differently, the person who loses $20 in a Las Vegas airport slot machine during a layover can be said to have suffered a financial loss or suffered adverse financial consequences, while the addicted gambler who *consistently loses* and has no job or home due to the addiction is in a permanent state of suffering from financial hardship.") Absent an order eliminating the use of the improper term, the jury will believe that State's Attorney Mosby qualified for a CRD only if she suffered a financial "hardship" – a more burdensome standard that is contrary to the law and prejudicial to the defense.

For these reasons, State's Attorney Mosby respectfully requests this Honorable Court grant her Motion in Limine and strike the terms "hardship," "hardship withdrawal," and "financial hardship" from the Superseding Indictment and preclude the government from using those terms at trial in connection to State's Attorney Mosby's 457(b) withdrawal or the qualifying standard for such a withdrawal.

Dated: July 15, 2022                    Respectfully Submitted,


/s/ *A. Scott Bolden*

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

## **CERTIFICATE OF SERVICE**

I certify that, on July 15, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

          */s/ A. Scott Bolden*
          A. Scott Bolden