# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant | Case No. 22-cr-00007-LKG-1 |

### DEFENDANT MARILYN J. MOSBY'S MOTION IN LIMINE NO. 4 PURSUANT TO FEDERAL RULES OF EVIDENCE 401 AND 403 TO EXCLUDE EVIDENCE OF HOW HER WITHDRAWN 457(B) FUNDS WERE USED

AND NOW, comes Defendant State's Attorney Marilyn Mosby, through counsel, and moves pursuant to Federal Rules of Evidence 401 and 403 to exclude from the trial in this matter any evidence or argument related to how State's Attorney Mosby used the funds she obtained from her City of Baltimore 457(b) retirement plan. Such evidence is irrelevant to the charges against State's Attorney Mosby, and any minimal probative value it may offer (but does not) is far outweighed by the prejudice it would cause to State's Attorney Mosby, the confusion it would cause the jury, and because the presentation of such evidence would be a waste of time. The only purpose of this evidence would be to prejudice State's Attorney Mosby before the jury by suggesting that she improperly used her 457(b) withdrawal funds, and that improper use motivated her withdrawal request. As shown below, however, such a suggestion is not only improper and prejudicial, but also factually misleading because there are no restrictions or prohibitions on how the 457(b) funds can be used. Therefore, evidence and argument on how State's Attorney Mosby used her 457(b) withdrawal should be excluded.

## BACKGROUND

Counts One and Three of the Superseding Indictment in this criminal case charge State's Attorney Mosby with perjury under 18 U.S.C. § 1621 for allegedly making false statement associated with two separate Coronavirus-Related Distributions (CRDs) from her City of Baltimore 457(b) retirement fund. According to the government's allegations, the false statements arose in the context of the certification State's Attorney Mosby made regarding her reason for seeking the CRDs. *See* Doc. 23 at 3, 12. Counts One and Three also allege, presumably for context, that State's Attorney Mosby used the distributed funds as down payments for the purchase of the two homes at issue in Counts Two and Four. *See* Doc. 23 at 4, 13.

Separately, Counts Two and Four of the Superseding Indictment allege that State's Attorney made false statements on mortgage loan applications in violation of 18 U.S.C. § 1014 associated with the purchase of two homes in 2020 and 2021. *See generally* Doc. 23 at 6-10, 15-19. In particular, Counts Two and Four allege that State's Attorney Mosby made various false statements on the two mortgage loan applications related to alleged federal tax liability, an outstanding federal tax lien, and various statements related to the use and management of the vacation homes. *See generally* Doc. 23 at 10, 18-19.

## APPLICABLE LAW

Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). While as a general matter, relevant evidence is admissible, and irrelevant evidence is not[1], relevancy does not automatically mean admissibility. A Court should exclude relevant evidence "if its probative value is substantially outweighed by a

---

[1] *See* Fed. R. Evid. 402.

danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

How State's Attorney Mosby used the distributed funds from her 457(b) plan account, including (but not limited to) purchasing two homes in Florida, should be excluded under Rules 401 and 403.

### A. Evidence of How State's Attorney Mosby Used The Distribution Is Irrelevant

How State's Attorney Mosby used her withdrawn 457(b) funds has no relevancy or bearing on the counts charged in the Superseding Indictment. How the funds were used is not an element of either the perjury or false statement charges and has no bearing on a "fact of consequence."

As for the perjury counts, the government must prove "(1) a declaration, (2) made under penalty of perjury, (3) in which the accused willfully subscribes as true, (4) any material matter, (5) which he does not believe to be true." *United States v. Savoy*, 38 F. Supp. 2d 406, 413 (D. Md. 1998) (internal quotation marks omitted). Missing from the elements of perjury is any element that encompasses how State's Attorney Mosby used her withdrawn 457(b) funds. How the funds were used simply is not a "fact of consequence" for Counts 1 and 3, and therefore is irrelevant under Rule 401, and must be excluded as per Rule 402.

As noted, the false statements alleged in the perjury counts relate to State's Attorney Mosby's certification that she was qualified to receive a CRD from her 457(b) Plan—not any statement related to how she intended to use those funds. In sum, the pending perjury charges solely concern State Attorney's Mosby's conduct *prior* to receiving the CRD, and have nothing to do with her conduct *after* receiving the CRD, and therefore how State's Attorney Mosby used the withdrawn funds has zero tendency to make any fact of consequence more or less probable.

Indeed, as a factual matter, how State's Attorney used her CRD *could never* be probative of her qualification to receive a CRD. This is because as a legal matter how CRDs are used have no relation to, or bearing on, whether a plan participant is qualified to receive a CRD. IRS guidance on this point is clear and explicit:

> The definition of a coronavirus-related distribution under section 2202(a)(4) of the CARES Act does not limit these distributions to amounts withdrawn solely to meet a need arising from COVID-19. Thus, for example, for an individual who is a qualified individual as a result of experiencing adverse financial consequences as described above, coronavirus-related distributions are permitted without regard to the qualified individual's need for funds, and the amount of the distribution is not required to correspond to the extent of the adverse financial consequences experienced by the qualified individual.

Doc. 70-1 at 6. Thus, evidence related to how State's Attorney Mosby used the distributed funds is entirely irrelevant to the perjury charge

How State's Attorney Mosby used her CRD is equally irrelevant to the false statement on loan application offense of Counts 2 and 4. The elements of that offense are as follows: (1) the defendant made or caused to be made a false statement or report relating to an application to a federally-insured bank (e.g., for a loan or credit card); (2) for the purpose of influencing the bank's action; (3) the statement was false as to a material fact; and (4) the statement was made knowingly. *See United States v. Smith*, 29 F.3d 913, 916 (4th Cir. 1994). How State's Attorney Mosby intended to, or did use her CRD funds have no probative value to any of these elements.

In fact, State Attorney Mosby's withdrawn CRD funds have no relation to her loan application containing the alleged false statements. Similar to the perjury charges, the false statements charges concern State Attorney's Mosby conduct prior to receiving the loans, and nothing to do with her conduct in using the loans. The false statements alleged in Counts 2 and 4 relate to State's Attorney Mosby's alleged outstanding federal tax liabilities, a federal tax lien, and the use and management of the properties in question—not how she planned to use funds from her

457(b) Plan distribution. Therefore, evidence on how she used the loans have no probative value for the false statement charges.

In sum, that State's Attorney Mosby used her CRD withdraw to purchase homes in Florida is not relevant to the question of whether State Attorney Mosby committed perjury and made false statements to receive the CRD withdrawals and bank loans. Her use of the CRD funds is not probative of any element or fact of consequence in this case. Given all this, this Court should exclude any evidence of how State's Attorney Mosby used her 457(b) funds as irrelevant to all charges in the Superseding Indictment.

> **B. Any Probative Value Of The Evidence In Question Is Substantially Outweighed By The Risk Of Unfair Prejudice, Confusing The Issues, And Wasting Time**

Even if there were some probative value associated with evidence of how State's Attorney Mosby used the 457(b) funds—and there is not—that probative value would be substantially outweighed by the risk of prejudice to State's Attorney Mosby, confusion of the jury, and ultimately wasting the court and the jury's time with unnecessary and irrelevant evidence. As such, the evidence can also be excluded under Rule 403.

> **1. Unfair Prejudice**

Because the evidence of focus here has no relevant or probative purpose, the government would offer it solely to improperly impugn State's Attorney Mosby's character and to convince the jury that State's Attorney Mosby engaged in improper behavior by using CRD funds to purchase multiple properties during the pandemic. This is deeply prejudicial, because it raises the acute risk that the jury will convict State's Attorney Mosby not because the government satisfied the elements of the charged offenses, but rather on the mistaken belief that she acted improperly and unlawfully in how she used her CRD funds. Moreover, allowing such evidence also risks the jury convicting State's Attorney Mosby due to animosity or jealousy that she used CRD funds to

purchase second homes in Florida during a pandemic. But, as already noted above, there was *absolutely nothing improper* with how she spent the funds—indeed, the IRS itself acknowledged that "the CARES Act does not limit these distributions to amounts withdrawn solely to meet a need arising from COVID-19," and the CRDs are not limited based on need for the funds. Doc. 70-1 at 6. At bottom, it would be deeply prejudicial for the Court to allow the jury to be swayed against State's Attorney Mosby based on facts that are irrelevant and inconsequential to any of the charges in question. Those facts and any related argument should be excluded.

2. **Confusing the Issues**

In a similar vein, the evidence in question threatens to confuse the issues in this prosecution. As noted above and in State's Attorney Mosby's motion to dismiss, the government's novel legal theories—particularly related to the perjury charge—raise a serious risk of confusing the issue about what is and is not material. Indeed, introducing evidence about how State's Attorney Mosby *spent* the funds from her CRD could easily be conflated with *why* she requested the funds, or *whether* she qualified for such a distribution. The risk of confusion is heightened by the government's improper use of the term "financial hardship" throughout the indictment, which suggests that State's Attorney Mosby should not have been in a position to purchase the properties with the CRD funds. As noted in State's Attorney Mosby's motion to dismiss, of course, none of this is accurate based on the government's flawed interpretation of how the perjury statute applies to the facts of this case. The potential for confusion is significant, and the evidence should be excluded.

3. **Wasting Time**

For largely the same reasons outlined above, the presentation of the evidence in question is excludable because it will waste the jury's time. It is not relevant, it is deeply prejudicial, and it has no bearing on the relevant issues before the jury. As such it should be excluded.

## CONCLUSION

For all these reasons, State's Attorney Mosby requests that this Court enter an order precluding the government from presenting evidence or argument at trial regarding how State's Attorney Mosby spent the 457(b) funds.

Dated: July 15, 2022  Respectfully Submitted,

/s/ A. Scott Bolden

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)

Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

## **CERTIFICATE OF SERVICE**

I certify that, on July 15, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

                                         */s/ A. Scott Bolden*
                                         A. Scott Bolden