IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>**Defendant** | Case No. 22-cr-00007-LKG-1 |

### DEFENDANT MARILYN J. MOSBY'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OF ANY PRIOR INVESTIGATIONS INTO THE DEFENDANT, INCLUDING AS A SUBJECT OF AN OIG AND A STATE BAR INVESTIGATION

Pursuant to Federal Rules of Evidence 401, 402, 403, and 404(b), Defendant State's Attorney Marilyn J. Mosby ("State's Attorney Mosby") moves in limine for an order prohibiting the Government from presenting any evidence at trial of any prior investigations into State's Attorney Mosby, including, but not limited to the Office of Inspector General of Baltimore City ("OIG") and State Bar investigations, and related findings. This evidence is not relevant to the charges at issue, its probative value is substantially outweighed by the risk of unfair prejudice, and admitting such evidence would be unduly prejudicial.

### BACKGROUND

On or about October 13, 2020, Maryland State Bar Counsel Lydia Lawless ("Ms. Lawless") became aware of a federal tax lien placed against State's Attorney Mosby and her husband after the *Baltimore Sun* published an article discussing the lien. Ms. Lawless, who at the time was investigating an unrelated, unfounded complaint against State's Attorney Mosby, dismissed this initial investigation and immediately opened another investigation into State's Attorney Mosby's taxes. Pursuant to that investigation, Ms. Lawless requested that State's Attorney Mosby turn over her tax returns for 2014 through 2019. State's Attorney Mosby turned

over her joint tax records dating back seven years. Ultimately, despite Ms. Lawless referring the matter to the U.S. Attorney's Office for the District of Maryland ("USAO"), no criminal tax charges were brought against State's Attorney Mosby and the State Bar investigation did not result in any sanctioning of State's Attorney Mosby.

On or about July 2020, a separate investigation into State's Attorney Mosby's office was opened by the OIG after the *Baltimore Brew* published an article erroneously accusing State's Attorney Mosby of misconduct related to reimbursements for official travel that State's Attorney Mosby reported her State Ethics disclosure forms. State's Attorney Mosby sought to go above and beyond what had to be disclosed on those forms, appreciating that the information was available for inspection by any member of the public and in an effort to be transparent. Even so, the article included comparisons to improper financial practices of other elected officials.

In an effort to correct the record, State's Attorney Mosby reached out to the OIG to conduct an unbiased, objective, and independent review of her official travel. After seven months of reviewing State's Attorney Mosby's cell phone records, personal bank and credit card statements, tax returns, more than 4,000 work emails, and proof of deductions, the OIG investigation ultimately concluded that taxpayer funds were rarely used and were *not* abused for State's Attorney Mosby's work-related travel, and that State's Attorney Mosby did *not* engage in improper financial dealings related to such travel. Yet, the OIG's report—which was released to the public—included concerns regarding State's Attorney Mosby's approval for trips from the Baltimore City Board of Estimate, the fact that she took twenty-four trips outside of Baltimore over a period of two years, and misstatements about whether she donated publicly disclosed gifts. These unfounded concerns and factually incorrect information were addressed in a letter from State's Attorney Mosby's attorney to the Inspector General of Baltimore City on February 21, 2021. *See* https://inspector-

general.baltimorecity.gov/sites/default/files/2021-02-12%20Isabel%20Mercedes%20Cumming%20RE.%20OIG%20Report.pdf. Despite this misleading Report, State's Attorney Mosby was not found to have misused taxpayer funds for work-related travel.

## APPLICABLE LAW

Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). While as a general matter, relevant evidence is admissible, and irrelevant evidence is not[1], relevancy does not automatically mean admissibility. A Court should exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. It is well established that evidence is admissible at trial if it "arose out of the same transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." *United States v. Towne*, 870 F.2d 880, 886 (4th Cir. 1989).

Rule 404(b) precludes the admission of character evidence for the purpose of showing that in the case at issue, the person acted in accordance with this character trait. *See* Fed. R. Evid. 404(b). Rule 404(b) allows for the introduction of evidence of other crimes, wrongs, or acts provided that these bad acts prove something other than that the person acted in conformity with his or her character. *Id*. Evidence is not admissible under Rule 404(b) if it is not relevant to an admissible purpose or if its probative value is substantially outweighed by its undue prejudice. *Id*.

---

[1] *See* Fed. R. Evid. 402

Courts in the Fourth Circuit use a four-part test to assess the admissibility of evidence under 404(b) and 403: (1) the prior-act evidence must be relevant to an issue other than character, such as intent, motive, opportunity, preparation, plan, identity, or absence of mistake; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature. *See, e.g., United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013). Under this standard, the relevance of a prior bad act or *alleged* bad act significantly diminishes when the facts of the prior offense are not similar to the instant offense. *See United States v. Queen*, 132 F.3d 991, 997 (4th Cir. 1997); *United States v. Davis*, 657 F.2d 637, 639 (4th Cir. 1981). Evidence is "necessary," for purposes of establishing an exception under Rule 404(b), when that evidence is "an essential part of the crimes on trial" or when that evidence "furnishes part of the context of the crime." *United States v. Rawle*, 845 F.2d 1244, 1247 (4th Cir. 1998). However, Rule 404(b) prohibits the admission of evidence of other wrongs or acts to prove the defendant's propensity to commit crimes or the defendant's bad character. *United States v.* Lightly, 616 F.3d 321, 351 (4th Cir. 2010).

## ARGUMENT

**A.     Evidence Of Any Prior Investigations, Including The State Bar and OIG Investigations, Is Inadmissible Under Rule 401 and 402 Because They Are Not Relevant To The Charges At Issue**

The fact that State's Attorney Mosby was the subject of State Bar and OIG investigations or any other unrelated investigation, is not relevant to the instant charges of alleged perjury on 457(b) plan withdrawal forms and alleged false statements made in two mortgage applications. As for the perjury counts, the government must prove "(1) a declaration, (2) made under penalty of perjury, (3) in which the accused willfully subscribes as true, (4) any material matter, (5) which he does not believe to be true." *United States v. Savoy*, 38 F. Supp. 2d 406, 413 (D. Md. 1998) (internal

4

quotation marks omitted). Nothing about the two investigations discussed above (which, again, revealed no wrongdoing) has any bearing on whether State's Attorney Mosby made a false statement on her 457(b) plan withdrawal forms.

As to the false statement on a loan application, the elements of that offense are as follows: (1) the defendant made or caused to be made a false statement or report relating to an application to a federally-insured bank (e.g., for a loan or credit card); (2) for the purpose of influencing the bank's action; (3) the statement was false as to a material fact; and (4) the statement was made knowingly. *See United States v. Smith*, 29 F.3d 913, 916 (4th Cir. 1994). Once again, the prior unfounded investigations have no bearing on any of these elements, nor do they make any of these elements more probable.

Moreover, these investigations and the underlying facts are not inextricably linked to the charges on trial. The government could have elected to charge State's Attorney Mosby with a tax violation if it believed it had evidence to support such a charge. It did not do so. The State Bar investigation into State's Attorney Mosby's taxes has no bearing or probative value with respect to the charged offenses. Additionally, the OIG investigation into State's Attorney Mosby's official travel similarly has no bearing on the instant charges of perjury or false statements on mortgage application. Accordingly, evidence of these investigations and any prior investigations into State's Attorney Mosby should be excluded as irrelevant because this evidence fails to meet the threshold requirement of relevance under Rule 401 of the Federal Rules of Evidence.

**B.      Evidence Of Any Prior Investigations, Including The Previous State Bar and OIG Investigations, Is Inadmissible Under Rule 403 Because The Risk Of Unfair Prejudice Substantially Outweighs The Probative Value**

Even if the State Bar and OIG investigations had some probative value, which they do not, such evidence should be excluded under Federal Rule of Evidence 403, which provides that "evidence may be excluded if its probative value is substantially outweighed by danger of unfair

prejudice." Fed. R. Evid. 403. Courts have also invoked Rule 403 to exclude evidence of other lawsuits where it would tend to confuse the jury. *See Glover v. Oppleman, et al.*, 178 F. Supp. 2d 622, 633 (W. D. Va. 2001) (court excluded evidence of prior lawsuits because "[s]ubstantially outweighing the very weak probative value of this evidence [was] an [overwhelming] risk of unfair prejudice to the defendant."). The same rationale extends to evidence of other investigations.

Without question, evidence of other investigations involving allegations of tax violations or bad acts would unfairly prejudice State's Attorney Mosby. The admission of such evidence would place upon State's Attorney Mosby the heavy burden of explaining the circumstances at issue in the other investigations—even though, as discussed above, those investigations are utterly irrelevant to the charges in this case.

Moreover, evidence of the other investigations would only serve to confuse the jury as no claims of tax violations are at issue in the instant case. The charges against which State's Attorney Mosby must defend against at trial include alleged perjury on two 457(b) withdrawal forms and false statements made on mortgage applications for two properties in Florida. If the evidence in question is introduced, State's Attorney Mosby would be prejudiced by having to *de facto* defend against alleged tax violations for which she has not been charged. Federal Rule of Evidence 403 is designed to prevent such an unfair and unreliable presentation to the jury. *See generally* Fed. R. Evid. 403 Advisory Committee Note. Accordingly, evidence regarding the State Bar and OIG investigations should be excluded based on Rule 403 because the risk of unfair prejudice outweighs its probative value.

    **C.**    **Evidence Of Prior Investigations, Including The Previous State Bar and OIG Investigations, Is Inadmissible Under Federal Rule of Evidence 404(b) Because It Is Unduly Prejudicial**

Evidence of the State Bar and OIG investigations is also inadmissible under Federal Rule of Evidence 404(b), which makes evidence of other "bad acts" inadmissible to show that a party

acted in conformity therewith. Here, the evidence fails to meet any of the criteria established by the Fourth Circuit for admissibility of Rule 404(b) evidence. *See Lespier*, 725 F.3d at 448.

*First*, evidence of the existence of these previous State Bar and OIG investigations does not bear a relationship to the charged crimes of perjury or false statements on mortgage applications and thus does not go towards establishing State's Attorney Mosby's intent, motive, opportunity, preparation, plan, identity, or absence of mistake in the instant case. In fact, it does just the opposite. To the extent that those investigations revealed *no wrongdoing*, they reinforce the baseless nature of the government's charges here. Moreover, the subject of these previous investigations is not inextricably linked to the alleged perjurious or false statements State's Attorney Mosby is charged with as they relate to acts in her capacity as a public official such as her official travel and ethics disclosures. Here, the crimes alleged in the Superseding Indictment involve actions State's Attorney Mosby took in her personal capacity—namely, her efforts to withdraw funds from her 457(b) plan and the purchase two properties in Florida. *Second*, the State Bar and OIG investigations are not relevant to proving any element of the charged offenses, as discussed above. *Third*, the admission of this evidence would not be reliable as it would only serve to confuse the jury and distract from the charges at issue. *Finally*, the probative value of this evidence is substantially outweighed by the risk of unfair prejudice. The State Bar and OIG investigations are not even related to, much less essential parts of, the crimes on trial. Nor does evidence of these investigations provide context for the crimes charged. This evidence would only serve to confuse the jury and would improperly go towards establishing an *alleged*—yet unfounded—pattern of unrelated bad behavior.

Permitting evidence of these investigations and the uncharged allegations giving rise to them would be unfairly prejudicial in this context. Prejudicial evidence should be excluded to

protect the jury from drawing improper inferences. *See Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988). Accordingly, pursuant to Rule 404(b), this Court should not permit evidence or argument relating to any prior investigations into State's Attorney Mosby, including the State Bar and OIG investigations or evidence of any uncharged alleged conduct that gave rise to those investigations.

## CONCLUSION

For the foregoing reasons, State's Attorney Mosby respectfully requests that this Court enter an order to exclude evidence or argument at trial of any prior investigations into State's Attorney Mosby, including the State Bar and OIG investigations.

Dated: July 15, 2022    Respectfully Submitted,

/s/ *A. Scott Bolden*

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400

ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

## **CERTIFICATE OF SERVICE**

I certify that, on July 15, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

                                           */s/ A. Scott Bolden*
                                           A. Scott Bolden