**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARILYN J. MOSBY,**<br><br>**Defendant** | **Case No. 22-cr-00007-LKG-1** |

**DEFENDANT MARILYN J. MOSBY'S RESPONSE TO THE GOVERNMENT'S
MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT
REGARDING INVESTIGATION AND PROSECUTION OF THIS CASE**

Defendant State's Attorney Marilyn J. Mosby ("State's Attorney Mosby") offers this response to the Government's Motion in Limine to Exclude Improper Evidence and Argument Regarding Investigation and Prosecution of this Case. Doc. No. 78. For the reasons set forth in detail below, the government's premature motion—which relies exclusively on pretrial statements taken out of context and purports to know what State's Attorney Mosby will argue in her defense at trial—should be denied.

## INTRODUCTION

The government's motion to exclude what it calls "improper evidence and argument regarding investigation and prosecution of this case" is premature. It purports to predict the future and claims to know what evidence and arguments State's Attorney Mosby might present in her defense at trial, yet it is based on nothing more than speculation, and is grounded in statements and motions the defense team made months ago. Given this, the Court should deny the government's motion and withhold ruling on this matter unless and until such evidence is put at issue at trial. At that time, the Court will be able to view the evidence in the proper context and decide whether it has probative value as it relates to the issues at trial.

As to whether the evidence will have probative value at that time, State's Attorney Mosby has every reason to believe that the government is likely to open the door to such evidence. As noted in State's Attorney Mosby's first motion to dismiss the indictment, members of the prosecution team have historically been biased against her, and there is a strong likelihood that the breadth and scope of the government's past investigations—and the animus that fueled them—will come through in its own presentation of evidence. If that occurs, then State's Attorney Mosby will be prejudiced if she is not allowed to provide critical context to the jury. For these reasons, the Court should withhold ruling on the government's motion unless and until it becomes necessary to do so at trial.

## ARGUMENT

### A.    The Government's Characterization Of The Evidence At Issue Is Wrong

As an initial matter, it is worth putting the government's claims about the purported "improper evidence" in the appropriate context, because much of its characterization of the evidence State's Attorney Mosby will purportedly try to adduce at trial is irrelevant and incorrect, for at least three reasons.

*First*, a review of the "evidence" the government uses to support its motion is outdated. It stems from statements made by State's Attorney Mosby and defense counsel from January and March of this year—the most recent of which occurred more than four months ago. *See* Mot. at 1-3. Those statements arose at a time when the posture of this case was very different. More pretrial motions had yet to be filed, discovery was far from complete, and *both sides* were engaged in communicating their respective positions to the public in this high-profile and closely-watched case. *See* Press Release, *Baltimore City State's Attorney Marilyn Mosby Facing Perjury and False Mortgage Application Charges Related to Her Purchase of Two Vacation Properties* (Jan. 13, 2022) (available at https://www.justice.gov/usao-md/pr/baltimore-city-state-s-attorney-marilyn-

mosby-facing-perjury-and-false-mortgage) (last accessed July 26, 2022). At least one of the statements, from a Baltimore Sun article, is even older, and actually pre-dates the original indictment in this case by more than six months. *See* Mot. at 2 (discussing article published on June 28, 2021). Much has changed since these statements were made, and the government's presumption that they reflect a desire to present such evidence at trial is, at best, based on pure speculation.

*Second*, none of the outdated "evidence" that the government identifies and seeks to exclude is even remotely problematic. Indeed, many of the statements, like the suggestion that the government "will be on trial as well," Mot. at 1, 2 (internal quotation marks omitted), are true. Such statements indicating that the defense intends to put the government to its high burden of proving its case beyond a reasonable doubt are the sort of statements defense counsel makes on a regular basis. As are statements expressing the opinion that charges have been "wrongfully brought." Mot. at 2 (internal quotation marks omitted). Put differently, the government's concern about statements that were made months ago expressing sentiments that defense counsel routinely make, is overblown.

*Third*, to the extent that the government rests its motion on purported "evidence" it draws from State's Attorney Mosby's first motion to dismiss, Mot. at 3, 9-10, it is important to highlight the critical misstatements the government makes about the Court's ruling on that motion. *Id.* While certainly the Court ruled on State's Attorney Mosby's motion and concluded that it did not meet the high burden for dismissal of the charges under the standard for selective and vindictive prosecution, that was by no means a ruling on the underlying truth or falsity of the allegations of bias underlying the motion. And, to that point, while the government may contend that the allegations are "baseless," it has never once denied the underlying truth of the documented and

verified facts outlined in the first motion to dismiss. *See generally* Doc. No. 34 at 11-27 (discussing the government's failure to specifically deny any of the alleged instances of bias outlined in the first motion to dismiss).[1] While, as discussed below, State's Attorney Mosby is well aware of her obligations vis-à-vis presenting evidence of selective or vindictive prosecution at trial, it is unfair for the government to improperly exaggerate the significance of the Court's ruling on the motion to dismiss.

### B.     The Government's Motion Is Premature

As noted, the government's motion is based on nothing more than speculation about what State's Attorney Mosby *might* seek to discuss at trial, and as such, the motion is premature because this Court cannot know yet how the evidence in this case will be presented, nor can it know whether certain aspects of this evidence will become relevant to the proceedings. Given this, the Court is well within its discretion to withhold ruling on the government's motion until it has enough information to make a definitive ruling, because "[c]ourts are often better suited to assess the value and utility of evidence during trial." *Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 612 n.14 (M.D.N.C. May 1, 2019) (collecting cases from throughout the Fourth Circuit); *see also United States v. Verges*, No. 1:13CR222, 2014 U.S. Dist. LEXIS 17969 (E.D. Va. Feb. 12, 2014) (recognizing that "orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence when they arise" (internal quotation marks and alteration omitted)). Given the broad swath of evidence the government seeks to exclude, it is premature for the Court to make such a determination at this stage, before any evidence has been introduced at trial.

---

[1] *See also* exhibits attached to State's Attorney Mosby's first motion to dismiss the indictment, Doc. No. 17. Those exhibits document and support State's Attorney Mosby's allegations of prosecutorial animus, which the government has never refuted.

Moreover, State's Attorney Mosby is well aware of the limitations associated with seeking to introduce any evidence related to either selective prosecution or arguments aimed at jury nullification. *See generally* Mot. at 5-8. Accordingly, there is no need for the government seek the relief it does, which is in essence an order directing State's Attorney Mosby to "play by the rules." *See generally id.* (discussing the law related to prosecutorial vindictiveness at trial). This further underscores the need to withhold ruling on the government's motion, because there is simply no need for an order excluding the category of evidence the government references—at least until such evidence is put at issue at trial.

As a final matter, there is reason to believe that the government *will* open the door to this type of evidence at trial—as evidenced by the fact that the government felt compelled to file its motion in the first place. As noted in State's Attorney Mosby's first motion to dismiss, the government's investigation into her has been extensive, wide-ranging, and lengthy. *See generally* Doc. No. 17. To the extent that the government's witnesses and evidence allude to prior aspects of that investigation—an issue State's Attorney Mosby has raised in her own motion in limine—then that would likely open the door to evidence of the underlying animus and background at issue here, including in particular the evidence related to the political motives behind the extensive investigation(s) of State's Attorney Mosby, and the government's shifting theories of prosecution against her. To that end, if the door is opened, then the broad-sweeping order the government seeks here would ostensibly prohibit (or at least severely limit) State's Attorney Mosby from exploring the broader context of the government's investigation. For example, the defense should be permitted to cross examine the government's witnesses on the extent of their search for anything the government could make a case out of, or how many documents and other materials the

5

witnesses reviewed, all with the aim of putting State's Attorney Mosby's entire life under a microscope.

Contrary to the government's contention, such critical context will be relevant and helpful for the jury in analyzing the evidence related to the charges in the Superseding Indictment. As noted above, this Court cannot effectively evaluate what that evidence will be now, before trial, and as such it should withhold ruling on the government's motion at this stage of the proceedings.

## **CONCLUSION**

For the foregoing reasons, State's Attorney Mosby respectfully requests that this Court deny the government's Motion in Limine to Exclude Improper Evidence and Argument Regarding Investigation and Prosecution of this Case, and to withhold issuing any ruling on this matter unless or until such evidence is put in issue at the trial in this matter.

Dated: July 29, 2022                    Respectfully Submitted,


                                        /s/ *A. Scott Bolden*

                                        A. Scott Bolden (*admitted pro hac vice*)
                                        Rizwan A. Qureshi (*admitted pro hac vice*)
                                        Reed Smith LLP
                                        1301 K Street, N.W.
                                        Suite 1000 - East Tower
                                        Washington, D.C. 20005-3373
                                        Telephone: +1 202 414 9200
                                        Facsimile: +1 202 414 9299
                                        RQureshi@ReedSmith.com
                                        ABolden@ReedSmith.com

                                        Kelley Miller (*admitted pro hac vice*)
                                        Reed Smith LLP
                                        7900 Tysons One Place, Suite 500
                                        McLean, Virginia 22102
                                        Telephone: + 1 703 641 4200
                                        Facsimile: +1 703 641 4340
                                        KMiller@ReedSmith.com

                                        Anthony R. Todd (*admitted pro hac vice*)
                                        Reed Smith LLP

10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 29, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.


_/s/ A. Scott Bolden_
A. Scott Bolden