IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| ****** | | |

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE AND ARGUMENT REGARDING INVESTIGATION AND PROSECUTION OF THIS CASE**

This Court flatly rejected the Defendant's baseless allegations of misconduct in the investigation and prosecution of this case. The Defendant does not challenge that such baseless arguments are not a matter for the jury, and longstanding case law holds that a motion in limine to preclude such baseless arguments at trial is properly brought before trial. This Court should grant the motion and save time and delay in litigating this matter at trial.

**1. The Defendant's Allegations of Wrongful Prosecution Are False**

The Defendant persists in falsely claiming that the government "has never refuted" the Defendant's specious allegations of animus, and falsely casts this Court's decision denying her motion to dismiss as "by no means a ruling on the underlying truth or falsity of the allegations." ECF 88, at 3-4. That is wrong. This Court clearly stated that the Defendant had presented no "objective evidence" of animus or bad faith in this prosecution. See Order of April 14, 2022, ECF 52, at 13. This Court thus held that the Defendant's arguments are baseless.

The Defendant also persists in falsely claiming that the government has not "specifically den[ied] any of the alleged instances of bias outlined in the first motion to dismiss." ECF 88, at 3-4. To clear up any confusion on the part of the Defendant, the Government categorically denies

the Defendant's assertions and did so when it opposed the Defendant's meritless motion to dismiss. Further, the Defendant's claim that she presented "documented and verified facts" in her motion to dismiss is false. None of her allegations were "documented" or "verified," as the Court recognized when it ruled that the Defendant had provided no objective evidence of vindictive and selective prosecution. They were made up by defense counsel. The truth is and always has been that the Defendant was not investigated or charged because of her race, her politics, or her personal decisions. She was investigated and charged because she committed multiple federal crimes. Any argument to the contrary is a distraction – a distraction now, and a distraction for the jury later. Therefore, the Government has properly moved to exclude the evidence.

**2. The Motion Is Ripe.**

The Defendant appears to argue that the government's motion in limine is not ripe because "this Court cannot know yet know how the evidence in this case will be presented, nor can it know whether certain aspects of this evidence will become relevant to the proceedings." ECF 88, at 4. That misunderstands the purpose of a motion in limine, which is to "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). This issue is ripe for decision now – opposing counsel has repeatedly publicly *promised* to make these allegations an issue at trial, and filed a motion to dismiss the case on these very grounds. Therefore, a motion to exclude such information is both proper and ripe. Courts have frequently entertained such motion in advance of trial. *See*, *e.g.*, ECF 78, at 8 n1 (collecting cases).

2

### 3. **The Defendant Concedes the Underlying Merits of the Motion**

The Defendant does not disagree that such allegations are improper for a jury to consider. The Defendant does not argue that such material is relevant to the case and will cause substantial confusion. *See* ECF 78, at 5-10. In other words, the Defendant appears to concede the substantive merits of the motion.

To the extent the Defendant is concerned that such a ruling would disallow potential cross examination regarding potential *Giglio* issues, that is not covered by the current motion (though the Government is aware of no such *Giglio* information). Such orders to exclude evidence are routinely granted and allow for cross-examination exceptions on valid *Giglio* grounds. *See, e.g.*, *United States v. Roger Stone*, 19-CR-18, Minute Order September 26, 2019 (D.D.C. September 26, 2019) (granting a motion in limine to exclude evidence of alleged government misconduct in the instant case, without prejudice to defendant's right to cross examine government witnesses with *Giglio* information). The Government is aware of no such *Giglio* information regarding any of its witnesses.

## CONCLUSION

The Defendant's groundless allegations related to vindictive, selective, political, or unfair prosecution are not properly considered by the jury, will be introduced only to seek jury nullification, and will serve only to confuse the jury and waste the Court's time and resource. The Defendant should therefore be precluded from introducing any evidence or argument regarding these matters.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney


By:        /s/
        Leo J. Wise
        Sean R. Delaney
        Aaron S.J. Zelinsky
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

             ___/s/_____
             Leo J. Wise
             Assistant United States Attorney