IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |

*******

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT SANITIZED STATEMENTS REGARDING THE DEFENDANT'S "NON-OPERATIONAL" BUSINESS ENTITIES AND DEFENDANT'S OUTSTANDING TAX DEBT

The United States of America respectfully moves to admit certain limited statements made by the defendant and her agents that her businesses were "non-operational," and that she had outstanding tax debt.  These statements either were made by the defendant herself, and so qualify as a statement by a party opponent, *see* Fed R. Evid. 801(d)(2)(A), or were made by the defendant's authorized agents and therefore qualify as an exception to hearsay under Federal Rule of Evidence 801(d)((2)(D).  To the extent the defendant may contend that attorney-client privilege applies to the statements themselves or to the defendant's approval of them, the privilege does not extend to information intended to be conveyed to third parties.  Even if privileged, under defense counsel's proffered theory that these statements to officials were false, the crime-fraud exception would apply.

### 1.  Background

Counts 1 and 3 of the Indictment charge that on May 26, 2020 and December 29, 2020, the defendant falsely affirmed under penalty of perjury that she "experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of child care; or *the closing or*

*reduction of hours of a business that she owned*." *See* ECF 23, at 3, ¶10; Id at 12, ¶5 (emphasis added).

Defense counsel has stated that the defendant will present expert evidence "that Ms. Mosby's business income and business activity was negatively impacted by the COVID-19." Hearing Transcript, September 7, 2022 (hereafter "9/7/2022 Tr."). Similarly, defense counsel in its disclosure of September 9, 2022, which revealed, for the first time, that her expert Jerome Schmitt will present "expert testimony regarding the losses suffered by many travel businesses in 2020 and the ability of an early-stage travel-related company, like Mahogany Elite Enterprises, LLC, to generate revenue in 2020 after the COVID-19 pandemic began." Thus, Ms. Mosby has indicated she will place the status of Mahogany Elite Enterprises, LLC, firmly in issue at trial.

The defendant plans to argue now that Mahogany Elite Enterprises, LLC, "closed" or experienced a "reduction in hours," which are definitions of "adverse financial consequences" stemming from the COVID-19 pandemic contained in Section 2202 of the CARES Act. But that is not what she said in 2020, the year she filled out her 457(b) withdrawal certifications. The government plans to introduce six pieces of evidence and accompanying testimony showing that the defendant has consistently argued that Mahogany Elite Enterprises, LLC, was not operational at the time she made the charged perjurious statements. In light of the Court's prior ruling precluding any reference to prior investigations of the defendant, ECF 107, at 20, the Government plans to introduce only sanitized versions of the documents below, removing the recipient and any reference to investigations. The government will also ensure that witnesses do not mention any investigation in any questions made to them. The proposed documents are:

(1) Email on July 15, 2020, between the defendant and the director of communications for the Baltimore City State's Attorney's Office, Zy Richardson ("Mosby-Richardson Email");

(2) A letter sent on July 20, 2020, by the defendant to Baltimore City Inspector General (hereafter "IG") Isabel Cumming. ("Mosby Letter");

(3) A letter sent on January 21, 2021 by Chief Counsel for the Baltimore City State's Attorney's Office, Erin Murphy, to Isabel Cumming ("Murphy Letter");

(4) A letter sent by Attorney Bill Brennan on January 6, 2021 to Maryland Bar Counsel Lydia Lawless  ("Brennan Letter");

(5) A letter sent by Attorney David Shuster on August 19, 2020 to Isabel Cumming ("August 2020 Shuster Letter");

(6) A letter sent by Attorney David Shuster on February 12, 2021 to Isabel Cumming ("February 2021 Shuster Letter").

Each piece of evidence is briefly described below.

*1. Mosby-Richardson Email*

On July 15, 2020, the defendant emailed Zy Richardson, the director of communications for the Baltimore City State's Attorney's Office, regarding questions posed to the defendant by the Baltimore Brew.  These questions were from a news organization and had nothing to do with the investigation that IG Cumming conducted, which occurred after this email exchange.  In the email, the defendant made edits to proposed answers to the questions put to her by the Brew and asked Richardson to "Take a look at the minor edits that I made." The questions and answers were as follows:

> Q: "What was/is the purpose of setting up Mahogany Elite Enterprises, LLC"?

A:  The idea was to set up a travel company to help underserved black families who don't usually have the opportunity to travel outside of urban cities, so they can vacation at various destinations throughout the world at discount prices. This is a long-term venture, hence the reason why there are no clients and I have not received a single cent in revenue. *There are no plans to operate the company while I am State's Attorney.*"  Att. A, at 1 (emphasis added).

Q: What "traveling hospitality services" are they providing?
A: None.

Q: [W]ho are the clients? (Yourself? Others?)
A: None.

Q: Have these entities received any revenue or reimbursements? If so, from what sources?
A: None.

The Government proposes to admit only these questions and answers.  A proposed sanitized version of the email exchange is contained at Attachment B.

2. *Mosby Letter*

On July 20, 2020, the defendant sent an (unsolicited) letter to IG Cumming.  In the letter, the defendant stated:

The article also mentions companies that I created. As I told the Baltimore Brew, the idea was to set up a travel company to help underserved black families who don't usually have the opportunity to travel outside of urban cities, so they can vacation at various destinations throughout the world at affordable rates. I ask that you verify that I have not taken on a single client for these companies, nor have I taken in any money. Any insinuation to the contrary is false, misleading, and unethical.

*See* Att. C.  The Government proposes to introduce this paragraph of the letter with the words "I ask that you verify" omitted, as well as the defendant's letterhead and signature line.  A proposed sanitized letter is contained at Attachment D.

3. *Murphy Letter*

On January 21, 2021, several weeks after the second 457(b) withdrawal, the Chief Counsel

for the Office of that State's Attorney for Baltimore City wrote a letter authorized by Ms. Mosby

to IG Cumming stating that attached were "articles of incorporation for the State's Attorney's

*inoperable businesses*." *See* Att. E. (emphasis added). At the time the letter was sent, the Chief

Counsel of the State's Attorney's Office had only served in her position for approximately ten

days. She has stated that since she was only serving in that position for such a short period, the

content of the letter was provided by the defendant and that she sent the letter at the direction of

the defendant.   The government proposes to admit only that sentence of the letter, to omit the

recipient, and to elicit from Ms. Murphy the information contained above.  A proposed sanitized

letter is contained at Attachment F.

4. *Brennan Letter*

On January 6, 2021, Bill Brennan, private counsel for the defendant, wrote a letter to

Maryland Bar Counsel Lydia Lawless. In relevant part, the letter stated:

I am enclosing the following documents:

- Installment agreement (IRS Form 433-D) (The installment agreement with
the IRS was entered into solely by Nicholas J. Mosby. Only his social security
number is referenced on the agreement. Marilyn Mosby was not a party to the
installment agreement. Her social security number does not appear on the
agreement).

- Annual Installment Agreement Statement (This statement was sent solely
to Nicholas J. Mosby and only his social security number is referenced. Marilyn
Mosby did not receive these statements).

Att. G.  The defendant was cc'd to the letter.  The government proposes to admit only the above

paragraphs, signature line, cc line, and date of the letter. A proposed sanitized version of the letter

is contained at Attachment H. The government will ask Attorney Brennan whether the defendant reviewed and approved his sending of the letter.

5.   *August 2020 Shuster Letter*

On August 19, 2020, the defendant's private counsel, David Shuster, wrote a letter to IG Cumming.  The letter stated that "On July 2 . . . [Marilyn Mosby] amended her financial disclosures to ensure she accounted for the three non-operational businesses that were established in 2019." *See* Att. I.   The government proposes to admit a sanitized version of the letter contained at Attachment J.  The government will call Mr. Shuster to confirm that the defendant reviewed the letter and directed him to send the letter.

6.   *February 2021 Shuster Letter*

On February 12, 2021, Shuster sent a second letter to IG Cumming.  The letter stated:

> The companies that [Marilyn Mosby] formed in 2019 are not operational. That is what she said. As she explained, *the companies are brand new and are not yet conducting business*. There were, however, expenses in connection with establishing the companies and with other activities *before they could become operational*.

*See* Att. K (emphasis added). The government proposes to admit a sanitized version of the letter contained at Attachment L.  The government will call Mr. Shuster to confirm that the defendant reviewed the letter and directed him to send the letter.

**2.   The Defendant's Repeated Statements that Mahogany Elite LLC was Inoperable Is Critical to the Case.**

The defendant has stated that she will argue that "her business income and business activity was negatively impacted by the COVID-19," with a particular focus on Mahogany Elite Enterprises, LLC.   Thus, the defendants repeated statements over a course of seven months that she had no clients, revenue, or plans to operate the business are critical to the government's case. The evidence the government seeks to present is thus highly probative, and easily passes the

standards set by Federal Rule of Evid. 403.  Moreover, any potential prejudice to the defendant

(let alone unfair prejudice) is mitigated entirely by the proposed sanitizing of the evidence the

Government proposes.   There will be no indication of any prior investigation.   Similarly,

statements made that indicate the defendant was aware of the outstanding tax debt (and that the

debt was unpaid) at the time of her second mortgage application have high probative value to show

that she was acting with intent in filing a false mortgage application as charged in Count Four.

To the extent the defendant has in passing during the oral argument on September 7, 2022,

argument raised potential concerns regarding privilege, *see* 9/7/2022 Tr. 130-131, the government

attempts to address them here. However, neither the Defendant nor attorneys Murphy, Brennan,

or Shuster have moved to quash the subpoenas previously served on the attorneys for trial

testimony.

### 3.   The Baltimore City State's Attorney's Documents (1)-(3) Are Not Covered by Privilege.

The Mosby-Richardson Email is from the defendant to a communications staffer who is

not a lawyer, and was produced to the Office of Inspector General. It is not covered by privilege.

The Mosby Letter is from the defendant to a third party, and no lawyer is involved. It is

not covered by privilege.

The Murphy Letter was sent to a third party (the Baltimore City IG), and so the content of

the letter is not covered by privilege.  In addition, any conversation between Murphy and Mosby

is not privileged, because Murphy is the Chief Counsel for the City State's Attorney's <u>Office</u>, not

the City State's Attorney in any personal capacity, and therefore no privilege applies to their

communications.  Multiple Circuits have held that attorney-client privilege does not extend to the

White House Counsel's Office and the President of the United States – all the more so the privilege

does not extend to the Baltimore City State's Attorney's Counsel's Office and the City State's

Attorney.  *See, e.g.*, *In re Bruce Lindsey*, 158 F.3d 1263  (D.C. Cir. 1998); *In re Grand Jury Subpoena Ducec Tecum*, 113 F.3d 910 (8th Cir. 1997).  The same is true for Governors and their counsel. *See. e.g.*, *In re Witness Before Special Grand Jury 2000-2*, 288 F.3d 289 (2002). The law for the President of the United States and the Governor is the same as the law for the defendant.

4. **The Brennan Letter and the Shuster Letters Are Not Covered by Privilege Because the Information Was Provided to Communicate to a Third Party.**

The content of the Brennan Letter and Shuster Letters are unquestionably not protected by privilege because they were communicated by an attorney to a third party.  Thus there is no plausible rationale for withholding the context of the letter in sanitized form or the fact of communication by the attorney from the jury.  The only rationale advanced for privilege is that the attorney cannot be called upon to testify that Ms. Mosby approved the sending of the letters. *See* 9/7/2022 Tr. 131. That is incorrect.[1]

*In United States v. Under Seal*, the Fourth Circuit squarely considered the issue of information provided to an attorney for the purpose of disclosure to a third party, and held that, "when the attorney has been authorized to perform services that demonstrate the client's intent to have his communications published . . . the client lose[s] the right to assert the privilege as to the subject matter of those communications."  748 F.2d 871, 875-876 (4th Cir. 1984); *accord In re Grand Jury Proceedings*, 727 F.2d 1352, 1358 (4th Cir. 1984) (holding that information clients provided to attorney for preparation of investment prospectus was not privileged because there was no "intent that the information was to be kept confidential"); *United States v. Under Seal*, 341

---

[1] The Government notes that the burden of proving the applicability of the privilege is on the party asserting the privilege, and no such privilege has been yet asserted here. *See In re Grand Jury Proceedings*, 33 F.3d 342, 254 (4th Cir. 1994).  However, given that defense counsel – despite requesting draft stipulations from the government – has now stated less than a week before jury selection that it will consent to no such stipulations and will make no counter-proposal for stipulations, the government attempts to answer potential arguments raised here in the interest of efficiency.

F.3d 331 336 (4th Cir. 2003) ("[T]his is not a situation where Appellant intended his communications with counsel to be published").  This logic applies not just to the approval of the communication itself, but to the "details underlying the [information] which was to be published." *See United States v. Under Seal*, 748 F.2d 871, 875 n.7 (4th Cir. 1984).

The privilege does not apply to the information sought to be communicated to a third party, in this case the letters sent to Bar Counsel and the Baltimore City Inspector General. Therefore, counsel can be called on to confirm that the defendant supplied the information, reviewed the letters, directed them to send the letters, and that they were authorized to do so as outlined in Federal Rule of Evidence 802. *See* Fed. R. Evid. 802(d)((2)(d) (excepting a "statement made by the party's agent or employee on a matter within the scope of that relationship and while it existed.").  The defendant should not be allowed to hide from the jury her clear and unambiguous statements on a topic at issue in trial behind a false shield of privilege.

5. **Under the Defendant's Theory, the Crime-Fraud Exception Would Apply to the Communications.**

Even assuming that the communications between the defendant and her private counsel regarding the letters are subject to privilege, by the defendant's own argument, they were used to perpetrate a crime or fraud, and are therefore exempt from privilege. The defendant now contends that her earlier statements to Bar Counsel and the Baltimore City IG were false, and that her businesses were operational.  *See* 9/7/2022 Tr. at 89 ("Ms. Mosby's business income and business activity was negatively impacted by the COVID-19."); *Id.* at 131 ("we don't want to open up any other doors *that she made some false statement* in a letter going to Bar Council") (emphasis added). To be clear: the government credits the defendant's five earlier statements as the truth and will so argue at trial. But for purposes of argument, this section assumes the defendant's argument that her prior statements were false.

To the extent that the defendant is poised to argue that her income and business activity were "negatively impacted by COVID-19," it means her statements that the business was "non-operational," were "not yet conducting business, had "not received a single cent in revenue," and would not be operated "while I am State's Attorney" are all false statements to government officials.  In other words, she has gone well beyond "open[ing] up any other doors that she made some false statement"; she has staked her defense on having lied to Bar Counsel and the Baltimore IG.  *See* 9/7/2022 Tr.131.

An attorney-client communications "will not be privileged if made for the purpose of committing or furthering a crime or fraud." *In re Grand Jury Proceedings*, 33 F.3d 342, 353 (4th Cir. 1994) at 348; see also *In re Doe*, 662 F.2d 1073, 1079 (4th Cir. 1981).  The defendant should not be allowed to argue that her earlier false statements are covered by privilege, because if she is correct – and she was lying then – she used her attorneys to perpetrate a crime and a fraud.

The defendant appears poised to argue she is innocent of federal perjury charges now because she lied to the state government then.  She should not be allowed to shield from the jury her inconsistent statements by claiming attorney client privilege. If she authorized her attorneys to lie, these statements are subject to the crime-fraud exception and should be admitted as such.

## CONCLUSION

The proposed six accompanying statements are vital to the government's case and, given the asserted defense, have immense probative value. They should be admitted in their sanitized state as proposed, which scrupulously follows the Court's order regarding the inadmissibility of investigations. To the extent the defendant argues that any of the public statements by private counsel and her approval of the statements are privileged, she is wrong. All the material was conveyed by the defendant to her attorneys with the intent that it be conveyed to third parties, and

so the privilege does not apply.

The defendant argues she is innocent of perjury charges in 2022 because she lied in 2020

and 2021. She should not be allowed to invoke privilege to keep her prior statements out of court.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:    _____/s/_____

Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing Joint Proposed Voir Dire

was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney
