IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant | Case No. 22-cr-00007-LKG-1 |

**DEFENDANT MARILYN J. MOSBY'S OMNIBUS OPPOSITION TO THE
GOVERNMENT'S MOTIONS FOR LEAVE TO FILE
<u>ADDITIONAL MOTIONS IN LIMINE</u>**

Defendant State's Attorney Marilyn J. Mosby ("State's Attorney Mosby") submits this omnibus opposition to the government's untimely motions for leave to file additional motions in limine. Doc. Nos. 110, 111. As discussed further below, the government's conclusory motions should be denied.

## **INTRODUCTION**

In this latest example of the government's "trial by ambush" tactics, it now seeks leave to file two additional motions in limine: one related to State's Attorney Mosby's expert disclosures, and one related to the admissibility of certain documents at trial. Ironically, one of the proposed motions expressly seeks the extraordinary relief of a continuance of the trial, Doc. No. 111-2, even though the government claimed to be ready to try this case in April, Doc. No. 39 at 1 ("The Government … stands prepared to try this case in court on May 2, 2022."). In doing so, the government went so far as to mock State's Attorney Mosby and her counsel for requesting more time to prepare and present critical expert testimony. *See generally id.* Despite this grandstanding, the shoe appears to be on the other foot now, and it is the government that is speaking in terms of

a continuance (again, ironically) because of its lack of experts. The government's motions should be denied on their hypocrisy alone.

In any event, neither of the government's motions for leave have any substantive merit either, because they come almost two months after the Court's deadlines for motions in limine passed, and neither meets the "good cause" standard the Court imposed for such untimely pretrial motions. As discussed below, the government has known of the need for the evidence addressed in both underlying motions for months, yet it waited until just days before the start of trial to submit these surprise motions.[1] This type of gamesmanship should not be countenanced and the motions for leave should be denied.

## ARGUMENT

In the Court's April 5, 2022 order granting State's Attorney Mosby's motion to continue the trial date, the court instructed that no further pretrial motions would be considered absent a showing of good cause. *See* Doc. No. 46. Now, on the eve of the final pretrial hearing and mere days before jury selection is set to begin, the government has submitted two motions in limine, one of which seeks the extraordinary relief of continuing the trial. Despite seeking such extraordinary relief, however, the government makes almost no effort to meet the "good cause" required for such leave. Indeed, the government cannot meet the Court's standard, because its motions are inherently prejudicial and aimed solely at delaying the trial.

Rather than trying to meet the relevant standard, the government copies and pastes the same rationale in both motions: "[g]ood cause exists to file the motion because the facts giving rise to

---

[1] Given the late notice of these motions—filed on the eve of the Court's final pretrial conference on September 14, 2022—the response below addresses the motions for leave for purposes of expedience. Of course, if the Court is inclined to grant the motion for leave (it should not), State's Attorney Mosby will certainly be prepared to respond to the substance of the motion on a briefing schedule to be determined by the Court.

2

the motion are recent ….." *See, e.g.,* Doc. No. 110 at 1; Doc. No. 111 at 1. This boilerplate assertion is simply not true as it relates to either motion.

As for the motion related to the proposed stipulations regarding letters and emails containing potential hearsay and privileged materials, Doc. No. 110, the government fails to note two critical facts.

*First*, the government has known since *at least* February and April of this year – when the communications in question were produced by the government as part of discovery – that they were likely to be used at trial, and that their admission would likely involve complex questions of hearsay, privilege and potential prejudice to State's Attorney Mosby. But even if there was a lingering question about whether they would be used at that time, the government put them at issue when it *cited them extensively* in its opposition to State's Attorney Mosby's motion in limine related to prior investigations. Despite having known the relevance of these documents for that long, the government gave the defense less than one day last week to decide whether to agree to a stipulation regarding their use at trial.

*Second*, it was the defense – not the government – that first raised the issue of potential stipulations related to these documents after the defense team learned of the government's apparent intention to stipulate to these communications during conversations with certain witnesses. And even after State's Attorney Mosby raised the issue, she was under no obligation to stipulate to or negotiate anything with the government—despite the government's contention otherwise. Doc. No. 110 at 1. In other words, the government had more than ample time to either seek a stipulation or move in limine for the admission of these documents. Its flawed strategic decision to wait to try to sneak privileged information in through a last-minute stipulation is no basis for allowing an untimely motion in limine.

3

As for the motion related to the defense's experts and the corollary motion to continue the trial, Doc. No. 111, the subject of experts has repeatedly come up during these proceedings. It first arose in April when the defense sought a continuance based on the need for expert witnesses; then it arose again in July when the defense disclosed those witnesses; finally, it arose again just last week when the Court ruled on the parties' expert motions and the defense issued a *second* disclosure related to the same witnesses.

But despite all this talk about experts, the government has been steadfast in its position since State's Attorney Mosby's initial appearance in this case that it does not intend to call any experts at trial. Now, however, in a shocking about-face, the government is seeking more time to—wait for it—procure expert witnesses. *See* Doc. No. 111-2 at 3. It is as if the government finally understands why State's Attorney Mosby has insisted all along that experts are needed to prove the government's unprecedented charges based on a law that is only two years old.

Unfortunately for the government, however, that realization comes too late. Its attempt to delay the trial in an effort to exclude or rebut the critical evidence that *only the defendant's experts can provide* reveals how unprepared it is to address the critical factual and legal questions that the Superseding Indictment poses but does not adequately answer. *See, e.g.,* Doc. No. 70 (State's Attorney Mosby's Motion to Dismiss Counts 1 & 3).

That the government wants another bite at the apple to challenge the defense experts is not good cause for a motion in limine or to delay the trial. These are the same three defense experts that were disclosed to the government seventy-four (74) days ago on July 1, 2022; the same three defense experts that the parties extensively briefed throughout the month of July; and the same three defense experts that the parties discussed at the oral argument on September 7, 2022. Now,

two (2) days before jury selection and six (6) days before trial – following a two and a half year investigation and the resulting toll on State's Attorney Mosby's personal and professional life – the government now seeks a continuance. To be clear, State's Attorney Mosby is ready to proceed to trial and any further delay by the government will prejudice her right to a speedy trial.

## CONCLUSION

For the foregoing reasons, State's Attorney Mosby respectfully requests that this Court deny the government's motions for leave to file additional motions in limine, Doc. Nos. 110 and 111.

Dated: September 13, 2022                Respectfully Submitted,


/s/ *A. Scott Bolden*___

A. Scott Bolden (*admitted pro hac vice*)
Rizwan A. Qureshi (*admitted pro hac vice*)
Reed Smith LLP
1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299
RQureshi@ReedSmith.com
ABolden@ReedSmith.com

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

**CERTIFICATE OF SERVICE**

I certify that, on September 13, 2022, this document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will then serve a notification of the filing to the registered parties of record.

                                                      */s/ A. Scott Bolden*
                                                     A. Scott Bolden