IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

## ORDER

"Because lawyers have special access to information through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceedings." *Gentile v. State Bar of Nevada*, 510 U.S. 1030, 1076 (1991). Thus, the Rules of this Court provide:

> An attorney shall not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if there is a reasonable likelihood that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice. . . .
>
> From the time of arrest . . . until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release, for dissemination by any means of public communication, of any extra-judicial statement concerning . . . Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

LCrR 204.

Local Rule 204 applies to any case in this district. Local Rule 603 goes on to set forth specific guidance for widely publicized cases, and it gives the Court authority, "[i]n a widely publicized or sensational criminal case . . . [to] issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury." LCrR 603.

9

As the Supreme Court has noted:

> The limitations are aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found. Few, if any, interests under the Constitution are more fundamental than the right to a fair trial by "impartial" jurors, and an outcome affected by extrajudicial statements would violate that fundamental right.

*Gentile*, 501 U.S. at 1075. For these reasons, given the widespread media coverage this case has already received, the Court will impose a limitation on public communication by lawyers at this time.

In addition, the Court has particular concerns about the potential impact of public statements made in the District of Maryland, directed at individuals who may be members of the venire from which the jury will be drawn. And, in light of the risk that public pronouncements by the participants may inflame public opinion, particularly when given on the courthouse steps, the Court is persuaded that a narrowly tailored order governing the conduct of lawyers in the matter while they are at the courthouse is necessary to advance the Court's legitimate interest in maintaining the order and decorum that is essential to court proceedings and the fair administration of justice.

Therefore, in order to safeguard the defendant's right to a fair trial; to ensure that the Court has the ability to seat a jury that has not been tainted by pretrial publicity; to maintain the dignity and seriousness of the courthouse and these proceedings; and to protect the safety and security of parties, witnesses, jurors, attorneys, court personnel, and members of the public seeking access to the building to conduct court business and attend these and other public proceedings, the following orders are now in effect in this case:

It is hereby **ORDERED** that

Counsel for the parties and the witnesses must refrain, when they are entering or exiting the courthouse, or they are within the immediate vicinity of the courthouse, from making statements to the media or to the public that pose a substantial likelihood of material prejudice to this case or are intended to influence any juror, potential juror, judge, witness or court officer or interfere with the administration of justice.

Date: _____   _____
                                    Hon. Lydia K. Griggsby
                                    United States District Judge