IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| ******* | | |

## GOVERNMENT'S REPLY MOTION FOR AN ORDER PURSUANT TO LOCAL RULES 204 & 603

The defendant's response is wrong on the facts and wrong on the law.

The facts are these: Defense counsel has repeatedly and flagrantly violated this Court's Local Rules governing attorney conduct since the day the Grand Jury returned an indictment in this matter. Defense counsel's claim that his recent use of profanity on the courthouse steps was accidental rings hollow because counsel told the media – on those same courthouse steps – the *exact opposite*, moments before entering the courthouse.

As to the law: counsel fails to address that the proposed order is limited only to preventing statements on the courthouse steps by attorneys, who are not subject to the same standards as other individuals. Moreover, the order is a valid time, place, and manner restriction. Lastly, counsel appears to advance the bewildering argument that the government cannot now move for an order because it failed to prevent the press from covering the case. But such an order regarding the press would be blatantly unconstitutional.

This court should therefore impose a narrowly-tailored order prohibiting counsel from making prejudicial statements to the media on the courthouse steps. This Court should not be used as a prop for attempts to sway the jury and violate the Court's own Local Rules.

**1. Defense Counsel has Repeatedly and Flagrantly Violated Local Rule 204**

Local Rule 204 provides that:

From the time of arrest; issuance of an arrest warrant or the filing of a complaint; information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer associated with the prosecution or defense shall not release or authorize the release, for dissemination by any means of public communication, of any extra-judicial statement concerning
. . .

d. The identity, testimony, or credibility of prospective witnesses, except that the lawyer may announce the identity of the victim if the announcement is not otherwise prohibited by law;

e. The possibility of a plea of guilty to the offense charged or a lesser offense;

f. Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

Local Rule 204 provides an exception for: "quoting or referring *without comment* to public court records in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing *without further comment* that the accused denies the charges which have been made." (emphasis added).

On January 13, 2022, the Grand Jury returned an indictment in this case. That same day, defense counsel sent a public statement to various news media outlets claiming that the "these bogus charges . . . are rooted in personal, political, and racial animus." *See WBAL,* Baltimore Prosecutor Marilyn Mosby Federally Indicted on Perjury, False Mortgage Application Charges*,* January 13, 2022, available at https://www.wbaltv.com/article/marilyn-mosby-indicted-baltimore/36901609#. Counsel continued, "You would only conduct a criminal investigation in that manner, if you were not interested in the truth or exculpatory evidence or justice, but rather only concerned with obtaining an indictment and bringing false charges against my client – at all or any costs." *Id.*

2

On January 17, 2022, defense counsel called a press conference in which he declared that the defendant had been charged "four months before her re-election campaign to affect, and in effect, the result of that campaign. Let's not be confused about it. Let's not be confused about it." *See* WBAL-TV, LIVE: Mosby Attorney A. Scott Bolden Provides Update on Federal Indictment, Jan. 17, 2022, *available at* https://www.youtube.com/watch?v=9dj44BgXj04.  Counsel went on to discuss alleged "animus" motivating the prosecution and attacked a prosecutor repeatedly by name.  *Id.*  Then Defense counsel characterized the investigation and steps that had been taken. *Id.* He described his communications with the Department of Justice. He stated, "we have exculpatory evidence, that we wanted to share with them, we did share with them . . . but when you're not interested in justice, and fairness, and equity, you don't take those meetings." *Id.*  These comments – and many others made during the 19 minute press conference – flagrantly violated Local Rule 204, going well beyond "quoting or referring *without comment* to public court records in the case; from announcing the scheduling or result of any stage in the judicial process; from requesting assistance in obtaining evidence; or from announcing *without further comment* that the accused denies the charges which have been made."

That same evening, defense counsel gave a live video interview.  This time he alleged that the defendant "had business if you will, and so those business were in the travel space, and they were affected by [Covid-19], and her accountant urged her to take that money." Roland Martin, *'We're Ready For This Fight'! Mosby Attorney Blasts Feds for Indictment."*  Defense counsel again argued that the case was driven by political and racial animus. *Id.*

The next day, January 14, 2022, defense counsel gave a live radio interview stating, ""there's personal, political and even racial animus that drives this investigation." WYPR*, Marilyn Mosby Says She's Innocent, Will Vigorously Fight Federal Charges*, January 14, 2022, available

at https://www.wypr.org/wypr-news/2022-01-14/marilyn-mosby-says-shes-innocent-will-vigorously-fight-federal-charges.

On February 1, 2022, defense counsel went on national television to declare: "when you bring an indictment four months before an election, when you don`t sit down with the defense and tell them what you`re looking for and what you`re looking at before you bring the indictment, you`re not trying to find justice or truth. You`re trying to affect the outcome of her reelection effort. When you have a prosecutor like Leo Wise, who targets, historically, African-American elected officials, who gave two contributions, probably the only contributions he`s ever given, to her opponents in her last election, and he leads this prosecution, it should have been a criminal -- it started off as a criminal tax investigation." Joy Reid, MSNC The Reidout, February 1, 2022.

On April 14, 2022, on the steps of the courthouse, after this Court denied his motion to dismiss for animus, defense counsel nevertheless falsely declared to the press on the courthouse steps that the actions taken by prosecutors in the case were "problematic." Mikenzie Frost and Tom Swift, *Judge Rejects Marilyn Mosby's Claims of Vindictive Prosecution; Trial to Go Forward*, WBFF, April 14, 2022, *available at* https://nbcmontana.com/news/nation-world/federal-judge-rejects-baltimore-city-state-attorney-marilyn-mosbys-claims-of-vindictive-prosecution-trial-to-go-forward-district-judge-lydia-kay-griggsby.

And as discussed in previous filings, immediately following this Court's hearing on September 14, 2022, defense counsel – after misstating the underlying facts of the Court's ruling and the government's arguments about the need for a *rebuttal* expert– declared: "Now on the eve of trial, [the government] report[s] to the court on the record that they're gonna use experts . . . it was all bullshit" and offered a "warning" to federal and state employees: " If you're in the federal government, you're in the state government, you're an African-American politician working for

the government, you are at risk because of the U.S. Attorney's Office for the City of Baltimore [sic]."  9/14 Press Conference, at 2:28.

Each of these statements taken alone constitute a clear violation of Local Rule 204.  Taken together, they show a consistent pattern: defense counsel has violated the Local Rules in an attempt to bias the jury pool, and has used the courthouse steps to do so. Defense counsel speaks about the "flood tide of news coverage" in this case, ECF 125, at 6. But if there is any reason for this flood tide among the parties, it is not the government, which has scrupulously and completely adhered to the Local Rules.  The driving force is defense counsel, who has flouted the Local Rules at every turn, and on more than one occasion used the courthouse steps to do so.

2. **Defense Counsel Said One Thing to the Court and Another to the Press**

Although defense counsel now characterizes his use of profanity on the steps of the courthouse as an "anomalous word choice," and claims that he has "already apologized" to the Court for his language that day, that is not the full story. *See*, ECF 125, at 4. While defense counsel did apologize to this Court on September 15, 2022, for his remarks, he said exactly the *opposite* to the media moments before as he walked in the courthouse on that very same day:

> Reporter: Mr. Bolden, Should you be able to talk to the press whenever you want?
> Counsel: Yes
> Reporter: "Do you regret saying anything yesterday?"
> Counsel: No.
> . . .
> Counsel: Everything I said out here to you all, I said in Court.

*See* CBS Baltimore, Marilyn Mosby's Trial Delayed to March; Feds Push for Gag Order, available at  https://www.cbsnews.com/baltimore/video/marilyn-mosbys-trial-delayed-to-march-feds-push-for-gag-order/#x (0:55; 1:20).  Counsel claims regret before this Court, but he showed none before the cameras outside.

5

3. **Restrictions on Party Counsels' Statements Are Constitutional and Ordered by the Local Rules**

Defense counsel appears to implicitly argue that Local Rule 204, prohibiting the types of statements he has been continually making for almost a year, is unconstitutional. *See* ECF 125, at 3-5. That is incorrect. The rule applies to all "lawyer'[s] associated with the prosecution or defense." LCrR. 204.3. Such rules – governing the conduct of lawyers who are held to a higher ethical and professional standard than others who are not officers of the Court – are expressly addressed and excluded from the *Murphy-Brown* Court's analysis which defendant cites. *See In re: Murphy-Brown, LLC*, 907 F. 3d 788, 797 ("While respondents here attempt to analogize the gag order's restrictions to the rules of professional ethics (and the arguably less demanding standards applied to them), *see Gentile v. State Bar of Nevada*, 501 U.S. 1030, (1991), this particular order extended far beyond the legal profession.").

Indeed, the Supreme Court in *Gentile* addressed situations precisely like the ten-month press barrage carried out by defense counsel in violation of Local Rule 204, declaring that, "[t]he outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding. Extrajudicial comments on, or discussion of, *evidence which might never be admitted at trial* and ex parte statements by counsel giving *their version of the facts* obviously threaten to undermine this basic tenet." *Gentile v. State Bar of Nevada*, 401 U.S. 1030, 1072 (1991) (emphasis added). Defense counsel never addresses the *Gentile* standard, because he cannot. Courts throughout the country – including defense counsel's home federal court in the District of Columbia – have Local Rules that mirror this Court's,[1] and for good reason: "Because lawyers have special access to information

---

[1] *See, e.g.*, LCrR 57.7(b) (DDC); LCrR 57.1(C) (EDVA); LCrR 32.1 (SDNY); LCrR 53.1 (EDPA)

6

through discovery and client communications, their extrajudicial statements pose a threat to the fairness of a pending proceedings." *Gentile*, 510 U.S. at 1076 (1991).

Thus, the government seeks that counsel be ordered to comply with the Local Rules *when he is present on the courthouse steps*. Counsel should already be complying with the Local Rules, but his continued violations make clear that a Court order is necessary to mandate even the most basic compliance when present on Court property.

4. **Restrictions on Counsels' Statements on the Courthouse Steps Are a Valid Time, Place, and Manner Restriction**

The federal courthouse is not a prop for attempts to sway the jury pool. This Court has a particular "interest in maintaining suitable decorum in the area of a courthouse" and "interest in preserving public confidence in the integrity of the judicial process"). *Hodge v. Talkin*, 799 F.3d 1145, 1163-64 (D.C. Cir. 2015). Conferences on the courthouse steps, used as a backdrop for inflammatory rhetoric, are an attempt to use the courthouse to legitimate the arguments of one side.

Even putting aside the voluminous law regarding attorney conduct discussed in government's initial motion and above, a restriction on statements to the press *on the courthouse steps* is not subject to strict scrutiny, as defense counsel contends, but rather at most only to intermediate scrutiny as a time, place, and manner restriction. *See, e.g.*, *Ross v. Early*, 746 F.3d 546, 5512 (4th Cir. 2014).

In simpler terms, the order sought by the government seeks only to order all counsel "when they are entering or exiting the courthouse, or they are within the immediate vicinity of the courthouse, from making statements to the media or to the public that pose a substantial likelihood of material prejudice to this case or are intended to influence any juror, potential juror, judge,

7

witness or court officer or interfere with the administration of justice." *See ECF* 124, Att. A, at 2. In other words, counsel can talk to the press, just not on the courthouse steps.[2]

### 5. In the United States of America, the Government Does Not Restrain the Press

Defense counsel argues that the Government has engaged in a "yearlong acquiescence in the relentless negative press coverage of State's Attorney Mosby." ECF 125, at 2. But the government has done no such thing. The government has complied with the Local Rules scrupulously. It is not the government's job to decide if a defendant receives positive or negative press; it is the government's job to seek justice—which it has done consistently throughout this case.

Perplexingly, counsel for the defendant appears to argue that the Government cannot seek an order from this Court now *because it failed to restrain the press for the past year*. *See, e.g.*, ECF 125, at 5 ("Moreover, the proposed gag order here is not narrowly tailored to eliminate the source of the animus toward State's Attorney Mosby at all; i.e., the relentless negative news coverage of every event in this case—including this very motion. Nor does the Government have any incentive to seek such a narrowly tailored gag order, because doing so would require the government to forego the press coverage that favors its side."); *Id*. at 6-7 (stating that the Government "acquiesced" in press coverage that was "consistent with the Government's own views of this case"; and arguing that the Government "allowed hundreds of news articles and social media posts to pile up and foment animus.").

In the United States of America, the government does not dictate what the press may publish. *See New York Times v. Sullivan*, 403 U.S. 713 (1971). In the United States of America, the government does not "allow" news articles and social media posts. *Cf.* ECF 125, at 7 (the

---

[2] The present proposed order would not change the fact that counsel would still be subject to the Local Rules in any offsite press event.

government "waited, and by doing so, allowed hundreds of news articles) *with Sullivan,* 403 U.S. at 717 (Black, J. concurring) ("In the First Amendment the Founding Fathers gave the free press the protection it must have to fulfill its essential role in our democracy. The press was to serve the governed, not the governors. The government's power to censor the press was abolished so that the press would remain forever free to censure the government."). Defense counsel's suggestion that the government should have moved to gag the free press is as nonsensical as it is unconstitutional.

## **CONCLUSION**

Since the day this case was indicated, defense counsel has engaged in a media barrage in direct contradiction of Local Rule 204. This media barrage culminated in a press conference on the court steps (not the first by defense counsel), where he declared that government arguments were "bullshit" and delivered an extended harangue against about case. The next day, in the same spot, he told the press that he regretted nothing that he said the day before.

In order to protect due process and the dignity of the Court, this Court should order all counsel to cease giving press conferences on the courthouse steps.

                                                Respectfully submitted,

                                                Erek L. Barron
                                                United States Attorney

By:        /s/
          Leo J. Wise
          Sean R. Delaney
          Aaron S.J. Zelinsky
          Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

                                                                                    _____/s/_____
                                                                                     Aaron S.J. Zelinsky
                                                                                    Assistant United States Attorney