**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 22-cr-00007-LKG |
| ) | |
| MARILYN J. MOSBY, ) | Dated:  November 10, 2022 |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER ON DEFENDANT'S MOTION TO SEAL

On October 20, 2022, the Defendant filed under seal: (1) a motion for leave to file a motion to transfer venue; (2) a motion to transfer venue and certain exhibits attached thereto; and (3) a motion to seal.  ECF Nos. 128 and 129.  These filings have been temporarily filed under seal by the Court.  ECF No. 53.

On November 1, 2022, certain interested parties (the "Interested Parties") filed objections to the Defendant's motion to seal, pursuant to the Court's April 14, 2022, Order on the procedures for resolving motions to seal.  ECF No. 137.  On November 9, 2022, the Defendant filed a response to the Interested Parties' objections, stating that Defendant requested that the Court seal her motion to transfer venue in an abundance of caution to ensure compliance with Local Rule 204 and that Defendant does not oppose a more limited redaction of her motion to transfer venue, which would only redact from public view the information identified as confidential in the Court's Show Cause Order dated September 30, 2022.[1]  *See* Def. Resp., ECF No. 145.

Both the common law and the United States Constitution afford the public a qualified right of access to judicial records and proceedings.  *See In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *see also In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999).  Given this, the Court must balance the need for confidentiality in certain cases with the public's right to access judicial proceedings and records.  *See In re Time Inc.*, 182 F.3d at 271 (4th Cir. 1999).  In this regard, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused

---

[1] The United States has stated no position on the Defendant's motion to seal.

shall enjoy the right to a speedy and public trial, by an impartial jury . . . ."  *See* U.S. Const. amend. VI; *see also In re S.C. Press Ass'n*, 946 F.2d 1037, 1043 (4th Cir. 1991).  And so, at times, the right to a fair trial that is guaranteed by the Sixth Amendment is served by withholding certain information from the public, from which the jury will be drawn.  *See In re The Wall Street Journal*, 601 F. App'x 215, 218 (4th Cir. 2015).

The United States Court of Appeals for the Fourth Circuit has also held that, when determining whether certain materials should be filed under seal, the Court must:  (1) give the public adequate notice that the sealing of documents may be ordered; and (2) provide interested persons an opportunity to object to the requests before the Court makes its decision.  *See In re Washington Post Co.*, 807 F.2d at 390-91.  And so, if the Court decides to seal documents, it must state its reasons on the record, supported by specific findings, and state its reasons for rejecting less restrictive alternatives.  *See id.* at 391.

In light of this guidance, and upon careful consideration of the Defendant's motion to seal and the objections thereto, the Court **GRANTS-in-PART and DENIES-in-PART** the Defendant's motion to seal.

As Defendant correctly observes, her motion to transfer venue contains confidential juror responses and information that should not be publicly disclosed during the pendency of this criminal matter, consistent with Local Rule 204.  Local Rule 204 provides, in relevant part that:

> An attorney shall not directly or indirectly release or authorize the public release of any information or opinion concerning any imminent or pending criminal litigation if there is a reasonable likelihood that the release of the information or opinion will interfere with a fair trial or otherwise prejudice the due administration of justice. . . .

*See* Local Rule 204.  The Court finds, however, that the option to redact this confidential information from Defendant's filing, for the purpose of public release, is feasible and appropriate given the public interest in this matter.  And so, the Court:

1.  **DIRECTS** Defendant to **FILE** a redacted version of her motion to transfer venue (ECF No 129), which redacts any confidential juror responses and information consistent with Local Rule 204, **on or before November 18, 2022**.

2.  **DIRECTS** the Clerk of the Court to **UNSEAL** ECF No. 128.

2

Upon the conclusion of this matter, the Court may on its own initiative, or upon a motion by a party or an interested party, unseal ECF No. 129.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
