April 11, 2022

Honorable Nancy Pelosi
Speaker of the House of Representatives
Washington, DC  20515

Dear Madam Speaker:

      I have the honor to submit to the Congress an amendment to the Federal Rules of Criminal Procedure that has been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

      Accompanying the amended rule are the following materials that were submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code: a transmittal letter to the Court dated October 18, 2021; a redline version of the rule with committee note; an excerpt from the September 2021 report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States; and an excerpt from the June 2021 report of the Advisory Committee on Criminal Rules.

                                            Sincerely,

                                            /s/ John G. Roberts, Jr.

April 11, 2022

Honorable Kamala D. Harris
President, United States Senate
Washington, DC  20510

Dear Madam President:

    I have the honor to submit to the Congress an amendment to the Federal Rules of Criminal Procedure that has been adopted by the Supreme Court of the United States pursuant to Section 2072 of Title 28, United States Code.

    Accompanying the amended rule are the following materials that were submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code: a transmittal letter to the Court dated October 18, 2021; a redline version of the rule with committee note; an excerpt from the September 2021 report of the Committee on Rules of Practice and Procedure to the Judicial Conference of the United States; and an excerpt from the June 2021 report of the Advisory Committee on Criminal Rules.

                                                     Sincerely,

                                                   /s/ John G. Roberts, Jr.

April 11, 2022

SUPREME COURT OF THE UNITED STATES

ORDERED:

      1. That the Federal Rules of Criminal Procedure are amended to include an amendment to Rule 16.

      [*See infra* pp. __ __ __.]

      2. That the foregoing amendment to the Federal Rules of Criminal Procedure shall take effect on December 1, 2022, and shall govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

      3. THE CHIEF JUSTICE is authorized to transmit to the Congress the foregoing amendment to the Federal Rules of Criminal Procedure in accordance with the provisions of Section 2074 of Title 28, United States Code.

**PROPOSED AMENDMENTS TO THE
FEDERAL RULES OF CRIMINAL PROCEDURE**

**Rule 16.   Discovery and Inspection**

**(a)   Government's Disclosure.**

   **(1)   *Information Subject to Disclosure.***

   \* \* \* \* \*

   (G)   *Expert Witnesses*.

   (i)   Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet

2  FEDERAL RULES OF CRIMINAL PROCEDURE

>>point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.
>
> (ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

FEDERAL RULES OF CRIMINAL PROCEDURE 3

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
- the bases and reasons for them;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the

4       FEDERAL RULES OF CRIMINAL PROCEDURE

        witness has testified as an expert at trial or by deposition.

(iv)    Information Previously Disclosed. If the government previously provided a report under (F) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

(v)     Signing the Disclosure. The witness must approve and sign the disclosure, unless the government:

- states in the disclosure why it could not obtain the witness's signature through reasonable efforts; or

FEDERAL RULES OF CRIMINAL PROCEDURE 5

- has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

(vi) Supplementing and Correcting a Disclosure. The government must supplement or correct its disclosures in accordance with (c).

\* \* \* \* \*

**(b) Defendant's Disclosure.**

**(1)** *Information Subject to Disclosure.*

\* \* \* \* \*

(C) *Expert Witnesses.*

(i) Duty to Disclose. At the government's request, the defendant must disclose to the government, in

6  FEDERAL RULES OF CRIMINAL PROCEDURE

    writing, the information required by (iii) for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial, if:

- the defendant requests disclosure under (a)(1)(G) and the government complies; or
- the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition.

 (ii) Time to Disclose. The court, by order or local rule, must set a time for the defendant to make the defendant's disclosures. The time must be

FEDERAL RULES OF CRIMINAL PROCEDURE 7

> sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence.
>
> (iii) *Contents of the Disclosure.* The disclosure for each expert witness must contain:
>
> - a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief;
> - the bases and reasons for them;
> - the witness's qualifications, including a list of all publications authored in the previous 10 years; and
> - a list of all other cases in which, during the previous 4 years, the

8       FEDERAL RULES OF CRIMINAL PROCEDURE

        witness has testified as an expert at trial or by deposition.

(iv)   Information Previously Disclosed. If the defendant previously provided a report under (B) that contained information required by (iii), that information may be referred to, rather than repeated, in the expert-witness disclosure.

(v)    Signing the Disclosure. The witness must approve and sign the disclosure, unless the defendant:

- states in the disclosure why the defendant could not obtain the witness's signature through reasonable efforts; or

FEDERAL RULES OF CRIMINAL PROCEDURE            9

- has previously provided under (F) a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii).

(vi) Supplementing and Correcting a Disclosure. The defendant must supplement or correct the defendant's disclosures in accordance with (c).

* * * * *