**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 22-cr-00007-LKG |
| MARILYN J. MOSBY | Dated: January 16, 2023 |
| Defendant. | |

## PROPOSED JURY INSTRUCTIONS

The parties respectfully request that the Court instruct the jury in this case using the following instructions. The Government and State's Attorney Marilyn J. Mosby reserve the right to request further instructions should an issue arise during the trial that may necessitate such additional instructions. Where appropriate, the requested instructions are taken from L. Sand, J. Siffert, W. Loughlin & S. Reiss, *Modern Fed. Jury Instructions: Criminal*.

The parties further request that the Court, in accordance with Rule 30 of the Federal Rules of Criminal Procedure, inform counsel prior to counsel's arguments to the jury whether it will give the requested instructions.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:/s/ *Sean R. Delaney*

Leo J. Wise
Sean R. Delaney
Aaron S. J. Zelinsky

Assistant United States Attorneys

/s/ *A. Scott Bolden*
A. Scott Bolden (admitted *pro hac vice*)
Rizwan A. Qureshi (admitted *pro hac vice*)
RQureshi@ReedSmith.com
ABolden@ReedSmith.com
1301 K Street, N.W. Suite 1000 - East Tower
Washington, D.C. 20005-3373
Telephone: +1 202 414 9200
Facsimile: +1 202 414 9299

1

Kelley Miller (*admitted pro hac vice*)
Reed Smith LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: + 1 703 641 4200
Facsimile: +1 703 641 4340
KMiller@ReedSmith.com

Anthony R. Todd (*admitted pro hac vice*)
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606-7507
Telephone: + 312.207.1000
Facsimile: + 312.207.6400
ATodd@ReedSmith.com

Gary E. Proctor (Bar No. 27936)
Law Offices of Gary E. Proctor, LLC
8 E. Mulberry Street
Baltimore, Maryland 21202
Telephone: (410) 444-1500
garyeproctor@gmail.com

Lucius T. Outlaw III (Bar No. 20677)
Outlaw PLLC
1351 Juniper St. NW
Washington, DC 20012
Telephone: (202) 997-3452
loutlaw3@outlawpllc.com

*Counsel for Defendant Marilyn J. Mosby*

# TABLE OF CONTENTS

Page

INSTRUCTION NO. 1 (Roles of Judge and Jury).................................................................. 6

INSTRUCTION NO. 2 (Jury's Duty to Decide Facts)........................................................... 7

INSTRUCTION NO. 3 (Juror Obligations)........................................................................... 9

INSTRUCTION NO. 4 (Bias, Prejudice; Government as a Party)....................................... 10

INSTRUCTION NO. 5 (Improper Considerations)............................................................... 11

INSTRUCTION NO. 6 (Sympathy) ...................................................................................... 12

INSTRUCTION NO. 7 (Conduct of Counsel; Exhibits Not Received; Stricken
Testimony; Stipulations; Outside Sources; Incorporation of Assumed Facts on Cross-
Examination)........................................................................................................................ 13

INSTRUCTION NO. 8 (Questions) ...................................................................................... 14

INSTRUCTION NO. 9 (Judicial Notice) (If Applicable) ................................................... 15

INSTRUCTION NO. 10 (Contact with Others) ................................................................... 16

INSTRUCTION NO. 11 (Duty of Counsel to Object; Rulings on Legal Questions by
Judge; Bench Conferences)................................................................................................. 18

INSTRUCTION NO. 12 (Charts and Summaries) ............................................................... 19

INSTRUCTION NO. 13 (Indictment Is Not Evidence; Submitting the Indictment) ................... 20

INSTRUCTION NO. 14 (Burden of Proof; Presumption of Innocence) ..................................... 21

INSTRUCTION NO. 15 (Venue)........................................................................................... 22

INSTRUCTION NO. 16 (Jury to Consider Only this Defendant)........................................ 23

INSTRUCTION NO. 17 (Failure to Name a Defendant)..................................................... 24

INSTRUCTION NO. 18 (Direct and Circumstantial Evidence) ......................................... 25

INSTRUCTION NO. 19 (Inferences)................................................................................... 27

INSTRUCTION NO. 20 (Witness Credibility; Interest in Outcome; Law Enforcement
Witnesses)............................................................................................................................ 28

INSTRUCTION NO. 21 (Defendant's Choice to Testify / Not to Testify)................................... 30

INSTRUCTION NO. 22 (Specific Investigative Techniques Not Required; Government
Not Required to Call All Possible Witnesses or Present All Exhibits)........................................ 31

INSTRUCTION NO. 23 (Defendant's Character) ....................................................................... 33

INSTRUCTION NO. 24 (Using Motive as Evidence of Intent) ................................................... 35

INSTRUCTION NO. 25 (Introduction to Specific Crimes Instructions; Multiple Counts)......... 36

INSTRUCTION NO. 26 (Variance – Dates)........................................................................ 37

INSTRUCTION NO. 27 (Counts One and Three – Perjury – The Indictment and the

Statute) ...................................................................................................................... 38

INSTRUCTION NO. 28 (Counts One and Three:  Elements) .................................... 41

INSTRUCTION NO. 29 (Counts One and Three: First Element -  Oath).................... 42

INSTRUCTION NO. 30 (Counts One and Three: Second Element - Falsity)............. 43

INSTRUCTION NO. 31 (Counts One and Three: Ambiguous Questions and Answers)........... 44

INSTRUCTION NO. 32 (Counts One and Three: Unresponsive or Literal Truth is Not
Falsity) ...................................................................................................................... 45

INSTRUCTION NO. 33 (Counts One and Three: The "Two-Witness" Rule) .......................... 46

INSTRUCTION NO. 34 (Counts One and Three: Third Element - Materiality)....................... 48

INSTRUCTION NO. 35 (Counts One and Three: Fourth Element -- Willfulness) ................... 49

INSTRUCTION NO. 36 (Willfully).......................................................................... 50

INSTRUCTION NO. 37 (Counts One and Three: Manner of Proof).......................................... 51

INSTRUCTION NO. 38 (Counts Two and Four: False Statement on a Loan Application
– The Indictment and the Statute)............................................................................. 58

INSTRUCTION NO. 39 (Counts Two and Four: Purpose of the Statute) .................. 60

INSTRUCTION NO. 40 (Counts Two and Four: Elements) ...................................... 61

INSTRUCTION NO. 41 (Counts Two and Four: First Element – Defendant Made a False
Statement) .................................................................................................................. 62

INSTRUCTION NO. 42 (Count Two and Four: Second Element – Statement Knowingly
Made)......................................................................................................................... 63

INSTRUCTION NO. 43 (Count Two and Four: Third Element – Purpose of the
Statement) .................................................................................................................. 64

INSTRUCTION NO. 44 (Count Two and Four: Fourth Element – Statement Made to a
Mortgage Lending Business) .................................................................................... 65

INSTRUCTION NO. 45 (Counts Two and Four: The Need for Unanimity)............................. 66

INSTRUCTION NO. 46 (Penalty Not A Proper Consideration) ................................ 67

INSTRUCTION NO. 47 (Expert Witness) (If Applicable)........................................ 68

INSTRUCTION NO. 48 (Good Faith) ...................................................................... 69

INSTRUCTION NO. 49 (Reliance on Counsel) (If Applicable) ................................ 70

INSTRUCTION NO. 50 (Concluding Instructions)................................................... 71

**Members of the Jury,**

Thank you for your patience and attention throughout this case. I shall now instruct you as to the law applicable to the case before you. Please keep in mind that you will be provided a copy of these instructions for your use during your deliberations.

***INSTRUCTION NO. 1 (Roles of Judge and Jury)***

Let me explain our respective roles, which are quite different. It is my duty as judge to instruct you as to the law that applies to this case.

It is your duty to decide the facts and, in deciding these facts, to comply with the rules of law and apply them as I state them to you without regard to what you think the law is or should be. In other words, you are required to follow the law exactly as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any of these instructions as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate.

None of you should be concerned about the wisdom of any rule that I state here. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:2 (modified).

*INSTRUCTION NO. 2 (Jury's Duty to Decide Facts)*

Your duty is to pass upon and decide the factual issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. If any expression of mine or anything I may or may not have done or said would seem to indicate any opinion relating to any factual matters, I instruct you to disregard it.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:3 (modified).

**The Defense requests the following additional instructions, to which the Government objects.**

**In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence. The evidence before you consists of the answers given by witnesses--the testimony they gave, as you recall it–and the exhibits that were received in evidence. The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.**

**I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite**

matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

***INSTRUCTION NO. 3 (Juror Obligations)***

In determining the facts, the jury is reminded that before each member was accepted and sworn to act as a juror, he or she was asked questions concerning competency, qualifications, fairness and freedom from prejudice and bias. On the faith of those answers, the juror was accepted by the parties. Therefore, those answers are as binding on each of the jurors now as they were then, and should remain so, until the jury is discharged from consideration of this case.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2-4

***INSTRUCTION NO. 4 (Bias, Prejudice; Government as a Party)***

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes. The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a case in litigation. By the same token, the government is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:5 (modified).

**The Defense requests removal of the phrase, "By the same token, the government is entitled to no less consideration" from the instruction. The Government objects.**

***INSTRUCTION NO. 5 (Improper Considerations)***

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national or ethnic origin, sex, ~~or~~ age **or her status as a former elected official or any acts or non-acts she took as an elected official.** All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:11 (modified).

**The Defense proposes striking the word "or," and including the language in bold to the instruction. The Government objects.**

***INSTRUCTION NO. 6 (Sympathy)***

Under your oath as jurors, it would be improper for you to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt? ~~If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.~~

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate **because of sympathy or** ~~for~~ any **other** reason to find a verdict of not guilty. But if, on the other hand, you should find that the government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:12 (modified).

**The Defense proposes striking language as identified above, and including the language in bold to the instruction. The Government objects.**

***INSTRUCTION NO. 7 (Conduct of Counsel; Exhibits Not Received; Stricken Testimony;
Stipulations; Outside Sources; Incorporation of Assumed Facts on Cross-Examination)***

The statements, objections, and arguments of counsel are not evidence and should not be
considered by you as evidence. The evidence in this case consists of the sworn testimony of the
witnesses, the exhibits received in evidence, and any stipulations.

A stipulation is an agreement among the parties that a certain fact is true. You should regard
such agreed facts as true.

Exhibits that were marked for identification but not received may not be considered by you
as evidence. Only those exhibits received may be considered as evidence. Admitted exhibits will
be available for your review.

You are to disregard any testimony that I have ordered to be stricken. Only the witnesses'
answers are evidence and you are not to consider a question as evidence.

Anything you may have seen or heard outside the courtroom, including any newspaper or
media publicity of any kind, is not evidence and must be entirely disregarded. You must limit the
information you get about the case to what came to you in the courtroom through the rules of
evidence.

At times, a lawyer on cross-examination may have incorporated into a question a statement
that assumed certain facts to be true and asked the witness if the statement was true.  If the witness
denies the truth of a statement, and if there is no evidence in the record proving that the assumed
fact is true, then you may not consider the fact to be true simply because it was contained in the
lawyer's question. In short, questions are not evidence; answers are.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,*  Instruction Nos. 5:3, 5:4, 5:6, 2:15, 2:16, 2:17
(merged and modified).

***INSTRUCTION NO. 8 (Questions)***

Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 5-3

***INSTRUCTION NO. 9 (Judicial Notice) (If Applicable)***

I have taken judicial notice of certain facts that I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to, agree that these facts are true.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 5-5

*INSTRUCTION NO. 10 (Contact with Others)*

During your deliberations, you should not discuss the case with anyone, nor provide any information about the case to anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging, or any Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and then only while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, **you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.**

You should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

16

**The lawyers for the government and defense are not permitted to have any contact with you during this case, especially outside the courtroom, so you should expect that if you are in close proximity to a lawyer outside of the courtroom (in the hallways or the elevator, for example) the lawyer or lawyers will not acknowledge or speak to you, and may walk away from you. Do not take offense at this or allow it to influence your judgment; the lawyer is only doing what is required by the court.**

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2-21

**The Defense proposes using only the portion of the above instruction in bold. The Government proposes using the instruction in its entirety.**

***INSTRUCTION NO. 11 (Duty of Counsel to Object; Rulings on Legal Questions by Judge; Bench Conferences)***

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. The attorneys also have the right and duty to ask me to make rulings of law and to request conferences at the bench out of the hearing of the jury. All those questions of law must be decided by me. You should not show any prejudice against an attorney or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:8 (modified).

***INSTRUCTION NO. 12 (Charts and Summaries)***

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. The charts and summaries are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. So, while you are entitled to consider them, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules, and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction Nos. 5:12, 5:13 (merged and modified).

***INSTRUCTION NO. 13 (Indictment Is Not Evidence; Submitting the Indictment)***

The defendant is charged in a charging instrument, a Superseding Indictment, with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the Superseding Indictment, which I will refer to simply as "the indictment" in these instructions.

I am sending a copy of the indictment into the jury room for you to have during your deliberations. You may use it to read the crimes that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. Furthermore, the defendant is not charged with committing any crime other than the offenses contained in the indictment.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instructions 3:1, 3:3 & 9:4.

### INSTRUCTION NO. 14 (Burden of Proof; Presumption of Innocence)

The defendant has pleaded not guilty to the charges in the indictment. To convict the defendant, the burden is on the prosecution to prove the defendant's guilt of each element of the charges beyond a reasonable doubt. This burden never shifts to the defendant, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, the defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven the defendant is guilty of a given charge beyond a reasonable doubt.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 4:1.

***INSTRUCTION NO. 15 (Venue)***

In addition to the foregoing elements of the offense, you must consider whether any act in furtherance of the crime occurred within the District of Maryland. You are instructed that the District encompasses [specify counties]. In this regard, the government need not prove that the crime itself was committed in this district or that the defendant herself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district. If you find that the government has failed to prove that any act in furtherance of the crime occurred within this district—or if you have a reasonable doubt on this issue—then you must acquit.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 3-11

***INSTRUCTION NO. 16 (Jury to Consider Only this Defendant)***

You are about to be asked to decide whether or not the government has proven beyond a reasonable doubt the guilt of the defendant, Marilyn J. Mosby. You are not being asked whether any other person has been proven guilty. Your verdict should be based solely upon the evidence or lack of evidence as to Ms. Mosby, in accordance with my instructions and without regard to whether the guilt of other people has or has not been proven.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 2:18.

***INSTRUCTION NO. 17 (Failure to Name a Defendant)***

You may not draw any inference, favorable or unfavorable, towards the government or the defendant, from the fact that certain persons were not named as defendants in the indictment. Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. The fact that certain persons are not part of this case must play no part in your deliberations. Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 3:4 (modified).

***INSTRUCTION NO. 18 (Direct and Circumstantial Evidence)***

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty: Direct evidence and circumstantial evidence. The law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.

The first type of evidence is called direct evidence. Direct evidence is where a witness testifies to what she saw, heard, or observed. In other words, when a witness testifies about what is known to her of her own knowledge by virtue of her own senses—what she sees, feels, touches, or hears—that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Circumstantial evidence is of no less value than direct evidence. Let me give you a simple example of circumstantial evidence.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside.

As you were sitting here, someone walked in with an umbrella that was dripping wet.

Somebody else then walked in with a raincoat that also was dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some

other fact.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 5:2 (modified).

***INSTRUCTION NO. 19 (Inferences)***

During the trial, you have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess; it is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here, again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict him.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 6:1 (modified).

***INSTRUCTION NO. 20 (Witness Credibility; Interest in Outcome; Law Enforcement Witnesses)***

Because you, the jurors, are the sole judges of the facts, you are also the sole judges of the credibility of the witnesses, and it is up to you to decide what weight, if any, should be given to a witness's testimony. You are not required to believe any witness even though his or her testimony is uncontradicted.

In deciding whether or not to believe a witness, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

You should consider a witness's demeanor and manner of testifying on the stand. Was the witness candid, frank, and forthright? Or did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with the way the witness testified on cross-examination? Was the witness consistent in his or her testimony or did he or she contradict himself or herself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

You should also consider whether a witness may have been biased. Does the witness have a relationship with the government or the defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or does the witness have some bias, prejudice, or hostility that may have caused the witness—consciously or not—to give you something other than a completely accurate account of the facts he or she testified to?

28

Another consideration is the witness's opportunity to observe the matters about which he or she testified, as well as the witness's ability to express himself or herself.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always ask yourself whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government or a state or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

After you have considered all of the factors bearing upon the credibility of a witness that I have mentioned to you, you may decide to accept all of the testimony of a particular witness, none of the testimony of a particular witness, or part of the testimony of a particular witness. In other words, you may give the testimony of any witness such credibility and weight, if any, as you may think it deserves.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction Nos. 7:1, 7:16, 7:19 (merged and modified).

***INSTRUCTION NO. 21 (Defendant's Choice to Testify / Not to Testify)***

In a criminal case, a defendant cannot be required to testify, but, if a defendant chooses to testify, he or she is, of course, permitted to take the witness stand on his or her own behalf. In this case, the defendant decided to testify. You should not disregard or disbelieve a defendant's testimony simply because she is charged as a defendant in this case. You should examine and evaluate her testimony just as you would the testimony of any witness with an interest in the outcome of this case.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 7:4 (modified).

The defendant did not testify in this case. Under our constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because she did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 5:21 (modified).

***INSTRUCTION NO. 22 (Specific Investigative Techniques Not Required; Government Not Required to Call All Possible Witnesses or Present All Exhibits)***

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. (For example, no fingerprints were taken and no transmitting device was utilized during the defendant's alleged conversations with the agent.) You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you also are instructed that there is no legal requirement that the government use any of these specific investigative techniques to prove its case. (There is no requirement to attempt to take fingerprints, or that it offer fingerprints or tape recordings in evidence.) Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond reasonable doubt.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 4:4 (modified).

***DEFENSE PROPOSED INSTRUCTION:***

Since, in order to convict the defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against her, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against her, you should find the defendant guilty of that charge.

**The Government objects to this proposed instruction.**

***INSTRUCTION NO. 23 (Defendant's Character)***

The defendant has called witnesses who have given their opinion of her good character. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit her of all the charges.

On the other hand, if after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe her to be a person of good character.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 5:15 (modified).

*DEFENSE PROPOSED INSTRUCTION:*

You have heard evidence about a witness who has not been called to testify. The defense has argued that the witness could have given material testimony in this case and that the government was in the best position to produce this witness.

If you find that this uncalled witness could have been called by the government and would have given important new testimony, and that the government was in the best position to call him, but failed to do so, you are permitted, but you are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the government.

In deciding whether to draw an inference that the uncalled witness would have testified unfavorably to the government, you may consider whether the witness's testimony would have merely repeated other testimony and evidence already before you.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 6:5

**The Government objects to this instruction.**

***INSTRUCTION NO. 24 (Using Motive as Evidence of Intent)***

Proof of motive is not a necessary element of the crime with which the defendant is charged. Proof of motive does not establish guilt, nor does a lack of proof of motive establish that a defendant is not guilty. If the guilt of a defendant is shown beyond a reasonable doubt, it is immaterial what the motive for the crime may be, or whether any motive be shown, but the presence or absence of motive is a circumstance that you may consider as bearing on the intent of a defendant.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 6:18.

***INSTRUCTION NO. 25 (Introduction to Specific Crimes Instructions; Multiple Counts)***

We shall next consider the crimes with which the defendant is charged in the Superseding Indictment, and I shall discuss with you the rules of law that govern whether the crimes charged have been proven. Each alleged crime is charged in what is called a count. Whenever I refer to "the indictment" in these instructions, I am referring to the Superseding Indictment.

The jury must consider each count against the defendant separately, and the burden is always upon the government to prove each count beyond a reasonable doubt. **Each count charges the defendant with a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.**

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about this defendant. The case against this defendant, on each count, stands or falls upon the proof or lack of proof against the defendant alone, and your verdict as to the defendant on any count should not control your decision as to any other count. No other considerations are proper.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 3:8 (modified).

**The Defense requests that the above bolded language be added to the instruction. The Government objects to the addition of the above bolded language to the instruction.**

***INSTRUCTION NO. 26 (Variance – Dates)***

While we are on the subject of the indictment, I should draw your attention to the fact that the indictment charges that specific acts occurred on or about certain dates. The proof need not establish with any certainty the exact date of the specific act charged. It is sufficient if the evidence in this case establishes that an offense was committed on a date reasonably near the date alleged in the indictment. The law only requires a substantial similarity between the date alleged in the indictment and the date established by testimony or exhibits.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 3:12 (modified).

***INSTRUCTION NO. 27 (Counts One and Three – Perjury – The Indictment and the Statute)***

The indictment charges the defendant with committing perjury in Counts One and Three.

Count One charges that on or about the 26th day of May, 2020, in the District of Maryland, MARILYN J. MOSBY did submit a "457(b) Coronavirus-Related Distribution Request" to Nationwide, the administrator of the City of Baltimore's Deferred Compensation Plans, executed under penalty of perjury under the format of 28 U.S.C. § 1746, in which she did willfully and knowingly state material matter which she did not believe to be true, that is to say, the Defendant experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of child care; or the closing or reduction of hours of a business she owned or operated.

At the time and place aforesaid Nationwide, the administrator of the City of Baltimore's Deferred Compensation Plans, did require that distribution requests be in writing and executed in the format provided by 28 U.S.C. § 1746. It was material to such distribution requests that the applicant certify that s/he met at least one of the qualifications for a distribution as defined under the CARES Act Section 2202(a)(4)(A) as summarized on the distribution request.

At the time and place aforesaid, **MOSBY** submitted a signed written distribution request to Nationwide, the administrator of the City of Baltimore's Deferred Compensation Plans, which contained the following statement: "I consent to a distribution as elected above **and affirm under penalties for perjury the statements and acknowledgements made in this request."** This affirmation was made on May 26, 2020, and was signed by **MOSBY**. The distribution request signed and submitted by **MOSBY** did falsely state that she experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of childcare; or the closing or

38

reduction of hours of a business she owned or operated.

The aforesaid statement in the distribution request signed and submitted by **MOSBY**, as she knew, was false in that **MOSBY received** her full gross salary of $247,955.58 from January 1, 2020, through the date on which she signed this form, May 20, 2020, in bi-weekly gross pay direct deposits in the amount of $9,183.54 and had not experienced any of the enumerated financial hardships she claimed to have experienced.

Count Three charges that on or about December 29, 2020, in the District of Maryland, **MARILYN J. MOSBY** did submit a "457(b) Coronavirus-Related Distribution Request" to Nationwide the administrator of the City of Baltimore's Deferred Compensation Plans, executed under penalty of perjury under the format of 28 U.S.C. § 1746, in which she did willfully and knowingly state material matter which she did not believe to be true, that is to say, the Defendant experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of child care; or the closing or reduction of hours of a business she owned or operated.

At the time and place aforesaid Nationwide, the administrator of the City of Baltimore's Deferred Compensation Plans, did require that distribution requests be in writing and executed in the format provided by 28 U.S.C. § 1746. It was material to such distribution requests that the applicants certify that s/he meet at least one of the qualifications for a distribution as defined under the CARES Act Section 2202(a)(4)(A) as summarized on the distribution request.

At the time and place aforesaid, **MOSBY** submitted a signed written distribution request to Nationwide, the administrator of the City of Baltimore's Deferred Compensation Plans, which contained the following statement: "I consent to a distribution as elected above **and affirm under penalties for perjury the statements and acknowledgements made in this request."** This

affirmation was made on or about December 29, 2020 and was signed by **MOSBY**. The distribution request signed and submitted by **MOSBY**, did falsely state that she experienced adverse financial consequences stemming from the Coronavirus as a result of being quarantined, furloughed or laid off; having reduced work hours; being unable to work due to lack of childcare; or the closing or reduction of hours of a business she owned or operated.

The aforesaid statement in the distribution request signed and submitted by **MOSBY**, as she then and there well knew and believed, was false in that **MOSBY** received her full salary of

$247,955.58 from January 1, 2020, through the date on which she signed this form, December 29, 2020, in bi-weekly gross pay direct deposits in the amount of $9,183.54 and had not experienced any of the enumerated financial hardships she claimed to have experienced.

The indictment charges the defendant with violating section 1621 of Title 18 of the United States Code. That section, in pertinent part, provides:

> Whoever (1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of Title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; [is guilty of perjury].

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 48-1 (modified).

***INSTRUCTION NO. 28 (Counts One and Three:  Elements)***

In order to prove the perjury charges against the defendant charges in Counts One and Three, the government must establish beyond a reasonable doubt each of the following four elements.

First, that the defendant, under penalty of perjury, subscribed as true, written information submitted to Nationwide, the administrator of the City of Baltimore's Retirement Savings and Deferred Compensation Plans.

Second, that the defendant **willfully** made false statements as to matters about which the defendant subscribed as true as set forth in the indictment.

Third, that the matters as to which it is charged that the defendant made false statements were material to the issues under inquiry by the City of Baltimore's Deferred Compensation Plan.

Fourth, that **the defendant gave those false statements knowingly and willfully**.

~~such false statements were willfully made~~

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:3.

**The Defense proposes striking language as identified above, and including the language in bold to the instruction. The Government objects.**

***INSTRUCTION NO. 29 (Counts One and Three: First Element -  Oath)***

The first element of the perjury charges that the government must prove beyond a reasonable doubt is that the defendant, under penalty of perjury, subscribed as true, written information submitted to Nationwide, the administrator of the City of Baltimore's Retirement Savings and Deferred Compensation Plans.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:4.

***INSTRUCTION NO. 30 (Counts One and Three: Second Element - Falsity)***

The second element of the perjury charges which the government must prove beyond a reasonable doubt is that the defendant made a false statement under penalty of perjury. In order to satisfy this element, the government must prove that **all of the enumerated "as a result of" statements, as set forth in the indictment were false** ~~a part of the declarations made by the defendant, as set forth in the indictment was false~~. An answer to a question or a declaration is false when it is contrary to the facts; that is, when it is not true. The truth or falsity of an answer must be determined by the facts existing at the time the answer was made.

In reviewing the declarations which are alleged to have been false, you should consider such declarations in the context of the sequence of questions asked and answers given. The words used should be given their common and ordinary meaning unless the context clearly shows that a different meaning was understood by both the questioner and the witness.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:5.

**The Defense proposes striking language as identified above, and including the language in bold to the instruction. The Government objects.**

***INSTRUCTION NO. 31 (Counts One and Three: Ambiguous Questions and Answers)***

If you should find that a particular question was ambiguous—that is, subject to more than one interpretation—and that the defendant truthfully answered one reasonable interpretation of the question under the circumstances presented, then such answer would not be false. Similarly, if you should find that the question was clear but the answer was ambiguous, and one reasonable interpretation of such answer would be truthful, then such answer would not be false.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 48:7.

**INSTRUCTION NO. 32 (Counts One and Three: Unresponsive or Literal Truth is Not Falsity)**

In deciding whether the defendant's answers are false, the answers must be given their natural meaning in the context in which the words were used. If you find that an answer given by the defendant was literally true, then this element is not satisfied, and you must find the defendant not guilty on this charge. As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, there can be no conviction for perjury, even if you find that the answer was unresponsive to the question asked, or intentionally misleading.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* 48:8.

***INSTRUCTION NO. 33 (Counts One and Three: The "Two-Witness" Rule)***

I have instructed you that the government must establish beyond a reasonable doubt that defendant's answers (or declarations) were false. The law has a special rule for the amount of proof required to show that the defendant's statements were false.

Simply put, the rule is that in order to convict the defendant of perjury, the falsity of the defendant's statements must be established either by the testimony of two witnesses whose testimony you, the jury, believe to be true, or by the testimony of one such witness which is corroborated or confirmed by other independent evidence, such as documentary evidence, which you believe and which you find to be trustworthy and to substantiate the testimony of the one witness. "Independent" means something other than, and in addition to, the testimony of the one witness.

When I say that the "falsity" of the defendant's statements must be established, I mean that the falsity of the set of facts which the defendant stated must be established. The witness or witnesses whose testimony is offered to establish this falsity need not—and in most cases will not—know what the defendant's actual statements were, or even whether the defendant gave such statements at all.

Where the falsity of facts which the defendant stated is established by the testimony of one witness and other independent evidence which corroborates or confirms that witness' testimony, the rule does not require that the corroborative evidence itself prove guilt. The rule is satisfied when there is direct testimony from one witness and additional independent evidence so corroborative of this direct testimony that the two, when considered together, are sufficient to establish the falsity of the defendant's statements beyond a reasonable doubt.

The rule requires the government to produce in evidence something more than one witness.

46

Thus, if one person testifies under oath as to certain facts, and at a later date another person testifies to the contrary, the testimony of that second individual alone, without any other corroborating evidence, would not be sufficient to convict the first person of perjury. To support a conviction, the government must produce either a second witness or independent evidence that corroborates a single witness' testimony establishing the falsity of the facts which the defendant stated.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:9.

***INSTRUCTION NO. 34 (Counts One and Three: Third Element - Materiality)***

The third element of the perjury charges that the government must establish beyond a reasonable doubt is that the matters as to which it is charged that the defendant made false statements were material to the issues under inquiry by the City of Baltimore's Deferred Compensation Plan.

A false statement is material if it has a natural tendency to influence or is capable of influencing the decision of the agency. To find that the testimony was material you need not find that it did in fact influence the decision of the City of Baltimore's Deferred Compensation Plan. You need only find that it was capable of influencing the City of Baltimore's Deferred Compensation Plan's decision.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:10.

***INSTRUCTION NO. 35 (Counts One and Three: Fourth Element -- Willfulness)***

The final element of the perjury charges that the government must prove beyond a reasonable doubt is that the defendant gave those false answers knowingly and willfully. That is, the government must prove that at the time the answers were given, the defendant knew and believed that her answers were false and that she purposely or intentionally gave the false answers and not because of confusion, mistake or faulty memory.

The requirement that you find that the defendant acted willfully means that you may not find the defendant guilty of perjury simply because the defendant made statements which were factually incorrect. The defendant may have given incorrect statements because of an honest mistake of facts, confusion, haste, oversight or carelessness. If the defendant made an erroneous and incorrect statement due to a slip of the tongue or bad memory or through misunderstanding, the defendant would not be guilty of making the false statement willfully.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:11.

***INSTRUCTION NO. 36 (Willfully)***

You have been instructed that in order to sustain its burden of proof the government must prove that the defendant acted willfully. "Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.

**The defendant's conduct was not "willful" if it was due to negligence, inadvertence, or mistake, if the defendant asserts a good faith misunderstanding of the law defense: or was the result of a good faith misunderstanding of the requirement of the law. In this connection, it is for you to decide whether the defendant acted in good faith, that is, whether she sincerely misunderstood the requirements of the law, or whether she knew what she was required to do and deliberately did not do so.**

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 3A-3.

**The Defense proposes using only the portion of the above instruction in bold. The Government proposes using the instruction in its entirety.**

***INSTRUCTION NO. 37 (Counts One and Three: Manner of Proof)***

Your decision whether the defendant acted **knowingly and** willfully in making any statements you find to be false involves a decision about the defendant's state of mind at the time the statements were made. It is obviously impossible to ascertain or prove directly what the operation of the defendant's mind was. You cannot look into a person's mind to see what his state of mind is or was. But a wise and intelligent consideration of all the facts and circumstances shown by the evidence and the exhibits in the case may enable you to infer with a reasonable degree of accuracy what the defendant's state of mind was.

In our everyday affairs, we are continuously called upon to decide from the actions of others what their state of mind is. Experience has taught us that, frequently, actions speak louder, more clearly, than spoken or written words. Therefore, you may well rely in part on circumstantial evidence in determining the defendant's state of mind.

Proof of the circumstances surrounding the defendant's actions can supply an adequate basis for a finding that the defendant acted knowingly and willfully. The actions of an individual must be set in their time and place. The meaning of a particular act may depend on the circumstances surrounding it. Thus you may consider evidence which you recall and believe about the defendant's actual knowledge of certain facts and occurrences, as compared to the testimony he gave about these facts and occurrences; the extent to which statements were made to conceal facts or events; and, in general, the manner in which certain actions were undertaken by the defendant, and by others with his knowledge.

You may consider whether the defendant had a motive to lie or to conceal the facts. The Government is not required to prove the existence of such a motive, let alone exactly what the motive was. The Government's failure to prove a motive does not establish innocence. But if you

do find evidence of a motive, that may help you decide what the defendant's state of mind was. Therefore, you should ask yourselves whether the defendant stood to gain any personal benefit from concealing the truth, or whether he stood to avoid any personal liability.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 48:12.

**The Defense proposes adding the language in bold to the instruction. The Government objects.**

***DEFENSE PROPOSED INSTRUCTION (Purpose of CARES Act)***

The CARES Act was passed by the United States Congress on March 25, 2020, and signed into law on March 27, 2020. One purpose of the CARES Act was to allow individuals to have easier access to the funds contained in their retirement accounts.

**The Government objects to this instruction.**

***DEFENSE PROPOSED INSTRUCTION** (No Requirement of Correlation Between Withdrawal Amount and Adverse Financial Consequences)*

The CARES Act allowed individuals who experienced adverse financial consequences, as a result of being quarantined, being furloughed or laid off or having work hours reduced due to Covid-19, being unable to work due to lack of child care due to Covid-19, closing or reducing hours of a business owned or operated by the individual due to Covid-19, or other factors as determined by the Secretary of the Treasury, to receive a coronavirus related distribution from their retirement accounts up to $100,000. *See* 2202(a)(2)(A).

The CARES Act, however, does not require that the amount of that withdrawal be correlated in any way with the adverse financial consequence experienced by any individual who received a coronavirus related distribution. For example, if an individual was laid off as a result of Covid-19, and therefore was deprived of $10,000 of income, that individual was not limited to a withdrawal of $10,000 from his or her retirement account. Any withdrawal up to $100,000 is permissible under the Act once an individual is qualified.

**The Government objects to this instruction.**

**DEFENSE PROPOSED INSTRUCTION (No Requirement Withdrawal Funds be Used to Mitigate Adverse Consequences)**

In order to qualify for a withdrawal under the CARES Act, an individual must have experienced a qualifying adverse financial consequence as a result of Covid-19. However, there is no requirement in the Act that the withdrawn funds must be used to mitigate that adverse financial consequence.

For example, if a business owned by an individual experienced an adverse financial consequence as a result of the closing or reduction in hours of a business owned or operated by the individual due to Covid-19, and that individual withdrew funds from a retirement account under the CARES Act, there is no requirement under the CARES Act that the withdrawn funds be used for the business that was closed or had a reduction in hours. Funds withdrawn pursuant to the CARES Act may be used for any purpose.

Further, once an individual experienced a qualifying adverse financial consequence as a result of Covid-19 and applied for and was granted a withdrawal from his or her retirement account there is no requirement in the CARES Act that only a single withdrawal be made. An individual is entitled, under the CARES Act, to make multiples withdrawals up to $100,000 without needing to experience any additional qualifying adverse financial consequence.

During this trial you will hear evidence about how Ms Mosby may have used her CARES Act withdrawal funds. There is no allegation that her use of the funds was unlawful as Ms. Mosby was free under the law and the CARES Act to use the funds for any purpose she wanted. In other words, how Ms Mosby used the CARES Act withdrawal funds should not be considered by you in determining whether the government has proven Ms. Mosby's guilt beyond a reasonable doubt as it relates to Count 1 and Count 3.

**The Government objects to this instruction.**

***DEFENSE PROPOSED INSTRUCTION (Definition of Adverse Financial Consequences)***

The Cares Act requires that, in order to qualify for a withdrawal, an individual must have experienced a qualifying adverse financial consequence as a result of Covid-19. The term "adverse financial consequences" should be understood to mean adverse financial consequences that are the result of either: (1) being quarantined, furloughed or laid off; (2) having work hours reduced due to the Coronavirus; (3) being unable to work due to lack of child care due to the coronavirus; or (4) closing or reducing hours of a business owned or operated by the individual due to the Coronavirus.

You therefore should not use nor consider any other definition of "adverse financial consequences" aside from the definition provided above.

**The Government objects to this instruction.**

***DEFENSE PROPOSED INSTRUCTION (Materiality)***

To meet the materiality element of the perjury charge, it is not enough that the accused made a false statement to a decision-making body. Instead, the alleged false statement must have been capable of influencing a decision by that decision-making body. Here, the government alleges that the decision making body at issue was the administrator of the City of Baltimore's Deferred Compensation Plan, also known as Nationwide. But, even if you find that the Defendant made a false statement to Nationwide, if that statement was not capable of influencing a decision by Nationwide, then you must find the Defendant not guilty on Counts 1 and 3.

**The Government objects to this instruction.**

***INSTRUCTION NO. 38 (Counts Two and Four: False Statement on a Loan Application –
The Indictment and the Statute)***

The defendant is charged with making a false statement on a loan application in Counts
Two and Four.

Count Two charges that from in or about July 2020 through in or about September 2020,
in the District of Maryland and elsewhere, the Defendant, **MARILYN J. MOSBY** knowingly
made false statements or reports for the purpose of influencing in any way the action of Cardinal
Financial Company, LLP, a mortgage lending business as defined in 18 U.S.C. § 20, in connection
with an application, advance, discount, purchase, purchase agreement, repurchase agreement,
commitment, or loan, in that: (1) **MOSBY** certified the only liabilities she owed were those
disclosed in the application, when in truth and fact, as **MOSBY** knew, she owed significant
amounts of federal taxes; (2) that she was not presently delinquent or in default on any Federal
debt, when in truth and in fact, as **MOSBY** knew, she was delinquent in paying her federal taxes
resulting in the IRS filing a $45,022 lien against her on March 3, 2020; and (3) **MOSBY** agreed
that she would not give a management firm or any other person or entity control over the
occupancy or use of the Kissimmee vacation home when in truth and in fact, as **MOSBY** knew,
she had executed such an agreement one week prior to closing on the mortgage on the property.

Count Four charges that from in or about January 2021 through in or about February 2021,
in the District of Maryland and elsewhere, the defendant, **MARILYN J. MOSBY** knowingly
made a false statement or report for the purpose of influencing the action of United Wholesale
Mortgage, a mortgage lending business as defined in 18 U.S.C. § 20, in connection with an
application, advance, discount, purchase, purchase agreement, repurchase agreement,
commitment, or loan, in that: (1) as of December 2020, **MOSBY** had spent "the past 70 days"
living in Florida; (2) **MOSBY** certified the only liabilities that **MOSBY** had were those disclosed

in the application, when in truth and fact, as **MOSBY** knew, she owed significant amounts of federal taxes; and (3) that she was not presently delinquent or in default on any Federal debt, when in truth and in fact, as **MOSBY** knew, she was delinquent in paying her taxes resulting in the IRS filing a $45,022 lien against her on March 3, 2020; and (4) that her husband had made a $5,000 gift to her to be applied toward the purchase of the Long Boat Key vacation home when in truth and in fact, he had not.

The relevant statute on this subject is section 1014 of Title 18 of the United States Code, which provides: "Whoever knowingly makes any false statement or report … for the purpose of influencing in any way the action of … a mortgage lending business … upon any application … or loan [shall be guilty of a crime]."

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 37:15 (modified).

***INSTRUCTION NO. 39 (Counts Two and Four: Purpose of the Statute)***

The essence of the crime is the making of a false statement in an application for a loan for the purpose of influencing in any way the action of a mortgage lending business from which the loan is sought. It is not dependent upon the accomplishment of that purpose.

The law focuses on the application and the statements contained therein. Thus, it requires that such statements that have the capacity of influencing in any way the action of the mortgage lending business be accurate.

The statute does not require proof that a mortgage lending business's officials relied upon the allegedly false statements. It has nothing whatsoever to do with defrauding the mortgage lending business  or whether or not the mortgage lending business is actually defrauded. Similarly, the statute has nothing to do with defrauding the government. Thus, it is of no consequence whether or not the application was granted, or, if granted, whether the mortgage lending business suffered no loss. The fact that no pecuniary losses may have been sustained by the mortgage lending business is not relevant under this law.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction 37:16.

***INSTRUCTION NO. 40 (Counts Two and Four: Elements)***

In order to prove the defendant guilty of the crime charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made or caused to be made a false statement or report relating to an application to a mortgage lending business ~~(e.g., for a loan)~~;

Second, that the defendant acted knowingly;

Third, that the false statement or report was made for the purpose of influencing in any way the mortgage lending business' action ~~(e.g., on the loan application)~~; and

Fourth, that the statement was submitted to a mortgage lending business.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 17:33 (modified).

**The Defense proposes striking language as identified above. The Government objects.**

***INSTRUCTION NO. 41 (Counts Two and Four: First Element – Defendant Made a False Statement)***

The first element that the government must prove beyond a reasonable doubt is that the defendant made or caused to be made a false statement or report relating to an application to a mortgage lending business (e.g., for a loan).

The first thing that the government must prove to satisfy this element is that an application was made to the mortgage lending business. This requires that an application sufficient for the mortgage lending business to act on was made. Thus, if the mortgage lending business accepted oral applications, then an oral application would be sufficient. If the mortgage lending business required a written application, then that would be sufficient, but an oral application would not be. And if a signed application is required, then an unsigned application would not be sufficient.

The second part of this element that the government must prove is that a false statement was made relating to the application.

It is not necessary for the government to prove that the defendant personally made or physically wrote the statement. It is sufficient to satisfy this element if the government proves that the defendant caused the statement to be made by a third party and if the statement was untrue when made.

The last part of this element is that the statement was false. A statement is false if it was untrue when made.

If you find that the defendant did not make the statement or cause it to be made or if you find that the statement was not false—or if you have a reasonable doubt as to this element—then it is your duty to acquit.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 37:18.

***INSTRUCTION NO. 42 (Count Two and Four: Second Element – Statement Knowingly Made)***

The second element that the government must prove beyond a reasonable doubt is that the defendant "knowingly" made the statement that you found to be false.

It is not a crime to make a false statement inadvertently or negligently. Thus, before you can find that the government has established the second element, that the defendant acted knowingly, you must be satisfied beyond a reasonable doubt that the defendant, in making or causing the statement to be made, acted deliberately, intentionally, and understandingly; that is, that he or she knew what he or she was doing; that he or she knew the statement was false at the time it was made.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 37:19.

***INSTRUCTION NO. 43 (Count Two and Four: Third Element – Purpose of the Statement)***

The third element the government must establish is that the defendant made or caused such false statement to be made "for the purpose of influencing in any way" the mortgage lending business' action.

The quoted words almost define themselves. The emphasis of the statute is upon the person making the false statement. Thus, to act "for the purpose of influencing" the mortgage lending business means that the person making the false statement intended that the mortgage lending business take action based on that statement.

The government is not required to prove that the mortgage lending business actually relied upon the alleged false statement.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 37:20.

***INSTRUCTION NO. 44 (Count Two and Four: Fourth Element – Statement Made to a Mortgage Lending Business)***

The fourth element that the government must prove beyond a reasonable doubt is that the false statement was made in connection with a loan application to a mortgage lending business.

Sand, Siffert, *Modern Fed. Jury Instructions,* Instruction No. 37:21 (modified) ("The instruction should be modified if the indictment charges that the false statement was made to another type of financial institution listed in section 1014").

.

***INSTRUCTION NO. 45 (Counts Two and Four: The Need for Unanimity)***

Counts Two and Four contains answers given by the defendant reciting more than one fact. It is not necessary that the Government prove that each of these factual statements is false. The Government satisfies its burden of proving falsity if it proves beyond a reasonable doubt that any of the factual statements recited in either Count Two or Count Four is false.

However, and this is important, you may not find the defendant guilty unless you all agree, unanimously, that one <u>particular</u> answer is false. It is not enough that you all believe that some answer given by the defendant is false. That is, you cannot find the defendant guilty if some of you think that only answer A is false and the rest of you think that only answer B is false. There must be at least one specific answer that all of you believe is false in order to convict the defendant.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 48:6.

***INSTRUCTION NO. 46 (Penalty Not A Proper Consideration)***

I have finished the court's instructions on the specific crimes charged. As you deliberate, I caution you that the question of possible punishment of the defendant is of no concern to you and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence, if the defendant is convicted, rests exclusively upon the court. Similarly, the possible consequences of a not guilty verdict are of no concern to you. Your duty is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the evidence presented.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 9:1 (modified).

***INSTRUCTION NO. 47 (Expert Witness) (If Applicable)***

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 7-21

***INSTRUCTION NO. 48 (Good Faith)***

Good faith is a complete defense to the charges in this case.

A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime. This is so even if the statement is, in fact, erroneous.

The burden of establishing lack of good faith and criminal intent rests on the government. A defendant is under no burden to prove his good faith; rather, the government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

If the defendant believed in good faith that she was acting properly, even if she was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. Sand, Siffert, *et al.*, *Modern Fed. Jury Instructions,* Instruction No. 8-1 (modified).

***INSTRUCTION NO. 49 (Reliance on Counsel) (If Applicable)***

You have heard evidence that the defendant received advice from a lawyer and you may consider that evidence in deciding whether the defendant acted willfully and with knowledge.

The mere fact that the defendant may have received legal advice does not, in itself, necessarily constitute a complete defense. Instead, you must ask yourselves whether the defendant honestly and in good faith sought the advice of a competent lawyer as to what she may lawfully do; whether she fully and honestly laid all the facts before his lawyer; and whether in good faith she honestly followed such advice, relying on it and believing it to be correct. In short you should consider whether, in seeking and obtaining advice from a lawyer, the defendant intended that her acts shall be lawful. If she did so, it is the law that a defendant cannot be convicted of a crime that involves willful and unlawful intent, even if such advice were an inaccurate construction of the law.

On the other hand, no person can willfully and knowingly violate the law and excuse themselves from the consequences of his or her conduct by pleading that he or she followed the advice of his or her lawyer.

Whether the defendant acted in good faith for the purpose of seeking guidance as to the specific acts in this case, and whether she made a full and complete report to her lawyer, and whether she acted substantially in accordance with the advice received, are questions for you to determine.

*Sand, Siffert, et al., Modern Fed. Jury Instructions*, Instruction No. 8-1

***INSTRUCTION NO. 50 (Concluding Instructions)***

In conclusion, let me remind you that your verdict must be unanimous, reflecting the judgment of each and every one of you. Consider it in the jury room deliberately and carefully, in light of the instructions I have given you, and use the same common sense and the same intelligence that you would use in determining any important matter that you have to decide in the course of your own affairs.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Upon retiring to the jury room, your first duty will be to elect a foreperson. The foreperson has no extra vote, but she or she will preside over your deliberations and be your spokesperson in court.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the Court Security Officer. Never attempt to communicate with the court except in writing. You will note from the oath about to be taken by the Court Security Officer that she or she, as well as all other persons, are forbidden to communicate in any way or manner with any

member of the jury on any subject touching the merits of the case. And bear in mind always that you are not to tell to the court, or anyone else, how you stand in terms of a numerical division, until after you have reached a unanimous verdict.

In order to record your verdicts in this case, we have prepared a verdict form for you.

**(Review verdict form.)**

When you have reached a unanimous agreement, the foreperson should fill out the verdict forms in accordance with your agreement. Then the foreperson should sign and date the forms in the spaces provided at the end.

When you have agreed and finished completing the verdict form, the foreperson should rap on the door and inform the Clerk or Court Security Officer simply that you have agreed upon a verdict. The foreperson should not disclose or indicate in any way what your verdicts are at that time. The verdicts must be announced for the first time in open court.

When you return to the jury box, the Clerk will ask you, "Have you agreed upon your verdict?" And we hope that you collectively will respond that you have.

The Clerk will then ask, "Who shall say for you?" All of you will respond, "Our foreperson."

Your foreperson will then stand and present the verdict forms to the Clerk, who will hand them to me. After I review it, I shall read the verdicts out loud in open court.

I remind you that you may not conduct any research by using any source whatsoever to learn more about this case, the issues in the case, or anyone associated with this case. And I further caution you not to communicate with anyone other than your fellow jurors in this case about your deliberations. Until the jury has rendered its verdicts in open court, you are prohibited from commenting, whether in person, over the telephone, through the internet, or through any other means, about this

case.

While you are in the jury deliberation room, all electronic devices must remain completely off. Only when you are on break from deliberations may you turn on your cell phone or other electronic device to communicate with anyone outside of your fellow jurors, and only then to discuss matters that have no relation to this trial.

**[EXCUSE ALTERNATES]**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Proposed Jury Instructions was served via the Court's electronic filing system on all counsel of record.


*/s/ A. Scott Bolden*
A. Scott Bolden