IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MARILYN J. MOSBY,**<br><br>**Defendant** | **Criminal No. LKG-22-7** |

### UNITED STATES' OPPOSITION TO MOTION OF
### ALL SIX DEFENSE COUNSEL TO WITHDRAW

The United States of America, by its undersigned counsel, submit this opposition to the motion made by all six (6) of the Defendant's counsel to withdraw. ECF 174. All six (6) defense counsel have not shown good cause to withdraw. Therefore the motion should be denied.[1]

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." *Abbott v. Gordon*, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010) (*citing Whiting v. Lacara,* 187 F.3d 317, 320 (2d Cir. 1999)); *Mahdy v. Morgan State Univ.*, No. CV SAG-20-2715, 2022 WL 899277, at *2 (D. Md. Mar. 28, 2022). Rule 201 of this Court provides that "counsel for a defendant may withdraw their appearance only with leave of court …" Local Rule 201. This court applies the Maryland Rules of Professional Conduct ("MRPC") as they have been adopted by the Maryland Court of Appeals. Local Rule 704. *Nichols Agency, Inc. v. Enchanted Child Care, Inc.*, 537 F. Supp. 2d 774, 778 (D. Md. 2008). Maryland

---

[1] The Government also notes that the motion to withdraw is also procedurally defective since it fails to comply with Local Rule 101.2(a), which requires that "appearance of counsel may be withdrawn only with leave of court and if (1) appearance of other counsel has been entered, or (2) withdrawing counsel files a certificate stating (a) the name and last known address of the client, and (b) that a written notice has been mailed to or otherwise served upon the client at least seven (7) days previously advising the client of counsel's proposed withdrawal and notifying the client either to have new counsel enter an appearance or to advise the Clerk that the client will be proceeding without counsel." No appearance of other counsel has been entered, and the motion does not contain the required certificate. The filing merely states that "undersigned has shared a draft of this motion with the Defendant, Ms. Mosby, who has authorized him to state that she agrees and requests that the Court grant the withdrawal." Since the filing is signed by all six counsel, it is further unclear who the "him" refers to above.

Rule of Professional Conduct 19-301.16 governs declining or terminating representation and "provide[s] a benchmark for when withdrawal may be permitted." *Abbott*, 2010 WL 4183334, at *1. Subsection (b) states as follows:

> Except as stated in paragraph (c) of this Rule, an attorney may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;
> (3) the client has used the attorney's services to perpetrate a crime or fraud;
> (4) the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;
> (5) the client fails substantially to fulfill an obligation to the attorney regarding the attorney's services and has been given reasonable warning that the attorney will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the attorney or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

*Mahdy v. Morgan State Univ.*, No. CV SAG-20-2715, 2022 WL 899277, at *2 (D. Md. Mar. 28, 2022). None of the first six circumstances under Rule 19-301.16 apply and defense counsel have failed to establish "other good cause" to withdraw.

### A. The Government Does Not Object to Mr. Bolden Withdrawing in Light of His Unprofessional and Uncivil Behavior in this Case

At the outset, the Government notes that while none of the defense counsel have demonstrated good cause to withdraw as discussed in more detail below, the Government would not object to Mr. Bolden withdrawing in light of his behavior during the pendency of this case. The Government is confident that the matter would be handled in a more professional and civil matter by any of the other five attorneys that represent the Defendant. If the Court entertains allowing Mr. Bolden to withdraw, the Government requests that the Court conduct a colloquy with the Defendant, or refer this matter to a United States Magistrate Judge to do so, where the Defendant is asked to waive any appellate arguments or arguments in a petition pursuant to Title

28, United States Code Section 2255, that her Sixth Amendment right to counsel has been infringed by the contempt proceedings against Mr. Bolden. If the Defendant declines to make such a waiver, the Government requests that the Court not allow Mr. Bolden to withdraw in light of the fact that he has not shown good cause to do so.

### B. Mr. Bolden and the Other Reed Smith Lawyers Do Not Have a Conflict At This Time

In their motion, defense counsel write that "In ECF 172 this Court issued a Memorandum Opinion with respect to Counsel." Mot. at 1. That is not accurate. The Court's memorandum opinion referenced Defense Counsel Bolden alone and does not reference any of the other Reed Smith lawyers or the firm itself or Mr. Proctor or Mr. Outlaw. Defense counsel also write that "counsel believes Mr. Bolden, Mr. Qureshi, Mr. Todd and Ms. Miller (all of whom are employed by the same law firm) have a conflict, may represent Ms. Mosby no further and must immediately move to withdraw from this matter," citing Maryland Rule of Professional Conduct 19-301.7(a)(2), but fail to even articulate what that conflict is and how it applies to each Reed Smith lawyer.

It is the trial court's "obligation to foresee problems over representation" that result from conflicts of interest under the rules of professional misconduct. *United States v. Howard*, 115 F.3d 1151, 1155 (4th Cir. 1997); *Wheat v. United States*, 486 U.S. 153, 158-159 (1988). "To meet [its] obligation, a court that learns of a possible conflict 'must investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all.'" *United States v. Brodnik*, 710 F.Supp.2d 526, 561 (S.D. W.Va. 2010); *United States v. Rogers*, 209 F.3d 139, 143 (2d Cir. 2000), *quoting United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Such an inquiry reveals that there is "no genuine conflict at all."

Maryland Rule 19-301.7(a)(2) provides as follows:

>   (a) Except as provided in section (b) of this Rule, an attorney shall not represent a client if the representation involves a conflict of interest. A conflict of interest exists if:
>
>   * * *
>
>   (2) there is a significant risk that the representation of one or more clients will be materially limited by the attorney's responsibilities to another client, a former client or a third person or by a personal interest of the attorney.

MD R ATTORNEYS Rule 19-301.7.  None of these circumstances apply at this time.

On January 17, 2023, the Court issued an order finding that:

>   … Defense Counsel Bolden **VIOLATED** Local Rule 204 by:
>   (1) Disclosing confidential responses to the Court's juror questionnaire in the Defendant's September 29, 2022, Filing;
>   (2) Making certain extra-judicial statements during a press conference held on September 14, 2022; and
>   (3) Using profanity during the September 14, 2022, press conference.
>
>   The Court also finds that Defense Counsel Bolden **VIOLATED** Local Rule 201 by submitting the September 29, 2022, Filing without the signature of Maryland Defense Counsel.

ECF 173 (emphasis in original).  As noted above, these findings were made as to Defense Counsel Bolden alone and not as to Mr. Qureshi, Mr. Todd or Ms. Miller.  Further, neither Mr. Qureshi nor Ms. Miller signed the September 29, 2022, filing (and nor did Mr. Outlaw or Mr. Proctor, both of whom will be addressed later in this opposition).  Similarly, only Mr. Bolden made extra-judicial statements at a press conference on September 14, 2022, and only Mr. Bolden used profanity at that press conference.  Based on these findings the Court has ordered that during the pendency of this matter:

1.  Defense Counsel Bolden **SHALL NOT** file any filings in this matter unless the filing is also signed by a Defense Counsel who is an active member in good standing of the Bar of this Court.
2.  Defense Counsel Bolden **SHALL NOT** present argument to the Court unless a Defense counsel who is an active member in good standing of the Bar of this Court is also present at any court proceedings.

4

ECF 173.  Again, these orders are specific and personal to Defense Counsel Bolden alone.  And none of them create a conflict between Mr. Bolden and the Defendant because all they do is enforce the Court's local rules.

The Court further noted in the Order that "Local Rule 204.6 provides that any violation of this Rule may be treated as a contempt of court and may subject the violator to disciplinary action of the Court."  *Id*.  The Court has determined, applying *Cromer v. Kraft Foods North America, Inc.*, 390 F.3d 812, 821 (4th Cir. 2004), that "any finding of contempt based upon Defense Counsel Bolden's violations would involve the imposition of criminal contempt sanctions" and, as a result, "Defense Counsel Bolden will be afforded notice of the alleged violations, an opportunity to be heard, and the protections the Constitution requires, before the Court imposes any criminal contempt sanctions."  *Id*. at 1-2.  Defense Counsel Bolden is the only defense lawyer representing the Defendant that the Court referenced.  Finally, the Court then ordered that:

> Defense Counsel Bolden shall **SHOW CAUSE**, in writing, **on or before January 31, 2023**, as to why the Court should not:
> (1) Impose criminal contempt sanctions;
> (2) Make a criminal referral to the United States Attorney's Office for this District pursuant to Fed. R. Crim P. 42; and/or
> (3) Revoke Defense Counsel Bolden's *pro hac vice* admission in *United States v. Marilyn J. Mosby*, 22-cr-0007.

Id. at 2.  Again, none of the other Reed Smith attorney have been ordered to show cause.  And at this point, the Court has not taken any of the three actions it identifies and may not.

**C. Any Conflict That May Arise Would Be Personal to Mr. Bolden and Not Imputed to the Other Reed Smith Lawyers.**

Of the three options that the Court is considering quoted above, only item number 2 would create a conflict for Mr. Bolden.  But that conflict would not be imputed to his firm and, as a result, to Mr. Qureshi, Ms. Miller or Mr. Todd.  Rule 19-301.10 outlines when a conflict is imputed to a firm.  Specifically, it provides that:

5

> While attorneys are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 19-301.7 (1.7) or 19-301.9 (1.9), unless the prohibition is based on a **personal interest of the prohibited attorney** and does not present a significant risk of materially limiting the representation of the client by the remaining attorneys in the firm.

MD R ATTORNEYS Rule 19-301.10 (emphasis added).  Based on the Court's rulings, quoted above, any conflict, which has not yet arisen, would be personal to Mr. Bolden alone.  Further, if he is subject to a criminal referral to the United States Attorney's Office for this District, such a referral would not "present a risk of materially limiting the representation of the client by the remaining attorneys in the firm," because none of the other Reed Smith attorneys have been found to have violated any of the Court's local rules and therefore would not be subject to a referral.  And none of the other Reed Smith attorneys in this case have been ordered to show cause as to why they should not be found in criminal contempt.  Therefore, there is no reason, let alone a "present risk" why their representation of the Defendant would be materially limited by the contempt proceeding against Mr. Bolden, which the Court has indicated shall occur in a separate proceeding.

### D. Neither Mr. Proctor Nor Mr. Outlaw Have Shown Good Cause Why the Court Should Grant their Motion to Withdraw

As to Mr. Proctor, he has not shown good cause to support his request to withdraw.  The defense motion says that his role in this matter has "at all times been limited and his commitments in his other cases and limited support resources prevent him from taking lead counsel responsibility." Mot. at 2.  The Government notes that nothing in Mr. Proctor's notice of appearance filed June 1, 2022 limits his appearance in this matter. Moreover, he represented the Defendant in Court as recently as last week.  Mr. Proctor is an extremely experienced trial lawyer who has tried a number of complex and serious cases in this District. The fact that Mr. Proctor can't serve as "lead counsel," is not good cause to withdraw.  He doesn't have to become "lead

counsel"; he can continue in the role he is in and Mr. Qureshi or Ms. Miller, both of whom are partners, like Mr. Bolden at Reed Smith, can become lead counsel. According to the biographies on Reed Smith's website make clear that both Mr. Qureshi and Ms. Miller are just as capable, if not more capable, than Mr. Bolden to serve as lead counsel in this matter.[2]

---

[2] Mr. Qureshi's biography on the Reed Smith website says the following about him:
> Rizzy represents corporations and individuals facing difficult legal and reputational crises in government investigations, criminal and regulatory proceedings, and related civil litigation. A seasoned trial lawyer and accomplished litigator, Rizzy has tried over 30 cases and has successfully represented clients facing complex investigations with the Department of Justice and other domestic and international regulators.
>
> As a former federal prosecutor, Rizzy has a unique understanding of the legal, business, and reputational risks clients face when even the suggestion of their involvement in a criminal investigation is made public. His commitment to getting to know his clients combined with his aggressive, multifaceted approach and tenacious attitude are why corporations and high-profile individuals trust Rizzy to navigate them through crises and achieve advantageous outcomes, whether that be an early case dismissal or a resolution on favorable terms.

See https://www.reedsmith.com/en/professionals/q/qureshi-rizwan-a (last viewed by author on 1/20/2023). Ms. Miller's biography says the following:
> Kelley C. Miller is a partner with Reed Smith, resident in the firm's Washington, D.C. office. Her practice focuses on navigating her clients – publicly traded Fortune 25 companies, billion dollar privately held companies, and high-net-worth owners of successful closely held entities – through complex federal and state tax planning, estate and gift planning, and tax controversy matters. She routinely represents clients in difficult audits and examinations before the Internal Revenue Service, including representation before administrative appeals, and, when necessary, litigation of federal and state tax cases in the federal courts and, particularly, the United States Tax Court. Kelley has represented corporations, partnerships, and individuals in all phases of state and federal civil tax controversy, and has advised clients on both civil and criminal tax implications. She has appeared before the Internal Revenue Service, the New Jersey Tax Court, the D.C. Office of Tax and Revenue, the U.S. Tax Court, U.S. district courts, and the U.S. Courts of Appeals for the Fourth and Federal Circuits.
>
> In addition to being nationally recognized for her expertise in federal tax controversy and planning, Kelley routinely advises clients in the cannabis space on issues related to COGS, IRC Section 261, and represents clients before the Internal

The fact that Mr. Outlaw is a full-time professor does not give him good cause to withdraw either.  He was a full-time professor when he entered his appearance on June 1, 2022, and, like Mr. Proctor's, his appearance was not limited in any way.  He has been participating in this case ever since, including arguing a motion before this Court on September 14, 2022.  While he writes that his "duties" as a law professor and "limited support resources" preclude him from serving as "lead counsel," in this matter, like Mr. Proctor he obviously does not need to serve as lead counsel.  Instead he can and should continue to participate along with the other four (4) lawyers on this case, Mr. Qureshi, Ms. Miller, Mr. Todd and Mr. Proctor.  Again, Mr. Qureshi or Ms. Miller, both of whom like Mr. Bolden are partners at Reed Smith, could serve as "lead counsel."  And just yesterday Mr. Outlaw told the *Baltimore Sun* that, despite the fact that he is attempting to withdraw, he has told the Federal Public Defender's Office that "if they need any help from me, all they need to do is ask."  *See* https://www.baltimoresun.com/news/crime/bs-md-ci-cr-marilyn-mosby-defense-lawyers-ask-to-be-removed-20230119-m2a55dl5wbcz5gw4ycayvkx36q-story.html (last viewed by author on 1/20/2023).  If that is the case, Mr. Outlaw does not have

---

Revenue Service in audit and examinations relating to these matters, as well as Section 280E and post-Harborside planning.

In addition to her federal and state tax planning and controversies practice, Kelley is part of the Reed Smith COVID-19 response team, addressing federal tax matters arising from the U.S. government's response to the corona virus.

Kelley is a nationally recognized federal tax attorney who has guided her clients through challenging matters such as disclosure of offshore accounts and unreported income from assets including cryptocurrency. She is also a leading expert on the litigation of complex estate and gift tax controversies involving the Internal Revenue Service, including serving as lead counsel in Estate of Clara M. Morrissette v. Commissioner (USTC Docket No. 4415-14), and currently represents a host of tax-exempt organizations including both foundations and public charities.

*See* https://www.reedsmith.com/en/professionals/m/miller-kelley-c (last viewed by author on 1/20/2023).

good cause to withdraw. And if he can help the Federal Public Defender, then he can continue to help the other counsel in this case, as he has done to date, while also meeting his professional responsibilities as a law professor.

The Government also notes that in the proposed voir dire submitted by the parties, ECF 167, the defense has identified another full-time law professor, Ronald S. Sullivan, who teaches at Harvard Law School, as someone who represents the Defendant. Specifically, the proposed voir dire asks whether potential jurors if they know "Counsel for Ms. Mosby, attorneys A. Scott Bolden, Rizwan A. Qureshi, Kelley C. Miller, Anthony R. Todd, or **Ronald S. Sullivan,** Lucius Outlaw, or Gary Proctor?" Even if Mr. Bolden were to withdraw, the addition of Mr. Sullivan would keep the defense team at six (6) lawyers, an astonishingly large defense team for a single defendant case with charges and evidence that is not complicated.

**E. This is Not a Case That needs Six Defense Lawyers; A Combination of the Remaining Five (or Six) Defense Lawyers is More than Capable of Trying It**

And the latter point bears repeating. This is not a complicated case. The Defendant is charged with committing perjury on two occasions when she certified that she had experienced one of four "adverse financial consequences" stemming from COVID-19, namely

a. "Being quarantined, furloughed, or laid off;"
b. "Having reduced work hours;"
c. "Being unable to work due to lack of child care;" or,
d. "The closing or reduction of hours of a business I own or operate."

Superseding Indictment Count One ¶¶ 4 & 5 (ECF 23). The proof that she did not isn't complicated. Payroll records from the City of Baltimore, among other evidence, establish that she didn't experience the first three adverse financial consequences. And her own public statements, among other evidence, demonstrate that she did not experience the fourth. *See* Motion to Exclude Defendant's Experts at 19-20 (ECF 163). While the expert defense counsel has hired is prepared

to offer opinions about the Defendant's non-operational travel business, Mahogany Elite, those opinions are inadmissible and should be excluded for the reasons articulated in the Government's motion to exclude.

The Defendant is also charged with two counts of making false statements in a residential mortgage application related to the purchase of two separate vacation properties in Florida. The proof that she made false statements on those applications is also not complicated.

In sum, this is not a case involving sophisticated financial transactions, multiple defendants or complex charges. It is a case of single defendant lying on four separate occasions about her personal finances in order to buy two houses in Florida. Given the fact that the charges and the evidence in this case are not complicated and that the case is in a late stage, just 60 days before trial and after extensive pretrial litigation, any one of the four experienced attorneys who have been working on this case for months if not longer, Mr. Qureshi, Ms. Miller, Mr. Outlaw or Mr. Proctor, could try this case on his/her own. But they don't have to because they have each other, and Mr. Todd, and can distribute the work among themselves.

**F. Allowing All Six Defense Counsel to Withdraw Would Inevitably Lead to Another Continuance Request**

The practical effect of the withdrawal of all the lawyers who have worked on this case will be to necessitate yet another continuance, the third one defense counsel would have caused. We are two months from trial. Both sides have filed numerous pretrial motions to which responses are due on January 23, 2023, with replies due on February 6, 2023. It seems highly unlikely that the Office of the Federal Public Defender or any other attorney would be able to keep this briefing schedule or to prepare for trial in the next 60 days. And the public will, again, be denied their interest in a speedy trial of the Defendant. And if a continuance is not granted and the Defendant is convicted, that will embed an issue in this case upon which she may seek to reverse any

conviction on direct appeal or collaterally attack any conviction through the filing of a petition pursuant to Title 28, United States Code Section 2255.

### G. Conclusion

For the foregoing reasons, the motion of all six (6) defense counsel to withdraw should be denied.

Respectfully submitted,

EREK L. BARRON  
UNITED STATES ATTORNEY

By: _____/s/_____
Leo J. Wise
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

_____/s/_____
Leo J. Wise
Assistant United States Attorney