IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | Criminal No. 22-cr-00007-LKG |
|---|---|
| v. | |
| MARILYN J. MOSBY, | |
| Defendant | |

### OUTLAW PLLC's REPLY IN RESPONSE TO THE GOVERNMENT'S OPPOSITION TO THE MOTION TO WITHDRAW

Outlaw PPLC, as counsel for Defendant Marilyn Mosby, submits this reply to those portions of the Government's Opposition to the Defense's Motion to Withdraw (Dkt. No. 175) arguing that Lucius T. Outlaw III not be allowed to withdraw.  The other defense attorneys of record will address the Government's Opposition as it relates to them in a separate filing(s).

As explained herein, there is sufficient good cause to allow Lucius T. Outlaw III to withdraw.  Mr. Outlaw is primarily employed as a law professor at the Howard University School of Law (hereinafter "HUSL"), and is representing Ms. Mosby *pro bono*.  Under the current trial schedule, Mr. Outlaw is unable to attend or participate in the trial due to his teaching duties that will not end until May 2023.  Requiring Mr. Outlaw to continue as a lead trial attorney, a secondary attorney at trial, or even just as local counsel to facilitate Reed Smith LLP's compliance with the Local Rules will cause Mr. Outlaw to jeopardize his employment with HUSL and "result in an unreasonable financial burden" on Mr. Outlaw.  MD Rule of Professional Conduct 19-301.16(b)(6).  Therefore, there is sufficient good cause to allow Mr. Outlaw to withdraw given the current trial schedule.  *Id.*; *see also* MD Rule of Professional Conduct 19-301.16(b)(7) (allowing an attorney to withdraw if "other good cause for withdrawal exists.").

I.  **THERE IS SUFFICIENT GOOD CAUSE TO ALLOW MR. OUTLAW TO WITHDRAW GIVEN THE CURRENT TRIAL SCHEDULE.**

Maryland Rule of Professional Conduct 19-301.16(b) establishes seven bases for allowing an attorney to withdraw from representing a client.  Two of the seven are: "(6) the representation will result in unreasonable financial burden on the attorney," and "(7) other good cause for withdrawal exists."  MD Rule of Professional Conduct 19-301.16(b)(6) & (7).  Given the current trial schedule, Mr. Outlaw's request is supported by both bases, and therefore he should be allowed to withdraw.

Mr. Outlaw's primary employment is a full-time professor at HUSL.  *See* http://law.howard.edu/faculty-staff/lucius-t-outlaw-iii.  The current spring semester is underway.[1]  Spring classes end on April 26, 2023, followed by an exam period, then an exam grading period for professors.[2]

Mr. Outlaw is representing Ms. Mosby *pro bono*.  He is receiving no compensation from any party for the representation.  Moreover, Outlaw PLLC is a solo-practice --  the firm has no associates, paralegals or support staff.  The firm has not been provided any funds by the Court or any party to hire staff or attorneys to assist with the representation of Ms. Mosby.

The current trial date is March 27, 2023.  *See* Scheduling Order of 9.15.2022 (Dkt. No. 122).  It has been estimated that the trial may last at least two weeks.  Under the current schedule, Ms. Mosby's trial will occur during HUSL's spring semester when Mr. Outlaw is obligated to fulfill his professor duties at HUSL.  This presents a conflict regardless if Mr. Outlaw is Ms. Mosby's lead attorney, a secondary attorney at trial, or even if he is simply acting as "local

---

[1] *See* HUSL 2023 Academic Schedule, *available at* http://law.howard.edu/sites/default/files/Final%20HUSL%20Academic%20Calendar%202022-2023%20%282%29.pdf

[2] *Id.*

counsel" to allow the Reed Smith attorneys of record to comply with Local Rule 201. This conflict means that if Mr. Outlaw is not allowed to withdraw he will be put in a position that requires him to either: (1) abandon his professor duties and HUSL students to participate in the trial, and thereby endanger his employment with HUSL; or (2) defy a Court order by not attending the trial and risk contempt changes and other consequences that endanger his law license and/or freedom.

Such a rock-hard place situation certainly meets Maryland Rule of Professional Conduct 19-301.16(b)'s "will result in unreasonable financial burden on the attorney" basis for withdrawal, as well the rule's "other good cause for withdrawal exists" basis. MD Rule of Professional Conduct 19-301.16(b)(6) & (7). Surely these two bases reach Mr. Outlaw's current situation -- forcing him to continue under the current trial schedule may cause him to lose or put in jeopardy his primary job (an "unreasonable financial burden" and "other good cause) to represent a client in a case where Mr. Outlaw is receiving *no* compensation ("unreasonable financial burden").

Therefore, there is more than sufficient good cause to allow Mr. Outlaw to withdrawal at this time.

**II.   MS. MOSBY IS WELL-AWARE OF THE LIMITS ON MR. OUTLAW'S REPRESENTATION.**

Ms. Mosby is well-aware that Mr. Outlaw's representation was limited by, and subjected to his HUSL employment, and she has been aware since the start of her attorney-client relationship with Mr. Outlaw. The retainer agreement between Ms. Mosby and Outlaw PLLC explicitly explained this limitation and informed Ms. Mosby that any conflict between Mr. Outlaw's duties

and obligations to HUSL and Ms. Mosby's case would resolve in favor of HUSL.[3]  Ms. Mosby agreed to these terms of the representation.  Reed Smith LLP is fully aware of this limitation as well, and that it is contained in Outlaw PLLC's retainer agreement with Ms. Mosby.  As such, Ms. Mosby and Reed Smith LLP have been fully aware from the start of Mr. Outlaw's involvement with Ms. Mosby's defense that if the trial schedule (or any case matter) conflicted with Mr. Outlaw's teaching obligations, that he would not be available for the trial or other matter.

### III.   THE GOVERNMENT IS FULLY AWARE OF THE LIMITS ON MR. OUTLAW'S AVAILABILITY.

The government (specifically AUSA Leo Wise) cannot claim to be surprised by the limits on Mr. Outlaw's availability, as they are fully aware that Mr. Outlaw's availability is limited by his employment at HUSL, and they gained that knowledge prior to Ms. Mosby's case.  Mr. Wise and Mr. Outlaw are on opposite sides in the ongoing case of *United States v. Kenneth Ravenell,* 19-cr-00449-LO (D.MD).  The case went to trial in December 2021, and Mr. Ravenell's appeal is currently pending before the Fourth Circuit.  Mr. Wise is fully aware that for scheduling Mr. Ravenell's trial the Court not only took Mr. Outlaw's employment at HUSL into consideration, but the Court set the initial trial date for a time when HUSL would be on break to facilitate Mr. Outlaw's trial participation. Ex. 1 (Hearing Transcript).  Mr. Wise is also fully aware that when the trial date had to be moved, the Court *again* took Mr. Outlaw's employment at HUSL into consideration and set the trial date during HUSL's winter break (which is when the trial occurred). The Government cannot now feign ignorance that Mr. Outlaw's availability is limited by his HUSL employment.

---

[3] The retainer agreement is not attached as an exhibit to this Reply because it contains privileged attorney-client communications and privileged work product.  Outlaw PLLC will promptly provide the agreement to the Court upon request by the Court.

**IV.     GOVERNMENT READS FAR TOO MUCH INTO MR. OUTLAW'S STATEMENT TO THE *BALTIMORE SUN*.**

The Government argues that Mr. Outlaw should not be allowed to withdraw because he told the *Baltimore Sun* that if the Federal Public Defender was appointed to represent Ms. Mosby and "if they need any help from me, all they need to ask." Govt. Opp. (Dkt. No. 175) at 8-9. According to the Government if Mr. Outlaw "can help the Federal Defender, then he can continue" on this case with current counsel and with the current trial date.

The Government's extrapolation from Mr. Outlaw's statement to the *Baltimore Sun* is a leap way too far. No reasonable person would interpret the statement to mean that Mr. Outlaw is willing "help" the Federal Defender Office even it means abandoning his HUSL teaching duties and obligations and endangering his employment with HUSL. Moreover, "help" can take many forms, such as helping with the transition of the case from current counsel to the Federal Defender's Office, and other assistance short of being trial counsel. Indeed, "help" can be in many forms that does not require Mr. Outlaw to be a counsel of record or enter an appearance. To stretch Mr. Outlaw's "help" statement to mean that Mr. Outlaw is available to serve as trial counsel under the current schedule is a stretch that breaks under the weight of the baseless assumptions the Government makes in its interpretation.

Moreover, even if Mr. Outlaw were to provide assistance to the Federal Defender Office in a manner resembling a member of the defense team, that still does not mean he should not be allowed to withdraw now. If the Federal Defender Office is appointed, its attorneys do not need "local counsel" to comply with Local Rule 201. In other words, Mr. Outlaw could assist the Federal Defender in a manner that allows him to maintain his employment at HUSL, and not require him to attend every hearing and every day of trial in order for the Federal Defenders Office to comply with Local Rule 201.

Simply put, the Government's attempt to equate Mr. Outlaw "helping" the Federal Public Defender with his current role in this case is a failed apples-oranges comparison.

### V. MR. OUTLAW IS WILLING TO REPRESENT MS. MOSBY IF THE CASE/TRIAL SCHEDULE DOES NOT CONFLICT WITH HIS HUSL DUTIES.

To be clear – Mr. Outlaw fully supports Ms. Mosby's defense in this case. His seeking to withdrawal has nothing to do with this support or the merits of the case. For the reasons already explained, Mr. Outlaw simply cannot serve as trial counsel (or local counsel at trial to allow the Reed Smith attorneys of record to comply with Local Rule 201) under the current trial schedule. However, if the trial schedule is moved to a date that does not conflict with his teaching and other HUSL obligations, Mr. Outlaw is willing to continue representing Ms. Mosby in a secondary/support attorney role.

### VI. CONCLUSION

For the reasons expressed herein, there is sufficient good cause to allow Mr. Outlaw to withdraw at this time. Requiring him to continue as *pro bono* trial counsel under the current trial schedule will endanger his primary employment and result in an "unreasonable financial burden" for Mr. Outlaw. Maryland Rule of Professional Conduct 19-301.16(b)(6)   This conflict between the trial schedule and Mr. Outlaw's HUSL employment also supplies sufficient "other good cause for withdrawal" pursuant to Maryland Rule of Professional Conduct 19-301.16(b)(7). Mr. Outlaw respectfully requests that the Court grants his request to withdraw.

6

                                                                                              Respectfully submitted,
                                                                                              -----------/s/-------------
                                                                                             Lucius T. Outlaw III (#20677)
                                                                                             Outlaw PLLC
                                                                                             loutlaw3@outlawpllc.com
                                                                                             1351 Juniper St. NW
                                                                                             Washington, DC 20012
                                                                                             (202) 997-3452

DATE: January 23, 2023

## CERTIFICATE OF SERVICE

I certify that on January 23, 2023, notice of this appearance filing was provided to all counsel of record via ECF, and true and correct copies of the filing are available to all parties through ECF or Pacer.

                                                                                             ------------/s/-------------
                                                                                             Lucius T. Outlaw III