**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **MARILYN J. MOSBY,** <br><br> **Defendant** | **Criminal No. 22-cr-00007-LKG** |

**ATTORNEY PROCTOR'S REPLY IN RESPONSE TO THE
GOVERNMENT'S OPPOSITION TO THE MOTION TO WITHDRAW**

Gary E. Proctor, as counsel for Defendant Marilyn Mosby, submits this reply to those portions of the Government's Opposition to the Defense's Motion to Withdraw arguing that he not be allowed to withdraw. The other defense attorneys of record will address the Government's Opposition as it relates to them in a separate filing(s).

As explained herein, there is sufficient good cause to allow Mr. Proctor to withdraw as to do otherwise would "result in an unreasonable financial burden" on Mr. Proctor. MD Rule of Professional Conduct 19-301.16(b)(6). Additionally, there is sufficient good cause to allow Mr. Proctor to withdraw given the current trial schedule. *Id.*; *see also* MD Rule of Professional Conduct 19-301.16(b)(7) (allowing an attorney to withdraw if "other good cause for withdrawal exists.").

**I.    THERE IS SUFFICIENT GOOD CAUSE TO ALLOW MR. PROCTOR TO WITHDRAW GIVEN THE CURRENT TRIAL SCHEDULE.**

Maryland Rule of Professional Conduct 19-301.16(b) establishes seven bases for allowing an attorney to withdraw from representing a client. Two of the seven are: "(6) the representation will result in unreasonable financial burden on the attorney," and "(7) other good cause for withdrawal exists." MD Rule of Professional Conduct 19-301.16(b)(6) & (7). Given the current

trial schedule, Mr. Proctor's request is supported by both bases, and therefore he should be allowed to withdraw.

Mr. Proctor is a lawyer in a two-person law firm. The primary focus of his practice is representing indigent persons charged with the death penalty throughout the country. In the last year he has represented capitally charged Defendants in the Virgin Islands, Puerto Rico, Kentucky, Idaho, Pennsylvania and Maryland. Given his obligations in other cases, he would be violating the American Bar Association for the Appointment and Performance of Defense Counsel in Death Penalty Cases §10.3.[1] Counsel should not be put in a position of having to violate ethical rules in one case, by remaining counsel of record in this case.

Mr. Proctor is representing Ms. Mosby *pro bono*. He is receiving no compensation from any party for the representation. Moreover, Mr. Proctor has a single associate, and no paralegals or support staff. The firm has not been provided any funds by the Court or any party to hire staff or attorneys to assist with the representation of Ms. Mosby.

The current trial date is March 27, 2023. Scheduling Order of 9.15.2022 (Dkt. No. 122). It has been estimated that the trial may last at least two weeks. As stated above, the current trial date was set on September 15, 2022. Mr. Proctor was not consulted about that trial date. No-one asked him his availability.

---

[1] See https://files.deathpenaltyinfo.org/legacy/files/pdf/2003ABAGuidelines.pdf. Indeed, the Motion to Withdraw is a good example of how Proctor's current caseload cannot support representing Ms. Mosby at trial in this matter. Proctor drafted the Motion to Withdraw at 5 A.M. in a Kentucky hotel room, before spending the day visiting an inmate under threat of both state and federal execution. He then filed the Motion from the airport later in the day. Simply put: there is no excess bandwidth in his schedule in the months ahead.

On July 15, 2022, two months prior to the setting of the trial date, Mr. Proctor booked a non-refundable trip to the United Kingdom.[2] Similarly, non-refundable hotel stays and rental cars have been booked. The flight leaves the United States on March 22 and return date is March 31, 2022. As such, Mr. Proctor will be out of the country during trial in this matter. The trip is to celebrate Mr. Proctor's father's 80th birthday. Others are flying in from Belfast, Northern Ireland, Dublin, Republic of Ireland, Atlanta, Georgia and New York, New York. It cannot be rescheduled at this stage.

Further: when it was discovered that Mr. Proctor had a conflict with the trial date, it was simply of no moment, because he was never meant to try the case anyway. Mr. Proctor entered his appearance in this matter solely because he, uniquely among the defense team, has access to, and familiarity with evoucher, which is the Court's internal system under which funds can be requested for things such as experts.[3] Given that counsel was requesting funds for experts for Ms. Mosby, it seemed prudent to enter his appearance, but it was never his intention, nor anyone else's understanding that he would play a prominent role in this trial. It was agreed that Proctor's role would be limited to ancillary matters such as processing requests through evoucher and answering local practice and procedure type questions. Arguing a single motion for twenty (20) minutes does

---

[2] Mr. Proctor is happy to email the flight reservation to Chambers, should the Court wish to confirm this.

[3] In their response "[t]he Government notes that nothing in Mr. Proctor's notice of appearance filed June 1, 2022 limits his appearance in this matter." ECF 175 at 6. Never, in more than twenty years of practice, has the undersigned seen an entry of appearance that says anything more than I will be counsel for the Defendant in this matter. To suggest that some limitations should have been stated in the entry of appearance stretches credulity.

not in any way signal that counsel has the availability to devote the additional tranche of time required to take this matter to trial.[4]

Given the conflict in counsel's schedule, and the *pro bono* nature of his appointment, Maryland Rule of Professional Conduct 19-301.16(b) provides support that further representation "will result in unreasonable financial burden on the attorney" basis for withdrawal, as well the rule's "other good cause for withdrawal exists" basis.  MD Rule of Professional Conduct 19-301.16(b)(6) & (7).

Therefore, there is more than sufficient good cause to allow Mr. Proctor to withdrawal at this time.

## II.     MR. PROCTOR IS WILLING TO REPRESENT MS. MOSBY IF THE CASE/TRIAL SCHEDULE DOES NOT CONFLICT WITH HIS OTHER RESPONSIBILITES.

To be clear – Mr. Proctor simply cannot serve as trial counsel (or local counsel at trial to allow Reed Smith to comply with Local Rule 201) under the current trial schedule for the reasons explained previously.  He will be on a different continent on the currently scheduled trial date.  However, if the trial schedule is moved to a date that does not conflict, Mr. Proctor is willing to continue representing Ms. Mosby in a secondary/support attorney role.

## III.    CONCLUSION

For the reasons expressed herein, there is sufficient good cause to allow Mr. Proctor to withdraw at this time.   Requiring him to continue as *pro bono* trial counsel under the current trial schedule will conflict with a scheduled trip, and clients whose very lives are on the line and thereby

---

[4] The Government says in their Response that "[t]his is not a complicated case."  ECF 175 at 9.  Counsel vehemently disagrees and would note that the Government had 3 AUSA's and 3 Agents at the most recent hearing, which seems incongruous with its belief in the simplicity of this matter.

result in an "unreasonable financial burden" for Mr. Proctor. Maryland Rule of Professional Conduct 19-301.16(b)(6)  This conflict also supplies sufficient "other good cause for withdrawal" pursuant to Maryland Rule of Professional Conduct 19-301.16(b)(7). Mr. Proctor respectfully requests that the Court grants his request to withdraw.

                        Respectfully Submitted,

                        */s/ Gary E. Proctor*

Gary Edward Proctor
Bar Roll Number 27,936
Law Offices of Gary E Proctor LLC
Eight E Mulberry St
Baltimore, MD 21202
14104441500
Fax: 4438369162
Email: garyeproctor@gmail.com

## CERTIFICATE OF SERVICE

I certify that on January 23, 2023, notice of this filing was provided to all counsel of record via ECF, and true and correct copies of the filing are available to all parties through ECF or Pacer.

                        ------------/s/-------------
                        Gary E. Proctor