# EXHIBIT A

# Formal Opinion 08-453 October 17, 2008

**In-House Consulting on Ethical Issues**

*The desire to ensure that law firm members comply with their ethical obligations has given rise to the designation of "ethics counsel" within law firms to whom the firm and its members may turn for advice on ethics matters. Ethics consultations within law firms create client-lawyer relationships separate from those between law firms and their outside clients. A firm's ethics counsel typically represents the organization as a whole, and not individual firm lawyers, although simultaneous representation of an individual firm member is permitted where no conflict exists between the firm and the individual lawyer. A firm's ethics counsel may be obligated to disclose an individual lawyer's ethical violations to firm management. Whether ethical misconduct must be reported to disciplinary authorities will be determined under the principles that generally apply to lawyers advising clients. The obligation to disclose an individual lawyer's possible misconduct to the firm's client turns on the firm's duty fully to inform the client on matters related to the representation.*

This opinion addresses the ethics issues that arise when a lawyer consults with another lawyer in the same firm about the ethics implications of the consulting lawyer's conduct. [1]

Several authors have explored the phenomenon of the emergence and benefits of in-house ethics consulting in law firms.[2] Courts in a few jurisdictions have examined whether a law firm whose interests conflict with those of a client may claim the protection of the attorney-client privilege as to communications between lawyers in the firm about matters pertaining to the conflict.[3]

By contrast, there has been little analysis of other ethical considerations that can arise in conjunction with, or as a consequence of, in-house ethics consulting.[4] The Model Rules contemplate the existence of some structure or process within a firm for resolution of questions about professional conduct. Rule 5.1(a) makes law firm partners responsible to reasonably assure that "all lawyers in the firm conform to the Rules of Professional Conduct." The precise nature of the measures a firm must implement under Rule 5.1 necessarily will depend on the size of the firm, the experience of its members, and the nature and frequency of the ethical problems it encounters. Comment [3] to Rule 5.1 identifies in-house ethics counsel as one option: "[s]ome firms … have a procedure whereby junior lawyers can make confidential referral of ethical problems directly to a designated senior partner or special committee." Increasingly, firms address their obligations under Rule 5.1 by doing what Comment [3] suggests, designating an individual lawyer or a committee to counsel the firm or any individual in the firm on questions of professional conduct as applied to the firm or to lawyers within the firm. This opinion will focus on responsibilities of such ethics counsel.

**Disclosure of Confidential Information in Ethics Consultations**

We begin by addressing the threshold issue of whether Model Rule 1.6, "Confidentiality of Information," permits disclosure of a client's information in the context of an in-house ethics consultation. As a general proposition, Rule 1.6 prohibits disclosure of information relating to the representation of a client except where it is impliedly authorized to carry out the representation or expressly permitted by paragraph (b) of the Rule. We believe that disclosures within a law firm are clearly "impliedly authorized." The client who chooses to be represented by a law firm, rather than by a sole practitioner, often does so precisely because of the breadth of expertise within the firm, and such a client expects that the firm will utilize all its available resources for the client's benefit. Moreover, Comment [5] to Rule



1.6 provides that lawyers in a firm may disclose to each other information relating to a client of the firm unless the client has instructed that particular information be confined to specific lawyers. Accordingly, unless a client has expressly instructed that information be confined to specific lawyers within the firm, the lawyer handling the matter does not violate the duty of confidentiality by consulting within the firm about the client's matter.

In addition, Rule 1.6(b)(4) expressly permits a lawyer to disclose confidential client information to a lawyer who is not a partner or other employee of the firm, if the purpose is to obtain advice about the lawyer's compliance with rules of professional conduct. This provision, added to the Model Rules in 2002, accommodates a prudent lawyer's decision to seek ethical guidance. Rule 1.6(b)(4) also facilitates the compliance by a firm's partners, managers, and supervising lawyers with their Rule 5.1 obligation to ensure that all lawyers in the firm conform to the rules of professional conduct.

**Duty to Inform the Client of an Ethics Consultation**

Whether a client must be informed, before or after the fact, either of the consultation or its conclusions is governed by Rule 1.4, which defines a lawyer's duty of communication with her client. As relevant here, Rule 1.4 requires consultation with the client about the means by which the client's objectives will be accomplished and about any limitations on the lawyer's conduct. Rule 1.4 also requires a lawyer to explain matters sufficiently to permit the client to make informed decisions about the representation. Normally, there would be no need to explain that a conclusion as to the ethical propriety of a course of conduct was based on consultation within the firm or with an expert outside the firm.

That does not mean, however, that the conclusions of an ethics consultation never need to be communicated to the client. For example, if the conclusion of the ethics counsel is that the firm lawyer's assistance in a client's proposed course of action will constitute a violation of the rules of professional responsibility, Rule 1.4(a)(5) requires the firm to consult with the client about the legal limits of the firm's assistance, and Rule 1.4(b) requires an explanation to the client of the possible consequences of the proposed action, including the need of the firm to withdraw so as not to violate its own obligations. Compliance with Rule 1.4 would not *require* the firm to reveal that its opinions and advice are the result of an ethics consultation, but nothing in the Rule would prohibit disclosing the consultation as part of the firm's effort to fully counsel the client about the reason for its advice.

**Ethics Consultation Not a Per Se Conflict with the Firm Client**

Whether a consultation with a firm's ethics counsel creates a conflict of interest between the firm and its client depends on the nature of the consultation and on the respective interests of the firm and its client at the time. In the absence of the client's informed consent confirmed in writing, a lawyer may not represent the client if there is significant risk that the representation will be materially limited by a conflicting interest of the lawyer.[5] The Rule ensures that the lawyer's pursuit or protection of her own interests will not materially interfere with the representation of the client.

A lawyer's effort to conform her conduct to applicable ethical standards is not an interest that will materially limit the lawyer's ability to represent the client. On the contrary, "it is inherent in that representation and a required part of the work of carrying out the representation. It is, in other words, not an interest that 'affects' the lawyer's exercise of independent professional judgment, but rather is an inherent part of that judgment."[6] For example, a lawyer who is asked by a client to undertake a course of action that the lawyer fears might be criminal or fraudulent would be well-advised to consult with in-house ethics counsel on the propriety of following the client's direction. Although the lawyer has



an interest in avoiding conduct that will violate her own ethical duties, the consultation also serves the legitimate purpose of enabling the lawyer to advise a firm client about the legality and wisdom of the proposed course of action and about other available options. In situations such as this, where the lawyer is seeking prophylactic advice to assist in her representation of the client, there is no significant risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited by the lawyer's interest in avoiding ethical misconduct.[7]

By contrast, when the principal purpose of the consultation is to protect the interests of the consulting lawyer or the firm (typically for action already taken), the risk that the consulting lawyer's representation of the firm's client will be materially limited may be significant. For example, if the consulting lawyer has engaged in misconduct[8] in the course of the representation, it may be difficult or impossible for that lawyer (or anyone in the lawyer's firm) to give the client sufficiently detached advice as the matter progresses. In that circumstance, there is a significant risk that the representation of that client will be materially limited by the interests of the consulting lawyer and every lawyer in the firm.[9] Unless the client waives disqualification of the individual lawyer, all the lawyers in the firm are disqualified from continuing the representation, pursuant to Rule 1.10(a). Moreover, that consent may be sought only when the firm reasonably believes that one or more lawyers in the firm can provide competent and diligent representation to the client notwithstanding the consulting lawyer's conflict.[10]

**Identifying Ethics Counsel's Client**

With respect to any in-house ethics consultation, it is important to identify the relationship between the ethics counsel, the law firm, and the consulting lawyer. Rule 1.13(a) posits that a lawyer employed or retained by an organization represents the organization rather than any of its constituents. As a general proposition, an ethics counsel in the first instance represents the law firm, not any of the individual lawyers in the firm. Rule 1.13(g) recognizes that an entity's lawyer also may represent constituents of the entity, provided the dual role does not present a concurrent conflict of interest in violation of Rule 1.7.

The existence of a client-lawyer relationship between the ethics counsel and a constituent of the law firm will be determined principally by the reasonable expectations of the consulting lawyer under the circumstances.[11] It is wise for the firm to make clear to its lawyers that the ethics counsel represents the firm and not any of the lawyers individually.[12] Under certain circumstances, the ethics counsel may agree (or may lead the consulting lawyer reasonably to believe) that the ethics counsel will represent the consulting lawyer individually. Such dual representation may be appropriate where the interests of the consulting lawyer and the firm are reasonably believed not to be in conflict. For instance, if the ethics counsel concludes that the consulting lawyer has not engaged in any misconduct, joint representation usually would be appropriate. To the extent that the ethics counsel's representation is limited to the firm, ethics counsel must be careful to explain to any individual firm member with whom she is dealing that only the firm is a client, particularly if she reasonably believes the interests of the firm and the individual member are or may be adverse.[13] These explanations are even more important when the ethics counsel believes the consulting lawyer may have engaged in misconduct and may, nevertheless, expect assistance from the firm.[14]

**Disclosing Information Under Model Rule 1.13**

We turn now to our final issues, relating to both permissive and mandatory disclosures of information by ethics counsel. The first of these is the ability or obligation to make disclosure of a consulting lawyer's misconduct according to the terms of Model Rule 1.13, "Organization as Client." In some



© 2023 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 3

circumstances, ethics counsel must disclose misconduct of a consulting lawyer to law firm management or to external regulatory authorities.[15] The principal thrust of Rule 1.13 is that a lawyer representing an organization must take appropriate action to protect the organization when the lawyer has knowledge that a person associated with the organization is "engaged in action … that is a violation of a legal obligation to the organization, or a violation of law that might be imputed to the organization,"[16] and that is likely to result in substantial injury to the organization." Unless the lawyer believes it is not necessary in the best interest of the organization to do so, she must refer the matter to higher authority in the organization, "including, if warranted by the circumstances, to the highest authority that can act on behalf of the organization."[17] If that referral is not effective to prevent a violation of law that the lawyer reasonably believes will result in substantial injury to the organization, the lawyer may reveal the information outside the organization, whether or not Rule 1.6 otherwise permits such disclosure.[18]

Lawyers in a law firm have a legal obligation to the firm not to engage in conduct, including a violation of ethical rules, that harms the firm. Rule 1.13(b) requires that the ethics counsel who becomes aware that the actions of a lawyer in the firm, unless corrected, could result in substantial injury to the firm, "proceed as is reasonably necessary in the best interest of the [firm]." A law firm normally will expect its ethics counsel to report to senior management any serious ethical violations the ethics counsel has discovered. In some situations, it would be reasonable for the ethics counsel to believe that the situation can be corrected simply by counseling the lawyer involved about the appropriate course of conduct and, if the lawyer complies, that such resolution is in the best interest of the organization.[19] If the ethics counsel's advice is rejected, however, or if the misconduct is sufficiently serious or urgent, referral to a higher authority in the firm will be required.[20]

Rule 1.13 Comment [4] suggests that the measures taken by an organization's lawyer in this situation should, "to the extent practicable," minimize the risk of revealing information relating to the representation to persons outside the organization. At the same time, Rule 1.13(c) permits the revelation, even of information otherwise protected by Rule 1.6, if the misconduct clearly is a violation of law, the highest authority within the organization fails to address the misconduct appropriately, and the lawyer reasonably believes it is necessary to prevent substantial injury to the organization. A law firm's ethics counsel thus could choose to reveal information to disciplinary authorities or to others if the firm management fails or refuses to correct clearly illegal conduct that reasonably might be attributed to others in the firm and would cause substantial injury to the firm.

**Reporting the Consulting Lawyer's Misconduct to Disciplinary Authorities**

In contrast to Rule 1.13(c), which allows, but does not require, disclosure of misconduct outside the organization, Rule 8.3 mandates disclosure to the appropriate disciplinary authority when a lawyer knows that another lawyer has committed a violation of the rules "that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." It generally is agreed that reporting under this rule is required only when the conduct in question is egregious and "of a type that a self-regulating profession must vigorously endeavor to prevent."[21]

Even when this standard is reached, however, Rule 8.3 does not apply if the lawyer's knowledge of the misconduct is "information relating to the representation of a client" as protected by Rule 1.6. Whether the ethics counsel's only client is the firm or is both the firm and one or more constituent lawyers, in most cases the information the ethics counsel has about a constituent lawyer's misconduct will be information relating to the representation of the ethics counsel's client, the law firm, and therefore the



mandatory reporting requirement of Rule 8.3(a) will be subject to the firm's consent. The knowledge might also be based on the confidential information of the firm's client, also protected by Rule 1.6, and thus subject to the client's consent.

Although the ethics counsel may not be required to report certain violations of professional conduct rules, Rule 8.3 Comment [2] exhorts a lawyer "to encourage a client to consent to disclosure where prosecution would not substantially prejudice the client's interests."[22] Accordingly, the ethics counsel should encourage the law firm and, if appropriate, the client, to report the misconduct of a firm member where doing so would not have a substantial adverse effect on their respective interests.[23] In the rare situation where the ethics counsel represents both the individual lawyer and the law firm, adherence to Comment [2] will be problematic, because encouraging the law firm to disclose the misconduct would conflict with the ethics counsel's duty to protect the interests of the consulting lawyer. Ethics counsel would be required in that situation by Rule 1.7(b)(1) to withdraw from continuing to represent either the law firm or the consulting lawyer in the matter, and, absent an exception to Rule 1.6, would not be allowed to disclose the misconduct.[24]

The reporting exception for the ethics counsel does not apply to lawyers involved in the law firm's management or to other lawyers in the firm. They do not have a client-lawyer relationship with their errant colleague, and they are not excused from reporting to the disciplinary authority unless their knowledge is based on confidential information of a firm client. If the misconduct is sufficiently serious, under Rule 1.4(a)(1), the firm client should be informed that reporting one's colleague is required by Rule 8.3(a), subject to the client's consent as required by Rule 8.3(c). In Formal Op. 04-433,[25] we acknowledged the awkwardness and potential discomfort associated with reporting the misconduct of a colleague, particularly a superior. Despite the difficulty of reporting, the Preamble to the Model Rules, paragraph [12], reminds lawyers that: "Every lawyer is responsible for observance of the Model Rules of Professional Conduct. A lawyer should also aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and the public interest which its serves."

**Conclusion**

In-house ethics consulting is without question valuable, but it must be implemented with consideration of all ethical issues that may arise. Consent of the client is not required before a lawyer consults with in-house ethics counsel, nor must the client be informed of the consultation after the fact. The consultation does not give rise to a per se conflict of interest between the firm and its client, although a personal interest conflict will arise if the principal goal of the ethics consultation is to protect the interest of the consulting lawyer or law firm from the consequences of a firm lawyer's misconduct. In that event, the representation may continue only if the client gives informed consent. The ethics counsel may be obligated to disclose misconduct of the consulting lawyer to higher authority within the firm unless she reasonably believes the situation can be corrected without harm to the firm through counseling or other means. The ethics counsel may disclose the misconduct to others outside the firm if the partners or other management authority in the firm fail to take appropriate corrective action in regard to clearly illegal conduct that could significantly harm the firm. Reporting the misconduct to disciplinary counsel will not be required so long as the ethics counsel's information is information relating to the representation of her client or clients, but the ethics counsel should seek appropriate client consent to report where disclosure is not likely to harm the firm client.

[1] This opinion is based on the Model Rules of Professional Conduct as amended by the ABA House of Delegates through February 2008. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.

[2] *See, e.g.*, Elizabeth Chambliss, *The Professionalization of Law Firm In-House Counsel*, 84 N.C. L. Rev. 1515 (2006) (examining the structural evolution of the firm counsel position "from a volunteer, part-time position filled by an existing partner to a specialized, often full-time position increasingly filled by career in-house counsel"); Elizabeth Chambliss, *The Scope of In-Firm Privilege*, 80 Notre Dame L. Rev. 1721 (2005) (discussing law firms' increasing reliance on general counsel and noting firm counsels' contribution "to firm-wide compliance with professional regulation"); and Elizabeth Chambliss & David B. Wilkins, *The Emerging Role of Ethics Advisors, General Counsel, and Other Compliance Specialists in Large Law Firms*, 44 Ariz. L. Rev. 559 (2002) (investigating the emerging role of compliance specialists in large law firms).

[3] *See* VersusLaw, Inc. v. Stoel Rives, 111 P.3d 866 (Wash. App. 2005), *review denied*, 132 P.3d 147 (Wash. 2006) (attorney-client privilege attaches to communications with in-house claims counsel, but firm's fiduciary duty to client can "trump" privilege and requires disclosure of internal law firm communications that took place while firm still was representing client), and cases cited therein.

[4] To date, the only state ethics opinion on the subject is New York State Bar Ass'n. Comm. on Prof'l Eth. Op. 789 (Oct. 26, 2005) (Consultation with a Law Firm's In-House Counsel on Matters of Professional Ethics Involving One or More Clients of the Law Firm), analyzing the issues under the New York Code of Professional Responsibility.

[5] Rule 1.7(a)(2).

[6] New York State Bar Ass'n. Comm. on Prof'l Eth. Op. 789, *supra* note 4.

[7] *See* Rule 1.7, cmt. 8.

[8] For purposes of this opinion, "misconduct" means a violation of the applicable rules of professional conduct. Similar analyses may apply to negligence or other breaches of duty to a client, but they are outside the scope of this opinion.

[9] Rule 1.7, cmt. 10.

[10] Rule 1.7(b)(1).

[11] *See* Restatement (Third) of the Law Governing Lawyers §14 (2000); ABA Comm. on Ethics and Prof'l Responsibility Formal Op. 98-411 (Aug. 30, 1998) (Ethical Issues in Lawyer-to-Lawyer Consultation); Model Rules of Professional Conduct Scope [17] (whether a client-lawyer relationship exists "may be a question of fact.")

[12] *See* Rule 4.3 ("When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.")

[13] *See* Rule 1.13(f).

[14] As discussed above, this situation will trigger the firm's obligations under Rule 1.4 to explain the situation adequately to the client and, under Rule 1.7, to address the self-interest conflict that would arise if the firm were to continue the representation.

[15] Notwithstanding any ethical consequences of failure to disclose, we note that a law firm's failure to disclose its own malpractice to a client may expose the firm to civil liability. *See* In re SRC Holding Corp., 364 BR 1, 37-40 (D. Minn. 2007) (law firm had a duty to advise client of the possibility of a substantial malpractice claim; client may know the facts but not appreciate their significance; failure to disclose was breach of fiduciary duty and required disgorgement of fees).

[16] Rule 5.1(c) makes a lawyer who is a partner or who has comparable managerial authority in a firm responsible for the



misconduct of another lawyer in the firm if the lawyer "knows of the conduct at a time when its consequences can be avoided or mitigated, but fails to take remedial action."

[17] Rule 1.13(b).

[18] *See* Rule 1.13(c).

[19] Rule 1.13, cmt. 4.

[20] *Id.*

[21] Rule 8.3, cmt. 3.

[22] *See also* ABA Comm. on Ethics and Prof'l Responsibility Formal Op. 04-433 (Aug. 26, 2004) (Obligation of a Lawyer to Report Professional Misconduct by a Lawyer Not Engaged in the Practice of Law) ("We believe it would be contrary to the spirit of the Model Rules for the lawyer not to discuss with the client the lawyer's ethical obligation to report violations of the Rules. In essence, this would allow the lawyer to circumvent them.")

[23] *See* "Reporting Consulting Lawyer's Misconduct to Firm Management," *supra*, regarding the ethics counsel's discretion under Section 1.13(c) to report outside the firm.

[24] *See* ABA Comm. on Ethics and Prof'l Responsibility Formal Op. 08-450 (Apr. 9, 2008) (Confidentiality When Lawyer Represents Multiple Clients in the Same or Related Matters).

[25] ABA Formal Op. 04-433, *supra* note 22.

---

Copyright © 2008, by American Bar Association and The Bureau of National Affairs, Inc.

# General Information

| | |
|---|---|
| **Date Filed** | Fri Oct 17 00:00:00 EDT 2008 |
| **Citation** | aba ethics opinions 08-453 |