# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 22-cr-00007-LKG |
| ) | |
| MARILYN J. MOSBY, ) | Dated: January 27, 2023 |
| ) | |
| Defendant. ) | |

## ORDER

On January 19, 2023, the six Defense Counsel in the above-captioned criminal matter, A. Scott Bolden, Rizwan A. Quereshi, Kelley Miller, Anthony R. Todd, Gary E. Proctor and Lucius Outlaw, filed a motion to withdraw as counsel. ECF No. 174. Defense Counsel state that the Defendant, Marilyn J. Mosby, consents to this motion. *Id*. Defense Counsel also state that, should the Court grant their motion to withdraw, the Office of the Federal Public Defender for this District has no conflict and is available for appointment to serve as the Defendant's counsel. *Id*. The Government opposes the motion to withdraw. ECF No.175.

On January 23, 2023, the Defendant also moved to continue certain filing deadlines for pre-trial motions. ECF No. 177. The Government also opposes this motion. ECF No. 179. The Court held a status conference on these matters on January 27, 2023.

For the reasons stated during the status conference held in this matter on January 27, 2023, and for good cause shown, the Court **GRANTS** Defense Counsel's motion to withdraw as to A. Scott Bolden, Rizwan A. Quereshi, Kelley Miller, Anthony R. Todd, Gary E. Proctor and Lucius Outlaw. The appearances of A. Scott Bolden, Rizwan A. Quereshi, Kelley Miller, Anthony R. Todd, Gary E. Proctor and Lucius Outlaw are hereby **WITHDRAWN** as counsel for the Defendant in this matter.

The Defendant has requested that the Court appoint counsel to represent her in this criminal matter.[1] The Defendant having been found to be indigent and entitled to appointment of

---

[1] Local Rule 201.2 provides that counsel for indigent defendants shall be appointed in accordance with the procedures established by the Court's Criminal Justice Act ("CJA") Plan. *See* L.R. 201.2; *see also* 18 U.S.C. § 3006A. The determination of eligibility for representation under the CJA is a judicial function

counsel under the Criminal Justice Act, and the Government having proffered that it currently knows of no conflict precluding the appointment of the Federal Public Defender, it is hereby **ORDERED** that:

1. The Federal Public Defender for the District of Maryland is **APPOINTED** to represent the Defendant in this matter.

It is further **ORDERED** that:

1. The remaining pre-trial deadlines set forth in the Court's Scheduling Order dated September 15, 2022, are **HELD-in-ABEYENCE**.
2. The parties shall **MEET and CONFER** and **FILE** a joint status report on or before **February 3, 2023**, stating their respective views on whether they seek modifications to the remaining schedule for pre-trial proceedings and trial.
3. Defendant's motion to continue is **DENIED-as-MOOT**.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

to be performed by the Court, after making appropriate inquiries concerning the person's financial eligibility. *See* CJA Plan at IV(B)(2). Any doubts about the Defendant's eligibility should be resolved in her favor because erroneous determinations of eligibility may be corrected at a later time. *Id*.