United States District Court for
the District of Maryland

| | |
|---|---|
| **United States**<br><br>v.<br><br>**Marilyn Mosby** | No. 1:22-cr-7-LKG |

**Motion in Limine to Prohibit Government from Cross-Examining
Mrs. Mosby About Mortgage Fraud Allegations at the Perjury Trial**

Mrs. Mosby respectfully moves in limine for an order prohibiting the government from cross-examining her at the perjury trial about any of the allegations involved in the mortgage fraud counts.

I.   Argument

A.   **Mrs. Mosby retains her Fifth Amendment privilege against self-incrimination on the mortgage fraud allegations, and she intends to assert it if she testifies in the perjury trial.**

A defendant retains the ultimate choice of whether or not to testify in her defense. U.S. Const. amend V & VI. When she exercises the right to testify, she does not automatically have to answer every question that is posed to her. She still retains her right under the Fifth Amendment to invoke her privilege against self-incrimination and refuse to answer certain questions that are out of bounds.

1

This core principle is enshrined in Federal Rule of Evidence 608(b). That rule specifically provides that, "[b]y testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness." Stated differently, "Where evidence sought on cross-examination relates only to credibility, a party may invoke the privilege against self-incrimination." *Air Et Chaleur, S.A. v. Janeway*, 757 F.2d 489, 496 (2d Cir. 1985). The advisory committee notes explain the constitutional and public policy purposes behind this rule: "While it is true that an accused, unlike an ordinary witness, has an option whether to testify, if the option can be exercised only at the price of opening up inquiry as to any and all criminal acts committed during his lifetime, the right to testify could scarcely be said to possess much vitality." Fed. R. Evid. 608 adv. comm. notes. The right to testify becomes a "nullity" if a criminal defendant does not retain the ability to invoke the privilege as to matters that bear on her credibility. *Id.*

Cases addressing when a defendant chooses to testify, and what is waived through her direct examination, are clear. A defendant does not waive her privilege against self-incrimination with respect to "collateral crime[s] unconnected with the offense charged." *Johnson v. United States*, 318 U.S. 189, 195 (1943) (citing *Boyd v. United States*, 142 U.S. 450 (1892)). It is only as to "subject matters relevant to the direct examination" for which a defendant has waived her Fifth Amendment privilege against self-incrimination. *United States v. Ellis*, 951 F.2d 580, 584 (4th Cir. 1991); *United States v. Burton*, 354 F. App'x 770, 772-73 (4th Cir. 2009) ("A defendant who testifies waives his Fifth Amendment privilege against self-incrimination in all subject matters relevant to the direct examination and therefore subject to proper cross-examination." (citing *Brown v. United States*, 356 U.S. 148, 154-56 (1958); *Johnson*, 318 U.S. at 195-96)); *e.g.*, *United*

*States v. Agueci*, 310 F.2d 817, 839-40 (2d Cir. 1962) (noting impropriety in allowing questions on illegal activity in years beyond the scope of a charged conspiracy).

Mrs. Mosby plans to testify as to the perjury counts. Specifically, she intends to testify about why she believed she suffered adverse financial consequences as she understood the term when she submitted the Nationwide 457(b) withdrawal forms in May 2020 and December 2020. That proposed testimony would not waive her privilege against self-incrimination as to the mortgage fraud counts. Those matters are "collateral" to the perjury offenses and not "relevant" to the direct examination. The only matter that is relevant to the direct examination – and subject to possible cross-examination – is the fact that Mrs. Mosby used the withdrawn funds to purchase houses, and she will admit that fact.[1] None of the other allegations charged in the mortgage fraud counts – *e.g.*, allegedly lying by not disclosing back taxes and a tax lien, signing a second home rider, submitting an allegedly fake gift letter – are relevant to Mrs. Mosby's expected testimony on direct examination. Accordingly, her testimony on direct examination will not waive her Fifth Amendment right as to those matters, she cannot be compelled to answer any such questions on those matters, and she will invoke her Fifth Amendment privilege as to any such questions.

> **B. The Court should not require Mrs. Mosby to invoke her Fifth Amendment privilege as to the mortgage fraud allegations on the stand and, instead, should preclude the government from cross-examination regarding those allegations.**

Because her invocation of the Fifth Amendment is irrelevant under Federal Rule of Evidence 401 and would be unfairly prejudicial, confuse the issues, and waste time under Federal Rule of Evidence 403, the Court should prohibit the government from cross-examining Mrs. Mosby as to any matters related to the mortgage fraud allegations while she is on the witness stand.

---

[1] Mrs. Mosby does not concede that use of funds evidence is relevant. Mrs. Mosby maintains her objection, but understands that the Court has ruled on this issue. ECF No. 105 at 19-20.

3

The relevance of evidence is governed principally by Federal Rules of Evidence 401, 402, and 403. Rule 401 establishes that evidence is relevant only if: (a) "it has the tendency to make a fact more or less probable than it would be without evidence"; and (b) "the fact is of consequence in determining the action." Rule 402 establishes that "[i]rrelevant evidence is not admissible." And Rule 403 provides that evidence that is deemed relevant should nonetheless be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Evidence is unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996) (quoting *United States v. Ham*, 998 F.2d 1247, 1252 (4th Cir. 1993)).

Here, Mrs. Mosby's invocation of her Fifth Amendment privilege against self-incrimination has absolutely no probative value. The right to make no statement at all means just that—that a criminal defendant is refusing to say anything at all with respect to an allegation. Because of that, the defendant's silence cannot be construed as evidence of guilt, and courts routinely instruct juries that they cannot draw any adverse inference from a defendant's decision not to testify. *Griffin v. California*, 380 U.S. 609, 615 (1965) ("[T]he Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt."); *United States v. Francis*, 82 F.3d 77, 78 (4th Cir. 1996) ("The Constitution . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt." (quoting *Griffin*, 380 U.S. at 615)). Accordingly, there is no probative value to having Mrs. Mosby invoke her Fifth Amendment privilege as to the mortgage fraud allegations in front of the jury. *See United States v. McClure*, 734 F.2d 484, 491

(10th Cir. 1984) ("If in fact the invocation of the fifth amendment privilege is of such dimension that it permits no inference of guilt or innocence, *it is without probative value on the issue of defendant's guilt or innocence*." (emphasis in original)). For this reason alone, the government should be precluded from cross-examining Mrs. Mosby on the stand in front of the jury regarding alleged mortgage fraud.

Moreover, requiring Mrs. Mosby to invoke her Fifth Amendment privilege in front of the jury would be unfairly prejudicial, confuse the issues, and waste time under Rule 403.

As to the danger of unfair prejudice, an analogous situation is instructive. On multiple occasions, the Fourth Circuit has upheld rulings by district courts denying a defendant's request to have a witness testify before the jury solely to invoke that witness's Fifth Amendment privilege. *E.g.*, *United States v. Appiah*, 690 F. App'x 807, 810 (4th Cir. 2017) ("A district court does not abuse its discretion when it refuses to require a witness to testify before the jury solely to invoke her Fifth Amendment privilege."); *United States v. Carrothers*, 639 F. App'x 910, 911-12 (4th Cir. 2016); *United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008); *see also United States v. Deutsch*, 987 F.2d 878, 883 (2d Cir. 1993) ("The district court has the discretion to prevent a party from calling a witness solely to have him or her invoke the privilege against self-incrimination in front of the jury."); *United States v. George*, 778 F.2d 556, 562-63 (10th Cir. 1985) (not allowing defendant to call his brother "as a witness for the purpose of his asserting his Fifth Amendment privilege before the jury" was not error). In so holding, the Fourth Circuit has reasoned that "[r]equiring the witness to take the stand solely to invoke the [Fifth Amendment] privilege can lead to unfair prejudice in the form of both unwarranted speculation by the jury and the government's inability to cross-examine the witness." *Appiah*, 690 F. App'x at 810 (quoting

5

*Branch*, 537 F.3d at 342). Likewise, here, requiring Mrs. Mosby to testify would result in substantial unfair prejudice due to unwarranted speculation.

In addition, allowing the government to ask Mrs. Mosby mortgage fraud related questions in the perjury trial will result in an extended side-show mini-trial that will confuse the issues and waste time. *E.g.*, *United States v. Rubio*, 87 F.3d 1309, at *5 (4th Cir. 1996) (unpublished) (upholding exclusion of evidence due to dangers of undue delay and jury confusion, including possibility of delving into a "mini-trial," under Rule 403); *United States v. Stewart*, 433 F.3d 273, 313 (2d Cir. 2006) (upholding exclusion of evidence necessitating "mini-trial" under Rule 403). The only purpose for the government to ask mortgage fraud questions during the perjury trial would be to attack and call into question Mrs. Mosby's credibility, a point the government admitted during the recent September 8 hearing. Of course, at the time of the perjury trial, the mortgage fraud allegations will be only allegations, neither proven by the government nor admitted to by Mrs. Mosby. Therefore, for the government's mortgage fraud questions to have any probative value about Mrs. Mosby's credibility, the government would need to prove to the jury in the perjury trial that Mrs. Mosby committed mortgage fraud, including that she made the alleged mortgage fraud false statements (which are separate from the alleged perjurious statements) knowing they were false and for the purpose of misleading the mortgage lending business' action. The result would be a trial (on mortgage fraud) within a trial (the perjury trial), which would prolong the trial and confuse the jury.

For these additional reasons, the government should be precluded from cross-examining Mrs. Mosby on the stand in front of the jury regarding alleged mortgage fraud under Rule 403.

## II. Conclusion

For the reasons explained above, the Court should enter an order prohibiting the government from cross-examining Mrs. Mosby in the perjury trial about any of the allegations involved in the mortgage fraud counts.

Respectfully submitted,

| | |
|---|---|
| /s/ James Wyda | /s/ Lucius Outlaw |
| James Wyda | Lucius Outlaw |
| Federal Public Defender | Outlaw PLLC |
| Office of the Federal Public Defender | 1351 Juniper Street, NW |
| 100 South Charles Street | Washington, DC 20012 |
| Tower II, 9th Floor | Phone: (202) 997-3452 |
| Baltimore, MD 21201 | loutlaw3@outlawpllc.com |
| Phone: (410) 962-3962 | |
| jim_wyda@fd.org | |

/s/ Maggie Grace
Maggie Grace
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
maggie_grace@fd.org