**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  LKG-22-007** |
| | * | |
| **MARILYN MOSBY,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE IMPROPER EVIDENCE AND
ARGUMENT REGARDING OTHER PROSECUTORIAL ACTIVITY AND FUND
OWNERSHIP**

The United States of America respectfully moves to exclude any evidence and argument relating to prosecutorial decisions and investigative matters in other cases involving the CARES Act.  The Court has already properly excluded evidence of selective prosecution, and arguments regarding the alleged 'novelty' of this prosecution will only serve to confuse the jury and invite nullification. Similarly, references to the 457(b) trust funds as 'belonging to' the defendant or being 'her' money only invite nullification.

1. **Background**

Upon motion of the Government, this Court previously excluded "evidence and arguments at trial regarding . . . vindictive, selective, political, or unfair prosecution of the Defendant." ECF 105, at 11.  As the Court noted, "evidence and arguments about the Government's investitation and prosecution of this matter are also improper at the trial stage of this criminal proceeding. It is well-established that arguments regarding an alleged vindictive or selecti[ve] prosecution are not admissible at trial."  *Id.*

2. **Legal Standard**

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule

in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citations omitted). "A motion in limine to preclude evidence calls on the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (internal citations omitted). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds."

The court is granted wide discretion in rulings governing trial, including whether to preclude or admit evidence, prohibit comment, arguments, and/or questioning. *See, e.g., Herring v. New York*, 422 U.S. 853, 862 (1975) ("The presiding judge must be and is given great latitude in ... that argument does not stray unduly from the mark, or otherwise impede the fair and orderly conduct of the trial ... he must have broad discretion."); *see also United States v. Jones*, 356 F.3d 529, 535 (4th Cir. 2004) ("The decision to admit evidence at trial is committed to the sound discretion of the district court and is subject to reversal only if the court abuses that discretion."); *United States v. Schnabel*, 939 F.2d 197, 202 (4th Cir. 1991) ("[T]he decision to exclude evidence because of possible prejudicial effect rests in the sound discretion of the trial court."); *United States v. Wables*, 731 F.2d 440, 449 (7th Cir. 1984) ("Since it [is] the court's responsibility to present [the law] to the jury in a clear manner, the court did not abuse its discretion by requiring the defense counsel to argue consistently with the correct law.").

As discussed further below, arguments concerning the alleged "novelty" of the prosecution are both precluded by the Court's previous decision and should be excluded because (1) they are not a matter for jury, (2) are irrelevant to this case, and (3) will serve only to confuse the jury and waste the Court's time and resources.

3.  **The Defendant May Not Submit Evidence or Raise Arguments Regarding Other Prosecutions at Trial**

Throughout this litigation, various counsel for the defendant have argued that the charges here are 'novel' or 'unprecedented.'  As the Government has repeatedly noted, this is not that case: perjury charges, including those under 18 U.S.C. §1621, are routinely brought in federal court. The defendant is charged with lying on a form she submitted to improperly access funds held in trust. Such charges are not novel or knew.  In a contorted and blinkered reading of the indictment, the defense has referred to the fact that no other prosecutions have yet been brought regarding the particular withdrawal provisions of the CARES Act the defendant certified.  That not only completely misses the point—the predicate offense is perjury—it also serves to confuse the jury if made to them, and is irrelevant to boot.

First, the prosecution is not novel. Slicing perjury as finely as the defendant does, almost any perjury case would be novel, since they often involves particular forms that are unique to an individual case.  That does not make the perjury case novel; it just means there is a different form involved. The same is true here. 18 U.S.C. § 1621 (and its predecessors) have applied in a plethora of circumstances for a century. *See, e.g.*, *In Re Wilson*, 2019 Bankr. LEXIS 556, *15 (W.D.N.C. 2019) (bankruptcy petitions); *United States v. Jabateh*, 974 F.3d 281 (3rd Cir. 2020) (immigration proceedings); *United States v. Sonachall*, 27 F. Cas. 1259 (N.D. Ill. 1, 1864) (civil war draft form).

Second, casting this case as 'novel' or 'unprecedented' to the jury seeks only to confuse the jury and is irrelevant to the underlying guilt of the defendant.  Even if this case were the 'first of its kind' (which it is not), that is irrelevant to whether the defendant is guilty of the offense charged. The only reason to discuss 'novelty' would be to confuse jurors or to encourage jury nullification. Those purposes do not justify admitting otherwise irrelevant evidence at trial. See *United States v. Calderon*, 554 F. App'x 143 (4th Cir. 2014) (upholding a trial court's decision to

3

exclude evidence when threat of jury nullification trumps the marginal probative value of potential cross examination); *United States v. Gorham*, 523 F.2d 1088, 1097-1098 (D.C. Cir. 1975) (upholding trial court's decision to preclude evidence relevant only to jury nullification); *see also United States v. Rushin*, 844 F.3d 933, 942 (11th Cir. 2016) (same); *United States v. Castro*, 411 Fed. App'x 415, 420 (2d Cir. 2011) (same); *United States v. Funches*, 135 F.3d 1405, 1408-1409 (11th Cir. 1998) (same).

### 4. The Defendant Should Be Precluded From Arguing It was "Her" Money

In this matter, defense counsel has also routinely argued that the defendant's perjury is minimal because she only gained access to "her" own money.   But such arguments—which are irrelevant to the underlying question of whether the defendant committed the perjury charged, will also only serve to confuse the jury.  The elements of the offense for perjury do not include whether the defendant had a property interest in the funds she sought with her perjured declaration.  An indeed, the funds themselves were not "her" money.  They were funds held in trust for the defendant's use at the appropriate time as allowed by law. *See* 26 U.S.C. § 457(g)(1). The funds were not "her" money to use as she wished at any point in time.  So referencing the funds lonely invites nullification and does not have any evidentiary value.

### CONCLUSION

For the reasons above, the defendant should be excluded from offering evidence or argument that the charges in this case are 'novel' or the 'first of their kind,' and should be precluded from referring to funds held in trust on the defendant's behalf as funds which constituted "her" money or belonged to the defendant.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:    _____/s/_____
       Sean R. Delaney
       Aaron S.J. Zelinsky
       Assistant United States Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this filing was served on the Defendant via ECF electronic filing.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney