# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal Case No. 22-cr-00007-LKG |
| MARILYN J. MOSBY | |
| Defendant. | |

## JOINT PROPOSED VOIR DIRE QUESTIONS

The United States of America and Marilyn J. Mosby, by their undersigned attorneys, request that the following interrogation of prospective jurors be conducted pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/_____
Sean R. Delaney
Aaron S. J. Zelinsky

Assistant United States Attorneys


/s/ James Wyda_____          /s/ Lucius Outlaw_____
James Wyda                        Lucius Outlaw
Federal Public Defender          Outlaw PLLC
Office of the Federal Public Defender   1351 Juniper Street, NW
100 South Charles Street         Washington, DC 20012
Tower II, 9th Floor              Phone: (202) 997-3452
Baltimore, MD 21201              loutlaw3@outlawpllc.com
Phone: (410) 962-3962
jim_wyda@fd.org

1

/s/ Maggie Grace
Maggie Grace
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
maggie_grace@fd.org

Ladies and Gentlemen, the case for which a jury is now being selected is a criminal case against the Defendant, Marilyn Mosby, who is charged by indictment with perjury. As I will instruct you later, an indictment is simply a formal way of charging someone with a crime and it is not evidence of guilt; indeed, criminal defendants are presumed innocent unless and until proven guilty beyond a reasonable doubt. In this case, Ms. Mosby denies the charges set forth against her in the indictment.

In general, the indictment alleges that on two separate occasions, Ms. Mosby falsely claimed under oath that she suffered adverse financial consequences as a result of one of four listed coronavirus-related events to obtain early withdrawals from her retirement account. Ms. Mosby denies these allegations and has entered a plea of not guilty.

I am now going to ask a series of questions that can be answered by Yes or No. Please listen carefully and respond honestly. Please note your responses to each of the questions on the materials that have been provided to you. When all of the questions have been asked, I will then ask each juror with an affirmative answer to one or more questions to approach the bench to discuss your answers out of the presence of other members of the jury panel. When you approach the bench, identify yourself by juror number only.

It is estimated that the trial of this case will take two weeks, during which the Court will be in session from __a.m. to _____p.m.

### Knowledge of Case/Parties/Other Matters

1.      Marilyn Mosby was the Baltimore City State's Attorney from 2015 through 2022. Her husband is Baltimore City Council President Nick Mosby. Do you personally know, or have you had any dealings with Ms. Mosby, or any of her friends, associates, or family members, including her husband, Mr. Mosby?

2.      Do you have any opinions of Ms. Mosby, favorable or unfavorable, **that would prevent you from maintaining an opinion and impartial mind during the course of this trial**?

**The Government proposes including the language in red bold text. The Defense objects.**

**Defense position: There is a "well-documented tendency for individuals to respond in a manner that will be viewed favorably by others." ECF No. 212-1 at 32 (Dr. Edelman declaration). This "social desirability effect" creates a risk that potential jurors will overstate their ability to be fair and impartial. Particularly in a case with "substantial prejudicial pretrial publicity," research indicates that "a juror's professed ability to be fair and impartial should not be taken at face value." *Id.* at 33.**

**This explains why the question should be asked without the government's proposed additional text. If a potential juror responds "yes" to Ms. Mosby's version of the question, they will come to the bench where follow-up voir dire will occur and the parties can probe the potential juror's particular knowledge of the case, interrogate it, and if necessary, move to strike for cause or use a peremptory challenge. Adding the government's proposed text would deprive the Court and the parties of the information they need to evaluate whether the potential juror's profession of impartiality should be taken at face value. Whether that profession of impartiality is credible turns on what specific facts a potential juror already knows and how the juror describes those facts—information that will be unavailable if the Court adopts the government's proposal.**

**Government position: The added language simply mirrors that found in question 3, as well as that found in question 22 relating to the FBI.**

3.      Were you able to vote in any election in which Ms. Mosby was a candidate to be Baltimore City State's Attorney?  If yes, would that fact prevent you from maintaining an open, impartial mind during the course of this trial?

4.      Do you know, or have you had any dealings or association with, any of the following persons or members of their families:

(a)      Counsel for the United States of America, Assistant United States Attorneys Sean Delaney or Aaron Zelinsky?

(b)      The law enforcement officers who worked on or are working on this case: FBI Special Agent Christine Parr or IRS Special Agent Rachel Solomon?

(c)      Counsel for Ms. Mosby, attorneys Jim Wyda, Lucius Outlaw, or Maggie Grace?

(d)      Me (Honorable Lydia K. Griggsby) as a judge or at any other time, or any of

4

my staff?

(e)     Look around the room you are in right now.  These are the other individuals who may serve on the jury. Do you know, or have you had any dealings or association with them or members of their families?

(f)     The following people who may be witnesses in the case or who may be mentioned by various witnesses **(a list of names will be provided before jury selection)**:

5.     Do you know the United States Attorney for the District of Maryland, Erek L. Barron, any of the Assistant United States Attorneys in that office, or any other employees of the United States Attorney's Office here in Maryland?

6.     Do you know the Federal Public Defender, James Wyda, any of the assistant federal public defenders, or any other employees of the Federal Public Defender's Office?

7.     Do you know anyone who works in this courthouse in any capacity?

8.     Have you read or heard anything about this case or Ms. Mosby, from any source whatsoever, including newspaper, radio, television, social media, or the parties <span style="color:red">**that would prevent you from maintaining an opinion and impartial mind during the course of this trial**</span>?

QUESTIONS AT BENCH:

(a)     What was the nature of what you heard or saw?

(b)     Have you formed any impression or opinion at all as to the merits of this case?

**The Government proposes including the language in red bold text. The Defense objects.**

**<u>Defense position</u>: Same as Question #2.**

**<u>Government position</u>: Same as Question #2.**

### <u>Law Enforcement/Law School/Lawyer and Judicial Affiliations</u>

9.     Have you, any member of your family, or any of your close friends ever been employed

by any prosecutor's office or law enforcement agency, local, state or federal, or applied for a position with any prosecutor's office or law enforcement agency? If so, what agency, what position, and when?[1]

10.     Have you, any member of your family, or any of your close friends ever worked for a private agency or company with police, security, or investigative functions, such as a private investigative firm, or a company that provides security services? If so, what company, what position, and when?[2]

11.     Have you, any family member, or any of your close friends ever been employed by a public defender's office, whether state or federal, a private criminal defense attorney, or any other entity that provides services to persons charged with or convicted of a crime? If so, what agency, what position, and when?[3]

12.     Have you, any family member, or any of your close friends ever been employed by a state or federal court or a court-related agency such as a Sheriff's Office, Clerk's Office, Probation and Parole Office, United States Marshal's Office, Pretrial Services, or bail agency or similar department or organization? If so, what agency, what position, and when?[4]

13.     Are you, any family member, or any of your close friends related to any judge, law clerk, or court personnel? If so, please elaborate.[5]

14.     Have you, any member of your family, or any of your close friends ever attended a law school, taken a paralegal course, received legal education or training of any kind, or worked with a lawyer, law firm, in a courthouse, or as a paralegal, legal secretary, or private investigator?

15.     Are you presently a party in any case pending in this or any other federal or state court? If so, what court, what was the nature of case, and what was your role in the case?[6]

---

[1] This follow-up should take place at the bench.
[2] This follow-up should take place at the bench.
[3] This follow-up should take place at the bench.
[4] This follow-up should take place at the bench.
[5] This follow-up should take place at the bench.
[6] This follow-up should take place at the bench.

16.     Have you, any member of your family, or any of your close friends ever been involved in any legal dispute with any federal, state, or local government, or any agency thereof, including but not limited to the Baltimore City State's Attorney's Office, the Department of Justice, or the FBI? If yes, follow-up at the bench regarding the nature of the dispute?

17.     Does any department or agency of the federal Government, including but not limited to the IRS, have a claim against you, any member of your family, or any of your close friends?

18.     Have you, any member of your family, or any of your close friends ever had dealings with, or been in a dispute with any law enforcement agency or any of its employees?

19.     Have you, any member of your family, or any of your close friends had a negative experience with, or negative feelings toward, or any reservations or opinions about prosecutors, including the U.S. Department of Justice?

20.     Have you, any member of your family, or any of your close friends had any negative experience with, or negative feelings toward, or any reservations or opinions about the Baltimore City State's Attorney's Office?

21.     Have you, any member of your family, or any of your close friends had a negative experience with, or negative feelings toward, or any reservations or opinions about law enforcement officers, including officers and agents of the FBI?

22.     Do you have any reservations about the FBI or any other law enforcement agency which would interfere in any way with your ability to judge the evidence fairly and impartially?

23.     Have you, any member of your family, or any of your close friends had a positive or negative experience, feeling, or opinion about prosecutors or the U.S. Department of Justice or Baltimore City State's Attorney's Office?

24.     Have you, any member of your family, or any of your close friends had a positive or negative experience, feeling, or opinion about defense attorneys, or others employed in criminal defense

work?

25.     Do you, any member of your family, or any of your close friends have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

26.     During this trial, a number of the witnesses called by the government may be state or federal law enforcement officers or employees. Would you tend to give greater weight or lesser weight to the testimony of such a witness merely because he or she is a law enforcement officer or employee?

27.     Would you tend to give more or less weight to the testimony of a witness called by the prosecution?

28.     Would you tend to give more or less weight to the testimony of a witness called by the defense?

29.     Do you believe that the judicial system in general is unfair or that federal laws in general punish too harshly or too leniently?

30.     Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the reduction or increase in prison sentences?

**Victim/Witness of Crime/Moral and Philosophical Objections, Generally**

31.     Have you, any member of your family, or any of your close friends ever been the victim of a crime?

32.     Have you, any member of your family, or any of your close friends ever been charged, arrested, or accused of criminal conduct or ever been the subject of a criminal investigation, whether it be federal, state, or local? This includes serious traffic offenses, DUI or DWI, and drug possession, among other things.

33.     Have you, any member of your family, or any of your close friends ever been a witness

to a crime?

34.     Have you, any member of your family, or any of your close friends ever been a witness for the prosecution or the defense in a criminal case?

QUESTIONS AT BENCH FOR QUESTIONS 31 through 34:

(a)     How long ago?

(b)     What was the nature of that experience?

(c)     How was the matter resolved?

(d)     How did you feel about the police officers' treatment of the matter?

(e)     Do you hold any animosity toward the government (including prosecutors) or against any police officers as a result?

(f)     Do you hold any animosity toward any defense attorneys or anyone working on behalf of defense attorneys as a result?

35.     Do you have any opinions, religious or moral beliefs, philosophies, or prejudices that would prevent you from judging the conduct of another person?

36.     During the coronavirus pandemic, did you, any member of your family, or any close friends withdraw money from a retirement account (401(k), 403(b), 457(b) plans) under the CARES Act (officially called the Coronavirus, Aid, Relief, and Economic Security Act)?

**Prior Jury Service/Experience**

37.     Have you ever served on a grand jury in either state or federal court? If so, did anything happen during your service as a grand juror that would influence you in any way in this case?

38.     Have you ever served as a juror in a criminal case in either state or federal court? If so:

(a)     In what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial?

9

(b)     Do you believe the case was fairly decided?

(c)     Did anything happen during the course of your jury service that would influence you in any way in this case?

**Ability To Follow Jury Instructions**

39.     The Court will instruct you that an indictment—a formal document that accuses someone of committing a crime—is just an allegation. An indictment is not proof of anything. Do any of you believe that simply because a person has been arrested or charged with a crime, the person is probably guilty?

40.     Under our Constitution, every person charged with a criminal offense is presumed innocent. That means the person starts a trial innocent and remains innocent unless and until the government proves that person guilty beyond a reasonable doubt. Would you have any difficulty in applying this presumption of innocence?

41.     If selected to serve as a juror in this case, you will be instructed that you are not to consider punishment, as that is for the Court to decide. You are not to speculate whatsoever about what the possible punishment in this case might be if the defendant is found guilty of the charges. Would any member of the panel be unable to put any consideration of punishment out of your mind and consider only the facts of the case based on the evidence introduced?

42.     At the end of this trial, I will instruct you on the law which must be followed in this case. Even if you personally did not agree with the law as I described it to you, would you hesitate—or be unwilling or unable—to follow my instructions on the law? If you have an opinion on what the law should be, and your opinion was different from my instructions on what the law is, would you hesitate—or be unwilling or unable—to follow my instructions on the law?

43.     Jurors will be instructed that they may not research anything about the case on the internet, social media, digital or print newspaper, or elsewhere, and that they must avoid any reports or

information about the case or the trial in the media, on the internet, or on social media.  Would you be able to obey such an instruction during the course of the entire trial?

44.     The burden rests with the prosecution to prove the charges against Ms. Mosby beyond a reasonable doubt. Because it is the government's burden to prove a defendant guilty, the defendant is not required to testify and explain her side of the case. A defendant also does not need to call any witnesses to the stand in her defense. Do you think a defendant must testify or explain her side of the story?

45.     If it should come to pass, after you have heard all the evidence, the arguments of the lawyers, and my instructions on the law, that you are persuaded that the defendant is guilty of the charge beyond a reasonable doubt, then it would be your duty to vote guilty. Is there anyone who feels that they would be unable to carry out that duty?

46.     On the other hand, if after you have heard all of the evidence, the arguments of the lawyers, and my instructions on the law, if you then have a reasonable doubt as to the defendant's guilt on a specific charge or charges, then it would be your duty to vote not guilty on the charges to which you have a reasonable doubt. Is there anyone who feels that they could not carry out this responsibility?

47.     To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without compromising your individual judgment. If selected, do you believe you would have any trouble engaging in this process that I have described?

48.     Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

### Regarding Availability and Ability to be a Juror

49.     Do you have any impairment of your vision or hearing that might make it difficult for you to see or hear witnesses who testify during the trial?

50.     Do you have any difficulty understanding the English language to the extent that it would prevent you from following the testimony and other evidence (for example, documents) in this case?

51.     Are you presently taking any medication that might make you unable to give your full attention to the evidence?

52.     Do you suffer from any physical or mental illness or condition or are you receiving counseling for issues that would affect your ability to serve as a juror in this case for any reason?

53.     Do you have any personal, family, or other considerations that would make it difficult for you to serve as a juror during these dates and times?

54.     Do you have anything else you wish to bring to my attention regarding your possible service as a juror in this case about which I have not already asked you?

55.     Is there any person who is not a citizen of the United States and a resident of the State of Maryland?