IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No. 22-cr-00007-LKG |
| **MARILYN J. MOSBY** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENSE'S PROPOSED REVISIONS TO COURT'S PRELIMINARY
ORDER ON CARES ACT-RELATED JURY INSTRUCTIONS**

Marilyn Mosby, through undersigned counsel, respectfully submits the following proposed revisions to the draft CARES Act jury instructions provided by the Court's Preliminary Order on CARES Act-Related Jury Instructions (Dkt. No. 243):

**Court's Preliminary Proof of Perjury Instruction**

Defense has no proposed revisions.

**Court's Preliminary Definition of Adverse Financial Consequences Instruction**

Defense has no proposed revisions.

**Court's Preliminary Withdrawal Amount and Number Instruction**

Defense has no proposed revisions to the first paragraph (starting with "You have heard") or second paragraph (starting with "The CARES Act limits") of the Court's preliminary instruction.

The Defense requests that the Court replace the third paragraph (starting with "There is no requirement") entirely with the following:

> The definition of a coronavirus-related distribution under the CARES Act did not limit these distributions to amounts withdrawn solely to meet a need arising from COVID-19. If an individual was eligible to take a withdrawal, distributions were permitted without regard

1

to her need for funds, and the amount of the distribution was not required to correspond to the extent of the adverse financial consequences that she experienced.

Mrs. Mosby's proposal comes directly from IRS Notice 2020-50: Guidance for Coronavirus-Related Distributions and Loans from Retirement Plans Under the CARES Act. IRS Notice 2020-50 states:

> The definition of a coronavirus-related distribution under section 2202(a)(4) of the CARES Act does not limit these distributions to amounts withdrawn solely to meet a need arising from COVID-19. Thus, for example, for an individual who is a qualified individual as a result of experiencing adverse financial consequences as described above, coronavirus-related distributions are permitted without regard to the qualified individual's need for funds, and the amount of the distribution is not required to correspond to the extent of the adverse financial consequences experienced by the qualified individual.

Mrs. Mosby's proposed jury instruction seeks only to streamline legal terminology for the jury by making some minor non-substantive edits.

### **ADDITIONAL CARES ACT INSTRUCTIONS REQUESTED BY THE DEFENSE**[1]

Ms. Mosby respectfully requests that the Court include and provide the following CARES Act-related jury instruction:

### **No Required Adverse Financial Consequences Minimum**

"To qualify for a retirement account withdrawal, the CARES Act did not set a minimum dollar amount of 'adverse financial consequences' an individual had to experience as a result of: (1) being quarantined, being furloughed or laid off or having work hours reduced due to such virus or disease; (2) being unable to work due to lack of childcare due to such virus or disease; or (3) the closing or reducing hours of a business owned or operated by the individual due to such virus or disease."

This requested instruction is consistent with language of section 2202 of the CARES Act and all guidance on the law provided by the executive branch.

\*   \*   \*

---

[1] With this filing, Ms. Mosby does not waive or abandon the CARES Act-related jury instructions she requested in Dkt. No. 223-1.

Undersigned counsel has consulted with the Government, which has advised that they prefer the proposed jury instructions at Dkt. No. 243 and object to any additional instructions beyond those proposed by the Court.

Respectfully submitted,

/s/ James Wyda
James Wyda
Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org

/s/ Lucius Outlaw
Lucius Outlaw
Outlaw PLLC
1351 Juniper Street, NW
Washington, DC 20012
Phone: (202) 997-3452
loutlaw3@outlawpllc.com

/s/ Maggie Grace
Maggie Grace
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
maggie_grace@fd.org