**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  LKG-22-007** |
| | * | |
| **MARILYN MOSBY,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO PREVENT CROSS EXAMINATION RELATED TO MORTGAGE FRAUD

The defendant twice lied to Nationwide to improperly withdraw funds from the City of Baltimore Retirement Savings Plan to purchase additional homes. Then she lied to Cardinal Financial and United Wholesale Mortgage to obtain mortgages for those same home purchases, using the earlier fraud proceeds as down payments. Now the defendant seeks to preclude cross examination about the second set of lies because she intends to testify only about the first set of lies, but assert her Fifth Amendment rights regarding the others.  In other words, the defendant wants to deny lying to Nationwide to obtain the down payments, but she does not want to be questioned about lying to Cardinal Financial and United Wholesale Mortgage to obtain mortgages using those same down payments.

The Court should not preclude the government from asking about the lies to Cardinal Financial and United Wholesale Mortgage for three reasons: first, the defendant's direct testimony will likely place the mortgage fraud documents at issue as a source of valid cross examination. Second, Rule 405 may allow such cross examination of other witnesses the defendant puts on the stand, and the Court cannot rule on that matter without hearing their testimony.  Third, even if the Court allows the defendant to assert her Fifth Amendment rights regarding the mortgage documents, she should be required to do so on a question-by-question basis outside the presence

of the jury following her testimony rather than on a blanket basis in advance of trial. A defendant may not preemptively vitiate all Rule 608(b) questions merely by claiming in advance that she will assert the Fifth Amendment.  She must make the decision to do so at the time of her testimony outside the presence of the jury and on the record as to specific questions.

1.  **Legal Background**

Federal Rule of Evidence 404(a) provides that: "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it."

Federal Rule of Evidence 405 provides that "When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct."

Federal Rule of Evidence 608(b) provides that:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness[.]  By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Federal Rule of Evidence 611(b) provides that "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."

2.  **The Defendant's Character for Truthfulness Is Admissible on Cross-Examination.**

The Defendant has stated that she intends to testify in her own defense, and she has asked for a character instruction for the jury.

"It is a well-settled rule that a defendant who voluntarily offers himself as a witness and testifies in his own behalf subjects himself to legitimate and pertinent cross-examination to test his

2

veracity and credibility. . . . [S]pecific instances of the conduct of a witness . . . may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness." *United States v. Williams*, 986 F.2d 86, 89 (4th Cir. 1993).

Here, there is no question that if Defendant takes the stand that her credibility will be at issue.  "Evidence on the specific character traits for truthfulness and honesty has been held admissible both when the defendant testifies at trial and the prosecution attacks the defendant's credibility, and when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements." *United States v. Brown*, 503 F. Supp. 2d 239 (D.D.C. 2007)*.*  Here, the defendant has been charged with perjury, and falsehood is "one of its statutory elements." *Id*.

If the defendant takes the stand and testifies that she told the truth on withdrawal forms, then her additional lies to the companies will be within the scope of proper cross examination and the defendant will have waived her right of self-incrimination in her direct testimony regarding that matter. A voluntary witness, such as the defendant cannot "take the stand to testify in [her] own behalf and also claim the right to be free from cross examination on matters raised by [her] own testimony on direct examination." *Brown v. United States*, 356 U.S. 148, 156 (1958). "The breadth of this waiver is determined by the scope of relevant cross-examination." *Id.* at 154-55; *see also* Williams, 986 F.2d at 89 (facts concerning defendant's cashing of stolen checks with fraudulently obtained fake driver's license was probative of defendant's truthfulness and credibility as witness and was permissible area of cross-examination in connection with drug trial).

Consider an analogous case, *United States v. Corder*, 724 Fed. Appx 394 (6th Cir. 2018). In *Corder*, the Sixth Circuit permitted cross examination of a defendant when "defendant's testimony a*bout his own truthfulness had opened the door* to such cross-examination." *Id*. at 407

3

(emphasis added). In that case, the defendant police officer was accused, among other things, of lying on a charging complaint. *See id.* at 398. The defendant took the stand and testified:

> Q: Okay. Well, the allegation is that you lied or misled to the detriment of Mr. Baize here. Did you lie on that complaint?
>
> A. No, sir. What I wrote down was exactly what I observed.
>
> Q. Okay. Now, what about the — what about the attempting to elude? We've seen the statute. What you wrote about that is that to evade — after stating the obscenity again, to evade ran inside the trailer.
>
> A. Correct.
>
> Q. Is there anything false about that?
>
> A. Well, no. I mean, that's exactly what he did. In order to avoid me, when I gave him the instruction to stop, that's exactly what he did. He turned and ran into the trailer to avoid.

*Corder*, 724 Fed. Appx. at 408.  Based on this record, the Sixth Circuit held that the defendant "waived his Fifth Amendment right as to his prior statements to police investigators" that were given to internal affairs investigators *decades prior* on completely unrelated matters.  *See* 724 Fed. Appx. at 407-409.  In so doing, the Sixth Circuit based its analysis on the fact that, "Evidence of defendant's willingness to lie to other police departments to protect himself from allegations of misconduct is relevant to, and probative of, whether he would lie to the Bullitt County Sheriff's Office for the same general purpose." *Id*, at 408.  So to here is the evidence of the defendant's willingness to lie to other financial institutions to unlawfully gain access to funds relevant to, and probative of, whether she would lie to Nationwide for the same general purpose.

In this case, unlike the decades attenuation in *Corder*, the contemporary lies to Cardinal Realty and Nationwide Wholesale Mortgage happened within months of the defendant's charged lies to Nationwide. And the lies to Cardinal Realty and Nationwide were on deeply related matters to the charges and part of the same coherent narrative. Closeness in time only increases the

probative value of the evidence. *See id* at 409.   And the "probative value is bolstered by the similarities the older evidence has with the instant crime." *See id.*  Should the defendant testify as did Corder—that she did not tell any lies to Nationwide and that her statements were truthful— she will, just like Corder, have put her credibility on those matters at issue and waived her Fifth Amendment right with respect to cross examination related to her lies to Cardinal Realty and United Wholesale Mortgage.

Similarly, in *United States v. Aldi*, the Second Circuit considered a defendant accused of corruption charges who took the stand and sought to preclude cross examination regarding a separate bank fraud indictment.  1996 U.S. App. LEXIS 8852 (2nd Cir. 1996).  The Second Circuit held that such questioning was proper—and not precluded by Rule 608(b)—because the defendant opened the door to cross examination on the bank fraud by "paint[ing] a self-portrait of financial health, and (2) discuss[ing] the bank loans themselves." *Id*. at *5. Similarly, if the defendant were to testify here regarding the mortgage loans, or about her financial position and health at the time she lied to Nationwide, her other contemporaneous lies to Cardinal Realty and United Wholesale Mortgage would be admissible as within the scope of cross examination. *Id.*

Federal Rule 608(b) does not limit cross examination on matters the defendant has put at issue in direct examination.   As the Supreme Court has stated, "The witness himself, certainly if he is a party, determines the area of disclosure and therefore of inquiry . . . He cannot reasonably claim that the Fifth Amendment gives . . . if he elects to testify, an immunity from cross-examination on the matters he himself has put in dispute. It would make the Fifth Amendment not only a humane safeguard against judicially coerced self-disclosure but a positive invitation to mutilate the truth a party offers to tell." *United Brown v. United States*, 356 U.S. 148, 15-56 (1958); *Jenkin v. Anderson*, 447 U.S. 231, 237-38 (1980) (citing *Brown*).

The Defendant has indicated that she will testify that she did not commit perjury, and thus put her character at issue for cross examination. If she does so, then her additional lies are within the scope of cross-examination and should not be precluded by this Court.

   3.   **The Defendant's Lies to Cardinal Realty and United Wholesale Mortgage Are Admissible under Rule 405 if She Puts on Other Individuals to Testify About Her Character.**

Should the defendant put on evidence or testimony regarding her good character, the Government is entitled to respond to that character evidence by, among other things, asking about specific instances of misconduct in the relevant time period that relate to truthfulness. *See Michelson v. United States*, 335 U.S. 469, 483-84 (1948) ("The crimes may be unlike, but both alike proceed from the same defects of character which the witnesses said this defendant was reputed not to exhibit. It is not only by comparison with the crime on trial but by comparison with the reputation asserted that a court may judge whether the prior arrest should be made subject of inquiry."); *United States v. Halderman*, 559 F.2d 31, 91 (D.C. Cir. 1976) ("When a character witness is offered by the accused, he becomes subject to cross-examination as to his testimonial qualifications."); *United States v. Lewis*, 482 F.2d 632, 638 ("Accordingly, it is well settled, both here and elsewhere, that it may become appropriate on cross-examination to ask a good-character witness whether he has heard reports of particular events, including prior convictions or arrests of the accused, which are inconsistent with the reputation to which he has testified.").

The defendant has proposed a jury instruction related to the defendant's good character, and therefore may offer such evidence.  See ECF 266, at 36 (proposing Sand & Siffert Instruction No. 5:15 ("The defendant has called witnesses who have given their opinion of her good character."). If the defendant presents such character evidence via other individuals—as her jury

instruction indicate she may—then mortgage fraud is a valid ground for cross-examination of any character witness.

Federal Rule of Evidence 405 provides that "When a person's character or character trait is an essential element of a charge, claim, or defense, the character trait may also be proved by relevant instances of the person's conduct." If the defendant makes her character an issue via other witnesses (or herself), the Government may inquire into relevant other lies related to her conduct. *See*, *e.g.*, *United States v. Bah*, 574 F.3d 106 (2nd Cir. 2009) (allowing cross examination of a character witness concerning allegations of fraud concerning the defendant); *United States v. Sandalis*, 39 Fed. Appx. 798, 803 (4th Cir. 2002) (permitting prosecutor to ask on cross examination whether witness new of prior attempt by defendant "within the last few years" to attempt to persuade another person to commit perjury; *United States v. Grady*, 665 F.2d 831, 835 (holding that a character witness may be cross-examined as to an arrest of defendant whether or not it culminated in conviction). In other words, the credible allegations of other fraud are relevant to the defendant's good character and may be inquired into here.

4. **The Defendant's Lies to Cardinal Realty and United Wholesale Mortgage are Permitted Under Rule 608(b), and She Should Be Questioned Outside the Presence of the Jury After her Direct Testimony.**

The defendant concedes that Rule 608 allows her to be questioned regarding her lies to Cardinal Realty and United Wholesale Mortgage. She argues, however, that the questions should be precluded because she intends to assert her Fifth Amendment right concerning these matters.

First, the defendant does not cite a single case where a district court has wholesale precluded an area of questioning related to 608(b) on Fifth Amendment grounds prior to *direct testimony* by the defendant. *See* ECF 248. The Defendant focuses on cases stating that a party may not call a witness *solely* to have that witness invoke. *See* ECF 248, at 5 (collecting cases). But that

is vastly different from a defendant who seeks to selectively testify.  Indeed, allowing this motion at this time would enable any witness to completely vitiate Rule 608(b)—essentially precluding any cross examination on any issue on which they have a potential Fifth Amendment claim.  That is not how Courts have construed 608(b).  *See*, *e.g.*, *United States v. Aldi*, 1996 U.S. App. Lexis 8852, at *3 (2nd Cir. 1996) (upholding on other grounds District Court's decision that defendant in corruption case could be asked about pending bank fraud charges, and that the Defendant would have to invoke his Fifth Amendment rights before the jury on those matters, but that the jury would not be permitted to consider this invocation of the privilege as evidence of guilt).

Should the Court find that the defendant has not opened the door on direct examination, the proper process—at a minimum— is to hold a hearing outside the presence of the jury *after the defendant's direct testimony* to confirm which questions the defendant will refuse to answer, and to have the defendant invoke outside the presence of the jury.  *See*, *e.g.*, *United States v. Chin*, 910 F. Supp. 889 (E.D.N.Y.) requiring a hearing outside the presence of the jury to determine what specific Rule 608(b) questions a witness might invoke on).

## CONCLUSION

At this point, it is impossible to know for certain what the defendant will testify to in direct examination. But if she testifies and denies perjuring herself on the Nationwide forms, she will have opened herself up to cross examination involving her lies on the Cardinal Realty and United Wholesale Mortgage forms.  It is likewise unknown at this time what she will do regarding her invocation of the privilege based on 608(b) alone, and what sort of other character evidence she will put on at trial. Therefore, the Court should reject the defendant's motion to wholesale preclude questioning on matters related to the mortgage lies.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:     _____/s/_____
        Sean R. Delaney
        Aaron S.J. Zelinsky
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing was electronically filed via

CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney