IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING ADVERSE FINANCIAL CONSEQUENCES

The defendant seeks to prohibit the government from arguing that the "adverse financial consequences" experienced by the defendant must be more than an insignificant loss.  But the plain reading of the text itself and the CARES Act support the common understanding that in order to experience an unfavorable outcome related to money, a loss must be more than insignificant.  A cent (or a residual fraction of a cent) does not qualify as an adverse financial consequence.

This Court—with the consent of the defendant—has defined "adverse financial consequences" as "an unfavorable or negative outcome related to money." *See* ECF 243. The defense now seeks to prevent the government from arguing that a "negative" or "unfavorable" outcome must be more than insignificant, and seeks instead to be able to argue (without the government being able to respond) that even a scintilla of a cent qualifies as a "negative" or "unfavorable outcome related to money."  But as the government has previously contended, this argument—that even 1/100000 of a cent qualifies—flies in the face of the plain meaning and understanding of the text.  The government should be allowed to argue that a negligible and insignificant loss should not qualify as an adverse financial consequence, as the term is ordinarily understood, and as the defendant understood the term at the time she falsely certified the form.

The government's understanding is the common meaning of the words in spoken English, and should be considered by the jury.

Consider first the Court's definition, agreed upon by the parties, of adverse financial consequences: "an unfavorable or negative outcome related to money." No ordinary English speaker would define an *insignificant* loss as a "negative outcome." Something that is "insignificant" is, by definition, neither positive nor negative—it is something "not worth considering." *See* Meriam-Webster's, "Insignificant," https://www.merriam-webster.com/dictionary/insignificant (defining "insignificant" to include "not worth considering; lacking meaning or import").

A person who misplaces a penny while quarantined at home does not suffer a "negative outcome." They don't suffer anything. A "negative outcome" must be significant. Where "Congress has not defined a statutory term, 'to determine ordinary meaning, [courts] may consult dictionary definitions, interpretations given to the same term by judicial construction, and the statutory context in which the words are used.'" *Akebia Therapeutics, Inc. v. Azar*, 443 F. Supp. 3d 219, 226 (D. Mass.)*, quoting Hernandez-Miranda v. Empresas Diaz Masso, Inc., 651 F.3d 167, 171* (1st Cir. 2011)*. Judicial decisions support the same understanding of the term "negative outcome," as one that is not insignificant. *See, e.g.*, *Apache Stronghold v. United States*, 38 F. 4th 742, 757 (9th Cir. 2021) (noting that not every action making things more difficult is a "negative outcome" in the context of the Religious Freedom Restoration Act); *United States v. Hughes*, 2021 U.S. Dist. LEXIS 13243, *12-13 (W.D.Tenn. January 25, 2021) ("Since the CDC's guidance was released, courts have found extraordinary and compelling reasons where defendants had medical conditions that definitely put them at a higher risk of a *negative outcome* if they contracted COVID-1") (emphasis added); *United States v. Gonzalez-Ortiz*, 2005 U.S. Dist. LEXIS 15348, *4

(noting a sentencing enhancement does not "depend upon a negative outcome" and therefore the "absence of an accident resulting in death or serious bodily injury does not detract from the seriousness of the defendant's conduct justifying the enhancement."); *E.Y. v. United States*, 758 F.3d 861, 867 (7th Cir. 2014) ("A negative outcome of medical care is not proof of negligence.").

Consider also the CARES Act itself, which provides for distributions for a person who "*experiences* adverse financial consequences as a result of being quarantined, being furloughed or laid off or having work hours reduced due to such virus or disease, being unable to work due to lack of child care due to such virus or disease, closing or reducing hours of a business owned or operated by the individual due to such virus or disease." (emphasis added). As the government has previously argued, to "experience" something, means to "have something happen to you, or to do or feel something." Cambridge Dictionary, "Experience," available at https://dictionary.cambridge.org/us/dictionary/english/experience. In order to "experience" a loss, that loss must have some significance, otherwise, the individual will not "experience" or "feel" the loss. An insignificant loss is one lacking "meaning, import, and weight." *See* Merriam-Webster, "insignificant," available at https://www.merriam-webster.com/dictionary/insignificant.

Moreover, if even one cent qualifies as an "unfavorable outcome" that one "experiences" (or even .00001 of a cent), then why would Congress have put the requirement in to place at all? Congress did not write the statute to allow *every* citizen to withdraw up to $100,000 from their tax-advantaged retirement accounts if they suffered a hangnail related to COVID. Only those who had "experienced adverse financial consequences" could do so. Allowing the defendant to define such consequence down to a negligible amount–without government response to the contrary— would effectively render the law a nullity and frustrate the clear purpose of the statute and the for: to help those who had experienced financial adversity as a result of COVID-19.

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:            /s/_____

Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing was electronically filed via

CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney