IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| ****** | | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING THE FLORIDA HOMES

The Court has previously held that evidence regarding "*how* the defendant used her withdrawn funds"—specifically the Florida home purchases—is "relevant to, and *highly probative of*, whether [the defendant] suffered 'adverse financial consequences' due to the coronavirus." ECF 105, at 19-20 (emphasis added).  The defendant now again seeks to prohibit the government from showing the jury "how" the defendant used her funds—by describing the properties purchases in any substantive way. *See* ECF 247, at 1.  But it matters that the defendant purchased two Florida vacation homes for over $1 million, not a one-bedroom fixer-upper in Youngstown at bargain-basement prices.[1]  Such evidence is relevant and "highly probative," both for the defendant's lack of adverse financial consequences and her motive in committing the offenses charged.

1. **Background**

The defendant has previously sought to exclude evidence that the defendant used her hardship withdrawals to purchase two vacation homes in Florida. *See* ECF 83, at 6.  This Court denied that motion, holding that the evidence of how the defendant used the funds was "relevant

---

[1] *See* Bankrate, *Cheapest Places to Buy a Home*, https://www.bankrate.com/real-estate/10-cheap-cities-to-buy-a-home/ (listing Youngstown as the cheapest housing market in the United States).

to, and highly probative of" whether the defendant suffered adverse financial consequences. Now, the defendant seeks to exclude "pictures, descriptions, and the prices of the two Florida homes, in addition to the fact that Mrs. Mosby sold the Kissimmee home at a profit." *See* ECF 247, at 4. The Government does not intend to introduce evidence regarding the subsequent sale of the Kissimmee home in November 2021 for a profit, and so that aspect of the motion is moot. But the descriptions of the homes are "highly probative" to the lack of adverse financial consequences and the defendant's motive for committing the crimes charged.

2. **The Descriptions of the Homes the Defendant Purchased Are Highly Probative of Whether the Defendant Suffered Adverse Financial Consequences.**

The Defendant seeks to sanitize any purchase price or description of the homes she bought, arguing such information is not relevant and unduly prejudicial. *See* ECF 247, at 4. But such information is "highly probative," as this Court previously held. *See* ECF 105, at 19-20. The defendant argues that it is "irrelevant whether the purchase price of the homes was $50,000 or $3,000,000," but that is not true. The fact that the defendant purchased over $1 million worth of vacation properties indicates that she was not suffering adverse financial consequences. The purchase price is probative, as is the description of the properties. If the defendant had purchased an empty unbuildable lot in a swamp for $5,000, that clearly would have a different weight of whether she suffered adverse financial consequences than if she purchased an 8-bedroom Florida vacation home with a pool for half a million dollars.

Rule 403 does not apply to "powerful, or even 'prejudicial' evidence" but instead "focuses on the 'danger of *unfair* prejudice.'" *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (Court's emphasis). This means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 192 (1997). Describing the houses that the defendant actually bought with her hardship

withdrawals is nothing more than elucidating the behavior the Court has already found "highly probative."  The nature of those purchases helps to prove the defendant did not suffer any adverse financial consequences.

Rule 403 also "does not provide a shield for defendants . . . permitting only the crimes of Caspar Milquetoasts to be described fully to a jury. It does not generally require the government to sanitize its case, to deflate its witnesses' testimony, or to tell its story in a monotone." *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998).  Consider, for example, *United States v. Hope*, 608 Fed. Appx. 831 (11th Cir. 2015).  In that case, the Eleventh Circuit allowed testimony regarding the defendant's "luxury purchases, vacation expenses, and automobile leases" in a misbilling prosecution over the defendant's Rule 403 objection.  *See Id.* at 838. The Court held that such purchases show that—contrary to the defendant's argument—funds were expended not on her medical practice but on her own personal profit. *Id*. at 839.

The Fourth Circuit has repeatedly stressed that where the evidence sought to be excluded under Rule 403 "is concededly probative, the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." *United States v. Aramony*, 88 F.3d 1369, 1378 (4th Cir. 1996). Likewise, in U*nited States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007), the Fourth Circuit emphasized that the exclusion of evidence pursuant to Rule 403  should be ordered only rarely, because the general policy of the Federal rules is that all relevant  material should be laid before the jury. *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007).  *See also United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) ("[T]he application of Rule  403 is to be cautious and sparing.").

Here, there is no question the evidence is probative, and the fact that the defendant made large purchases supports the argument that she did not suffer adverse consequences more than a small purchase would.

3. **The Descriptions of the Homes the Defendant Purchased Are Highly Probative of the Defendant's Motive for Committing Perjury.**

In this case, the housing purchases are also evidence of motive—the reason for the defendant committing the crime in the first place. *Id.* at 839. *See United States v. Williford*, 764 F. 2d 1493, 1499 (11th Cir. 1985) ("Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury."); *United States v. Amor*, 2015 U.S. Dist. LEXIS 144291, *10 (S.D.Fl.) (noting that expenditures for the defendant's airplane, home, and yacht "may also be highly relevant to Defendant's motive for committing the crime of stealing government money—i.e., to fund his lifestyle and pay for luxury expenses."). Here, the defendant committed her crimes so she could purchase expensive second- and third- homes. The jury should not be deprived of this important evidence in understanding the defendant's motives.

Any risk of unfair prejudice should be addressed through a limiting instruction issued by the Court, rather than by excluding important evidence altogether. See Adv. Comm. Note to Rule 403 ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction."); *see, e.g.*, *United States v. Abel*, 469 U.S. 45, 54-55 (1984) (explaining that precautions, including a limiting instruction, "did not prevent *all* prejudice" but did "ensure that the admission of th[e] highly probative evidence did not *unduly* prejudice" the defendant) (Court's emphasis). Such

cautionary jury instructions are given great weight in the Fourth Circuit. *See, e.g.*, *United States v. Sterling*, 860 F.3d 233, 248 (4th Cir. 2017); *United States v. Byers*, 649 F.3d 197, 210-11 (4th Cir. 2011); *United States v. Van Metre*, 150 F.3d 339, 351-53 (4th Cir. 1998); *United States v. Love*, 134 F.3d 595, 603 (4th Cir. 1998); *United States v. Queen*, 132 F.3d 991, 997-98 (4th Cir. 1997).

## CONCLUSION

Information concerning the cost, description, and layout of the homes is highly probative to the defendant's lack of adverse financial consequences and her motives for committing the crimes. This information should not be excluded.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing was electronically filed via CM/ECF which provides notice to counsel of record.

                                                      _____/s/_____
                                                     Aaron S.J. Zelinsky
                                                     Assistant United States Attorney