UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | No. 1:22-cr-7-LKG |
| MARILYN MOSBY | * | |

* * * * * * * * * * *

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION IN LIMINE
TO EXCLUDE TESTIMONY THAT REVEALS
ATTORNEY-CLIENT PROTECTED INFORMATION**

Mrs. Mosby has moved in limine to exclude the government from presenting evidence that violates the attorney-client privilege at both the perjury trial and mortgage fraud trial, and to add certain information to one "sanitized statement." ECF 250. Mrs. Mosby is considering the government's proposed amendment to possible stipulations and will inform the Court as soon as possible if the pending motion becomes moot.[1]

**I.    Absent An Agreed-Upon Stipulation, The Court Need Only Decide The Attorney-Client Issues As They Relate To Mr. Shuster.**

Mrs. Mosby does not object to admission of the sanitized Mosby-Richardson email, the sanitized July 20, 2020 letter Mrs. Mosby sent to Inspector General Cumming, or the sanitized January 21, 2021 letter Erin Murphy sent to Inspector General Cumming. As the Government points out, the January 6, 2021 letter from attorney Bill Brennan to Maryland Bar Counsel Lawless does not relate to the perjury trial.[2] ECF 270 at 9. At present, absent an agreed-upon stipulation, the Court need only rule on the attorney-client privilege issues as they relate to the August 19, 2020 and February 12, 2021 letters from attorney David

---

[1] The government has suggested a proposed compromise as follows: "The information contained in the letter was communicated to attorney Shuster by Marilyn Mosby." ECF 270 at 9.

[2] Because of this, Mrs. Mosby directs the remainder of the arguments herein to the Shuster letters and leaves for another day the attorney-client privilege matters as they relate to Mr. Brennan.

1

Shuster to Inspector General Cumming and the scope of Mr. Shuster's testimony.

### II. Mrs. Mosby Has Met Her Burden To Establish That The Attorney-Client Privilege Covers Communications Between Mrs. Mosby And Mr. Shuster About The August 19, 2020 And February 12, 2021 Letters.

The government argues that Mrs. Mosby has not established that Mr. Shuster was "acting as a lawyer" at the time of the communication, that "the communication relates to a fact of which the attorney was informed by his client and without the presence of strangers," or that the conversations were "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not for the purpose of committing a crime or tort." *Id.* at 10. The government argues that Mrs. Mosby has failed to meet her burden because she has not provided an ex parte submission to the court or an affidavit. *Id.*

The government relies on an incorrect reading of *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398 (D. Md. 2005), to make this argument. *Neuberger* itself makes clear that an affidavit or ex parte submission is not always required to establish the existence of the attorney client relationship. In that case, the court was refereeing a contentious civil discovery dispute where privilege logs were found to be inadequate to allow the court to make rulings on whether the privilege applied. *Id.* at 404-10. That case does not stand for the proposition that parties are required to submit affidavits or ex parte submissions in every case to establish the privilege. Indeed, this Court generally allows parties to assert the privilege through a privilege log, not an affidavit. *See* Appendix A (Discovery Guidelines of the United States District Court for the District of Maryland) to U.S. District Court of Maryland Local Rules (July 1, 2023), Guideline 10(d)(ii). A party need only provide the court with "enough information to permit an evaluation of the assertion of

2

the privilege and the Court enough information to rule." *Neuberger*, 230 F.R.D. at 406. It is only where the opposing party – with reasonable promptness – challenges the sufficiency of the asserted privilege, that more may be required. App'x A, Guideline 10(d)(iv); *Sky Angel U.S., LLC v. Discovery Communications, LLC*, 28 F. Supp. 3d 465, 483 (D. Md. 2014). The fact that the government had the opportunity to make this argument before but did not, *see* ECF 110-2 at 8-11, makes the speciousness of the government's argument on this point exceedingly clear.

Between Mrs. Mosby's assertion of the privilege and Mr. Shuster's letters (*see* ECF 270, Exhibits E & F), the Court has enough information to determine that Mrs. Mosby has met her burden. *See Neuberger*, 230 F.R.D. at 406 ("[T]he goal of [the rules surrounding establishing the privilege] is to allow the propounding party enough information to permit an evaluation of the assertion of the privilege and the Court enough information to rule."). The letters, written on law firm letterhead, make clear that Mr. Shuster is an attorney for Mrs. Mosby. ECF 270 Ex. E ("As you [Inspector General Cumming] are aware Andy Graham and I represent Ms. Mosby."); ECF 270 Ex. F ("[T]he publication of your Report brings to a close a frustrating and unnecessary chapter in our client's professional life."). Indeed, in its prior motion in limine to admit these same sanitized statement, the government described Mr. Shuster as Mrs. Mosby's "private counsel." ECF 110-2 at 6. Mr. Shuster was retained by Mrs. Mosby in a legal capacity to provide legal services and assist with responding to the Inspector General's investigation into her. In the August 2020 letter, Mr. Shuster provided responses to the Inspector General's document requests, a matter lawyers perform on behalf of their clients every single day. ECF 270 Ex. E. In the February 2021 letter, Mr. Shuster provided a response to the Inspector General's report, pointing out, among other issues, legal

errors in the report. ECF 270 Ex. F at 3 ("Your conclusion is factually and legally incorrect."); *id.* at 4 ("[Y]our interpretation of the applicable rules is incorrect."); *id.* ("Hence, your legal conclusion . . . is incorrect . . . ."). Responding to conclusions made by third parties with legal authority (*e.g.*, prosecutors, federal agencies, law enforcement) on behalf of a client, particularly a state actor who is investigating a client as part of a formal legal proceeding, is a routine task for an attorney. Typically when someone is investigated in this way, they hire a lawyer to represent them. That's quintessential legal work.

The Court should reject the government's baseless claim that Mrs. Mosby has not established that the attorney-client privilege applies.

### III. The Government's View Of Fourth Circuit Law Would Render The Attorney-Client Privilege A Nullity.

The government argues that "[b]ecause the defendant hired attorneys for the purpose of conveying material to third parties, her underlying communications are not privileged." ECF 270 at 11. That view of the attorney-client privilege would swallow the privilege whole. For example, every day federal prosecutors and agents send grand jury subpoenas to third party companies to collect documents to aid in their investigations. And every day, those companies hire lawyers to help respond to those subpoenas. The mere fact that lawyers are hired to produce documents in response to the subpoenas does not mean that every single communication a company employee has with the law firm lawyer is unprotected by the attorney-client privilege. Holding otherwise means, in a wide variety of matters, there would be no attorney-client privilege at all. That is not the law.

There is an important distinction between information a client provides a lawyer to provide to a third party, on the one hand, and communications between a client and lawyer about that information, on the other. The attorney-client privilege does not apply "to

4

information that the client intends his attorney to impart to others[,] . . . or which the client intends shall be published or made known to others." *In re Grand Jury Proceedings*, 727 F.2d 1352, 1356 (4th Cir. 1984)). But the privilege does apply to the latter category of communications, *i.e.*, communications surrounding the information to be shared publicly. *E.g.*, *United States v. Under Seal*, 341 F.3d 331, 335-36 (4th Cir. 2003) ("The underlying *communications* between [lawyer] and [client] regarding his submission of [the immigration form] are privileged, regardless of the fact that those communications may have assisted him in answering questions in a public document."). Mrs. Mosby pointed to several cases in her opening motion making this point, all of which went ignored by the government. *Compare* ECF 250 (Mrs. Mosby's opening motion) at 7 (citing *United States v. Murra*, 879 F.3d 669, 682 (5th Cir. 2018); *Soloman v. Scientific Am., Inc.*, 125 F.R.D. 34, 37-38 (1988); *Buford v. Holladay*, 133 F.R.D. 487, 492 (S.D. Miss. 1990); *R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc.*, No. 99-c-1174, 2001 WL 1286727, at *5 (N.D. Ill. Oct. 24, 2001)), *with* ECF 270 (no discussion of these cases).

To be clear, Mrs. Mosby is *not* arguing that the content of the letters that the government seeks to admit is protected by the attorney-client privilege. Rather, Mrs. Mosby's argument is that the surrounding *communications* between Mrs. Mosby and her attorney (separate and apart from the information to be relayed to the third party) are protected by the privilege. This distinction means that the government should not be able to question her attorneys about conversations regarding those letters—specifically, whether Mr. Shuster asked Mrs. Mosby whether she reviewed the letters in full, approved of them, and told Mr. Shuster to deliver them.

Notwithstanding that Mrs. Mosby retained Mr. Shuster for legal services related to information that would become public, Mrs. Mosby retains the attorney-client privilege over the content of communications with Mr. Shuster, and for the reasons explained in Mrs. Mosby's

opening motion, *United States v. Under Seal*, 341 F.3d 331 (4th Cir. 2003) and *In re Grand Jury Proceedings*, 727 F.2d 1352 (4th Cir. 1984) (cited by the government) support her argument. ECF 250. *United States v. Under Seal*, 748 F.2d 871 (4th Cir. 1984), also cited by the government, does not undermine Mrs. Mosby's point. There, the Fourth Circuit held that the attorney-client privilege did not protect documents that "do not reveal client communications" or that "the communications revealed could not reasonably have been expected to remain private." *Id.* at 877.

### IV.     Mr. Shuster Was Providing Legal Advice To Mrs. Mosby.

The government makes a half-hearted attempt to claim that Mr. Shuster was acting as a "public spokesperson," not a lawyer, and, accordingly, Mrs. Mosby's communications with him are not protected by the attorney client privilege. ECF 270 at 14. As explained above, the letters the government has attached themselves demonstrate that Mr. Shuster was acting as a lawyer to provide counsel and aid in an investigation by the Inspector General. The Inspector General has authority to investigate "potential violations of laws or regulations by any . . . external recipient of City funds, benefits, or services," including the Baltimore City State's Attorney's Office and the State's Attorney. *See* Baltimore City Charter, Article X, § 3(c)(6). Indeed, when she was interviewed by Inspector General Cumming, Mrs. Mosby was provided a warning and advice of rights form that was the equivalent of a *Miranda* warning, and the Inspector General requested documents to conduct its investigation. Mrs. Mosby appropriately hired a lawyer to perform the legal work of aiding her in that investigation.

### V.     Conclusion

For the reasons explained, the Court should enter an order precluding the government from presenting evidence that violates the attorney-client privilege at the perjury trial (*i.e.*,

6

that Mrs. Mosby reviewed the Shuster letters in full, approved them, and directed her attorney to send the statements to the Inspector General).

Respectfully submitted,

/s/ James Wyda
James Wyda
Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org

/s/ Lucius Outlaw
Lucius Outlaw
Outlaw PLLC
1351 Juniper Street, NW
Washington, DC 20012
Phone: (202) 997-3452
loutlaw3@outlawpllc.com

/s/ Maggie Grace
Maggie Grace
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
maggie_grace@fd.org