**United States District Court for
the District of Maryland**

| | |
|---|---|
| **United States**<br><br>v.<br><br>**Marilyn Mosby** | No. 1:22-cr-7-LKG |

**Motion to Preclude Improper Government Argument Based on Evidence of Mrs. Mosby's Financial Recordkeeping**

Marilyn Mosby moves the Court for an order prohibiting the government from arguing in closing that her financial bookkeeping is relevant to (1) any purpose mentioned in Federal Rule of Evidence 404(b)—either an impermissible purpose, such as demonstrating propensity, or a permissible one, such as proving motive or opportunity—or (2) any crimes other than those charged in the indictment.

The government's primary witness during the first day of trial was Jenna Bender, a forensic accountant with the Federal Bureau of Investigation. Through Ms. Bender, the government introduced numerous of Ms. Mosby's financial records, including tax returns, bank account statements, credit card statements, receipts/invoices, and articles of incorporation for her business, Mahogany Elite. The government focused, in particular, on two documents: (1) a spreadsheet Ms. Mosby sent to her accountant on May 23, 2020,

reflecting itemized travel expenses for 2019 and 2020, and (2) a second spreadsheet Ms. Mosby sent to her accountant on August 7, 2020, reflecting itemized travel expenses for Mahogany Elite in 2019 and 2020.

By comparing those two spreadsheets to one another, and to other documents such as bank and credit card statements, the government sought to highlight what it perceives as discrepancies or irregularities in the potential business deductions Ms. Mosby reported to her accountant. For example, spreadsheet #2 described a trip to Florida as occurring between July 26 and August 3, 2019, whereas Ms. Mosby's credit card statement indicates that the tickets were booked on September 24, 2019, and that the trip was to Boston, rather than Florida. Spreadsheet #2 also lists certain dollar amounts for travel and food during a trip to Washington, DC, one of which also appears on a separate document purporting to itemize deductions related to Ms. Mosby's work as state's attorney. And spreadsheet #2 says Ms. Mosby spent $451.53 on travel for a mid-September trip to Philadelphia, whereas spreadsheet #1 says she spent that amount on travel for an early-November trip to Cancun.

The government pointed to a handful of other alleged inconsistencies along the same lines. In addition, the government elicited testimony from Ms. Bender purporting to show, among other things, that Ms. Mosby did not list Mahogany Elite on her state ethics disclosure form; that in response to a government subpoena, Mahogany Elite was unable to produce any records relating to a June 2019 trip to Charleston that appears on spreadsheets #1 and #2; and that Ms. Mosby's husband accompanied her on a Cancun trip that she listed on the two spreadsheets.

At this stage, it is unclear how the government intends to incorporate the above evidence into its closing argument to the jury. Ms. Mosby fears, however, that the

government will seek to use evidence of her financial bookkeeping for a purpose forbidden by Federal Rule of Evidence 404(b).

Under Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The "general inadmissibility of such evidence is based on the danger that this type of evidence will overly influence the finders of fact and thereby persuade them to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *United States v. McBride*, 676 F.3d 385, 395 (4th Cir. 2012). Because other-acts evidence is never admissible to prove propensity, the government should be prohibited from arguing to the jury that the inconsistencies and omissions in Ms. Mosby's financial records demonstrate a character for knowingly making false statements, which in turn makes it more likely that she knowingly made a false statement on her Nationwide withdrawal forms.

Propensity aside, bad-acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see United States v. Hall*, 858 F.3d 254, 266 (4th Cir. 2017). But to admit bad-acts evidence for one of these purposes, the government "must . . . provide reasonable notice of any such evidence that the prosecutor intends to offer at trial." *Id.* 404(b)(3)(A). Notice must be given "in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice." *Id.* 404(b)(3)(C). This requirement "is intended to reduce surprise and promote early resolution on the issue of admissibility," Fed. R. Evid. 404, advisory committee's notes to 1991 amendments, and it provides "protection against the misuse of prior 'bad act' evidence,"

*McBride*, 676 F.3d at 396. "Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Fed. R. Evid. 404, advisory committee's notes to 1991 amendments.

Here, the government did not provide pretrial notice—in writing or otherwise—that it intended to introduce any evidence pursuant to Rule 404(b)(2). Nor will the government be able to establish "good cause" to excuse its lack of pretrial notice. Thus a "condition precedent" to the admissibility of Rule 404(b) evidence has not been satisfied, and evidence of Ms. Mosby's prior bad acts is "inadmissible" under the Rule. *Id.* The government should therefore be prohibited from arguing to the jury that Ms. Mosby's financial records and bookkeeping practices establish motive, opportunity, intent, knowledge, or any other Rule 404(b)(2) purpose.

Finally, the government may wish to argue or imply, based on the documentary evidence elicited from Ms. Bender, that Ms. Mosby is guilty of crimes other than perjury, such as tax fraud. The Court should forbid the government from doing so. As the parties' joint proposed jury instructions explain, Ms. Mosby "is not charged in this case with committing any other crime." ECF 266 at 20. Whether she properly claimed business deductions on her tax returns, or made misstatements on her ethics disclosure forms, is entirely irrelevant to whether she violated 18 U.S.C. § 1621, the statute at issue in this trial. Any argument or insinuation that Ms. Mosby violated separate criminal statutes would be highly prejudicial.

Respectfully submitted,

| | |
|---|---|
| /s/ James Wyda | /s/ Lucius Outlaw |
| James Wyda | Lucius Outlaw |
| Federal Public Defender | Outlaw PLLC |
| Office of the Federal Public Defender | 1351 Juniper Street, NW |
| 100 South Charles Street | Washington, DC 20012 |
| Tower II, 9th Floor | Phone: (202) 997-3452 |
| Baltimore, MD 21201 | loutlaw3@outlawpllc.com |
| Phone: (410) 962-3962 | |
| jim_wyda@fd.org | |

/s/ Maggie Grace
Maggie Grace
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
maggie_grace@fd.org