IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN MOSBY, | * | |
| | * | |
| Defendant. | * | |
| | ****** | |

## GOVERNMENT'S REPLY MOTION TO EXCLUDE
## MORTGAGE PAYMENT AND LIEN PAYMENT INFORMATION

**1. The Sale and Mortgage Payment Information Are Irrelevant**

The defendant agrees that no evidence of her mortgage payments should be admitted. ECF 364, at 1.  But, she argues, if the government introduces evidence regarding why the bank asked her questions about her finances, she should be entitled to introduce evidence that she continued to make payments on the loans after she procured them by fraud. *Id.* The defendant cites no cases for this tit-for-tat proposition, and it is unfounded in law.  The reason for the bank asking about her financial state was to gauge the interest rate and creditworthiness at the time the defendant received the loan. The evidence shows the defendant knew this, and so she lied to get a lower interest rate.  Whether she subsequently made payments on the fraudulently obtained loan is irrelevant to whether she committed fraud to obtain the funds at a lower interest rate in the first place, and the defendant has no credible argument to the contrary.  The subsequent payments should thus be excluded.

Perplexingly, the defendant also now appears to seek to conditionally admit information she simultaneously seeks to exclude.  On December 15th she argued that evidence of the sale of the Kissimmee property should be excluded because "knowing that fact will in no way assist the jury in determining whether Ms. Mosby's statements were false." ECF 341, at 3. But less than two

weeks later, she argues that she should be allowed to introduce that same evidence if the government introduces evidence regarding why she had motive to lie regarding the questions she was asked. *See* ECF 364, at 2. The defendant was right the first time. The sale information is not relevant and should not be introduced at trial.

2. **The Payment of the Lien Is Irrelevant**

The defendant does not dispute the government's underlying contention: the subsequent payment of the tax lien itself is irrelevant to whether she lied about the lien in the first place. Instead, the defendant offers up a tepid rehash of her arguments for admitting rank hearsay. *See* ECF 364, at 3-4.  The government has already engaged with those arguments at length and will not waste the Court's time by repeating the counterarguments here.  Suffice it to say, the defendant implicitly concedes there is no relevance to the fact of the repayment itself (which is what the government seeks to have excluded), and rather hangs her hat on the associated out-of-court statements accompanying the repayment, made while she and her husband were well-aware they were under a federal tax investigation.  The repayment itself is therefore irrelevant and should be excluded, and the hearsay statements should be excluded for the reasons previously provided by the government. *See* ECF 371.

## CONCLUSION

For the foregoing reasons, the government's motion should be granted.

Respectfully submitted,

Erek L. Barron
United States Attorney


By: _____/s/_____
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

                                                    _____/s/_____
                                                    Aaron S.J. Zelinsky
                                                    Assistant United States Attorney