## OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND
NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA                                                                                          MAGGIE GRACE & SEDIRA BANAN
FEDERAL PUBLIC DEFENDER                                                              ASSISTANT FEDERAL PUBLIC DEENDERS

January 26, 2024

*Under Seal*
Honorable Lydia Kay Griggsby
United States District Judge
United States District Court – Greenbelt
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Marilyn Mosby*, No. 22-cr-007

Dear Judge Griggsby,

    We write regarding the matter raised by the Court this afternoon and to request additional follow-up to ensure Ms. Mosby's fair trial rights. We appreciate the Court's attention to this matter.

    Yesterday, the Court made the parties aware that on the morning of January 24, 2024, a Court Security Officer made inappropriate, derogatory comments about Marilyn Mosby in the public security check-in area of the Greenbelt courthouse to a group of law clerks. The Court shared with the parties that a colleague had made the Court aware of the incident after learning of the matter through the law clerks. We understand from the Court that the Court Security Officer referred to Ms. Mosby as a "shank" multiple times and shared his opinion about the pending matter. We further understand that the Court Security Officer's personal opinions stem from his connection to a former colleague from the Baltimore City Police Department who was involved in the Freddie Gray matter. The Court is aware that Ms. Mosby prosecuted a group of police officers involved in Mr. Gray's death when she served as Baltimore City State's Attorney.

    We appreciate the Court promptly raising this matter with the parties and the Court's willingness to follow up to ensure Ms. Mosby receives a fair trial. Having had a chance to investigate the issue further, we write to request that the Court take additional steps to ensure no jurors were influenced by this particular Court Security Officer's personal opinions either at the

*United States v. Marilyn Mosby*, No. LKG-22-007
January 25, 2024 Correspondence (Under Seal)

Page **2** of **3**

public security check-in on the morning of January 24, 2024, or at any time since jury selection began on January 17, 2024.

"A defendant's Sixth Amendment right to trial by an impartial jury is violated if an influence outside of the jury's deliberative process, a so-called 'external influence,' affects the jury's decision-making." *United States v. Johnson*, 954 F.3d 174, 179 (4th Cir. 2020) (quoting *Barnes v. Joyner*, 751 F.3d 229, 240 (4th Cir. 2014)). "'[I]f even a single juror's impartiality is overcome' by such an external influence, the defendant's right to an impartial jury has been compromised." *Id.* (quoting *United States v. Lawson*, 677 F.3d 629, 648-49 (4th Cir. 2012)). Courts take these matters seriously. *See Remmer v. United States*, 347 U.S. 227, 229 (1954) (establishing the procedures that a district court must follow when there has been a direct or indirect "private communication, contact, or tampering . . . with a juror during a trial about the matter pending before the jury"); *cf. United States v. Swanagan*, No. 4:22-cr-3-RGJ, 2023 WL 6929833, at *4 n. 3 (W. D. Kent. 2023)  (the court requested to view all security footage in the courthouse to confirm that defendant was transported in shackles in the presence of jurors).

At this time, Ms. Mosby is not requesting a *Remmer* hearing. Ms. Mosby recognizes that all parties are at an information deficit regarding this incident. To put the parties in a better position to determine whether there has been potential prejudice to Ms. Mosby, undersigned counsel requests access to the following information:

- Clarification regarding how jurors enter the courthouse each day and, specifically, whether any jurors entered the courthouse on the morning of January 24, 2024 through the public security check-in area;
- The results of any internal investigation that has been completed;
- The opportunity to interview the law clerks who witnessed the inappropriate comments;
- The opportunity to interview the Court Security Officer to ask whether he has made any comments whatsoever about Ms. Mosby or the pending matter while in earshot of jurors;
- The opportunity to interview other Court Security Officers about whether they have knowledge of this Court Security Officer's comments on this occasion or others;
- Immediate preservation of any and all time and shift records for this Court Security Officer, as well as video tapes that might capture his interactions with jurors and potential jurors since January 17, 2024.

*United States v. Marilyn Mosby*, No. LKG-22-007
January 25, 2024 Correspondence (Under Seal)

Page **3** of **3**

    We understand that Court Security Officers routinely work throughout the courthouse separate and apart from their shifts at the security check-in. While we understand and appreciate that the particular Court Security Officer has been pulled from the security check-in, we request that he not be put in a position where he could have any potential contact with the jury.

    We appreciate the Court's attention to this important matter and welcome the opportunity to have a further conversation.

Respectfully,

/s/ _____
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org