United States District Court for
the District of Maryland

| United States<br><br>v.<br><br>Marilyn Mosby | No. 1:22-cr-7-LKG |
|---|---|

### MOTION TO ENSURE JURY'S FACTFINDING ROLE REMAINS UNDISTURBED

Ms. Mosby hereby files this motion to ensure the jury's factfinding role remains undisturbed. Ms. Mosby herein asks the Court not to instruct the jury about the Court's pretrial ruling regarding the investigation of Ms. Mosby.

### Background

On January 25, 2024, Mr. Mosby testified on direct examination for approximately three hours. Twice, Mr. Mosby testified about his March 21 interview. The first time, Mr. Mosby briefly testified about how that interview occurred and some of the questions. *See* Rough Trial Transcript (January 25, 2024) at Page 73, ll.8-20. The second time, Mr. Mosby simply provided the date of that interview. *See id.* at Page 87, ll.22-25. Once, Mr. Mosby said Ms. Mosby was consistently a target of investigations by people who did not like her. *See id.* Page 42, ll.7-12.

Based on this limited testimony, the Government requested to cross-examine Mr. Mosby on wide-ranging prior investigations into Ms. Mosby related and unrelated to Mr. Mosby's March 10, 2021 interview. The Government also requested that the Court read the Court's pretrial finding that there was no improper prosecution. As to the former request, the Court has permitted the Government to inquire during cross-examination about Mr. Mosby's experience with the March 10th investigation and what he meant by saying Ms. Mosby was the target of investigations by folks that didn't like her. Rough Trial Transcript (January 25, 2024) at 122. As to the latter request,

1

the Court agreed to read an instruction after consultation with counsel about the content of the instruction.

Counsel believes the Government and Court are referring to the Court's April 14, 2022 memorandum opinion and order. *See* ECF 52. On February 18, 2022, prior counsel for Ms. Mosby filed a motion to dismiss the indictment "on the basis of selective or vindictive prosecution." ECF 17. On April 14, 2022, the Court denied Ms. Mosby's motion to dismiss the indictment on vindictive and selection prosecution grounds after finding that Ms. Mosby had not met the appropriate legal standard. ECF 52 at 10-13.

## Argument

It would be entirely improper for the Court to instruct the jury on its pretrial ruling that the there has been no vindictive or selective prosecution of Ms. Mosby.[1] Doing so would invade the province of the jury and constitute reversible error.

It is a foundational rule of our criminal system that the role of the jury is to apply the law to the facts to determine the ultimate question of the defendant's guilt or innocence. *See United States v. Gaudin*, 515 U.S. 506, 514 (1995); *United States v. Ramirez-Castillo*, 748 F.3d 205, 212–13 (4th Cir. 2014) ("The right to a trial by jury 'includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of "guilty."'" (quoting *Sullivan v. Louisiana,* 508 U.S. 275, 277 (1993))); *see also United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996) (explaining that it is a "fundamental principle that if a defendant avails himself of his Sixth Amendment right to trial by jury, only the jury can reach the requisite finding of 'guilty'" (internal quotation marks omitted)). "The jury trial guarantee embodied in the Sixth

---

[1] So that the record is clear, Ms. Mosby objects to the Government's cross-examination of Mr. Mosby on all grounds related to the investigations.

Amendment "reflect[s] a fundamental decision about the exercise of official power—a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges." *Duncan v. Louisiana,* 391 U.S. 145, 156 (1968).

Though it is not what Ms. Mosby was seeking to accomplish when Mr. Mosby made non-responsive answers in two places,[2] it is also foundational that, as a factual matter at trial, a defendant is allowed to attack, as part of a defense, deficiencies in an investigation. *Kyles v. Whitley*, 514 U.S. 419, 444 (1995) ("Damage to the prosecution's case would not have been confined to evidence of the eyewitnesses, for Beanie's various statements would have raised opportunities to attack not only the probative value of crucial physical evidence and the circumstances in which it was found, but the thoroughness and even the good faith of the investigation, as well."); *Bowen v. Maynard*, 799 F.2d 593, 613 (10th Cir. 1986); *State v. Collins*, 10 A.3d 1005, 1025-26 (Conn. 2011) ("A defendant may . . . rely upon relevant deficiencies or lapses in the police investigation to raise the specter of reasonable doubt, and the trial court violates his right to a fair trial by precluding the jury from considering evidence to that effect.").

Taking that ability away by instructing the jury otherwise denies a defendant a fair trial. *See Commonwealth v. Bowden,* 379 Mass. 472, 485–86, (1980) (trial court improperly instructed jury not to consider evidence of investigators' failure to perform certain scientific tests when defendant's presentation at trial focused on raising inference that "police had contrived much of the case against him" and he emphasized that failure "in order to call into question the integrity of the police investigation"); *see also Commonwealth v. Avila,* 454 Mass. 744, 767 (2009) ("a judge may not remove the issue of a biased or faulty police investigation from the jury"); *People v.*

---

[2] The purpose of the second reference to the March 21, 2021 was simply to elicit the date of the interview, as it is important in the timeline of the case.

3

*Rodriguez,* 141 App. Div. 2d 382, 529 N.Y.S.2d 318 (1988) (trial court denied defendant fair trial by "eliminat[ing] from the jury's consideration an essential element of the defense," namely, police testing that did not yield fingerprints on gun at issue).

The integrity of an investigation is a factual matter that a jury can consider in determining whether the Government has established the guilt of a criminal defendant. Reading – or instructing the jury at all – on the Court's pretrial ruling that Ms. Mosby has not established a claim of vindictive or selective prosecution invades the province of the jury on this front. Indeed, it goes further, vouching for and giving credibility to the investigation. Moreover, the Court's legal, pretrial ruling on vindictive/selective prosecution will serve only to confuse the jury and invade their province. Instead, the Court can simply strike the non-responsive comments regarding the investigations – specifically, "she was consistently a target of investigations by folks that didn't like her" and commentary on how the federal agents conducted the March 10, 2021 interview and what they were questioning about – from the record and tell the jury to disregard them.

    Respectfully,

/s/ _____
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org