IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARILYN J. MOSBY,<br><br>Defendant. | CRIM. NO.  LKG-22-7 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF PRIOR RULING REGARDING
<u>IMPROPER DEFENSE WITNESS TESTIMONY</u>**

The United States of America submits this response in opposition to Defendant Marilyn J. Mosby's motion seeking reconsideration of the Court's prior ruling regarding the improper testimony of a defense witness. *See* ECF 424. The Defendant's motion is wrong on the facts and wrong on the law. Granting the Defendant's motion to reverse the Court's correct ruling would represent a severe miscarriage of justice. It would allow a bald-faced nullification attempt in violation of the Court's previous rulings to go unaddressed. The Court should instead take the modest step it has already ruled it would and instruct the jury that selective and vindictive prosecution is not a matter for the jury to consider, and the judge has already decided the matter. It must do so in order or to, at least partially, remediate the repeated violations of this Court's orders by the Defendant's witness.

1. **The Court's Clear Orders Exclude All Evidence and Arguments Regarding Vindictive, Selective, Political, or Unfair Prosecution**

The Court extensively considered spurious, unfounded, and baseless claims of bias in this case, which previous defense counsel continued to make to the public even after the Court had ruled there was no basis for any accusations. This Court held that the Defendant "has neither shown objective evidence that [the prosecutor] *has acted with personal animus towards the Defendant*,

1

nor that the Government would not have brought the case but for such animus." ECF 52, at 13 (emphasis added). Similarly, this Court held that the Defendant has not "show[n] that the prosecution of this case was undertaken in bad faith," or because of racism. *Id.* at 13. Immediately following the Court's ruling, the Defendant herself stated that she "did not expect to prevail" on these specious grounds. Alex Mann & Lee O. Sanderlin, *Federal Judge denies Baltimore State's Attorney Marilyn Mosby's motion to dismiss charges against her; case to go on*, Baltimore Sun, Apr. 14, 2022, available at https://www.baltimoresun.com/news/crime/bs-md-ci-cr-mosby-motions-hearing-20220414- ymibtg67b5gw5lp6uu4aeqebsm-story.html.

This Court then excluded *all* "evidence and arguments at trial regarding . . . vindictive, selective, political, or unfair prosecution of the Defendant," because there was no credible basis for any such allegation. ECF 105, at 11. The Court also clearly held that "evidence and arguments about the Government's investigation and prosecution of this matter are also improper at the trial stage of this criminal proceeding. ***It is well-established that arguments regarding an alleged vindictive or selecti[ve] prosecution are not admissible at trial.***" *Id* (emphasis added).

Beyond the above-described specious arguments, the Court was also crystal clear that prior investigations were *entirely excluded* from evidence, at the *Defendant's* motion:

> Defendant persuasively argues, however, that evidence about prior investigations into her conduct should be excluded at trial. Defendant offers several grounds for excluding this evidence under Fed. R. Evid. 401, 402, 403 and 404(b). Def. 5th Mot. at 4-8. The issues in this case involve whether Defendant committed perjury, and/or made false statements, in connection with her Coronavirus-related Distribution requests and mortgage loan applications. *See generally* Superseding Indictment. Given this, the Court agrees with Defendant that evidence about prior investigations involving other, unrelated, matters is not relevant to the issues in this case. **And so, the Court will exclude evidence about prior investigations of Defendant.**

ECF 105, at 20.

## 2. The Defendant Put on Testimony that Repeatedly Violated this Court's Clear Orders.

As is described below, the Defendant's witness, Nicholas J. Mosby, repeatedly testified in violation of the above-described orders of the Court. In making a request for reconsideration for the Court's remedy for this violation, the Defendant's motion contains an inaccurate and incomplete recitation of the facts of that testimony. The Defendant describes the facts thus:

> The first time, Mr. Mosby briefly testified about how that interview occurred and some of the questions. See Rough Trial Transcript (January 25, 2024) at Page 73, ll.8-20. The second time, Mr. Mosby simply provided the date of that interview. See id. at Page 87, ll.22-25. Once, Mr. Mosby said Ms. Mosby was consistently a target of investigations by people who did not like her. See id. Page 42, ll.7-12.

That is not what happened.

Mr. Mosby testified under cross examination that he had prepared on at least two occasions with current defense counsel prior to testifying. *See* Rough Transcript (Tr.) 1/25/2024, at 158. However, his testimony demonstrates that he is not aware of the Court's prior ruling on vindictive prosecution and the inadmissibility of prior investigations. For example, during his testimony, the following exchange took place:

> Q. How were you dishonest with Ms. Mosby about owing money to the IRS?
>
> A. I knew it would be another burden on her so I kept it away from her. As state's attorney, you know, she consistently got death threats. She was consistently a target of investigations by folks that didn't like her –

Tr. 1/25/2024, at 43:7-12. The witness's statement that the Defendant was "consistently" a target of investigators who "didn't like her" came *directly* after the comment about "consistent" death threats that she received. The grouping together thus further impugned the prosecution team. The two "consistent" things were, according to her lead witness, that she "consistently got death threats" and that "she was consistently a target of investigations by folks that didn't like her."

3

The Government immediately objected. The Government noted that "the defense has now opened the door to ongoing investigations and the witness is giving his understanding and opinion on the motive for those investigations." Tr. 1/25/2024, at 43:22-25. In response, counsel responded: "Your Honor, I didn't hear that at all. I mean, I -- Ms. Mosby was serving as ta state's attorney. I don't think the witness even used the name Freddie Gray prosecution occurred, the job became overwhelming."[1] Tr. 1/25/2024, at 44:7-10. The Government then read back the relevant quote above and stated that the statement was also "a violation of this Court's Orders that specifically excluded information about the prior investigations." Tr. 1/25/2024, 48:6-9.

Later, the Defendant's witness testified that the Defendant's "credibility always being called into question particularly from folks in the legal community." 1/24/2024, 77:11-13. This occurred shortly after the witness described at length the investigation into the jointly filed tax returns, including an interview conducted by the two case agents sitting behind counsel's table:

> Q: Does there come a time when you informed Ms. Mosby that you didn't actually take care of the tax liabilities and the lien?
>
> A: *The Department of Justice sent federal* agents into city hall who asked me to stop my public meeting on the board of estimates on my birthday and questioned me for, I believe, almost two hours which started the investigation. They questioned everything from campaign stuff to personal matters, to financial stuff, to business matters. And I still was of the assumption that, again, there wasn't a tax lien. Throughout that process of the investigation I eventually came clean with Marilyn that it was not handled the way I communicated to her back in 2020.

1/24/2024 Tr. at 73:8-20 (emphasis added). The witness gave no description of any other member of the legal community in his testimony because the "Department of Justice" officials who the Defendant's witness was referring to were, as described below, the prosecutors *in this very case*

---

1 The Government is now – as it was then – unaware of how this statement about Freddie Gray is in any way responsive to the Government's objection to impugning the investigators. Notwithstanding, the witness later did mention Freddie Gray twice in his testimony on direct examination, to the extent such a reference would be germane to this discussion in any way. *See* 1/24/2024 Tr. at 62:8 and 82:1.

4

who "sent federal agents" to interview him as part of the "investigations" that were directed by "folks" who "didn't like" the defendant. The Defendant's witness was crystal clear that it was *these* prosecutors he was talking about, and that he was impugning the motives of *this* prosecution.

In addition, After the lunch break, the following exchange occurred:

Q: Good afternoon.. So I wanted to take you back to some of the testimony from this morning just briefly. You mentioned that you were interviewed by the FBI on your birthday.

A. Yes.

Q. Would you mind sharing your birthday?

A. March 10th.

Q. Could you give the year of that interview?

A. 2021.

Tr. 1/24/2024, at 86:16-23. This came shortly after testimony by the witness that, "I also knew that I'd always filed my taxes on time. That I was attempting to be responsive to the IRS and I never – and that I was going to take care of it. I never expected it to turn into being secretly recorded by the federal government." Tr. 1/25/2024, at 82:19-22. The Court ordered those remarks struck. *Id.*

Finally, on cross-examination, the following exchange occurred:

A: Again, I think the foundation of the Government's case is about the taxes that gave her access to get the property.

Q. The taxes gave her access to get the. property. You think that the fact that you didn't pay your taxes gave her access to the property, correct?

A. No, no, ***I think the fact that we didn't pay our taxes is why <u>you</u> secretly recorded me and we started this*** –

Tr. 1/24/2024, at 186 (emphasis added).

Through his testimony, the Defendant's witness impugned those who were leading "investigations" of the Defendant, and made crystal clear to the jury that it was *the very prosecutors in this case* who he believed acted out of bad motives. And he further implied that there was something wrong about his being "secretly recorded."[2]

Contrary to the inaccurate and incomplete summary in the Defendant's motion for reconsideration, the above statements by the Defendant's witness represent a clear and unequivocal violation of the Court's prior orders.

### 3. The Court Should Not Reconsider Its Decision to Give a Curative Instruction.

As the Court is well aware, it already considered these issues in full and held that it would instruct the jury that there was no improper prosecution in this matter. *See Tr.* 1/24/2024, at 115:1-14 ("we would ask the Court instruct the jury that there has been no improper -- THE COURT: By the Court's finding there was no [im]proper prosecution. MR. ZELINSKY: The Court has found and I hereby instruct the jury. As we briefed many moons ago in a different courthouse with different people, this is a matter that can only be raised pretrial. Can only be raised pretrial. THE COURT: I'm happy to make that instruction."). To that end, the Government proposes the Court issue the following simple instruction upon completion of Mr. Mosby's testimony, drawn from the Court's prior rulings on this matter:

> I hereby instruct you that the defendant, Marilyn Mosby, was not the subject of vindictive or selective prosecution in this case. That is a matter for the judge alone to decide, and I have already decided it. There is no evidence that the prosecution has acted with personal animus towards the Defendant.

All this material was properly excluded years ago for good reason. Numerous courts have held that argument or evidence concerning vindictive, selective, or unfair prosecution must be

---

2 At the conclusion of trial, the Government will seek the standard Sand & Siffert instruction that there is nothing wrong with agents using covert measures to conduct investigations.

excluded at trial because it is a question for the Court, not the jury, to decide. See, *e.g., United States v. Abboud*, 438 F.3d 554, 579 (6th Cir. 2006) ("The district court's motion in limine was correct because the defense of selective prosecution is a matter that is independent of a defendant's guilt or innocence, so it not a matter for the jury."). As with any defense based on "defects in the institution of the prosecution," a defense that questions or attacks the Government's decision to prosecute is not properly put before a jury. *United States v. Cote*, 544 F.3d 88, 104 n.5 (2d Cir. 2008) (quoting F. R. Crim. P. 12(b)(1)). Therefore, a claim of selective prosecution may only be presented to the Court by motion. S*ee United States v. Schmidt*, 935 F.2d 1440, 1450 (4th Cir. 1991) ("It is well-settled that defenses and objections based on defects in the institution of the prosecution must be raised prior to trial"); *United States v. Williamson*, 701 F. App'x 212, 217 (4th Cir. 2017) ("A motion claiming selective prosecution must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits."); *United States v. Sun Myung Moon*, 718 F.2d 1210, 1229 (2d Cir. 1983) ("[A] defendant who advances a claim of selective prosecution must do so in pretrial proceedings."). Such a claim is **never** properly tried to the jury. *See United States v. Jones*, 52 F.3d 924, 927 (11th Cir. 1995); *United States v. Washington*, 705 F.2d 489, 495 (D.C. Cir. 1983); *United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973); *United States v. Danielson*, No. 97 Cr. 295 (RPP), 1998 WL 226200, at *1 (S.D.N.Y. May 5, 1998) ("a selective prosecution claim is a claim based on alleged defects in the institution of a prosecution" and therefore must be raised before trial); *United States v. Napper*, 553 F. Supp. 231, 232 (E.D.N.Y. 1982) ("The defendant does not have the right to present a selective prosecution claim to a jury."); *United States v. Sotelo-Murillo*, 887 F.2d 176, 182 (9th Cir. 1989 ("Whether the government's conduct is sufficiently outrageous to violate due process is a question of law reviewed de novo. *Id.* It is not an issue for the jury"); *United States v.*

*Cardella*, 2007 U.S. Dist. LEXIS 64370, *7 (W.D. Mo, 2007) ("defendants are not permitted to present evidence relating to claims of vindictive and selective prosecution at trial.").

But in the face of this clearest of black letter law, the Defendant argues—with no support whatsoever—that, "The integrity of an investigation is a factual matter that a jury can consider in determining whether the Government has established the guilt of a criminal defendant. Reading – or instructing the jury at all – *on the Court's pretrial ruling that Ms. Mosby has not established a claim of vindictive or selective prosecution invades the province of the jury on this front*." ECF 424, at 4 (emphasis added).

How is that possibly true? How can instructing the jury on an issue that is not theirs to decide possibly be improper, particularly when the Defendant, through her own witness, has placed the issue at the jury's feet in clear violation of the Court's orders? How can telling the jury that vindictive prosecution is not an issue for them to consider possibly "invade the province of the jury?" This issue is not the "province of the jury" and never should have been introduced in a trial in the first place, let alone repeatedly mentioned.

Instructing the jury that the propriety of the prosecution is not their concern is not improper. Rather, it is the least the Court can do to prevent the jury nullification argument that the defense has now improperly introduced through a witness it twice met with to prepare. The Defendant's witness did not just make his remarks about the FBI, or the IRS: he focused on how "Ms. Mosby was consistently a target of investigations by people who did not like her," including the "Department of Justice" who "sent" agents to question him about their shared matters. And in case there was *any* question about who those people were, he directly addressed the prosecution team, as "you" who secretly recorded him and gave rise to all of "this." In other words, in violation

8

of the Court's orders, the Defendant's witness argued to the jury this case is a vindictive and selective prosecution. There is only one reason to make such an argument: jury nullification.

## **CONCLUSION**

The Defendant's witness repeatedly introduced wrongful evidence to the jury that has been ordered excluded and should never have been mentioned. Had a Government witness mentioned any previous investigation of the Defendant, it would have resulted in an immediate motion for a mistrial – and rightly so. To follow the law and preserve the pursuit of justice, this Court should not alter its decision and should give the simple and limited instruction proposed above.

Respectfully submitted,
Erek L. Barron
United States Attorney

_____/s/_____
Sean R. Delaney
Aaron S.J. Zelinsky
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney