United States District Court for
the District of Maryland

| | |
|---|---|
| **United States**<br><br>v.<br><br>**Marilyn Mosby** | No. 1:22-cr-7-LKG |

### REPLY REGARDING MS. MOSBY'S MOTION TO ENSURE JURY'S FACTFINDING ROLE REMAINS UNDISTURBED

Ms. Mosby files this brief reply to the Government's response. Ms. Mosby is not making a "bald-faced nullification attempt" and has not "put on testimony that repeatedly violated this Court's clear orders." ECF 426 at 2-3. Mr. Mosby has expressed his own personal views a few times on the stand during a lengthy direct examination. When the defense asked him about the date of his interview with FBI agents, it was because that fact is *directly* relevant to establishing Ms. Mosby's state of mind at the time she completed mortgage application paperwork. Mr. Mosby's testimony is that Ms. Mosby did not know about the tax lien before that date.

Instructing the jury in the manner the Government requests is highly improper for the reasons stated in Ms. Mosby's motion. Indeed, the Government has not cited a single case where a court agreed to resort to such an extreme measure. All the Court needs to do is to strike Mr. Mosby's personal opinions from the record and then instruct the jury to disregard his personal opinions because the question of whether the prosecution of Ms. Mosby was selective or vindictive is irrelevant to the matters they are entrusted to decide. Telling the jury anything further would be unnecessary and confusing and constitute improper vouching. Why tell the jury what the Court has concluded about a question of law that the jury does not need to concern itself with?

Ms. Mosby is further concerned regarding this issue in relation to the upcoming cross-examination. If the Government is permitted to question Mr. Mosby about investigations, including the present one, it risks further compounding the problem the Government is seeking to cure. The cross-examination questions will be designed to directly solicit Mr. Mosby's personal opinion about matters the Government deems objectionable. The Court should decline the Government's invitation.

Respectfully,

/s/
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org