**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MARILYN J. MOSBY,** | ) | **Criminal No. 1:22-cr-00007-LKG** |
| | ) | |
| **Defendant** | ) | |
| | ) | |

**MOTION TO INTERVENE AND TO UNSEAL, OR, IN THE ALTERNATIVE, TO**
**OPPOSE DEFENDANT'S MOTION TO SEAL**

The Baltimore Banner ("The Banner"), by counsel, hereby moves this Court to unseal the

Motion to Seal filed by Defendant on January 26, 2024.  In the alternative, The Banner moves in

Opposition to the Motion to Seal.

The public and press have a presumptive right of access to judicial records and documents

filed in civil and criminal proceedings, a right grounded both in the First Amendment of the United

States Constitution and in the common law. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th

Cir. 2014); *see also Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). In

recognition of this right, the Fourth Circuit has prescribed certain procedures which a district court

must follow when presented with a request to seal: the district court must (1) give the public notice

of the request and a reasonable opportunity to challenge it; (2) consider less drastic alternatives to

sealing; and (3) should it ultimately decide to seal, state – with appropriate specificity – its reasons

for doing so. *See, e.g., Va. Dep't of State Police*, 386 F.3d at 576. At the least, the Court's reasoning

must sufficiently establish that "countervailing interests heavily outweigh the public interests in

access." *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).

The requirements prescribed by the Fourth Circuit inform this Court's own Rules. Rule

207 of the Local Rules of the District Court for the District of Maryland requires that, before ruling on a request to seal filings of post-arrest motions in criminal cases, the Court must provide sufficient time for interested parties to file objections. D. Md. R. 207.

Here, the Court sealed Defendant's Motion to Seal, a judicial document, without explanation, and without providing the public with reasonable notice and an opportunity to object. This action fails to meet this Court's responsibilities as prescribed by the Fourth Circuit and undermines the purpose of the Court's own Rules.

WHEREFORE, for the foregoing reasons, and for the reasons set forth more fully in the Memorandum of Law submitted contemporaneously herewith and incorporated by reference herein, The Baltimore Banner respectfully requests that the Court unseal Defendant's Motion to Seal, filed on January 26, 2024, or, in the alternative, consider The Banner's Opposition to Defendant's Motion to Seal.

For the Court's convenience, a proposed Order is submitted herewith.

Respectfully submitted,

January 28, 2024

_____/s/_____
Warren Hamel (Bar No. 04352)
Susan Schipper (Bar No. 19640)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
410.244.7400

*Counsel for Proposed Intervenor The
Baltimore Banner*