IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MARILYN J. MOSBY, | ) Criminal No. 1:22-cr-00007-LKG |
| | ) |
| Defendant | ) |
| | ) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND TO UNSEAL, OR, IN THE ALTERNATIVE, IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL

The Baltimore Banner (The "Banner"), by counsel, hereby moves this Court to grant its Motion to Intervene and to Unseal the Motion to Seal filed by Defendant on January 26, 2024, in the matter of *United States v. Mosby*. In the alternative, should this Court maintain its seal of Defendant's Motion to Seal, The Banner moves in Opposition to Defendant's Motion to Seal. The Banner requests that this Court grant its Motion for the limited purpose of asserting its constitutional and common law rights to access judicial documents and records.

### INTRODUCTION

The First Amendment and common law protect the public's right of access to judicial proceedings and court records. That right ensures that "the public [may] participate in and serve as a check upon the judicial process—an essential component in our structure of self-government." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 606 (1982). "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 182 (4th Cir. 1988)).

Protection of the public's right of access is particularly important in a case such as this, a criminal case involving a prominent local public figure in which the public has a heightened interest.

On January 26, 2024, Defendant filed a Motion to Seal and a Proposed Sealed Document with this Court (Dkt. Nos. 422 and 423). The Motion to Seal was itself sealed, without providing the public an opportunity to be heard. At no point has the Court provided an explanation for its decision to seal the Motion to Seal, or a description of its consideration, and rejection, of possible alternatives to sealing. In addition, by sealing the Motion to Seal, the Court has denied the public a meaningful opportunity to lodge responsive objections to the substantive contents of the motion for purposes of challenging the sealing of the Proposed Sealed Document. In illustration, The Banner cannot specify whether the presumption of openness of the Proposed Sealed Document is grounded in the First Amendment or common law—a distinction which determines Defendant's burden in its Motion to Seal—because that determination is based on the role that the document plays in the adjudicative process, information that The Banner cannot glean from the vaguely titled docket entries alone.

## ARGUMENT

**I.   The Baltimore Banner Should Be Permitted to Intervene to Challenge the Sealing of Defendant's Motion to Seal.**

"It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings." *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). This presumptive right of open access derives from both the common law and the First Amendment of the U.S. Constitution, *Va. Dep't of State Police*, 386 F.3d at 575, and its potency lies in the "promot[ion] not only [of] the public's interest in monitoring the function of the courts but also the integrity of the judiciary." *Co. Doe*, 749 F.3d at 266. *See also Press-Enterprise Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) ("Openness enhances both the basic

fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system.").

The Fourth Circuit, and this Court, have routinely recognized that these important interests provide a sufficient basis for press entities to intervene to challenge a court's sealing order. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The public was entitled to … an opportunity to object to the request [for sealing] before the court made its decision."); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 252 (4th Cir. 1988); *Rothman v. Snyder*, Civ. No. 20-3290 PJM, 2020 U.S. Dist. LEXIS 237524, at *3 (D. Md. Dec. 17, 2020).

The Banner has a concrete interest in unsealing Defendant's Motion to Seal, as an online news reporting publication focusing on matters in the State of Maryland. The Banner has been, and will continue to be, reporting on the case of *U.S. v. Mosby*, in which The Banner's readers, and the general public, have a strong interest. Unsealing Defendant's Motion to Seal would afford The Banner the opportunity to review Defendant's proffered reasons in support of the Motion to Seal, and to lodge directly responsive objections (though The Banner, as discussed in Section III, *infra*, asserts that even its non-specific objections of constitutional and common law may weigh in favor of unsealing).

**II.   The Court's Sealing of the Motion to Seal Did Not Satisfy the Procedural Prerequisites for Sealing, Nor Did It Comport with Local Rules.**

In sealing Defendant's Motion to Seal, the Court has failed to follow the procedures required by this Circuit's case law and this Court's own Rules for the protection of the public's presumptive right of access to judicial documents.

The Fourth Circuit has articulated certain procedural requirements that a district court must follow when presented with a request to seal a judicial record or document. The district court:

must [1] give the public notice of the request to seal and a reasonable opportunity

> to challenge the request; [2] it must consider less drastic alternatives to sealing; and [3] if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

*Va. Dep't of State Police*, 386 F.3d at 576. The district court must "notify[] the persons present in the courtroom of the request to seal or docket[] it reasonably in advance of deciding the issue[.]" *In re Knight*, 743 F.2d at 235. While the *substantive* burden for justifying a seal – i.e., the standard which must be satisfied by the reasons and factual findings offered in support – differs depending on the basis (constitutional or common law) of the public's right,[1] the *procedural* burden highlighted above is the same regardless of the asserted basis for the attachment of the right. *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (citing *In re Knight*, 743 F.2d 231 (4th Cir. 1984)).

The requirements prescribed by the Fourth Circuit inform this Court's own Rules. Rule 207 of the Local Rules of the District Court for the District of Maryland, concerning the sealing of post-arrest motions in criminal cases, requires that any such motion "seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D. Md. R. 207. The function of these requirements is to allow parties interested in opposing the motion to seal an opportunity to object to the reasons offered by the movant. Rule 207 specifies that "[t]he Court will rule on such motion after sufficient time has passed to permit the filing of objections." *Id.*

---

[1] The common law presumption of the public's right to access applies more broadly – to "all judicial records and documents" – but does not provide as much substantive protection; the party seeking to overcome the common law presumption in seeking to seal the document may do so by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment presumption applies more narrowly – "only to particular judicial records and documents[,]" *Stone*, 855 F.2d at 180 – but the presumption has more weight; the party seeking to seal may only rebut the presumption by showing a "compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Id.*

In the instant matter, this Court sealed Defendant's Motion to Seal without giving the public notice of or a reasonable opportunity to challenge the seal request. The public was only made aware of the sealing after the fact, when an entry on the public docket appeared stating only "-SEALED- MOTION to Seal by Marilyn J. Mosby." Dkt. No. 422.

This Court has previously acknowledged that the filing of a motion to seal, itself, under seal would conflict with the court's duty to provide the public with notice and a reasonable opportunity to object. *See U.S. v. Savage*, Crim. No. DKC 16-0484-34, 2020 U.S. Dist. LEXIS 244967, at *10 (D. Md. Dec. 30, 2020) (refusing to seal a motion to seal) ("The court is required to 'provide public notice of the sealing request and a reasonable opportunity for the public to voice objections.' . . . By filing the motion to seal itself under seal, Petitioner has prevented public notice function that filing on the public docket normally provides.") (quoting *Co. Doe v. Pub. Citizen*, 749 F.3d at 272).

Because sealing of a motion to seal so undermines the public's presumptive right of access, the practice is often met with disfavor, particularly because a motion to seal should be, and usually is, framed in language that sufficiently protects the confidential information sought to be protected by the motion. *See, e.g., U.S. v. Lewandowski*, Crim. No. DKC 14-0082, 2021 U.S. Dist. LEXIS 22751, at *12 (D. Md. Feb. 4, 2021) (denying government's request to seal its motion to seal because the motion "does not itself recount any of the case details or personal medical information to which it obliquely refers."); *Allegiant Travel Co. v. Kinzer*, No. 2:21-cv-01649-JAD-NJK, 2022 U.S. Dist. LEXIS 127568, at *5 (D. Nev. July 19, 2022) ("A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information."); *see also Gonzalez v. U.S. Hum. Rights Network*, No. CV-20-00757-PHX-DWL, 2021 U.S. Dist. LEXIS 187173, at *1 (D. Ariz.

Sept. 29, 2021) ("As a preliminary matter, a motion to seal ordinarily should be filed in the public record – not lodged under seal[.]").

In addition to failing to employ the procedures prescribed by this Circuit, the Court, in sealing the Motion to Seal, has undermined the application of its own Rules. By sealing the Motion to Seal, the Court has shielded the movant from any scrutiny by interested parties as to the sufficiency of their reasoning in support of the motion (any post-arrest motion in a criminal case "shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." D. Md. R. 207). Further, the Court did not provide the public with "sufficient time . . . [for] the filing of objections" before sealing the Motion to Seal. *Id.*

### III. Alternatively, Should This Court Maintain the Seal on Defendant's Motion to Seal, The Banner Objects to the Motion.

As discussed, the sealing of Defendant's Motion to Seal in the instant case does not comport with the Court's Rules. The sealing of Defendant's Motion to Seal has deprived The Banner of a reasonable opportunity to ascertain either Defendant's "proposed reasons supported by specific factual representations to justify the sealing" or their explanation of the insufficiency of alternative protective measures, D. Md. R. 207, and thus, has precluded The Banner from providing specific responsive objections.

However, should the Court nonetheless maintain that sealing of the Motion to Seal is justified, The Banner requests that the Court give due consideration to its general objections, rooted either in the U.S. Constitution and common law, to the Motion to Seal. This Court has previously made clear that where the sealing of a motion to seal would restrict an opposing party to "abstract and uninformed" objections, the non-specific nature of such arguments "hardly render[s] them valueless." *Sigal v. Creamer*, Civ. No. DKC 15-1735, 2017 U.S. Dist. LEXIS

93589, at *3, n.2 (D. Md. June 19, 2017). *See also In re Wash. Post Co.*, 807 F.2d at 391 n.7 (4th Cir. 1986) ("Even abstract arguments will serve to remind the court of the importance of the interests that must be weighed against the [movant]'s interest in secrecy.").

The Banner seeks the opportunity, through its Motion to Unseal, to engage with the substantive reasoning offered in Defendant's Motion to Seal. The sealing of the Motion to Seal has precluded The Banner from identifying the nature of the document sought to be sealed, and thus from identifying the most appropriate grounds (constitutional or common law) upon which to assert the presumption of openness of, and The Banner's right of access to, the Proposed Sealed Document. Limited as it is, then, to only general objections, The Banner contends that Defendant has not, in its motion, demonstrated a countervailing interest sufficient to defeat the presumption of public access to judicial documents under the common law, nor have they articulated a "compelling government interest" served by the sealing (or an explanation as to how such sealing constitutes a "narrowly tailored" denial) sufficient to defeat the presumption attached by the First Amendment.  *Rushford*, 846 F.2d at 253.[2]

## CONCLUSION

For the foregoing reasons, The Banner respectfully requests that the Court grant its Motion to Intervene, pursuant to its constitutional and common law rights to access judicial documents, for the purpose of unsealing Defendant's Motion to Seal, or, in the alternative, for the purpose of objecting to Defendant's Motion.

The Banner respectfully requests a hearing on its Motion.

---

[2] See n.1, *supra.*

January 28, 2024

Respectfully submitted,

                          /s/
Warren Hamel (Bar No. 04352)
Susan Schipper (Bar No. 19640)
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
410.244.7400

*Counsel for Proposed Intervenor The Baltimore Banner*

- 8 -