**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  LKG-22-007** |
| | * | |
| **MARILYN MOSBY,** | * | |
| | * | |
| **Defendant.** | * | |
| | ******* | |

**GOVERNMENT'S MOTION TO CROSS EXAMINE DEFENDANT'S**
**WITNESS ON HIS PRIOR PERJURY**

The law is clear that perjury on tax returns is an "archetype" of credibility evidence admissible under Rule 608 and 403 in cross examination of witnesses.   The Government should be allowed to cross-examine the defendant regarding the perjury he committed on his jointly-filed tax returns, which he testified he alone prepare. All the more so, the Government should be able to cross-examine Mr. Mosby on the tax returns he filed by himself, which show similar perjury. If the Court excludes this evidence as well, the Government should at least be entitled at a minimum to argue at closing from the evidence in the record that Mr. Mosby previously committed perjury on his taxes and is not credible.

When a witness takes the stand, "his credibility bec[o]mes subject to attach. *United States v. Zandi*, 769 F.2nd 229, 236 (4th Cir. 1985).  In *Zandi*, the government sought to impeach the witness by proving he had given false information on "an employment application, visa card application (*not yet mailed*), lease, credit agency application, bank loan application form, *and tax forms*. *Id* (emphasis added)*. The Court allowed such cross examination, holding that "the cross-examination [of the defendant] bore on a relevant matter, i.e. his credibility, and was entirely appropriate." *Id.*

Other courts have held similarly.  In *United States v. Lundy*, 416 F. Supp. 2d 325, 335 (EDPA 2005), the Court noted that: "The Third Circuit has at least twice upheld a district court's allowance of cross-examination on a witnesses failure to report or pay taxes, finding such conduct to be probative of truthfulness . . .  The Third Circuit affirmed the district court's decision to permit cross-examination on the defendant's fraudulent replied on federal tax forms, finding them probative of his credibility. *Citing United States v. Zandi*, 769 F.2d 299, 236 (4th Cir. 1985).

Respectfully submitted,

Erek L. Barron
United States Attorney

By:  _____/s/_____
        Sean R. Delaney
        Aaron S.J. Zelinsky
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically

filed via CM/ECF which provides notice to counsel of record.


_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney