**FILED UNDER SEAL**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **vs.** | * | **Case No.: LKG-22-0007** |
| **MARILYN MOSBY** | * | |
| **Defendant** | | |

* * * * * * * * *

**MOTION TO QUASH SUBPOENA**

William C. Brennan, Jr., Esq., through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna, & Lawlor, Chtd., hereby moves pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure to quash the subpoena served on him on Sunday, January 28, 2024 for the following reasons:

1. On Sunday, January 28, 2024, attorney William C. Brennan, Jr., ("Mr. Brennan") was served with a subpoena requiring that he appear on January 30, 2024 to testify in the above referenced criminal case.[1] In addition, the subpoena directed Mr. Brennan to produce "[a]ny documents or communications with Nicholas J. Mosby and/or Marilyn Mosby relating to the January 6, 2021 letter you wrote on behalf of Marilyn J. Mosby to Bar Counsel Lydia Lawless. This includes the letter, its contents, the substance of the communications and the details underlying the data that was to be shared with others." At this time, Mr. Brennan moves to quash that subpoena.

2. Under Federal Rule of Criminal Procedure 17(c)(2), "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." In

[1] The Government first served Mr. Brennan with a subpoena related to this matter on Friday, January 26, 2024. The first subpoena directed only that Mr. Brennan appear for testimony on January 30, 2024 but did not direct him to produce documents.

this case, Mr. Brennan's compliance with the Government's subpoena would be both unreasonable and oppressive. The subpoena requests privileged and confidential information in the form of testimony and documents related to Mr. Brennan's representation of Ms. Mosby in a confidential matter before the Attorney Grievance Commission. Mr. Brennan has been afforded mere days to search for materials potentially responsive to the subpoena and to prepare a motion to quash the subpoena in accordance with his ethical obligations as a lawyer. Accordingly, this Court should quash the subpoena.

3. Mr. Brennan was counsel for Defendant Marilyn Mosby in the matter that was the subject of the January 6, 2021 letter referenced in the subpoena - a bar grievance matter ([redacted] At all times Mr. Brennan was acting as an attorney providing legal services to Ms. Mosby.

4. All bar grievance matters are confidential up to a specific point in the process - the filing of a Petition for Disciplinary or Remedial Action ("PDRA"), and it is a violation of the Maryland Rules for an attorney to reveal and/or discuss in a nonconfidential environment confidential matters prior to the point when the grievance matter becomes public. Md. Rule 19-707.

5. At the time Mr. Brennan was representing Ms. Mosby, no PDRA had been filed. Accordingly, all matters concerning [redacted] were confidential at the time of Mr. Brennan's representation of Ms. Mosby.

6. In addition, Maryland Rule 19-301.6, requires that a Maryland "attorney shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by section (b) of this Rule." This rule applies to Mr. Brennan in his representation of Ms. Mosby.

7. Mr. Brennan agrees that the January 6, 2021, letter to Bar Counsel Lydia E. Lawless and its attachments are not confidential because the disclosure was "impliedly authorized in order to carry out the representation." Maryland Rule 19-301.6.

8. However, the subpoena issued to Mr. Brennan also requires that he disclose, "the substance of the communications and the details underlying the data that was to be shared with others."

9. Mr. Brennan submits that compliance with this directive would require him to reveal confidential matters covered by the attorney-client privilege and the attorney work product doctrine.

10. The Commentary to Maryland Rule 19-301.6 provides guidance.

> [1] This Rule governs the disclosure by an attorney of information relating to the representation of a client during the attorney's representation of the client.
>
> [2] A fundamental principle in the client-attorney relationship is that, in the absence of the client's informed consent, *the attorney must not reveal information relating to the representation.* (Emphasis added.)
>
> [3] The principle of client-attorney confidentiality is given effect by related bodies of law: the attorney-client privilege, the work product doctrine and the rule of confidentiality established in professional ethics. *The attorney-client privilege and work-product doctrine apply in judicial and other proceedings in which an attorney may be called as a witness or otherwise required to produce evidence concerning a client*. The rule of client-attorney confidentiality applies in situations other than those where evidence is sought from the attorney through compulsion of law. The confidentiality rule, for example, applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. An attorney may not disclose such information except as authorized or required by the Maryland Attorneys' Rules of Professional Conduct or other law. (Emphasis added.)
>
> [4] Section (a) of this Rule prohibits an attorney from revealing information relating to the representation of a client. This prohibition also applies to disclosures by an attorney that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person.
>
> [18] An attorney may be ordered to reveal information relating to the representation of a client by a court or by another tribunal or governmental entity

> claiming authority pursuant to other law to compel the disclosure. *Absent informed consent of the client to do otherwise, the attorney should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law.* In the event of an adverse ruling, the attorney must consult with the client about the possibility of appeal to the extent required by Rule 19-301.4 (1.4). Unless review is sought, however, subsection (b)(6) of this Rule permits the attorney to comply with the court's order. (Emphasis added.)

11. "Rule 17(c) offers a vehicle for a subpoenaed party to assert a constitutional, statutory, or common-law privilege." *United States v. Under Seal* (In re Grand Jury Doe No. G.J. 2005-2), 478 F.3d 581, 585 (4th Cir. 2007). As noted above, the testimony and documents sought under the subpoena implicate the attorney-client privilege and relate to a confidential matter before the Attorney Grievance Commission. Mr. Brennan cannot comply with subpoena without violating the ethical and statutory duties attendant to his representation of Ms. Mosby. "Additionally, some courts have recognized that Rule 17(c) enables district courts to quash a subpoena that intrudes gravely on significant interests outside of the scope of a recognized privilege, if compliance is likely to entail consequences more serious than even severe inconveniences occasioned by irrelevant or overbroad requests for records." *Under Seal*, 478 F.3d at 585 (internal citations omitted); *see also, e.g.*, *United States v. Bergeson*, 425 F.3d 1221, 1222-23 (9th Cir. 2005) (quashing subpoena seeking non-privileged information about attorney-client relationship). Compliance with the subpoena in this case would undermine the duties owed by attorneys to their clients as set forth in the Maryland Rules of Professional Responsibility.

12. Mr. Brennan is familiar with this Court's ruling concerning certain motions *in limine* filed by Marilyn Mosby's counsel in this criminal case. (ECF # 400.) However, after having read the commentary to Maryland Rule 19-301.6, Mr. Brennan must respectfully abide by the attorney-client privilege and the attorney work product doctrine and decline to testify concerning

"the substance of the communications and the details underlying the data that was to be shared with others," unless specifically ordered to do so by this Court.

WHEREFORE, witness, William C. Brennan, Jr., respectfully requests:

A. That the subpoena issued to him on Sunday, January 28, 2024 be quashed; and,

B. For such other and further relief as the Court may deem proper.

_________/s/____________________
Michael E. Lawlor, Esq.
Adam C. Demetriou, Esq.
Brennan McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
Tele – 301.474.0044
Fax – 301.474-5730

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion to Quash Subpoena was electronically filed under seal and served via email upon counsel for the Government and counsel for Ms. Mosby.

_________/s/____________________
Michael E. Lawlor, Esq.