UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARILYN J. MOSBY | CRIMINAL NO. LKG-22-7 |

**Motion to Limit Government's Use of
Perjury Convictions**

Marilyn Mosby moves the Court for (1) an order prohibiting the government from using her perjury convictions as substantive evidence of her guilt on the mortgage fraud counts, and (2) a limiting jury instruction on the proper use of that evidence.

Before trial, Ms. Mosby moved in limine to preclude the government from cross-examining her about her perjury convictions. ECF 340 at 8-11. The government argued in response that the convictions were admissible under Federal Rule of Evidence 609(a)(2), which describes the procedures for "attacking a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a); *see* ECF 365 at 2. According to the government, Ms. Mosby's convictions were "highly relevant for the jury in assessing credibility." ECF 365 at 2.

The Court agreed, holding that, under Rules 608(b) and 609, the fact *of* the perjury convictions is "highly relevant to assessing [Ms. Mosby's] credibility." ECF 400 at 12. Separately, the Court also held, in ruling on a separate motion in limine, that the underlying facts *about* the perjury conviction were inadmissible under Rule of Evidence 404(b) because they are neither (1) "intrinsic" to the mortgage fraud, nor (2) relevant to a proper Rule 404(b)(2) purpose, such as motive, intent, plan, or knowledge. ECF 400 at 16-18.

1

At the conclusion of her direct testimony on January 31st, Ms. Mosby testified she had a perjury conviction, which she intended to appeal. The government agreed that this testimony is consistent with the Court's in limine ruling. Defense counsel then asked Ms. Mosby why she was testifying at trial, to which she responded, "I regret not testifying before and I want this jury to hear my truth." The government argued this answer "opened the door" to evidence of the facts surrounding the perjury convictions, e.g., her business (Mahogany Elite), that she made false statements on her CARES Act withdrawal forms regarding whether she had suffered covid-related adverse financial consequences, etc.

To the extent this testimony "opened the door," it opened the door only to evidence and argument that bear on Ms. Mosby's *credibility*—not to substantive evidence of, or argument about, Ms. Mosby's *guilt on the mortgage fraud counts*.[1] As explained above, the government moved pretrial to admit Ms. Mosby's convictions under Rule 609, and the Court admitted them on that basis. That rule governs the situations in which a party may use a prior conviction to attack or support a witness' "character for truthfulness." Fed. R. Evid. 609(a); *see also* Fed. R. Evid. 608(b) (providing a criminal conviction may be admitted under Rule 609 "to attack or support the witness's character for truthfulness"). In other words, Rule 609 permits admission of prior convictions for the limited purpose of attacking a witness' credibility by showing she is untruthful. *See United States v. Blue*, 603 F. App'x 162, 167 (4th Cir. 2015) ("Under [Rule 609], a party may use a prior conviction to impeach a witness's credibility."); *United States v.*

---

[1] Although Ms. Mosby recognizes the Court has ruled that her direct testimony did open the door to details surrounding the perjury charges, she continues to note her objection for the record. *See United States v. Robinson*, 8 F.3d 398, 410 (7th Cir. 1993) ("Robinson never 'opened the door.' On direct, Robinson stated only that he had been convicted, that he was appealing that conviction, and that he had not committed the crime. These statements do not amount to an attempt to explain away his crime."). This motion takes the Court's ruling as a given, without conceding that Ms. Mosby opened the door at all.

2

*Johnson*, 587 F.3d 625, 637 (4th Cir. 2009) ("Under [Rule 609], evidence of a prior conviction punishable by over one year of imprisonment is admissible *for impeachment purposes*." (emphasis added)).

Ms. Mosby raised her perjury convictions on direct examination because she wanted "to 'remove the sting' of any attempt to impeach [her] credibility with [her] conviction on cross-examination." *United States v. Modena*, 302 F.3d 626, 632 (6th Cir. 2002). That is, she hoped to mitigate the damage to her credibility by preemptively addressing her perjury conviction and presenting it to the jury on her own terms. When a party introduces evidence of a conviction on direct in order to remove the sting, she does so pursuant to Rule 609. The advisory committee explicitly recognizes that removing the sting is a proper basis for admitting evidence under Rule 609. *See* Fed. R. Evid. 609 advisory committee's notes to 1990 amendments ("It is common for witnesses to reveal on direct examination their convictions to 'remove the sting' of the impeachment."); *accord Modena*, 302 F.3d at 632 (citing Rule 609 advisory committee's notes to explain "removing the sting"); *Robinson*, 8 F.3d at 409 ("Under Federal Rule of Evidence 609, . . . [it was] permissible for Robinson to testify about his conviction on direct examination in an attempt to take the sting out of it on cross-examination.").

By introducing evidence of her convictions on direct under Rule 609, therefore, Ms. Mosby may have put her credibility in issue, but she did not put any other matters in issue, since evidence comes in under Rule 609 for the sole purpose of supporting or attacking a witness' "character for truthfulness." Rule 609 does *not* permit introduction of substantive evidence of guilt. *See United States v. Caldwell*, 760 F.3d 267, 285 n.13 (3d Cir. 2014) (explaining that Rule 609 evidence is not "substantive evidence against the accused," cannot

3

be "offered to prove [the defendant's] guilt beyond a reasonable doubt," and does not bear on "the question of whether or not the accused committed the crime charged"); *United States v. Martinez*, 555 F.2d 1273, 1275 (5th Cir. 1977) ("[I]mpeaching evidence in the form of prior convictions must be distinguished by the jury from substantive evidence.").

The upshot is that, insofar as Ms. Mosby opened the door, *she opened it only to evidence and argument that bear on credibility*. As a result, the government may use the facts it elicited on cross-examination—e.g., that Ms. Mosby was convicted for lying on a retirement-account withdrawal form—to argue to the jury that Ms. Mosby's perjury conviction establishes her character for untruthfulness. For example, the government can use those facts to attempt to rebut the implication that Ms. Mosby is in fact innocent of perjury and would have been acquitted if she had testified at the perjury trial.

But the government may *not* use the facts from its cross-examination as substantive evidence to argue Ms. Mosby committed mortgage fraud. It may not, for instance, argue that the facts surrounding the perjury counts establish Ms. Mosby's motive, plan, knowledge, or absence of mistake as to the alleged mortgage fraud. The Court already held the perjury evidence was inadmissible to prove any such Rule 404(b)(2) purpose, *see* ECF 400 at 16 ("generally agree[ing]" that "this evidence is neither intrinsic to the alleged mortgage fraud, nor relevant to proving the Defendant's motive or intent"), and nothing Ms. Mosby said on direct put *that* question in issue. The *only* matter Ms. Mosby put in issue on direct was her credibility—by implying that her perjury conviction is not probative of her truthfulness because the jurors who convicted her did not have the benefit of her testimony.

Accordingly, the Court should prohibit the government from using any facts surrounding the perjury counts to argue to the jury that Ms. Mosby is guilty of mortgage fraud.

Instead, the government should be permitted to use those facts for the only purpose envisioned by Rule 609: to argue Ms. Mosby is not truthful.

In addition, the Court should issue a limiting instruction to the jury regarding the proper uses of the facts adduced on cross-examination. The potential for juror confusion is substantial: the jury now knows that Ms. Mosby allegedly lied on her CARES Act withdrawal forms to obtain money that she then used to purchase the same houses underlying the mortgage fraud counts. Confronted with that factual nexus, there is a substantial risk that the jury may conclude that Ms. Mosby's conviction on the perjury counts establishes her guilt on the mortgage fraud counts. To prevent that misuse of Rule 609 evidence, Ms. Mosby respectfully requests the Court instruct the jury as follows:

> You heard evidence that the defendant was convicted of perjury, as well as certain facts about the false statements that formed the basis of those convictions. You may consider those facts only for the purpose of deciding to what extent, if any, the defendant's perjury conviction is relevant to her character for truthfulness. You may not consider those facts as evidence that the defendant committed the mortgage fraud counts for which she is charged in this trial.

This instruction will assist with mitigating the risk that jurors will use the Rule 609 evidence for an improper purpose.

Respectfully submitted,

/s/ James Wyda
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor

5

Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org