

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

February 1, 2024

t 410.244.7563
f 410.244.7742
WHamel@Venable.com

*Via CM/ECF*
The Honorable Lydia Kay Griggsby
United Stated District Court
    for the District of Maryland
Southern Division
6500 Cherrywood Lane
Greenbelt, MD 20770

Re:    <u>United States v. Mosby</u>, Crim. Case No. 22-cr-00007-LKG

Dear Judge Griggsby:

    This Court has granted The Baltimore Banner's ("The Banner") Motion to Intervene for purposes of opposing Defendant's Motion to Seal (ECF No. 430). In Defendant's Motion to Seal, the Proposed Sealed Document was described only as a "letter . . . regarding a sensitive matter[.]" Little elaboration was provided in a comment from Defendant's counsel, Mr. James Wyda, yesterday before Defendant requested, and (as The Banner learned) was granted, the opportunity to discuss the concerns underlying its Motion in a *closed* session. With the conclusion of this matter imminent, The Banner addresses this Court to respectfully request that the Court adjudicate Defendant's Motion to Seal "as expeditiously as possible," as is required in the Fourth Circuit.

    First, The Banner reiterates its objections to Defendant's deficient Motion to Seal. Defendant originally filed its Motion to Seal, itself, under seal (ECF No. 422), a practice which The Banner contested in its Motion to Unseal (ECF No. 429). After Defendant refiled its Motion to Seal, this time unsealed (ECF No. 430), the Court denied The Banner's Motion as moot. The Banner filed a second motion in opposition to the Motion to Seal, which remains pending (ECF No. 437). However, the practical combined effect of (1) Defendant's one-sentence refiled Motion to Seal, which The Banner asserts is conclusory and insufficient, and (2) the subsequent holding of a *closed* discussion with the Court on the substantive basis of that Motion, has been to *maintain* the original seal of Defendant's motion. As discussed in The Banner's recent motions (ECF Nos. 429, 437), the public has a presumptive right of access to judicial records, documents, and proceedings, a right derived from the First Amendment of the U.S. Constitution and the common law. *Co. Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). The continued failure to afford The Banner and the general public any basis upon which to even discern the nature of the document at issue, let alone access it, constitutes an ongoing infringement of the public's constitutional and common law right.

**VENABLE** LLP

Judge Griggsby
February 1, 2024
Page 2

      In apparent recognition of the public's presumptive right, this Court, in its scheduling order issued on April 14, 2022, advised the parties of the Court's obligation to provide adequate notice of, and an opportunity to object to, the proposed sealing. The order also stated that, if the Court decided to seal documents, it would provide a reasoned explanation with specific support. ECF No. 53, at 1 (citing *In re Washington Post Co.*, 807 F.2d 383, 390-91 (4th Cir. 1986) (itself citing *In Re Knight Publishing Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)). The scheduling order further provided that, for the proposed sealing of any documents in this matter, interested parties would have fourteen days from the filing of the motion to seal to file objections, and the party seeking leave to file material under seal would subsequently have fourteen days to respond to any objections filed. ECF No.53, at 1. In its January 29, 2024, Order on The Banner's Motion to Unseal, the Court directed that "any further briefing related to [the Motion to Seal] adhere to the briefing procedures set forth in the Court's April 14, 2022 Order." ECF No. 439, at 2.

      The Banner appreciates the aims of the Court's April 2022 scheduling order as originally conceived; however, that order was issued well in advance of trial. To continue to abide by the procedures adopted therein for resolving motions to seal, which delay adjudication of a pending motion to seal for at least fourteen days from the lodging of objections, would have the practical effect of keeping the document sealed for the remainder of this trial. Even if the Proposed Sealed Document were made available after the trial's conclusion, that would not effectively remedy the infringement of the public's right of access. The value of "openness" "is threatened whenever immediate access to ongoing proceedings is denied, whatever provision is made for later public disclosure." *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 331 (4th Cir. 1991).

      Rather, the Court of Appeals for the Fourth Circuit has emphasized that the public's right of access to court documents and proceedings, when applicable, is generally "contemporaneous," *Co. Doe*, 749 F.3d at 272; even a "minimal delay of access unduly minimizes, if it does not entirely overlook, the value of 'openness.'" *In re Application*, 923 F.2d at 331. "'Each passing day may constitute a separate and cognizable infringement of the First Amendment.' A district court therefore must make on-the-record findings required by *In re Knight Publishing* and act on a sealing request *as expeditiously as possible*." *Co. Doe*, 749 F.3d at 272-73 (quoting *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) (emphasis added) (internal quotations omitted).



Judge Griggsby
February 1, 2024
Page 3

      The above precedent is particularly relevant here, where this high-profile trial involving a former public official is approaching its end and public interest is arguably at its peak. Thus, The Banner respectfully requests that the Court require expedited briefing and rule on Defendant's Motion to Seal consistent with the public's right to expeditious resolution.

      Respectfully submitted,

/s/_____
W. Warren Hamel
Susan R. Schipper

cc:    James Wyda, Esq. (by ECF)
        AUSA Sean Delaney (by ECF)
        AUSA Aaron Zelinsky (by ECF)