# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872
TOLL FREE: (855) 213-8450

JAMES WYDA                                                                                    MAGGIE GRACE & SEDIRA BANAN
FEDERAL PUBLIC DEFENDER                                                        ASSISTANT FEDERAL PUBLIC DEENDERS

January 29, 2024

Honorable Lydia Kay Griggsby
United States District Judge
United States District Court – Greenbelt
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Marilyn Mosby*, No. 22-cr-007

Dear Judge Griggsby,

      We write to note our objection to the Court giving a willful blindness jury instruction. Such an instruction is only appropriate when the defendant claims lack of guilty knowledge in the face of evidence supporting an inference of deliberate ignorance. The Fourth Circuit has indicated that the instruction should be given in "rare circumstances" because it "presents the danger of allowing the jury to convict based on an *ex post facto* theory (he should have been more careful) or to convict on a negligence or reckless theory (the defendant should have known his conduct was illegal)." *United States v. Lighty*, 616 F.3d 321, 377-78 (4th Cir. 2010) (quoting *United States v. Macuso*, 42 F.3d 836, 846 (4th Cir. 1994)).

      Willful blindness has two fundamental requirements: "(1) The defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Under these terms, as applied to 18 U.S.C. § 1014, willful blindness only exists when a defendant knows a mortgage application is almost certain to contain false statements, but deliberately shuts his eyes for fear of what he may learn. There is no such evidence here. The record only consists of affirmative evidence to the contrary. For example, Ms. Mosby repeatedly asked Mr. Mosby if their tax liabilities had been satisfied before making the alleged false statements; she was deliberately taking actions to learn—not to avoid learning—facts bearing on her alleged criminality. "[N]othing in [Ms. Mosby's] actions amounted to an attempt to remain ignorant of some fact bearing on the criminality of her endeavors." *United States v. Alston-Graves*, 435 F.3d 331, 342 (D.C. 2006). Providing a willful blindness instruction will create the exact dangers (*i.e.*, undue prejudice) the Fourth Circuit has warned against. *See Lighty*, 616 F.3d at 377-78. It also violates her Fifth Amendment and Sixth Amendment rights by allowing the jury to

convict based on recklessness or negligence, thereby diminishing the government's burden of proving willfulness. *United States v. Gaudin*, 515 U.S. 506, 510 (1995) (criminal convictions must "rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt"); *see also Carella v. California*, 491 U.S. 263, 265 (1989) (per curiam). For these reasons, we respectfully request that the Court refrain from giving a willful blindness instruction.

If the Court provides the instruction, Ms. Mosby requests the following instruction:

> In determining whether the defendant acted knowingly, you may consider whether the defendant deliberately closed her eyes to what would otherwise have been obvious to her. If you find beyond a reasonable doubt that the defendant acted with or that the defendant's ignorance was solely and entirely the result of a conscious purpose to avoid learning the truth, then this element may be satisfied. However, guilty knowledge may not be established by demonstrating that the defendant was merely reckless, negligent, foolish or mistaken.
>
> Specifically, you may only find that the defendant acted knowingly if you find that the defendant (1) was aware of a high probability that her statement was false and (2) that the defendant acted with deliberate disregard of the facts. However, if you find that the defendant actually believed that her statement was true, she may not be convicted. It is entirely up to you whether you find that the defendant deliberately closed her eyes and any inferences to be drawn from the evidence on this issue.

Sand, Siffert, et al., Modern Fed. Jury Instructions, No. 3A-2 (modified); *Glob-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011); *United States v. Jinwright*, 683 F.3d 471, 479-80 (4th Cir. 2012).

Respectfully,

/s/_____
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201
Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org