## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO. LKG-22-7** |
| **MARILYN J. MOSBY** | |

### NOTICE OF OBJECTION TO VENUE INSTRUCTION AND PROFFER OF CLOSING ARGUMENT THAT CANNOT BE PRESENTED TO JURY

Solely for the purpose of noting the objection for the record and not wasting the Court's, the government's, and the jury's time the morning of closing arguments, Ms. Mosby files this objection to the Court's venue jury instruction. On February 1, 2024, the Court declined to give the attached venue instruction, which the defense believes adheres to Fourth Circuit law under *Reass v. United States*, 99 F.2d 752 (4th Cir. 1938), and *United States v. Sterling*, 860 F.3d 233 (4th Cir. 2017). *See* Exhibit 1. The proposal instructs the jury that "[v]enue is only proper in the district in which the essential conduct element of the offense took place," which in turn, means that "acts which are merely preparatory to the underlying offense cannot provide a basis for venue." The proposed instruction informs that "the government must prove Ms. Mosby communicated each false statement to the recipient bank from a location within the District of Maryland."

At last week's charge conference, the Court declined to provide the proposed instruction and, instead, adopted an instruction that the defense believes conflicts with Fourth Circuit law. Specifically, the instruction provides that "the government need not prove that the crime itself was committed in this district or that the defendant herself was present here. It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district." Acts in furtherance of the crime (rather than the acts constituting the crime itself) are preparatory conduct that is off limits under

1

*Sterling* and *Reass*. Under this instruction, the jury may find venue merely based on preparatory acts in Maryland—even if they believe Ms. Mosby was not in Maryland when she communicated the alleged false statements to the lenders. The defense believes this instruction contravenes Fourth Circuit law and is gravely prejudicial to Ms. Mosby, as it undermines her right to present a meaningful venue defense in violation of the Sixth Amendment.

The defense planned to argue in closing that the government failed to prove venue because it failed to present sufficient evidence establishing that Ms. Mosby was in Maryland at the specific time and date that the alleged false statements were submitted (i.e., communicated) to the lenders. The defense was also planning to spend time rebutting the government's heavy reliance on credit card transactions. But under the current instruction, none of this matters because venue can be established whether or not Ms. Mosby was in Maryland at the precise time she communicated the alleged false statements to the lenders. The instruction allows the jury to convict even if they believe Ms. Mosby was not in Maryland at the time she submitted the alleged false statements, as long as they believe that she engaged in some preparatory conduct (such as preparing or reviewing the statements) in Maryland. In short, the instruction significantly undermines Ms. Mosby's right to present a meaningful venue defense in violation of the Sixth Amendment.

Respectfully submitted,

/s/ James Wyda
James Wyda (#25298)
Federal Public Defender

Maggie Grace (#29905)
Sedira Banan (#804827)
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, MD 21201

Phone: (410) 962-3962
jim_wyda@fd.org
maggie_grace@fd.org
sedira_banan@fd.org