IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| v. | ) | Criminal Case No. 22-cr-00007-LKG |
| MARILYN J. MOSBY, | ) | Dated: February 22, 2024 |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

**I.     INTRODUCTION**

The Defendant has moved for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, upon the grounds that: (1) the Government has not proven venue for any of the alleged false statements in Counts II and IV of the Superseding Indictment and (2) the Government has not proven the Defendant guilty of Counts II and IV of the Superseding Indictment beyond a reasonable doubt. ECF No. 416. The motion is fully briefed. ECF Nos. 416, 425, 427, 460, 462, 489. The Court held a hearing on the motion on February 16, 2024. ECF No. 490. For the reasons that follow, the Court **DENIES** the Defendant's motion for judgment of acquittal.

**II.    FACTUAL BACKGROUND**

<u>Background</u>

On January 13, 2022, a Federal Grand Jury sitting in Baltimore, Maryland returned a four-count Indictment against Defendant, Marilyn J. Mosby. *See* Indictment, ECF No. 1. The Federal Grand Jury returned a Superseding Indictment on March 10, 2022. *See* Superseding Indictment, ECF No. 23.

Following a three-week trial held in November 2023, a jury convicted the Defendant of two counts of perjury for making a false statement on forms seeking to withdraw funds from her City of Baltimore Deferred Compensation Plan on May 26, 2020, and December 29, 2020. ECF No. 318. Following a four-week trial held in January and February 2024, a jury convicted the

1

Defendant of one count of mortgage fraud for submitting a false gift letter to United Wholesale Mortgage on February 10, 2021.  ECF No. 474.

## The Mortgage Fraud Offenses

Relevant to the pending motion, Counts II and IV of the Superseding Indictment charge the Defendant with two counts of making false statements on a loan application, in violation of 18 U.S.C. § 1014 (the "Mortgage Fraud Offenses").  ECF No. 23 at 6-10, 15-21.  In this regard, the Superseding Indictment alleges that, at the time the Defendant made certain real estate purchases to buy a home in Kissimmee, Florida and a condominium in Long Boat Key, Florida, she owed significant debt to the IRS for unpaid taxes for tax years 2014 and 2015, and she made a series of false statements about her tax liabilities and tax delinquencies in two mortgage loan applications.  *Id.* at 9-10, 16-18.

Count II of the Superseding Indictment also alleges that, on September 2, 2020, the Defendant signed a "Second Home Rider," which provided that she would maintain "exclusive control" over the ownership of the Kissimmee, Florida property and would not "subject the Property to any . . . agreement that requires the Borrower either to rent the Property or give a management firm or any other person or entity any control over the occupancy or use of the Property."  *Id.* at 9.  The Superseding Indictment alleges that this statement was false, because approximately one week before the Defendant signed the Second Home Rider, she executed an agreement with a vacation home management company, giving the management company control over the rental of this property.  *Id.*

Lastly, Count IV of the Superseding Indictment further alleges that the Defendant submitted a false gift letter to United Wholesale Mortgage on February 10, 2021, and that she falsely claimed to have lived in Florida for 70 days before she submitted her mortgage application on January 14, 2021.  *Id.* at 15-18.

## The Mortgage Fraud Trial

In January and February 2024, the Court held a multi-week trial on the Mortgage Fraud Offenses.  ECF Nos. 407-08, 411, 415, 417, 421, 438, 450, 452, 456, 465, 467.  On February 6, 2024, the jury convicted the Defendant of the Mortgage Fraud Offense in Count IV of the Superseding Indictment for submitting a false gift letter to United Wholesale Mortgage on February 10, 2021.  ECF No. 474.

<u>The Government's Case in-Chief Evidence Regarding The False Gift Letter</u>

Relevant to the pending motion for judgment of acquittal, the Government argued during the Mortgage Fraud Trial that the Defendant executed and submitted a false gift letter to United Wholesale Mortgage on February 9 and 10, 2021, (the "False Gift Letter"). The evidence introduced during the Government's case-in-chief shows that the Defendant stated in the February 10, 2021, gift letter that her husband "made a gift of $5,000 to be transferred AT CLOSING." Govt. Ex. 2(l). In addition, the Government introduced United Wholesale Mortgage's Enclosed Documents List for the Defendant, dated February 10, 2021, which states that the "GIFTS TOTAL" as of that date was $5,000. Govt. Ex. 2 at 878, 882. The Government argued at trial that the False Gift Letter contains a false statement, because the Defendant, rather than her husband, was the source of these funds. Govt. Ex. 55; Trial Tr. Day 2, 158:6-162:3, Jan. 23, 2024.

To show that the Defendant was in the District of Maryland when she submitted the False Gift Letter to United Wholesale Mortgage, the Government introduced the Defendant's Bank of America bank records, which show debit card transactions in Baltimore, Maryland and Cockeysville, Maryland on February 2, 4, and 8, 2021. Govt. Ex. 41(c) at 10. The Government also introduced evidence showing that, on February 16, 2021, there was a charge on the Defendant's checking account to Spirit Airlines. *Id*. at 15. The Government's evidence also shows additional charges on the Defendant's debit card in Florida on February 16, 2021. *Id*.

In addition, during the Government's case-in-chief, Austin Gordon, a former underwriter for United Wholesale Mortgage, testified that the purpose of the gift letter was to prevent the interest "rate lock" for the Defendant's mortgage loan from expiring and that the gift letter needed to be submitted to the bank prior to closing. Trial Tr. Day 2, 106:7-13, 106:24-107:6, Jan. 23, 2024 (testifying that gift letters are used to secure a mortgage rate, but that these rates expire if the loan application is not finalized before a certain date). Another former underwriter for United Wholesale Mortgage, Andrew Metter, explained that a conditional approval of a loan is only issued once the lender has determined the applicant is eligible based on submitted documentation. *Id*. at 58:17-59:25.

The Defendant's loan application was approved on February 17, 2021. Govt. Ex. 2 at 521. And so, the Government's evidence shows that the Defendant signed the closing

documentation for the Long Boat Key, Florida mortgage loan, in Florida, on February 19, 2021. Govt. Ex. 2(c).

### III.   STANDARDS FOR DECISION

#### A.   Rule 29

Federal Rule of Criminal Procedure 29 permits a defendant to seek a judgment of acquittal at the close of the Government's case only if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When bringing such a challenge, a defendant "faces a heavy burden." *United States v. Bonner*, 648 F.3d 209, 213 (4th Cir. 2011) (citation omitted). The standard for ruling on such a motion is whether substantial evidence exists that, viewed in the light most favorable to the Government, would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). In weighing the evidence, the Court must resolve all testimonial conflicts, weigh all evidence, and draw all reasonable inferences in the light most favorable to the Government. *See id.*; *accord Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This Court must consider both circumstantial as well as direct evidence. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). And so, a conviction may rest entirely on circumstantial evidence. *Id*. Further, this Court has the ability to defer ruling on a Rule 29(a) motion and allow the case to be decided by the jury first. Fed. R. Crim. P. 29(b).

#### B.   Section 1014 And Venue

The elements of a mortgage fraud offense under 18 U.S.C. § 1014 are: "(1) that the defendant made a false statement to a [federally insured] bank; (2) that [s]he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and (4) that the defendant made the false statement knowingly." *United States v. Whaley*, 786 F.2d 1229, 1231 (4th Cir. 1986). In determining the proper venue for a criminal prosecution, the Court must turn to the statute.[1] Section 1014 does not, however, contain a venue provision.

---

[1] Article III of the Constitution provides that "[t]he Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment reinforces this command, stating that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI.

4

Where the relevant criminal statute does not contain a specific venue provision, the Court must "examine the criminal offense and the location of the acts constituting it." *United States v. Sterling*, 860 F.3d 233, 240 (4th Cir. 2017) (citing *United States v. Smith*, 452 F.3d 323, 334 (4th Cir. 2006)).  To do so, the Court first identifies the essential conduct constituting the offense.  *Id*.

In determining the offense's "essential conduct" elements, courts often start by analyzing the key "verbs" or actions sanctioned by the statute.  *Id.* at 241 (citing *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279-80, (1999)); *accord United States v. Cofield*, 11 F.3d 413, 416 (4th Cir. 1993).  And so, the Fourth Circuit has adopted the so-called "verb test" as an "interpretive aid" in construing venue.  *Cofield*, 11 F.3d at 416.

Second, the court determines where "the criminal conduct was committed." *Sterling*, 860 F.3d at 241.  And so, the location of a crime "'must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Oceanpro Indus., Ltd.*, 674 F.3d 323, 328 (4th Cir. 2012) (quoting *United States v. Cabrales*, 524 U.S. 1, 7 (1998)).  If essential criminal conduct takes place in more than one district, the Government may prosecute those offenses "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

Lastly, relevant to the pending motion for judgment of acquittal, the Fourth Circuit has not announced a venue test for 18 U.S.C. § 1014.  But other courts have held that a Section 1014 offense is a "continuing offense," whose essential criminal conduct can take place in multiple districts, including places where the false statement is received, sent, or prepared.  *See United States v. Angotti*, 105 F.3d 539, 542-43 (9th Cir. 1997); *United States v. Greene*, 862 F.2d 1512, 1515-16 (11th Cir. 1989) ("Venue is proper in section 1014 cases 'in the district where the false statement is prepared and mailed, or where the statement is received.'") (citation omitted); *United States v. Zwego*, 657 F.2d 248, 251 (10th Cir. 1981) ("The proper venue for the offense of making false statements to a federally insured bank may be either where the false statements were prepared, executed, or made, or where the offense was completed upon receipt of the false information by the bank."); *United States v. Ruehrup*, 333 F.2d 641, 643 (7th Cir. 1964).

In *Reass v. United States*, the Fourth Circuit addressed venue under another statute—12 U.S.C. § 1441(a)—which, at the time, criminalized making a statement, knowing it to be false,

for the purpose of influencing the action of a Federal Home Loan Bank upon application for a loan. 99 F.2d 752, 752 (4th Cir. 1938). In that case, the alleged false statement was prepared and signed in West Virginia, but the false statement was later hand delivered to the bank in Pennsylvania. *Id*. at 753. The Fourth Circuit held that venue did not lie in West Virginia because:

> The mere assembling of the material and its arrangement in a written composition containing the misrepresentation of fact can have no effect, and it is only when they are communicated to the lending bank that the crime takes place. It follows that the acts performed by the defendant in [West Virginia], although prepatory to the commission of the crime, were no part of the crime itself. That took place entirely in Pittsburg[h] where the writing previously prepared was presented to the bank.

*Id*. at 755. The Fourth Circuit did not, however, address "whether the offense would have been cognizable in West Virginia"—the jurisdiction in which the defendant prepared the loan application—"if the defendant had entrusted the application to the mails."[2] *Id*.

At least one district court has adopted the Fourth Circuit's reasoning in *Reass* in a Section 1014 case. In *United States v. Katzoff*, 268 F. Supp. 2d 493, 498 (E.D. Pa. 2003), the United States District Court for the Eastern District of Pennsylvania held that the Fourth Circuit's reasoning in *Reass* applies to Section 1014 cases:

> [T]he offense of making a false statement does not begin until the statement has been imparted to the recipient bank or agency. Mailing from the district, of course, would meet this requirement. [*United States v. Ruehrup,* 333 F.2d 641, 644 (7th Cir. 1964)]. Under § 1014, it is a crime only if one "makes" a false statement for the purpose of influencing one of the enumerated agencies or institutions. For this

---

[2] The Fourth Circuit has since recognized that *Reass* "expressly refused to pass" on the question of venue had the defendant entrusted the application to the mails. *See United States v. Blecker*, 657 F.2d 629, 633 (4th Cir. 1981). In addition, other courts have disagreed with the view that Section 1014 venue is only proper where the false statement is communicated or received. Notably, the United States Court of Appeals for the Fifth Circuit has held that the making of a false statement first sets in motion the crime, thus giving rise to venue. *United States v. Brown*, 898 F.3d 636, 640-41 (5th Cir. 2018). The United States Court of Appeals for the Tenth Circuit and United States Court of Appeals for the Eleventh Circuit have similarly held that venue is proper in a Section § 1014 case where a false application is prepared or completed. *United States v. Greene*, 862 F.2d 1512, 1515-16 (11th Cir. 1989) (holding in Section 1014 case that venue existed where false application was completed); *United States v. Zwego*, 657 F.2d 248, 251 (10th Cir. 1981) (holding that the "proper venue for the offense of making false statement to a federally insured bank may be either where the false statements were prepared, executed, or made, or where the offense was completed upon receipt of the false information by the bank").

6

> purpose, a false statement is not made unless it is communicated by mailing or in some other way.
>
> A person who simply prepares and executes [a false statement] in Montgomery County, Pennsylvania, without doing more in this district cannot be said to have begun here an offense under § 1014, any more than a person can be said to have commenced a bank robbery in the district where he prepared the note which he later passed to the teller during the hold-up of a bank in a different district.
>
> We hold that the mere preparation and execution of a false statement in this district is insufficient as a matter of law to establish proper venue under the Constitution or [18 U.S.C.] § 3237(a) for a violation of § 1014.

*Id.*

### IV. ANALYSIS

The Defendant has moved for a judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, upon the grounds that: (1) the Government has not proven venue for any of the alleged false statements in Counts II and IV of the Superseding Indictment and (2) the Government has not proven the Defendant guilty beyond a reasonable doubt for Counts II and IV of the Superseding Indictment. ECF No. 416. Specifically, the Defendant argues that: (1) venue lies in a Section 1014 case where a false statement is either communicated or received[3] and (2) the Government has not proven venue in the District of Maryland by a preponderance of the evidence in this case, because: (a) the debit card evidence that the Government relies upon to establish venue is unreliable to show the Defendant's location; (b) the bank account transaction evidence that the Government relies upon to establish venue is also unreliable to show the Defendant's location; (c) the prepatory acts that the Government relies upon to establish venue are not part of a Section 1014 offense; and (d) the Government put forward no evidence to show that the Defendant engaged in prepatory acts related to the false statements on her mortgage loans in the District of Maryland. *See generally id*. The Defendant also argues that the Government failed to prove the essential elements of the Mortgage Fraud Offenses beyond a reasonable doubt, because omissions are not false statements and the Government failed to prove that the Defendant made a false statement to influence a bank's action with respect to the False

---

[3] During oral arguments, the Defendant argued that *Reass* could be read to hold that venue in a Section 1014 case lies only where the statement is received.

Gift Letter. *Id*. at 9-10. And so, the Defendant requests that the Court grant her motion for judgment of acquittal as to the Mortgage Fraud Offenses. *Id*. at 11.

The Government counters that: (1) it has established venue in the District of Maryland for the Mortgage Fraud Offenses, because venue is proper in any district where the false statement was either received, sent, or prepared and (2) the Government introduced sufficient evidence during its case-in-chief for a rational juror to find that the Defendant, more likely than not, prepared and sent the relevant false statements from Maryland. ECF No. 425 at 6-7. The Government also argues that it has proven the Mortgage Fraud Offenses beyond a reasonable doubt, because the evidence shows that the Defendant made the subject false statements when, among other things, she submitted the False Gift Letter to her mortgage lender for the purpose of influencing that lender. *Id*. at 13-14. And so, the Government requests that the Court deny the Defendant's motion for judgment of acquittal. *Id*. at 14.

Because the Court agrees that the Government put forward sufficient evidence to establish venue in this District, and for a reasonable jury to find the Defendant guilty of the Section 1014 Mortgage Fraud Offense involving the False Gift letter beyond a reasonable doubt, the Court **DENIES** the Defendant's motion for judgment of acquittal.[4]

### A. The Fourth Circuit's Decision In *Reass* Provides The Standard For Establishing Venue In This Matter

Because the parties disagree about the legal standards that govern venue in a Section 1014 case, the Court first addresses the legal framework for establishing venue in this mortgage fraud matter. ECF No. 416 at 3; ECF No. 425 at 6-7, 11-13. For the purpose of resolving the Defendant's motion for judgment of acquittal, the Court applies the standard for establishing venue articulated by the Fourth Circuit in *Reass v. United States*, which the Court reads to be the proper legal framework for assessing venue in a Section 1014 case in this Circuit. 99 F.2d 752, 754-55 (4th Cir. 1938).

While the Fourth Circuit has not announced a venue test for 18 U.S.C. § 1014, the Fourth Circuit addressed venue in *Reass* under a similar statute—12 U.S.C. § 1441(a)—which,

---

[4] Because the jury acquitted the Defendant of all Mortgage Fraud Offenses except the Section 1014 offense related to the submission of the False Gift Letter, the Court focusses its analysis of the Defendant's motion for judgment of acquittal on the False Gift Letter.

8

at the time, criminalized making a statement, knowing it to be false, for the purpose of influencing the action of a Federal Home Loan Bank upon application for a loan. *Id*. at 752. In *Reass*, the alleged false statement was prepared and signed in West Virginia, but the false statement was later hand delivered to the bank in Pennsylvania. *Id*. at 753. And so, the Fourth Circuit held that venue did not lie in West Virginia, where the false statement was prepared, because:

> The mere assembling of the material and its arrangement in a written composition containing the misrepresentation of fact can have no effect, and it is only when they are communicated to the lending bank that the crime takes place. It follows that the acts performed by the defendant in [West Virginia], although prepatory to the commission of the crime, were no part of the crime itself. That took place entirely in Pittsburg[h] where the writing previously prepared was presented to the bank.

*Id*. at 755.

The Court reads *Reass* to provide that venue for a Section 1014 offense, which also involves making a false statement to a mortgage lender, is proper either where the false statement is communicated to, or received by, the mortgage lender. *Id*. Notably, at least one district court has adopted the Fourth Circuit's reasoning in *Reass* in a Section 1014 case and held that the mere preparation and execution of a false statement in a district is insufficient as a matter of law to establish proper venue under the Constitution or 18 U.S.C. § 3237(a) for a violation of Section 1014. *See United States v. Katzoff*, 268 F. Supp. 2d 493, 498 (E.D. Pa. 2003).

As the Government correctly observes in its briefs, other courts have disagreed with this reasoning and found venue to be proper for a Section 1014 offense where either the false statements were prepared, executed, or made, or where the offense was completed upon receipt of the false information by the bank. *See United States v. Brown*, 898 F.3d 636, 640-41 (5th Cir. 2018) (holding that the making of a false statement first sets in motion the crime, thus giving rise to venue); *United States v. Greene*, 862 F.2d 1512, 1515–16 (11th Cir. 1989) (holding in a § 1014 case that venue existed where false application was completed); *United States v. Zwego*, 657 F.2d 248, 251 (10th Cir. 1981) (holding that the "proper venue for the offense of making false statement to a federally insured bank may be either where the false statements were prepared, executed, or made, or where the offense was completed upon receipt of the false information by the bank"). But neither the Fourth Circuit, nor the Supreme Court,

have expressly overruled *Reass*. *See United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005) (concluding that a decision by a United States Court of Appeals becomes the law of that circuit and remains binding unless overruled by a subsequent *en banc* opinion or a superseding contrary decision by the United States Supreme Court); *United States v. Dodge*, 963 F.3d 379, 384 (4th Cir. 2020) (holding that if there is "no directly applicable Supreme Court holding," the Court of Appeals' precedent governs). And so, despite its age, the Court is satisfied that *Reass* remains good law in this Circuit.

### B. The Government Introduced Sufficient Evidence To Establish Venue In The District Of Maryland For The False Gift Letter

Having determined that venue for a Section 1014 offense is proper either where the false statement is communicated to, or received by, the mortgage lender, the Court next considers whether the Government introduced sufficient evidence during its case-in-chief to establish venue in the District of Maryland for the Section 1014 offense involving the False Gift Letter.

A careful review of the trial record shows that the Government introduced sufficient evidence during its case-in-chief to show that the Defendant submitted the False Gift Letter to United Wholesale Mortgage on February 10, 2021, while she was in the District of Maryland. During the Mortgage Fraud Trial, the Government introduced evidence to show that the Defendant executed the False Gift Letter, which states that her then-husband, Nick Mosby, would provide the Defendant with a gift of $5,000 to be used towards closing, and that she later submitted this letter to United Wholesale Mortgage on February 10, 2021. *See* Govt. Ex. 2(l); *see also,* Govt. Ex. 2 at 878, 882 (United Wholesale Mortgage's Enclosed Documents List for the Defendant dated February 10, 2021, which notes that the "GIFTS TOTAL" as of that date was $5,000.).[5] The Government argued during the trial that the statement in the False Gift Letter is false, because the Defendant, rather than her husband, was the source of these funds. Govt. Ex. 55; Trial Tr. Day 2, 158:6-162:3, Jan. 23, 2024. And so, the Government's evidence shows that the Defendant submitted the False Gift Letter on February 10, 2021.

The Government also introduced sufficient evidence during its case-in-chief to establish, by a preponderance of the evidence, that the Defendant was in the District of Maryland on

---

[5] Gilbert Bennett's email on February 9 also states to the Defendant that upon completing a gift letter, "we'll get this Clear to Close tomorrow [February 10]." Govt. Ex. 2(l). This evidence corroborates the Government's other evidence showing that the Defendant submitted the Gift Letter on February 10, 2021.

10

February 10, 2021, when she submitted the False Gift Letter to United Wholesale Mortgage.  As the Fourth Circuit has held, the Government must establish venue in this District by a preponderance of the evidence.  *United States. v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000).  To do so, the Government can establish venue with either direct or circumstantial evidence.  *United States v. Martinez*, 901 F.2d 374, 376 (4th Cir. 1990).

Here, the Government relied upon, among other things, debit card transactions and bank account records for certain financial accounts belonging to the Defendant and her then-husband, Nick Mosby, to show that the Defendant was in the District of Maryland on February 10, 2024.  Specifically, the Government introduced the Defendant's Bank of America bank statements, which show debit card transactions on the Defendant's account in Baltimore, Maryland and Cockeysville, Maryland, on February 2, 4, and 8, 2021.  Govt. Ex. 41(c) at 10.

The Government also introduced bank records showing that Nick Mosby completed several bank transactions at Maryland financial institutions on February 9, 10, and 11, 2021.  Govt. Ex. 41(b) at 2-3.  And so, the Government argues that these financial records show that the Defendant was continually in the District of Maryland in early 2021, until she departed for Florida on February 16, 2021.  ECF No. 425 at 10.

In this regard, the Government introduced evidence showing that, on February 16, 2021, there was a charge on the Defendant's debit card to Spirit Airlines.  Govt. Ex. 41(c) at 15.  In addition, the Government introduced evidence showing additional charges on the Defendant's debit card in Florida on February 16, 2021.  *Id*.  And so, the Government argued that this evidence shows that the Defendant traveled from Maryland to Florida on February 16, 2021.  ECF No. 425 at 10.

The Government also introduced evidence during its case-in-chief that the Defendant's mortgage loan was approved on February 17, 2021.  Govt. Ex. 2 at 521.  In addition, the Government introduced evidence that the Defendant closed on the loan in Florida on February 19, 2021.  Govt. Ex. 2(c).

Lastly, the Government introduced evidence during its case-in-chief to show that the Defendant submitted the False Gift Letter to United Wholesale Mortgage before she departed Maryland for Florida on February 16, 2021.  In this regard, Austin Gordon, a former underwriter for United Wholesale Mortgage, testified during the Government's case-in-chief that the purpose of the gift letter was to prevent the interest "rate lock" for the Defendant's mortgage loan from

11

expiring and that the gift letter needed to be submitted to the bank prior to closing. Trial Tr. Day 2, 106:7-13, 106:24-107:6, Jan. 23, 2024 (testifying that gift letters are used to secure a mortgage rate, but that these rates expire if the loan application is not finalized before a certain date). Another former underwriter for United Wholesale Mortgage, Andrew Metter, also testified during the Government's case-in-chief that a conditional approval of a loan is only issued once the lender has determined the applicant is eligible based on submitted documentation. *Id*. at 58:17-59:25. Given this, the Government argued to the jury that the evidence shows that the Defendant submitted the False Gift Letter to United Wholesale Mortgage before she traveled to Florida on February 16, 2021, to close on her mortgage loan. ECF No. 489 at 3-4.

Lastly, the Court observes that the Government's evidence also shows that the Defendant was serving as the Baltimore City State's Attorney in Baltimore, Maryland, as of December 10, 2020, and that the Defendant acknowledged that she was in quarantine with her family in Maryland in December 2020, due to the coronavirus pandemic. Govt. Exs. 53(f), 2(j).

While the Government's evidence to establish venue in this District is certainly circumstantial, it is not speculative as the Defense would suggests. Rather, the evidence introduced by the Government is sufficient for a reasonable jury to conclude that it was "more likely than not" that the Defendant was in the District of Maryland when she submitted the False Gift Letter on February 10, 2021. *United States. v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000) (holding that the government must establish venue by a preponderance of the evidence); *United States v. Martinez*, 901 F.2d. 374, 376 (4th Cir. 1990) (noting that venue can be established by either direct or circumstantial evidence). The Government need not do more to establish venue. *Id*.

Given this, the Court is satisfied that the Government sufficiently established during its case-in-chief that the Defendant was in the District of Maryland when she submitted the False Gift Letter to United Wholesale Mortgage. And so, the Court must **DENY** the Defendant's motion for judgment of acquittal upon the basis of lack of venue.

### C. The Government Introduced Sufficient Evidence To Prove That The Defendant Violated Section 1014 By Submitting The False Gift Letter

The Court must also reject the Defendant's remaining argument for acquittal—that the Government failed to put forward sufficient evidence to prove beyond a reasonable doubt that she made the false statement contained in the False Gift letter for the purpose of influencing her

12

mortgage lender. Again, the trial record makes clear that the Government advanced sufficient evidence during its case-in-chief to prove beyond a reasonable doubt that the Defendant violated Section 1014 by submitting the False Gift Letter to United Wholesale Mortgage.

To prove this Mortgage Fraud Offense, the Government must show that the Defendant: (1) knowingly (2) made a false statement and (3) that she did so to influence a bank's action. *Elliot v. United States*, 332 F.3d 753, 759 (4th Cir. 2003). Here, the evidence shows that the False Gift Letter states that Nick Mosby "made a gift of $5,000 [to the Defendant] to be transferred AT CLOSING." Govt. Ex. 2(l).

As discussed above, the documents and testimony introduced by the Government during its case-in-chief show that the Defendant, rather than Nick Mosby, was the source of these funds. Govt. Ex. 55; Govt. Ex. 41(c) at 15; Govt. Ex. 42(b) at 3; Govt. Ex. 42(d); Trial Tr. Day 2, 158:6-162:3, Jan. 23, 2024. The Government's evidence also shows that the Defendant submitted the False Gift Letter to United Wholesale Mortgage to prevent the interest "rate lock" for her mortgage loan from expiring and to obtain approval for closing this mortgage loan. Trial Tr. Day 2, 106:7-13, 106:24-107:6, Jan. 23, 2024 (testifying that gift letters are used to secure a mortgage rate, but that these rates expire if the loan application is not finalized before a certain date); *see also id*. at 58:17-59:25 (testifying that a conditional approval of a loan is only issued once the lender has determined the applicant is eligible based on submitted documentation.).

Given this, when viewed in the light most favorable to the Government, the evidence put forward by the Government during its case-in-chief is sufficient for a reasonable jury to find the Defendant guilty beyond a reasonable doubt of making a false statement on a loan application with regards to the False Gift Letter. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). For this reason, the Court also **DENIES** the Defendant's motion for judgment of acquittal.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion for judgment of acquittal.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge