**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND  21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

May 20, 2024

Honorable Lydia Kay Griggsby
United States District Judge
United States District Court – Greenbelt
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *United States v. Marilyn Mosby*, No. 22-cr-007 – Clarification that Defense requests downward variance, not departure

Dear Judge Griggsby:

The Government's response filing (ECF 525) to the Defense's sentencing memorandum (ECF 514) has raised the need to clarify several points of import for Ms. Mosby's sentencing hearing. The Government characterizes the consideration of Ms. Mosby's children in the Court's sentencing analysis as "not a basis for departure within the Guidelines." ECF 525 at 7. The Government refers numerous times in its response to a Guidelines "departure." *Id.* 6-8. To avoid confusion for the sentencing hearing, the following points must be emphasized:

*First*, Ms. Mosby is seeking a downward *variance* from the Guidelines range and *not* a downward *departure*. The Defense has never requested a downward departure, and only ever a downward variance, throughout its sentencing filings. ECF 511, 514, 524.

*Second*, as the Court knows, there is a distinction between "departures" and "variances" in federal sentencing jurisprudence. A sentencing "departure" diverges from the Guidelines range based on the departure grounds/reasons contained *within* the U.S. Sentencing Commission Guidelines Manual. *See* U.S.S.G. Ch.1, Pt.A(1)(4)(b). In other words, the authority for a "departure" is contained within the Guidelines themselves.

A sentencing "variance," on the other hand, is a divergence from the Guidelines range based on the Court's exercise of discretion under 18 U.S.C. § 3553(a). Variances do not derive their authority from the Guidelines Manual. *See* U.S.S.G. § 1B1.1 backg'd ("If . . . the court imposes a sentence that is outside the guidelines framework, such a sentence is considered a 'variance.'"). The Court has such authority to impose a sentence that *varies* from the Guidelines because *United States v. Booker*, 543 U.S. 220, 259 (2005), rendered the Guidelines advisory. The Fourth Circuit has held that variances are *not* subject to the Guidelines analysis for departures. *See United States v. Williams*, 5 F.4th 500, 506-07 (4th Cir. 2021) (rejecting defendant's procedural reasonableness argument because district court varied rather than departed).

It is a district court's ability to *vary* from the Guidelines range that preserves the Court's ability to impose a sentence that it views is "sufficient, but not greater than necessary" to meet the goals of sentencing under 18 U.S.C. § 3553(a), regardless of the Guidelines range. *See Gall v. United States*, 552 U.S. 38, 49 (2007) (holding federal appellate courts may not presume that sentence falling outside range recommended by Guidelines is unreasonable); *Rita v. United States*, 551 U.S. 338, 344 (2007).

It is for these reasons that the case law cited by the Government in support of opposing a "departure" is not persuasive. The Government cites to various cases decided before *United States v. Booker*, *Gall v. United States*, and *Rita v. United States*. In short, the cases cited by the Government bear no weight on whether Ms. Mosby should receive a downward *variance* under § 3553(a) because of her familial circumstances.

The Government also attaches a transcript from a recent case, *United States v. Eddy Blizzard*, No. SAG-22-138, before the Honorable Stephanie A. Gallagher. The circumstances of that case were far more aggravated than this case and involved a defendant who, as a financial advisor, stole almost $1,000,000 in retirement savings from his elderly, illiterate financial client. Mr. Blizzard received a vulnerable victim enhancement, a substantial financial hardship enhancement, and an abuse of trust enhancement, showing clearly how much more aggravated that case was than the present. Moreover, the Court did not cite any cases in support of its decision not to consider that Mr. Blizzard was the main caregiver for his children. Ms. Mosby has cited case law supporting the consideration of the impact of incarceration on her daughters under § 3553(a). *See* Ms. Mosby's Sentg Mem. 10.

*Third*, while the Government's response focuses on the Defense's point that incarceration will harm Ms. Mosby's children, the familial impact – although important – is *but one* of numerous reasons supporting the Defense's request for a downward variance of a non-incarceration sentence under the § 3553(a) factors.

        Respectfully,

        /s/ James Wyda
        James Wyda (#25298)
        Maggie Grace
        Sedira Banan
        Counsel for Marilyn Mosby

        Office of the Federal Public Defender
        100 South Charles Street
        Tower II, 9th Floor
        Baltimore, MD 21201
        Phone: (410) 962-3962
        jim_wyda@fd.org
        maggie_grace@fd.org
        sedira_banan@fd.org