IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. LKG-22-007** |
| | * | |
| **MARILYN J. MOSBY,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| ****** | | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS
MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The Government respectfully submits this reply in support of its Motion for Preliminary Order of Forfeiture (the "Motion for Forfeiture"). ECF No. 510. Contrary to the arguments raised by the defendant, Marilyn J. Mosby (the "Defendant" or "Ms. Mosby") in her response to the Government's Motion for Forfeiture, ECF No. 521, the real property located at 2934 Gulf of Mexico Drive in Longboat Key, Florida (the "Vacation Condo") is subject to forfeiture because it is proceeds of the mortgage fraud, and such forfeiture is not an excessive fine under the Eighth Amendment of the United States Constitution.

A.    **The Vacation Condo is Proceeds of the Offense**

Ms. Mosby proposes to have the Court speculate about whether she could have obtained the condo without her fraud, conclude that she would have, and on that basis decline to enter forfeiture. In contrast, the Government asks the Court to rely on the evidence adduced at trial, specifically that the false Gift Letter (and the additional cash it represented) was necessary for Ms. Mosby to obtain the mortgage loan she received. She did not obtain her mortgage loan without the false statement, and she did not purchase the Vacation Condo but for the mortgage loan. Simply

put, the false Gift Letter resulted in the mortgage loan she used to purchase the Vacation Condo.[1] Therefore, the $428,400 mortgage was proceeds of the mortgage fraud for which the jury convicted Ms. Mosby in Count Four. The Government has proven a nexus between her mortgage fraud conviction and the property, and the Court should order forfeiture of the Vacation Condo. Fed. R. Crim. P. 32.2(b).

Once the Court finds that the mortgage is criminal proceeds of the conviction, the Defendant cannot have a property interest in the mortgage funds. The relation back doctrine, codified at 21 U.S.C. § 853(c) and incorporated by 18 U.S.C. § 982(b)(1), states that all right, title, and interest in criminal proceeds vests in the United States **upon commission of the act giving rise to forfeiture**. *See also United States v. Watts*, 786 F.3d 152, 166-67 (2d Cir. 2015) ("Because, by definition, the proceeds of an offense do not exist before the offense is committed, and because the government's interest under the relation-back doctrine immediately vests upon commission of that offense, any proceeds that ensue from the criminal act belong to the government from the moment that they come into existence.") (internal quotation marks omitted). As the Fourth Circuit has said:

> [I]n most cases, courts ultimately will find a forfeiture of proceeds not grossly disproportional to the offense. In a case involving a single offender, it would be very difficult, and perhaps impossible, for the defendant to show that the forfeiture of proceeds was grossly disproportional to the gravity of [her] offense.

*United States v. Jalaram*, 599 F.3d 347, 354-55 (4th Cir. 2010). Accordingly, the Court should order forfeiture of the Vacation Condo.

---

[1] The parties agree Ms. Mosby used the mortgage loan to purchase the Vacation Condo. ECF No. 521 at 8 ("[W]hen [Ms. Mosby] received the mortgage loan proceeds, she used the money as she promised to purchase the condominium.").

2

**B.      Forfeiting the Vacation Condo Does Not Violate the Eighth Amendment**

The Fourth Circuit uses a four-factor test based on the Supreme Court's decision in *United States v. Bajakajian*, 524 U.S. 321 (1998) to determine whether or not a forfeiture violates the Eighth Amendment's Excessive Fines clause.  The factors are: (1) the amount of the forfeiture and its relationship to the authorized penalty; (2) the nature and extent of the criminal activity; (3) the relationship between the crime charged and other crimes; and (4) the harm caused by the charged crime.  *Jalaram*, 599 F.3d at 355-56.

When evaluating the first factor, the Fourth Circuit routinely looks to statutory penalties as an important part of its analysis.  *See, e.g.*, *United States v. Spirito*, 36 F.4th 191, 212 (4th Cir. 2022) (comparison of forfeiture judgment to statutory penalty); *United States v. Bennett*, 986 F.3d 389, 399 (4th Cir. 2021) (comparison of forfeiture judgment to statutorily authorized monetary penalty); *United States v. Blackman*, 746 F.3d 137, 144 (4th Cir. 2014) (comparison of forfeiture judgment to both maximum statutory fine and Guidelines maximum); *United States v. Bollin*, 264 F.3d 391, 418 (4th Cir. 2001) (affirming forfeiture judgment of more than twice the authorized statutory penalty).  The statutory penalty here is clear.  A violation of 18 U.S.C. § 1014 subjects a defendant to a 30-year sentence of incarceration and a fine of up to $1,000,000.  This relatively significant punishment for a non-violent offense is a signal from Congress of its intent to characterize the offense as a serious one.  *See generally Bajakajian*, 524 U.S. at 336 (discussing deference to the legislature when Courts evaluate appropriate punishments).  The Guidelines maximum fine is also $1,000,000.  *See* U.S.S.G. § 5E1.2(c)(4).  With these maximum penalties in mind, a forfeiture of $428,400 in proceeds and appreciated value directly attributable to the criminal proceeds is not an excessive fine for Ms. Mosby.

Second, despite the Defendant's attempts to minimize her actions, the nature and extent of Ms. Mosby's criminal activity is significant in terms of her conduct. Ms. Mosby, a licensed attorney and the State's Attorney for Baltimore City, knowingly misled a mortgage lender for personal profit, and she signed a statement knowing it was not truthful. The jury instructions and the jury's verdict provide further support for the Government's position. The Court instructed the jury that to convict Ms. Mosby of Count Four, the jury must find the Defendant "knew the statement was false at the time it was made," and she made the statement "'for the purpose of influencing in any way' the mortgage lending business' action." ECF No. 471 (Jury Instructions). The jury then found Ms. Mosby made a false statement to the lender by submitting the Gift Letter.[2] This is different from the conduct in *Bajakajian*, where the defendant failed to declare his own, lawfully earned property when transiting a U.S. border.[3]

As to the third factor, the Government submits there is a relationship between the conviction at issue and other crimes, specifically the perjury conviction for Count Three. While the Government agrees the criminal conduct at issue here was limited to purchasing the Vacation Condo, the analysis should not end there. In *Bajakajian*, the court considered the class of persons the Bank Secrecy Act ("BSA") statute targeted and concluded Bajakajian fell outside that group because he was not a money launderer, drug trafficker, or tax evader—other crimes that might have a connection to the BSA conviction at issue in Bajakajian's case. But those are not the be-

---

[2] The Defendant asserts twice in her Response to the Government's Motion for Preliminary Order of Forfeiture with regard to Count Four that the jury acquitted her of three additional misrepresentations. ECF No. 521 at 3 and 8. This is false. That the jury failed to unanimously agree as to the additional alleged false statements is not an acquittal.

[3] And, perhaps signaling its views on the severity of that conduct and its implications, Congress enacted a bulk cash smuggling statute with stiffer penalties following the *Bajakajian* decision. *See* 31 U.S.C. § 5332.

4

all, end-all considerations the Court should consider when evaluating convictions for other statutes—they are context-specific "other crimes" related to Bajakajian's BSA conviction. Whether or not Ms. Mosby is a money launderer or tax evader does not affect the analysis.

Instead, this Court should consider other conduct and crimes relevant to the mortgage fraud statute. The mortgage fraud statute protects specified financial institutions from fraudulent loan applications, *United States v. Lentz*, 524 F.2d 69 (5th Cir. 1975), and is an expression of Congress' concern for punishing criminal concealment of banking transactions not necessarily involving criminal misapplication of funds, *United States v. Michael*, 456 F. Supp. 335 (D.N.J. 1978). To that end, perjury appears to be a relevant "other crime" this Court should consider. This is particularly so in the context of the need to protect a financial institution's ability to adequately gauge the risk of a borrower, for which cash on hand could be a relevant consideration. The downpayment money was only available to Ms. Mosby as the result of her perjury, and the lender determined she did not have sufficient funds available to satisfy the lender's terms without the Gift Letter funds. When the Court considers these facts, this factor favors the forfeiture and supports the conclusion it is not an excessive fine.

Regarding the fourth factor, the Government has identified that the lender in the instant case is adequately secured by collateral, and it has not suffered pecuniary harm at this juncture. However, the fluctuations of the real estate market are not absolute, and any misrepresentation in the loan process presents a risk and therefore at least some harm to a lender. Moreover, the public is harmed whenever an officer of the court and public official commits an act of dishonesty.

To the extent it is appropriate to consider a defendant's means in an Excessive Fines analysis—and the Government does not suggest it is appropriate—the Fourth Circuit deemed it "merely one factor to be weighed with all other factors." *Bennett*, 986 F.3d at 400. In *Bennett*, the

Fourth Circuit determined "the fact that Bennett did not have sufficient assets to satisfy the [$14 million] forfeiture judgment is insufficient to render the judgment unconstitutional" when considered in conjunction with the four primary factors. Bennett was facing a significant prison sentence and forfeiture of essentially all of her assets toward satisfaction of the money judgment. Ms. Mosby is more favorably situated than Bennett as to both her potential sentence of incarceration and forfeiture, and Ms. Mosby has extensive education, community and professional ties, and experience from which to draw to earn a living going forward. The Vacation Condo is not Ms. Mosby's home, and it is not the home of an innocent spouse or minor children, which may merit special consideration. It is an investment and should be treated like any other investment. The argument that Ms. Mosby deserves special consideration because she "essentially forfeited" her other investment property is absurd. She chose to sell that property for her own reasons and made a profit of $150,000—the Government did not institute forfeiture proceedings or receive any portion of the funds. Finally, the Government's proposed Preliminary Order of Forfeiture contemplates the return of the amount of funds Ms. Mosby withdrew from the 457(b) plan, placing her in the position where she would be without her mortgage fraud.

This Court should find the Eighth Amendment does not bar forfeiture of the Vacation Condo under the terms proposed in the Government's Preliminary Order of Forfeiture. "Unless the Constitution bars the forfeiture, the Court must impose it." *Jalaram*, 599 F.3d at 351 n.3.

**C.    Conclusion**

For the reasons above, and those in the Government's Motion for Forfeiture, the Vacation Condo is subject to forfeiture because it is proceeds of the mortgage fraud conviction, and its

forfeiture is not an excessive fine.  The Court should enter the Preliminary Order of Forfeiture and impose the forfeiture at sentencing.

                Respectfully submitted,

                EREK L. BARRON
                UNITED STATES ATTORNEY

By:    /s/_____
        Sean R. Delaney
        Stephanie Williamson
        Aaron S.J. Zelinsky
        Assistant United States Attorneys