IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-007 |
| | * | |
| MARILYN J. MOSBY, | * | Dated:  May 23, 2024 |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on March 10, 2022, a federal grand jury sitting in the District of Maryland returned a Superseding Indictment, charging Marilyn Mosby ("Ms. Mosby" or the "Defendant") with perjury, in violation of 18 U.S.C. § 1621 and 28 U.S.C. § 1746 (Counts One and Three), and false statement on a loan application, in violation of 18 U.S.C. § 1014 (Counts Two and Four); and

WHEREAS, the Superseding Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(A) and (b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek forfeiture, upon Ms. Mosby's conviction, of the offenses alleged in Counts Two or Four of the Superseding Indictment;

WHEREAS, on February 7, 2024, following a twelve-day jury trial, a federal jury sitting in the District of Maryland convicted Ms. Mosby on Count Four of the Superseding Indictment; and

WHEREAS, the United States has established by a preponderance of the evidence that Ms. Mosby obtained as the result of her criminal conviction the real property commonly known as 2934 Gulf of Mexico Drive in Longboat Key, Florida and more particularly described as follows:

>Unit 2934, THE TREE HOUSE, a Condominium, according to The Declaration of Condominium recording in Official Records Book 2002, Page 1695, and all exhibits and amendments thereof, and recorded in Condominium Plat Book 27, Page 2, Public Records of Sarasota County, Florida.
>
>Parcel Identification Number: 0005162003
>
>Subject to taxes for 2021 and subsequent years; covenants, conditions, restrictions, easements, reservations and limitations of record, if any.

(the "Subject Property"); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(2)(A) and (b)(1) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture with respect to the Subject Property;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The United States' Motion for a Preliminary Order of Forfeiture is GRANTED-in-PART.

2. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Subject Property and the Count Four conviction.

3. Accordingly, a portion—90%—of Ms. Mosby's interests in the Subject Property are hereby forfeited to the United States for disposition pursuant to 18 U.S.C. § 982(a)(2)(A) and (b)(1).

4. Upon successful completion of the forfeiture and sale of the Subject Property, the United States shall be required to distribute up to $47,600 plus 10% of the appreciation value from any net proceeds of the sale (funds generated after paying expenses incurred in the Subject Property's seizure, maintenance, and preparation for sale, costs of sale and closing costs, any valid third party claims, outstanding liens or mortgages, and taxes satisfied from the gross

proceeds of the sale).  The United States may deduct from this distribution any outstanding taxes, condo fees or special assessments, or mortgage payments owed before this Order takes effect to use those funds to pay the outstanding debts.

     5.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Subject Property and maintain it in its secure custody and control.

     6.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

     7.      The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

     8.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Subject Property.

     9.      Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Subject Property to be forfeited.

     10.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Subject Property, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a

petition with the United States District Court for the District of Maryland, requesting a hearing to adjudicate the validity of his or her interest in the Subject Property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

11. Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States shall have clear title to the Subject Property.

12. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of her sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against her.

13. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A) and (b)(1) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

14. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property or substitute property when identified.

                                                          s/ Lydia Kay Griggsby
                                                          LYDIA KAY GRIGGSBY
                                                          United States District Judge