IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.  Crim. No. LKG-22-0007

MARILYN J. MOSBY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR PERMISSION TO TRAVEL FOR EMPLOYMENT PURPOSES

Defendant Marilyn J. Mosby, through her attorney, James Wyda, Federal Public Defender for the District of Maryland, moves this Court to permit her to travel for employment purposes. Specifically, Ms. Mosby asks the Court to allow her to travel to the Essence Festival of Culture in New Orleans, Louisiana, in early July, where she will be paid as a legal contributor and speaker. The Probation Office opposes this request on the ground that a local policy prohibits travel within the first 60 days of an individual's supervision. The government opposes this request in deference to the Probation Office. Because the Festival will occur on July 6 and 7, 2024, Ms. Mosby respectfully requests the Court's speedy resolution of this motion.

In support of the motion, undersigned counsel states as follows:

1. Ms. Mosby was convicted of two counts of perjury, in violation of 18 U.S.C. § 1621 (Counts One and Three), and one count of making a false statement on a loan application, in violation of 18 U.S.C. § 1014 (Count Four).

2. On May 23, 2024, this Court sentenced Ms. Mosby to time served on these counts, with three years of supervised release. As a condition of her supervised release, this Court's judgment required Ms. Mosby to remain in her home for a 12-month period—except for (as relevant here) "employment." Judgment 5. As of June 20, 2024, Ms. Mosby has been subject to electronic

monitoring.

3. This Court's judgment further states (p. 4) that Ms. Mosby may travel outside this judicial district upon receiving "permission from the court." Ms. Mosby thus now seeks permission to travel to the Essence Festival of Culture in New Orleans, Louisiana, which will generate a source of income for her and potentially connect her to other speaking engagements that will do the same. This opportunity for employment (which again is a recognized exception in the Court's judgment to the home detention) is particularly critical because Ms. Mosby does not currently have any steady source of income necessary to pay her bills.

4. More specifically, Black Star Network has offered Ms. Mosby a paid contract position in which she will serve as a legal contributor covering the Essence Community Impact Hub program at the festival on July 6 to July 7, 2024. This program will consist of speakers from various organizations discussing economic empowerment, civil rights activism, and leveling the playing field for African Americans. One of these discussions will include a live podcast (on the main stage of the festival) focusing on the empowerment of black women on July 7, 2024. In addition to the fee she will be paid, Ms. Mosby will be provided a stipend by the Global Black Economic Forum to cover travel and lodging expenses.

5. This event is crucial to advancing Ms. Mosby's consulting company, Mahogany Elite Enterprises, LLC. Through this company, Ms. Mosby will be offering her services to speak on issues of race, justice, and equality impacting black women. Her background and expertise as a former State's Attorney in Baltimore make her an ideal speaker to address these issues confronting black women. In particular, the Essence Festival (one of the largest and most influential African-American festivals in the country) will give her a platform to share her experience and insights with a broader audience, which in turn will likely lead to more paid speaking engagements for her business.

6. If this motion is granted, a travel itinerary will be provided to the Probation Office.

7. As noted, the Probation Office opposes this request on the ground that a local policy prohibits travel within the first 60 days of an individual's supervision. Ms. Mosby is not aware of any such policy and has not been able to locate any publication of it. In any event, a Probation Office policy cannot override this Court's judgment, which recognized that during the 12-month period of home detention, Ms. Mosby should be able to undertake available employment opportunities so that she can support herself and her minor daughters. To the extent such opportunities arise within this judicial district, Ms. Mosby is certainly willing to take advantage of them. But Ms. Mosby obviously cannot control where and when such opportunities arise, and she should not be denied legitimate opportunities to support herself and her family because an opportunity arises outside the district.

8. Strict adherence to any 60-day no-travel policy is particularly unwarranted here because Ms. Mosby has already demonstrated that she will comply with this Court's restrictions, including regarding travel. When the Court earlier this month delayed the start of the 12-month home-detention period so that Ms. Mosby could travel to Massachusetts in connection with the passing of her grandmother, Ms. Mosby returned to this district as required to begin the home detention. If this motion is granted, she will likewise return immediately as directed by the Court, upon the completion of the employment opportunity.

**WHEREFORE,** undersigned counsel respectfully requests that this Court permit Ms. Mosby to travel so that she can work at the Essence Festival of Culture in New Orleans, Louisiana, on July 6-7, 2024. A proposed order is attached.

       Respectfully submitted,

       JAMES WYDA
       Federal Public Defender

       _____/s/_____
       JAMES WYDA (#25298)
       Office of the Federal Public Defender
       100 South Charles Street
       Tower II – Ninth Floor
       Baltimore, Maryland   21201
       Telephone: (410) 962-3962
       Facsimile: (410) 962-3976
       jim_wyda@fd.org