IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) CRIMINAL NO. LKG-22-007 |
| MARILYN J. MOSBY, | ) |
| Defendant | ) |

## CLAIM OF INTEREST IN PROPERTY ORDERED FORFEITED AND PETITION FOR HEARING TO ADJUDICATE VALIDITY OF INTEREST

COMES NOW, Seaside Gardens Retreat of Longboat Key Condominium Association, Inc., a Florida Corporation, by and through undersigned counsel, pursuant to 21 U.S.C. §853(n) and Federal Rules of Criminal Procedure 32.2(b)(6) and 32.2(c), and files this Claim of Interest and Petition for Hearing to Adjudicate Validity of Interest and states as follows:

1. Florida counsel for Seaside Gardens Retreat of Longboat Key Condominium Association, Inc. (the "Association") received a letter dated May 29, 2024, from US Attorney Erek L. Barron, Esq. as required by Rule 32.2(b)(6) Fed. R. Crim. P., a copy of which is attahced hereto as **EXHIBIT A**.

2. The letter advised of a Preliminary Forfeiture Order entered in this case against Defendant Marilyn J. Mosby ("Defendant") and apprised the Association of claim rights associated with a condominium unit owned by the Defendant.

3. The Association has a legally enforceable interest in the Defendant's condominium unit.

4. Defendant is the record owner of a unit within a condominium complex known as The Tree House, a Condominium located in Longboat Key, Sarasota County, Florida (sometimes hereinafter, the "Condominium").

5. The address of Defendant's unit is 2934 Gulf of Mexico Dr., Unit 2934, Long Boat Key, FL 34228, and is more particularly described as:

**Unit 2934, THE TREE HOUSE, a Condominium, according to The Declaration of Condominium recorded in Official Records Book 2002, Page 1695, and all exhibits and amendments thereof, and recorded in Condominium Plat Book 27, Page 2, Public Records of Sarasota County, Florida.**

Parcel Identification Number: 0005162003
(the "Unit").

6. The Association is the legal entity in charge of operating the Condominium pursuant to Florida Statutes §718.101 et seq. and the Amended and Restated Declaration of Condominium of the Tree House, a Condominium (the "Declaration"). Relevant portions of the Declaration are attached as **EXHIBIT B**. See Declaration Section 10.; and Florida Statutes § 718.111.

7. Pursuant to the Condominium's Declaration and Chapter 718 of the Florida Statutes, the Association has the power to levy and collect monetary assessments against each unit and unit owner for operation and management of the Condominium and the Association. See Declaration Section 11; and Florida Statutes §§ 718.111, 718.112, 718.114, 718.115, and 718.116.

8. Each unit owner, regardless of how title is acquired, is liable for all assessments coming due while he is the unit owner, and a unit owner is jointly and severally liable with the previous until owner for unpaid assessments that came due up to the time of transfer of title. See Declaration Section 11; and Florida Statute § 718.116.

9. Unpaid assessments bear interest at 18%. In addition to interest, the Association is empowered to charge late fees, administrative expenses, attorney's fees and costs. See *Id.*

10. The Association is empowered to record and foreclose a claim of lien against a unit within the Condominium for unpaid assessments, interest, late fees, administrative expenses, and all reasonable costs and attorney's fees incurred. See Declaration Section 11; and Florida Statutes §§ 718.116 and 718.121.

11. A claim of lien filed pursuant to Chapter 718 of the Florida Statutes and the Condominium Declaration, is effective from and relates back to the original declaration of condominium creating the parcel or April 1, 1992, whichever shall last occur. See *Id.* Condominium claims of lien in Florida have priority over all matters filed of record from the relation back date, except for first mortgages, tax liens and the like.

12. Here, the Defendant initially failed to pay regular assessments and special assessments for February and March 2024, and interest began accruing on said unpaid amounts – prompting a 30-day notice of late assessment to be sent on March 18, 2024. See Notice of Late

Assessment attached hereto as **EXHIBIT C**. See Declaration Ch. 11; and Florida Statutes §§ 718.116 and 718.121(5).

13. Defendant failed to pay the assessments and interest pursuant to the 30-day notice. Regular and special assessment installments and interest continued to become due each month thereafter, including costs and attorney's fees.

14. Pursuant to the Declaration and Florida Statutes, a Notice of Intent to Record a Claim of Lien was sent on May 2, 2024, which provided a 45-day notice to pay and advised of the Association's intent to record a claim of lien. A copy of the Notice of Intent to Record a Claim of Lien is attached hereto as **EXHIBIT D**.

15. While the Defendant has made partial payments to the Association since the May 2, 2024, Notice of Intent to Record a Claim of Lien, the partial payments have been insufficient to satisfy the amounts due and owing.

16. As of June 17, 2024, Defendant owes the Association $7,206.54 in unpaid assessments, interest, attorney's fees and costs – which amount continues to increase as interest accrues and attorney's fees are expended in collection efforts and to protect the lien.

17. A claim of lien has been recorded in the public records of Sarasota County, Florida. A copy of the recorded Claim of Lien is attached hereto as **EXHIBIT E**.

18. As mentioned above, condominium claims of lien in Florida are effective from and shall relate back to the original declaration of condominium creating the parcel or April 1, 1992, whichever shall last occur. See Florida Statute § 718.121(5). Here, the original declaration of condominium was recorded in the 1980s at Book 2002 Page 1695 et seq. in Sarasota County Official Public Records. As such, the lien relates back to April 1, 1992. See Florida Statute § 718.121(5).

### Conclusion

19. The Court should find the Association's Claim valid and order that any forfeiture be subject to said claim of lien.

I declare under penalty of perjury that the foregoing is true and correct.

By: _(signature)_  Executed on: 6/24/24
Print: Monique Holston-Greene
As: President of Seaside Gardens Retreat of Longboat Key Condominium Association, Inc.

Respectfully submitted,

*/s/ Paul R. Kramer*
Paul R. Kramer
PAUL R. KRAMER, LLC
One North Charles Street, #1104
Baltimore, Maryland 21201
Paulkramer11@aol.com
(410) 727-5531

**COUNSEL FOR DEFENDANT**

_____6/26/2024_____
Date