IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| v. ) | Criminal Case No. 22-cr-00007-LKG |
| MARILYN J. MOSBY, ) | Dated: August 19, 2024 |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO STAY FORFEITURE PENDING APPEAL**

**I.   INTRODUCTION**

The Defendant, Marilyn J. Mosby, has moved to stay forfeiture pending appeal, pursuant to Federal Rule of Criminal Procedure 32.2(d). ECF No. 548. The motion is fully briefed. ECF Nos. 548, 556, 562. The Court held a hearing on this issue on May 23, 2024. ECF No. 530. No further hearing is necessary. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Defendant's motion to stay forfeiture pending appeal.

**II.   FACTUAL BACKGROUND**

On January 13, 2022, a Federal Grand Jury sitting in Baltimore, Maryland returned a four-count Indictment against the Defendant, Marilyn J. Mosby. *See* ECF No. 1. The Federal Grand Jury returned a Superseding Indictment on March 10, 2022. *See* ECF No. 23. Relevant to the pending motion, the Superseding Indictment charged the Defendant with submitting a false gift letter to United Wholesale Mortgage on February 10, 2021, to obtain a mortgage loan to purchase a property located in Longboat Key, Florida. *Id*. at 15-19.

Following a three-week trial held in November 2023, a jury convicted the Defendant of two counts of perjury for making a false statement on forms seeking to withdraw funds from her City of Baltimore Deferred Compensation Plan on May 26, 2020, and December 29, 2020, respectively. ECF No. 318. Following a four-week trial held in January and February 2024, a jury convicted the Defendant of one count of mortgage fraud for submitting a false gift letter to United Wholesale Mortgage on February 10, 2021. ECF No. 474.

1

On May 2, 2024, the Government filed a motion for preliminary order of forfeiture seeking to forfeit certain real property located at 2934 Gulf of Mexico Drive in Longboat Key, Florida (the "Longboat Key Property"). ECF No. 510. On May 16, 2024, the Defendant filed a response in opposition to the Government's motion. ECF No. 521. The Government filed a reply brief on May 21, 2024. ECF No. 527.

On May 23, 2024, the Court held a hearing to determine the forfeitability of the Longboat Key Property. ECF No. 530. During the forfeiture hearing, the parties presented oral arguments on the Government's motion for preliminary order of forfeiture.

At the conclusion of the forfeiture hearing, the Court determined that the Government had established by a preponderance of the evidence that the Defendant obtained the Longboat Key Property as a result of the conduct underpinning her criminal conviction. ECF No. 529 at 1. And so, the Court issued a Preliminary Order of Forfeiture, ordering that: (1) 90 percent of the Defendant's interests in the Long Boat Key Property be forfeited to the Government and (2) "[u]pon successful completion of the forfeiture and sale of" the Longboat Key Property, the Government would distribute to the Defendant up to $47,600, plus 10 percent of the appreciation value from any net proceeds of the sale of the Longboat Key Property. *Id*. at 2-3.

Thereafter, the Court proceeded to a sentencing hearing and sentenced the Defendant to time served and three years of probation, the first six months of which are to be served on home detention. ECF No. 532. At the conclusion of the sentencing hearing, the Defendant orally moved to stay forfeiture pending appeal, pursuant to Federal Rule of Criminal Procedure 32.2(d). ECF No. 531. Following brief oral argument on the Defendant's oral motion, the Court denied the Defendant's motion without prejudice. *Id*.

On May 29, 2024, the Government posted a notice of the forfeiture on www.forfeiture.gov, and notices have been sent to identified potential third-party claimants. ECF No. 557. United Wholesale Mortgage, LLC filed an ancillary petition on June 17, 2024. ECF No. 554.

On June 10, 2024, the Defendant filed a motion to stay forfeiture pending appeal. ECF No. 558. On June 24, 2024, the Government filed a response in opposition to the Defendant's motion. ECF No. 556. The Defendant filed a reply brief on July 2, 2024. ECF No. 562.

The Defendant's motion to stay forfeiture pending appeal having been fully briefed, the Court resolves the pending motion.

### III. STANDARDS FOR DECISION

#### A. Rule 32.2

Federal Rule of Criminal Procedure 32.2 provides that:

> If a defendant appeals from a conviction or an order of forfeiture, the court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Fed. R. Civ. P. 32.2(d). And so, the Court may, but is not required to, impose a stay of forfeiture pending appeal. *Id*. A stay imposed by the Court "does not delay the ancillary proceeding or the determination of a third party's rights or interests"—it only stays final disposition of the property subject to forfeiture. *Id*.

Neither the United States Court of Appeals for the Fourth Circuit, nor this Court has directly addressed how courts should exercise their discretion when considering whether to stay a forfeiture pending appeal pursuant to Rule 32.2(d). But, generally, courts have considered four factors when assessing a defendant's motion to stay the forfeiture pending appeal: (1) the likelihood of success on appeal; (2) whether the forfeited assets will depreciate over time; (3) the forfeited assets' intrinsic value to the defendant; and (4) the expense of maintaining the forfeited property. *United States v. Dong*, 252 F. Supp. 3d 447, 460 (D.S.C. 2017), *aff'd sub nom*. *United States v. Vaxima, Inc.*, 2022 WL 595655 (4th Cir. Feb. 28, 2022); *accord, e.g.*, *United States v. Ngari*, 559 F. App'x 259, 272 (5th Cir. 2014); *United States v. Silver*, 203 F.Supp.3d 370, 385 (S.D.N.Y. 2016); *United States v. Fisher*, 2024 WL 2001596, at *2 (N.D. Ga. Apr. 1, 2024).

### IV. ANALYSIS

The Defendant has moved to stay forfeiture pending appeal, pursuant to Federal Rule of Criminal Procedure 32.2(d), upon the grounds that: (1) she is likely to succeed on appeal with regards to several challenges to her mortgage fraud conviction and the Court's Preliminary Order

3

of Forfeiture and (2) the other factors that the Court considers when weighing a motion to stay forfeiture pending appeal support granting such a stay.[1]  ECF No. 548 at 5-6.

The Government counters that a stay of forfeiture is not warranted in this case, because: (1) the Defendant has not shown a likelihood of success on appeal; (2) the Defendant overstates the likelihood that the Longboat Key Property will appreciate in value; (3) the Longboat Key Property has no intrinsic value to the Defendant; and (4) maintaining the Longboat Key Property during the course of the Defendant's appeal will result in a significant cost to the Government. ECF No. 556 at 2-7.  And so, the Government requests that the Court deny the Defendant's motion to stay forfeiture pending appeal.  *Id*. at 7.

For the reasons that follow, the Defendant has shown a likelihood of success on appeal with regards to some of the challenges to her mortgage fraud conviction.  But, the remaining stay factors weigh against a stay of forfeiture.  And so, the Court **DENIES** the Defendant's motion to stay forfeiture pending appeal.

### A. The Defendant Has Not Shown That A Stay Of Forfeiture Is Warranted
### 1. The Defendant Has Shown A Likelihood Of Success On Appeal

As an initial matter, the Defendant persuasively argues that she has shown a likelihood of success on appeal with regards to at least one of the arguments challenging her mortgage fraud conviction.  Courts have long recognized that the Court is not required to predict that it has previously "rendered an erroneous decision" in weighing this stay factor.  *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 844 (D.C. Cir. 1977); *accord Boston Parent Coal. for Acad. Excellence Corp. v. Sch. Comm. of City of Boston*, 996 F.3d 37, 43 (1st Cir. 2021); *Goldstein v. Miller*, 488 F. Supp. 156, 172-73 (D. Md. 1980), *aff'd* 649 F.2d 863 (4th Cir. 1981), and *aff'd sub nom. Overbook Egg Nog Corp. v. Miller*, 649 F.2d 864 (4th Cir. 1981).

---

[1] Defendant argues that she is likely to succeed on appeal because: (1) the jury instructions for the mortgage fraud trial permitted the jurors to find venue in the District of Maryland through proof of preparatory acts alone; (2) the Government failed to prove venue in the District of Maryland; and (3) the jury was improperly permitted to consider her perjury convictions as substantive evidence during the mortgage fraud trial.  ECF No. 548 at 5.  In addition, the Defendant argues that she will be able to successfully challenge the Court's Preliminary Order of Forfeiture on appeal, because: (1) the Government failed to show that she could not have qualified for another mortgage loan or closed on the Longboat Key Property without the false gift letter at issue in the case; and (2) the Preliminary Order of Forfeiture violates the Eighth Amendment.  *Id*.

Rather, the question before the Court is whether the Defendant's appeal presents "an admittedly difficult legal question." *Goldstein*, 488 F. Supp. at 172 (quoting *Holiday Tours*, 559 F.2d at 844); *cf. United States v. Ambler*, 2013 WL 5770505, at *1 (N.D. W.Va. Oct. 24, 2013) (concluding the "likelihood of success" factor weighs against a stay where "the trial was clean with hardly any objections made by the defense," the Government's evidence was substantial and the jury returned a guilty verdict on every count).

In this case, the Defendant argues that a stay of forfeiture is warranted, because, among other things, the Court erred in finding that the Government established venue in the District of Maryland with regards to her mortgage fraud conviction. ECF No. 548 at 12. The Government correctly observes that the Court previously considered and rejected this argument. ECF No. 556 at 3; *see also United States v. Miller*, 2020 WL 525125, at *1 (E.D. Va. Jan. 27, 2020) (denying a motion for stay of forfeiture pending appeal where the Defendant's motion repeats post-trial arguments previously resolved by the Court without adding new evidence or argument in support). But the Court also previously observed that the question of whether the Government established venue in the District of Maryland, based upon the false gift letter that the Defendant submitted to United Wholesale Mortgage, is a close legal and factual question. ECF No. 570 at 38:16-19 (observing that the venue question "is a very important issue" and that the parties should "preserve the record in this case . . . pending any potential appeal of this issue"). Given this, the Court is satisfied that the Defendant's appeal related to this issue presents "an admittedly difficult legal question" as to whether the Government proved that venue was proper in the District of Maryland during its case-in-chief. *Goldstein*, 488 F. Supp. at 172 (quoting *Holiday Tours*, 559 F.2d at 844).

### 2. The Remaining Factors Do Not Support A Stay Pending Appeal

While the Defendant has shown a likelihood of success with regards to at least one of her arguments on appeal, she has not shown that the remaining factors support a stay of forfeiture for several reasons.

First, the Defendant has not shown that the Longboat Key Property is unlikely to depreciate in value during the pendency of her appeal. In her motion to stay, the Defendant argues that a stay of forfeiture is appropriate, because the value of the Longboat Key Property is likely to significantly appreciate during her appeal. ECF No. 548 at 19. While the parties agree that the Longboat Key Property has significantly appreciated in value since the Defendant

5

purchased the property in 2021, the Defendant has not shown that this trend would continue during the pendency of her appeal. *Id*.; ECF No. 556 at 3-4.

Notably, the Defendant represents to the Court that she intends to rent the Longboat Key Property. ECF No. 548 at 20 (stating that the Longboat Key Property "has served as a critical source of rental income [and] could soon become her sole source of income now that her legal career is in jeopardy"). Should she do so, the Longboat Key Property would be at risk of remaining vacant for extended periods of time when it is unoccupied and also would be susceptible to the wear and tear typically associated with a rental property during periods when it is occupied. *United States v. Fisher*, 2024 WL 2001596, at *4 (N.D. Ga. Apr. 1, 2024). And so, there is an understandable concern that the value of the Longboat Key Property could actually depreciate during the pendency of the Defendant's appeal.

The Defendant has also not shown that the Longboat Key Property holds any intrinsic value. Courts have recognized that "[i]ntrinsic value is a very subjective concept that looks to the worth of the property to the parties." *In re Cole*, 548 B.R. 132, 144 (Bankr. E.D. Va. 2016) (citation omitted). Given this, the availability of a substitute property bears heavily on whether the subject property is intrinsically valuable. *See United States v. Grote*, 961 F.3d 105, 123 (2d Cir. 2020).

In this case, the Defendant argues that the Longboat Key Property holds intrinsic value, because the property has allowed her to establish financial independence and to "invest in 'an all-black venture' in a community that was 'less than one percent black'". ECF No. 548 at 19-20. But the Defendant has not shown that the Longboat Key Property is unique in such a way that she could not be made whole by receiving funds to purchase a replacement property should she prevail on appeal.[2] *See Fisher*, 2024 WL 2001596, at *3 (holding that a defendant must allege facts showing that a property is unique to warrant a stay, "such as allegations showing that [it] had been in the defendant's family for a long time or had nostalgic value"); *see also Ambler*, 2013 WL 5770505, at *2 (holding that the intrinsic value factor weighs against a stay of forfeiture when the defendant's property is newly owned). And so, this factor similarly weighs against a stay of forfeiture.

---

[2] Relying on *United States v. Lillemoe*, 2017 U.S. Dist. LEXIS 127742 (D. Conn. Aug. 11, 2017), the Defendant argues that the Longboat Key Property holds intrinsic value, because it is "a crucial source of rental income [and] could soon become her sole source of income." ECF No. 548 at 20.

The Court is also persuaded by the Government's argument that maintaining the Longboat Key Property during the pendency of the Defendant's appeal would be unduly expensive for the Government. The Government has a significant interest in maintaining the Longboat Key Property until it can be sold *via* the forfeiture process. *See, e.g.*, *Miller*, 2020 WL 525125, at *1; *United States v. Dong*, 252 F. Supp. 3d 447, 460 (D.S.C. 2017), *aff'd sub nom*. *United States v. Vaxima, Inc.*, 2022 WL 595655 (4th Cir. Feb. 28, 2022); *Ambler*, 2013 WL 5770505, at *1. Notably, the Government explains that there will be various expenses associated with maintaining the Longboat Key Property, including condominium fees, special assessments and general maintenance expenses, that the Government will ultimately have to bear until the property is sold. ECF No. 556 at 7. Given this, a stay of forfeiture would increase and extend the financial burden on the Government to maintain the Longboat Key Property while the Defendant pursues her appeal. For this reason, the final stay factor that the Court considers also weighs against a stay of forfeiture in this case.

## V.   CONCLUSION

For the foregoing reasons, the Court **DENIES** the Defendant's motion to stay forfeiture pending appeal.

The parties shall **FILE** a joint status report stating their respective views on further proceedings with regards to the Court's Preliminary Order of Forfeiture **on or before September 3, 2024**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge