IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                              Crim. No. LKG-22-0007

MARILYN J. MOSBY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### EMERGENCY MOTION FOR PERMISSION TO ATTEND STAFF DINNERS FOR EMPLOYMENT PURPOSES

On August 29, 2024, this Court (with the consent of United States Probation Officer Rachel Snyder and the United States Attorney's Office) approved Defendant Marilyn J. Mosby's request for travel to California from September 29, 2024 to October 6, 2024, for an in-person visit with her prospective employer. ECF No. 573. This travel is necessary because Ms. Mosby has received a tentative job offer from this California-based employer, but she is required to attend in-person training, orientation, and meetings with leadership before the employer determines whether to move forward with an official offer of employment and finalize her title, salary, and performance metrics.

As part and parcel of next week's orientation, Ms. Mosby's prospective employer has planned staff dinners on four nights—specifically on September 30, 2024 through October 4, 2024. Ms. Mosby now requests that this Court permit her to attend these employment-related dinners. Because the dates of these scheduled dinners are only a few days away, Ms. Mosby respectfully requests that this Court expedite the resolution of this motion.

United States Probation Officer Rachel Snyder and the United States Attorney's Office opposes this motion. In support of this motion, undersigned counsel states as follows:

1.  Ms. Mosby was convicted of two counts of perjury in violation of 18 U.S.C. § 1621 (Counts One and Three), and one count of false statement on a loan application in violation of 18

1

U.S.C. § 1014 (Count Four).

2. On May 23, 2024, this Court sentenced Ms. Mosby to time served on these counts, with three years of supervised release. As a condition of her supervised release, Ms. Mosby was also placed on home detention for a 12-month period—except for (as relevant here) "employment." Judgment at p. 5. And as of June 20, 2024, Ms. Mosby was put on 24-hour electronic monitoring. She has been fully compliant with the home detention condition as well as all other conditions of supervised release. She has not had a single violation, despite being on restrictive conditions for over three months now.

3. Ms. Mosby now requests that as a part of her approved travel next week for orientation, training, and meetings with her prospective employer in California, this Court permit her to attend staff dinners scheduled for four nights (September 30, 2024 through October 3, 2024) while she is there. These work dinners will be important for Ms. Mosby to network and build relationships with staff members, with whom she will be prospectively working.

4. However, Probation Officer Ms. Snyder conveyed to defense counsel that she opposes Ms. Mosby's attendance at these dinners for four reasons—none of which are persuasive.

*First,* Ms. Snyder notes that with the dinners, the California orientation agenda exceeds the allowed 50 hours of leave in a week under the home detention policy. But this is a policy of the Probation Office—not a condition imposed by this Court. More importantly, such policy impedes on this Court's judgment ordering that employment is an exception to home detention. The scheduled staff dinners during Ms. Mosby's orientation week come within this employment-related exception because they will give Ms. Mosby an opportunity to network with prospective team members and demonstrate why she would be a valuable colleague who should receive a final employment offer.

*Second*, Ms. Snyder reasons that the staff dinners were not included in Ms. Mosby's original motion seeking Court approval for California employment-related travel (ECF No. 572). But at the time that the motion for travel was filed (August 28, 2024), Ms. Mosby's prospective employer had not provided her with any specifics of her orientation itinerary—staff dinners or otherwise. Therefore, it was impossible at that time to identify staff dinners or any other specific orientation events in the motion for travel. The employer only provided Ms. Mosby with that itinerary on September 24, 2024. And on that same day, Ms. Mosby forwarded the itinerary to Ms. Snyder.

*Third*, Ms. Snyder complains that Ms. Mosby has failed to provide specific locations for where the staff dinners would take place. But this is no longer the case. On September 25, 2024, Ms. Mosby's prospective employer provided this information to her. And that same day, Ms. Mosby passed this information on to Ms. Snyder.

*Fourth*, Ms. Snyder asserts that Mosby is not considered staff at this time as no formal employment offer to include the nature of the role, hours, responsibilities, etc., have been disclosed to Probation. But this is beside the point. This Court approved Ms. Mosby's California travel request because she is required to attend orientation before her employment offer is finalized and her role, hours, and responsibilities are determined. The staff dinners (which Ms. Mosby is expected to attend) are part and parcel of that orientation that will take place before any employment offer is finalized and Ms. Mosby's role is determined.[1]

In short, none of Ms. Snyder's reasons justify denial of Ms. Mosby' request to attend employment-related dinners during Ms. Mosby's orientation in California with her prospective employer. Rather, preventing Ms. Mosby from attending these work dinners will only interfere with her prospective employment.

---

[1] It bears noting that even though Ms. Mosby's employment offer has not yet been finalized, her prospective employer is paying for her time during the orientation.

**WHEREFORE,** undersigned counsel respectfully requests that this Court permit Ms. Mosby to attend the staff dinners on September 30, 2024 through October 3, 2024 during the course of her orientation in California with her prospective employer.  A proposed order is attached.

        Respectfully submitted,

        JAMES WYDA
        Federal Public Defender

        _____/s/_____
        JAMES WYDA (#25298)
        Office of the Federal Public Defender
        100 South Charles Street
        Tower II – Ninth Floor
        Baltimore, Maryland   21201
        Telephone:   (410) 962-3962
        Facsimile:    (410) 962-3976
        Email:           jim_wyda@fd.org