**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 22-cr-00007-LKG |
| | ) | |
| MARILYN J. MOSBY, | ) | Dated:  November 12, 2024 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

On October 29, 2024, the Defendant, Marilyn J. Mosby, filed a renewed motion for modification of home detention conditions, seeking to modify her conditions of supervised release to replace the home detention requirement with a curfew that allows her to leave her residence daily between 6:00 a.m. and 9:00 p.m.  ECF No. 586.  The Defendant states that this modification is necessary in light of her recent employment, which requires routine travel and the flexibility to modify her schedule based upon the needs of her employer.  *Id*. at 1.

The Government and the United States Probation Office for this District oppose the Defendant's motion.  For the reasons that follow, the Court **DENIES** the Defendant's motion for modification of home detention conditions (ECF No. 586).

Background

As background, on May 23, 2024, the Court sentenced the Defendant to time served following her conviction of two counts of perjury, in violation of 18 U.S.C. § 1621, and one count of making a false statement on a loan application, in violation of 18 U.S.C. § 1014.  ECF No. 532 at 3.  The Court also ordered that the Defendant be placed on home detention for the first 12 months of her supervision, thereby restricting the Defendant to her residence at all times with limited exceptions for, among other things, employment.  *Id*. at 4-5.  The Defendant began home detention on June 20, 2024.  ECF No. 586 at 6.

On or about October 1, 2024, the Defendant started a new job as the Director of Global Strategic Planning with G.L.O.M. Global.  ECF No. 580 at 4.  The Defendant represents to the Court that this position requires that she travel to various locations within the District of

Maryland and elsewhere on a routine basis.  ECF No. 586 at 1.  While the Defendant acknowledges that the existing conditions of her supervision permit her to leave her residence for employment purposes, she maintains that "it would become a logistical nightmare" if she is required to seek and obtain approval from her probation officer every time that she needs to engage in travel for employment purposes.  *Id*. at 7.  And so, the Defendant requests that the Court modify her conditions of supervised release to replace the home detention requirement with a curfew that allows her to leave her residence daily between 6:00 a.m. and 9:00 p.m.  *Id*. at 9.

Analysis

The Defendant has neither met her burden to show that the requested modification to her supervised release conditions is necessary, nor shown that the modification is warranted at this time, for several reasons.

As an initial matter, it is not clear to the Court that the Defendant's new position satisfies the conditions of her supervision.  The standard conditions of the Defendant's supervision require that she work full time at a lawful type of employment, unless excused by her probation officer.  ECF No. 532 at 4.  But, the United States Probation Office informs the Court that it is currently unable to "confirm that the [Defendant's new] position is lawful or legitimate," based upon the information provided by the Defendant.  Given this, the Defendant will need to take additional steps to address and resolve this concern with her probation officer.[1]

The Defendant has also not shown that the requested modification to her supervised release conditions is necessary.  As the Defendant acknowledges, the current conditions of her supervised release allow the Defendant to leave her residence for employment purposes.  ECF No. 586 at 7.  Nonetheless, the Defendant argues that "logistical problems combined with Probation's absolute rigidity will make it impossible for [her] to successfully perform her job" without the requested modification.  *Id*.  The Defendant has not, however, provided the Court with any facts to show that she is unable to effectively perform her work duties without that modification.

---

[1] The United States Probation Office also informs the Court that the Defendant has not provided it with proof of income related to her new position.

The United States Probation Office also informs the Court that, to date, the Defendant has requested only one four-hour block of employment-related leave, since starting her new position in October, which was approved by her probation officer without issue.  And so, the facts currently before the Court simply do not show that the Defendant is unable to effectively perform her new job without the requested modification.[2]

The Court observes as a final matter that any modification to the Defendant's conditions of supervision must also comport with the purposes of the sentence imposed by the Court.  To date, the Defendant has completed less than half of the period of her home detention.

On October 30, 2024, the United States Probation Office informed the Court that the Defendant's adjustment to supervision is "marginal."  This assessment reflects a noticeable decline in the Defendant's adjustment to supervision since August 30, 2024, when the United States Probation Office advised that the Defendant's adjustment was "satisfactory."  On October 22, 2024, the Court also received a 12A Report on Offender Under Supervision, which notes that the Defendant failed to advise her probation officer of a change in her schedule and to request an adjustment to her travel schedule during business hours, in violation of the conditions of her supervision.  The Defendant's decline in adjustment to supervision is concerning to this Court.

Given the decline in the Defendant's supervision compliance, the United States Probation Office advises that it opposes the requested modification to the Defendant's conditions of supervised release at this time.  The United States Probation Office further advises that, should the Defendant's compliance with supervision improve, and her new position and duties become more clearly defined, the requested modification may be appropriate in the future.

For the aforementioned reasons, the Defendant has not satisfied her burden to show that the requested modification to her supervised release conditions is necessary or warranted.  And

---

[2]  The Defense appears to misconstrue the Court's October 11, 2024, Order denying the Defendant's initial motion for modification of home detention condition (ECF No. 582).  In that Order, the Court observed that the Defendant had not provided certain information about the role and responsibilities of her new position with G.L.O.M. Global to the United States Probation Office, so that her probation officer could better understand the nature of her work and eliminate any third-party risk concerns.  ECF No. 582 at 1.  The Court did not, however, state that providing this information would be sufficient, alone, to show that the requested modification is necessary.  *Id.*

so, the Court **DENIES** the Defendant's motion for modification of home detention conditions (ECF No. 586).  The current conditions of the Defendant's supervision shall remain in effect.

      **IT IS SO ORDERED.**

s/ Lydia Kay Griggsby      
LYDIA KAY GRIGGSBY
United States District Judge
