**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND 20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

PARESH S. PATEL
ASSISTANT FEDERAL PUBLIC DEFENDER

November 14, 2024

The Honorable Lydia Kay Griggsby
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:   *United States v. Marilyn J. Mosby,* Crim. Case No. LKG-22-0007

Dear Judge Griggsby:

I am writing to clarify three points referenced in the Court's recent Order (ECF No. 587), which denied Ms. Mosby's renewed request to modify her home detention conditions (ECF No. 586).

### 1.  Legitimacy of Ms. Mosby's Employment Position

The Order notes that the United States Probation Office is unable to confirm the legitimacy of Mosby's new job based on the information provided by Ms. Mosby, and therefore, further information is needed to verify the legitimacy of the job. ECF No. 587 at 2. This assertion is unfounded for several reasons:

Ms. Mosby's position is fully lawful, as confirmed by her employment contract with an incorporated entity. This contract—which she submitted to Probation prior to her start date—includes detailed information about her role, salary, and responsibilities. Never once has Probation asked for any additional documentation from Ms. Mosby to confirm the legality and legitimacy of her job.

Additionally, Ms. Mosby has been in her position since October 1, 2024; yet, not once during this time has Probation ever indicated, suggested, or questioned that her job is unlawful or illegitimate.

Further, Probation has approved multiple work-related travel requests for Ms. Mosby, including a trip to California for orientation and training. Each of these requests was reviewed and approved without any suggestion that her employment was unlawful.

In light of the above-stated facts, Probation's newly-minted concern about the legitimacy of Ms. Mosby's employment has no basis. Nonetheless, Ms. Mosby is prepared to provide any further documentation the Court deems necessary to resolve this matter.

2. **Income Verification Related to Ms. Mosby's Position**

The Order also references that Ms. Mosby has not provided Probation with proof of income related to her new position. ECF No. 587 at 2 n.1. However, Probation only requested this information for the first time on the afternoon of Friday, November 8, 2024 at 2:41pm. Ms. Mosby provided this information by Wednesday, November 13, 2024 at 11:14 am, which is a reasonable timeframe, considering that Probation Officer Rachel Snyder prohibits Ms. Mosby from sending emails over the weekend under threat of violation, and November 11, 2024 was a federal holiday.

3. **Assessment of Ms. Mosby's Adjustment to Supervision**

Lastly, the Court's Order mentions that Probation has reported Ms. Mosby's adjustment to supervision as "marginal"—a decline from the "satisfactory" rating Probation reported on August 30, 2024. ECF No. 587 at 3. This assessment is inaccurate. Ms. Mosby has complied with all conditions of her supervised release since she was placed on home detention. The only "violation" that Probation has ever reported against Ms. Mosby involves a <u>mere request</u> she made to adjust her travel schedule due to an unexpected change in her daughter's soccer game time on October 19, 2024. Upon learning of this change on the evening of October 18, 2024, Ms. Mosby promptly notified Ms. Snyder of her need to adjust her schedule for October 19, 2024. Although Ms. Mosby acted immediately, Ms. Snyder filed a violation report simply because the request was submitted after business hours. Such a reasonable request for a minor, unexpected schedule change should not invalidate a compliant five-month record of supervised release.

Thank you for your attention to these clarifications.

                                                  Sincerely,

                                                  /s/

                                                Paresh S. Patel
                                                Assistant Federal Public Defender

CC: Sean R. Delany, Aaron S. J. Zelinksy, Assistant United States Attorneys