IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                                          Crim. No. LKG-22-0007

MARILYN J. MOSBY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR PERMISSION TO TRAVEL FOR EMPLOYMENT PURPOSES

Defendant Marilyn J. Mosby, through her attorney, James Wyda, Federal Public Defender for the District of Maryland, hereby asks that this Court permit her to travel between Maryland and Texas next week for employment purposes. The details of the travel request have been provided to Probation and the government.

However, United States Probation Officer Rachel Snyder has not yet provided her position on this request. Ms. Mosby's counsel emailed Ms. Snyder on Thursday, December 5, 2024 (at 5:05 pm) asking for her position on the travel request. But on Friday, December 6, 2024 (at approximately 10:30 am) Ms. Snyder sent an email to Ms. Mosby asking for more information on the request. Specifically, Ms. Snyder asked Ms. Mosby nine questions about her travel request. In that same email, Ms. Snyder also noted that she was on leave and would address the request "next week" after the requested information was received. Ms. Mosby responded with the requested information (answering all nine of Ms. Snyder's questions) on the same day (December 6, 2024) at 1:13 pm. Further, on December 8, 2024 (at 6:57 pm), Ms. Mosby's counsel sent a follow-up email with Ms. Snyder, asking her to please provide her position by 10:00 am today (December 9, 2024). Counsel explained that the matter was urgent because Ms. Mosby's travel date was fast approaching, and she needed to make accommodations for the travel. Due to the urgency of the matter, counsel also

1

explained that he planned to file a motion for the travel request with this Court on the afternoon of December 9, 2024. Yet, on the morning of December 9, 2024 (at 8:10 am)—four days after Ms. Mosby's employment-related travel request—Ms. Snyder sent Ms. Mosby's counsel an email noting that she was still on leave and has not had enough time to review the request. Ms. Snyder ended by noting that she would be available on December 10, 2024 (after 9:00 am) if the matter required follow up.[1]

Nonetheless, Ms. Mosby files this motion for the employment-related travel request today because she cannot begin to make accommodations for her travel next week until this Court grants her motion. It is of the upmost importance that this Court grant this motion in expedited fashion so that Ms. Mosby can travel next week as necessary to effectively fulfill her employment obligations.

In support of this motion, undersigned counsel states as follows:

1. Ms. Mosby was convicted of two counts of perjury in violation of 18 U.S.C. § 1621 (Counts One and Three), and one count of false statement on a loan application in violation of 18 U.S.C. § 1014 (Count Four).

2. On May 23, 2024, this Court sentenced Ms. Mosby to time served on these counts, with three years of supervised release. As a condition of her supervised release, Ms. Mosby was also placed on home detention for a 12-month period—except for (as relevant here) "employment." Judgment at p. 5. And as of June 20, 2024, Ms. Mosby was put on 24-hour electronic monitoring.

---

[1] Ms. Mosby's counsel sent an email this morning to Mr. Aaron Zelinsky and Sean Delaney asking for the government's position. The government noted that it would get back to counsel by the close of business today. Mr. Zelinsky ultimately responded with the following position: The government "needs an opportunity to confer with Probation about this request [it] first learned of this morning, and will not be able to do so until tomorrow due to Probation's schedule." To be clear, Ms. Mosby's counsel would have reached out to the government earlier if he knew Probation's position earlier. Counsel was waiting for Probation's position before reaching out to the government because the government usually defers to Probation. However, because we still don't know Probation's position four days after putting in Ms. Mosby's travel request, counsel needed to move on the motion, and in turn, reached out to the government this morning.

She has been fully compliant with the home detention condition as well as all other conditions of supervised release for her entire period of supervised release—more than six months to date.

      3.      This Court's judgment further states (p. 4) that Ms. Mosby may travel outside this judicial district upon receiving "permission from the court." Ms. Mosby thus now seeks permission to travel for employment purposes. Specifically, as Director of Global Strategic Planning for her company, she has been directed by her CEO to come to Texas next week to tour a facility that her company is considering acquiring and participate in meetings in furtherance of this potential acquisition.

      4.      Ms. Mosby submitted this travel request with Probation (through her counsel) on December 5, 2024—the same day that she learned of the Texas travel plans and 11 days before her expected travel date—but Probation has still not given its position on the request. And to be clear, although Ms. Mosby followed all required procedures by timely requesting approval for employment-related travel, those plans are now in jeopardy because her probation officer is on leave, and thus has not been able to review the travel request for multiple days now.[2] Ms. Mosby has now repeatedly informed this Court as well as Probation that her job is often going to require travel, and this travel is

---

[2] In her December 6th email to Ms. Mosby, Ms. Snyder noted that "travel requests must be submitted at a minimum of 2 weeks in advance." However, as Ms. Mosby's counsel pointed out in his email response (also dated December 6), Ms. Mosby was never notified of such requirement before December 6. Moreover, counsel noted that since this two-week requirement was new to Ms. Mosby, and she had no way of knowing about it in time to abide by it, at most, it should only be applied going forward—not with respect to Ms. Mosby's current travel request.

In any event, also as counsel noted in his December 6th response, the two-week advance notice requirement (even going forward) is unreasonable and unworkable for Ms. Mosby's job (which both Probation and the Court are aware requires travel). Ms. Mosby's travel is not for planned vacations, but business travel which she cannot always plan at least two-weeks in advance. It is difficult to predict that far in advance whether the particulars of her work will require the travel.

3

often going to need prompt approval so that Ms. Mosby can make timely accommodations (including booking flights and hotels, and scheduling meetings). Under these terms, it becomes unworkable if no one is able to cover for a probation officer who is on leave. Ms. Mosby's ability to travel, and in turn, effectively do her job, should not be compromised as a result of such failure.

5.  Because the out-of-district travel requested in this motion is a necessary requirement of her employment, Ms. Mosby requests that this Court approve it. Ms. Mosby respectfully requests that this Court expedite its ruling because the dates for this travel are fast approaching, and Ms. Mosby cannot effectively make travel accommodations until the Court approves this Order. If this motion is granted, Ms. Mosby will provide a travel itinerary to the Probation Office.

**WHEREFORE,** undersigned counsel respectfully requests that this Court permit Ms. Mosby to travel between Maryland and Texas for employment purposes next week (under the terms of the travel itinerary provided to Probation). A proposed order is attached.

Respectfully submitted,

JAMES WYDA
Federal Public Defender

_____/s/_____
PARESH S. PATEL
Assistant Federal Public Defender
Office of the Federal Public Defender
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
Telephone:   (410) 962-3962
Facsimile:   (410) 962-3976
Email:       paresh_patel@fd.org