**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Crim. No. 22-LKG-007** |
| **MARILYN J. MOSBY** | * | |

**<u>CONSENT MOTION FOR DISMISSAL OF COUNT FOUR AND ENTRY OF AN AMENDED JUDGMENT</u>**

The Government hereby files a motion to voluntarily dismiss Count Four of Marilyn Mosby's superseding indictment with prejudice under Fed. R. of Crim. Proc. 48(a). Upon dismissal, the Government requests that this Court enter an amended judgment. In support of this motion, the Government states the following:

1. Ms. Mosby was convicted in the above captioned case on two counts of perjury (Counts One and Three) and one count of mortgage fraud (Count Four). Thereafter, this Court ordered the forfeiture of Ms. Mosby's Longboat Key Condo based on the Count Four conviction, and sentenced Ms. Mosby to a total concurrent term of time served and a concurrent supervised release term of three years with a condition of home detention for twelve months and a special assessment fee of $300. *See* ECF 529, 532. However, on July 16, 2025, this Court terminated Ms. Mosby's term of supervised release. *See* ECF No. 610.

2. On appeal, the Fourth Circuit vacated Ms. Mosby's mortgage fraud conviction (Count Four) and the corresponding forfeiture order for the Longboat Key Condo. *See United States v. Mosby,* 143 F.4th 264, 284 (4th Cir. 2025). The Fourth Circuit remanded the case to the District Court for further proceedings. *Id.* Subsequently, the Fourth Circuit issued the mandate in the case.

3. The Government has determined that it will not re-try Count Four. Therefore, it moves to dismiss the count with prejudice.

4. Upon entry of the dismissal order, the Government requests that this Court issue an amended judgment that reflects (a) the dismissal of Count Four, (b) a sentence of time-served on the remaining counts of conviction (Counts One and Three), (c) a three-year term of supervised release that has already been terminated, (d) a reduced special assessment fee of $200, and (e) a vacatur of the forfeiture order entered at ECF No. 529.[1]

5. Ms. Mosby consents to this motion through counsel.

**WHEREFORE**, the Government respectfully requests that the Court enter the attached order (1) dismissing Count Four with prejudice and (2) directing an amended judgment on Counts One and Three with the changes recited above.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

Digitally signed by SEAN DELANEY
Date: 2026.10.14 13:04:00 -04'00'

Sean R. Delaney
Assistant United States Attorney
U.S. Attorney's Office
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201

[1] Although this Court has authority to conduct a re-sentencing hearing upon vacatur of Count Four, it also has authority to merely correct the sentence with an amended judgment. *See United States v. Ventura,* 864 F.3d 301, 309 (4th Cir. 2017) (upon vacatur of one count in a multi-count case, district court has discretion to resentence upon applying the sentencing package doctrine); *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (affirming the district court's decision in a post-conviction case not to conduct a full resentencing where the district court struck a sentence on one count and "reenter[ed] the remaining sentence"). The parties agree that the most efficient way to proceed here is to correct the sentence without a hearing because Ms. Mosby has already finished serving her term of incarceration and supervised release. Thus, a sentencing hearing will have no practical effect.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 14, 2026 I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users

___/s/______________________________
Sean R. Delaney
Assistant United States Attorney